**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X
  :
  :
  :
*In re OpenAI, Inc. Copyright Infringement*  :
*Litigation*  :    No. 1:25-md-03143-SHS-OTW
  :
  :
  :
---------------------------------------------------------- X

**STIPULATED PROTECTIVE ORDER**

ONA T. WANG, United States Magistrate Judge:

WHEREAS all of the parties to *In Re: OpenAI, Inc. Copyright Infringement Litigation*, 1:25-md-03134 (S.D.N.Y.); *Tremblay, et al. v. OpenAI, Inc., et al.*, No. 3:23-cv-03223 (N.D. Cal.), 1:25-cv-03482 (S.D.N.Y.); *Silverman, et al. v. OpenAI, Inc., et al.*, No. 3:23-cv-03416 (N.D. Cal.), 1:25-cv-03483 (S.D.N.Y.); *Chabon, et al. v. OpenAI, Inc., et al.*, No. 3:23-cv-04625 (N.D. Cal.), 1:25-cv-03291 (S.D.N.Y.); *Petryazhna v. OpenAI, Inc., et al.*, No. 5:24-cv-04710 (N.D. Cal.), 1:25-cv-03297 (S.D.N.Y.) (formerly *Millette v. OpenAI, Inc., et al.*); *Authors Guild, et al. v. OpenAI, Inc., et al.*, No. 1:23-cv-08292 (S.D.N.Y.); *Alter, et al. v. OpenAI, Inc., et al.*, No. 1:23-cv-10211 (S.D.N.Y.); *The New York Times Co. v. Microsoft Corp., et al.*, No. 1:23-cv-11195 (S.D.N.Y.); *Basbanes, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-00084 (S.D.N.Y.); *Raw Story Media, Inc., et al. v. OpenAI, Inc., et al.*, No. 1:24-cv-01514 (S.D.N.Y.); *The Intercept Media, Inc. v. OpenAI, Inc., et al.*, No. 1:24-cv-01515 (S.D.N.Y.); *Daily News LP, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-03285 (S.D.N.Y.); *The Center for Investigative Reporting, Inc. v. OpenAI, Inc., et al.*, No. 1:24-cv-04872 (S.D.N.Y.); and *Ziff Davis, Inc., et al. v. OpenAI Inc., et al.* No. 1:25-cv-00501 (D. Del.), No. 1:25-cv-04315 (S.D.N.Y.), request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this action and any actions subsequently transferred to this Court pursuant to Rule 7.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation or otherwise centralized with this litigation (centralized as *In re: OpenAI, Inc. Copyright Litigation*, No. 1:25-md-03143 (S.D.N.Y.) and collectively the "Centralized Actions", and each individual action, an "Action");

WHEREAS, the court in *Tremblay, et al. v. OpenAI, Inc., et al.*, No. 3:23-cv-03223 (N.D. Cal.) ordered that the Stipulated Protective Order at ECF 106 shall govern the confidentiality of certain nonpublic and confidential material exchanged pursuant to and during the course of discovery

in that case;

WHEREAS, the court in *Authors Guild, et al. v. OpenAI, Inc., et al.*, No. 1:23-cv-08292 (S.D.N.Y.) ordered that the Stipulated Protective Order at ECF 148, as modified at ECF 338, shall govern the confidentiality of certain nonpublic and confidential material exchanged pursuant to and during the course of discovery in that case;

WHEREAS, the court in *Alter, et al. v. OpenAI, Inc., et al.*, No. 1:23-cv-10211 (S.D.N.Y.) ordered that the Stipulated Protective Order at ECF 123, as modified at ECF 290, shall govern the confidentiality of certain nonpublic and confidential material exchanged pursuant to and during the course of discovery in that case;

WHEREAS, the court in *The New York Times Co. v. Microsoft Corp., et al.*, No. 1:23-cv-11195 (S.D.N.Y.) ordered that the Stipulated Protective Order at ECF 127, as modified at ECF 474, shall govern the confidentiality of certain nonpublic and confidential material exchanged pursuant to and during the course of discovery in that case;

WHEREAS, the court in *Basbanes, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-00084 (S.D.N.Y.) ordered that the Stipulated Protective Order at ECF 72, as modified at ECF 142, shall govern the confidentiality of certain nonpublic and confidential material exchanged pursuant to and during the course of discovery in that case;

WHEREAS, the court in *Raw Story Media, Inc., et al. v. OpenAI, Inc., et al.*, No. 1:24-cv-01514 (S.D.N.Y.) ordered that the Stipulated Protective Order at ECF 103 shall govern the confidentiality of certain nonpublic and confidential material exchanged pursuant to and during the course of discovery in that case;

WHEREAS, the court in *Daily News LP, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-03285 (S.D.N.Y.) ordered that the Stipulated Protective Order at ECF 129 shall govern the confidentiality of certain nonpublic and confidential material exchanged pursuant to and during the course of

discovery in that case;

WHEREAS, the court in *The Center for Investigative Reporting, Inc. v. OpenAI, Inc., et al.*, No. 1:24-cv-04872 (S.D.N.Y.) ordered that the Stipulated Protective Order at ECF 129, as modified at ECF 231, shall govern the confidentiality of certain nonpublic and confidential material exchanged pursuant to and during the course of discovery in that case;

WHEREAS, the parties to the Centralized Actions now agree that this Stipulated Protective Order shall govern the confidentiality of certain nonpublic and confidential material exchanged pursuant to and during the course of discovery in the Centralized Actions;

