# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,

Plaintiffs,

v.

OPENAI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC,OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,

Defendants.

*[caption continues on next page]*

JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,

Defendants.

Case No. 1:23-cv-08292-SHS;
Case No. 1:23-cv-10211-SHS

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT LIEFF CABRASER HEIMANN & BERNSTEIN, LLP, SUSMAN GODFREY L.L.P., AND COWAN DEBAETS ABRAHAMS & SHEPPHARD LLP AS INTERIM CO-LEAD COUNSEL FOR THE FICTION AND NONFICTION AUTHORS' CLASSES**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND .................................................................................................. 1

III.   LEGAL STANDARD.......................................................................................... 3

IV.   ARGUMENT ....................................................................................................... 4

     A.     The Moving Firms Thoroughly Investigated the Misconduct Alleged in this Action and Have Actively Litigated this Matter (Fed. R. Civ. P. 23(g)(1)(A)(i)).................................................................................... 4

     B.     The Moving Firms Have the Class Action Experience and Copyright Knowledge Successfully to Prosecute this Case (Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii))........................................................................ 5

           1.     Unmatched Class Action and Copyright Experience................................ 5

           2.     Experienced Lead Counsel Who Work Together for Efficient Results........................................................................................... 9

           3.     The Moving Firms Regularly Take Cases to Trial ................................. 12

     C.     The Moving Firms Will Commit Ample Resources to Prosecute this Action Efficiently (Fed. R. Civ. P. 23(g)(1)(A)(iv))............................. 13

     D.     Ability to Work Cooperatively With Others....................................... 14

V.    CONCLUSION.................................................................................................. 15

## TABLE OF AUTHORITIES

Page

**Cases**

*16 Casa Duse v. Merkin*,
    13-3865 (2d Cir.) .................................................................................................................8

*37 Besen Parkway, LLC v. John Hancock Life Ins. Co. (U.S.A.)*,
    15-cv-9924 (S.D.N.Y.).........................................................................................................8

*Al Hirschfeld Foundation v. Margo Feiden Gallery*,
    No. 16-cv-4135-PAE (S.D.N.Y.)........................................................................................9

*Al Hirschfeld Foundation v. Margo Feiden Gallery*,
    No. 16-cv-4135-PAE (S.D.N.Y.)......................................................................................13

*In re Animation Workers Antitrust Litigation*,
    No. 14-cv-4062 (N.D. Cal.) ................................................................................................5

*In re Automotive Parts Antitrust Litigation*,
    MDL No. 2311 (E.D. Mich.) ...............................................................................................7

*In re AXA Equitable Life Insurance Company COI Litigation*,
    No. 1:16-cv-740 (S.D.N.Y.)...........................................................................................7, 14

*Basbanes et al v. Microsoft Corporation et al*,
    1:24-cv-00084, Dkt. 1 .........................................................................................................2

*Bernstein v. Cengage Learning, Inc.*,
    No. 18-CIV-7877-VEC-SLC, 2019 WL 6324276 (S.D.N.Y. Nov. 26, 2019) ........................4

*Bernstein v. Cengage Learninig Inc.*,
    1:19-CV-7541 (S.D.N.Y.)....................................................................................................8

*Chen-Oster v. Goldman Sachs*,
    Case No. 10-6950 (S.D.N.Y.)..............................................................................................6

*City and County Of San Francisco et al. v. Purdue Pharma L.P. et al.*,
    No. 3:18-Cv-07591 (N.D. Cal.) ...........................................................................................6

*City and County of San Francisco v. Purdue Pharma*,
    18-cv-07591-CRB (N.D. Cal.)...........................................................................................12

**TABLE OF AUTHORITIES**

**(continued)**

Page

*City of Providence, Rhode Island v. AbbVie Inc.*,
No. 20-CV-5538 (LJL), 2020 WL 6049139, 7 (S.D.N.Y. Oct. 13, 2020) ................................ 3

*Dial, et al. v. News Corp.*,
No. 13-cv-6802 (S.D.N.Y.) ................................................................................................ 8

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
No. 2:13-cv-05693-PSG-GJS (C.D. Cal.) .......................................................................... 7

*In re Fox Corporation Derivative Litigation*,
C.A. No. 2023-0418-JTL (Del. Ch. Ct. Dec. 29, 2023) ...................................................... 14

*Fox News Network, LLC v. TVEyes, Inc.*,
883 F.3d 169 (2d Cir. 2018) ............................................................................................. 8

*Gutierrez v. Wells Fargo Bank*,
Case No. 07-cv-05923 WHA (N.D.Cal.) ........................................................................... 12

*Hale, et al. v. State Farm Mut. Auto. Ins. Co., et al.*,
Case No. 3:12-cv-00660-DRH-SCW ................................................................................ 12

*Jenkins v. National Grid USA, et al.*,
Case No. 2:15-cv-01219-JS-GRB (E.D.N.Y.) .................................................................... 6

*In re Juul Labs Mktg. Sales Practices & Prods. Liab. Litig.*
20-cv-8177 (N.D. Cal.) .................................................................................................... 6

