# EXHIBIT C

J3IABESHps

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

37 BESEN PARKWAY, LLC,
on behalf of itself and all others
similarly situated,

            Plaintiffs,

       v.                                  15-cv-9924 (PGG)

JOHN HANCOCK LIFE INSURANCE
COMPANY (U.S.A.),

            Defendant.                     Hearing

------------------------------x

                                           New York, N.Y.
                                           March 18, 2019
                                           4:10 p.m.


Before:

                   HON. PAUL G. GARDEPHE

                                           District Judge

                         APPEARANCES

SUSMAN GODFREY LLP
     Attorneys for Plaintiffs
BY:  STEVEN G. SKLAVER, ESQ.
     SETH D. ARD, ESQ.
     GLENN C. BRIDGMAN, ESQ.

BOIES, SCHILLER & FLEXNER LLP
     Attorneys for Defendant
BY:  MOTTY SHULMAN, ESQ.
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    at *5.

2            With respect to the application of the lodestar
3    method, as I mentioned, class counsel billed a combined
4    7,327.70 hours to this matter, reflecting time billed over a
5    period of more than three years.

6            The hourly billing rates among plaintiffs' counsel and
7    their staff ranged between $900 per hour to $125 per hour,
8    while the average partner billing rate was $800.  The hourly
9    rates of the two partners who performed the vast majority of
10   the partner-level work on this matter -- Mr. Sklaver and
11   Mr. Ard -- are $900 and $750, respectively.  The total blended
12   rate for all legal work performed would be $3,735.82 per hour,
13   based on the proposed attorney's fee award of $27,375,000.

14           As I noted, class counsel's request for attorney's
15   fees results in a multiplier, or yields a multiplier, of 6.92,
16   which certainly falls on the high end of the scale, especially
17   given the size of the settlement.  *See In re Citigroup Inc.*
18   *Sec. Litig.*, 965 F. Supp. 2d 369, 400-01 (S.D.N.Y. 2013)
19   ("Courts in this Circuit have trended toward awarding lower
20   percentages and lower multipliers for awards from extremely
21   large common funds such as this one.")  *Compare In re Telik*
22   *Inc. Sec. Litig.*, 576 F. Supp. 2d at 590 (observing that
23   "lodestar multiples of over 4 are routinely awarded by courts,"
24   in the context of a $5 million settlement), with *In re Merrill*
25   *Lynch & Co. Research Reports Sec. Litig.*, 2007 WL 313474, at

1    *23 (S.D.N.Y. Feb. 1, 2007) (concluding, with respect to a $39

2    million settlement, that a request representing a multiplier of

3    2.43 was excessive and recognizing that courts since *Goldberger*

4    question multipliers over 2.03).

5             After considering what I believe to be the fairly

6    unique circumstances of this case and considering both the

7    percentage of the percentage of the fund method as well as the

8    lodestar cross-check, I have decided to approve the requested

9    attorney's fee award.  I think the result achieved on behalf of

10   the class here is quite extraordinary and justifies the rather

11   high-end multiplier I made reference to.

12            As I noted earlier, my recollection is that I raised

13   issues about the merits of plaintiff's claims at the outset of

14   the case.  Accordingly, the case certainly presented a

15   significant risk.  The time and labor expended on the matter

16   was significant.  I view the magnitude and complexities of the

17   litigation as quite significant.  I believe the quality of

18   representation is quite high.  After considering all the

19   factors, I have decided to approve the request of the

20   attorney's fee award, despite the high multiplier that results.

21            With respect to costs, or reimbursement of litigation

22   expenses, it is my intention to grant class counsel's request

23   for fees in the amount of $2,240,112.22.  *See in re LIBOR-based*

24   *Fin. Instruments Antitrust Litig.*, 2018 WL 3863445, at *1

25   (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in the Second Circuit