UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>OPENAI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC,OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br><br>   Defendants. | Case No. 1:23-cv-08292-SHS;<br>Case No. 1:23-cv-10211-SHS<br><br>**DECLARATION OF SCOTT J. SHOLDER IN SUPPORT OF MOTION TO APPOINT LIEFF CABRASER HEIMANN & BERNSTEIN, LLP, SUSMAN GODFREY LLP, AND COWAN DEBAETS ABRAHAMS & SHEPPHARD LLP AS INTERIM CO-LEAD COUNSEL FOR THE FICTION AND NONFICTION AUTHORS' CLASSES** |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,<br><br>   Defendants. | |

   I, Scott J. Sholder, declare as follows:

1

1.	I am a Partner and Co-Chair of the litigation practice group at the law firm of Cowan, DeBaets, Abrahams & Sheppard LLP ("CDAS") and am an attorney of record for Plaintiffs in the above-captioned class action. I am admitted to practice before this Court and am a member in good standing of the bar of the State of New York and the State of New Jersey, as well as the United States District Court for the Eastern District of New York, the District of New Jersey, and the District of Colorado. I am also admitted to practice before the United States Courts of Appeals for the Second, Third, Fourth, Ninth, Eleventh, D.C., and Federal Circuits.

2.	I make this declaration in support of Plaintiffs' Motion to Appoint Cowan, DeBaets, Abrahams & Sheppard, LLP, Lieff Cabraser Heimann & Bernstein, LLP, and Susman Godfrey, LLP Interim Co-Lead Counsel for the Fiction and Non-Fiction Authors' Classes. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them.

**CDAS's Experience Litigating Copyright Cases**

3.	CDAS is a boutique entertainment, media, and intellectual property law firm based in New York City, with an office in Beverly Hills, California. For over three decades, CDAS has provided legal counsel to leading media, art, technology, publishing, and entertainment clients, from individual creators, to corporations, associations, and non-profit organizations. CDAS is, and historically has been, a go-to firm for sophisticated and cutting-edge copyright issues, both from a transactional and litigation standpoint.

4.	CDAS attorneys utilize their deep breadth and knowledge of copyright and related rights to provide the firm's clients with counseling and advice in diverse areas including registration, protection, termination, copyrightability, licensing, infringement analysis, fair use reviews, archive acquisitions, policy, and enforcement guidance.

2922305.1

5. The firm's litigators routinely handle complex copyright litigation matters arising in the firm's core industry areas, including entertainment, art, publishing, and digital and traditional media. CDAS successfully manages copyright litigation matters at all phases—including through trials and appeals—for a wide range of clients, from some of the most well-known companies in the world to closely held businesses, individuals, and estates. The firm's litigation practice represents litigants and amicus parties in innovative intellectual property cases in federal court and provides litigation-avoidance counseling, mediation services, and intellectual property best practices to clients of all sizes and in various disciplines to help mitigate and minimize legal risks.

6. The firm's lawyers are well-known and respected in the field of copyright law, holding leadership positions with organizations such as the American Bar Association, the Copyright Society of the USA, the New York City Bar Association, and the Media Law Resource Center, and the Center for Art Law, as well as representing clients in policy issues globally.

**Litigation Team**

7. CDAS litigators have handled numerous important and high-profile copyright infringement cases. Several examples include *16 Casa Duse v. Merkin*, 13-3865 (2d Cir.) (prevailed on summary judgment below on behalf of film production company; appeal court affirmed that a director's contribution to a motion picture is not, itself, a work of authorship subject to copyright protection); *Walker v. Carter*, 17-2483 (2d Cir.) (represented famous rapper in copyright dispute over logo design for legendary rap music label; prevailed on summary judgment and appeal, establishing precedent regarding statute of limitations on copyright ownership claims); *Magnum Global Ventures, Inc. et al. v. Giles*, No. 18-cv-9021 (S.D.N.Y.) (represented plaintiff in copyright infringement claim against rapper who used iconic photograph on an album cover and

on merchandise without permission; case settled favorably for plaintiffs); *Freeman v. Deebs-Elkenaney et al.*, No. 2022-cv-2435 (S.D.N.Y.) (representing defendant Entangled Publishing in ongoing copyright infringement lawsuit concerning the alleged similarity between author's published fantasy book series and plaintiff's unpublished manuscripts; currently in summary judgment phase).

