

New York | Miami
Established 1946
ghsklaw.com

February 5, 2024

**VIA ECF**
Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Authors Guild et al. v. OpenAI Inc. et al.*, No. 1:23-cv-08292-SHS
      *Alter et al. v. OpenAI Inc., et al.*, 1:23-cv-10211-SHS
      *Basbanes et al. v. Microsoft Corporation et al.*, 1:24-cv-84-SHS

Dear Judge Stein:

My firm, Grant Herrmann Schwartz & Klinger LLP ("GHSK"), represents plaintiffs Nicholas Basbanes and Nicholas Gage in the related matter *Basbanes et al. v. Microsoft Corporation, et al.*, 1:24-cv-84-SHS (the "Basbanes-Gage Action"). On January 22, 2024, GHSK filed a motion requesting that the Court, *inter alia*, (i) consolidate the Basbanes-Gage Action with the Authors Guild and Alter matters referenced above, (ii) create a steering committee that includes GHSK as counsel and (iii) appoint plaintiffs' counsel in the Authors Guild and Alter matters ("Other Counsel") as interim co-lead counsel. (ECF Nos. 21-22, the "Motion.") In response, Other Counsel wrote to the Court on January 23 that, among other things, they would "meet and confer" with GHSK, presumably to come to a resolution without burdening the Court. (Authors Guild ECF No. 58 at 2.)

As set forth below, over the past week, and using the additional time provided by Your Honor's Order setting February 2 as the deadline for an amended complaint (instead of January 26 as Other Counsel proposed), we agreed to every request Other Counsel made in the interests of private ordering, not burdening the Court, and working with Other Counsel cooperatively and in good faith. (*See* Authors Guild ECF Nos. 58, 59.) Other Counsel would not take "yes" for an answer. Accordingly, we respectfully request that Your Honor set a briefing schedule to resolve the Motion and issue an order consolidating the Basbanes-Gage Action with the Authors Guild and Alter matters. We also continue to support Other Counsel's pending motion to serve as interim co-lead counsel so long as a steering committee is created that allows GHSK to ensure that the interests of Messrs. Basbanes and Gage, and the interests of those like them, are fully represented. (*See* Authors Guild ECF Nos. 54, 66.)[1]

---

[1] We withdraw, as moot, that part of the Motion requesting that the Court address the Motion before So Ordering the Joint Stipulation. (Basbanes-Gage Action ECF No. 22 at 7-8.) In

**New York**  107 Greenwich Street, Suite 2102, New York, NY 10006
T. 212.682.1800 | F. 212.682.1850

**Miami**  1441 Brickell Avenue, Suite 1010 Miami, FL 33131
T. 305.908.1100 | F. 305.912.0420

February 5, 2024
Page 2 of 4

**We Supported Other Counsel's Motion To Be Interim Co-Lead Counsel**

On January 12, 2024, Other Counsel moved to be appointed interim co-lead counsel. (Authors Guild ECF No. 54.) We immediately asked Other Counsel to speak and, having received no response, followed up on January 16, ultimately spoke with Other Counsel on January 17, and emphasized that (i) we supported Other Counsel's motion, (ii) our cases should all be consolidated and (iii) we wished to support the case via a steering committee. (Basbanes-Gage Action ECF No. 22-1 ¶¶ 4-6.) Other Counsel agreed to respond to this request, but before responding Other Counsel filed a Joint Stipulation two days later only seeking to consolidate the Authors Guild and Alter matters, and proposing to rapidly file an amended complaint within one week. (*Id.*; Authors Guild ECF No. 55 ¶¶ 4-5.) Accordingly, we filed the Motion on Monday, January 23, the same day we learned about the Joint Stipulation. (Basbanes-Gage Action ECF Nos. 21, 22.) Other Counsel responded that they would "meet and confer" with GHSK, presumably to address the concerns raised in the Motion. (Authors Guild ECF No. 58 at 2.)

We immediately proposed times to meet and confer, but Other Counsel was not available until Monday, January 26. In that Monday call, Other Counsel agreed that Messrs. Basbanes and Gage could join their case, asserted that a steering committee was not appropriate, but added that GHSK could serve as co-counsel to represent Messrs. Basbanes and Gage and the interests of those like them. While we did not agree that a steering committee was inappropriate, in the interests of private ordering we nonetheless agreed to Other Counsel's proposal to serve as co-counsel. Other Counsel then asserted that GHSK's role would likely be limited to defensive discovery pertaining solely to Messrs. Basbanes and Gage. While we proposed a more robust role to represent their interests, and the interests of those like them, we again agreed. Other Counsel promised to provide a co-counsel agreement that they use in "situations like this."

**We Believed We Had An Agreement And Proceeded Accordingly,
But Then Other Counsel Insisted On New Conditions; We Agree Again**

We repeatedly requested the co-counsel agreement so that Messrs. Basbanes and Gage could join the Authors Guild and Alter matters before the February 2 deadline to file the amended complaint. We also proceeded as though the parties reached agreement—which we thought we had. In that spirit, Messrs. Basbanes and Gage promptly responded to a questionnaire from Other Counsel, follow-up questions from Other Counsel, and executed engagement letters with certain of Other Counsel subject to GHSK's continued involvement.

