**SUSMAN GODFREY L.L.P.**

A REGISTERED LIMITED LIABILITY PARTNERSHIP
SUITE 1400
1900 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100
FAX (310) 789-3150
WWW.SUSMANGODFREY.COM

_____

| | | |
|---|---|---|
| SUITE 5100<br>1000 LOUISIANA STREET<br>HOUSTON, TEXAS 77002-5096<br>(713) 651-9366 | SUITE 3800<br>1201 THIRD AVENUE<br>SEATTLE, WASHINGTON 98101-3000<br>(206) 516-3880 | 32ND FLOOR<br>1301 AVENUE OF THE AMERICAS<br>NEW YORK, NEW YORK 10019-6023<br>(212) 336-8330 |

ROHIT NATH
DIRECT DIAL (310) 789-3138

E-MAIL RNath@susmangodfrey.com

February 23, 2024

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Authors Guild et al. v. OpenAI, Inc., et al.*, and *Alter et al. v. OpenAI Inc., et al.*, Nos. 1:23-cv-08292-SHS & 1:23-cv-10211-SHS

Dear Judge Stein:

Pursuant to Rule 2(G) of Your Honor's Individual Practices, Plaintiffs in the above-referenced actions seek an informal discovery conference concerning OpenAI's refusal to respond to Plaintiffs' Requests For Admissions ("RFAs"). The RFAs ask OpenAI to admit or deny a straightforward and verifiable question: whether each of Plaintiffs' works were included in OpenAI's "training" dataset and used to "train" its GPT models. OpenAI refuses to admit, deny, or even explain why it cannot do so, as required by Federal Rule of Civil Procedure 36. OpenAI should be compelled to provide responses compliant with the Federal Rules.

*Background.* Nonfiction Plaintiffs served the RFAs on OpenAI on December 29, 2023. The RFAs ask OpenAI to answer three requests for admission regarding each Plaintiff's copyrighted work. For example, RFA 1 states: "Admit that Madhouse at the End of the Earth: The Belgica's Journey Into the Dark Antarctic Night *was included in the dataset* used to train Your AI Models"; RFA 2 states "Admit that Madhouse at the End of the Earth: The Belgica's Journey Into the Dark Antarctic Night *was used to train* Your AI Models"; and RFA 3 states: "Admit that Madhouse at the End of the Earth: The Belgica's Journey Into the Dark Antarctic Night *was not included in the dataset* used to train Your AI Models. Ex. A at 7-9 (emphasis added).

OpenAI interposed the same objections to each RFA:

1

>OpenAI objects to this Request on the ground that it is not consonant with the purpose of Rule 36 in that it is designed not to confirm information, but instead to elicit new facts and information. *See, e.g., Republic of Turkey*, 326 F.R.D. 394 at 399.
>
>OpenAI also objects to this Request as premature because discovery is ongoing. OpenAI continues to investigate the subject matter of this Request. OpenAI objects to this Request because it is not limited in time, which renders it overly broad. OpenAI objects to the term "included" as vague and ambiguous. To the extent Plaintiffs seek information concerning GPT1, GPT-2, GPT-3, or GPT-5, OpenAI objects to this Request as seeking information that is not relevant to any claim or defense in this litigation because those models are not used for ChatGPT. OpenAI further objects to the term "AI Models" as vague and ambiguous because it cannot admit as to some models but deny as to others. OpenAI objects to this Request as unduly burdensome and oppressive to the extent Plaintiffs have served 285 fact-intensive requests while OpenAI's investigation is ongoing.
>
>In light of the foregoing general and specific objections, OpenAI responds that it will neither admit nor deny this Request, on the grounds that the information requested is not a proper subject of an RFA. If a response is deemed required, OpenAI denies the Request on that basis. OpenAI is willing to meet and confer regarding an appropriate means of discovery concerning training data.

*See* Ex. A (excerpts of OpenAI's RFA responses).[1] The parties met and conferred by phone on February 6. OpenAI confirmed that it would stand on its objections and the parties agreed they were at an impasse.

***Discussion.*** Under Rule 36, OpenAI is required to "admit the request, specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." *Woodward v. Holtzman*, 329 F.R.D. 16, 25 (W.D.N.Y. 2018); *see Sec. & Exch. Comm'n v. Rayat,* 2022 WL 1606953, at *2 (S.D.N.Y. May 19, 2022). OpenAI has done none of these things, instead offering meritless objections and internally contradictory responses (*i.e.*, denying that a book was used in the training, and denying that the same book was *not* used in the training).

