Lieff Cabraser Heimann & Bernstein
Attorneys at Law

Susman Godfrey l.l.p.
a registered limited liability partnership



March 12, 2024

<u>VIA ECF</u>

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      RE:   *Authors Guild v. OpenAI Inc.*, 23-cv-8292 (S.D.N.Y.)
             *Alter v. OpenAI Inc.*, 23-cv-10211 (S.D.N.Y.)
             Motion for Leave To File Sur-Reply in Opposition to Motions To Intervene and Dismiss, Stay, or Transfer Author Actions

Dear Judge Stein:

     We write on behalf of the Author Plaintiffs in the above-referenced consolidated actions ("Author Actions"). The Author Plaintiffs seek leave to submit this letter as a sur-reply in opposition to Proposed Intervenors' Motion to Intervene and Dismiss, Stay or Transfer ("Motion"). Leave is warranted here to address developments that transpired after the Author Plaintiffs filed their opposition and new arguments in Proposed Intervenors' improper 20-page reply brief. *Cf. Kumaran v. Nat'l Futures Ass'n*, 20-CV-3668, 2022 WL 1805936, at *1 (S.D.N.Y. June 2, 2022) ("Defendants moved to strike Plaintiffs' reply briefs because the briefs had greatly exceeded the page limit imposed by the Court. The Court granted Defendants' motions to strike.").[1]

     **1.**     **Proposed Intervenors Fail on the Threshold Issue of Intervention.**

     In their opening brief, Proposed Intervenors sought to intervene as of right under Rule 24(a)(2). After the Author Plaintiffs (and Microsoft) raised the extensive and dispositive authority compelling denial of intervention as of right, Proposed Intervenors abandoned this argument. Reply, Dkt. 89 at 3-9 (addressing permissive intervention only). Instead, Proposed Intervenors cite several new authorities on reply in support of their argument for permissive intervention under Rule 24(b), none of which moves the needle. Courts in this circuit consistently deny permissive intervention where, as here, a putative class representative seeks to intervene for the sole purpose of cutting short the adjudication of an allegedly similar or overlapping putative class action. *See, e.g., Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 347 (E.D.N.Y. 2018); *Calderon v. Clearview*

---

[1] In the alternative, this Court could simply strike the extra pages.

March 12, 2024
Page 2

*AI, Inc.*, No. 20-CV-1296, 2020 WL 2792979, at *4 (S.D.N.Y. May 29, 2020); Dkt. 94-1, Opp. at 13-15. "[I]ntervention for the sole cause of dismissing, staying, or transferring an action—the very action sought here—is prejudicial" to the parties. *Calderon*, 2020 WL 2792979, at *8 (citing *Travis*, 284 F. Supp. 3d at 346-47). Proposed Intervenors' suggestion that the classes and claims in those cases did not "overlap" but were "entirely different," Reply at 7-9, is wrong; each case involved partially overlapping class definitions, the same situation presented here. *Travis*, 284 F. Supp. 3d at 340-41 (two lawsuits, both alleging similar claims regarding, *inter alia*, violations of NY GBL on behalf of New York residents and violations of Delaware consumer protection statutes); *Calderon*, 2020 WL 2792979 at *2 (addressing putative class actions alleging overlapping putative classes seeking redress for BIPA violations on behalf of a class of Illinois residents).

Nor do Proposed Intervenors' attacks on the Authors Guild—one of thirty plaintiffs in the Author Actions—resurrect their arguments. Reply at 4-6. The Authors Guild has been at the forefront of the fight for compensation of authors whose work is exploited for AI training. Proposed Intervenors' apparent disagreement with the Authors Guild's public statements, including its advocacy for prospective licensing, is not a basis to overcome the presumption of adequate representation, especially considering that Proposed Intervenors have articulated no "legally cognizable" interest in the Author Actions. *Calderon*, 2020 WL 2792979 at *4; *Travis*, 284 F. Supp. 3d at 342, 346. Proposed Intervenors' cited cases are inapposite, involving situations far afield, such as where class representatives withdrew from the litigation entirely or died. *See Eckert v. Equitable Life Assurance Soc'y of U.S.*, 227 F.R.D. 60, 62, 64 (E.D.N.Y. 2005) (class representative withdrew); *Diduck v. Kaszycki & Sons Contractors, Inc.*, 147 F.R.D. 60, 60-61 (S.D.N.Y. 1993) (class representative died). Because all the Author Plaintiffs in this case share Proposed Intervenors' interest in maximizing recovery from OpenAI and putting a stop to Defendants' unlicensed used of copyrighted material, intervention (and, thus, the Motion in its entirety) must be denied.

### 2. The NDCA Denied Proposed Intervenors' Request for an Injunction.

On March 1, 2024, shortly after Author Plaintiffs opposed this motion, Judge Martinez-Olguin in the *Tremblay* Action denied Proposed Intervenors' motion to enjoin the OpenAI Defendants from defending themselves in the Author Actions, the *Basbanes* Action, and the *New York Times* Action. *In re OpenAI ChatGPT Litig.*, No. 23-CV-3223, 2024 WL 923556, at *2 (N.D. Cal. Mar. 1, 2024); *see* Dkt. No. 93 ("Plaintiffs have pointed to no authority allowing the court to enjoin Defendants from defending against litigation in a second district court case.").

Notably, Judge Martinez-Olguin also rejected the purported basis justifying Proposed Intervenors' motions—both in this Court and in the NDCA—that the quick, efficient schedule the Court ordered here was a result of "forum shopping" or "procedural gamesmanship." *Id.* at *3 n.4 ("Contrary to [Proposed Intervenors'] assertions, this conduct does not indicate 'procedural gamesmanship.'").

\* \* \*

  Proposed Intervenors' reply, like their Motion as a whole, fails at every step of the way. In addition to the threshold issue of intervention, Dkt. 94-1, Opp. at 8-15, Proposed Intervenors' over-long reply does nothing to come close to showing that the first-to-file rule applies here, nor have they shown that its application here would be equitable or efficient. *Id.* at 16-23. Proposed Intervenors also have not made and cannot make the clear and convincing factual showing necessary for a transfer under section 1404. *Id.* at 23-25. For these reasons and the reasons set forth in their Opposition, Author Plaintiffs respectfully request that the Court deny Proposed Intervenors' Motion in its entirety.

Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEINS LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| Rachel Geman | Rohit Nath | Scott J. Sholder |