**VIA ECF**
June 6, 2025

Hon. Ona T. Wang
Southern District of New York

    *In re OpenAI, Inc.*, *Copyright Infringement Litigation*, 25-md-3143 (SHS) (OTW)
    This Document Relates To: All Actions

Dear Magistrate Judge Wang:

    Plaintiffs write to respectfully ask the Court to adopt Plaintiffs' proposed deposition protocol as set forth in the attached chart memorializing the parties' positions. *See* Ex. A. The parties have reached agreement on most provisions but, after meeting and conferring at length, the following disputes remain:

    **I. Overall OpenAI and Third-Party Hours**: Additional Plaintiffs were added to the case as part of the MDL proceedings. Defendants' proposal gives Defendants *hundreds* of additional hours of deposition time but gives the Plaintiffs *zero* hours of additional time. That is inequitable.

    Before the MDL, the original News and SDNY Class Plaintiffs, and Defendants reached a near-final agreement on total number of deposition hours. *See* Ex. B. SDNY Plaintiffs' hours agreements for OpenAI were premised on the understanding that SDNY Plaintiffs would attempt to coordinate depositions with the separate N.D. Cal. class action and have the benefit of the separate N.D. Cal class deposition hours.

    News: News Plaintiffs proposed 38 additional hours for deposing OpenAI in view of the MDL consolidation and addition of two new News Plaintiffs. This is justified because each News Plaintiff has plaintiff-specific issues. OpenAI's claim that all issues relevant to OpenAI are "common" and that News Plaintiffs' differences need only be explored in *plaintiff* depositions is incorrect. By way of example, News Plaintiffs will explore Defendants' knowledge of News Plaintiffs' different terms of use, Defendants' use of different news content for training and retrieval augmented generation ("RAG"), the presence of different news content in outputs, Defendants approaches' to accessing and providing access to news content, and individual substitution and damages issues. News Plaintiffs—who are not part of a class action and do not have consolidated complaints or even claims—are entitled to explore these plaintiff-specific matters with Defendants. A total of 38 additional hours for OpenAI is more than reasonable.

    Class: Prior to the MDL, the Class Cases collectively had up to 210 hours of deposition time with OpenAI: The near-final agreement for 105 hours in the SDNY Action plus the 105 hour cap in NDCA. Post MDL, the Class Plaintiffs propose to reduce this number: A cap of 105 additional hours with OpenAI witnesses, up to 32 hours of which may be Rule 30(b)(6) testimony.[1] This is necessary and appropriate for this technically complex case. Class Plaintiffs have identified

---

[1] Before MDL centralization, the SDNY and NDCA Class Plaintiffs have taken just under 50 hours of deposition time with OpenAI current and former employees. Accounting for this time, Class Plaintiffs proposal here totals approximately 155 total hours and is more than 50 hours less than what OpenAI had communicated was acceptable for the Class cases before the MDL.

34 additional OpenAI witnesses to depose, a list Defendants cited to justify a longer schedule, ECF No. 47 at 52. This list includes key witnesses knowledgeable about the books datasets, OpenAI's relationship with Microsoft, the value of books as training data, the training process, and fair use factor-four and damages issues. This is in line with hours limits in similarly complex MDLs. *See, e.g., In re Facebook, Inc.*, 3:18-MD-2843, Dkt. 1139 (N.D. Cal. Jun. 21, 2023) (306 hours).

**II. OpenAI 30(b)(6) Hours**: Defendants have given themselves fifty 30(b)(6) hours with the newly added News Plaintiffs, but OpenAI refuses to add just seven hours to its overall 30(b)(6) time to reflect inclusion of the California class and two new News Plaintiffs. For the reasons identified above regarding overall deposition time, the individual plaintiff issues and distinct claims warrant giving all Plaintiffs a total of 32 hours of 30(b)(6) time with OAI witnesses.[2]

**III. Authors Guild (AG) 30(b)(6) Hours**: Defendants' proposal for a 17-25 hour Rule 30(b)(6) deposition of AG, one of a number of Class plaintiffs, is excessive. Defendants offer no showing for why the AG's deposition warrants deviating from the default 7-hour limit; Defendants have not even served a draft notice or topics. This Court has already correctly rejected the false equivalence between AG and OpenAI, and it should do so again. *Authors Guild* ECF No. 308 (limiting AG deposition to 3 hours, despite 5-hour OpenAI deposition).

**IV. Document Production in Advance of Depositions:** Defendants' position is that no party's witnesses will be deposed until the party has substantially completed all document production. Plaintiffs have no objection in principle to a party achieving substantial completion before its witnesses are deposed—indeed, the Times, Daily News, and Class intend to achieve substantial completion well before their proposed deadlines—but *requiring* substantial completion before a single deposition proceeds is inefficient. Plaintiffs' proposal—that document production relevant to a particular witness or 30(b)(6) topic must be substantially complete at least 14 days before the scheduled 30(b)(1) witness or 30(b)(6) topic—provides maximum flexibility to get discovery done on the schedule the Court orders.

**V. Use of Deposition Transcripts:** Defendants have refused to allow their own documents and depositions to be used in cases to which they are not a party. Yet Defendants are demanding that they be able to use each Plaintiff's documents and depositions in all the other plaintiffs cases. Defendants want to be able to presumptively use any Times documents in depositions of its competitor Ziff Davis or use a Times deposition in the Class case where the Times is not a party. Defendants, who sought this MDL, should not be subject to different, more favorable rules than the Plaintiffs.

**VI. Provisions Governing Deposition Conduct:** Given the limited time for deposition across the pending cases, Plaintiffs propose standard provisions streamlining objections and prohibiting speaking objections, similar to what Judge Furman ordered in *In re: General Motors Ignition Switch*, No. 14-MD-2543. Ex. C at ¶¶ 52-54. Plaintiffs also propose that the Court prohibit prepping witnesses during deposition breaks, which will also enhance the truth-seeking function of depositions. *See, e.g.* Ex. D (Judge Alsup Standing Order) at ¶ 29.

---

[2] The parties have agreed that 30(b)(6) time is encompassed in (not in addition to) the overall deposition time addressed in Part I so this will not add to the overall deposition time.

Respectfully,

 /s/ Davida Brook
Davida Brook
Susman Godfrey LLP
News Plaintiffs' Liaison Counsel

/s/ Justin Nelson
Justin Nelson
Susman Godfrey LLP
Lead Class Counsel

cc:    All Counsel of Record (via ECF)