

# SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP

April 12, 2024

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

        RE:    *Authors Guild et al. v. OpenAI, Inc., et al.*, and *Alter et al. v. OpenAI Inc., et al.*, Nos. 1:23-cv-08292-SHS & 1:23-cv-10211-SHS

Dear Judge Stein:

      Pursuant to Rule 2(G) of Your Honor's Individual Practices, Plaintiffs seek an informal discovery conference concerning OpenAI's refusal to produce (1) a subset of ███████████████ served on it by the Federal Trade Commission (FTC); and (2) documents sufficient to show the identities of ████████████████████████████████████████████████████████████████████████████. Each addresses the core factual question of the case: What data did OpenAI use to "train" its Large Language Models (LLMs)? There is minimal burden to OpenAI in producing these documents and it should be compelled to provide it.

## FTC INTERROGATORY RESPONSES

      **Background.** OpenAI has been under investigation since before this case was filed. Though those investigations differ in focus from this case, there is overlap. For example, the FTC's Civil Investigative Demand (CID) includes the following interrogatory: "Describe in Detail the data You have used . . . to train or otherwise develop each Large Language Model [that You have provided, offered or made available since June 1, 2020]." Ex. A at 5. This has obvious relevance to Plaintiffs' allegations that OpenAI used (and copied) Plaintiffs' works to train their LLMs.

      On November 13, 2023, Plaintiffs served a Request for Production of "Documents that You . . . have already gathered or collected in order to submit them to any legislative or executive agency, committee, or other governmental entity in the United States that Concern or Relate To the allegations in the Complaint." Ex. B, RFP No. 2. On December 22, 2023, OpenAI responded that it would not produce any documents responsive to this request. The parties have met and conferred regarding this request for documents from the FTC investigation over the course of several months and, on March 26, 2024, OpenAI confirmed that it would produce *none* ████ ████████████████████████████████████████████████, and that the parties were at an impasse.

**Discussion.** Plaintiffs seek OpenAI's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. A.[1]

Relevance and Burden. This litigation is about whether OpenAI used Plaintiffs' works to train its LLM products and whether such use infringed Plaintiffs' copyrights. While the FTC's focus is on consumer privacy, its Interrogatories Nos. 1-21 seek basic information about OpenAI's corporate structure (Nos. 1-7),[2] LLM products (Nos. 8-11), efforts to market its LLM products (Nos. 13-14), and training and development of its LLMs (Nos. 15-21). The information requested includes a description of "each Large Language Model Product [] that You have provided, offered or made available" since June 1, 2020 (No. 9), the data OpenAI used to train each of those LLM products (No. 15), and the training and refinement processes for each LLM (Nos. 18-19). Ex. A at 2-17.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Moreover, the burden is minimal. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See, e.g.*, *Waldman v. Wachovia Corp.*, 2009 WL 86763, at *1-2 (S.D.N.Y. Jan. 12, 2009) (ordering production of materials provided to regulators because the "burden is slight when a defendant has 'already found, reviewed and organized the documents'"); *Sticht v. Wells Fargo Bank, N.A.*, No. 3:20-cv-1550, 2023 WL 2206641, at *5 (D. Conn. Feb. 24, 2023) (burden of producing documents that only require uploading is trivial).

OpenAI's Objections Are Without Merit. Despite this, OpenAI makes a blanket objection that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But OpenAI cannot "withhold otherwise discoverable documents from production in private civil litigation ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮". *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 18-CV-1781, 2020 WL 9423921, at *1 (S.D.N.Y. Aug. 31, 2020). Courts routinely order the production of material provided to the government when it is relevant to a litigation. *See, e.g., id.* Nor is responsive material shielded from discovery merely because the government investigation has a different focus. Discoverable materials "encompass[] investigations of broader practices or issues that are not explicitly tied to [the subject matter of] this case but are nevertheless pertinent." *Ft. Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 111 (S.D.N.Y. 2013). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ They are entitled to those regardless of the investigation they were produced in.[3]

OpenAI has suggested that its ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ should count against Plaintiffs'

---

[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

[2] Plaintiffs also have served multiple requests seeking OpenAI's organizational structure and employees with knowledge of OpenAI's LLMs. *See e.g.* Ex. C, RFP Nos. 14-15, 30-31.

[3] That principle is entirely consistent with OpenAI's only citation, *New Jersey Carpenters Health Fund v. DLJ Mortg. Cap., Inc.*, 2012 WL 13135408 (S.D.N.Y. Mar. 2, 2012). There, the court denied a request for *all* documents supplied to the government in an investigation, because the investigation, and thus the plaintiff's request, was "far broader" than the plaintiff's claims. *Id.* at *1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

limit under Rule 33, ███████████████████████████████████████████████
██████████████████████████████████████████ This argument is meritless. The presumptive limit in Rule 33 exists "because [interrogatories] are more burdensome than other discovery methods" and plainly does not apply to the trivial burden of ████████████████████████████████
█████████████. *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 18-CV-11386, at *5 (S.D.N.Y. Feb. 25, 2021). ████████████████████████████ are relevant and responsive documents within the meaning of Rule 34 and should be produced.

## IDENTITIES OF CRITICAL FORMER EMPLOYEES

To help "train" its LLMs, OpenAI created two data sets known as books1 and books2 that together likely contain more than 100,000 published books. Plaintiffs discuss these data sets in their complaint. *See, e.g.*, Dkt. No. 69, ¶¶ 112-122; ¶ 115 ("Some independent AI researchers suspect that Books2 contains or consists of ebook files downloaded from large pirate book repositories"). OpenAI has made clear that it will dispute whether Plaintiffs' copyrighted works were a part of these data sets or were otherwise used to train its LLMs. *See generally* Dkt. No. 83 (arguing that requesting admission of these facts is improper).

On March 22, 2024, months into Plaintiffs' effort to obtain basic information about training, ████████████████████████████████████████████████████████████████████████
███████████████████. Ex. D. That same day, Plaintiffs requested that OpenAI ███████
█████████████████████████████████████████████████████████████ Plaintiffs have repeatedly followed up since then, to no avail, even though documents sufficient to show this information is obviously responsive to Plaintiffs' requests for production. *See* Ex. B, RFP Nos. 13-14.



███████████████████████████████ and its failure to do so is hampering the parties' ability to negotiate custodians for ESI collections. Plaintiffs ask the Court to direct OpenAI to immediately produce documents sufficient to identify these two key witnesses. *Karsch v. Blink Health Ltd.*, No. 17-CV-3880, 2019 WL 2708125, at *7 (S.D.N.Y. June 20, 2019) (ordering a party to "identify the individuals with personal knowledge concerning" deleted data); *Conservation Law Foundation, Inc. v. Shell Oil Co.*, 2023 WL 5434760, at *19 (D. Conn. Aug. 22, 2023) (finding documents sufficient to show organizational structure, including organizational charts, relevant to plaintiff's claims and defenses and ordering defendant to produce the same).

The content of OpenAI's training datasets is of paramount importance to this case and is readily available to OpenAI. Yet OpenAI is chronically resisting this basic discovery and needlessly consuming resources in the process. *See e.g.*, Dkt. No. 78 (seeking to compel OpenAI to admit/deny what is in their training data). Plaintiffs respectfully request production of ████
████████████████████████████████████████████████████████████████████████.

Hon. Sidney H. Stein
April 12, 2024
Page 4

                                      Respectfully,

| LIEFF CABRASER HEIMANN & BERNSTEINS LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| */s/ Rachel Geman* | */s/ Rohit Nath* | */s/ Scott J. Sholder* |
| Rachel Geman | Rohit Nath | Scott J. Sholder |