# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, *et al.*, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>OPENAI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br><br>　　　　Defendants. | Case No. 1:23-cv-08292-SHS |
| JONATHAN ALTER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,<br><br>　　　　Defendants. | Case No. 1:23-cv-10211-SHS |

**FICTION AND NONFICTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT OPENAI**

PROPOUNDING PARTY:　Fiction and Nonfiction Plaintiffs

RESPONDING PARTY:　OpenAI

SET NUMBER:　　　　Two

　　　　Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Fiction and

Nonfiction Plaintiffs request that Defendants OPENAI INC., OPENAI OPCO LLC, OPENAI GP

LLC, OPENAI LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION, (together, unless otherwise specified, "OpenAI") respond to the following Second Set of Requests for Production of Documents ("Requests"). Responses to these Requests, as well as any responsive documents, shall be delivered to, or made available for inspection and copying at, the offices of Lieff, Cabraser, Heimann & Bernstein, LLP, 250 Hudson Street, 8th Floor, New York, NY 10013, or at another place mutually agreed upon by the parties, within thirty (30) days of the date of service or as otherwise mutually agreed by the parties. Plaintiffs are amenable to an electronic production, subject to agreement by the parties.

In accordance with Rule 34(b), OpenAI shall provide written responses to the following Requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in these Requests. In accordance with Rule 26(e), OpenAI shall supplement or correct its responses or productions as necessary.

**I.    DEFINITIONS**

1. ACTIONS means the above captioned litigation, *Authors Guild et al. v. Open AI Inc. et al.*, No. 1:23-cv-08292-SHS (S.D.N.Y.) (opened Sept. 19, 2023 and amended December 5, 2023), and *Alter et al. v. OpenAI et al.*, No / 1:23-cv-10211-SHS (S.D.N.Y.) (opened Nov. 21, 2023, and amended Dec. 19, 2023).

2. AMENDED COMPLAINTS means the complaints in these ACTIONS filed at Fiction Docket No. 40 and Nonfiction Docket No. 26.

3. A16Z means Andreessen Horowitz, any of their directors, officers, employees, partners, members, representatives, agents (INCLUDING attorneys, accountants, consultants,

investment advisors or bankers), and any other person acting or purporting to act on their behalf, as well as corporate parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, or any other entity acting or purporting to act on their behalf.

4. CHATGPT means all consumer-facing versions of the chatbot application OpenAI released in November 2022 (and discussed in paragraphs 78-83 of the Fiction Amended Complaint (Fiction Docket No. 40)) and any LLM underlying those consumer-facing applications.

5. FICTION CLASS WORKS has the same meaning as the term defined in paragraph 321 of the Fiction Amended Complaint (Fiction Docket No. 40)

6. NONFICTION CLASS WORKS means the literary works included in the propose class definition in Paragraph 109 of the Nonfiction Amended Complaint (Nonfiction Docket No. 26).

7. COMMUNICATIONS means the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information and INCLUDES correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, mail, email, exchanges of recorded information, and postings of any type. COMMUNICATIONS INCLUDES instances where one party disseminates information that the other party receives but does not respond to.

8. CONCERN means be the subject of, make reference to, comment on, discuss, describe, identify, or contain text or images about the stated topic.

9. DOCUMENTS means all materials within the scope of Federal Rule of Civil Procedure 34 INCLUDING all writings and recordings, INCLUDING the originals, drafts and all

non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise.

10. ELECTRONICALLY STORED INFORMATION (ESI) refers to information and DOCUMENTS within the full scope of Federal Rule of Civil Procedure 34—with all METADATA intact—created, manipulated, communicated, stored, and best utilized in electronic or other digital form, and stored on electronic media.

11. INCLUDING means including but not limited to.

12. INVESTORS means any person or entity that OpenAI has approached through written and/or oral communication to discuss a potential financial investment in the operations and/or entitie(s) controlled and/or overseen by one or more of the OpenAI defendant entities.

13. LARGE LANGUAGE MODEL or LLM has the same meaning as it does in the Fiction Amended Complaint (Fiction Docket No. 40, which discusses and defines that term in paragraphs 56 through 70).

