**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

# Susman Godfrey l.l.p.
a registered limited liability partnership



April 30, 2024

<u>**VIA ECF**</u>

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      RE:    *Authors Guild v. OpenAI Inc.*, 23-cv-8292 (S.D.N.Y.) and *Alter v. OpenAI Inc.*, 23-cv-10211 (S.D.N.Y.): Motion to Enter an ESI Order

Dear Judge Stein:

      Pursuant to Rule 2(G) of Your Honor's Individual Practices, Plaintiffs seek an informal discovery conference concerning the entry of an order governing the discovery of electronically stored information ("ESI Order").[1] For almost five months, OpenAI and Microsoft have failed to fulfill their discovery obligations under Rule 26. To date, OpenAI has produced only **38 documents**. Microsoft has produced **none**. One part of that delay is the ESI Order. Microsoft has insisted on an ESI Order that absolves the parties from cooperation over search terms and custodians entirely, and has thus far refused to disclose the search terms and custodians it is using for ESI searches.[2] Because this is contrary to well-established law, Plaintiffs respectfully request that the Court enter the proposed ESI Order attached hereto as Exhibit 1A. Plaintiffs' proposed ESI Order will ensure that the parties cooperate on identifying search terms and custodians, and thus minimize the number of discovery disputes presented to the Court.

      **Background.** The Court directed the parties to propose an ESI Order in November 2023. Plaintiffs sent Defendants a proposed draft ESI Order on December 12, 2023. (Ex. 1B.) Defendants did not respond for over two months. When they sent a proposal on February 20, 2024, they ignored Plaintiffs' draft and sent back a completely new form. (Ex. 1C.) After another two months of drawn-out negotiations and telephonic meet and confers, the parties have narrowed their disagreement to one core issue: the process for custodial searches. Defendants originally demanded that Plaintiffs agree to a cap on the number of custodians whose files would be searched, even though Defendants have yet to produce documents disclosing the number of custodians likely to have responsive information. (*Id.*) In response to Plaintiffs' concerns about the cap, Defendants—Microsoft, in particular—have refused any ESI Order terms that involve the exchange of (and cooperation over) search terms and custodians, asserting that all such information is "work

---

[1] The parties have met and conferred about the requested relief and did not reach agreement.
[2] OpenAI, for its part, agreed to propose custodians and search terms for at least four of Plaintiffs' 32 RFPs, and promised to send its proposal by April 29, 2024. Ex. 1E. It still has not provided this proposal.

April 30, 2024
Page 2

product" that a party "is not otherwise required to disclose." (Ex. 1D.)

**Cooperation on Search Terms and Custodians Is Standard Practice and Required.** Plaintiffs' proposal is simple: the parties will meet and confer on the parameters of ESI searches. Contrary to Microsoft's assertions, courts routinely order exchange of such information. *In re Seroquel Prod. Liab. Litig.*, 244 F.R.D. 650, 664 (M.D. Fla. 2007) (a "dialogue to discuss the search terms[ i]s required by Rules 26 and 34"); *Emerg. Phys. Servs. of N.Y. v. UnitedHealth Grp.*, 20-CV-9183, 2023 WL 2447263, at *2 (S.D.N.Y. Mar. 10, 2023) ("[T]he parties are ORDERED to meet and confer immediately to reach agreement on revised search terms."); *S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 415, 418 (S.D.N.Y. 2009) ("Once again, the parties are directed to meet and attempt to negotiate . . . appropriate search terms."). Cooperation on ESI searches is endorsed by the Sedona Conference, *The Case for Cooperation*, 10 Sedona Conf. J. 339, 358 (2009), and by courts around the country. *E.g.*, *William A. Gross Constr. Assocs., Inc. v. Am. Mfrs. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009) ("This Court strongly endorses *The Sedona Conference*."). That is why parties typically co-operate on searches *before* a court order. *E.g.*, *In re Aegean Marine Petr. Netw. Sec. Litig.*, 18-CV-4993, at *2 (S.D.N.Y. May 4, 2022) (agreeing to confer on searches). The proposed ESI Order simply reflects what is standard practice: The exchange of information sufficient to enable the parties to confirm the reasonableness of each party's search for responsive ESI in proportion to the needs of this case. Defendants' demand to unilaterally choose custodians and search terms is at odds with that mandate, and the Court should memorialize the requirement to negotiate in the ESI Order. *Emerg. Phys. Servs.*, 2023 WL 2447263, at *2; *Collins*, 256 F.R.D. at 415, 418.

