# EXHIBIT 1C

| | |
|---|---|
| **From:** | Alter-AI-TT@simplelists.susmangodfrey.com on behalf of Justice, Daniel |
| **To:** | Rohit Nath; Alter-AI-TT@simplelists.susmangodfrey.com; Hurst, Annette L.; "OpenAICopyright"; Dozier, Wesley; "OpenAIcopyrightlitigation.lwteam@lw.com"; Microsoft.NYClassAction.FDBR@faegredrinker.com |
| **Subject:** | RE: [EXT] RE: 2/6 Meet and Confer Follow-up |
| **Date:** | Tuesday, February 20, 2024 4:47:33 PM |
| **Attachments:** | image002.png |
| | Proposed Stipulated Order re ESI Protocol and Production.docx |

**EXTERNAL Email**

All,

Attached is Defendants' proposed ESI protocol.  Defendants will follow up regarding the protective order.

Best,
Dan

**From:** Rohit Nath <RNath@susmangodfrey.com>
**Sent:** Tuesday, February 20, 2024 10:32 AM
**To:** Alter-AI-TT@simplelists.susmangodfrey.com; Hurst, Annette L. <ahurst@orrick.com>; 'OpenAICopyright' <OpenAICopyright@mofo.com>; Dozier, Wesley <wdozier@lchb.com>; 'OpenAIcopyrightlitigation.lwteam@lw.com' <OpenAIcopyrightlitigation.lwteam@lw.com>; Justice, Daniel <djustice@orrick.com>
**Subject:** RE: [EXT] RE: 2/6 Meet and Confer Follow-up

**[EXTERNAL]**

All, any further edits to the protective order or is this good to go? Thanks.

RN

--
Rohit D. Nath
Partner | Susman Godfrey L.L.P.
RNath@susmangodfrey.com
Office: (310) 789-3138
Cell: (602) 405-9789

**From:** Alter-AI-TT@simplelists.susmangodfrey.com <Alter-AI-TT@simplelists.susmangodfrey.com>
**On Behalf Of** Stoler, Reilly T.
**Sent:** Wednesday, February 14, 2024 1:57 PM
**To:** 'Alter-AI-TT@simplelists.susmangodfrey.com' <Alter-AI-TT@simplelists.susmangodfrey.com>; 'Hurst, Annette L.' <ahurst@orrick.com>; Rohit Nath <RNath@susmangodfrey.com>; 'OpenAICopyright' <OpenAICopyright@mofo.com>; Dozier, Wesley <wdozier@lchb.com>; 'OpenAIcopyrightlitigation.lwteam@lw.com' <OpenAIcopyrightlitigation.lwteam@lw.com>; 'Justice, Daniel' <djustice@orrick.com>
**Subject:** RE: [EXT] RE: 2/6 Meet and Confer Follow-up

1

# EXHIBIT 1C-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> OPENAI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION, <br><br> Defendants. | Case No. 1:23-cv-08292-SHS <br> Case No. 1:23-cv-10211-SHS <br> Case No. 1:24-cv-00084-SHS <br><br> **[PROPOSED] STIPULATION & ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION, <br><br> Defendants. | |

*[Caption continued on next page]*

1

| |
|---|
| NICHOLAS A. BASBANES and NICHOLAS NGAGOYEANES (professionally known as Nicholas Gage), individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br> v.<br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI GP, L.L.C., OPENAI HOLDINGS, LLC, OAI CORPORATION, LLC, OPENAI GLOBAL, LLC, OPENAI, L.L.C., and OPENAI OPCO, LLC,<br><br>      Defendants. |

  To expedite the flow of discovery material and to facilitate the consistency in the format of the documents to be produced by the Parties in this case, Plaintiffs and Defendants (collectively "Parties"), by and through their respective counsel, hereby stipulate and agree to the terms of this [Proposed] Stipulation & Order Re: Discovery of Electronically Stored Information (the "ESI Protocol" or "Protocol").

  1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

  2. This Order may be modified in the Court's discretion or by stipulation.

  3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

  4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence or messaging service (collectively "email"). To obtain email, parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

9. The parties will disclose at the outset any use of enterprise messaging tools, such as Slack or MS Teams, including the type of subscription and retention settings in place. The parties will meet and confer regarding issues relating to the parameters for collection of such data, the format of the production, and other unique issues to this type of data.

10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. OpenAI, Inc., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund Management, LLC, OpenAI LLC, OpenAI Global LLC, OAI Corporation LLC, OpenAI Holdings LLC, and any other OpenAI entity that may subsequently be named shall collectively be considered a single "producing party." The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

11. Each requesting party shall limit its email production requests to a total of five search

terms per custodian per producing party. All search terms per custodian per producing party shall be identified in email production requests upon service. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

12. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery. Such topics should be discussed pursuant to the District's E-Discovery Guidelines.

