# EXHIBIT D

| | |
|---|---|
| **From:** | Charlotte Lepic |
| **To:** | Alter-AI-TT@simplelists.susmangodfrey.com; Rohit Nath |
| **Cc:** | Geman, Rachel; Gratz, Joseph C.; Dozier, Wesley; Stoler, Reilly T.; ssholder@cdas.com; ccole@cdas.com; NYClassActions_Microsoft_OHS@orrick.com; MicrosoftNYClassActionFDBR@faegredrinker.com; OpenAICopyright; openaicopyrightlitigation.lwteam@lw.com |
| **Subject:** | RE: [EXT] RE: Authors Guild, et al v. OpenAI Inc., et al SDNY Case No. 1:23-cv-08292-SHS |
| **Date:** | Wednesday, April 3, 2024 10:15:55 PM |

Vera – you said that you were conferring with your client on disclosing the names of the OpenAI researchers referenced in Mr. Gratz's letter. Please confirm by the end of the week. Absent agreement, we will move to compel documents sufficient to include that information (see RFP Nos. 14-15, 30-31).

_____
**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064  (o) | 646-421-3356 (m)

**From:** Alter-AI-TT@simplelists.susmangodfrey.com <Alter-AI-TT@simplelists.susmangodfrey.com> **On Behalf Of** Charlotte Lepic
**Sent:** Thursday, March 28, 2024 3:30 PM
**To:** Rohit Nath <RNath@susmangodfrey.com>; Alter-AI-TT@simplelists.susmangodfrey.com
**Cc:** rgeman <rgeman@lchb.com>; Gratz, Joseph C. <JGratz@mofo.com>; Dozier, Wesley <wdozier@lchb.com>; rstoler <rstoler@lchb.com>; ssholder@cdas.com; ccole@cdas.com; NYClassActions_Microsoft_OHS@orrick.com; MicrosoftNYClassActionFDBR@faegredrinker.com; OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com
**Subject:** Re: [EXT] RE: Authors Guild, et al v. OpenAI Inc., et al SDNY Case No. 1:23-cv-08292-SHS

EXTERNAL Email
Thank you, Vera. As we discussed on the call earlier, we will get our expert teams to agree that they will not share this with anyone else or use this information outside the scope of the litigation. We also agree on (iv), on the understanding that we reserve our rights to challenge any of these limitations pursuant to the protective order actually entered by the court. We don't agree that this document should remain confidential or is as commercially sensitive as OpenAI claims it is, but we will provisionally abide by the confidentiality request below pending entry of a protective order.

_____
**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064  (o) | 646-421-3356 (m)

**From:** Alter-AI-TT@simplelists.susmangodfrey.com <Alter-AI-TT@simplelists.susmangodfrey.com> on behalf of Ranieri, Vera - VRanieri at mofo.com (via Alter-AI-TT list) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Sent:** Thursday, March 28, 2024 9:46 AM
**To:** Rohit Nath <RNath@susmangodfrey.com>; Alter-AI-TT@simplelists.susmangodfrey.com <Alter-AI-TT@simplelists.susmangodfrey.com>
**Cc:** rgeman <rgeman@lchb.com>; Gratz, Joseph C. <JGratz@mofo.com>; Dozier, Wesley <wdozier@lchb.com>; rstoler <rstoler@lchb.com>; ssholder@cdas.com <ssholder@cdas.com>; ccole@cdas.com <ccole@cdas.com>;

1

NYClassActions_Microsoft_OHS@orrick.com <NYClassActions_Microsoft_OHS@orrick.com>; MicrosoftNYClassActionFDBR@faegredrinker.com <MicrosoftNYClassActionFDBR@faegredrinker.com>; OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>
**Subject:** RE: [EXT] RE: Authors Guild, et al v. OpenAI Inc., et al SDNY Case No. 1:23-cv-08292-SHS

EXTERNAL Email

Rohit,
The letter contains highly confidential information about what is used to train our models, including models other than GPT 3 and GPT 3.5 - this information is not public and is commercially sensitive. As a courtesy, we are willing to allow you to share this letter with your retained expert in this litigation, on the conditions that: (i) this letter or its substance are not shared with anyone else; (ii) this letter or its substance are not used outside the scope of this litigation; (iii) the expert confirms (i) and (ii) in writing; and (iv) this is without waiver to any positions related to the protective order that the parties are currently negotiating, and the letter or its substance will not be used as a basis to argue for any provision or exception to such protective order.
Please confirm that you agree with the above,
Vera

**From:** Rohit Nath <RNath@susmangodfrey.com>
**Sent:** Tuesday, March 26, 2024 11:13 PM
**To:** Ranieri, Vera <VRanieri@mofo.com>; Alter-AI-TT@simplelists.susmangodfrey.com
**Cc:** Geman, Rachel <rgeman@lchb.com>; Gratz, Joseph C. <JGratz@mofo.com>; Dozier, Wesley <wdozier@lchb.com>; Stoler, Reilly T. <rstoler@lchb.com>; ssholder@cdas.com; ccole@cdas.com; NYClassActions_Microsoft_OHS@orrick.com; MicrosoftNYClassActionFDBR@faegredrinker.com; OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com
**Subject:** RE: [EXT] RE: Authors Guild, et al v. OpenAI Inc., et al SDNY Case No. 1:23-cv-08292-SHS

External Email

What is OpenAI's good faith basis is for designating Friday's letter AEO? The designation hampers our ability to share this information with our experts, and rewards the OpenAI's months-long delays in negotiating a protective order. (We sent an initial draft in December and OpenAI took well over a month to respond to it.)
There is no conceivable basis for designating Friday's letter AEO. The letter says that books1 and books2 were used to train GPT-3 and GPT-3.5, something that OpenAI already disclosed publicly. The mere fact that those datasets were deleted in mid-2022 and that they were created by unnamed researchers cannot possibly be commercially sensitive, let alone so commercially sensitive that Plaintiffs should be barred from sharing this letter with their experts.
Absent confirmation by COB Thursday that we can share this non-AEO document with our experts, we will seek relief with the court to have it properly designated. There is time sensitivity. We are prejudiced by being unable to meaningfully act on information that should have been provided much earlier.

RN