

May 17, 2024

**<u>VIA ECF</u>**

Honorable Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**Orrick, Herrington & Sutcliffe LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700
**orrick.com**

**Annette L. Hurst**

Re:   *Authors Guild v. OpenAI, Inc.*, Case No. 23-cv-8292 and *Alter v. OpenAI, Inc.*, Case No. 23-cv-10211

Dear Judge Stein:

Microsoft submits this response to Plaintiffs' inaccurate and counter-productive Letter Motion dated May 15, 2024 requesting bi-weekly status reports and discovery conferences.  Contrary to Plaintiffs mischaracterizations, Microsoft has worked diligently to collect and process materials responsive to Plaintiffs' discovery requests, while continuing to negotiate with Plaintiffs about the nature and scope of the Protective Order and ESI protocol.  Microsoft has not missed any deadlines, has not refused to work with Plaintiffs, and has not caused any delay to the agreed case schedule.  Rather, Microsoft has clearly and consistently communicated its discovery positions to Plaintiffs and tried to reach reasonable compromises. Plaintiffs regretfully have chosen to pester the Court with letters falsely painting good-faith negotiations and compromises as defense delays.  Microsoft remains committed to substantial completion of document production by June 14.

Accordingly, Microsoft asks the Court to deny Plaintiffs' request for bi-weekly status reports and discovery conferences and let the parties get back to work on discovery until an actual problem arises.  Such conferences are likely to be unnecessary and inefficient, as described in greater detail below.  Still, Microsoft agrees with OpenAI that it would be useful to conduct a case management conference to benefit from the Court's guidance on how to coordinate depositions across multiple proceedings, which Plaintiffs have been unwilling or unable to do across cases.

**<u>Plaintiffs' Request for a Case Management Conference</u>**

As noted, Microsoft supports OAI's suggestion of a case management conference to discuss discovery coordination—including coordination of depositions of witnesses who will be expected to testify in multiple proceedings, so that the parties can keep these cases on track with the existing schedule both in this case and in other cases before this Court.  Microsoft is available to participate in such a case management conference at the Court's convenience.

**<u>Bi-Weekly Status Reports and Status Conferences</u>**

Far from being a "tried and true" measure made necessary by Plaintiffs' litany of complaints about discovery, the bi-weekly conferences requested by Plaintiffs are a dramatic intervention reserved for extreme circumstances plainly not present here.  Even superficial examination of the parties'



Honorable Sidney H. Stein
May 17, 2024
Page 2

issues demonstrates there is no need for frequent reporting and conferences. Rather, Microsoft respectfully submits that the Court's Scheduling Order and the ongoing cooperation of counsel is sufficient to ensure that the parties are diligently working to meet the discovery deadlines in this case. Where there are disputes, the parties can continue to utilize Rule 2(G) of the Court's Individual Practices to raise issues with the Court through the expedited letter motion procedure. Constant filing of reports and conferences would slow down resolution by making every disagreement a matter for the Court, relieving the parties of the pressure to produce agreement.

Microsoft has been diligent and consistent in its positions, communicating them clearly and promptly to Plaintiffs. Microsoft has interviewed numerous witnesses and collected many documents in furtherance of its discovery obligations. Indeed, the sole obstacle holding up Microsoft's initial production was the lack of a Protective Order, a problem that has now been solved **by agreement of the parties**. That agreement shows perfectly well that the parties are able to resolve their differences when each side has an incentive to do so. Now that a Protective Order is in place, Microsoft is commencing document production ***today*** and will continue to make additional productions on a rolling basis consistent with case deadlines.

Microsoft also neither delayed discovery nor engaged in an "about-face" related to ESI. Microsoft consistently communicated its position that it would not agree to an ESI Protocol without a presumptive cap on custodians, that ESI Protocols involve waiver of qualified work product by advance disclosure of facts about a party's own discovery investigation that typically are not exchanged without an agreement to do so,[1] and that Microsoft did not intend to waive its qualified work product without any benefit. While maintaining that objection, Microsoft moved forward to agree to all of the remaining basic provisions regarding production of ESI. Most importantly, nothing about the negotiations of the ESI Protocol slowed down Microsoft's collection and preparation to produce documents from those custodians it has identified and agreed would be included. When Plaintiffs made clear they would never agree to any cap on the number of custodians, it became an issue that required intervention by the Court. There was no "about face."

