

May 17, 2024                                                                                                                          **VIA ECF**

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Authors Guild, et al. v. OpenAI, Inc., et al.*, and *Alter, et al. v. OpenAI Inc., et al.*,
      Case Nos. 1:23-cv-08292-SHS & 1:23-cv-10211-SHS

Dear Judge Stein:

OpenAI responds to Plaintiffs' May 15, 2024 letter motion. OpenAI agrees that a case management conference is warranted, particularly given Plaintiffs' ongoing refusal to participate in the coordination of discovery among several related cases notwithstanding Plaintiffs' own previous requests for such coordination. OpenAI disagrees that bi-weekly discovery conferences and briefing are necessary or an efficient use of judicial resources, and disputes Plaintiffs' misleading characterization of the parties' discovery efforts to-date.

**I.    OpenAI welcomes a case management conference.**

OpenAI is currently a defendant in seven copyright-based lawsuits with overlapping facts, claims, issues, and defenses.[1] No party appears to dispute there is significant (although not complete) overlap, or that coordination of discovery is necessary. Indeed, Plaintiffs themselves have called for coordination since this lawsuit's earliest days. In opposing the California-based *In re ChatGPT* plaintiffs' motion to intervene in this action, Plaintiffs acknowledged the need for coordination: "In a circumstance of two concurrently pending class actions, the efficient procedure is informal coordination[.]" Dkt. 81 at 23; *see also id.* at 7 (describing Plaintiffs' unsuccessful efforts to discuss coordination with *In re ChatGPT* plaintiffs' counsel in late 2023).

But Plaintiffs have since stonewalled any attempt at coordination. On May 7, OpenAI counsel sent an email to Plaintiffs' counsel in this action and the *In re ChatGPT* and *New York Times* cases requesting coordination of discovery and, in particular, depositions. OpenAI stated its intention to make witnesses available for deposition only once, and that those depositions may be used in all cases as if they had been taken in each case. Ex. 1. Over a week has passed, yet Plaintiffs have not responded.

---

[1] *Authors Guild, et al., v. OpenAI, Inc., et al.*, No. 23-CV-8292 (S.D.N.Y.); *The New York Times Co. v. Microsoft Corp., et al.*, No. 23-CV-11195 (S.D.N.Y.); *Alter, et al., v. OpenAI, Inc., et al.*, No. 23-CV-10211 (S.D.N.Y.); *Basbanes, et al., v. Microsoft Corp., et al.*, No. 24-CV-84 (S.D.N.Y.); *Tremblay v. OpenAI, Inc., et al*, No. 23-CV-3223 (N.D. Cal.); *Silverman, et al.*, v. *OpenAI, Inc., et al.*, No. 23-CV-3416 (N.D. Cal.); and *Chabon, et al., v. OpenAI, Inc., et al.*, No. 23-cv-4625 (N.D. Cal.).

Page 2

Meanwhile, without acknowledging OpenAI's May 7 email, the Plaintiffs in this case and *In re ChatGPT* have made separate requests for depositions requiring the same witness to testify, underscoring the need for coordination. Both sets of plaintiffs appear to seek a deposition of the same person to discover nearly identical information about OpenAI's prior use of training data sets known as "Books1" and "Books2." Presented with these duplicative requests, counsel for OpenAI sent a follow-up email on May 15, noting the lack of response to the May 7 email and asking again to confer regarding coordination. Plaintiffs have not responded.

Instead, Plaintiffs have rushed to this Court to demand unnecessary and burdensome procedures in a letter that mischaracterizes the state of discovery and meet-and-confers. Notwithstanding Plaintiffs' prior statements to this Court about attempts at "informal coordination," their efforts to-date are inadequate. Plaintiffs stated that they made "multiple attempts" to contact the *In re ChatGPT* plaintiffs' counsel to discuss coordination in late 2023, but that those attorneys "have not responded to subsequent or other reach outs" beyond one December 6 phone call. Dkt. 81 at 7. The *In re ChatGPT* plaintiffs' counsel, meanwhile, claim that it was Plaintiffs in this case who failed to follow-up after the December 6 call. Whatever the case, Plaintiffs require direction from this Court to meaningfully engage in the reasonable coordination called for by these overlapping cases.

