KEKER VAN NEST &PETERS   LATHAM&WATKINS LLP   MORRISON FOERSTER

July 15, 2024

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

cc: All Counsel of Record Line (via ECF)

**Re:**   *Authors Guild et al. v. OpenAI, Inc., et al.* No. 1:23-cv-08292-SHS

Dear Judge Stein:

Pursuant to Rule 2(G) of Your Honor's Individual Practices, Defendant OpenAI respectfully requests an informal discovery conference to address Authors Guild's refusal to produce responsive discovery on the basis that it is not an "organizational plaintiff," but is instead suing only in its capacity as a literary estate for author Mignon Eberhart.[1]  Authors Guild says that, as a result, it will only produce documents related to Ms. Eberhart's works, not those held by Authors Guild as an "organization."  *See* Ex. 1 at 3.  Notably, in the operative complaint, the Authors Guild elected to sue on its own behalf.  *See* Dkt. 69 ¶¶ 171, 173.  It nowhere suggested it was making a special appearance solely on behalf of someone else or placing any limitations on its role in this case.  *See, e.g., id.* ¶ 18 ("Plaintiff The Authors Guild is a nonprofit 501(c)(6) organization based in New York, New York.").  In any event, the Federal Rules of Civil Procedure do not have an "organizational plaintiff" exception to a party's discovery obligations.  *See, e.g.*, Fed. R. Civ. P. 26, 34.  The Court should thus reject Authors Guild's "organizational plaintiff" objection and order it to respond to all discovery requests for which it is withholding discovery on that basis.

"Parties are generally entitled to relevant, non-privileged discovery" within the broad scope set out by Rule 26(b).  *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-01570, 2022 WL 17079052, at *2 (S.D.N.Y. Nov. 7, 2022).  The Federal Rules of Civil Procedure do not exempt any special classes of parties from providing such discovery; instead, they "obligate[] *all parties*" to produce all discoverable materials within a party's "possession, custody or control."  *Gary Price Studios, Inc. v. Randolph Rose Collection, Inc.*, No. 03-cv-969, 2006 WL 1378467, at *1 (S.D.N.Y. May 17, 2006) (citation omitted, emphasis added); *see also Raymond v. City of New York*, No. 15-cv-6885, 2020 WL 1847556, at *4 (S.D.N.Y. Apr. 13, 2020) ("A party is required to produce documents and other tangible objects within the party's possession, custody, or control.") (cleaned up).  Discoverable materials include all "nonprivileged matter that is 'relevant to a party's claim or defense and proportional to the needs of the case.'"  *Mitura v. Finco Servs.*, Inc., No. 1:23-cv-02879, 2024 WL 3311208, at *2 (S.D.N.Y. July 5, 2024) (quoting Fed. R. Civ. P. 26(b)(1)).

Here, Authors Guild has objected to *all* of OpenAI's requests for production on the basis that Authors Guild is "not an organizational plaintiff."  *E.g.*, Ex. 1 at 3.  Authors Guild contends

---

[1] The parties conferred regarding the disputes addressed herein by telephone conference on June 3, 2024, and by written correspondence both before and after the conference.  The parties' conferral efforts were unsuccessful.

that, as a result, it should be permitted to withhold discovery that is indisputably within the scope of Rule 26(b) *unless* that discovery relates to the "registered copyrights in Mignon Eberhart's works," *id.*—the works on which Authors Guild relies to bring its claims, Dkt. 69 ¶ 171–80. Authors Guild does not, however, contend that the discovery requested by OpenAI is outside of its "possession, custody, or control." Ex. 1 at 3. Nor does it dispute it is withholding documents on the basis of its "organizational plaintiff" objection that are discoverable pursuant to Rule 26(b). *Id.* (Authors Guild will construe *every* request, regardless of relevance and proportionality, "as directed to the Authors Guild in its capacity as a literary estate [for Mignon Eberhart's works]").

For good reason. Authors Guild unquestionably possesses material that, despite not being directly related to Ms. Eberhart's works, is highly relevant to both Plaintiffs' claims and OpenAI's defenses. Authors Guild "organized th[is] lawsuit" and is, in the Guild's view, "uniquely positioned to represent authors' rights."[2] OpenAI requested from Authors Guild discovery relevant to Authors Guild's claims and OpenAI's defenses in this litigation. For instance, OpenAI has requested documents and communications "relating to OpenAI," Ex. 2 (RFP No. 9)—documents that would go to, *inter alia*, the Authors Guild's claim that it has "witness[ed] first-hand the harm and existential threat to the author profession wrought by unlicensed use of books to create large language that generate texts."[3] Whether and the extent to which such harm has actually occurred is highly relevant not just to Plaintiffs' claims for damages but also to OpenAI's fair use defense. For example, if OpenAI's services have not "usurp[ed] the market of the [asserted] work[s]," that weighs in favor of fair use. *Cariou v. Prince*, 714 F.3d 694, 708 (2d Cir. 2013). Similarly, evidence regarding whether OpenAI's services pose an "existential threat" to authors, as Authors Guild claims, bears on the first fair use factor: if the text generated by OpenAI's tools serves a different "purpose" than the Plaintiffs' works, that favors fair use. *Andy Warhol Found. For the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 529 (2023). Authors Guild also purports to bring class claims based on asserted commonality, typicality, and predominance of a number of issues. *See* Dkt. 69 ¶¶ 11, 406–10. If Authors Guild possess evidence undermining these assertions, that evidence is relevant, and relates to a present (not absent) class member—Authors Guild.

