# Exhibit 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,<br><br>         Plaintiffs,<br><br>        v.<br><br>OPENAI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br><br>        Defendants. | INDEX NO. 1:23-cv-08292-SHS |

**PLAINTIFF AUTHORS GUILD'S CORRECTED RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

## <u>INTRODUCTION</u>

Plaintiff Authors Guild ("Plaintiff") hereby provides its Corrected Response to Defendant

OpenAI OpCo's First Set of Requests for Production of Documents, pursuant to Rules 26 and 34

of the Federal Rules of Civil Procedure.

## <u>PRELIMINARY STATEMENT</u>

All responses to the following Requests are based on information currently known to

Plaintiff and are provided without prejudice to Plaintiff's right to supplement these responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure should additional information become available. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.

These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial. These responses are not an admission of any fact set forth or assumed by a Request. The inadvertent disclosure of any privileged information shall not be deemed a waiver of any applicable privilege with respect to such information or any other information.

Plaintiff observes that Defendant has not yet accepted or made suggested edits to the proposed Protective Order and ESI Order that Plaintiffs first sent to Defendants on Dec. 12, 2023, including but not limited to the protocols in the latter about determining search parameters. The production of confidential or electronically-stored documents should be preceded by the entry of these orders, although the parties can meet and confer as needed on interim processes.

Finally, given that Defendant OpenAI OpCo LLC's counsel also represents all the other defendants, save defendant Microsoft Corporation, and that the parties have previously, albeit preliminarily, discussed avoiding unnecessary duplication in discovery, Plaintiff requests that the Requests be deemed amended to be on behalf of all the OpenAI defendants, and that productions be to all defendants (at minimum all OpenAI defendants).  This issue should be addressed as part of the parties' meet and confer efforts.

**GENERAL OBJECTIONS**

Plaintiff makes the following General Objections to the Requests, including the Definitions and Guidelines sections. Plaintiff's General Objections are incorporated into its responses to each specific Request made by Defendant.

1.     Plaintiff objects to the Requests to the extent they seek the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities.

2.     Plaintiff objects to the Requests to the extent that they seek information in which parties and/or non-parties have a legitimate expectation or right of privacy pursuant to statute or case law.

3.     Plaintiff objects to the Requests to the extent they seek to impose obligations on Plaintiff different from or beyond those required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiff will respond to the Requests pursuant to the requirements of Rule 26.

4.     Plaintiff objects to Defendant's definition of the term "Copyrighted Work" (Definition no. 9) as overbroad.  Plaintiff will construe this term to mean "Class Works" only.

5.     Plaintiff objects to "all Documents and Communications" as overbroad.

6.     Plaintiff objects that the Requests were propounded on the Authors Guild without limitation, when the Authors Guild is not an organizational plaintiff.  Instead, the Authors Guild is the owner of the registered copyrights in Mignon Eberhart's works.  In this sense each request is overbroad.  Plaintiff construes these requests as directed to the Authors Guild in its capacity as a literary estate.

In addition to the General Objections set forth above, Plaintiff will also state specific objections to Requests where appropriate, including objections that are not generally applicable

2914924.1

to all Requests. By setting forth such specific objections, Plaintiff does not intend to limit or restrict the General Objections set forth above. To the extent that Plaintiff responds to Requests to which it objects, such objections are not waived.

## RESPONSE TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All U.S. copyright registrations for Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects to this Request as overbroad to the extent it seeks copyright registrations Plaintiff holds that are not relevant to the Parties' claims or defenses. Plaintiff also objects to the extent that Defendant has equal access to this information. Plaintiff also objects to the term "all" in this Request as vague and ambiguous.  Pursuant to General Objection No. 4, Plaintiff will construe this Request as requiring it to produce only the copyright registrations for its Class Works.

Subject to and without waiving these objections, Plaintiff will search for and produce the copyright registrations for its Class Works.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications relating to your ownership of Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications

- 4 -

about works that are not Class Works and refers to General Objection No. 4. Plaintiffs object to

"[a]ll Documents and Communications" as overbroad.  Plaintiff also objects to the extent that

Defendant has equal access to this information. Plaintiff further objects to this Request to the

extent it seeks disclosure of information that is protected from disclosure by attorney-client

privilege, the attorney work-product doctrine, or any other applicable privileges or immunities.

Plaintiff also objects to the use of the term "relating to the ownership of" as vague and

ambiguous, even if Copyrighted Works were replaced with Class Works. This Request is also

duplicative of Request No. 1.

Subject to and without waiving these objections, Plaintiff will search for and produce the

deposit copies of its Class Works, correspondence with the United States Copyright Office

regarding the same, and any assignment or other ownership-related documents (if any) related to

its Class Works.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications relating to OpenAI's alleged use of Your

Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild

as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects to

the term Copyrighted Works as overbroad and irrelevant (General Objection No. 4), to the

request for "all Documents and Communications" as overbroad (General Objection No. 5).

Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected

from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other

applicable privileges or immunities. Plaintiff also objects to this Request as unduly burdensome

to the extent that responsive documents are already within Defendants' custody or control or are more readily available to Defendants than to Plaintiff.

