# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAY SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANY ROBINSON, GEORGE SUANDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,

        Plaintiffs,

  -against-

OPENAI INC., OPENAI LP, OPENAI LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, and OPENAI STARTUP FUND MANAGEMENT LLC,

        Defendants.

---------------------------------------------------------- X

INDEX NO. 1:23-cv-8292

## DEFENDANT OPENAI OPCO, L.L.C.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

In accordance with Federal Rules of Civil Procedure 26 and 34, Defendant OpenAI OpCo, L.L.C. ("OpenAI OpCo"), by and through its undersigned attorneys, hereby request that Plaintiff The Authors Guild ("Plaintiff" or "Authors Guild") produce for inspection and copying, within thirty days of service, the documents and things described below, in accordance with the following definitions and instructions. OpenAI OpCo requests that Plaintiff produce documents and other things described below electronically or at the offices of Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94015.

## DEFINITIONS

1. Each of these definitions and instructions is incorporated into each of the requests to which it pertains. Notwithstanding any definition below, each word, term, or phrase used in these requests for production is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

2. "Plaintiff," "You," and/or "Your" shall mean Plaintiff The Authors Guild.

3. "OpenAI" shall mean OpenAI, Inc., OpenAI, L.P., OpenAI, L.L.C., OpenAI OpCo, L.L.C., OpenAI GP L.L.C., OpenAI Global, L.L.C., OAI Corporation, L.L.C., OpenAI Holdings L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management, L.L.C.

4. "Defendant" shall mean any defendant named in the Class Action Complaint you filed in this action on September 19, 2023, and any subsequent complaint that You file in this action.

5. "Person" shall mean any natural person or any business, legal, or governmental entity or association.

6. "Communication" shall mean any transmission, exchange, or transfer of information by any means (in the form of facts, ideas, inquiries, or otherwise).

7. "Complaint" shall mean the Class Action Complaint filed on September 19, 2023

in *Authors Guild, et al., v. OpenAI, Inc, et al.*, Case No. 1:23-cv-08292 and any subsequent complaint that You file in this action.

8.  "Document" shall mean all "writings" and "recordings" as those terms are defined in Federal Rules of Evidence 1001 and shall be afforded the broadest possible meaning permitted by Federal Rule of Civil Procedure 34.

9.  "Copyrighted Work" shall mean any work in which You claim to own any of the exclusive rights comprised in the copyright.

10.  "Electronically Stored Information" includes, but is not limited to, e-mails and attachments, voice mail, instant messages, text messages, cell phone data and other electronic communications, word processing documents, text files, hard drives, Excel spreadsheets and underlying formulae, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, Internet usage files, offline storage or information stored on removable media (such as external hard drives, hard disks, floppy disks, memory sticks, flash drives, and backup tapes), information contained on laptops or other portable devices, and network access information and backup materials, TIF files, PDF files, Native Files and the corresponding metadata which is ordinarily maintained.

## INSTRUCTIONS

1.  If, in responding to these requests, You encounter any ambiguities when construing a question, instruction, or definition, Your answer shall set forth the matter deemed ambiguous, and the construction used in answering.

2.  In producing the documents or things requested, You are requested to produce all documents and things known or available to You regardless of whether such documents and things are possessed directly by You or Your agents, employees, representatives, investigators, or by Your attorneys or their agents, employees, representatives, or investigators.

3.  In the event that any document is withheld on a claim of attorney-client privilege or work-product doctrine on any other ground, You shall provide a log that identifies any such document in a manner to be mutually agreed among the parties.

4. In producing the documents and writings requested herein, please produce them in their original file folders, if any, or in lieu thereof, attach to the set of documents produced from a given file or a photostatic or electronic duplicate of all written or printed material in the original file folder. In addition, the documents shall be produced in the same sequence as they are contained or found in the original file folder. The integrity and internal sequence of the requested documents within each file folder shall not be disturbed. Under no circumstances shall documents from any file folder be commingled with documents from any other file folder.

5. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

6. All responses to these document requests require supplementation and correction as prescribed by Rule 26 of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION 1:**

All U.S. copyright registrations for Your Copyrighted Works.

**REQUEST FOR PRODUCTION 2:**

All Documents and Communications relating to your ownership of Your Copyrighted Works.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications relating to OpenAI's alleged use of Your Copyrighted Works.

**REQUEST FOR PRODUCTION NO. 4:**

For each Copyrighted Work identified in Interrogatory No. 1, Documents sufficient to show Your understanding of any license applicable to that Copyrighted Work.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications relating to Your decision to enter into any of the

licenses You allege apply to Your Copyrighted Works.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications relating to the alleged reproduction, public display, or distribution of Your Copyrighted Works by any Defendant, including but not limited to reproduction, public display, or distribution by ChatGPT.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications relating to any efforts undertaken by You to enforce Your copyrights for any of Your Copyrighted Works against anyone, or to monitor for or investigate infringement of Your Copyrighted Works.

**REQUEST FOR PRODUCTION NO. 8:**

All non-privileged Documents and Communications relating to Your investigation of the claims alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications relating to OpenAI, including any relationship You have had with any OpenAI entity, communications with OpenAI, and accounts with OpenAI.

**REQUEST FOR PRODUCTION NO. 10:**

Your agreements, including but not limited to licenses and work-for-hire agreements, related to Your Copyrighted Works.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents or Communications relating to any injury or harm You claim to have suffered as a result of the conduct alleged in the Complaint, including those as alleged in Paragraphs 111-130.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents identified in Your initial disclosures.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents upon which You intend to rely on for summary judgment or at trial.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications produced or provided to You by third parties in this action.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications You have had with any person other than Your attorneys concerning this litigation, including Your decision to become a plaintiff in this litigation.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents constituting the pleadings in any action in which You are or were a named party or identified as a proposed class representative, as well as any transcripts of any depositions or other testimony provided in such actions. This Request specifically includes all civil and criminal actions as well as actions before quasi-judicial forums such as arbitrations, and regulatory/disciplinary and administrative law tribunals.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show all final judgments or settlements in any matter in which You were a named party or identified as a proposed class representative.

Dated: November 13, 2023                             MORRISON & FOERSTER LLP

                                                     By: */s/ Joseph C. Gratz*
                                                        Joseph C. Gratz (*Pro Hac Vice*
                                                        forthcoming)
                                                        JGratz@mofo.com
                                                        425 Market Street
                                                        San Francisco, CA  94105-2482
                                                        Telephone:  415.268.7000
                                                        Facsimile:  415.268.7522

                                                        Attorney for Defendant
                                                        OPENAI OPCO, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2023, a copy of the foregoing **DEFENDANT OPENAI OPCO, L.L.C.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** was served by E-mail upon the following:

| | |
|---|---|
| Rachel Geman<br>LIEFF CABRASER HEIMANN<br>   & BERNSTEIN, LLP<br>250 Hudson Street, 8th Floor<br>New York, NY 10013-1413<br>rgeman@lchb.com<br><br>Ian R. Bensberg<br>LIEFF CABRASER HEIMANN<br>   & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>ibensberg@lchb.com<br><br>Wesley Dozier<br>LIEFF CABRASER HEIMANN &<br>   BERNSTEIN, LLP<br>222 2nd Avenue, Suite 1640<br>Nashville, TN 37201<br>wdozier@lchb.com<br><br>Scott J. Sholder<br>CeCe M. Cole<br>COWAN DEBAETS ABRAHAMS<br>   & SHEPPARD LLP<br>41 Madison Avenue, 38th Floor<br>New York, New York 10010<br>ssholder@cdas.com<br>ccole@cdas.com | Attorneys for Plaintiffs and the Proposed Class |

                                                                            */s/ Elsa Laris*
                                                                             Elsa Laris

sf-5670125