**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**Susman Godfrey l.l.p.**
a registered limited liability partnership



July 17, 2024

**VIA ECF**

Hon. Sidney H. Stein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      RE:    *Authors Guild v. OpenAI Inc.*, 23-cv-8292 (S.D.N.Y.)
              *Alter v. OpenAI Inc.*, 23-cv-10211 (S.D.N.Y.)

Dear Judge Stein:

      Defendant OpenAI's request for a pre-motion conference (Dkt. No. 164) to compel the Authors Guild to produce discovery should be denied outright for the simple reason that the Authors Guild has produced and will produce relevant and proportionate discovery. There is nothing to decide until and unless the parties cannot reach agreement about particular requests.

      OpenAI omitted several relevant facts in its letter, a misleading tactic that requires correction: The Authors Guild is a Plaintiff in this lawsuit only in its capacity as the owner of the registered copyrights in the late author Mignon G. Eberhart's works. Dkt. No. 69 at ¶¶ 171-80 (section of the operative complaint addressing defendants' exploitation of Eberhart's copyrighted works). Like the other Plaintiffs, the Authors Guild has diligently searched for and collected discovery. As of July 16, 2024, the Plaintiffs have produced thousands of documents totaling tens of thousands of pages (including more than 600 pages from the Authors Guild thus far, including multiple documents about the very issues that OpenAI mentions in its letter) in response to Defendants' multiple sets of requests.

      Plaintiffs provided their position on Authors Guild discovery most recently on June 13, 2024. As Plaintiffs made clear, "**[e]ven if the AG were an organizational plaintiff, it is no more automatically subject to organization-wide discovery than any other type of company or organization.** *See, e.g., Taylor v. Metro. Transportation Auth.,* No. 18CV1278WHPOTW, 2019 WL 2766502, at *2 (S.D.N.Y. July 2, 2019) (denying company-wide discovery); *Roadbuilders Machinery & Supply Co. v. Sandvik Mining & Construction USA, LLC,* 2023 WL 4156753 at *3 (D. Kan. June 23, 2023) (describing as burdensome and disproportionate requests that "if applied to all of Defendant's business lines over time without limitation are likely to encompass a substantial number of documents totally irrelevant to the claims and defenses in this case.") (emphasis added)." Ex. A (boldface added).

Hon. Sidney H. Stein
July 17, 2024
Page 2

Plaintiffs then went through each of the four categories of materials the parties had been discussing and provided (or re-provided) specific answers as to each:

> **Relevant materials about Eberhart.** We are producing and/or have produced.
>
> **Materials about other authors, who are not plaintiffs, for whom AG or the AG Foundation (which is not a party to this case) owns rights.** We understand there to be about 15 authors in this category, and many of their works are in the public domain. We are unwilling to produce documents related to copyrights that are not asserted in this lawsuit and/or that relate to non-plaintiffs; there is no need for it and you have shown none.
>
> **Materials related to the issues in this case and that were addressed in our complaint - such as surveys, licensing, advocacy against theft of copyrighted protected material by LLMs.** We have agreed to produce relevant, non-privileged, and proportional discovery about these subjects/documents referenced in our complaint, in the hopes of avoiding wasteful motion practice.
>
> **Communications between the AG and any plaintiff.** This request is far too overbroad, disproportionate, and intrusive, especially given certain plaintiffs are members of the AG and have even held positions. The AG has a large set of services and functions, such as insurance, website assistance, peer-to-peer facilitation, legal assistance, etc.—none of which is relevant here.

Ex. A. OpenAI never responded to this letter. And, while much of OpenAI's July 15 letter brief related to the third category above, OpenAI failed to disclose that Plaintiffs agreed to produce discovery for that category.

Subsequent to the earlier correspondence, Plaintiffs have continued to work diligently on all discovery, including for the Authors Guild. Plaintiffs have shared information about the Authors Guild custodians whose files have been pulled for discovery. The custodians are: Mary Rasenberger (CEO), Kevin Amer (Chief Legal Officer), Umair Kazi (Director of Advocacy and Policy), Sandy Long (COO), Raluca Albu (Director of Communication), and Rich Lurilli (Director of Digital Content). OpenAI has not suggested this is insufficient, a wise decision given that the Authors Guild—just one of dozens of plaintiffs—is offering *half the number of ESI custodians as all of the ten OpenAI Defendants combined.* In addition, Plaintiffs already have shared information about 'hit counts' for the parties' respective search terms.

Thus, while none of Plaintiffs' specific positions or productions relating to the Authors Guild are at issue or have been briefed, the record makes clear that OpenAI has received and will receive relevant and proportional discovery from the Authors Guild.

Finally, OpenAI presents no authority in support of its apparent argument that it can pretend Plaintiffs have taken a position they have not actually taken as an attempt to side-step the requirements of relevance, proportionality, and burden in addressing discovery disputes.[1] Instead, OpenAI spends a lot of time in the weeds of *Principal Life Ins. Co. v. Sadr for Alton Laren Fam. Ins. Tr.*, 2011 WL 13356136 (S.D. Cal. May 5, 2011), a case Plaintiffs properly cited in correspondence as distinguishing between a party's role as trustee and as individual for purposes of discovery obligations. The larger point of this case and the others Plaintiffs cited (that OpenAI did not address) is that discovery is not all or nothing, and the scope of relevance depends on the facts.

OpenAI's request for a pre-motion conference on this topic should be denied. To the extent OpenAI has a specific request or issue, it should meet and confer, and, should disputes arise that cannot be resolved, OpenAI has the option at that time to present an appropriate motion to this Court.

Respectfully submitted,

| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | SUSMAN GODFREY LLP | COWAN DEBAETS ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| */s/ Rachel Geman* | */s/ Justin A. Nelson* | */s/ Scott J. Sholder* |
| Rachel Geman | Justin A. Nelson | Scott J. Sholder |

cc: All Counsel of Record (via ECF)

---

[1] None of OpenAI's cases about discovery involve the issues here in even a broadly-defined sense. *See Gary Price Studios, Inc. v. Randolph Rose Collection, Inc.*, No. 03-cv-969, 2006 WL 1378467 at *3 (S.D.N.Y. May 17, 2006) (denying a motion *in limine*); *Raymond v. City of New York*, No. 15-cv-6885, 2020 WL 1847556 at *1 (S.D.N.Y. Apr. 13, 2020) (involving adverse inferences); *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-01570, 2022 WL 17079052 at *5 (S.D.N.Y. Nov. 7, 2022) (denying a party's attempt to broaden discovery via the requirements of supplementation but ordering a limited production to accommodate a previous misspelling/alternate spelling of a search term); *Mitura v. Finco Servs., Inc.*, No. 1:23-cv-02879, 2024 WL 3311208 at *5 (S.D.N.Y. July 5, 2024) (granting partial relief to the moving party in the context of a third-party subpoena).