# EXHIBIT A

| | |
|---|---|
| **From:** | Alter-AI-TT@simplelists.susmangodfrey.com on behalf of Geman, Rachel |
| **To:** | OpenAICopyright; OpenAIcopyrightlitigation.lwteam@lw.com; KVP-OAI |
| **Cc:** | Alter-AI-TT@simplelists.susmangodfrey.com |
| **Subject:** | [EXT] Authors v. OpenAI & Microsoft: Authors Guild Materials |
| **Date:** | Thursday, June 13, 2024 7:45:31 PM |

Counsel:

In our meet and confer earlier this month, you made certain requests to expand discovery of the Authors Guild (AG), which is a plaintiff in this case only insofar as AG is the owner of the registered copyrights in author Mignon Eberhart's works. The AG is not an organizational plaintiff seeking remedies for harm the AG has suffered as an organization.

You took the position that this distinction does not matters for purposes of discovery. However, you have provided no authority to support this on the call or in your June 5 letter.  Cf. *Principal Life Ins. Co. v. Sadr for Alton Laren Fam. Ins. Tr.*, 2011 WL 13356136, at *2 (S.D. Cal. May 5, 2011) (distinguishing between party's role as trustee and as individual for purposes of discovery obligations).

Even if the AG were an organizational plaintiff, it is no more *automatically* subject to organization-wide discovery than any other type of company or organization. *See, e.g., Taylor v. Metro. Transportation Auth.*, No. 18CV1278WHPOTW, 2019 WL 2766502, at *2 (S.D.N.Y. July 2, 2019) (denying company-wide discovery); *Roadbuilders Machinery & Supply Co. v. Sandvik Mining & Construction USA, LLC*, 2023 WL 4156753 at *3 (D. Kan. June 23, 2023) (describing as burdensome and disproportionate requests that "if applied to all of Defendant's business lines over time without limitation are likely to encompass a substantial number of documents *totally irrelevant to the claims and defenses in this case*.") (emphasis added).

With that backdrop, here is our position on AG materials, as stated on the call with respect to most of it:

1. **Relevant materials about Eberhart.** We are producing and/or have produced.

2. **Materials about other authors, who are not plaintiffs, for whom AG or the AG Foundation (which is not a party to this case) owns rights.** We understand there to be about 15 authors in this category, and many of their works are in the public domain. We are unwilling to produce documents related to copyrights that are not asserted in this lawsuit and/or that relate to non-plaintiffs; there is no need for it and you have shown none.

3. **Materials related to the issues in this case and that were addressed in our complaint - such as surveys, licensing, advocacy against theft of copyrighted protected material by LLMs.** We have agreed to produce  relevant, non-privileged, and proportional discovery about these subjects/documents referenced in our complaint, in the hopes of avoiding wasteful motion practice.

4. **Communications between the AG and any plaintiff.** This request is far too overbroad,

disproportionate, and intrusive, especially given certain plaintiffs are members of the AG and have even held positions. The AG has a large set of services and functions, such as insurance, website assistance, peer-to-peer facilitation, legal assistance, etc.—none of which is relevant here.

We hope this provides sufficient clarity.

Best, Rachel

**Rachel Geman**
rgeman@lchb.com
t 212.355.9500
f 212.355.9592
Pronouns: she/her/hers
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
www.lieffcabraser.com

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=GljfkAE4Sps0g3YC05GWwwQKrI8YvKc9