# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, *et al.*, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>OPENAI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br><br>    Defendants. | Case No. 1:23-cv-08292-SHS |
| JONATHAN ALTER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,<br><br>    Defendants. | Case No. 1:23-cv-10211-SHS |

**FICTION AND NONFICTION PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MICROSOFT CORPORATION**

PROPOUNDING PARTY:   Fiction and Nonfiction Plaintiffs

RESPONDING PARTY:    Microsoft Corporation

SET NUMBER:          One

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Fiction and Nonfiction Plaintiffs request that Defendant Microsoft Corporation ("Microsoft") respond to the

following First Set of Requests for Production of Documents ("Requests"). Responses to these Requests, as well as any responsive documents, shall be delivered to, or made available for inspection and copying at, the offices of Lieff, Cabraser, Heimann & Bernstein, LLP, 250 Hudson Street, 8th Floor, New York, NY 10013, or at another place mutually agreed upon by the parties, within thirty (30) days of the date of service or as otherwise mutually agreed by the parties. Plaintiffs are amenable to an electronic production, subject to agreement by the parties.

In accordance with Rule 34(b), Microsoft shall provide written responses to the following Requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in these Requests. In accordance with Rule 26(e), Microsoft shall supplement or correct its responses or productions as necessary.

**I.    DEFINITIONS**

1. ACTIONS means the above captioned litigation, *Authors Guild et al. v. Open AI Inc. et al.*, No. 1:23-cv-08292-SHS (S.D.N.Y.) (opened Sept. 19, 2023 and amended December 5, 2023), and *Alter et al. v. OpenAI et al.*, No / 1:23-cv-10211-SHS (S.D.N.Y.) (opened Nov. 21, 2023, and amended Dec. 19, 2023).

2. AMENDED COMPLAINTS means the complaints in this ACTIONS filed at Fiction Docket No. 40 and Nonfiction Docket No. 26.

3. CHATGPT means all consumer-facing versions of the chatbot application OpenAI released in November 2022 (and discussed in paragraphs 78-83 of the Fiction Amended Complaint (Fiction Docket No. 40)) and any LLM underlying those consumer-facing applications.

4. FICTION CLASS WORKS has the same meaning as the term defined in paragraph 321 of the Fiction Amended Complaint (Fiction Docket No. 40)

5. NONFICTION CLASS WORKS means the literary works included in the propose class definition in Paragraph 109 of the Nonfiction Amended Complaint (Nonfiction Docket No. 26).

6. COMMUNICATIONS means the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information and INCLUDES correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, mail, email, exchanges of recorded information, and postings of any type. COMMUNICATIONS INCLUDES instances where one party disseminates information that the other party receives but does not respond to.

7. CONCERN means be the subject of, make reference to, comment on, discuss, describe, identify, or contain text or images about the stated topic.

8. DOCUMENTS means all materials within the scope of Federal Rule of Civil Procedure 34 INCLUDING all writings and recordings, INCLUDING the originals, drafts and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (INCLUDING email and attachments, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, interoffice and intra-office communications, instant messages, chats, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (INCLUDING photographs, charts, microfiche, microfilm,

videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical, or electric records or representations of any kind (INCLUDING computer files and programs, tapes, cassettes, discs, and recordings), INCLUDING METADATA.

9. ELECTRONICALLY STORED INFORMATION (ESI) refers to information and DOCUMENTS within the full scope of Federal Rule of Civil Procedure 34—with all METADATA intact—created, manipulated, communicated, stored, and best utilized in electronic or other digital form, and stored on electronic media. Examples of ESI INCLUDE e-mail, messages posted on electronic message boards, forum postings, support tickets, videos, discussion boards, data, source code, websites, Microsoft Word files, Microsoft Excel files, and instant messages.

10. INCLUDING means including but not limited to.

11. LARGE LANGUAGE MODEL or LLM has the same meaning as it does in the Fiction Amended Complaint (Fiction Docket No. 40, which discusses and defines that term in paragraphs 56 through 70.

12. METADATA refers to structured information about an electronic file that is embedded in the file, describing the characteristics, origins, usage, and validity of the electronic file.

13. MICROSOFT, or YOU means Microsoft Corporation and any of its directors, officers, employees, partners, members, representatives, agents (INCLUDING attorneys, accountants, consultants, investment advisors or bankers), and any other person acting or purporting to act on their behalf, as well as corporate parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, or any other entity acting or purporting to act on its behalf.

