# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>OPEN AI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI, LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br><br>    Defendants. | <u>Consolidated Cases:</u><br>Case No. 1:23-cv-08292-SHS<br>Case No. 1:23-cv-10211-SHS<br>Case No. 1:24-cv-00084-SHS |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>OPENAI, INC., OPENAI OPCO LLC, OPENAI GP, LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br><br>    Defendants. | |

NICHOLAS A. BASBANES and NICHOLAS
NGAGOYEANES (professionally known as
Nicholas Gage), individually and on behalf of
all others similarly situated,

Plaintiffs,

v.

MICROSOFT CORPORATION, OPENAI,
INC., OPENAI GP, L.L.C., OPENAI
HOLDINGS, LLC, OAI CORPORATION,
LLC, OPENAI GLOBAL, LLC, OPENAI,
L.L.C., and OPENAI OPCO, LLC,

Defendants.

## DEFENDANT MICROSOFT CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Microsoft Corporation ("Microsoft") responds to Fiction and Nonfiction Plaintiffs' First Set of Requests for Production of Documents ("Requests") as follows:

## GENERAL OBJECTIONS

Microsoft's responses are subject to the following objections to the "Definitions" and "Instructions" provided with the Requests, each of which is hereby incorporated by reference into Microsoft's responses below. If Microsoft objects to a definition of a term and that term is used in the definition of a subsequent term, Microsoft's objections to the term used in the subsequent definition are incorporated by reference therein.

1.      Microsoft objects to the definition of the terms "Microsoft" and "You" on the ground that they are overly broad, unduly burdensome, not proportional to the needs of the case, seek information that is privileged or immune from discovery, and include persons or entities over which Microsoft has no control and, therefore, Microsoft does not have possession, custody, or control of information of any such persons or entities. Microsoft will interpret each of these terms to mean Microsoft Corporation.

2.      Microsoft objects to the definition of "OpenAI" on the ground that it is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it includes entities other than the OpenAI entities listed as Defendants and persons other than the OpenAI Defendants' present and former officers, directors, and employees acting in that capacity. For purposes of responding to the Requests, Microsoft will construe the term "OpenAI" to only include the OpenAI Defendants and their present and former officers, directors, and employees, acting in that capacity.

3.      Microsoft objects to the definition of "Large Language Model" or "LLM" on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it includes generative artificial intelligence models that are not identified in the First Consolidated Class Action Complaint filed at Fiction Docket, No. 1:23-cv-08292-SHS, ECF No. 69 (the "Consolidated Complaint"). Microsoft will interpret this phrase to mean the specific generative artificial intelligence models identified in the Consolidated Complaint: GPT-3, GPT-3.5 and GPT-4.

4.      Microsoft objects to the definition of "ChatGPT" on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it includes any consumer-facing applications developed by OpenAI that are not specifically identified in the Consolidated Complaint and to the extent that it incorporates the definition of "LLM." Microsoft will interpret this term to mean the specific consumer-facing applications developed by OpenAI, and in which the underlying LLM includes those set forth above, identified in the Consolidated Complaint: ChatGPT, ChatGPT Plus, and ChatGPT Enterprise.

5.      Microsoft objects to each of the Requests as vague and ambiguous because many of the Requests imply, suggest and/or assume that Microsoft trained or otherwise developed

OpenAI's models. Microsoft did not train ChatGPT, does not possess the training datasets OpenAI used to train ChatGPT, and is unaware of the contents of the training datasets used by OpenAI to train ChatGPT. Microsoft will not search for or produce documents in response to Requests that imply, suggest and/or assume that Microsoft trained or otherwise developed OpenAI's models.

6.    Microsoft objects to each Request to the extent it seeks information or documents that are subject to the attorney-client privilege, work product doctrine, joint defense privilege, common interest protection, or any other applicable privilege, immunity, or protection provided by law, or that are trial preparation materials (collectively "Privileged Materials"). Privileged Materials will not be produced.

7.    Microsoft objects to all "Definitions and "Instructions" as overly broad, unduly burdensome, and not proportional to the needs of the case because they seek to impose upon Microsoft burdens in addition to or inconsistent with those set forth in the Federal Rules of Civil Procedure; the Local Rules of this Court, especially Local Civil Rule 26.3, which provides for uniform definitions in discovery requests; and any other applicable rules or laws. Microsoft will interpret these Definitions and Instructions as not requiring Microsoft to perform unreasonable searches, not requiring cumulative or duplicative discovery, and not requiring Microsoft to exceed the obligations set forth in the applicable rules and laws.

