# REDACTED VERSION OF EXHIBIT 3

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
t 212.355.9500
f 212.355.9592

May 24, 2024

Rachel Geman
Partner
rgeman@lchb.com

**VIA E-MAIL**

Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>
NYClassActions_Microsoft_OHS <NYClassActions_Microsoft_OHS@orrick.com>

RE: *Authors Guild, David Baldacci, Mary Bly, et al. v. OpenAI et al.*, No. 1:23-cv-8292 & *Alter, Bird, Branch, et al. v. OpenAI et al.*, No. 1:23-cv-10211: Microsoft's May 17 Document Production

Dear Microsoft Counsel:

We write in response to your May 17 document production. While we are still reviewing the materials, we address important preliminary points.

**"Training"-Related Discovery:** As first addressed in our February 27, 2024 letter, Microsoft's responses to Plaintiffs' first set of requests for production of documents were inadequate in connection with training related requests.[1]

In response to multiple requests, Microsoft stated it did not have documents, relaying on its statement that "Microsoft did not train ChatGPT." Specifically, Microsoft stated it had no documents to produce in response to RFP No. 17 (about use of commercial works of fiction to train ChatGPT), Nos. 21-24 (about accessing books, including with reference to copyright protections), No. 27 (about training data), Nos. 28-29 (relating to complaints about training), 39 (about mitigation), and No. 40 (contracts and licenses).

Plaintiffs immediately raised the concern that Microsoft's responses were a non-sequitur: if Microsoft has training-related information, it is discoverable. During and after the initial meet and confer, Microsoft was careful to state its investigation was focused only on "whether [Microsoft] participated in OAI's training of OAI's models in connection with the lawsuit pending in California." (March 11, 2024 email.) Microsoft concluded that it "did not participate in OAI's training of OAI models and does not possess the training datasets." (*Id.*) This is non-responsive given the nature of the requests, which go to Microsoft's knowledge and communications.

Notably, even a preliminary review of the documents shows that ███████████
████████████████████████████████████████████████████████████████████████

---

[1] This letter does not address other ongoing meet and confers about other categories of documents.

Microsoft Counsel
May 24, 2024
Page 2

███████████████████████████████ Certain of these materials are referenced below.

Therefore, please let us know by **May 31, 2024** if Microsoft will:

    (a) supplement its responses and objections to Plaintiffs' First Set of RFPs and, as appropriate, its interrogatory responses; and

    (b) confirm you will produce, and expedite the production of, the following (without prejudice to the fact that we are continuing our review of the information):[2]



**Metadata Omission:** The metadata of last Friday's production did not identify the custodians of the data you produced. The custodian information is simply populated as "Microsoft." Please reproduce this production on or before May 31 with the custodial metadata information included (or advise early next week if there is an alternative way to provide the same information you wish to discuss).

**Redactions for Relevance:** There are instances of apparent redactions for relevance in the production. *See, e.g.,* MSFT_AICPY_000004210. Given the issuance of a protective order, redactions for relevance alone are not appropriate, and we would like to meet and confer if you opt not to reproduce documents in their completion.

We look forward to hearing from you.

Very truly yours,

*Rachel Geman*
Rachel Geman

---

[2] ████████████████████████████████████████████████████████████████████