UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,<br><br>                              Plaintiffs,<br>                v.<br><br>OPEN AI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI, LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br>                              Defendants. | Consolidated Cases:<br>Case No. 1:23-cv-08292-SHS<br>Case No. 1:23-cv-10211-SHS |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br>                v.<br><br>OPENAI, INC., OPENAI OPCO LLC, OPENAI GP, LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC,<br>OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br><br>                              Defendants. | |

1

**DEFENDANT MICROSOFT CORPORATION'S RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to this Court's Individual Rules and Practices 5(B), Defendant Microsoft Corporation responds to Plaintiffs' Motion for Leave to File Under Seal (Case No. 1:23-cv-08292, ECF No. 167; Case No. 1:23-cv-10211, ECF No. 140) filed in connection with Plaintiffs' letter motion to compel. For the reasons stated below, Microsoft respectfully requests the Court grant Plaintiffs' motion for leave to file under seal.

Specifically, Microsoft requests that the redacted material in Plaintiffs' Letter Motion and exhibits thereto be sealed, specifically:

1. One sentence on page 3 of the Letter Motion (Case No. 1:23-cv-08292, ECF No. 169; Case No. 1:23-cv-10211, ECF No. 142),

2. Two sentences and five bullet points of Exhibit 3 (Case No. 1:23-cv-08292, ECF No. 169-3; Case No. 1:23-cv-10211, ECF No. 142-3),

3. Five sentences of Exhibit 4 (Case No. 1:23-cv-08292, ECF No. 169-4; Case No. 1:23-cv-10211, ECF No. 142-4), and

4. Two sentences of Exhibit 5 (Case No. 1:23-cv-08292, ECF No. 169-5; Case No. 1:23-cv-10211, ECF No. 142-5).

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions . . . ." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "[W]hile a court must still articulate specific and substantial

2

reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

The redactions in Plaintiffs' letter motion and exhibits are applied to material that (1) describes the substance of or directly quotes an agreement between Microsoft and OpenAI, and/or (2) describes the substance of various other documents produced by Microsoft in this litigation that disclose information about Microsoft and OpenAI. Microsoft designated this material as highly confidential and/or confidential under the Protective Order in this case. The redacted material is appropriate for sealing, as each portion shows or describes Microsoft's confidential and sensitive information about its business dealings and ongoing relationship with OpenAI, its current or past business and financial practices, and/or other competitive business information. These are the types of information commonly found to warrant sealing. *See PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-CV-5183 AJN, 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014) (concluding that sealing was appropriate with respect to certain documents "on the basis of their containing sensitive commercial information affecting the parties' ongoing relationship"); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (finding that requested redactions were "narrowly tailored to protect competitive business information, including the non-public terms of [various agreements]" and concluding "that the sensitivity of this information outweighs the presumption of access"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted) (concluding that proposed redactions were "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'"); *Graczyk v. Verizon Commc'ns, Inc.*, No. 18 CIV. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020)

(collecting cases) ("[C]ourts in this Circuit routinely permit parties to redact sensitive financial information . . . .").

Accordingly, in order to maintain the confidential nature of Microsoft's information, Microsoft respectfully requests that the Court grant Plaintiffs' Motion for Leave to File Under Seal (Case No. 1:23-cv-08292, ECF No. 167; Case No. 1:23-cv-10211, ECF No. 140).

Dated: July 24, 2024

Respectfully submitted,

/s/Jared B. Briant
Jared B. Briant (admitted *pro hac vice*)
Kirstin L. Stoll-DeBell (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jared.briant@faegredrinker.com
Email: kirstin.stolldebell@faegredrinker.com

Annette L. Hurst (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: ahurst@orrick.com

Christopher Cariello
Marc Shapiro
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York: NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com
    mrshapiro@orrick.com

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP

222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
   lnajemy@orrick.com

Carrie A. Beyer (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL  60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: carrie.beyer@faegredrinker.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*