UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>OPENAI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br><br>    Defendants. | Case No. 1:23-cv-08292-SHS |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,<br><br>Defendants. | Case No. 1:23-cv-10211-SHS |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR VOLUNTARY
DISMISSAL OF PLAINTIFF MAYA SHANBHAG LANG**

I.   **INTRODUCTION**

Pursuant to Rule 41(a)(2) and Rule 21 of the Federal Rules of Civil Procedure, Plaintiff Maya Shanbhag Lang respectfully requests leave to withdraw as a plaintiff in the above-captioned consolidated action, while preserving her rights as an absent class member. Personal and family reasons preclude Ms. Lang's ongoing participation as a party to this action and putative class representative, but the other 29 plaintiffs are continuing to litigate. It is well-established in this Circuit that a plaintiff may withdraw absent *substantial* prejudice to the defendant. Here, at this stage of the case, with no discovery orders outstanding or any dispositive or Rule 23 motions filed, Defendants have shown no prejudice at all and will suffer none.

Instead, Defendants oppose this motion—and demand an onerous and conditional withdrawal—on two misplaced and erroneous grounds. First, they argue that Plaintiff should have to complete discovery, a position flatly contrary to the law in this Circuit and one that effectively would force people to remain as litigants even when other burdens have changed their time and availability. Second, Defendants argued Ms. Lang is or may be a relevant *witness* (versus party) because she is a former president of the Authors Guild. This position conflates party and witness discovery. The Authors Guild is producing relevant and proportional discovery for the Authors Guild. Defendants have been informed that Ms. Lang's resignation from the Authors Guild had nothing to do with this case or what is at issue in it, yet still attempt to hold unrelated discovery over Ms. Lang's head as a condition of supporting a withdrawal that is justified legally and equitably regardless. Ms. Lang's motion to withdraw should be granted.

II.  **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs' Counsel first reached out to Defendants on May 28, 2024 in connection with

1

Ms. Lang, immediately upon learning of Ms. Lang's situation and decision. Declaration of Rachel Geman in Support of Plaintiffs' Motion ("Geman Dec.") at ¶ 3. It is undisputed that Ms. Lang responded to discovery requests that had been due before that date, and no deposition of her had (or has) been noticed.

On the first phone call between the parties, Plaintiffs' Counsel informed counsel for Defendant OpenAI (who subsequently conferred with Co-Defendant Microsoft) in response to counsel's questions that (a) Plaintiffs were seeking consent to a simple withdrawal, not a substitution of a new party, and (b) Defendants had not spent resources on document review or (obviously) depositions. *Id.* at ¶ 4.

On June 11, 2024, Defendants offered the untenable proposal that "OpenAI does not oppose the withdrawal of Maya Lang as a named plaintiff, so long as you agree that her withdrawal will not affect our ability to obtain discovery from her." Geman Dec. at ¶ 5, Ex. A. Plaintiffs, after initially noting that they would not agree to absent class member discovery,[1] and in an attempt to avoid motion practice, disclosed that "Ms. Lang's mother has worsening dementia that is requiring attention and we will state that in the motion." Geman Dec. at ¶ 6, Ex. B. Defendants agreed to consider, *id.* at ¶ 7, Ex. C, a seemingly laudable response that unfortunately just delayed the process by which the parties ultimately wound up nearly back to square one. To wit:

After a meet and confer on June 20, where Defendants emphasized the fact that the case is in the discovery phase, Plaintiffs set forth the governing law in this Circuit about withdrawals. *Id*. at ¶ 8, Ex. D. Defendants responded with inapplicable law, and then made the alternative

---

[1] It has been established for decades that "treating class members as parties… effectively emasculating the class action procedure." *See generally Robertson v. Nat'l Basketball Ass'n*, 67 F.R.D. 691, 699 (S.D.N.Y. 1975).

2

argument that Ms. Lang's role as a former president of the Authors Guild rendered discovery appropriate. Geman Dec. at ¶ 9, Ex. E.

