# EXHIBIT F

| | |
|---|---|
| **From:** | Alter-AI-TT@simplelists.susmangodfrey.com on behalf of Dozier, Wesley |
| **To:** | "Elana.NightingaleDawson@lw.com"; Geman, Rachel; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; KVPOAI@keker.com |
| **Cc:** | Alter-AI-TT@simplelists.susmangodfrey.com; "NYClassActions_Microsoft_OHS"; "#Microsoft.NYClassAction.FDBR" |
| **Subject:** | RE: [EXT] RE: Maya S. Lang |
| **Date:** | Monday, July 1, 2024 2:50:20 PM |
| **Attachments:** | image001.gif |
| | Stipulation of Dismissal.pdf |

Elana,

It is inappropriate to condition Ms. Lang's withdrawal upon her agreement to provide fulsome party-discovery. The point of Ms. Lang's withdrawal is to no longer be a party to this litigation. If you believe Ms. Lang has relevant, non-cumulative testimony or material (which we dispute), you may attempt to seek it from her in her capacity **as a non-party** at a later time. It remains unclear, given your acknowledgment of her circumstances (and apparent dropping of your claim for absent class member discovery), why preserving your rights to seek non-party discovery would be insufficient.

Again, Ms. Lang's reason for withdrawal relates to personal matters that have nothing to do with the claims or defenses in this case. Under these circumstances, withholding your consent serves no useful purpose and therefore appears designed to harass.

Your conditions are also unworkable. If Ms. Lang acceded to your conditional dismissal, she would be required to either (1) waive all protections under the FRCP for all pending requests; or (2) defer her withdrawal until all potential discovery disputes—regarding all requests—are fully litigated. There is no telling how long this would take and is tantamount to being denied withdrawal.

Your response does not substantiate your position and it fully supports ours. At the outset, you fail to address any of Plaintiffs' case law regarding voluntary withdrawal. These cases demonstrate that, absent a showing of **prejudice to defendants**, a plaintiff can withdraw from litigation and be released from her duty to fulfill outstanding discovery obligations. *See e.g., In re Currency Conversion Fee Antitrust Litig.*, 2004 WL 2453927 (S.D.N.Y. Nov. 3, 2004); *Roberts v. Electrolux Home Prod., Inc.,* 2013 WL 4239050 (C.D. Cal. Aug. 14, 2013).

You cite out-of-circuit cases—like *Opperman* and *All. for Glob. Just.*—for the proposition that a defendant may condition a plaintiff's withdrawal even if the plaintiff's withdrawal causes them no prejudice. But this is not the law in the Second Circuit. *See In re Avon Anti-Aging Skincare Creams and Prod. Mkt'ing and Sales Pract. Litig.*, 13 Civ. 0150 (JPO), 2014 WL 12776747, at *1 (S.D.N.Y. Apr. 22, 2024) (citing *Cross Westchester Dev. Corp. v. Chiulli*, 887 F.2d 431, 432) (2d Cir. 1989) ("The purpose of imposing terms of voluntary dismissal is to cure unfair effects that may result from granting the motion.").

Meanwhile, your in-circuit cases are inapposite because they hinge on circumstances not present here. *See, e.g., Funke v. Life Financial Corp.*, No. 99 Civ. 11877, 2003 WL 21182763, at *2 (S.D.N.Y. May 20, 2023) (holding that a plaintiff cannot withdraw from litigation in lieu of submitting to a deposition previously ordered by the court); *In re Digital Music Antitrust Litig.*, No. 06-md-1780, 2015 WL 13678846 (S.D.N.Y. 2015) (requiring plaintiffs to comply with earlier discovery orders when they sought voluntary withdrawal shortly after receiving discovery requests and more than seven years into the litigation); *Mashek v. Silberstein*, 20 F.R.D. 421, 422 (S.D.N.Y. 1957) ("The present motion was made after a notice for the taking of plaintiff's deposition had been served, and on the eve of the date for his scheduled examination."). Here, Ms. Lang has not delayed her withdrawal from this case, nor is there any indication that her withdrawal has been made in bad faith (it hasn't).

And in all events, OpenAI's speculative suspicions about Ms. Lang's reasons for withdrawing—while misplaced—are also not a recognized basis for conditioning withdrawal. *See, e.g., Doe v. Ariz. Hosp. and Health. Ass.*, No. CV 07–1292–PHX–SRB, 2009 WL 1423378, at *13 (D. Ariz. Mar. 19, 2009) ("The Court is not in a position to question [plaintiff's] family or personal situation, which is her stated reason for wishing to withdraw; certainly, the pressures and obligations of extended litigation would present challenges to many people."); *Cf. In re Currency Conversion Fee Antitrust Litig.*, 2004 WL 2453927, at *2 ("There is a possibility that [plaintiff] is lying, and that there is some flaw in her claim that would be relevant to class certification. But this possibility is too remote to sustain [defendant's] request.").

Plaintiffs urge OpenAI to consent to Ms. Lang's withdrawal. We wanted to give you one more opportunity as a courtesy since you ultimately provided cases. And, we thought seeing the document would give you context (the form we propose to file is attached).

Please let us know by EOD Pacific Time on July 3 whether you will agree to Ms. Lang's dismissal.