WHEREAS, the parties, through counsel, agree to the following terms;

WHEREAS, the parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the parties further acknowledge that this Stipulated Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing party and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of the Centralized Actions;

IT IS HEREBY ORDERED that any person subject to this Stipulated Protective Order— including without limitation the parties to the Centralized Actions, their representatives, agents, experts and consultants, all third parties providing discovery in the Centralized Actions, and all other

interested persons with actual or constructive notice of this Stipulated Protective Order—shall adhere to the following terms:

1.      Except as expressly set forth herein, this Order shall supersede all prior stipulations entered in the Centralized Actions governing (a) the confidentiality of certain nonpublic and confidential material exchanged pursuant to and during the course of discovery; and (b) the inspection and review of Source Code Material (defined below). To the extent that any terms or provisions in those prior stipulations are inconsistent with the terms of this Stipulated Protective Order, the terms of this Stipulated Protective Order shall govern.

2.      Any person subject to this Stipulated Protective Order who receives from any other person subject to this Stipulated Protective Order any "Discovery Material" (*i.e.*, documents, information, or tangible things of any kind produced or disclosed pursuant to and in course of discovery in an Action, regardless of how it is generated, stored, or maintained) that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to the terms of this Stipulated Protective Order (hereinafter "Protected Discovery Material") shall, subject to paragraph [6], (1) use such Protected Discovery Material solely for prosecuting, defending, or attempting to settle this litigation, and (2) not disclose such Protected Discovery Material to anyone else except as expressly permitted hereunder. Recipients may not use Protected Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Stipulated Protective Order, however, will affect or restrict the rights of any person or party with respect to its own documents or information produced in any Action. Nor does anything contained in this Stipulated Protective Order limit or restrict the rights of any person or party to use or disclose information or material obtained independently from any Action. For the avoidance of doubt, Protected Discovery Material produced in any Action prior to entry of this Stipulated

Protective Order may only be disclosed to parties to that individual Action and may only be used to prosecute, defend, or attempt to settle that individual Action until such time as the producing party has agreed otherwise, as set forth in paragraph [6].

3.      The protections conferred by this Stipulated Protective Order cover not only Protected Discovery Material, but also (1) any information copied or extracted from Protected Discovery Material; (2) all copies, excerpts, summaries, or compilations of Protected Discovery Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Discovery Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a recipient or that becomes part of the public domain after its disclosure to a recipient, including becoming part of the public record through trial or otherwise; and (b) any information known to the recipient of the disclosure or obtained by the recipient after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party. Any use of Protected Discovery Material at trial shall be governed by a separate agreement or order.

4.      If it comes to a producing party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that producing party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.      All persons subject to this Stipulated Protective Order acknowledge that willful violation of this Stipulated Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Stipulated Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**Cross-Production of Discovery Material in Particular Actions**

6.    ~~The parties~~Defendants agree to re-produce previously produced Discovery Material, except for third-party Discovery Material as defined in paragraph [15], Training Data as defined in paragraph [21], and Source Code Material as defined in paragraph [10], across the Centralized Actions under the terms of this Stipulated Protective Order as follows:[1]

(a)    Defendants in the Centralized Actions agree to re-produce previously produced Discovery Material in any Action(s) where (i) they are a party and (ii) discovery has not been stayed in its entirety.  Defendants shall re-produce previously produced Discovery Material using new Bates prefixes that apply to the Centralized Actions.  Defendants will indicate the Action(s) to which their re-productions pertain in correspondence accompanying the production.  As part of that re-production, Defendants shall provide a reference key or metadata field(s) that identifies the previously used Bates prefixes and numbers and the corresponding new Bates prefixes and numbers.

(b)    ~~All Plaintiffs in the Centralized Actions agree that Discovery Material previously produced in any Action may be used and disclosed by any Defendants in the same manner as if such Discovery Material were re-produced across the Centralized Actions pursuant to this Stipulated Protective Order, with the exception that Plaintiffs properly may limit disclosure to and use by a Defendant who is not a party to such Plaintiff's Action.~~

(c)    Nothing shall prevent the parties from negotiating for re-production or expanded use across additional Action(s) of any additional previously produced Discovery Material, including Training Data, Source Code Material, and/or third-party Discovery Material.

(d)    After the entry of this Stipulated Protective Order, ~~the parties~~Defendants agree to produce new Discovery Material across the Centralized Actions as set forth in ~~and subject to the~~

---

[1]    ~~~~ For the avoidance of doubt, these limitations on re-production of Training Data and Source Code Material apply only to printouts of that material. ~~This paragraph [6] also will not be construed to require any party to produce third party material before complying with any applicable contractual notice obligations.

~~provisions of~~ subparagraphs [6(a), 6(b), and 6(c)] above.

### Designation of Protected Discovery Material

7.      A party may designate as "CONFIDENTIAL" Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c).

8.      A party may designate extremely sensitive Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if disclosure of that material to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

9.      A party may designate as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" agreements or draft agreements between a producing party and a third party, as well as documents reflecting negotiations or communications regarding such agreements.

10.      A party may designate as "HIGHLY CONFIDENTIAL – SOURCE CODE" extremely sensitive Discovery Material if the material represents confidential, proprietary, or trade secret computer code (*i.e.*, computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator) and associated comments, revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, ("Source Code Material"), and disclosure of that material to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. A document that merely quotes or cites filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names, and/or procedure names (*e.g.*, for notetaking or identification purposes) without reproducing any lines of source code is not Source Code Material but may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL." A receiving party may make reasonable requests that if particular documents are made available for inspection

that contain both Source Code Material and material that is "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL," or otherwise non-confidential, that the documents also be produced with the Source Code Material redacted and the documents marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," if applicable. If the parties have a dispute regarding such a request, the receiving party shall follow the procedures outlined in paragraph [31] of this Stipulated Protective Order.