*Kanongataa v. Coed Media Group, LLC*,
No. 16-cv-7472-LAK (S.D.N.Y.) ...................................................................................... 9

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
No. 11 MD 2262 NRB, 2011 WL 5980198 (S.D.N.Y. Nov. 29, 2011) ................................... 3

*In re Libor-based Financial Instruments Antitrust Litigation*,
No. 11-md-02262 (S.D.N.Y.) ........................................................................................... 7

*In re Lithium Ion Batteries Antitrust Litigation*,
MDL No. 2420 (N.D. Cal.) ............................................................................................... 5

*Melissa Ferrick et al. v. Spotify USA Inc., et al.*,
No. 1:16-cv-08412-AJN (S.D.N.Y.) ................................................................................. 7

**TABLE OF AUTHORITIES**

**(continued)**

**Page**

*Moehrl v. National Association of Realtors*,
   Case No. 19-cv-01610, 2020 WL 5260511 (N.D. Ill. 2020) ....................................................14

*In re Navistar Maxxforce Engines Marketing, Sales Practices and Products
   Liability Litigation*,
   Case No. 1:14-Cv-10318 (N.D. Ill.) ...........................................................................................6

*In re: Navistar Maxxforce Engines Marketing, Sales Practices and Products
   Liability Litigation*,
   Case No. 14–cv–10318, 2015 WL 1216318 (N.D. Ill. 2015)....................................................14

*In re OpenAI ChatGPT Litigation*,
   No. 23-cv-03223, Dkt. 74 ...........................................................................................................2

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
   Case No. 05-md-1720 (MKB), 2016 WL 8138988 (E.D.N.Y. 2016) .....................................14

*In re Plaid Inc. Privacy Litig.*,
   No. 4:20-cv-03056 (N.D. Cal.) .....................................................................................................6

*S. F. Unified Sch. Dist. v. Juul Labs. (In re Juul Labs Mktg. Sales Practices &
   Prods. Liab. Litig.)*,
   20-cv-8177-WHO (N.D. Cal.), In 2022 ....................................................................................12

*Stewart v. Practice Resources, LLC*,
   6:22-CV-0890 (LEK/DJS), 5:22-CV-0905 (LEK/DJS), 2022 WL 17155996
   (N.D.N.Y. Nov. 22, 2022) ............................................................................................................3

*teamLab, Inc. v. Museum of Dream Space, LLC et al.*,
   No. 19-cv-6906-PSG (C.D. Cal.)..................................................................................................9

*In re The Boeing Company Derivative Litigation, Consol. C.A.*,
   No. 2019-0907-MTZ (Delaware Chancery Court) .......................................................................6

*The New York Times Company v. Microsoft Corporation et al.*
   23-cv-11195, Dkt. 1 ......................................................................................................................2

*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products
   Liability Litigation*,
   No. 15-md-02672-CRB, 2017 WL 1047834 (N.D. Cal. March 17, 2017)................................6

# TABLE OF AUTHORITIES

## (continued)

Page

*Walker v. Carter*,
   17-2483 (2d Cir.) ....................................................................................................8

*In re Warner Music Grp. Data Breach*,
   No. 20 CIV. 7473 (PGG), 2021 WL 725728 (S.D.N.Y. Feb. 22, 2021) ...................4

*White v. NCAA*,
   No. 07-mc-54 (W.D. Pa.) .........................................................................................8

**Court Rules**

Fed. R. Civ. P. 23(g)(1)(A) .............................................................................................3

Fed R. Civ. P. 23(g)(1)(A)(i)-(iv) ...................................................................................3

Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii) ..........................................................................5

Fed. R. Civ. P. 23(g)(1)(A)(iv) .....................................................................................13

Fed. R. Civ. P. 23(g)(1)(B) .............................................................................................3

Fed. R. Civ. P. 23(g)(3) ..............................................................................................3, 4

**Treatises**

Manual for Complex Litig. § 21.11 (4th ed. 2004) .........................................................4

**Other Authorities**

Advisory Committee Notes (2003 Amendments) .............................................................3

## I.      <u>INTRODUCTION</u>

Counsel for fiction and nonfiction authors with registered copyrights ("Plaintiffs")— Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser"), Susman Godfrey L.L.P. ("Susman Godfrey"), and Cowan DeBaets Abrahams & Sheppard, LLP ("CDAS") (together, the "Moving Firms")—jointly move to be appointed as Interim Co-Lead Counsel to represent the Fiction and Nonfiction Books classes.  Plaintiffs are seeking redress under the Copyright Act for Defendants' infringement of their copyrighted books.  Plaintiffs allege Defendants copied Plaintiffs' books wholesale to feed their "large language models" ("LLMs") and power their commercial enterprise. In doing so, Defendants violated Plaintiffs' exclusive rights of reproduction.