8. I have extensive experience litigating copyright issues in the entertainment and media fields. I have represented and advised clients across various industries in copyright disputes for more than a dozen years, including publishing, photography, fine art, digital interactive art, film, and television. I have appeared in federal courts around the country and have handled cases from pre-suit negotiations through trial and post-trial procedures.

9. My experience includes first-chairing several trials (including a photography copyright infringement bench trial, a fine art copyright/breach of contract damages bench trial, and a 16-day administrative court bench trial dealing with issues in the classical music industry) and briefing and arguing many dispositive motions. I have deep experience in managing discovery and motion practice and running complex cases from start to finish. Several exemplary cases follow.

10. I was lead counsel in *teamLab, Inc. v. Museum of Dream Space, LLC et al.*, No. 19-cv-6906-PSG (C.D. Cal.), representing plaintiff Japanese art collective in a copyright infringement case dealing with interactive digital art installations. We sued a copycat museum in Los Angeles, and largely prevailed on summary judgment (on issues concerning copyrightability, ownership of works, extrinsic substantial similarity of exhibits, and copying of protected images) and settled prior to trial. I oversaw all aspects of the case, including pleadings, motions, discovery, and settlement.

11. I represented the plaintiff in *Al Hirschfeld Foundation v. Margo Feiden Gallery*, No. 16-cv-4135-PAE (S.D.N.Y.), a lawsuit by the late artist's foundation against his former gallerist for breach of contract and copyright infringement. I took over as lead counsel during the pendency of the case, after which we prevailed on summary judgment. I then handled the bench trial on damages, and we received a significant damages award, plus an award of sanctions.

12. I served as lead trial counsel for the defendant in *Barcroft v. Coed Media*, No. 16-cv-7634-JMF (S.D.N.Y.), a photography copyright infringement case that proceeded to a bench trial on liability and damages. While we did not prevail on the merits, we convinced the court to award significantly lower damages and defeated plaintiff's attorney's fee motion and set precedent in the Southern District regarding the proper benchmarks for awards of statutory damages in copyright cases. I oversaw all aspects of the case, including motions, discovery, pretrial matters, and trial.

13. I also served as lead counsel in *Kanongataa v. Coed Media Group, LLC*, No. 16-cv-7472-LAK (S.D.N.Y.), a copyright infringement case brought against various media outlets for reporting on the plaintiff's accidental live streaming of his wife giving birth. I argued and prevailed on a motion to dismiss based on fair use and *de minimis* use given that the content at issue was newsworthy and only a screen capture of one frame of the video was used to report on it. We also prevailed on our motion for attorney's fees.

14. I represented documentary production company St8cked Media LLC and its two principals in *Whistleblower Productions, LLC, et al. v. St8cked Media LLC, et al.*, 18-cv-5258 (E.D.N.Y.), a copyright infringement and declaratory judgment suit brought by the subject of a documentary who claimed to own the footage my clients took. We prevailed on our motion to dismiss the entire case because the plaintiff had no registered copyright, and the court rejected the

argument that registration requirements can or should be waived because the defendants were in possession of the physical footage.

15. I have authored or co-authored a number of amicus briefs on sophisticated copyright issues filed in the Courts of Appeals and the United States Supreme Court. A representative sampling of these cases includes the following:

   a. *Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc*., No. 17-7035 (D.C. Cir.) (copyright protection of privately drafted standards and practices incorporated by reference into law)
   b. *State of Georgia v. Public.Resource.Org, Inc*., No. 18-1150 (U.S. Supreme Court) (copyrightability of annotated legal codes; filed during merits stage)
   c. *Brammer v. Violent Hues*, No. 18-1763 (4th Cir.) (fair use in connection with photograph copied and displayed to illustrate commercial website)
   d. *Am. Broad. Cos., Inc. v. Aereo, Inc.*, No. 13-461 (U.S. Supreme Court) (legality of broadcast television retransmission over the Internet; filed during certiorari and merits stage)
   e. *Kirtsaeng v. John Wiley & Sons, Inc.*, No. 15-375 (U.S. Supreme Court) (interpretation of Copyright Act attorney's fee awards; filed during merits stage on second appeal)
   f. *Oracle Am., Inc. v. Google, LLC*, No. 2017-1118 (Fed. Cir.) (fair use regarding use of computer code integrated into mobile phones)
   g. *Fox News Network, LLC v. TVEyes, Inc.*, No. 15-3885 (2d Cir.) (fair use regarding digitization of content for purposes of news aggregation)
   h. *Cambridge University Press v. Albert*, No. 16-15726 (11th Cir.) (fair use in the context of mass digitization of books)
   i. *Authors Guild v. Google, Inc.*, No. 13-4829 (2d Cir.) (concerning the legality of mass digitization of books)

16. I am a *summa cum laude* graduate of American University, and a graduate of Seton Hall Law School, where I was the valedictorian of my class and Executive Editor of the Seton Hall Law Review. I clerked for the Honorable Leonard I. Garth, USCJ in the U.S. Court of Appeals for the Third Circuit, and the Honorable Peter G. Sheridan, USDJ in the U.S. District Court for the District of New Jersey. I started my litigation career at Paul, Weiss, Rifkind, Wharton & Garrison LLP in New York City, where I was an associate for four years, working on complex commercial

and securities litigations, internal investigations, white collar defense, and entertainment, contract, and copyright cases.

17. I have received numerous awards, including Super Lawyers, New York Metro 2023 (and "New York Metro Rising Star" 2014-2022); Best Lawyers 2024 Litigation – Intellectual Property; Best Lawyers 2023 – Copyright & Litigation Intellectual Property; Euromoney Rising Star 2022 in Technology, Media, and Telecommunications; Benchmark Litigation 40 & Under List 2022; "The Best Lawyers in America" for Copyright 2021; "Americas Rising Star" Award for "Best in Media & Entertainment," Euromoney Legal Media Group 2020; "40 and Under Hot List," Benchmark Litigation 2019; and "Rising Star, Media & Entertainment," Law360, 2018.

18. I am also a frequent writer and speaker on issues related to copyright in the entertainment and digital media space, with a recent focus on generative AI and the intersection of copyright, creativity, and technology.

19. The co-chair of the CDAS litigation practice is Nancy Wolff. Ms. Wolff has been practicing copyright law and litigating copyright cases for 35 years representing a wide range of creative individuals and companies, including in digital media, art law, licensing, and publishing. Ms. Wolff is a past president of the Copyright Society of the USA and is a member of the ABA's Task Force on Copyright Reform (which addresses issues relating to AI). She provides strategic input on this case informed by her years of experience with copyright law, technology, and the book publishing industry.

20. I am also working on this matter with my colleague CeCe Cole who is an associate in CDAS's litigation practice group. Ms. Cole is a *cum laude* graduate of Tulane University, and a graduate of the Benjamin N. Cardozo School of Law with a concentration in intellectual property. Ms. Cole was included in the 4th Edition of Best Lawyers: Ones to Watch in America® for

7

Intellectual Property Law and has been named a Rising Star by the New York Law Journal and a New York Metro Rising Star by Super Lawyers. Ms. Cole has spoken about issues relating to copyright law in the digital media space and regularly works on copyright cases.

21.     True and correct copies of the current CDAS website biographies of Ms. Wolff, Ms. Cole and myself are attached hereto as **Exhibit A**.

**Pre-Filing Investigation**

22.     CDAS (together with its co-counsel Lieff Cabraser) began its investigation of Defendants' alleged copyright infringement well before filing the complaint on behalf of the Plaintiffs. That investigation included extensive work by myself and my colleagues to verify the factual allegations in the Plaintiff's complaint, identify the Defendants, and understand Defendants' large language models at issue in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of January 2024 in New York, New York.

_____
Scott J. Sholder

## CERTIFICATE OF SERVICE

I, Rachel J. Geman, hereby certify that on January 11, 2024, I caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Southern District of New York using the CM/ECF system, which shall send electronic notification to all counsel of record.

                                                                                    Rachel J. Geman

2922305.1