On Wednesday, January 31, Other Counsel called GHSK to advise of new additional limitations, specifically that Other Counsel must retain absolute discretion to preclude GHSK from participating even in defensive discovery related to Messrs. Basbanes and Gage. The proffered justification was that if GHSK's conduct violated Other Counsel's fiduciary duties to the class, Other Counsel must have the ability to remove GHSK. The suggestion was offensive and in retrospect appears designed to induce us to cease trying to reach an agreement. But again, in the

---

addition, and pursuant to Your Honor's Individual Practices ¶ 1.A, we have not included copies of correspondence between counsel referenced in this letter, but will upon request.

February 5, 2024
Page 3 of 4

interests of private ordering, not burdening the Court, and working cooperatively and in good faith, we agreed, and again requested the co-counsel agreement so that the issue could be finalized before the filing deadline on Friday, February 2.

Other Counsel still did not provide the co-counsel agreement, and so we drafted a short email on Thursday morning, February 1, memorializing the agreement, and recounting, among other things, that GHSK would participate along with Other Counsel, "at a minimum, in all aspects of discovery related to" Messrs. Basbanes and Gage unless there was "some reasonable concern" regarding fiduciary duties to the class. We also continued to proceed with the understanding that Messrs. Basbanes and Gage would be named in the amended complaint due Friday, February 2.

**Other Counsel Moves The Goal Posts Again**

Just before noon on February 2—the same day the amended complaint was due—Other Counsel sent GHSK a short email with their proposed co-counsel agreement. It again moved the goal posts by, in substance, providing that (i) GHSK could only do work authorized by Other Counsel, with no mention of GHSK's representation of Messrs. Basbanes and Gage, (ii) even if work was authorized by Other Counsel, they would only "consider[]" it "in any fee application," (iii) GHSK would be unable to seek fees for any work previously done, and (iv) while "nothing in this agreement is intended to prevent" GHSK "from staying abreast of the litigation to the extent they choose, such as by reading case filings, [] this does not constitute work requested or authorized by" Other Counsel. This proposal, with new conditions, meant that GHSK could not devote the necessary resources to ensure that its representation of Messrs. Basbanes and Gage, and those like them, was competent.

Accordingly, we promptly responded that "we cannot agree to these terms and they are surprising," and provided a mark-up reflecting what we had agreed to, including that we would lead defensive discovery pertaining to Messrs. Basbanes and Gage, but that Other Counsel could remove us for conduct that, in Other Counsel's "reasonable judgment," "would violate . . . fiduciary duties to the class." We emphasized that the mark-up "gives you all of the discretion you asked for, while ensuring that our participation is appropriate and meets the needs of our clients." Other Counsel responded in six minutes: "These changes aren't acceptable. Thanks." On Friday night, Other Counsel filed the amended complaint and did not include Messrs. Basbanes or Gage. (Authors Guild ECF No. 67.)

**A Steering Committee Is Necessary**

In retrospect, it appears that Other Counsel never intended to work cooperatively with GHSK to ensure that its clients' interests, and the interests of those like them, are represented. Other Counsel's conduct was inconsistent with their assurance that they "have the ability and willingness to work cooperatively with other law firms" and "understand that professional and courteous relations amongst joint counsel . . . are essential to the conduct and management of complex litigation such as this one." (Authors Guild Action ECF No. 29-1 at 14-15.) Nonetheless, Messrs. Basbanes and Gage, along with GHSK, continue to support Other Counsel's motion to be appointed interim co-lead counsel so long as there is a steering committee that ensures GHSK can

represent the interests of Messrs. Basbanes and Gage, and the many other writers like them. Indeed, Other Counsel's conduct further supports the underlying need for a steering committee.

***

Messrs. Basbanes and Gage, with the help of GHSK, commenced their own action on behalf of themselves and all others similarly situated because, as noted in the Motion, certain elements of the Authors Guild and Alter complaints did not address serious concerns they, and certainly many like them, have about this case. Already, by consolidating, the Authors Guild and Alter matters have remedied at least one of those concerns—namely, that there should be no bifurcation of this dispute based on whether the registered copyrighted work is fiction or non-fiction. The Motion also identifies other concerns, but Messrs. Basbanes and Gage otherwise support the goals articulated in the complaints in the Authors Guild and Alter matters. That is why Messrs. Basbanes and Gage wish to support Other Counsel's motion to serve as interim co-lead counsel, but with the assurances that their interests, and the interests of those like them, are represented by GHSK's service on an appropriate steering committee.

We appreciate the Court's time and attention to this matter and respectfully request that the Court set a briefing schedule for resolution of the Motion.

Respectfully submitted,

*/s/ Michael P. Richter*

Michael P. Richter

cc: Counsel of record (via ECF)