*"Improper Subject Matter" Objection:* Open AI's claim that the RFAs improperly seek "new" (versus "confirm[atory]") information is a false dichotomy, and not one recognized by Rule 36. RFAs are "intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry." 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2252 (3d ed. 2006) (footnote omitted). Even RFAs that are "crucial to the requesting party's 'theory of the case' or go to 'the very heart of the dispute,' are not, for that reason alone,

---

[1] The Nonfiction Plaintiffs served the December 29 RFAs. The Fiction Plaintiffs served similar RFAs on January 8, 2024, and OpenAI served substantively identical objections on February 7, 2024. The parties agree that the issues are identical as between the two sets, and the disputes are ripe as to both the 285 Nonfiction RFAs and the 654 Fiction RFAs.

impermissible." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, No. 18-CV-4044 (BCM), 2020 WL 9549505, at *4 (S.D.N.Y. Nov. 30, 2020) (internal citations omitted).

Plaintiffs' RFAs fit easily within this core purpose of Rule 36. Plaintiffs ask OpenAI to confirm a simple fact within its control—namely, whether particular works were used by OpenAI to train its models. Admissions or denials to these RFAs are likely to narrow the issues in dispute at summary judgment and, later, trial. Indeed, in the Rule 26(f) report, OpenAI indicated that it may "dispute" "whether each of the named Plaintiffs' copyrighted works . . . were actually used to train" its AI models. Dkt. 31 at 4-5. If it is true that OpenAI will dispute this issue at summary judgment or trial—and maintains that one or more of Plaintiffs' works are not in the training set—then it should say so now, during discovery, and not raise the issue for the first time at summary judgment or trial. *Cf.* Fed. R. Civ. P. 37(c)(2) (imposing cost-shifting "[i] a party fails to admit what is requested . . . and if the requesting party later proves . . . the matter true."). And if OpenAI is truly unable to answer the RFAs, then it must "state in detail why." Fed. R. Civ. P. 36(a)(4); *see Ayazi v. New York City Dep't of Educ.*, No. 98 CV 7461 (NGG), 2011 WL 13302243, at *2 (E.D.N.Y. Apr. 5, 2011) ("[I]f defendants lacks such information because certification is not within its purview, it must make this clear in its amended responses."). OpenAI has not done so—it has both refused to substantively respond to Plaintiffs' RFAs *and also* refused to explain why it "cannot truthfully admit or deny" the RFAs, as Rule 36 requires.

OpenAI's cited authority, *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018), only supports Plaintiffs' position here. There, the answering party *did* respond to the RFAs at issue—it denied them—whereas, here, OpenAI has said "will neither admit nor deny this Request." *See* Ex. A.

<u>Other Objections</u>: OpenAI's boilerplate assertions of overbreadth, vagueness, or burden carry no weight. Plaintiffs allege that OpenAI used their works in the AI models that OpenAI markets as GPT-3, GPT-4, or GPT-5. Dkt. No. 47 at 3, 16-17, 21-22, 25, 30-31. The idea that OpenAI is confused by the term "AI Models" beggars belief,[2] and courts routinely overrule objections to the use of basic English words like "included." *U.S. Bank Nat'l Ass'n*, 2020 WL 9549505, at *5 ("easily" overruling ambiguity objections when "the challenged terms are defined" or are "nontechnical English words or phrases that any litigant of ordinary intelligence . . . ought to have no difficulty understanding").

As for OpenAI's burden objection, courts have allowed a comparable number of requests. *See, e.g., Rayat,* 2022 WL 1606953, at *2 (1,010 RFAs). OpenAI's cited cases, by contrast, involve significantly more requests than at issue here. *See, e.g., Galgano, Plaintiff, v. Cnty. of Putnam, et al. Defendants.*, No. 16CIV3572KMKPED, 2021 WL 3159844, at *1 (S.D.N.Y. June 30, 2021) (1,672 requests). The total number of RFAs here—939 across the Fiction and Nonfiction cases—amounts to only three RFAs for each of the named Plaintiffs' works-in-suit. That OpenAI "may incur some 'burden' in undertaking the reasonable inquiry that Rule 36(a)(4) requires is not 'alone sufficient to support an objection.'" *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 21 CIV. 7504 (VSB), 2023 WL 1879521, at *4–5 (S.D.N.Y. Feb. 10, 2023).

---

[2] OpenAI's website includes detailed descriptions of the AI models at issue in this lawsuit. *See, e.g.*, https://openai.com/gpt-4 (visited Feb. 23, 2024).

Sincerely,

*/s/ Rohit Nath*

Rohit Nath

  cc:    All Counsel of Record in the Related Actions