14. METADATA refers to structured information about an electronic file that is embedded in the file, describing the characteristics, origins, usage, and validity of the electronic file.

15. MICROSOFT means Microsoft Corporation and any of its directors, officers, employees, partners, members, representatives, agents (INCLUDING attorneys, accountants, consultants, investment advisors or bankers), and any other person acting or purporting to act on their behalf, as well as corporate parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, or any other entity acting or purporting to act on its behalf.

16. OPENAI or YOU means the entities addressed in paragraphs 29 through 48 of the Fiction Amended Complaint (Fiction Docket No. 40) and any of their directors, officers, employees, partners, members, representatives, agents (INCLUDING attorneys, accountants, consultants, investment advisors or bankers), and any other person acting or purporting to act on their behalf, as well as corporate parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, or any other entity acting or purporting to act on their behalf.

17. PLAINTIFFS means the plaintiffs in the ACTIONS named in the AMENDED COMPLAINTS.

18. RELATE TO means refer to, respond to, describe, evidence, or constitute, in whole or in part.

## II. RELEVANT TIME PERIOD

The relevant time period is January 1, 2015 through the present ("Relevant Time Period"), unless otherwise specifically indicated, and shall INCLUDE all DOCUMENTS and any other information relating to such period, even though prepared or published outside of the Relevant Time Period. If a DOCUMENT prepared before the Relevant Time Period is necessary for a correct or complete understanding of any DOCUMENT covered by any of these Requests, please provide the earlier DOCUMENT as well. If any DOCUMENT is undated and the date of its preparation cannot be determined, please produce the DOCUMENT if it is otherwise responsive to any Request.

## III. INSTRUCTIONS

1. The production by one person, party, or entity of a DOCUMENT does not relieve another person, party, or entity from the obligation to produce his, her, or its own copy of that DOCUMENT.

2929903.1

2. Produce DOCUMENTS not otherwise responsive to these Requests if such DOCUMENTS RELATE TO the DOCUMENTS that are called for by these Requests, or if such DOCUMENTS are attached to DOCUMENTS called for by these Requests.

3. Produce each DOCUMENT requested herein in its entirety and without deletion, excisions, redaction, or other modification regardless of whether YOU consider the entire document to be relevant or responsive.

4. If any DOCUMENT is known to have existed but no longer exists, has been destroyed, or is otherwise unavailable, identify the DOCUMENT, the reason for its loss, destruction, or unavailability, the name of each person known or reasonably believed by MICROSOFT to have had possession, custody, or control of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the DOCUMENT.

5. If no DOCUMENTS responsive to a particular Request exist, state that no responsive DOCUMENTS exist.

6. If YOU assert that any of the DOCUMENTS and things requested are protected from discovery by attorney-client privilege, the attorney work product doctrine, or any other evidentiary privilege, specify for each DOCUMENT (1) the grounds asserted as the reason for non-production; (2) the date the document was prepared; (3) the identity of the attorney(s) who drafted or received the Document(s) (if attorney-client privilege or attorney work product protection is claimed); (4) the identity of the parties who prepared or received the document; and (5) the nature of the document.

7. Construe the conjunctions "and" and "or" non-restrictively or non-exclusively if doing so would bring within the scope of these Requests DOCUMENTS that might otherwise be construed to be outside of their scope.

8. Construe the use of the singular to include the plural; the use of the masculine, feminine, or neuter gender to include the others; and the use of one form of the verb to include the others if doing so would bring within the scope of these Requests DOCUMENTS that might otherwise be construed to be outside of their scope.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 16:**

To the extent not already requested, DOCUMENTS sufficient to determine any manner in which CHATGPT can reference or access any published works of fiction or nonfiction, in whole or in part, in any form, format, or language.

**REQUEST FOR PRODUCTION NO. 17:**

To the extent not already requested, DOCUMENTS sufficient to determine any manner in which any LLM operated by OPENAI has referenced or accessed any published works of fiction or nonfiction, in whole or in part, in any form, format, or language.