Defendants' (really, Microsoft's) refusal to cooperate on ESI is based on a meritless work product assertion. Courts around the country have repeatedly held that a party's choice of keyword searches and custodians "is **not subject to any work product protection** because it goes to the underlying facts of what documents are responsive to . . . document request[s], rather than the thought processes of Plaintiff's counsel." *FormFactor, Inc v. Micro-Probe, Inc.*, No. 10-CV-3095, 2012 WL 1575093, at *7 n.4 (N.D. Cal. May 3, 2012) (emphasis added); *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 109-10 (E.D. Pa. 2010) (same); *In re Weatherford Int'l Sec. Litig.*, No. 11 CIV. 1646 LAK JCF, 2013 WL 4007531, at *5 (S.D.N.Y. Aug. 5, 2013) (selection of custodians is not protected by work product); *Burd v. Ford Motor Co.*, No. 3:13-CV-20976, 2015 WL 4137915, at *8, *10 (S.D.W. Va. July 8, 2015) (producing party "has the duty to demonstrate its reasonableness" of its search by "shar[ing] . . . its search terms . . . and the identities of custodians"); *Matter of Feldberg*, 862 F.2d 622, 627 (7th Cir. 1988) ("[Q]uestions about the adequacy of [a document] search do not entail legal advice, [so] the topic is not off limits just because an attorney plays a role."); *Walton v. Medtronic USA, Inc.*, No. 22-CV-50, 2023 WL 5016781, at *4 (D. Minn. Aug. 7, 2023) ("Discovery on search terms and search methodology does not infringe on work product."). Because Defendants have no basis to refuse to exchange search terms and custodians, the Court should enter Plaintiffs' ESI Order.

**Defendants' Alternative Request for a Custodian Cap Is Unreasonable.** Microsoft conditioned its cooperation on Plaintiffs' agreement to cap the number of custodians for email collections. (Ex. 1D; Ex. 1C-1, at 3 (proposing a cap of only *five* custodians).) But Defendants cannot refuse to fulfill their discovery obligations as leverage to obtain a premature and grossly inadequate cap.

April 30, 2024
Page 3

First, any such cap is entirely premature in light of Defendants' paltry (or in Microsoft's case, nonexistent) document productions to date. Defendants have failed to produce the type of documents, like organizational charts, that would enable Plaintiffs to make informed decisions about custodian caps. Defendants have also refused to disclose (or, in OpenAI's case, not yet proposed) search terms and custodians for the parties to discuss. "Without such discussions, arguments about relevance and burden are speculative at best." *United States v. Dobco Inc.*, 22-CV-9599, 2023 WL 5302371, at *9 (S.D.N.Y. Aug. 17, 2023); *Edwards v. McDermott Int'l*, 4:18-CV-4330, 2021 WL 5121853, at *4-5 (S.D. Tex. Nov. 4, 2021) ("it is simply too difficult at the outset of a case to make a definitive assessment on the number of custodians"; allowing 50 custodians as a starting point.). That is precisely why litigants consistently elect to discuss custodians dynamically, "agree[ing] that it is premature to determine limitations on production" before discovery has really begun. *E.E.O.C. v. Hillstone Rest. Grp.*, 03-CV-108, at *4 (S.D.N.Y. Feb. 8, 2023).³

**Plaintiffs' ESI Order Will Streamline Negotiations Consistent With the Expedited Schedule.** In addition to the provisions on exchange of search protocol information, the proposed ESI Order also includes provisions aimed at ensuring accountability and quick response times, which is essential given the parties' agreed-upon expedited discovery schedule. In particular:

- Paragraph 4(a) requires custodian selection for ESI searches to presumptively include all individuals who are deposed, identified in a party's initial disclosures, or identified in response to an interrogatory. *See, e.g.*, *Impact Engine, Inc. v. Google LLC*, 3:19-CV-1301, 2020 WL 1939023, at *4 (S.D. Cal. Apr. 21, 2020); *United States v. United Techs. Corp.*, No. 3:16-CV-1730, 2020 WL 7339916, at *9 (D. Conn. Dec. 14, 2020) (files of 45 individuals identified in initial disclosures must be searched). This will streamline ESI negotiations by including, as a baseline, certain custodians whose files are indisputably likely to contain responsive material.

- Paragraph 4(b) requires all parties to respond to proposed keyword searches or custodians by, within three business days, either accepting a proposal, rejecting it and providing a hit report, or making a counter proposal. *E.g.*, *E.E.O.C. v. McCormick & Schmick's Seafood Rests. Inc.*, No. 08-CV-984, 2012 WL 380048, at *9 (D. Md. Feb. 3, 2012) ("If Defendants have any objections to EEOC's proposed search terms, Defendants are ordered to respond to EEOC within five days.").

The expedited schedule to which the parties agreed should require *more* cooperation on ESI than is typical, not less. Yet Defendants—and Microsoft especially—have refused to engage entirely, relying on meritless assertions of work product. The result has been extraordinary delay: In response to requests for production first served more than 5 months ago, Defendants have collectively produced fewer than 40 documents. Plaintiffs proposed ESI Order is one step toward ending these delays and ensuring the parties work quickly and efficiently to complete discovery by September 18, 2024.

---

³ In any event, Defendants' originally proposed cap of 5 custodians is not even in the right ballpark. *E.g.*, *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 543 (N.D. Cal. 2009) (140 custodians).

April 30, 2024
Page 4

                                                Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEINS LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| /s/ Rachel Geman | /s/ Rohit Nath | /s/ Scott J. Sholder |
| Rachel Geman | Rohit Nath | Scott J. Sholder |