13. Production Format for ESI.

   a. Except as otherwise provided in this Order, all documents existing in

electronic format (e.g., Word, PDF, webpage files) shall be produced as 300 DPI TIFF black and white images with a Bates number stamped on each page, document metadata (including extracted or OCR text), and a link to the associated extracted or OCR text file. The parties will consider re-producing select and specifically identified Word documents as a color PDF upon reasonable request by the receiving party.

b. Source code and certain other highly confidential technical materials will be produced in native format and shall be made available for inspection on a secure computer in a secured room without Internet access or network access to other computers at a secure location determined by the producing party, pursuant to the terms of the Protective Order governing "HIGHLY CONFIDENTIAL – SOURCE CODE" materials.

c. Spreadsheet-type files (e.g., Microsoft Excel) should be produced in native format unless they require redaction. Documents produced in native format should be named according to the Bates number assigned, with the Confidentiality designation appended to the Bates numbers with a hyphen. Single-page Bates-stamped TIFF image slip-sheets will be included for each document produced in native format. The slip-sheets will display the Bates number of the native file, the Confidentiality endorsement, and an endorsement stating, "File Produced Natively."

d. All attachments, addendums, enclosures, and/or exhibits to a parent document will be, to the extent reasonably possible, produced immediately following the parent document and identified as they relate to the respective

      parent document with the parent/child relationship intact.

    e. Training data, and other data inaccessible within the meaning of Federal Rule of Civil Procedure 26, shall not be produced to another party, either in native form or otherwise. The parties shall meet and confer in good faith regarding reasonable methodologies to query or sample such data sources. Given the large volume and nature of this data, searching the entirety or even portions of such data is impossible, complex, limited, and/or costly.

14. Metadata. Load or DAT files should include, where applicable and to the extent it exists and was captured at the time of the collection, the information listed in **Exhibit A** attached. To the extent that metadata does not exist or is not reasonably accessible or available for any documents produced, nothing in this Order shall require any party to extract, capture, collect or produce such metadata.

15. Privilege Logs. A party that withholds documents, ESI, and any other materials and information on the grounds of attorney-client privilege, attorney work product, and/or any other applicable privilege, immunity or protection from discovery, shall produce a privilege log. Privileged communications exclusively between a party and its outside or in-house counsel on or after September 09, 2023, and work product performed by a party at the direction of its outside or in-house counsel on or after September 09, 2023 need not be included on a privilege log. Privilege logs shall be served no later than 60 days before the close of fact discovery. The privilege log shall include:

    a. A unique number for each entry on the log.

    b. Date of document for all ESI and to the extent known or discernible for all hard copy documents. For emails this should be the sent date of the

    document and for loose ESI this should be the last-modified or create date of the document.

  c. Custodian of the document. For emails this should be populated with the metadata extracted from the Custodian(s) field. For loose ESI, this should be populated with the Custodian value assigned to the instance of the document in question.

  d. Author of the document. For emails this should be populated with the metadata extracted from the "Email From" field associated with the file. For loose ESI, this should be populated with the metadata extracted from the "Author" field. For hard copy documents, this will be populated with the "Custodian."

  e. Recipient(s) of the document where reasonably ascertainable. For emails this will be populated with the metadata extracted from the "Email To" field associated with the file. Separate columns will be included for the metadata extracted from the "Email CC" and "Email BCC" fields, where populated.

  f. The type of privilege being asserted, for example: (a) AC for Attorney/Client, (b) WP for Attorney Work Product, (c) CI for Common Interest.

  g. Nothing in Paragraph 15 of this Order shall be read to preclude the parties from logging documents categorically where appropriate.

16. Any Party that issues a non-party subpoena shall timely notify other Parties when it receives non-party productions of documents, ESI or other responses from the non-party, and shall provide copies of all such productions in the format in which they were received from the

7

non-party to the other Parties. If the non-party produces documents or ESI that are not Bates labeled, the Receiving Party will Bates-label the documents or ESI before producing a copy to the other Parties if the produced documents or ESI are of the type so requiring consistent with other provisions of this Order. Nothing in this Protocol precludes a Receiving Party from reviewing a non-party production of documents or ESI and applying (if the non-party produced documents without a confidentiality designation) or elevating a confidentiality designation (e.g., elevating documents designated as CONFIDENTIAL to ATTORNEYS' EYES ONLY) if the production contains confidential or extremely sensitive information.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated:  _____
                                                  Counsel for Plaintiff

Dated:  _____
                                                  Counsel for Defendant

Dated:  _____
                                                  Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:  _____
                                            SIDNEY H. STEIN
                                         United States District Judge

## EXHIBIT A

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| BegDoc | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| EndDoc | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| BegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| EndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodians | Text – paragraph Separate entries with ";" | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| From | Text - paragraph | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC | Text – paragraph Separate entries with ";" | | | Copied recipients |
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text - paragraph | | | Subject of message |
| DateSent | Date (mm/dd/yyyy) | | | Date message sent |
| DateReceived | Date | | | Date message |

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| | (mm/dd/yyyy) | | | received |
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| DateCreated | Date/Time (mm/dd/yyyy) | | Date file was created | |
| DateModified | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Author | Text - paragraph | | Document author from metadata | |
| Confidentiality | Single choice | Designation branded onto the document | Designation branded onto the document | Designation branded onto the document |
| FullText | Link | Link to the extracted or OCR text file | Link to the extracted or OCR text file | Link to the extracted or OCR text file |
| DocLink | Link | Link to the native file | Link to the native file | Link to the native file |
| MD5Hash | Text | | The MD5Hash value of the file | The MD5Hash value of the file |