The fundamental ESI issue upon which the parties differ—which has since been raised with the Court through the Court's letter motion procedure—is whether there will be any initial cap on the number of custodians. Microsoft has more than 230,000 employees and it is absurd to think that there would be no presumptive cap on the number of individuals whose ESI it must collect for purposes of this lawsuit. Only Plaintiffs' refusal to agree to any custodian cap whatsoever held up

---

[1] *See Freedman v. Weatherford Inter. Ltd.,* No. 12 Civ. 2121 (LAK)(JCF), 2014 WL 3767034, at *3 (S.D.N.Y. July 25, 2014) (refusing to permit "discovery on discovery" without first proffering an "adequate factual basis" for belief production is deficient)



Honorable Sidney H. Stein
May 17, 2024
Page 3

the ESI Order, and that issue has now been submitted to the Court for resolution.

Plaintiffs also falsely accuse Microsoft of "resisting" an early deposition. They identified one person—who turned out to be a retired former executive residing in China. Microsoft communicated to Plaintiffs that it would first need to locate this witness, that it was not in a position to produce this witness, and that the witness was unlikely to be relevant. There have been no other requests for deposition of Microsoft-affiliated personnel, and in particular there have been no requests for any witness identified in Rule 26 disclosures or interrogatory responses. Plaintiffs are using this unique situation as an attempt to justify constant supervision where none is necessary.

The cases Plaintiffs cite indicate that regular discovery reports and conferences were ordered as a result of significant prior failures to adhere to the case schedule or meaningful disruptions to discovery. *See, e.g,, Amador v. Bully's Sports Bar & Grill*, No. 315CV0022HDMVPC, 2017 WL 627214 (D. Nev. Feb. 15, 2017) (ordering conferences after repeated stipulated requests to extend the scheduling order); *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2019 WL 1915795 (D. Minn. Apr. 30, 2019) (ordering conferences after noting that "discovery process ha[d] been interrupted on several occasions"); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100 (S.D.N.Y. 2018) (no indication that conferences were ordered as result of a unilateral, disputed request).

Courts have routinely denied requests for regular conferences absent extraordinary circumstances. *See, e.g.*, *Wegman v. United States Specialty Sports Ass'n, Inc.*, No. 6:23-CV-1637-RBD-RMN, 2023 WL 8651356, at *1 (M.D. Fla. Nov. 2, 2023) (denying party's request for "regular conferences" as "not well-taken" in light of court's procedures that already provided for the expedited resolution of discovery issues as they arise, and finding that "a requirement that the parties attend regular discovery conferences with the Court therefore appears unnecessary. Such a requirement would be taxing on the Court as well."); *Bradley v. Val-Mejias*, No. 00-2395-GTV, 2001 WL 1249339, at *10 (D. Kan. Oct. 9, 2001) (denying party's request to schedule monthly case management conferences based on lack of "pressing need").

Plaintiffs suggest that such conferences, if ordered, be conducted by a Magistrate Judge or an appointed special master. While Microsoft opposes frequent reports and conferences for the reasons outlined above, Microsoft is amenable to the appointment of a Magistrate Judge to manage discovery matters in this case. Microsoft would strongly object, however, to the use of an appointed special master. Private judging is not appropriate in this case. Microsoft respectfully requests the opportunity to submit further briefing on the issue if the Court is at all inclined to consider appointment of a special master.

Plaintiffs' letter motion requesting special discovery supervision should be denied.



Honorable Sidney H. Stein
May 17, 2024
Page 4

Respectfully submitted,

 /s/ Annette L. Hurst

Annette L. Hurst

*Counsel for Defendant Microsoft Corporation*