## II.  Bi-weekly discovery conferences are unnecessary.

Plaintiffs' request that the parties now engage in an indefinite cycle of status updates and discovery conferences is unwarranted and threatens to distract the parties when they should focus on completing discovery. ***First,*** Plaintiffs have not identified a ***single*** outstanding discovery issue that currently requires use of the Court's limited resources, let alone a multitude of issues that would warrant the overbroad Court oversight that Plaintiffs are seeking. As discussed in Section III below, Plaintiffs' letter mischaracterizes discovery correspondence to paint OpenAI as a dilatory party. But Plaintiffs are not seeking to compel production of ***any*** discovery. That is because OpenAI is working diligently to meet the substantial completion deadline, and it is on track to do so.[2]

***Second,*** bi-weekly status updates and discovery conferences will add unnecessary complexity and burden to this already truncated case schedule. If Plaintiffs' request is granted, the parties would have to devote substantial time to briefing and arguing discovery issues every two weeks, even if those disputes (like virtually all disputes to date) can be resolved informally. That would not be an efficient use of Court (or party) resources.

***Third,*** none of Plaintiffs' cited cases even addressed ***bi-weekly*** discovery conferences. Moreover, the cases are inapposite. For example, the magistrate judge in *Syntel* did not plan for regularly recurring conferences until well after the substantial completion deadline in that case. *See Syntel Sterling Best Shoes Mauritius Ltd. v. TriZetto Grp.,* Case No. 15-cv-211, Dkt. No. 267 at 12–13 (S.D.N.Y.). If the Court is inclined to set periodic discovery conferences, it should

---

[2] Next week, OpenAI will produce emails and other ESI, in addition to documents relating to OpenAI's training, approach to data, and datasets. Outside counsel is reviewing tens of thousands of additional ESI hits for responsiveness and privilege. OpenAI expects to make rolling ESI productions through the substantial completion deadline. The parties are also collaborating to arrive at a mutually agreeable date to exchange search terms and custodians.

Page 3

defer that decision until after the substantial completion deadline passes. The substantial completion deadline is the agreed-upon benchmark between the parties and the Court for gauging the progress of discovery.

### III.     Plaintiffs mischaracterize the state of discovery.

Plaintiffs' complaints about discovery are meritless, as set out below. Further, Plaintiffs fail to mention that 24 of the 32 named Plaintiffs have produced no documents in this action, and that over half of Plaintiffs' entire production consists of auto-generated weekly update emails that one named Plaintiff received.

**Document Production:** Plaintiffs complain about the volume and nature of OpenAI's productions, but OpenAI has diligently complied with the case schedule. While the parties have negotiated the terms of the ESI Order and Protective Order, OpenAI is already producing documents responsive to Plaintiffs' requests, and continues to do so. OpenAI will make a significant amount of data (100s of TBs) available for inspection.

**Depositions:** Plaintiffs assert that OpenAI has resisted early depositions. But Plaintiffs have not served a notice of deposition to date. Plaintiffs have only informally sought a deposition of one OpenAI employee and a preliminary 30(b)(6) deposition. In response, OpenAI has tried to move the discovery process along, offering an informal exchange of information to provide Plaintiffs with much of the information they sought. OpenAI also offered to make the employee (and other OpenAI employees) available for deposition, on the condition that Plaintiffs coordinate discovery across three of the overlapping actions to spare OpenAI's employees from sitting through duplicative depositions. Plaintiffs have not responded.

**ESI:** The parties continue to discuss an appropriate date for exchanging search terms and custodians. The day before Plaintiffs filed their letter motion (May 14), Plaintiffs suggested that the parties exchange search terms and custodians on May 24 (a week from the date of this letter). And though the exchange has not taken place yet, OpenAI will produce ESI next week.

**"Books1" and "Books2":** Plaintiffs claim that their recent letter-motion demonstrates why supervision from this Court is needed. If anything, it shows the opposite. Plaintiffs' initial filing sought to compel information regarding "Books1" and "Books2." But, OpenAI explained, Dkt. 145 at 3, before Plaintiffs filed their motion, OpenAI had already agreed to supplement its interrogatories to provide the information Plaintiffs sought, which required investigation into actions occurring years earlier. If Plaintiffs thought OpenAI's correspondence was unclear, they should have picked up the phone. Instead, they filed a premature motion, which they later withdrew as moot, Dkt. 110.

**RFAs:** Plaintiffs incorrectly claim that OpenAI has refused to answer RFAs. But OpenAI has done so pending resolution of a dispute–not due to dilatory conduct. Dkts. 78, 83.

OpenAI looks forward to a case management conference and addressing the pressing need for Plaintiffs to coordinate their discovery efforts with other pending matters.

Page 4

          Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Paven Malhotra* | */s/ Joseph R. Wetzel* | */s/ Allyson R. Bennett* |
| Paven Malhotra | Joseph R. Wetzel | Allyson R. Bennett |