Authors Guild has also published extensively on AI-related matters, including this lawsuit and OpenAI, in particular.[4] For example, Authors Guild published an article titled "Practical Tips for Authors to Protect Their Works from AI Use," which included specific guidance related to OpenAI.[5] Authors Guild's position here is that, notwithstanding the unquestionably relevant nature of such matters, Authors Guild does not have to produce any discovery related to Authors Guild's AI-related efforts, or any other relevant matters, *unless* they also relate to Ms. Eberhart. In reality, Authors Guild wants all the benefits of being a named plaintiff—touting its organization

---

[2] *The Authors Guild, John Grisham, Jodi Picoult, David Baldacci, George R.R. Martin, and 13 Other Authors File Class-Action Suit Against OpenAI*, The Authors Guild (Sept. 20, 2023), https://authorsguild.org/news/ag-and-authors-file-class-action-suit-against-openai/ (hereafter "AG Lawsuit Press Release"); *see also* Dkt. 69 ¶ 157 ("The Authors Guild is the nation's oldest and largest professional writers' organization. It 'exists to support working writers and their ability to earn a living from authorship.'") (quoting Authors Guild, https://authorsguild.org).

[3] *See* AG Lawsuit Press Release.

[4] *See, e.g.*, Authors Guild, *Artificial Intelligence*, https://authorsguild.org/advocacy/artificial-intelligence/.

[5] *See* https://authorsguild.org/news/practical-tips-for-authors-to-protect-against-ai-use-ai-copyright-notice-and-web-crawlers/ (Sept. 8, 2023).

and leadership of this lawsuit, and seeking damages for claimed infringement—without the corresponding obligations. That is not how litigation or discovery works. *See Gary Price Studios*, 2006 WL 1378467, at *1.

Despite Authors Guild's burden to "show[] why discovery should be denied," *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 87 (S.D.N.Y. 2016), Authors Guild relies upon one unpublished, out-of-district case for support: *Principal Life Insurance Company v. Sadr for Alton Larsen Family Insurance Trust*, No. 10-cv-510, 2011 WL 13356136 (S.D. Cal. May 5, 2011). That case, however, is inapt. *Principal Life* involved a dispute over the payout from a life insurance policy to a trust where the insurance company sought to void the policy because the trust allegedly lacked an adequate interest in the life of the insured decedent. *Id.* at *1. After serving discovery requests on the *trust*, the insurance company demanded discovery from the *trustee*, even though the insurance company had not "sued [him] as an individual" or "provided any discovery [requests] directed toward [him] as an individual." *Id.* at *2. The dispute before the court thus centered on the particular discovery requests before it and the form of the particular claims asserted, brought against a trustee only in his capacity as a fiduciary. The court concluded that the insurance company was not entitled to the discovery sought. *Id*.

*Principal Life* is inapposite. First, unlike the requests at issue there, OpenAI's discovery requests were not directed to Authors Guild in some special capacity; they were directed to Authors Guild as one of the named plaintiffs in this case. *See, e.g.*, Ex. 2 at 2. Second, Authors Guild is neither suing as a trustee nor pursuing some sort of derivative claim on behalf of another.[6] Rather, Authors Guild is a party because it claims to be the owner of copyrights that it asserts OpenAI infringed. *See* Dkt. 69 ¶ 171. In other words, Authors Guild has chosen to bring claims on *its own behalf*, alleging infringement of its *own* copyrights, seeking damages that *it* would receive if successful. Even organizations that are *not parties* may sometimes be required to provide discovery in class actions by virtue of their members' involvement.[7] Here, where Authors Guild *is* a party, it bears the obligations that all named plaintiffs bear: the obligation to produce *all* discovery within the scope of Rule 26(b)—not just Authors Guild's preferred subset of discovery.

Authors Guild also asserts that, unless its objection is upheld, it will have to produce discovery about absent class members. That is irrelevant. The limitation on discovery from absent class members does just that—it limits the discovery that can be obtained from *absent* class members. Authors Guild is not an absent class member; it is a named plaintiff. That is why the concerns motivating the limit on absent class member discovery—"the risk that absent class members could proactively choose to opt out of the class action for fear that if they do not do so, they will be subjected to vexatious or at least burdensome discovery practice," *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 70 (S.D.N.Y. 2020)—have no application here.

---

[6] *See, e.g.*, *Cottle v. Metro. Life Ins. Co.*, No. 92-cv-1452, 1993 WL 8201, at *2 (N.D. Ill. Jan. 13, 1993) (explaining why trustee of estate may have "derivative standing" on behalf of beneficiary); *Breeden v. Kirkpatrick & Lockhart, LLP*, 268 B.R. 704, 708–09 (S.D.N.Y. 2001) (explaining relationship between bankruptcy trustee and derivative claim brought on behalf of bankrupt corporation).

[7] *See Wiwa v. Royal Dutch Petroleum Co.*, No. 01-cv-1909, 2009 WL 529224 at *2–3 (S.D.N.Y. Feb. 17, 2009) (requiring non-party corporation founded by named plaintiffs to provide full discovery).

3

Respectfully,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| /s/ Paven Malhotra[*] | /s/ Elana Nightingale Dawson | /s/ Andrew L. Perito[*] |

---

[*] All parties whose electronic signatures are included herein have consented to the filing of this document.