Subject to and without waiving these objections, Plaintiff will produce the ChatGPT outputs identified in the complaint if Defendants agree that there is no waiver of any privilege or work product protection and will search for and produce other responsive non-privileged documents, if any exist.

**REQUEST FOR PRODUCTION NO. 4:**

For each Copyrighted Work identified in Interrogatory No. 1, Documents sufficient to show Your understanding of any license applicable to that Copyrighted Work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

There have been no interrogatories propounded, but Plaintiff will construe this Request to refer to "Request for Production No. 1" and not "Interrogatory No. 1" for purposes of these objections. Plaintiff would object to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff would object to that Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff would object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4.  Plaintiff also would object to the use of the term "applicable" as vague and ambiguous, and similarly that the phrase "Your understanding" is vague because it suggests that Defendant seeks not the licenses, but documents, if any, that reveal the Plaintiff's understanding of the license in some undefined time period.  Plaintiff further would object to the term "license" as overbroad as to what licenses are encompassed in

- 6 -

the term. Plaintiff further would object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case.

Plaintiff will await notification from Defendant as to whether this is a placeholder for a forthcoming Interrogatory, and, if Defendant wishes to amend the Request, Plaintiff is willing to meet and confer in a reasonable time shortly after the amendment.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications relating to Your decision to enter into any of the licenses You allege apply to Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities.  Plaintiff objects to the term Copyrighted Works as overbroad and irrelevant (General Objection No. 4), to the Request for "all Documents and Communications" as overbroad (General Objection No. 5), and to the term "license" as overbroad. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiff also objects to the term "apply" as used in this Request as vague and ambiguous, as is the phrase "Your decision," which suggests that Defendant seeks not the licenses, but documents, if any, that reveal the Plaintiff's thought process behind entering into the license in some undefined time period. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case.

Subject to and without waiving these objections, Plaintiff will search for and produce responsive non-privileged documents, if any exist.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications relating to the alleged reproduction, public display, or distribution of Your Copyrighted Works by any Defendant, including but not limited to reproduction, public display, or distribution by ChatGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects to the term Copyrighted Works as overbroad and irrelevant (General Objection No. 4), to the Request for "all Documents and Communications" as overbroad (General Objection No. 5), and that it appears to ask about Defendants' reproducing, displaying, or distributing outside the context of the Defendants' Large Language Models (see "including but not limited to"). Plaintiff also objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendants' custody or control or are more readily available to Defendants than to Plaintiff. This Request is also duplicative of Request No. 3. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case.

Plaintiff refers to the response to Request No. 3 and will meet and confer as well, if needed.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications relating to any efforts undertaken by You to enforce Your copyrights for any of Your Copyrighted Works against anyone, or to monitor for or investigate infringement of Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects to the term Copyrighted Works as overbroad and irrelevant (General Objection No. 4), to the Request for "all Documents and Communications" as overbroad (General Objection No. 5). Plaintiff also objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to the use of the phrase "relating to any efforts . . . to enforce" and the terms "monitor" and "investigate" in this Request as vague and ambiguous (and will set forth its interpretation below). Plaintiff also objects that the Request is unduly burdensome and overbroad in that it purports to seek documents over Plaintiff's entire career, rather than within a specific timeframe.

Subject to and without waiving these objections, Plaintiff will search for and produce responsive non-privileged cease-and-desist letters, takedown notices, demand letters, complaints alleging copyright infringement, and documents and communication relating to the use of copyright enforcement and monitoring technology of Class Works to the extent they exist for a reasonable time frame, about which Plaintiff is willing to meet and confer.

**REQUEST FOR PRODUCTION NO. 8:**

All non-privileged Documents and Communications relating to Your investigation of the claims alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects that this is duplicative of Requests 3 and 6, and also refers to General Objection No. 5.

Plaintiff is willing to meet and confer over what non-duplicative information Defendant is seeking and reserves its objections.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications relating to OpenAI, including any relationship You have had with any OpenAI entity, communications with OpenAI, and accounts with OpenAI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities.  Plaintiff objects to the Request for "all Documents and Communications" as overbroad (General Objection No. 5). Plaintiff further objects to the term "relationship" because Plaintiff is a natural person and the OpenAI entities (an undefined term, making this word also ambiguous and overbroad) are companies. Plaintiff also objects that this Request is unduly burdensome to the extent it seems to seek information in the possession of OpenAI itself. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the

claims and defenses in this case and/or not proportional to the needs of the case.

Subject to and without waiving these objections, Plaintiff will search for and produce responsive non-privileged documents, if any exist.

**REQUEST FOR PRODUCTION NO. 10:**

Your agreements, including but not limited to licenses and work-for-hire agreements, related to Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects to the term Copyrighted Works as overbroad and irrelevant (General Objection No. 4), to the Request for "all Documents and Communications" as overbroad (General Objection No. 5), This Request is also duplicative of Request Nos. 1, 2, and 4. Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities.