14. OPENAI means the entities addressed in paragraphs 29 through 48 of the Fiction Amended Complaint (Fiction Docket No. 40) and any of their directors, officers, employees, partners, members, representatives, agents (INCLUDING attorneys, accountants, consultants, investment advisors or bankers), and any other person acting or purporting to act on their behalf, as well as corporate parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, or any other entity acting or purporting to act on their behalf.

15. PLAINTIFFS means the plaintiffs in the ACTIONS named in the AMENDED COMPLAINTS.

16. RELATE TO means refer to, respond to, describe, evidence, or constitute, in whole or in part.

## II.  RELEVANT TIME PERIOD

The relevant time period is January 1, 2018 through the present ("Relevant Time Period"), unless otherwise specifically indicated, and shall INCLUDE all DOCUMENTS and any other information relating to such period, even though prepared or published outside of the Relevant Time Period. If a DOCUMENT prepared before the Relevant Time Period is necessary for a correct or complete understanding of any DOCUMENT covered by any of these Requests, please provide the earlier DOCUMENT as well. If any DOCUMENT is undated and the date of its preparation cannot be determined, please produce the DOCUMENT if it is otherwise responsive to any Request.

## III.  INSTRUCTIONS

1. The production by one person, party, or entity of a DOCUMENT does not relieve another person, party, or entity from the obligation to produce his, her, or its own copy of that DOCUMENT.

2. Produce DOCUMENTS not otherwise responsive to these Requests if such DOCUMENTS RELATE TO the DOCUMENTS that are called for by these Requests, or if such DOCUMENTS are attached to DOCUMENTS called for by these Requests.

3. Produce each DOCUMENT requested herein in its entirety and without deletion, excisions, redaction, or other modification regardless of whether YOU consider the entire document to be relevant or responsive.

4. If any DOCUMENT is known to have existed but no longer exists, has been destroyed, or is otherwise unavailable, identify the DOCUMENT, the reason for its loss, destruction, or unavailability, the name of each person known or reasonably believed by MICROSOFT to have had possession, custody, or control of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the DOCUMENT.

5. If no DOCUMENTS responsive to a particular Request exist, state that no responsive DOCUMENTS exist.

6. If YOU assert that any of the DOCUMENTS and things requested are protected from discovery by attorney-client privilege, the attorney work product doctrine, or any other evidentiary privilege, specify for each DOCUMENT (1) the grounds asserted as the reason for non-production; (2) the date the document was prepared; (3) the identity of the attorney(s) who drafted or received the Document(s) (if attorney-client privilege or attorney work product protection is claimed); (4) the identity of the parties who prepared or received the document; and (5) the nature of the document.

7. Construe the conjunctions "and" and "or" non-restrictively or non-exclusively if doing so would bring within the scope of these Requests DOCUMENTS that might otherwise be construed to be outside of their scope.

8.      Construe the use of the singular to include the plural; the use of the masculine, feminine, or neuter gender to include the others; and the use of one form of the verb to include the others if doing so would bring within the scope of these Requests DOCUMENTS that might otherwise be construed to be outside of their scope.

## RESPONSE TO REQUESTS FOR PRODUCTION

### Microsoft's Involvement in OpenAI

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS sufficient to demonstrate that YOU are an investor in OPENAI, when you became an investor in OPENAI, and YOUR percentage stake in OPENAI.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to identify the timeline of YOUR investments in OPENAI and the internal DOCUMENTS YOU prepared or relied on in connection with each investment.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS and COMMUNICATIONS sufficient to identify DOCUMENTS RELATING TO the allegations in the AMENDED COMPLAINTS that YOU have received or to which YOU have access.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to identify each person within MICROSOFT who participated in or was consulted CONCERNING the creation, development, design or production of CHATGPT.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS sufficient to identify the title and qualifications of each person identified pursuant to Request No. 4 above.

**REQUEST FOR PRODUCTION NO. 6:**

A copy of the most current curriculums vitae for each person identified in response to Request No. 5 above.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS and COMMUNICATIONS sufficient to ascertain YOUR valuation of YOUR investment in OPENAI, at annual intervals, from 2018 to the present.