8.    Microsoft objects to the production of electronically stored information ("ESI") prior to entry of a Protective Order and Stipulation & Order Regarding Discovery of Electronically Stored Information ("ESI Order") in these Actions. Microsoft will produce ESI pursuant to the terms of the ESI Order to be agreed by the parties and entered by the Court in these Actions.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS sufficient to demonstrate that YOU are an investor in OPENAI, when you became an investor in OPENAI, and YOUR percentage stake in OPENAI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents sufficient to demonstrate that Microsoft is an investor in OpenAI, when Microsoft became an investor in OpenAI, and Microsoft's percentage stake in OpenAI. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to identify the timeline of YOUR investments in OPENAI and the internal DOCUMENTS YOU prepared or relied on in connection with each investment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents sufficient to identify the timeline of Microsoft's investments in OpenAI and the non-privileged internal documents Microsoft prepared or relied on in connection with each investment. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS and COMMUNICATIONS sufficient to identify DOCUMENTS RELATING TO the allegations in the AMENDED COMPLAINTS that YOU have received or to which YOU have access.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above set forth above. Microsoft objects to this Request for "Communications" and states that any email communications will only be produced pursuant to the custodial discovery provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request as vague and overbroad because it seeks documents that identify other documents that relate to each and every thing referenced in the allegations of the amended complaints, without regard to whether the thing referenced in the allegations is relevant to Plaintiffs' claims in these Actions, and because the request for documents that merely identify other documents relating to allegations that are broad and potentially irrelevant or minimally relevant in scope are disproportionate to the needs of the case. For these same reasons, Microsoft does not understand the scope of this request.

Given Microsoft's lack of understanding of what this request seeks, and the potential burden and lack of relevance of this Request, Microsoft will not currently be producing documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to identify each person within MICROSOFT who participated in or was consulted CONCERNING the creation, development, design or production of CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this request as overly broad and unduly burdensome, and therefore not proportional to the needs of the case, because it seeks the identification of each person within Microsoft who participated in or was consulted in any way concerning the creation, development, design, or production of ChatGPT without limitation and without regard to whether such persons were involved to a degree in which they may possess information that is relevant to these Actions. Microsoft further objects to this Request to the extent it assumes that Microsoft was involved with the creation, development, design, or production of OpenAI's models or applications identified in the Consolidated Complaint.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to identify each person within Microsoft who participated in or was consulted concerning the creation, development, design or production of ChatGPT to the extent that such persons exist and are likely to possess relevant information for the purposes of these Actions. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS sufficient to identify the title and qualifications of each person identified pursuant to Request No. 4 above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request to the extent is seeks, through the request for "qualifications," confidential and private information of Microsoft personnel that is

minimally relevant to any party's claim or defense and therefore not proportional to the needs of the case.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents that are sufficient to identify the title and qualifications of persons identified in response to Request No. 4, if any. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

## REQUEST FOR PRODUCTION NO. 6:

A copy of the most current curriculums vitae for each person identified in response to Request No. 5 above.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce a copy of the most current curriculums vitae for each person identified in response to Request No. 5, if any, to the extent such documents exist. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

## REQUEST FOR PRODUCTION NO. 7:

DOCUMENTS and COMMUNICATIONS sufficient to ascertain YOUR valuation of YOUR investment in OPENAI, at annual intervals, from 2018 to the present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request for "Communications" and states that any email communications will only be produced pursuant to the custodial discovery

provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request as vague and ambiguous with respect to "Your valuation of Your investment" as used in this Request. Microsoft will interpret this term to mean Microsoft's data, analyses, calculations, or otherwise sufficient information to show Microsoft's financial assessments of its investments in OpenAI.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents sufficient to show Microsoft's valuation of its investments in OpenAI at annual intervals, to the extent such documents exist. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS that YOU, as of the date of these Requests, have already gathered or collected to submit to any legislative or executive agency, committee, or other governmental entity in the United States that CONCERN or RELATE TO the allegations in the AMENDED COMPLAINTS, INCLUDING the written testimony and responses to questions for the record from Brad Smith, the Vice Chair and President of Microsoft, to the US Senate Judiciary Committee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this request as vague and ambiguous with respect to the phrase "gathered and collected to submit" and interprets this phrase as "submitted." Microsoft further objects to this Request as vague and overbroad because it seeks documents that relate to each and every thing referenced in the allegations of the amended complaints and

submitted to any government entity without regard to whether the thing referenced in the allegations or the submission is relevant to Plaintiffs' claims in these Actions.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents that Microsoft has submitted to a governmental entity in the United States that pertain to LLMs, as defined in Microsoft's General Objections, and/or that constitute the written testimony and responses to questions for the record from Brad Smith, the Vice Chair and President of Microsoft, to the United States Senate Judiciary Committee. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS that YOU, as of the date these Requests, have already gathered or collected in support of the DOCUMENTS referred to in Request No. 7, or on which the DOCUMENTS referred to in Request No. 7 rely.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft further objects to this Request as vague and ambiguous because it is unclear whether this Request is intended to Refer to Request No. 7 (which does not seek "already-gathered material") or Request No. 8 (which seeks "already-gathered material"). For purposes of its response, Microsoft interprets this Request as referring to Request No. 8.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents that Microsoft has already gathered or collected in support of documents submitted to a governmental entity in the United States that pertain to the allegations in the Consolidated Complaint and that are relevant to