> Plaintiffs responded in relevant part that:
>
> It is inappropriate to condition Ms. Lang's withdrawal upon her agreement to provide fulsome party-discovery. The point of Ms. Lang's withdrawal is to no longer be a party to this litigation. If you believe Ms. Lang has relevant, non-cumulative testimony or material (which we dispute), you may attempt to seek it from her in her capacity ***as a non-party*** at a later time. It remains unclear, given your acknowledgment of her circumstances (and apparent dropping of your claim for absent class member discovery), why preserving your rights to seek non-party discovery would be insufficient. Again, Ms. Lang's reason for withdrawal relates to personal matters that have nothing to do with the claims or defenses in this case. Under these circumstances, withholding your consent serves no useful purpose and therefore appears designed to harass. Your conditions are also unworkable. If Ms. Lang acceded to your conditional dismissal, she would be required to either (1) waive all protections under the FRCP for all pending requests; or (2) defer her withdrawal until all potential discovery disputes—regarding all requests—are fully litigated. There is no telling how long this would take and is tantamount to being denied withdrawal.
>
> Geman Dec. at ¶ 10, Ex. F.

In response, Defendants then enumerated the discovery they would still require from Ms. Lang, which was (with some exceptions) less than what they were obtaining from other plaintiffs – which represented some progress – yet still patently overbroad. Geman Dec. at ¶ 11, Ex. G. Plaintiffs responded with a compromise proposal that, among other things, noted that in some instances Defendants were even demanding from presumptive non-party Ms. Lang more than they were getting from party plaintiffs. Geman Dec. at ¶ 12, Ex. H (addressing the specifics of the discovery requests).

Regrettably, on July 18, 2024 Defendants effectively reverted to their initial position that Ms. Lang should have the worst of both worlds: no potential benefit from the lawsuit as a party, but effectively facing the obligations of a party. Geman Dec. at ¶ 13, Ex. I. On July 26, Plaintiffs made a final suggestion of a stipulation that allowed the party dismissal/withdrawal, but noting that both parties preserved their rights to seek or oppose third party discovery. *Id.* at ¶ 14, Ex. J.

3

On July 29, Defendants again made clear they would not accommodate Ms. Lang's situation. *Id.* at 15, Ex. K. Thus, given Defendants' earlier statement they would respond in briefing, the upshot is that Defendants have never agreed to allow a standard withdrawal under Rule 41 without onerous conditions based on speculative positions.

### III. LEGAL STANDARD

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, an "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

"[T]he presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer *substantial prejudice* as a result." *Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (emphasis added). In this context, prejudice constitutes "the impairment of some legal interest, some legal claim, or some legal argument." *In re Actos End-Payor Antitrust Litig.*, 2023 WL 3868511, at *1 (S.D.N.Y. June 7, 2023). The purpose of the rule was to prevent the ability of a plaintiff to have an unqualified right to a voluntary non-suit before pronouncement of judgment, even "after the defendant had incurred substantial expense or acquired substantial rights." *In re Avon Anti-Aging Skincare Creams and Prods. Mkt'ing and Sales Pracs. Litig.*, 2014 WL 12776747, at *1 (S.D.N.Y. Apr. 22, 2014).[2]

But "[a]bsent a good reason ... a plaintiff should not be compelled to litigate if it doesn't

---

[2] Other cases examine "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Camilli v. Grimes*, 430 F.3d 120, 123 (2d Cir. 2006). The tests dovetail in large part.

wish to." *In re Currency Conversion Fee Antitrust Litig.*, 2004 WL 2453927, at *1 (S.D.N.Y. Nov. 3, 2004). Courts use their discretion to impose limited conditions on voluntary dismissals in only limited circumstances: misconduct by plaintiff or in cases that are procedurally extremely far along. *Id.* at *2 (citing multiple cases); *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (Rule 41(a)(2) decisions are left to the discretion of the district court). Neither is present here.