Best,
Wesley Dozier

**From:** Elana.NightingaleDawson at lw.com (via Alter-AI-TT list) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Sent:** Wednesday, June 26, 2024 8:57 PM
**To:** Geman, Rachel <rgeman@lchb.com>; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; KVPOAI@keker.com
**Cc:** Alter-AI-TT@simplelists.susmangodfrey.com
**Subject:** [EXT] RE: Maya S. Lang

Rachel,

Thank you for your email.  Our understanding was that we were both, respectively, going to share the case law on which we were relying.  We appreciate your email and have shared herein the case law that supports the position we articulated regarding compliance with outstanding discovery requests as a condition of withdrawal.  *See, e.g., Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2015 WL 9311888, at *3 (N.D. Cal. Dec. 22, 2015) ("The Court will grant Sandiford's request for voluntary dismissal upon the condition she further respond to the written discovery requests already propounded on her."); *see also Funke v. Life Fin. Corp.,* No. 9-cv-11877, 2003 WL 21182763, at *2 (S.D.N.Y. May 20, 2003*); All. For Glob. Just. v. D.C.*, No. 01-cv-0811, 2005 WL 469593 at *3 (D.D.C. Feb. 7, 2005); *In re Digital Music Antitrust Litigation*, No. 06-md-1780, 2015 WL 13678846 (S.D.N.Y. 2015); *Mashek v. Silberstein,* 20 F.R.D. 421, 422 (S.D.N.Y. 1957).

OpenAI remains willing to work with Ms. Lang on the timing of her discovery compliance given her mother's health.  It remains unclear to us, however, if that is the basis for Ms. Lang's withdrawal as you did not mention it until two weeks after informing us of Ms. Lang's desire to withdraw as a named plaintiff.  It is also notable and, in our view, relevant that the same month Ms. Lang informed us of her intent to withdraw she resigned her role as President of the Authors Guild.  *See* Announcing W. Ralph Eubanks as Interim Authors Guild President, https://authorsguild.org/news/announcing-w-ralph-eubanks-as-interim-president/#:~:text=Authors%20Guild%20President%20Maya%20Shanbhag,outstanding%20leadership%20and%20welcome%20Ralph (May 7, 2024).

Compliance with the outstanding discovery requests is particularly appropriate given Ms. Lang's unique role among the named plaintiffs as the former president of the Authors Guild—a role in which she wrote publicly about having "organized" this very litigation "against OpenAI."  *See* Letter from Authors Guild President Maya Lang, https://authorsguild.org/news/letter-from-ag-president-maya-lang-about-openai-suit/ (Sept. 20, 2023).  As such, pointing to the "more than two dozen plaintiffs" does not address the fact that Ms. Lang is uniquely situated among them with respect to her role—and public comments—regarding this lawsuit.

For the foregoing reasons, OpenAI anticipates consenting to conditional dismissal, but opposing unconditional dismissal.  OpenAI will consider the motion and arguments contained therein, once filed, and will respond accordingly.

OpenAI also reserves the right to seek discovery from Ms. Lang as a third party with relevant information, separate and apart from her role as an absent class member.

Regards,
Elana
**Elana Nightingale Dawson** (she/her/hers)| **LATHAM & WATKINS LLP**
Tel: 202-637-2303 | Cell: 213-703-8628 | Fax: 202-637-2201

**From:** Geman, Rachel <rgeman@lchb.com>
**Sent:** Tuesday, June 25, 2024 5:58 PM
**To:** OpenAICopyright <OpenAICopyright@mofo.com>; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM <openaicopyrightlitigation.lwteam@lw.com>; 'KVPOAI@keker.com' <KVPOAI@keker.com>
**Cc:** Alter-AI-TT@simplelists.susmangodfrey.com
**Subject:** Maya S. Lang

Counsel: Thank you for meeting and conferring last week about Ms. Lang's withdrawal from the case. We had understood you were sending some legal cases, but in the interests of bringing this to a close, we have answers to your specific questions (which are consistent with the positions taken on the call).

First, the fact that Ms. Lang is a former president of the Authors Guild is apples and oranges to her (soon-to-be) previous role as a class plaintiff.  This former volunteer/non-staff role does not change the analysis under Rule 20 or the relevant case law.

We realize you recognize this, but we also do not agree Ms. Lang is an appropriate third-party witness given she was not part of AG staff. Any discovery from her in addition to the ample discovery we are producing from multiple AG custodians who (unlike Ms. Lang) are employees of the AG (which in turn is not even a plaintiff in its own capacity) would be duplicative and/or harassing.

Second, the fact that Ms. Lang is withdrawing before documents were produced does not change the analysis; in fact, it bolsters the absence of prejudice. There are more than two dozen plaintiffs. You have shown no basis effectively to penalize Ms. Lang, as would be the practical effect of her being forced to produce party documents while not being a party who stands to benefit from the lawsuit. *See e.g.,* In re CURRENCY CONVERSION
FEE ANTITRUST LITIGATION, 2004 WL 2453927 (S.D.N.Y. Nov. 3, 2004); *Roberts v. Electrolux Home Prod., Inc.,* 2013 WL 4239050 (C.D. Cal. Aug. 14, 2013).

Given a month has passed, we are moving early next week (or sooner if you get back to us before then). Please let us know your final position by Friday.

Thank you.




LCHB

**Rachel Geman**
rgeman@lchb.com
t 212.355.9500
f 212.355.9592
Pronouns: she/her/hers
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
www.lieffcabraser.com

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

To unsubscribe from this list please go to https://https://simplelists.susmangodfrey.com/subs/

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=GljfkAE4Sps0g3YC05GWwwQKrI8YvKc9