11.     The party producing any given Discovery Material may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing party and/or a third party to whom a duty of confidentiality is owed.

12.     With respect to the portion of any Discovery Material designated as Protected Discovery Material other than deposition transcripts and exhibits, the producing party or that party's counsel may designate such portion as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" by stamping or otherwise  clearly marking as "CONFIDENTIAL,"  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES  ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" the protected portion in a manner that will not interfere with legibility or audibility.

13.     With respect to deposition transcripts, a producing party or that party's counsel may designate such portion as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or

"HIGHLY CONFIDENTIAL – SOURCE CODE" by notifying the reporter and all counsel of record, in writing, within thirty (30) days after receiving the final transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Protected Discovery Material, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing party or that party's counsel by the reporter. If, during or at the conclusion of a deposition, the producing party designates the transcript as Protected Discovery Material, the entire deposition transcript will be treated consistent with such designation until thirty (30) days after the receipt of the final transcript.

14.     If at any time prior to the trial of any Action, a producing party realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Protected Discovery Material, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Protected Discovery Material under the terms of this Stipulated Protective Order. An inadvertent failure to designate qualified information or items does not, standing alone, waive the producing party's right to secure protection under this Stipulated Protective Order for such material.

15.     Discovery Material previously produced in any Action and designated therein as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall maintain those designations under the terms of this Stipulated Protective Order. The terms herein governing those designations shall supersede the terms of all prior stipulations governing such designations in any Action, except for productions of Discovery Material made by non-parties pursuant to subpoenas issued in any Action prior to the entry of this Stipulated

Protective Order. Unless otherwise agreed by the parties, such Discovery Material will remain subject to the governing protective order in effect in the Action in which such Discovery Material was produced. Third-party Discovery Material shall include productions made directly by third parties pursuant to subpoenas and productions made by parties of third-party materials received in response to a subpoena. Going forward, any Discovery Material produced by non-parties in response to a subpoena from any party shall be cross-produced to all parties in the Centralized Actions. For the avoidance of doubt, documents produced by non-parties in response to a subpoena served by Microsoft need not be cross-produced in actions where Microsoft is not a party.

**Inadvertent Disclosure of Protected Discovery Material**

16.     Each person who has access to Discovery Material that has been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.     If a recipient learns that, by inadvertence or otherwise, it has disclosed Protected Discovery Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the recipient must immediately (a) notify in writing the producing party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request that such person or persons execute the Undertaking to be Bound by Stipulated Protective Order in the form annexed as an Exhibit hereto.

18.     In the event of an inadvertent production of material protected by the attorney-client privilege, the common-interest privilege, the work-product protection, or any other applicable privilege, the producing party may notify the receiving party promptly after the producing party

becomes aware of such inadvertent production.  Any such notice must include the basis for the claim of privilege, pursuant to Federal Rule 26(b)(5)(B). Upon notification, the receiving party shall immediately return, sequester, or destroy the inadvertently produced Discovery Material and all copies as well as notes, summaries, and/or work product reflecting the content of such material. If only a portion of the Discovery Material is privileged, the producing party shall as soon as practicable provide a new version of the Discovery Material in which the privileged material has been redacted. If the entirety of the Discovery Material is privileged, the producing party shall as soon as practicable provide a new load file for the Discovery Material that replaces and deletes the privileged material. The producing party shall also provide a privilege log with metadata agreed upon by the parties in a separate Stipulation and Order Re: Discovery of Electronically Stored Information. No further use or disclosure shall be made of the inadvertently produced Discovery Material (unless authorized under Federal Rule 26(b)(5)(B)), and the receiving party shall take all reasonable and appropriate steps to retrieve and destroy the Discovery Material, and all copies, from any person who has received the Discovery Material through the receiving party. Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent disclosure of such privileged or Protected Discovery Material shall not constitute a waiver of any applicable privilege or protection in this or any other federal or state proceeding.

19.     A party or non-party that asserts that it inadvertently produced privileged or protected documents shall not be required to provide discovery on its internal procedures for conducting reviews prior to production, and it shall not be required to demonstrate that such procedures were sufficiently rigorous.  A receiving Party may file a motion to compel the production of any document subject to the clawback provisions of paragraph [18].

20.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the parties who receive such information and are bound by this

Stipulated Protective Order in a manner that is secure and confidential. In the event that the party receiving PII experiences a data breach, she, he, or it shall immediately notify the producing party of the same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

### Designation of Source Code Material

21.     For Protected Discovery Material designated "HIGHLY CONFIDENTIAL - SOURCE CODE," the following additional restrictions apply:

(a)     Source Code Material, to the extent any producing party makes it available for inspection, shall be made available in native format. Access to a party's Source Code Material shall be provided only on "standalone" computer(s) (that is, the computer(s) may be interconnected with one another as well as to other devices necessary for accessing the source code (*e.g.*, an external hard drive on which the producing party provides the Source Code Material), but may not be linked to any other network, including a local area network ("LAN"), an intranet or the Internet) (the "Source Code Computer(s)"). Each standalone Source Code Computer should be connected to an external monitor, an external keyboard, and an external mouse. The hardware and software specifications of the Source Code Computer(s) (*e.g.*, processor speed, RAM, operating system, monitor, compatible IDE and any dependencies) shall be commensurate with that of computers used by the producing party to review source code in the ordinary course of business. Additionally, the Source Code Computer(s) may only be located at the offices of the producing party, the offices of the producing party's outside counsel or its vendors, or a secure location determined by the producing party. The parties agree to cooperate in good faith to determine a mutually acceptable location for the Source Code Computer(s);

(b)     The receiving party shall make reasonable efforts to restrict its requests for

such access to the Source Code Computer(s) to normal business hours, which for purposes of this paragraph shall be 8:30 a.m. through 6:00 p.m., Monday through Friday, local time where the Source Code Computer(s) are physically located, excluding any local holidays. However, upon reasonable notice from the receiving party, the producing party shall make reasonable efforts to accommodate the receiving party's reasonable request for access to the Source Code Computer(s) outside of normal business hours. The parties agree to cooperate in good faith such that maintaining the producing party's Source Code Material shall not unreasonably hinder the receiving party's ability to efficiently and effectively conduct the prosecution or defense of any Action;

(c)     The receiving party shall provide the producing party with notice of its intent to inspect the Source Code Computer(s) at least seven (7) business days prior to a receiving party's first inspection and four (4) business days for any non-contiguous subsequent inspection. The notice may state that the review will continue day-to-day as needed. The receiving party shall provide the name(s) of the individual(s) who will be attending the inspection in writing to the producing party at least seven (7) business days in advance of the first time that such person inspects the Source Code Computer(s) and at least four (4) business days in advance of any subsequent inspection. All notices shall also include the inspecting individual's expected inspection hours on each inspection day. All authorized persons inspecting the Source Code Computer(s) shall, on each day they view the Source Code Computer(s), sign a log that will include the names of persons who enter the secured room to view the Source Code Computer(s) and when they enter and depart. Proper identification of all authorized persons shall be provided by the receiving party prior to any access to the secure inspection room or the secured Source Code Computer(s). Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure inspection room or the secured Source Code Computer(s) may be denied, at the

14

discretion of the producing party, to any individual who fails to provide proper identification;

(d)　　The producing party shall provide the receiving party with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the produced Source Code Material on the Source Code Computer(s). The receiving party's personnel are prohibited from bringing outside electronic devices–including but not limited to phones, computers, recording devices, flash drives, cameras, or other hardware–into the room with the Source Code Computer(s). The hosting facility for the producing party shall provide a secure location to store personal electronic devices;

(e)　　The receiving party shall be entitled to take notes (electronic or nonelectronic) relating to the Source Code Materials, but may not copy the Source Code Materials into such notes. To the extent the receiving party desires to take notes electronically, the producing party shall provide a note-taking computer (e.g., a computer, which is distinct from the Source Code Computer(s)), that is not linked to any network, including a local area network ("LAN"), an intranet or the Internet, and has image making functionality of any type (including but not limited to camera or video functionality) disabled) ) ("note-taking computer") with a current, widely used word processing program in the Source Code Material review room for the receiving party's use in taking such notes. The "note-taking computer" shall be used for the sole purpose of notetaking and shall be retained by the producing party. Such notes shall be downloaded to or uploaded from a removable disk or drive for the receiving party (but not the producing party) by the producing party each review day at the request of the reviewer. The note-taking computer shall have no features that would hinder the complete clearing of the receiving party's notes after such notes have been downloaded. Any such notes shall not include copies or reproductions of portions of the Source Code Material; however, the notes may contain filenames, directory names, module names, class names, parameter names, variable names, function names, method names, or procedure names. No copies of any portion of the Source

Code Material may leave the room in which the Source Code Material is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code Material is permitted except as otherwise provided herein. The producing party shall not review the substance of the notes at any time. Notwithstanding the foregoing, any such notes shall be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE";

(f)    The producing party may visually monitor the activities of the receiving party's representatives during any inspection, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code Material. Any monitoring must be conducted from outside the room where the inspection is taking place;

(g)    The producing party shall not be responsible for any items left in the room following each inspection session, and the receiving party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect;

(h)    The producing party shall reasonably attempt to provide telephone and Internet access in a room separate from the room housing the Source Code Computer(s) chosen by the producing party that is within close proximity to the secure source code review room. A reviewer shall be permitted to access the Internet and use a personal cell phone in that room;

(i)    The producing party shall load its Source Code Material in a text-searchable file format, as it is kept in the ordinary course of business, on the Source Code Computer(s). The receiving party may request that the producing party install licensed software on the Source Code Computer(s) that is reasonably necessary to assist with review of the producing party's Source Code Material. Such request shall be subject to the approval of the producing party, which shall not be unreasonably withheld. To allow the producing party reasonable time to prepare the Source Code Computer(s), the receiving party must provide the producing party the computer medium (*e.g.*, CD,

16

DVD, USB drive, or FTP) containing the requested software tools at least ten (10) business days in advance of the inspection. The producing party will install and confirm installation of said software on the Source Code Computer(s) prior to the inspection;

(j)    A receiving party may include Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document ("Source Code Document"), provided that the Source Code Documents are also designated "HIGHLY CONFIDENTIAL – SOURCE CODE," restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders. The receiving party shall only include such excerpts or portions of Protected Material as reasonably necessary for the purposes for which such Protected Material is used. To the extent Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" is quoted or attached as exhibit(s) in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE," or (2) those pages containing quoted Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE";