The Moving Firms, collectively, bring unmatched expertise in litigating and leading class action and copyright cases at the cutting edge, often involving the application of established law to new technologies. *See* Declaration of Rachel Geman ("Geman Decl."), Exhibit A (Firm Resume), Declaration of Justin A. Nelson ("Nelson Decl."), Exhibit A ("Susman Profile"), Declaration of Scott J. Sholder ("Sholder Decl.").  The Moving Firms also have the resources necessary to vigorously prosecute this Action, having advanced millions in pursuing similarly complex class actions in this District. Together, the Moving Firms can ensure the best outcome for Plaintiffs, for whom this case is of existential importance.  The Moving Firms therefore respectfully request the Court appoint the Moving Firms as Interim Co-Lead Counsel.

## II.     <u>BACKGROUND</u>

The Fiction and Nonfiction Plaintiffs filed these lawsuits on September 19 and November 21, 2023, respectively. Fiction Dkt. 1; Nonfiction Dkt. 1.  The Fiction Plaintiffs filed an amended complaint, adding Microsoft as a Defendant, on December 5, 2023.  Fiction Dkt. 40.  The Nonfiction Plaintiffs amended their complaint on December 19, 2023. Nonfiction Dkt.. 26. The Court accepted the Fiction and Nonfiction cases as related on November 30, 2023. To streamline proceedings, Plaintiffs intend to request consolidation of the actions for at least pre-trial purposes.

Discovery has been ongoing since November 6, 2023. Fiction Dkt. 36; Nonfiction Dkt. 18. Plantiffs have served requests for production and requests for admission on Defendants. Geman Decl. ¶ 23. Nelson Decl. ¶ 17. The OpenAI Defendants have responded to requests for production, and the parties have begun efforts to meet and confer about OpenAI's responses. Geman Decl. ¶¶ 23-24. The Fiction Plaintiffs and OpenAI Defendants have exchanged initial disclosures. Geman Decl. ¶ 23.

There are two other recently-filed related cases pending in this District. On December 27, 2023, The New York Times Company filed an individual action against Defendants OpenAI and Microsoft, alleging claims, *inter alia*, for copyright infringement. *See The New York Times Company v. Microsoft Corporation et al.* 23-cv-11195, Dkt. 1. On January 5, 2024, Plaintiffs Nicholas Basbanes and Nicholas Gage filed a putative class action for copyright infringement against the OpenAI Defendants and Microsoft. *Basbanes et al v. Microsoft Corporation et al*, 1:24-cv-00084, Dkt. 1 (class action case). The *Basbanes* complaint includes a number of passages lifted verbatim from Plaintiffs' complaints. *Compare, e.g.*, Fiction Dkt. 1 ¶ 98 (9/19/23 Orig. Compl.) ("Some independent AI researches suggest that Books2 contains or consists of ebook files downloaded from large pirate book repositories such as Library Genesis or 'LibGen,' 'which offers a vast repository of pirated text.'"), *with Basbanes* Dkt. 1 (1/5/24 Compl.) ("Some independent AI researchers suspect that Books2 contains or consists of ebook files downloaded from large pirate book repositories such as Library Genesis or 'LibGen,' 'which offers a vast repository of pirated text.'").

There is also a consolidated class action pending in the Northern District of California, captioned as *In re OpenAI ChatGPT Litigation*, pending before the Hon. Araceli Martinez-Olguin.  *See generally In re OpenAI ChatGPT Litigation*, No. 23-cv-03223, Dkt. 74, raising similar issues.

Both the *Basbanes* and *In re OpenAI ChatGPT Litigation* cases seek to represent classes that consist, in significant part, of owners of copyrights that have not been registered. By contrast, all members of the putative Fiction and Nonfiction Author Classes own registered

copyrights in either fiction or nonfiction books. *See* Fiction Dkt. 40 ¶ 320; Nonfiction Dkt. 26 ¶ 109.

## III.   **LEGAL STANDARD**

Rule 23(g) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class action." Fed. R. Civ. P. 23(g)(3). In determining interim lead counsel, courts consider the same factors as when appointing lead counsel for a certified class pursuant to Rule 23(g)(1)(A). *See, e.g., Stewart v. Practice Resources, LLC,* 6:22-CV-0890 (LEK/DJS), 5:22-CV-0905 (LEK/DJS), 2022 WL 17155996 (N.D.N.Y. Nov. 22, 2022), at *3. Rule 23(g)(1)(A) thus sets forth four considerations for the appointment of interim lead counsel:

   i.    the work counsel has done in identifying or investigating potential claims in the action;

   ii.   counsel's experience in handling class actions, other complex litigation and the types of claims asserted in the action;

   iii.  counsel's knowledge of the applicable law; and

   iv.   resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1)(A)(i)-(iv).

No factor is determinative and the Court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see also* Advisory Committee Notes (2003 Amendments). For example, courts have looked at factors such as the extent of the economic injury, the location of the lawyers, and the diversity of and degree to which the proposed lawyers are supported. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.,* No. 11 MD 2262 NRB, 2011 WL 5980198, at *3 (S.D.N.Y. Nov. 29, 2011) (appointing counsel for class representatives "with by far the greatest economic interest"); *City of Providence, Rhode Island v. AbbVie Inc.*, No. 20-CV-5538 (LJL), 2020 WL 6049139, at *67 (S.D.N.Y. Oct. 13, 2020) (recognizing "courts have emphasized the importance of diversity in their selection of counsel" and "considers the New York residence of the competing

applicants").