**REQUEST FOR PRODUCTION NO. 18:**

To the extent not already requested, DOCUMENTS and COMMUNICATIONS sufficient to identify the ELECTRONICALLY STORED INFORMATION through which YOU accessed commercial works of fiction and/or nonfiction, INCLUDING FICTION CLASS WORKS AND NONFICTION CLASS WORKS, to train CHATGPT.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS and COMMUNICATIONS reflecting or discussing how YOU accessed any commercial works of fiction or nonfiction, INCLUDING FICTION CLASS WORKS AND NONFICTION CLASS WORKS, used to train CHATGPT.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to identify all policies, procedures, or practices YOU had in place at any time to ensure that training CHATGPT did not infringe on or otherwise violate another party's intellectual property rights.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS and COMMUNICATIONS sufficient to identify any rights clearance efforts undertaken RELATED TO the material used to train CHATGPT including, but not limited to, copyright searches and license requests.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS and COMMUNICATIONS between YOU and MICROSOFT related to the contents of the training dataset used to train CHATGPT.

**REQUEST FOR PRODUCTION NO. 23:**

DOCUMENTS and COMMUNICATIONS between YOU and MICROSOFT related to the process of collecting, maintaining, and using data to train CHATGPT, including the number of reproductions made of training data in the course of training CHATGPT.

**REQUEST FOR PRODUCTION NO. 24:**

To the extent not already requested, DOCUMENTS and COMMUNICATIONS reflecting or discussing any instances, or alleged instances, in which CHATGPT directly reproduced potentially copyrighted material.

**REQUEST FOR PRODUCTION NO. 25:**

To the extent not already requested, DOCUMENTS and COMMUNICATIONS reflecting or discussing your response to any allegations that CHATGPT directly reproduced potentially copyrighted material.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS and COMMUNICATIONS exchanged between YOU and MICROSOFT CONCERNING the use of purportedly copyrighted material in training CHATGPT.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS and COMMUNICATIONS sufficient to identify any efforts to mitigate and/or remedy instances in which YOU purportedly used copyrighted material without permission in training CHATGPT.

**REQUEST FOR PRODUCTION NO.28:**

DOCUMENTS and COMMUNICATIONS sufficient to identify any changes made to internal systems in response to any allegations that YOU used copyrighted material without permission in training CHATGPT.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS and COMMUNICATIONS sufficient to show any deals, contracts, agreements, negotiations, memoranda of understanding, or deal points, whether finalized or not, whether accepted or not, in executed, draft form, or otherwise, CONCERNING the licensing or purchase of data, INCLUDING data derived from or about books, to train CHATGPT.

**REQUEST FOR PRODUCTION NO. 30:**

All COMMUNICATIONS regarding Books1 and/or Books2, including, but not limited to, communications regarding the sources used to compile Books1 and/or Books2.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS sufficient to determine the source material for Books1 and/or Books2.

**REQUEST FOR PRODUCTION NO. 32:**

All COMMUNICATIONS with investors or potential investors, including, but not limited to A16Z, RELATED TO OpenAI's LLMs.

Dated: January 29, 2024

Respectfully submitted,

/s/ *Rachel Geman*
Rachel Geman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
rgeman@lchb.com

Reilly T. Stoler (*pro hac vice forth coming*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
rstoler@lchb.com

Wesley Dozier (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue, Suite 1640
Nashville, TN 37201
Telephone:  615.313.9000
wdozier@lchb.com

/s/ *Justin Nelson*
Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: 713-651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: 310-789-3100
rnath@susmangodfrey.com

2929903.1

J. Craig Smyser
SUSMAN GODFREY L.L.P.
1901 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: 212-336-8330
csmyser@susmangodfrey.com

*/s/ Scott Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Telephone:  212.974.7474
ssholder@cdas.com
ccole@cdas.com

*Attorneys for Plaintiffs and the Proposed Classes*

### PROOF OF SERVICE VIA ELECTRONIC MAIL

On January 29, 2024, per the parties' agreements, I directed the following document to be served via electronic mail:

**FICTION AND NONFICTION PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE OPENAI DEFENDANTS**

upon: openaicopyrightlitigation.lwteam@lw.com, and OpenAICopyright@mofo.com

*/s/ Rachel Geman*
Rachel Geman