Subject to and without waiving these objections, Plaintiff will search for and produce responsive non-privileged documents consistent with Plaintiff's responses to Request Nos. 1, 2, and 4.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents or Communications relating to any injury or harm You claim to have suffered as a result of the conduct alleged in the Complaint, including those as alleged in Paragraphs 111-130.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild

as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects to

this Request to the extent it seeks disclosure of information that is protected from disclosure by

attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges

or immunities such as (but not limited to) the common interest privilege or the spousal privilege.

Plaintiff also objects to this Request to the extent it seeks information that is or may be the

subject to expert discovery. Plaintiff also objects to the extent that this Request seeks information

in Defendant's possession, custody, or control, such as materials relevant to willfulness.  Plaintiff

further objects to the extent this Request is premature in that Plaintiff has not yet elected

damages. Plaintiff further objects that this Request is duplicative of earlier Requests.  Plaintiff

objects to Request for "all Documents and Communications" as overbroad (General Objection

No. 5),

        Subject to and without waiving these objections, Plaintiff will search for and produce

responsive non-privileged documents.

**REQUEST FOR PRODUCTION NO. 12:**

        All Documents identified in Your initial disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

        Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild

as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects to

this Request as duplicative, including of Request Nos. 1 and 3.  Plaintiff further objects because

most of the documents identified are in Defendant's possession, custody, and control.

        Subject to and without waiving these objections, Plaintiff will search for and produce

responsive non-privileged documents.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents upon which You intend to rely for summary judgment or at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects to this Request as premature, as discovery in this case has just started. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff further objects to this Request to the extent it prematurely seeks expert analysis protected from disclosure by Federal Rule of Civil Procedure 26(a)(2)(D). Plaintiff further objects to this Request as inconsistent with the procedures in this Court for pre-trial procedures.

Plaintiff is willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications produced or provided to You by third parties in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects to the use of the term "third parties in this action" as vague and ambiguous, and to the Request for "all Documents and Communications" as overbroad (General Objection No. 5). Plaintiff also objects to the word "provided" as vague to the extent it means something other than "produced" in this context. To the extent this Request is asking for production of documents produced to

Plaintiff in response to subpoenas, this Request is premature, but Plaintiff agrees the parties should produce such documents to each other and suggest the parties memorialize same in a writing.  As drafted, though, this Request does not so clearly state.

Plaintiff is willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications You have had with any person other than Your attorneys concerning this litigation, including Your decision to become a plaintiff in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities such as (but not limited to) the common interest privilege or the spousal privilege. Plaintiff also objects to this Request to the extent it is duplicative of other Requests. Plaintiff further objects to this Request to the extent it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case.  Plaintiff objects to the Request for "all Documents and Communications" as overbroad (General Objection No. 5).

Subject to and without waiving these objections, Plaintiff will search for and produce responsive non-privileged documents.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents constituting the pleadings in any action in which You are or were a named party or identified as a proposed class representative, as well as any transcripts of any depositions or other testimony provided in such actions. This Request specifically includes all civil and criminal actions as well as actions before quasi-judicial forums such as arbitrations, and regulatory/disciplinary and administrative law tribunals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to this Request to the extent it is unduly burdensome, in that there is no time limitation, and the information is equally accessible to the extent pleadings or other requested materials are public. Plaintiff further objects to this Request to the extent it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to the extent depositions and testimony are often marked confidential in other actions, and that records of quasi-judicial proceedings such as arbitrations are often confidential or otherwise non-public. Plaintiff further objects to this Request as duplicative, and to the extent it violates privacy rights.

Subject to and without waiving these objections Plaintiff will search for and produce responsive non-privileged documents regarding class action and Copyright matters for a reasonable time frame about which Plaintiff is willing to meet and confer.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show all final judgments or settlements in any matter in which You were a named party or identified as a proposed class representative.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to this Request to the extent it is unduly burdensome, in that there is no time limitation, and the information is equally accessible to the extent pleadings or other requested materials are public.  Plaintiff further objects to this Request to the extent it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to the extent settlements are often confidential. Plaintiff further objects to this Request as duplicative, and to the extent it violates privacy rights.

Subject to and without waiving these objections Plaintiff will search for and produce responsive non-privileged documents regarding class action and Copyright matters for a reasonable time frame about which Plaintiff is willing to meet and confer.

Dated:  April 12, 2024

Respectfully submitted,

*/s/ Rachel Geman*
Rachel Geman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
rgeman@lchb.com

Wesley Dozier (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue, Suite 1640

- 16 -

2914924.1

Nashville, TN 37201
Telephone:  615.313.9000
wdozier@lchb.com


*/s/ Scott Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Telephone:  212.974.7474
ssholder@cdas.com
ccole@cdas.com

*Attorneys for Plaintiff and the Proposed Class*

## <u>PROOF OF SERVICE VIA ELECTRONIC MAIL</u>

On April 12, 2024, and based on the parties' agreements, I caused to be served the

following document via electronic mail:

**PLAINTIFF AUTHORS GUILD'S CORRECTED RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

upon 'openaicopyrightlitigation.lwteam@lw.com' and 'OpenAICopyright@mofo.com'.


*/s/ Rachel Geman*
Rachel Geman

2914924.1