### Already-Gathered Material

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS that YOU, as of the date of these Requests, have already gathered or collected to submit to any legislative or executive agency, committee, or other governmental entity in the United States that CONCERN or RELATE TO the allegations in the AMENDED COMPLAINTS, INCLUDING the written testimony and responses to questions for the record from Brad Smith, the Vice Chair and President of Microsoft, to the US Senate Judiciary Committee.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS that YOU, as of the date these Requests, have already gathered or collected in support of the DOCUMENTS referred to in Request No. 7, or on which the DOCUMENTS referred to in Request No. 7 rely.

### Microsoft Statements

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to substantiate the statement made by MICROSOFT CEO Satya Nadella that the "heavy lifting" for OPENAI's LLM "training" was done by MICROSOFT "compute infrastructure," as detailed in paragraph 119 of the AMENDED COMPLAINT.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to substantiate the statements made by YOUR CEO Satya Nadella RELATED TO YOUR ownership of "significant rights" and "all IP rights" in OPENAI, as detailed in paragraphs 53-54 of the AMENDED COMPLAINT.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS sufficient to show YOUR interest in any intellectual property developed or practiced by OPENAI in connection with its LLM products.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS RELATED TO the statement made by MICROSOFT CEO Satya Nadella that Microsoft has "significant rights" in OpenAI and that "We [MICROSOFT] are below them [OPENAI], above them, around them," as detailed in paragraph 53 of the AMENDED COMPLAINT.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS RELATED TO the statement made by MICROSOFT CEO Satya Nadella that "We [MICROSOFT] have all the IP rights and all the capability. If OpenAI disappeared tomorrow, I don't want any customer of ours to be worried about it quite honestly, because we have all of the rights to continue the innovation. Not just to serve the product, but we can go and just do what we were doing in partnership ourselves. We have the people, we have the compute, we have the data, we have everything," as detailed in paragraph 54 of the AMENDED COMPLAINT.

**Plaintiffs**

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS and COMMUNICATIONS CONCERNING or RELATING TO PLAINTIFFS or CLASS WORKS.

**Contributory Infringement**

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS and COMMUNICATIONS CONCERNING or RELATING TO YOUR right to supervise, direct, and/or control the training of CHATGPT.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS and COMMUNICATIONS CONCERNING or RELATING TO the use of commercial works of fiction to train CHATGPT.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS and COMMUNICATIONS CONCERNING or RELATING TO the use of commercial works of nonfiction to train CHATGPT.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS sufficient to determine any manner in which any published works of fiction or nonfiction, in whole or in part, in any form, format, or language, reside in, are otherwise stored by CHATGPT.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to determine any manner in which CHATGPT can reference or access any published works of fiction or nonfiction, in whole or in part, in any form, format, or language.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to determine any manner in which any LLM operated by OPENAI has referenced or accessed any published works of fiction or nonfiction, in whole or in part, in any form, format, or language.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the ELECTRONICALLY STORED INFORMATION through which YOU accessed commercial works of fiction and/or nonfiction, INCLUDING FICTION CLASS WORKS AND NONFICTION CLASS WORKS, to train CHATGPT.

**REQUEST FOR PRODUCTION NO. 23:**

DOCUMENTS and COMMUNICATIONS reflecting or discussing how YOU or OPENAI accessed any commercial works of fiction or nonfiction, INCLUDING FICTION CLASS WORKS AND NONFICTION CLASS WORKS, used to train CHATGPT.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to identify all policies, procedures, or practices YOU or OPENAI had in place at any time to ensure that training CHATGPT did not infringe on or otherwise violate another party's intellectual property rights.

**REQUEST FOR PRODUCTION NO. 25:**

DOCUMENTS and COMMUNICATIONS sufficient to identify any rights clearance efforts undertaken RELATED TO the material used to train CHATGPT including, but not limited to, copyright searches and license requests.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS and COMMUNICATIONS between YOU and OPENAI related to the contents of the training dataset used to train CHATGPT.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS and COMMUNICATIONS between YOU and OPENAI related to the process of collecting, maintaining, and using data to train CHATGPT, including the number of reproductions made of training data in the course of training CHATGPT.

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS CONCERNING or RELATING TO any complaints YOU have received regarding YOUR use of potentially copyrighted material in training CHATGPT.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS CONCERNING or RELATING TO YOUR policies or procedures CONCERNING or RELATING TO receiving, processing, or responding to complaints regarding YOUR use of potentially copyrighted material in training CHATGPT.