Plaintiffs' claims in the Consolidated Complaint. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to substantiate the statement made by MICROSOFT CEO Satya Nadella that the "heavy lifting" for OPENAI's LLM "training" was done by MICROSOFT "compute infrastructure," as detailed in paragraph 119 of the AMENDED COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request as vague and ambiguous because the Amended Complaint to which this Request refers to is not identified. Microsoft will interpret this Request as referring to the Amended Complaint filed at Fiction Docket No. 40. Microsoft further objects to this Request as a mischaracterization to the extent that it implies that Microsoft admitted to training or otherwise developing OpenAI's models. Microsoft did not train ChatGPT, does not possess the training datasets OpenAI used to train ChatGPT, and is unaware of the contents of the training datasets used by OpenAI to train ChatGPT.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, pertaining to Microsoft's development of the compute infrastructure used by OpenAI. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to substantiate the statements made by YOUR CEO Satya Nadella RELATED TO YOUR ownership of "significant rights" and "all IP rights" in OPENAI,

as detailed in paragraphs 53-54 of the AMENDED COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request as vague and ambiguous because the Amended Complaint to which this Request refers to is not identified. Microsoft will interpret this Request as referring to the Amended Complaint filed at Fiction Docket No. 40.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents sufficient to show the extent of Microsoft's intellectual property rights in the OpenAI models or applications identified in the Consolidated Complaint under the circumstances that Mr. Nadella was addressing at the time of these statements. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS sufficient to show YOUR interest in any intellectual property developed or practiced by OPENAI in connection with its LLM products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request as vague and ambiguous with respect to "Your interest" as used in this Request because it requires speculation as to the scope and meaning of this Request. Microsoft interprets "interest" in this Request to mean "ownership interest." Microsoft objects to this Request as cumulative and duplicative of Request No. 11, and incorporates its response to Request No. 11 as if fully set forth herein.

Subject to these objections, Microsoft responds as follows: Microsoft will produce the

documents as stated in response to Request No. 11.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS RELATED TO the statement made by MICROSOFT CEO Satya Nadella that Microsoft has "significant rights" in OpenAI and that "We [MICROSOFT] are below them [OPENAI], above them, around them," as detailed in paragraph 53 of the AMENDED COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request as vague and ambiguous on the ground that the Amended Complaint to which this Request refers to is not identified. Microsoft will interpret this Request as referring to the Amended Complaint filed at Fiction Docket No. 40. Microsoft also objects to this Request as cumulative and duplicative of Request No. 11.

Subject to these objections, Microsoft responds as follows: Microsoft will produce the documents as stated in response to Request No. 11.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS RELATED TO the statement made by MICROSOFT CEO Satya Nadella that "We [MICROSOFT] have all the IP rights and all the capability. If OpenAI disappeared tomorrow, I don't want any customer of ours to be worried about it quite honestly, because we have all of the rights to continue the innovation. Not just to serve the product, but we can go and just do what we were doing in partnership ourselves. We have the people, we have the compute, we have the data, we have everything," as detailed in paragraph 54 of the AMENDED COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request as vague and ambiguous on the ground that the Amended Complaint to which this Request refers to is not identified. Microsoft will interpret this Request as referring to the Amended Complaint filed at Fiction Docket No. 40.

Subject to these objections, Microsoft responds as follows: Microsoft will produce the documents as stated in response to Request No. 11.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS and COMMUNICATIONS CONCERNING or RELATING TO PLAINTIFFS or CLASS WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request for "Communications" and states that any email communications will only be produced pursuant to the custodial discovery provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request as vague and ambiguous with respect to the phrase "Class Works" because that term is defined in the Consolidated Complaint as "[a]ny work of fiction, the text of which has been, or is being, used by Defendants to 'train' one or more of Defendants' large language models." Microsoft did not train OpenAI's models, does not possess the training datasets OpenAI used to train its models, and is unaware of the contents of the training datasets used by OpenAI to train its models. Because Microsoft did not train OpenAI's models, Microsoft lacks knowledge of what constitutes documents and communications concerning or relating to "Class Works." Microsoft further objections to this Request as overly broad, unduly burdensome, and disproportionate to the needs

of the case because it seeks all documents and communications concerning Plaintiffs or Class Works without regard to relevance to any party's claim or defense, and producing documents concerning a Plaintiff or Class Work that has no relationship to the issues in these Actions (*e.g.* a Microsoft account or purchase associated with a Plaintiff, or a reference to a Plaintiff or Class Work but not related to LLMs) is disproportionate to the needs of the case and outside the scope of relevance. To the extent documents and communications responsive to this Request are relevant and not disproportionate, this Request is cumulative and duplicative of Request Nos. 17–21.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently be searching for and producing documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