IV. **ARGUMENT**

  A. **Defendants Will Suffer No Prejudice Whatsoever from the Withdrawal of One of Thirty Plaintiffs.**

Ms. Lang's withdrawal will not result in prejudice to Defendants, a fact that makes her request to withdraw appropriate without any conditions. This court does not compel people to be litigants *See In re Currency Conversion Fee*, 2004 WL 2453927, at *1. Especially when additional plaintiffs remain in a litigation, the withdrawal of one plaintiff - before fact discovery is even complete – is not prejudicial. *See, e.g. In re Avon*, 2014 WL 12776747, at *1 (no unfairness when defendants still had three plaintiffs to depose after the withdrawal of one); *see also, e.g., Shih v. Amylyx Pharmaceuticals, Inc.*, 24-cv-988 (AS), 2024 WL 1746410, at *1 (S.D.N.Y. Apr. 23, 2024) (in the context of the PSLRA where the court had spent time choosing a lead plaintiff, relying on *Currency Conversion* in noting that there was no good reason to keep a plaintiff in a case when they no longer wanted to be a lead plaintiff and no major case decisions had been made).

Notably, the fact that discovery may be outstanding--which is true in virtually any case that is in discovery, and can become true at any point in discovery— does not count as prejudice or itself limit a party's right not to be forced to be in litigation. *In re Avon*, 2014 WL 12776747, at *1-*2 (allowing withdrawal without conditions where no dispositive or Rule 23 motion has

5

been filed, and noting document production had just started); s*ee also, e.g., Click v. Gen. Motors LLC*, 2021 WL 3634695, at *5 (S.D. Tex. Mar. 23, 2021) (granting plaintiff's unconditional dismissal notwithstanding that Requests for Production, Interrogatories, and Notice of Deposition already had been served). Thus, withdrawal is appropriate.

    **B. Ms. Lang Should Be Permitted to Withdraw from This Litigation Without Any Conditions.**

In the course of negotiating Ms. Lang's withdrawal from this litigation with Defendants, Defendants have made clear that they would only agree to her withdrawal on the condition that she fulfill burdensome (especially to Ms. Lang)— and, at times, future—discovery requests. *See* Section II. However, as shown above, the existence of extant discovery requests does not give rise to a finding of prejudice or unfairness. "The purpose of imposing terms of voluntary dismissal is to cure unfair effects that may result from granting the motion," not to create a situation when a party who is dismissing with prejudice still has the obligations of a party. *In re Avon*, 2014 WL 12776747, at *1; *see also Roberts v. Electrolux Home Prod., Inc.,* 2013 WL 4239050, at *2 (C.D. Cal. Aug. 14, 2013) ("While [defendant] contends that it should be permitted to take [plaintiffs'] deposition prior to withdrawal, it has not made any showing that it has expended significant time and energy preparing for these depositions. Nor has [defendant] otherwise explained how any of its other preparations in this case would be undermined if [plaintiffs] are permitted to withdraw.").

Instead, there are two distinct situation under which courts in the Second Circuit impose conditions on withdrawal – when there is misconduct by plaintiff, or the case has "progressed considerably" beyond initial stages. *In re Avon*, 2014 WL 12776747, at *2 Neither is remotely implicated here. First, there is no argument of any misconduct or vextiousness, and nor could there be. Second, the case is not far along for purposes of this analysis. Plaintiffs' Counsel

promptly notified Defendants of Ms. Lang's need to withdraw early in the case, before the substantial completion deadline, before depositions were noticed, and outside the context of a discovery order. The time that has elapsed since was spent only on plaintiffs' good faith, albeit ultimately unsuccessful, negotiations. There have been no rulings on the merits of Ms. Lang's claims.

The cases Defendants cited in the meet and confer are inapposite, and in stark contrast to the situation here. *Cf. Funke v. Life Fin. Corp.*, No. 99 Civ. 11877, 2003 WL 21182763, at *2 (S.D.N.Y. May 20, 2023) (holding that a plaintiff cannot withdraw from litigation in lieu of submitting to a deposition previously ordered by the court); *In re Digital Music Antitrust Litig.*, No. 06-md-1780, 2015 WL 13678846, at *1-3 (S.D.N.Y. Mar. 2, 2015) (requiring plaintiffs to comply with earlier discovery orders when they sought voluntary withdrawal shortly after receiving discovery requests and more than eight years into the litigation).