(k)    Except as permitted in paragraph [21(o)] below, no electronic copies of Source Code Material shall be made without prior written consent of the producing party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically. The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used;

(l)    The receiving party shall be permitted to request a reasonable number of printouts of Source Code Material ~~(which shall presumptively be a total of five hundred (500) pages of Source Code Material per producing party),~~ but no more than fifty (50) pages of consecutive source

code,[2] that is reasonably necessary for the preparation of court filings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of avoiding electronic review on the Source Code Computer(s) in the first instance, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." The receiving party shall maintain a log of all such files that are printed and of any individual who has inspected any portion of the Source Code Material in electronic or paper form. All printouts shall be given to the producing party for inspection by placing the files requested to be printed in a folder designated for such printouts on the Source Code Computer(s) and, where applicable, identifying the files by file path, file name, and line numbers, and will notify the producing party of a request to print those pages. The producing party shall provide five (5) Bates-stamped paper copies of such unobjected pages to each receiving party within five (5) business days of the request. A receiving party may in good faith request additional printouts. The parties understand and agree that the above page limitation was agreed upon without knowledge of the number of pages of source code that may or should be necessary for use in an Action, and therefore agree to meet and confer in good faith in the event a party requests a reasonable enlargement;

(m)     The producing party may challenge the amount of requested Source Code Material printouts pursuant to the dispute resolution procedure set out in paragraph [31] of this Stipulated Protective Order;

(n)     If the receiving party's outside counsel or experts obtain printouts of Source Code Material, the receiving party shall ensure that such outside counsel or experts keep the printouts in a secured locked area in the offices of such outside counsel or experts. The receiving party may also temporarily keep the printouts at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating

---

[2] This presumptive cap applies on a per-Action basis.

to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport (*e.g.*, a hotel prior to a Court proceeding or deposition), provided that the printouts are kept in a secure manner that ensures access is limited to the persons authorized under this Order.

(o)    Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" may only be transported by the receiving party at the direction of a person authorized under subparagraphs [27(a)-(fe)] below to another person authorized under subparagraphs [27(a)-(fe)] below via hand carry, Federal Express, or other similarly reliable courier. Source Code Material, and printouts or excerpts thereof, may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet;

(p)    All copies of any Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" in whatever form shall be securely destroyed if they are no longer reasonably necessary in any Action (*e.g.*, extra copies at the conclusion of deposition). Copies of Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

### Designation of Training Data Material

22.    For Protected Discovery Material constituting data used to train relevant OpenAI LLMs ("Training Data"), and designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Parties may submit to the Court a unified Training Data Inspection Protocol governing the Centralized Actions. Until such time, the terms of the existing Training Data Inspection Protocols in each Action shall continue to govern, specifically:

(a)    In *Tremblay, et al. v. OpenAI, Inc., et al.*, No. 3:23-cv-03223 (N.D. Cal.), *Silverman, et al. v. OpenAI, In*c., et al., No. 3:23-cv-03416 (N.D. Cal.), *Chabon, et al. v. OpenAI,*

*Inc., et al.*, No. 3:23-cv-04625 (N.D. Cal.), and *In re OpenAI ChatGPT Litigation*, Case No. 3:23-cv-03223 (N.D. Cal.), the Training Data Inspection Protocol at *Tremblay* ECF 182 shall continue to govern;

(b)    In *Authors Guild, et al. v. OpenAI, Inc.*, et al., No. 1:23-cv-08292 (S.D.N.Y.), *Alter, et al. v. OpenAI, Inc., et al.*, No. 1:23-cv-10211 (S.D.N.Y.), *Basbanes, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-00084 (S.D.N.Y.), *Millette v. OpenAI, Inc., et al.*, No. 5:24-cv-04710 (N.D. Cal.), *The Intercept Media, Inc. v. OpenAI, Inc., et al.*, No. 1:24-cv-01515 (S.D.N.Y.), *Raw Story Media, Inc., et al. v. OpenAI, Inc., et al.*, No. 1:24-cv-01514 (S.D.N.Y.), and for any Actions subsequently transferred to this Court pursuant to Rule 7.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation or otherwise centralized with this litigation, the Training Data Inspection Protocol at *Authors Guild* ECF 195 shall govern;

(c)    In *The New York Times Co. v. Microsoft Corp.*, et al., No. 1:23-cv-11195 (S.D.N.Y.), *Daily News LP, et al. v. Microsoft Corp.*, et al., No. 1:24-cv-03285 (S.D.N.Y.), *The Center for Investigative Reporting, Inc. v. OpenAI, Inc.*, et al., No. 1:24-cv-04872 (S.D.N.Y.), and *Ziff Davis, Inc., et al. v. OpenAI Inc., et al.,* No. 25-cv-00501 (D. Del.), No. 25-cv-04315 (S.D.N.Y.), the Training Data Inspection Protocols at *The New York Times* ECF 254 and ECF 476[3] shall continue to govern.