The designation of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litig. § 21.11 (4th ed. 2004).  It also "minimize[s] the risk of duplicative filings and allow[s] the Court to consolidate related filings more efficiently." *See Bernstein v. Cengage Learning, Inc.*, No. 18-CIV-7877-VEC-SLC, 2019 WL 6324276, at *2 (S.D.N.Y. Nov. 26, 2019). "When more than one choice of counsel satisfies these requirements for adequacy, Rule 23(g)(2) provides that the court 'must appoint the applicant best able to represent the interests of' the plaintiffs." *In re Warner Music Grp. Data Breach*, No. 20 CIV. 7473 (PGG), 2021 WL 725728, at *2 (S.D.N.Y. Feb. 22, 2021).

## IV.    <u>ARGUMENT</u>

As provided below, each Rule 23(g) factor as well as the relevant additional factors support the appointment of the Moving Firms as Interim Co-Lead Counsel for the Fiction and Nonfiction Authors.

### A.    <u>The Moving Firms Thoroughly Investigated the Misconduct Alleged in this Action and Have Actively Litigated this Matter (Fed. R. Civ. P. 23(g)(1)(A)(i))</u>

To date, the Moving Firms have devoted substantial time and effort into researching the claims and examining the scope of Defendants' copyright infringement. Before the Complaint was filed, counsel conducted a thorough investigation of Defendants' artificial intelligence models and their "training" process. This included consulting with experts, examining public information about Defendants' conduct, and reviewing academic research papers addressing the technology and artificial intelligence industry, confirming copyright registrations, and experimenting with Defendants' generative AI products. The Moving Firms also conducted independent research into the labor and licensing market for writers—including surveying the professional writing community—that, among other things, helped form the basis for Plaintiffs' allegations about the impact of Defendants' technology on Plaintiffs and others similarly situated.

Since filing, the Moving Firms have continued to move these actions forward efficiently and diligently. Across the two cases, some or all of the parties have held an initial Rule 26(f) conference, exchanged initial disclosures, served requests for production and admission, proposed protective orders and ESI protocols, and begun the meet-and-confer process in response to Defendants' RFP responses. And, upon learning of the extent of Microsoft's involvement in the alleged conduct, Plaintiffs promptly filed and/or amended their Complaints to ensure the responsible parties were before the Court.

### B.   The Moving Firms Have the Class Action Experience and Copyright Knowledge Successfully to Prosecute this Case (Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii))

The Moving Firms have unparalleled experience with complex class actions, as well as copyright law and cases addressing how existing laws govern new technologies. *See* Federal Rule of Civil Procedure 23(g)(1)(A)(ii) and (iii).

### 1.   Unmatched Class Action and Copyright Experience

Lieff Cabraser and Susman Godfrey have a long track record of success working together in large, complex class actions. For example, in *In re Animation Workers Antitrust Litigation*, No. 14-cv-4062 (N.D. Cal.), Lieff Cabraser and Susman Godfrey—serving as co-lead class counsel— secured more than $168 million in settlements for a class of animation industry employes against Disney, Pixar, Lucas Films, and Sony for a no-poach antitrust conspiracy. Similarly, in *In re Lithium Ion Batteries Antitrust Litigation*, MDL No. 2420 (N.D. Cal.), Lieff Cabraser and Susman Godfrey have helped secure over $113 million for indirect purchasers in a case alleging a price-fixing conspiracy.

As set forth below, the Moving Firms also independently have extensive experience in complex litigation, class actions, and copyright cases that they will bring to this case:

***Lieff Cabraser's*** recent experience includes achieving a number of $100+ million recoveries in major, cutting-edge matters where the firm served as lead or co-lead counsel. Last year, Lieff Cabraser, as co-lead counsel, obtained a $215 million class settlement, along with programmatic relief, for plaintiffs in a gender discrimination class action lawsuit against Goldman

Sachs. *Chen-Oster v. Goldman Sachs*, Case No. 10-6950 (S.D.N.Y.).  The settlement came shortly before trial and was the largest pre-trial gender bias settlement in U.S. history.  Lieff Cabraser also served as co-lead counsel for plaintiffs in nationwide multidistrict litigation regarding the Juul electronic-cigarette, securing over $2.5 billion in settlements for plaintiffs and class members.  *In re Juul Labs Mktg. Sales Practices & Prods. Liab. Litig.* 20-cv-8177 (N.D. Cal.). In the same year, as co-lead counsel representing the City of San Francisco, Lieff Cabraser prevailed over Walgreens in a landmark bench trial establishing the pharmacy's substantial liability for the opioid epidemic in San Francisco.  *City and County Of San Francisco et al. v. Purdue Pharma L.P. et al.*, No. 3:18-Cv-07591 (N.D. Cal.). Subsequently, Walgreens and the two other major chain pharmacies agreed to settle the national opioids litigation for a combined total of nearly $14 billion.