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS and COMMUNICATIONS reflecting or discussing any instances, or alleged instances, in which CHATGPT directly reproduced potentially copyrighted material.

**REQUEST FOR PRODUCTION NO. 31:**

DOCUMENTS and COMMUNICATIONS reflecting or discussing your response to any instances, or alleged instances, in which CHATGPT directly reproduced potentially copyrighted material.

**REQUEST FOR PRODUCTION NO. 32:**

DOCUMENTS CONCERNING or RELATING TO any responses YOU have made to the complaints or instances described in Request Nos. 22 through 24.

**REQUEST FOR PRODUCTION NO. 33:**

DOCUMENTS and COMMUNICATIONS exchanged between YOU and OPENAI CONCERNING the use of purportedly copyrighted material in training CHATGPT.

**Microsoft's Corporate Structure as Relevant to Issues in the Case**

**REQUEST FOR PRODUCTION NO. 34:**

DOCUMENTS sufficient to identify the aspects of YOUR corporate structure as relevant to YOUR investment in, involvement in, and monitoring of OPENAI and to the use of CHATPGPT at MICROSOFT.  As to those discrete areas, Plaintiffs request YOUR corporate structure, INCLUDING, but not limited to, any DOCUMENTS identifying parent companies, divisions, subsidiaries, affiliates, trade names, fictitious entities, holding companies, related business entities and/or current directors and officers, as it existed at any time during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 35:**

DOCUMENTS sufficient to identify YOUR current and former officers, directors, managers, employees and consultants with knowledge of CHATGPT, business practices regarding the same, and commercial use of CHATGPT.

**REQUEST FOR PRODUCTION NO. 36:**

DOCUMENTS sufficient to show the roles and responsibilities of and/or supervisory relationship between YOUR current and former officers, directors, managers, employees and

consultants and CHATGPT, business practices regarding the same, and commercial use of regarding the same.

## Microsoft's Hiring OpenAI Employees

**REQUEST FOR PRODUCTION NO. 37:**

DOCUMENTS and COMMUNICATIONS RELATED TO the hiring of OPENAI CEO Sam Altman on or around November 20, 2023, INCLUDING the roles and responsibilities to which YOU and Mr. Altman agreed.

**REQUEST FOR PRODUCTION NO. 38:**

DOCUMENTS and COMMUNICATIONS RELATED TO the hiring of OPENAI employees other than OPENAI CEO Sam Altman in November 2023, INCLUDING the roles and responsibilities to which said employees had agreed.

## Licensing and Remedy

**REQUEST FOR PRODUCTION NO. 39:**

DOCUMENTS and COMMUNICATIONS sufficient to identify any efforts to mitigate and/or remedy instances in which YOU purportedly used copyrighted material without permission in training CHATGPT.

**REQUEST FOR PRODUCTION NO. 40:**

DOCUMENTS and COMMUNICATIONS sufficient to show any deals, contracts, agreements, negotiations, memoranda of understanding, or deal points, whether finalized or not, whether accepted or not, in executed, draft form, or otherwise, CONCERNING the licensing or purchase of data, INCLUDING data derived from or about books, to train CHATGPT.

Dated: January 24, 2024

Respectfully submitted,

*/s/ Rachel Geman*
Rachel Geman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
rgeman@lchb.com

Reilly T. Stoler (*pro hac vice forth coming*)
Wesley Dozier (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
rstoler@lchb.com
wdozier@lchb.com

/s/ *Justin Nelson*
Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: 713-651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: 310-789-3100
rnath@susmangodfrey.com

J. Craig Smyser
SUSMAN GODFREY L.L.P.
1901 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: 212-336-8330
csmyser@susmangodfrey.com

*/s/ Scott Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Telephone: 212.974.7474
ssholder@cdas.com
ccole@cdas.com

*Attorneys for Plaintiffs and the Proposed Classes*

- 15 -

**PROOF OF SERVICE VIA ELECTRONIC MAIL**

On January 24, 2024, per the parties' agreements, I directed the following document to be served via electronic mail:

**FICTION AND NONFICTION PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MICROSOFT CORPORATION**

upon: ahurst@orrick.com; ccariello@orrick.com, mrshapiro@orrick.com,

openaicopyrightlitigation.lwteam@lw.com, and OpenAICopyright@mofo.com


*/s/ Rachel Geman*
Rachel Geman