## REQUEST FOR PRODUCTION NO. 16:

DOCUMENTS and COMMUNICATIONS CONCERNING or RELATING TO YOUR right to supervise, direct, and/or control the training of CHATGPT.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request for "Communications" and states that any email communications will only be produced pursuant to the custodial discovery provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request to the extent it assumes that Microsoft trained or otherwise developed, or has any right to supervise, direct, and/or control the training of, OpenAI's models or applications identified in the Consolidated Complaint; Microsoft did not train ChatGPT and does not have any right to supervise, direct, and/or control such training.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a

reasonable search and produce responsive, nonprivileged documents and communications, if any, pertaining to Microsoft's right, or lack thereof, to supervise, direct, or control the training of ChatGPT. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS and COMMUNICATIONS CONCERNING or RELATING TO the use of commercial works of fiction to train CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request for "Communications" and states that any email communications will only be produced pursuant to the custodial discovery provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request to the extent it assumes that Microsoft trained or otherwise developed OpenAI's models or applications identified in the Consolidated Complaint. Microsoft did not train ChatGPT, does not possess the training datasets OpenAI used to train ChatGPT, and is unaware of the contents of the training datasets used by OpenAI to train ChatGPT.

Subject to these objections, Microsoft responds as follows: Microsoft states that based on its reasonable investigation to date, it is not aware of any documents responsive to this Request that are in Microsoft's possession, custody, or control because Microsoft did not train ChatGPT.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS and COMMUNICATIONS CONCERNING or RELATING TO the use of commercial works of nonfiction to train CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request for "Communications" and states that any email communications will only be produced pursuant to the custodial discovery provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request to the extent it assumes that Microsoft trained or otherwise developed OpenAI's models or applications identified in the Consolidated Complaint. Microsoft did not train ChatGPT, does not possess the training datasets OpenAI used to train ChatGPT, and is unaware of the contents of the training datasets used by OpenAI to train ChatGPT.

Subject to these objections, Microsoft responds as follows: Microsoft states that based on its reasonable investigation to date, it is not aware of any documents responsive to this Request that are in Microsoft's possession, custody, or control because Microsoft did not train ChatGPT.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS sufficient to determine any manner in which any published works of fiction or nonfiction, in whole or in part, in any form, format, or language, reside in, are otherwise stored by CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request to the extent it assumes that Microsoft trained or otherwise developed OpenAI's models or applications identified in the Consolidated Complaint. Microsoft did not train ChatGPT, does not possess the training datasets OpenAI used to train ChatGPT, and is unaware of the contents of the training datasets used by OpenAI to train ChatGPT. Microsoft also objects to this Request as vague and ambiguous with

respect to "published works of fiction or nonfiction, in whole or in part, in any form, format, or language" as used in this Request on the ground that it requires speculation as to the scope and meaning of this Request. Microsoft further objects to this Request as seeking information that is irrelevant and not proportional to the needs of the case because it seeks information pertaining to works that are outside of the scope of the Class Definitions as defined in the Consolidated Complaint, including works in which no copyright was registered with the United States Copyright Office, and as such are not relevant to any party's claim or defense.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents and communications, if any, pertaining to the manner in which Fiction Class Works, Eligible Fiction Copyrights, Nonfiction Class Works, and Eligible Nonfiction Copyrights, as defined in paragraphs 394, 395, 397, and 398 of the Consolidated Complaint, reside in or are otherwise stored by ChatGPT, to the extent such documents exist and are in Microsoft's possession, custody, or control. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to determine any manner in which CHATGPT can reference or access any published works of fiction or nonfiction, in whole or in part, in any form, format, or language.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request to the extent it assumes that Microsoft trained or otherwise developed OpenAI's models or applications identified in the Consolidated Complaint. Microsoft did not train ChatGPT, does not possess the training datasets

OpenAI used to train ChatGPT, and is unaware of the contents of the training datasets used by OpenAI to train ChatGPT. Microsoft also objects to this Request as vague and ambiguous with respect to "published works of fiction or nonfiction, in whole or in part, in any form, format, or language" as used in this Request on the ground that it requires speculation as to the scope and meaning of this Request. Microsoft further objects to this Request as seeking information that is irrelevant and not proportional to the needs of the case because it seeks information pertaining to works that are outside of the scope of the Class Definitions as defined in the Consolidated Complaint, including works in which no copyright was registered with the United States Copyright Office, and as such are not relevant to any party's claim or defense.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, pertaining to the manner in which ChatGPT can reference or access Fiction Class Works, Eligible Fiction Copyrights, Nonfiction Class Works, and Eligible Nonfiction Copyrights, as defined in paragraphs 394, 395, 397, and 398 of the Consolidated Complaint, to the extent such documents exist and are in Microsoft's possession, custody, or control. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to determine any manner in which any LLM operated by OPENAI has referenced or accessed any published works of fiction or nonfiction, in whole or in part, in any form, format, or language.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request to the extent it assumes that

Microsoft trained or otherwise developed OpenAI's models or applications identified in the Consolidated Complaint or assumes Microsoft possesses information about "any LLM operated by OPENAI." Microsoft also objects to this Request as vague and ambiguous with respect to "published works of fiction or nonfiction, in whole or in part, in any form, format, or language" as used in this Request on the ground that it requires speculation as to the scope and meaning of this Request. Microsoft further objects to this Request as seeking information that is irrelevant and not proportional to the needs of the case because it seeks information pertaining to OpenAI LLMs that are not identified in the Consolidated Complaint and works that are outside of the scope of the Class Definitions as defined in the Consolidated Complaint, including works in which no copyright was registered with the United States Copyright Office, and as such are not relevant to any party's claim or defense.