Ms. Lang is not gaming for any advantage, she is simply seeking to dismiss her claims, recognizing the challenges of her situation with her family, as untold numbers of plaintiffs before her have recognized in similar circumstances. Once withdrawn, Ms. Lang would be an absent class member, which Defendants do not appear to challenge. *See, e.g., In re Worldcom, Inc., Securities Litig.*, 02 Civ. 3288(DLC), 2004 WL 113484, at *9 (S.D.N.Y. Jan. 26, 2004) (noting that withdrawing plaintiffs are entitled to the benefits of absent class members); *In re Avon*, 2014 WL 12776747, at *3 (withdrawing plaintiff could not re-file as a class *plaintiff* but could maintain rights as an absent class *member*) Thus, no conditions on Ms. Lang's withdrawal are appropriate.

### C. Ms. Lang's Status as a Former President of the Authors Guild Has No Bearing on this Analysis.

Defendants argue that Ms. Lang—a plaintiff in this lawsuit due to having authored Class

7

Works as defined in the Complaint—should not be entitled to withdraw without conditions because she was a former president of the Authors Guild. Dkt. No. 69 at ¶ 259.

Defendants' attempt to hold Ms. Lang's withdrawal as a *plaintiff* hostage to their attempts to obtain information from her as a third party *witness* about the Authors Guild is inappropriate. As background, Ms. Lang, who had a volunteer role at the Authors Guild, did not set policy for the organization, and is not a custodian of Authors Guild discovery. And, Plaintiffs have been producing and are willing to produce ample discovery about the Authors Guild, *see, e.g.,* Dkt. No. 165 (Plaintiffs' Response to Letter Motion to Compel Author's Guild to Produce Responsive Discovery), and make a representative of the organization available for deposition. These facts further confirm that there is no reason to permit Defendants to inject a dispute about the parameters of Authors Guild discovery into a straightforward Rule 41 analysis. To the extent Defendants believe they can seek to obtain discovery from Ms. Lang, notwithstanding their knowledge of her personal obligations, they should seek do so under Fed. R. Civ. P. 45.

## V.     CONCLUSION

For the foregoing reasons, Ms. Lang should be permitted to withdraw, and retain her rights as an absent class member, without any additional conditions on ongoing participation. At best for Defendants, the parties could separately meet and confer over (and litigate if necessary) any non-party discovery once the additional Authors Guild discovery is produced.


Date July 29, 2024

*/s/ Rachel Geman*
Rachel Geman
Wesley Dozier (*pro hac vice*)
Anna Freymann
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
250 Hudson Street, 8th Floor

New York, New York 10013-1413
Tel.: 212-355-9500
rgeman@lchb.com
wdozier@lchb.com
afreymann@lchb.com

Reilly T. Stoler (*pro hac vice*)
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel.: 415-956-1000
rstoler@lchb.com


*/s/ Rohit Nath*
Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel.: 713-651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel.: 310-789-3100
rnath@susmangodfrey.com

Charlotte Lepic
J. Craig Smyser
SUSMAN GODFREY L.L.P.
One Manhattan
New York, New York 10001
Tel.: 212-336-8330
clepic@susmangodfrey.com
csmyser@susmangodfrey.com

*/s/ Scott J. Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS
& SHEPPARD LLP

9

41 Madison Avenue, 38th Floor
New York, New York 10010
Tel.: 212-974-7474
ssholder@cdas.com
ccole@cdas@com

***Interim Co-Lead Class Counsel***

## CERTIFICATE OF SERVICE

    I, Wesley J. Dozier, hereby certify that on July 29, 2024, I caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Southern District of New York using the CM/ECF system, which shall send electronic notification to all counsel of record.

                                                                */s/ Wesley J. Dozier*_____
                                                                 Wesley Dozier