### Permitted Disclosure of Protected Discovery Material

23.    No person subject to this Stipulated Protective Order other than the producing party shall disclose any of the Discovery Material designated by the producing party as "CONFIDENTIAL" to any other person whomsoever, except to:

(a)    the recipient's outside counsel of record in the Action(s) where the Discovery Material was produced, as well as their staff, including but not limited to employees, contractors,

---

[3]    ECF 476 only applies in cases to which Microsoft Corporation is a defendant.

consultants, vendors, or other individuals or entities providing support services in connection with the Action(s) under the supervision of said outside counsel of record, to whom it is reasonably necessary to disclose the information for the Action(s);

(b)    the officers, directors, and employees (including in-house counsel) of the recipient to whom disclosure is reasonably necessary for the Action(s) where the Discovery Material was produced, provided such persons, other than in-house counsel with responsibility for managing the Action(s) and their staff, have first executed an Undertaking to be Bound by Protective Order in the form annexed as an Exhibit hereto;

(c)    experts and consultants of the recipient, and their staff, including but not limited to employees, contractors, consultants, vendors, or other individuals or entities providing support services in connection with the Action(s) where the Discovery Material was produced under the supervision of said experts and consultants, whom disclosure is reasonably necessary for the Action(s), provided such persons have first executed an Undertaking to be Bound by Protective Order in the form annexed as an Exhibit hereto;

(d)    the Court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for the Action(s) where the Discovery Material was produced, provided such persons have first executed an Undertaking to be Bound by Protective Order in the form annexed as an Exhibit hereto;

(f)    during their depositions, witnesses in the Action(s) where the Discovery Material was produced, to whom disclosure is reasonably necessary, provided such persons have first executed an Undertaking to be Bound by Protective Order in the form annexed as an Exhibit hereto, unless otherwise agreed by the producing party or ordered by the Court;

(g)    the author or recipient of a document containing the information or a custodian

or other person who otherwise possessed or knew the information.

24.     No person subject to this Stipulated Protective Order other than the producing party shall disclose any of the Discovery Material designated by the producing party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any other person whomsoever, except to:

(a)     the recipient's outside counsel of record in the Action(s) where the Discovery Material was produced, as well as their staff, including but not limited to employees, contractors, consultants, vendors, or other individuals or entities providing support services in connection with this litigation under the supervision of said outside counsel of record, to whom it is reasonably necessary to disclose the information for the Action(s);

(b)     designated in-house counsel of the recipient to whom disclosure is reasonably necessary for the Action(s) where the Discovery Material was produced, provided such person has first executed an Undertaking to be Bound by Protective Order in the form annexed as an Exhibit hereto.  A receiving party may designate by name, in writing, up to five (5) in-house attorneys who are permitted to view materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided that any attorneys so designated may not have a role through which they could use such materials to engage in Competitive or Editorial Decision-Making.[4] In addition to the foregoing, and with respect to Protected Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Defendants~~Microsoft~~ or their~~its~~ counsel, Plaintiff The New York Times Company may disclose such Protected Discovery Material to A.G. Sulzberger, Meredith Levien, Diane Brayton, and Rebecca Grossman-Cohen, and Plaintiff Daily News, LP may disclose

---

[4] _____"Competitive or Editorial Decision-Making" means the action or process of making a business or journalistic decision or resolving a non-legal question relating to a competitor, potential competitor, customer, journalist, opinion writer, editor, video producer, audio producer, or distribution partner regarding contracts, marketing, pricing, product, service development or design, product, or service offering, research and development, mergers and acquisitions, or licensing, acquisition, funding, enforcement of intellectual property, publishing, writing, editing, broadcasting, or public speaking. It does not include legal advice provided in connection with litigation, potential litigation, or regulatory matters, nor does it include work performed as part of a trial team or to keep management advised on the progress or status of litigation, potential litigation, or regulatory matters.

such Protected Discovery Material to Frank Pine, and Plaintiff Ziff Davis, Inc. may disclose such Protected Discovery Material produced by OpenAI to Vivek Shah, Jeremy Rossen, Karen Oh and Joey Fortuna, so long as (1) such Protected Discovery Material does not relate to actual, potential, or draft licensing/data access agreements or documents, communications, or negotiations regarding such agreements, and (2) each of these individuals executes an Undertaking to be Bound by Protective Order in the form annexed as an Exhibit hereto;

(c)    experts, and their staff, including but not limited to employees, contractors, consultants, vendors, or other individuals or entities providing support services in connection with the Action(s) where the Discovery Material was produced under the supervision of said experts, of the recipient to whom disclosure is reasonably necessary for the Action(s), provided such persons have first executed an Undertaking to be Bound by Protective Order in the form annexed as an Exhibit hereto;

(d)    the Court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for the Action(s) where the Discovery Material was produced, provided such persons have first executed an Undertaking to be Bound by Protective Order in the form annexed as an Exhibit hereto;

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; or

(g)    during their depositions, witnesses in the Action(s) where the Discovery Material was produced, who are current officers, directors, or employees of the producing party.; However, for Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Defendants, Plaintiffs may introduce such Discovery Material during any deposition of a current or former employee of either Defendant, except in the case of former

employees, the Discovery Material may not post-date the former employee's employment with the Defendant.

25.    No person subject to this Stipulated Protective Order other than the producing party shall disclose any of the Discovery Material designated by the producing party as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" to any other person whomsoever, except to:

(a)    the recipient's outside counsel of record in the Action(s) where the Discovery Material was produced, as well as their staff, including but not limited to employees, contractors, consultants, vendors, or other individuals or entities providing support services in connection with the Action(s) under the supervision of said outside counsel of record, to whom it is reasonably necessary to disclose the information for the Action(s);

(b)    experts of the recipient, and their staff, including but not limited to employees, contractors, consultants, vendors, or other individuals or entities providing support services in connection with the Action(s) where the Discovery Material was produced under the supervision of said experts, to whom disclosure is reasonably necessary for the Action(s), provided such persons have first executed an Undertaking to be Bound by Protective Order in the form annexed as an Exhibit hereto;

(c)    the Court and its personnel;

(d)    court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for the Action(s) where the Discovery Material was produced, provided such persons have first executed an Undertaking to be Bound by Protective Order in the form annexed as an Exhibit hereto;

(e)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; or

(f)    during their depositions, witnesses in the Action(s) where the Discovery Material was produced, who are current officers, directors, or employees of the producing party.