Also recently, Lieff Cabraser obtained a $237.5 million settlement as co-lead counsel in a shareholder derivative action against the Boeing Company. *In re The Boeing Company Derivative Litigation, Consol. C.A.*, No. 2019-0907-MTZ (Delaware Chancery Court).  Lieff Cabraser has also  obtained multiple, nationwide class action settlements, in 2022 (*Porsche*) and before, from many of the leading car manufacturers for their unlawful emissions, securing—in the words of District Judge Charles Breyer—"extraordinary results for Class Members and for the public as a whole." *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation,* No. 15-md-02672-CRB, 2017 WL 1047834, at *2 (N.D. Cal. March 17, 2017) (order granting Lieff Cabraser's attorneys fees following Lieff Cabraser obtaining a  $14.7 billion settlement from Volkswagen).

Lieff Cabraser's recent representative class action successes also include:

- *In re Plaid Inc. Privacy Litig.*, No. 4:20-cv-03056 (N.D. Cal.), where Lieff Cabraser served as co-lead class counsel for consumers in a fintech privacy lawsuit that settled for $58 million and practice changes;

- *In re Navistar Maxxforce Engines Marketing, Sales Practices and Products Liability Litigation*, Case No. 1:14-Cv-10318 (N.D. Ill.) where Lieff Cabraser served as co-lead counsel for consumers in an engineering defect case that settled for $135 million;

- *Jenkins v. National Grid USA, et al.*, Case No. 2:15-cv-01219-JS-GRB (E.D.N.Y.), where Lieff Cabraser served as co-lead counsel and obtained a $38,500,000

settlement for a class of consumers.

Geman Declaration, ¶¶ 6, 8.

**_Susman Godfrey_**, as interim lead and class counsel, has secured major victories in high-profile, complex class actions. This past year, Susman Godfrey, as sole class counsel, secured a $307.5 million nonreversionary cash settlement on behalf of a class of policyholders subject to cost-of-insurance overcharges in *In re AXA Equitable Life Insurance Company COI Litigation*, No. 1:16-cv-740 (S.D.N.Y.). In approving the settlement, Judge Jesse M. Furman recognized that the "class has been exceedingly well represented" by Susman Godfrey. Nelson Ex. B at 13:14-18. Susman Godfrey also serves as co-lead class counsel in *In re Libor-based Financial Instruments Antitrust Litigation*, No. 11-md-02262 (S.D.N.Y.), where it has obtained more than $780 million for class members in a case alleging manipulation of the LIBOR. Outside of this District, Susman Godfrey serves as co-lead counsel for end-payor plaintiffs in *In re Automotive Parts Antitrust Litigation*, MDL No. 2311 (E.D. Mich.), where it has secured over $1.2 billion in settlements, the largest indirect purchaser recovery in history.

Susman Godfrey has significant experience in prosecuting class actions involving allegations of copyright infringement or unpaid royalties. In *Melissa Ferrick et al. v. Spotify USA Inc., et al.*, No. 1:16-cv-08412-AJN (S.D.N.Y.), Susman Godfrey, as co-lead counsel, secured a settlement valued over $110 million on behalf of a class of holders of musical compositions alleging copyright infringement. The settlement, among other things, provided for ensuring payment of future royalties to class members. In *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 2:13-cv-05693-PSG-GJS (C.D. Cal.), Susman Godfrey, as co-lead counsel, obtained a $25.5 million settlement for a class of owners of pre-1972 sound recordings alleging copyright infringement under California law. *See* Nelson Declaration, ¶ 6. Susman Godfrey also serves as

sole class counsel in *Bernstein v. Cengage Learninig Inc.*, 1:19-CV-7541 (S.D.N.Y.), where it represents a certified class of textbook authors alleging the underpayment of royalties on electronic sales.

Susman Godfrey's other class action victories include:

- *37 Besen Parkway, LLC v. John Hancock Life Ins. Co. (U.S.A.)*, 15-cv-9924 (S.D.N.Y.): As sole co-lead counsel, Susman Godfrey secured $91.25 million all-cash settlement for insurance policyholders, a settlemet that Judge Paul Gardephe praised as a "quite extraordinary . . . result achieved on behalf of the class." Nelson Ex. C at 20:10-11.

- *Dial, et al. v. News Corp.*, No. 13-cv-6802 (S.D.N.Y.): As co-lead counsel for a class of businesses, securing over $244 million in settlements.

- *White v. NCAA*, No. 07-mc-54 (W.D. Pa.): As co-lead counsel for class of current and former football and basketball players at Division I schools, Susman Godfrey has secured over $200 million in settlements.

Nelson Declaration, ¶¶ 6, 8.