Subject to these objections, Microsoft responds as follows: Microsoft states that based on its reasonable investigation to date, it is not aware of any documents responsive to this Request that are in Microsoft's possession, custody, or control because Microsoft did not train ChatGPT or any OpenAI LLM.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS and COMMUNICATIONS sufficient to identify the ELECTRONICALLY STORED INFORMATION through which YOU accessed commercial works of fiction and/or nonfiction, INCLUDING FICTION CLASS WORKS AND NONFICTION CLASS WORKS, to train CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request for "Communications" and states

that any email communications will only be produced pursuant to the custodial discovery provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request to the extent it assumes that Microsoft trained or otherwise developed OpenAI's models or applications identified in the Consolidated Complaint. Microsoft did not train ChatGPT, does not possess the training datasets OpenAI used to train ChatGPT, and is unaware of the contents of the training datasets used by OpenAI to train ChatGPT.

Subject to these objections, Microsoft responds as follows: Microsoft states that based on its reasonable investigation to date, it is not aware of any documents responsive to this Request that are in Microsoft's possession, custody, or control because Microsoft did not train ChatGPT or any OpenAI LLM.

**REQUEST FOR PRODUCTION NO. 23:**

DOCUMENTS and COMMUNICATIONS reflecting or discussing how YOU or OPENAI accessed any commercial works of fiction or nonfiction, INCLUDING FICTION CLASS WORKS AND NONFICTION CLASS WORKS, used to train CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request for "Communications" and states that any email communications will only be produced pursuant to the custodial discovery provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request to the extent it assumes that Microsoft trained or otherwise developed OpenAI's models or applications identified in the Consolidated Complaint. Microsoft did not train ChatGPT, does not possess the training datasets OpenAI used to train ChatGPT, and is unaware of the contents of the training datasets used by OpenAI to train ChatGPT. Microsoft objects to this Request as vague and

ambiguous with respect to "commercial works of fiction or nonfiction" as used in this Request on the ground that it requires speculation as to the scope and meaning of this Request. Microsoft objects to this Request as seeking information that is irrelevant and not proportional to the needs of the case because it seeks information pertaining to works of fiction that are outside of the scope of the Class Definitions as defined in the Consolidated Complaint, including works in which no copyright was registered with the United States Copyright Office, and as such are not relevant to any party's claim or defense.

Subject to these objections, Microsoft responds as follows: Microsoft states that based on its reasonable investigation to date, it is not aware of any documents responsive to this Request that are in Microsoft's possession, custody, or control because Microsoft did not train ChatGPT or any OpenAI LLM.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to identify all policies, procedures, or practices YOU or OPENAI had in place at any time to ensure that training CHATGPT did not infringe on or otherwise violate another party's intellectual property rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request to the extent it assumes that Microsoft trained or otherwise developed OpenAI's models or applications identified in the Consolidated Complaint, or had control over how such training was conducted. Microsoft did not train ChatGPT, does not possess the training datasets OpenAI used to train ChatGPT, and is unaware of the contents of the training datasets used by OpenAI to train ChatGPT. Microsoft objects to this Request's temporal scope of "any time" as overly broad and not proportional to the needs of the

case, and will respond to this Request with respect to documents from 2018 to present.

Subject to these objections, Microsoft responds as follows: Microsoft states that based on its reasonable investigation to date, it is not aware of any documents responsive to this Request that are in Microsoft's possession, custody, or control because Microsoft did not train ChatGPT or any OpenAI LLM.

## REQUEST FOR PRODUCTION NO. 25:

DOCUMENTS and COMMUNICATIONS sufficient to identify any rights clearance efforts undertaken RELATED TO the material used to train CHATGPT including, but not limited to, copyright searches and license requests.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request for "Communications" and states that any email communications will only be produced pursuant to the custodial discovery provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request to the extent it assumes that Microsoft trained or otherwise developed OpenAI's models or applications identified in the Consolidated Complaint, or had control over how such training was conducted. Microsoft did not train ChatGPT, does not possess the training datasets OpenAI used to train ChatGPT, and is unaware of the contents of the training datasets used by OpenAI to train ChatGPT. Microsoft also objects to this Request as cumulative and duplicative of Request No. 24, and incorporates its response to that Request as if fully set forth herein.