26.    For the avoidance of doubt and pursuant to paragraph [25], in-house counsel of the recipient shall not be permitted to access Protected Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" absent explicit written permission from the producing party and the relevant third party. To the extent expert reports cite to materials designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," in-house counsel may review those reports so long as such designated material is redacted. In-house counsel may not access material designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" even if such material is cited in or appended to expert reports.

27.    No person subject to this Stipulated Protective Order other than the producing party shall disclose any of the Discovery Material designated by the producing party as "HIGHLY CONFIDENTIAL – SOURCE CODE" to, nor will access to any of the Discovery Material designated by the producing party as "HIGHLY CONFIDENTIAL – SOURCE CODE" be made available to, any other person whomsoever, except to:

(a)    the recipient's outside counsel of record in the Action(s) where the Discovery Material was produced, as well as their staff, including but not limited to employees, contractors, consultants, vendors, or other individuals or entities providing support services in connection with the Action(s) under the supervision of said outside counsel of record, to whom it is reasonably necessary to disclose the information for the Action(s)[5];

---

[5]    It may be appropriate under certain circumstances to allow a designated in-house counsel access to derivative materials including "HIGHLY CONFIDENTIAL – SOURCE CODE" information, such as excerpts of Source Code Material cited in motions or expert reports. The parties will work together in good faith and in a manner that preserves work product protection to ensure that the designated in-house counsel has a reasonable opportunity to review draft derivative materials including "HIGHLY CONFIDENTIAL – SOURCE CODE" information as needed to approve such papers for service or filing, provided that such person has signed the Undertaking to be Bound by Protective Order in the form annexed as an Exhibit hereto.

(b)      experts of the recipient and their staff, including but not limited to employees, contractors, consultants, vendors, or other individuals or entities providing support services in connection with the Action(s) where the Discovery Material was produced under the supervision of said experts, ~~to whom disclosure is reasonably necessary for the Action(s),~~ provided such persons have first executed an Undertaking to be Bound by Protective Order in the form annexed as an Exhibit hereto;

(c)      the Court and its personnel;

(d)      court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for the Action(s) where the Discovery Material was produced, provided such persons have first executed an Undertaking to be Bound by Protective Order in the form annexed as an Exhibit hereto;

(e)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; or

(f)      during their depositions, witnesses in the Action(s) where the Discovery Material was produced, who are current officers, directors, or employees of the producing party.

28.    To the extent applicable, prior to any disclosure of any Protected Discovery Material to any person referred to in subparagraphs [23(b)(c)(e)(f), 24(b)(c)(e), 25(b)(d), and 27(b)(d)] above, such person shall be provided by counsel with a copy of this Stipulated Protective Order and shall sign an Undertaking to be Bound by Protective Order in the form annexed as an Exhibit hereto stating that that person has read this Stipulated Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Undertaking to be Bound by Protective Order and hold it in escrow.

### Disclosure of Protected Discovery Material to Experts

29.    Unless otherwise ordered by the Court or agreed to in writing by the producing party, a party that seeks to disclose to a testifying or consulting expert any information or item that has been

designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs [24(c), 25(b), and 27(b)] must first identify the expert to the producing party in writing in advance of any such disclosure. The expert disclosure must (1) identify the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the recipient intends to disclose to the expert, (2) set forth the full name of the expert, (3) attach a copy of the expert's current resume, (4) identify the expert's current employer(s), and (5) provide a list of all other cases in which, the witness testified as an expert at trial or by deposition during the previous 4 years.

(a)    The party intending to disclose material that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" may disclose the subject Protected Discovery Material to the identified expert(s) unless, within three (3) business days of delivering the notice, the party receives a written objection from the producing party. Any such objection must be made in good faith and set forth in detail the grounds on which it is based.

(b)    A party that receives a timely written objection must meet and confer with the producing party (through direct voice to voice dialogue) to try to resolve the matter by agreement within two (2) business days of the written objection. If no agreement is reached, the party opposing disclosure must file a letter as provided in Section IV(b) of this Court's Individual Practices within five (5) business days of the parties' meet and confer conference. The party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the recipient's need to disclose the Protected Discovery Material to its expert. If, after a timely objection and meet and confer conference, the opposing party does not

file a letter or motion with the Court pursuant to the procedures of this paragraph, the party intending to disclose the Protected Discovery Material to properly identified experts may do so.

30.    Notwithstanding the foregoing, to the extent that parties have already disclosed experts to a producing party in any Action, those disclosures need not be made again pursuant paragraph [29] to this Stipulated Protective Order, and those experts are deemed properly disclosed and unobjectionable subject to any agreements made between the parties as to those experts' disclosure. For the avoidance of doubt, to the extent a party intends to disclose to a testifying or consulting expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by any party to the Centralized Actions who was not previously notified of the disclosure, the party must follow the disclosure protocol in paragraph [29].