**_CDAS_**, on behalf it its media and publishing clients (among others), has handled sophisticated and cutting-edge copyright litigation. CDAS provides counseling and advice regarding, *inter alia*, registration, protection, licensing, infringement analysis, fair use reviews, and enforcement. The firm's litigators have been involved in some of the most important, precedent-setting copyright matters. *See, e.g.*, *16 Casa Duse v. Merkin*, 13-3865 (2d Cir.) (prevailed on summary judgment below on behalf of film production company; appeal court affirmed that a director's contribution to a motion picture is not, itself, a work of authorship subject to copyright protection); *Walker v. Carter*, 17-2483 (2d Cir.) (represented famous rapper in copyright dispute over logo design for legendary rap music label; prevailed on summary judgment and appeal, establishing precedent regarding statute of limitations on copyright ownership claims); *see also  Fox News Network, LLC v. TVEyes, Inc*., 883 F.3d 169, 180 (2d Cir. 2018) (amicus counsel). The firm's lawyers are leaders in the field of copyright law, holding positions with the ABA, the Copyright Society of the USA, the New York City Bar, and the MLRC. CDAS's successes in copyright cases also include:

- *teamLab, Inc. v. Museum of Dream Space, LLC et al.*, No. 19-cv-6906-PSG (C.D. Cal.), where CDAS represented an art collective in a copyright infringement case dealing with interactive digital art installations.

- *Kanongataa v. Coed Media Group, LLC*, No. 16-cv-7472-LAK (S.D.N.Y.), where CDAS defended a copyright infringement case against various media outlets for reporting on the plaintiff's accidental live streaming of his wife's labor.

- *Al Hirschfeld Foundation v. Margo Feiden Gallery*, No. 16-cv-4135-PAE (S.D.N.Y.), where CDAS represented the late artist's foundation against his former gallerist for breach of contract and copyright infringement.  The case proceeded to a bench trial on damages where CDAS prevailed and obtained nearly all the relief sought.

Sholder Decl. ¶¶ 10-13

*     *     *

The Moving Firms collectively have the perfect balance of skills and experience to lead this case and protect the interests of the proposed Classes. Lieff Cabraser and Susman Godfrey bring a track record of success in complex class actions and other high-profile cases, while CDAS brings deep expertise in copyright law. They have successfully addressed the key issues likely to be raised in Rule 23 and Rule 56 motions. Moving Firms can efficiently and effectively manage this complex action and are thus well- situated to serve as Co-Lead Counsel.

### 2. Experienced Lead Counsel Who Work Together for Efficient Results

As the foregoing demonstrates, the Moving Firms have extensive experience in this type of complex litigation, as do the specific attorneys at each firm who will work on the case.

<u>Rachel Geman.</u> Ms. Geman is a partner in the New York office of Lieff Cabraser and the chair of the firm's whistleblower practice group, with a practice focused on complex class actions and False Claims Act matters.  Ms. Geman has served as a co-lead or class counsel in a variety of consumer protection, employment, financial fraud, privacy, and and civil rights matters, including certain of the matters (*Goldman Sachs* and *Plaid*) listed in the previous section. Geman Dec. ¶ 11. She is an AV-Preeminent rated attorney and has been one of the Lawdragon's Leading 500

Plaintiffs' lawyers since 2018, in the categories of consumer (2022-2023), financial (2021-2023), and employment/civil rights (2018-2022). She was selected for inclusion by her peers in The Best Lawyers in America in field of "Employment Law – Individuals" for 2012-2023. Ms. Geman was awarded the Distinguished Honor Award by the United States Department of State in 2001. She has served as the plaintiff-side chair in ABA Labor & Employment Law Section Committees, the Amicus Committee chair for the New York Chapter of NELA, and also volunteers her time  as a pro bono mediator.   Ms. Geman began her career clerking in the S.D.N.Y for the late Honorable Constance Baker Motley.

The Lieff Cabraser team in this action is also led by Reilly Stoler, Ian Bensberg, and Wesley Dozier.

These attorneys will be the primary representatives for Lieff Cabraser in meetings of Co-Lead Counsel, in communications with Defendants, Plaintiffs, and the Court, and in litigating and trying this case. Geman Decl. ¶ 15-17. A resume of Lieff Cabraser and the team members who will work on this matter are attached to the Geman Declaration as Exhibit B.

Justin A. Nelson. Mr. Nelson is a partner at Susman Godfrey, LLP. He is a former law clerk to the Honorable Sandra Day O'Conner of the United States Supreme Court and to the Honorable J. Harvie Wilkinson III of the United States Court of Appeals for the Fouth Circuit . In 2023, Mr. Nelson represented Dominion Voting Systems against Fox News in helping secure the landmark $787.5 million settlement arising from the latter's defamatory news coverage claiming that Dominion's voting machines were responsible for massive voter fraud during the 2020 U.S. presidential election. The settlement is believed to be the largest defamation settlement in history. The Court in *Dominion v. Fox* publicly noted that "this is the best lawyering I've had, ever." Mr. Nelson routinely represents clients in high-stakes and complex litigation, including helping secure a nine-figure settlement against a large rental car company for a group of people who alleged they had been falsely arrested—a set of cases that spanned multiple courts and jurisdictions, including bankruptcy court. Mr. Nelson has been named as one of the leading 500 litigators and plaintiff financial lawyers in America by Lawdragon. Among other awards, he has also been recognized

multiple times as American Lawyer's Litigator of the Week and a Benchmark Litigation, Litigation Star. *See* Nelson Decl. ¶ 13 & Ex. D.

The Susman Godfrey team in this action is also led by partners Rohit D. Nath and Alejandra C. Salinas, and associate J. Craig Smyser.