Subject to these objections, Microsoft responds as follows: Microsoft states that based on its reasonable investigation to date, it is not aware of any documents responsive to this Request that are in Microsoft's possession, custody, or control because Microsoft did not train ChatGPT or

any OpenAI LLM.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS and COMMUNICATIONS between YOU and OPENAI related to the contents of the training dataset used to train CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request for "Communications" and states that any email communications will only be produced pursuant to the custodial discovery provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request to the extent it assumes that Microsoft trained or otherwise developed OpenAI's models or applications identified in the Amended Complaints. Microsoft did not train ChatGPT, does not possess the training datasets OpenAI used to train ChatGPT, and is unaware of the contents of the training datasets used by OpenAI to train ChatGPT.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged communications between Microsoft and OpenAI pertaining to the contents of the training datasets identified in the Consolidated Complaint to the extent such documents or communications exist and are in Microsoft's possession, custody, or control. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

**REQUEST FOR PRODUCTION NO. 27**

DOCUMENTS and COMMUNICATIONS between YOU and OPENAI related to the process of collecting, maintaining, and using data to train CHATGPT, including the number of reproductions made of training data in the course of training CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request for "Communications" and states that any email communications will only be produced pursuant to the custodial discovery provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request to the extent it assumes that Microsoft trained or otherwise developed OpenAI's models or applications identified in the Amended Complaints. Microsoft did not train ChatGPT, does not possess the training datasets OpenAI used to train ChatGPT, and is unaware of the contents of the training datasets used by OpenAI to train ChatGPT.

Subject to these objections, Microsoft responds as follows: Microsoft states that based on its reasonable investigation to date, it is not aware of any documents responsive to this Request that are in Microsoft's possession, custody, or control because Microsoft did not train ChatGPT or any OpenAI LLM.

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS CONCERNING or RELATING TO any complaints YOU have received regarding YOUR use of potentially copyrighted material in training CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request to the extent it assumes that Microsoft trained or otherwise developed OpenAI's models or applications identified in the Amended Complaints. Microsoft did not train ChatGPT, does not possess the training datasets OpenAI used to train ChatGPT, and is unaware of the contents of the training datasets used by OpenAI to train ChatGPT.

Subject to these objections, Microsoft responds as follows: Microsoft states that based on its reasonable investigation to date, it is not aware of any documents responsive to this Request that are in Microsoft's possession, custody, or control because Microsoft did not train ChatGPT.

**REQUEST FOR PRODUCTION NO. 29**

DOCUMENTS CONCERNING or RELATING TO YOUR policies or procedures CONCERNING or RELATING TO receiving, processing, or responding to complaints regarding YOUR use of potentially copyrighted material in training CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request to the extent it assumes that Microsoft trained or otherwise developed OpenAI's models or applications identified in the Amended Complaints. Microsoft did not train ChatGPT, does not possess the training datasets OpenAI used to train ChatGPT, and is unaware of the contents of the training datasets used by OpenAI to train ChatGPT. Microsoft objects to this Request as duplicative of Request No. 28.

Subject to these objections, Microsoft responds as follows: Microsoft states that based on its reasonable investigation to date, it is not aware of any documents responsive to this Request as worded that are in Microsoft's possession, custody, or control because Microsoft did not train ChatGPT.

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS and COMMUNICATIONS reflecting or discussing any instances, or alleged instances, in which CHATGPT directly reproduced potentially copyrighted material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs'

"Definitions" set forth above. Microsoft objects to this Request for "Communications" and states that any email communications will only be produced pursuant to the custodial discovery provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request as overly broad and unduly burdensome, and therefore not proportional to the needs of the case, because it seeks information without regard to whether such documents or communications pertain to the actual or potential copyright status of material produced by ChatGPT.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents and communications reflecting or discussing any instances, or alleged instances, in which ChatGPT reproduced potentially copyrighted material and in which any individual documented or communicated that the material was potentially copyrighted, to the extent such documents exist and are in Microsoft's possession, custody, or control. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

**REQUEST FOR PRODUCTION NO. 31:**

DOCUMENTS and COMMUNICATIONS reflecting or discussing your response to any instances, or alleged instances, in which CHATGPT directly reproduced potentially copyrighted material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request for "Communications" and states that any email communications will only be produced pursuant to the custodial discovery provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request as overly broad and unduly burdensome, and therefore not proportional to the needs of the case

because that it seeks information without regard to whether such documents or communications pertain to the actual or potential copyright status of material produced by ChatGPT. Microsoft also objects to this Request as cumulative and duplicative of Request No. 30 and incorporates its response to that Request as if fully set forth herein.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged communications, if any, reflecting or discussing Microsoft's response to any alleged instances in which ChatGPT directly reproduced potentially copyrighted material and in which any individual documented or communicated that the material was potentially copyrighted, to the extent such documents exist. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

**REQUEST FOR PRODUCTION NO. 32**

DOCUMENTS CONCERNING or RELATING TO any responses YOU have made to the complaints or instances described in Request Nos. 22 through 24.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request as vague and ambiguous as it references complaints or instances described in Request Nos. 22 through 24 in which no complaints or instances are described. Microsoft will assume that this Request is referring to complaints or instances described in Request Nos. 28 through 31. Microsoft further objects to this Request as cumulative and duplicative of Request Nos. 30 and 31 and incorporates its response to those Requests as if fully set forth herein.