## Challenges to Designations and Access

31.    Any party who objects to any designation of confidentiality or a limitation on access as a result of a designation may at any time prior to the trial of any Action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. The parties shall meet and confer regarding the objection within seven (7) days of that notice. If the parties cannot reach agreement promptly, counsel for the disclosing and receiving parties will address their dispute to this Court in accordance with Section IV(b) of this Court's Individual Practices.

## Third-Party Discovery

32.    Subject to the terms of paragraph [15], the terms of this Stipulated Protective Order are applicable to information produced by a non-party in any Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL –

SOURCE CODE." Such information produced by non-parties in connection with any Action is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing herein should be construed as prohibiting a non-party from seeking additional protections.

33.    If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Discovery Material, that party must:

(a)    promptly notify in writing the producing party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the producing party whose Protected Discovery Material may be affected.

If the producing party timely seeks a protective order in the other litigation, the Party served with the subpoena or court order shall not produce any information designated in any Action as Protected Discovery Material before a determination by the court from which the subpoena or order issued, unless the party has obtained the producing party's permission. The producing party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a recipient of Protected Discovery Material in this action to disobey a lawful directive from another court.

### Filing Protected Discovery Material Under Seal

34.    All persons seeking to file redacted documents or documents under seal with the Court shall follow Section 5(B) of this Judge Stein's Individual Practices. For any document a party ("Filing Party") seeks to file under seal because it contains information that has been designated confidential

by another party or non-party (the "Designating Party"), the Filing Party's motion or letter motion to seal shall state that the basis for sealing is the Designating Party's designation and immediately provide notice to the Designating Party of the sealing request, with a copy of filed documents showing the Designating Party's Protected Discovery Material unredacted. All Protected Discovery Material, including quotations, summaries and paraphrased content from confidential materials, of the Designating Party shall be presumptively filed under seal unless the parties meet and confer in advance of filing, and the Designating Party consents to public filing. Within five business days of the filing of the motion to seal, the Designating Party will file with the Court a statement of the reasons that the confidential material should be sealed that complies with Paragraph 5(B) of Judge Stein's Individual Practices. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Protected Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Protected Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Protected Discovery Material will be filed with the Court under seal.

35.    Any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Protected Discovery Material itself, and not text that in no material way reveals the Protected Discovery Material.

36.    Any party filing a motion or other papers with the Court under seal shall also serve by noon E.T. the next business day a file-stamped version of the unredacted, sealed version of the motion

or paper, and any sealed exhibits thereto, on all other parties to the Centralized Actions who are otherwise authorized to have access to the underlying Protected Discovery Material under this Stipulated Protective Order. This requirement does not supersede or excuse a party filing a motion or other paper with the Court under seal to serve as soon as practicable an unredacted, sealed version of the motion or paper, and any sealed exhibits thereto, on all parties to the Centralized Actions who are otherwise authorized to have access to the underlying Protected Discovery Material under this Stipulated Protective Order.

## Final Disposition

37.     Even after final disposition of any Action, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a producing party agrees otherwise in writing or a court order otherwise directs. As to each receiving party, final disposition of any Action shall be deemed to be the later of (1) dismissal of all claims and defenses asserted by or against that party in that Action, with or without prejudice; and (2) final judgment entered as to all claims and defenses asserted by or against that party in that Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

38.     Within sixty (60) days after the final disposition of an Action, as defined in paragraph [37], each recipient must return all Protected Discovery Material to the producing party or destroy such material. As used in this paragraph, "all Protected Discovery Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Discovery Material or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Whether the Protected Discovery Material is returned or destroyed, the recipient must submit a written

certification to the producing party by the 60-day deadline that all the Protected Discovery Material was returned or destroyed and the recipient has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Discovery Material. Notwithstanding this provision, outside counsel of record may keep archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product. Any such archival copies that contain or constitute Protected Discovery Material remain subject to this Stipulated Protective Order.

SO STIPULATED AND AGREED.
Dated: June XX, 2025

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated: XX/XX/2025


_____
HON. ONA T. WANG
United States Magistrate Judge

**ATTESTATION**

Pursuant to S.D.N.Y. Electronic Case Filing Rule 8.5, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the content and have authorized this filing.

Dated: May XX, 2025

By: _/s/ DRAFT_ _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X
                               :

                               :

*In re OpenAI, Inc. Copyright Infringement*    :
*Litigation*                                :     No. 1:25-md-03143-SHS-OTW

                               :

                               :

                               :

---------------------------------------------------------- X

**UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER**

I, _____, acknowledge that I have read and understand the Protective Order in

this action governing the treatment of those portions of Discovery Material that have been designated

as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL –

SOURCE CODE" ("Protected Discovery Material"). I agree that I will use and/or disclose such

Protected Discovery Material only in accordance with the terms of the Protective Order and solely

for the purposes of this litigation. I further agree that upon conclusion of the litigation I will either

return all Protected Discovery Material to the party or attorney from whom I received it, or upon

permission of the producing party, destroy such Protected Discovery Material. By acknowledging

these obligations under the Protective Order, I understand that I am submitting myself to the

jurisdiction of the United States District Court for the Southern District of New York for the purpose

of any issue or dispute arising hereunder and that my willful violation of any term of the Protective

Order could subject me to punishment for contempt of Court.


[Designation of Agent For Individuals Residing Outside of the United States]

      I hereby appoint _____ of _____,

35

_____ (address), _____ (telephone) as my

New York agent for service of process in connection with this action or any proceedings related to

enforcement of the Protective Order.


Dated:_____            _____