These attorneys will be the primary representatives for Susman Godfrey in meetings of Co-Lead Counsel, in communications with Defendants, Plaintiffs, and the Court, and in litigating and trying this case. A profile of Susman Godfrey and the team members who will work on this matter are attached to the Nelson Declaration as Exhibit D.

Scott J. Sholder. Mr. Sholder is a partner and Co-Chair of the CDAS Litigation group. He focuses his practice on litigation, counseling, and dispute resolution in connection with entertainment, media, and intellectual property matters, with a focus on copyright law.  Mr. Sholder has represented and advised clients across various industries in copyright disputes for more than a dozen years, including publishing, photography, fine art, digital interactive art, film, and television.  He has appeared in federal courts around the country and has handled cases from pre-suit negotiations through trial and post-trial procedures. He has first-chaired four trials (including a copyright infringement bench trial) and arbitration hearings and briefed and argued many dispositive motions. Mr. Sholder has also authored a number of amicus briefs on copyright issues filed in the Courts of Appeals and the United States Supreme Court.  A frequent writer and speaker on issues related to copyright in the entertainment and digital media space, with a recent focus on generative AI and the intersection of copyright, creativity, and technology, Mr. Sholder is a regular contributor to major legal publications. Sholder Decl. ¶¶ 18.

The CDAS team also includes Nancy Wolff, who co-chairs the litigation practice group and  the firm's art law practice. Ms. Wolff has been practicing copyright law and litigating copyright cases for 35 years representing a wide range of creative individuals and companies, and serves as counsel to the Digital Media Licensing Association, the trade organization for the media production, distribution, and licensing industry. Ms. Wolff is a past president of the Copyright Society of the USA and is a member of the ABA's Task Force on Copyright Reform (which

addresses issues relating to AI).  The matter is also handled by associate CeCe Cole, an accomplished up-and-coming copyright litigator. In her two years with the firm, she has litigated many copyright disputes, including complex publishing matters and cases dealing with visual arts, photography, and the intersection of copyright and technology.

### 3.    The Moving Firms Regularly Take Cases to Trial

All three Moving Firms have extensive experience trying complex cases and are willing and able to take this litigation to trial, if necessary. Additional information about the Moving Firms' trial experience can be found in their respective firm resumes.

Lieff Cabraser. The breadth of Lieff Cabraser's trial of complex cases, and its success, reflects the breadth of practice of the firm as well as Lieff Cabraser's willingness and ability to take even the most complex cases to trial. Recent exemplars: In 2023, Lieff Cabraser secured a $235 million comprehensive settlement with Altria in the national JUUL E-Cigarette predatory advertising, addiction and injury cases. The settlement was reached just after plaintiffs concluded their case in the bellwether trial in San Francisco. *S. F. Unified Sch. Dist. v. Juul Labs. (In re Juul Labs Mktg. Sales Practices & Prods. Liab. Litig.)*, 20-cv-8177-WHO (N.D. Cal.), In 2022, Lieff Cabraser served as Co-Lead Counsel representing the City of San Francisco in a bench trial against Walgreens pharmacy for its role in the City's opioid drug crisis, where the Court found Walgreens liable for substantially contributing to the opioid epidemic in San Francisco,. *City and County of San Francisco v. Purdue Pharma*, 18-cv-07591-CRB (N.D. Cal.).  Walgreens and the two other major chain pharmacies later agreed to settle the national opioids litigation for a combined total of nearly $14 billion.  Lieff Cabraser also has a demonstrated ability, in the words of one federal judge, to "pull victory from the jaws of defeat."  *Gutierrez v. Wells Fargo Bank*, Case No. 07-cv-05923 WHA (N.D.Cal.) (in reference to Lieff Cabraser's overdraft cases against Wells Fargo resulting in a $250 million award following a bench trial where the class prevailed, an appeal, a partial reversal, a reinstatement, and an appellate affirmance of the reinstatement). In *Hale, et al. v. State Farm Mut. Auto. Ins. Co., et al.*, Case No. 3:12-cv-00660-DRH-SCW, State Farm agreed to a $250 million settlement a day after trial began.  The State Farm case team, including Lieff

Cabraser, received the Law Bulletin's 2019 Trial Lawyer Excellence Award for work *dating back to 1999*, and that originally related to insurance auto parts fraud and then escalated into improper and illegal electioneering after State Farm upended the Illinois judicial elections process.

Susman Godfrey. Since the firm's founding in 1980, Susman Godfrey has served as lead counsel in hundreds of class actions and complex commercial disputes in courts throughout the country. The firm regularly represents clients in the largest and most complex cases ever litigated, including recently securing a landmark $787.5 million settlement after jury selection for Dominion Voting Systems against Fox News arising from the latter's allegedly defamatory news coverage claiming that Dominion's voting machines were responsible for massive voter fraud during the 2020 U.S. presidential election. Susman Godfrey has the demonstrated ability and resources to handle the most complex litigation successfully and efficiently.