Subject to these objections and the objections and scope of Microsoft's responses to Requests Nos. 28 through 31, Microsoft responds as follows: Microsoft will conduct a reasonable

search and produce responsive, nonprivileged documents pertaining to Microsoft's responses to complaints or instances described in Request Nos. 28 through 31 to the extent such documents exist. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

**REQUEST FOR PRODUCTION NO. 33:**

DOCUMENTS and COMMUNICATIONS exchanged between YOU and OPENAI CONCERNING the use of purportedly copyrighted material in training CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request for "Communications" and states that any email communications will only be produced pursuant to the custodial discovery provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request to the extent it assumes that Microsoft trained or otherwise developed OpenAI's models or applications identified in the Amended Complaints. Microsoft did not train ChatGPT, does not possess the training datasets OpenAI used to train ChatGPT, and is unaware of the contents of the training datasets used by OpenAI to train ChatGPT. Microsoft also objects to this Request as duplicative of Request No. 30, and incorporates its response to that Request as if fully set forth herein.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged communications between Microsoft and OpenAI pertaining to the use of purportedly copyrighted material in training ChatGPT to the extent such communications exist. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

**REQUEST FOR PRODUCTION NO. 34:**

DOCUMENTS sufficient to identify the aspects of YOUR corporate structure as relevant to YOUR investment in, involvement in, and monitoring of OPENAI and to the use of CHATPGPT at MICROSOFT. As to those discrete areas, Plaintiffs request YOUR corporate structure, INCLUDING, but not limited to, any DOCUMENTS identifying parent companies, divisions, subsidiaries, affiliates, trade names, fictitious entities, holding companies, related business entities and/or current directors and officers, as it existed at any time during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request as vague and ambiguous with respect to "use of ChatGPT at Microsoft" because it requires speculation as to the scope and meaning of this Request. Microsoft further objects to the phrase "use of ChatGPT at Microsoft" because it is overbroad and unduly burdensome, and could be interpreted to require Microsoft to investigate whether and to what extent its more than 200,000 employees used the service.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents sufficient to identify the aspects of Microsoft's corporate structure that are relevant to Microsoft's investment in and monitoring of OpenAI, if any, to the extent such documents exist. This production will be made on a rolling basis and will be substantially complete by June 14, 2024.

**REQUEST FOR PRODUCTION NO. 35:**

DOCUMENTS sufficient to identify YOUR current and former officers, directors, managers, employees and consultants with knowledge of CHATGPT, business practices regarding

the same, and commercial use of CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this request as overly broad and unduly burdensome, and therefore not proportional to the needs of the case, because it seeks the identification of Microsoft personnel with knowledge of ChatGPT, business practices regarding the same, and commercial use of ChatGPT without regard to whether such persons were involved to a degree in which they may possess information that is relevant to these Actions. This Request could be interpreted to require Microsoft to investigate whether and to what extent its more than 200,000 employees as well as consultants and others used the ChatGPT service.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently be producing documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 36:**

DOCUMENTS sufficient to show the roles and responsibilities of and/or supervisory relationship between YOUR current and former officers, directors, managers, employees and consultants and CHATGPT, business practices regarding the same, and commercial use of regarding the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request to the extent is seeks confidential and private information of Microsoft personnel that is minimally relevant to any party's claim or defense and therefore not proportional to the needs of the case. This Request could be interpreted

to require Microsoft to investigate whether and to what extent its more than 200,000 employees as well as consultants and others used the ChatGPT service.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently be producing documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

## REQUEST FOR PRODUCTION NO. 37:

DOCUMENTS and COMMUNICATIONS RELATED TO the hiring of OPENAI CEO Sam Altman on or around November 20, 2023, INCLUDING the roles and responsibilities to which YOU and Mr. Altman agreed.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request for "Communications" and states that any email communications will only be produced pursuant to the custodial discovery provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request as irrelevant, or minimally relevant, to any party's claim or defense and overly broad and unduly burdensome, and therefore not proportional to the needs of the case because the short-lived hiring, if any, of OpenAI CEO Sam Altman by Microsoft has no relevance, on its own, to any claim or defense in a case involving copyright infringement claims.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents responsive to this Request. This does not limit or alter the scope of documents to be produced in response to any other Request; that is, to the extent a document is responsive to this Request and to another Request for which Microsoft has stated it will produce documents, the document will be produced.