Susman Godfrey's experience, track record of success, and staying power are reflected in its wide recognition as a national leading trial firm, including being named "Litigation Boutique of the Year" in 2023 by *The American Lawyer*, "Commercial Litigation Firm of the Year" in 2023 by *Benchmark Litigation*, nominated for Law Firm of the Year in 2023 by *The American Lawyer* with firms multiples its size, a firm on "America's Elite Trial Lawyers" by *the National Law Journal*, and Law 360's 2017 "Class Action Group of The Year." Dozens of the firm's lawyers are recognized every year as "Super Lawyers" and "Rising Stars" in the states where they practice. The firm currently has about 150 partners and associates nationwide in its five offices, over 90% of whom served in federal judicial clerkships, including the vast majority on federal appellate courts and ten of whom clerked on the United States Supreme Court.

CDAS. CDAS also has significant trial in copyright cases, including in *Al Hirschfeld Foundation v. Margo Feiden Gallery*, No. 16-cv-4135-PAE (S.D.N.Y.). *See also* Section IV.B.1.

**C.      The Moving Firms Will Commit Ample Resources to Prosecute this Action Efficiently (Fed. R. Civ. P. 23(g)(1)(A)(iv))**

The Moving Firms have the resources needed to prosecute this action in the best interests of the proposed class. See Fed. R. Civ. P. 23(g)(1)(A)(iv). Together, the firms are ably staffed with

attorneys and support, employing more than 300 lawyers in ten offices.  The Moving Firms routinely advance the costs of litigation and have repeatedly demonstrated the ability and willingness to dedicate substantial resources to pursuing class claims, and will do so again here. In *In re: AXA Equitable Life Insurance Company COI Litigation*, for example, Susman Godfrey advanced over $4 million in expenses over a seven-year period before the case settled for $307.5 million. Nelson ¶ 6.

The three-firm structure, in tandem with the efficiency within and among the firms, will best serve the Fiction and Nonfiction Author Classes.  *See, e.g., In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, Case No. 05-md-1720 (MKB), 2016 WL 8138988 (E.D.N.Y. 2016) (three firms appointed to lead damages class); *In re: Navistar Maxxforce Engines Marketing, Sales Practices and Products Liability Litigation*, Case No. 14–cv–10318, 2015 WL 1216318 (N.D. Ill. 2015) (three firms, including Lieff Cabraser, appointed); *Moehrl v. National Association of Realtors*, Case No. 19-cv-01610, 2020 WL 5260511 (N.D. Ill. 2020) (three firms, including Susman Godfrey, appointed); *see also generally In re Fox Corporation Derivative Litigation*, C.A. No. 2023-0418-JTL at *7  (Del. Ch. Ct. Dec. 29, 2023) (in the non-identical but similar context of Delaware Chancery Rule 23.1, establishing a triumvirate leadership structure, explaining that appointing three disparate firms including Lieff Cabraser is likely to create "cognitive diversity" and noting that "[r]esearch shows that cognitively diverse groups find solutions faster, and higher cognitive diversity correlates with better performance overall.").

At the same time, Moving Firms are committed to litigating the case efficiently and economically and their lawyers intend to use their experience and background in similar cases to streamline the litigation. The Moving Firms are well-versed in using case management strategies to efficiently focus the litigation.

### D.   Ability to Work Cooperatively With Others

The Moving Firms have the ability and willingness to work cooperatively with other law firms and defense counsel in this case. The Moving Firms understand that professional and courteous relations amongst joint counsel, as well as between opposing counsel, are essential to

the conduct and management of complex litigation such as this one.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, the Moving Firms meet the criteria set forth in Rule 23(g) and respectfully request appointment as Interim Co-Lead Counsel for the Fiction and Nonfiction Authors' Classes in this litigation.

Dated:  January 11, 2024          Respectfully submitted,

<u>/s/ Rachel Geman</u>
Rachel Geman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
rgeman@lchb.com

Reilly T. Stoler (*pro hac vice forth coming*)
Ian M. Bensberg
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
rstoler@lchb.com
ibensberg@lchb.com

Wesley Dozier (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue, Suite 1640
Nashville, TN 37201
Telephone:  615.313.9000
wdozier@lchb.com

<u>/s/ Justin Nelson</u>
Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: 713-651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: 310-789-3100
rnath@susmangodfrey.com

J. Craig Smyser
SUSMAN GODFREY L.L.P.
1901 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: 212-336-8330
csmyser@susmangodfrey.com

/s/ Scott Sholder
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Telephone:  212.974.7474
ssholder@cdas.com
ccole@cdas.com

*Attorneys for Plaintiffs and the Proposed Class*

**<u>PROOF OF SERVICE VIA ECF</u>**

On January 11, 2024, I caused to be served the following document on all counsel of record via ECF.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT LIEFF CABRASER HEIMANN & BERNSTEIN, LLP, SUSMAN GODFREY L.L.P., AND COWAN DEBAETS ABRAHAMS & SHEPPHARD LLP AS INTERIM CO-LEAD COUNSEL FOR THE FICTION AND NONFICTION AUTHORS' CLASSES**

*<u>/s/ Rachel Geman</u>*

Rachel Geman