**REQUEST FOR PRODUCTION NO. 38:**

DOCUMENTS and COMMUNICATIONS RELATED TO the hiring of OPENAI employees other than OPENAI CEO Sam Altman in November 2023, INCLUDING the roles and responsibilities to which said employees had agreed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request for "Communications" and states that any email communications will only be produced pursuant to the custodial discovery provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request as seeking information not relevant to any claim or defense in this Action because any OpenAI employees hired by Microsoft are not parties to this Action. Microsoft objects to this Request to the extent is seeks confidential and private information of Microsoft personnel that is minimally relevant to any party's claim or defense and therefore not proportional to the needs of the case. Microsoft further objects to this Request as irrelevant, or minimally relevant, to any party's claim or defense and overly broad and unduly burdensome, and therefore not proportional to the needs of the case because the bare fact of hiring of OpenAI employees, if any, has no relevance, on its own, to any claim or defense in a case involving copyright infringement claims.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents responsive to this Request. This does not limit or alter the scope of documents to be produced in response to any other Request; that is, to the extent a document is responsive to this Request and to another Request for which Microsoft has stated it will produce documents, the document will be produced.

**REQUEST FOR PRODUCTION NO. 39:**

DOCUMENTS and COMMUNICATIONS sufficient to identify any efforts to mitigate and/or remedy instances in which YOU purportedly used copyrighted material without permission in training CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request for "Communications" and states that any email communications will only be produced pursuant to the custodial discovery provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request to the extent it assumes that Microsoft trained or otherwise developed OpenAI's models or applications identified in the Consolidated Complaint. Microsoft did not train ChatGPT, does not possess the training datasets OpenAI used to train ChatGPT, and is unaware of the contents of the training datasets used by OpenAI to train ChatGPT.

Subject to these objections, Microsoft states that based on its reasonable investigation to date, it is not aware of the existence of any documents in Microsoft's possession, custody or control that pertain to any efforts to mitigate and/or remedy instances in which Microsoft purportedly used copyrighted material without permission in training ChatGPT because Microsoft did not train ChatGPT.

**REQUEST FOR PRODUCTION NO. 40:**

DOCUMENTS and COMMUNICATIONS sufficient to show any deals, contracts, agreements, negotiations, memoranda of understanding, or deal points, whether finalized or not, whether accepted or not, in executed, draft form, or otherwise, CONCERNING the licensing or purchase of data, INCLUDING data derived from or about books, to train CHATGPT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 40</u>:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft objects to this Request for "Communications" and states that any email communications will only be produced pursuant to the custodial discovery provisions of the ESI Order to be entered in these Actions. Microsoft also objects to this Request to the extent it assumes that Microsoft trained or otherwise developed OpenAI's models or applications identified in the Consolidated Complaint. Microsoft did not train ChatGPT, does not possess the training datasets OpenAI used to train ChatGPT, and is unaware of the contents of the training datasets used by OpenAI to train ChatGPT.

Subject to these objections, Microsoft responds as follows: Microsoft states that based on its reasonable investigation to date, it is not aware of any documents responsive to this Request as worded that are in Microsoft's possession, custody, or control because Microsoft did not train ChatGPT.

Dated:  February 23, 2024                    Respectfully submitted,

/s/ Annette L. Hurst
Annette L. Hurst (Admitted Pro Hac Vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: ahurst@orrick.com

Christopher Cariello
Marc Shapiro
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com
         mrshapiro@orrick.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*

## PROOF OF SERVICE VIA ELECTRONIC MAIL

On February 23, 2024, per the parties' agreements, I directed **DEFENDANT MICROSOFT CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** to be served via electronic mail upon:

Rachel Geman
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
ergeman@lchb.com

Reilly T. Stoler
Wesley Dozier
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
rstoler@lchb.com; wdozier@lchb.com

Justin A. Nelson
Alejandra C. Salinas
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: 713-651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: 310-789-3100
rnath@susmangodfrey.com

J. Craig Smyser
SUSMAN GODFREY L.L.P.
1901 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: 212-336-8330
csmyser@susmangodfrey.com

Scott J. Sholder CeCe M. Cole
COWAN DEBAETS ABRAHAMS &
SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Telephone: 212.974.7474
ssholder@cdas.com; ccole@cdas.com

Allison Levine Stillman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212-906-1200
alli.stillman@lw.com

Andrew Gass
Joseph Richard Wetzel, Jr.
LATHAM & WATKINS, LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415-391-0600
andrew.gass@lw.com
joe.wetzel@lw.com

Joseph C. Gratz
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: 415-268-7000
jgratz@mofo.com

Sarang Damle
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: 202-637-2200
sy.damle@lw.com

Michael Philip Richter
GRANT HERRMAN SCHWARTZ &
KLINGER LLP
107 Greenwich Street, 25th Floor
New York, NY 10006
Telephone: 212-682-1800
mrichter@ghsklaw.com

_Linda Sowell_

Linda Sowell