# EXHIBIT K

| | |
|---|---|
| **From:** | Elana.NightingaleDawson at lw.com (via Alter-AI-TT list) |
| **To:** | Geman, Rachel; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; KVPOAI@keker.com; MicrosoftNYClassActionFDBR@faegredrinker.com; nyclassactions_microsoft_ohs@orrick.com |
| **Cc:** | Alter-AI-TT@simplelists.susmangodfrey.com |
| **Subject:** | RE: [EXT] RE: Maya S. Lang |
| **Date:** | Monday, July 29, 2024 7:48:12 AM |

Rachel,

OpenAI has always been focused on the outstanding discovery requests to Ms. Lang, not the "discovery that would have been due before May 28." Indeed, even Ms. Lang understood that her obligation to respond to discovery extended past May 28 as she responded to OpenAI's Fourth Set of Requests for Production and Second Set of Interrogatories on June 13, 2024. It has also been over a month since you said that Ms. Lang would be moving to withdraw, which has not happened. Ms. Lang remains a named plaintiff in this case, and remains obligated to respond to the discovery that has been served—including any discovery for which responses are due this week.

As stated in my July 18 email, OpenAI stands by its willingness to compromise pursuant to the contours and reservations set forth in my July 3 email.

Best regards,
Elana

Elana Nightingale Dawson (she/her/hers)| LATHAM & WATKINS LLP
Tel: 202-637-2303 | Cell: 213-703-8628 | Fax: 202-637-2201

-----Original Message-----
From: Geman, Rachel <rgeman@lchb.com>
Sent: Friday, July 26, 2024 9:59 AM
To: Nightingale Dawson, Elana (DC) <Elana.NightingaleDawson@lw.com>; OpenAICopyright@mofo.com; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM <openaicopyrightlitigation.lwteam@lw.com>; KVPOAI@keker.com; MicrosoftNYClassActionFDBR@faegredrinker.com; nyclassactions_microsoft_ohs@orrick.com
Cc: Alter-AI-TT@simplelists.susmangodfrey.com
Subject: RE: [EXT] RE: Maya S. Lang

Elana: We want to confirm you understand we are not producing discovery responses for Ms. Lang on Monday because she is withdrawing, and as you indicated on the June 20 call, our disputes relate to discovery that would have been due before May 28.

I still believe the best course is for you to agree to a dismissal with prejudice, with Ms. Lang preserving any rights as an absent class member.

The parties would subsequently litigate any discovery under Rule 45, though we have been very transparent about what we will do and you have been transparent about what you want.

This removes the apples and oranges issues.

If you agree, we will modify the stipulation we sent before to state that the parties will separately reserve their rights to seek and oppose third party discovery and we can move on to the real dispute between us.

-----Original Message-----
From: Elana.NightingaleDawson@lw.com <Elana.NightingaleDawson@lw.com>
Sent: Thursday, July 18, 2024 2:26 PM
To: Geman, Rachel <rgeman@lchb.com>; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; KVPOAI@keker.com; MicrosoftNYClassActionFDBR@faegredrinker.com; nyclassactions_microsoft_ohs@orrick.com
Cc: Alter-AI-TT@simplelists.susmangodfrey.com
Subject: RE: [EXT] RE: Maya S. Lang

Rachel,

Thank you for your email.

It seems, perhaps, that my July 3 email was misunderstood. OpenAI maintains, as it always has, that the discovery it has served on Ms. Lang is warranted and that discovery from Ms. Lang is appropriate and critical. Nothing in my July 3 correspondence is to the contrary. Rather, in the interest of compromise, we proposed agreeing to a dismissal conditioned on responses to certain outstanding discovery requests, such that OpenAI could pursue any further discovery from Ms. Lang just as it would from any other third party.

We understand that you are now asking OpenAI to not only forgo receiving almost all of the discovery sought from Ms. Lang in the currently pending discovery requests, but to also forgo seeking any further discovery from Ms. Lang as a third party should she no longer be a named plaintiff. This request goes well beyond what you sought at the outset of these discussions, which was simply an agreement to a stipulated dismissal which would, of course, leave OpenAI free to seek further discovery from Ms. Lang, as necessary.

OpenAI stands by its willingness to compromise pursuant to the contours and reservations set forth in my July 3 email. If that remains unacceptable to Ms. Lang, we trust she will proceed as she sees fit and OpenAI will respond accordingly.

Regards,
Elana

Elana Nightingale Dawson (she/her/hers)| LATHAM & WATKINS LLP
Tel: 202-637-2303 | Cell: 213-703-8628 | Fax: 202-637-2201

-----Original Message-----
From: Geman, Rachel <rgeman@lchb.com>
Sent: Friday, July 12, 2024 4:25 PM
To: OpenAICopyright@mofo.com; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM
<openaicopyrightlitigation.lwteam@lw.com>; 'KVPOAI@keker.com' <KVPOAI@keker.com>;
MicrosoftNYClassActionFDBR@faegredrinker.com; 'nyclassactions_microsoft_ohs@orrick.com'
<nyclassactions_microsoft_ohs@orrick.com>
Cc: Alter-AI-TT@simplelists.susmangodfrey.com
Subject: RE: [EXT] RE: Maya S. Lang

Counsel: We appreciate your recognition that most of the discovery is unwarranted, and your sentiment about avoiding briefing, but unfortunately your proposed remaining requests are likewise inappropriate, especially given you are reserving your rights to take a deposition (which is a non-starter).

First, you are asking for items from a non-party that we are not even producing for parties, such as ChatGPT searching or use. It's academic in Ms. Lang's case because she has not been a ChatGPT user beyond some limited queries relating to OAI's copying of her work (information we are providing in the interests of further encouraging you to drop this unnecessary and stressful attempt to get improper discovery from Ms. Lang). Similarly, there is no basis to seek communications if any between Ms. Lang and current plaintiffs.

Second, to repeat, Ms. Lang was not an employee of the Authors Guild (AG) and did not set strategy for the AG. Again in the interest of information provision, we can report that Ms. Lang was not involved in the surveys. We have produced or will be producing survey information in the interests of compromise and you do not need Ms. Lang given the half dozen custodians already identified.

Hopefully, this additional information will even further confirm the absence of prejudice.

If you agree not to seek to depose Ms. Lang, or seek other discovery, we will agree to produce the same material (*if any*) we agree to produce or are required to produce for other plaintiffs relating to the ChatGPT outputs in the complaint and/or in connection with the complaint.

In other words, if we lose on this issue (or decide to produce as a matter of compromise), we would produce what we have for Ms. Lang as well as for the current plaintiffs. If we win on the issue, or if you decide to not to pursue it, whatever you cannot obtain or choose not to try to obtain from current plaintiffs, you likewise cannot obtain from Ms. Lang.

Please let us know if this resolves the issues.

Thank you.

From: Elana.NightingaleDawson@lw.com
Date: July 3, 2024 at 7:50:45 PM EDT
To: "Dozier, Wesley" <wdozier@lchb.com>, "Geman, Rachel" <rgeman@lchb.com>, OpenAICopyright@mofo.com,
openaicopyrightlitigation.lwteam@lw.com, KVPOAI@keker.com
Cc: Alter-AI-TT@simplelists.susmangodfrey.com, nyclassactions_microsoft_ohs@orrick.com,
MicrosoftNYClassActionFDBR@faegredrinker.com
Subject: RE: [EXT] RE: Maya S. Lang

Wesley,

Thank you for your email.  As an initial matter, nothing in our correspondence was intended to drop anything with respect to absent class member discovery, which is in certain circumstances permitted.  Rather, our focus here is on Ms. Lang's desire to withdraw absent conditions.

On the substance, it seems that we generally agree that courts faced with a class plaintiff who wants to voluntarily withdraw ask, inter alia, whether the defendant will suffer prejudice from the withdrawal.  Accordingly, as you note, "[t]he purpose of imposing terms of voluntary dismissal is to cure unfair effects that may result from granting the motion."  In re Avon Anti-Aging Skincare Creams and Prod. Mkt'ing and Sales Pract. Litig., No. 13-cv-0150, 2014 WL 12776747, at *1 (S.D.N.Y. Apr. 22, 2024); see, e.g., Opperman v. Path, Inc., No. 13-cv-00453, 2015 WL 9311888, at *3 (N.D. Cal. Dec. 22, 2015) ("Although it does not appear that Sandiford seeks to voluntarily dismiss her claims for the purpose of evading her discovery obligations, the Court finds that it would be unfair to allow Sandiford to 'walk away from' her discovery obligations when she may have 'information pertinent to the case [she] initiated and that defendants must continue to defend.'") (quoting Alliance For Global Justice v. District of Columbia, No. 01-cv-0811, 2005 WL 469593, at *3 (D.D.C. Feb. 7, 2005)).

Where we seem to disagree is with respect to whether withdrawal without conditions is appropriate here.  As we have made clear throughout, OpenAI is happy to work with Ms. Lang on the timing of her compliance with the pending discovery requests, particularly given the personal circumstances you have outlined.  It remains the case, however, that OpenAI will be materially prejudiced by Ms. Lang's unconditional withdrawal given the central role she played in instigating and organizing this lawsuit.  Indeed, Plaintiffs have already produced a document evidencing Ms. Lang's role in the conceiving of this litigation.  See FICTION-0006851.  That, of course, is consistent with her public statements regarding her role in organizing and filing this lawsuit.  See, e.g., Letter from Authors Guild President Maya Lang, https://authorsguild.org/news/letter-from-ag-president-maya-lang-about-openai-suit/ (Sept. 20, 2023).

In the interest of compromise and the avoidance of unnecessary motion practice, we are willing to narrow the outstanding discovery requests to the following.  First, we request that Ms. Lang produce documents and communications responsive to the following three RFPs, all of which are requests to which Ms. Lang has already agreed to respond.

1.    RFP No. 9 - All Documents and Communications relating to OpenAI, including any relationship You have had with any OpenAI entity, communications with OpenAI, and accounts with OpenAI.

2.    RFP No. 15 - All Documents and Communications You have had with any person other than Your attorneys concerning this litigation, including Your decision to become a plaintiff in this litigation.

3.    RFP No. 48 - All documents and communications relating to any Authors Guild Surveys, including but not limited to any responses You provided.

Second, we ask that Ms. Lang respond to outstanding discovery requests regarding ChatGPT's alleged summarization, quotation, and/or other references to Ms. Lang's works as well as Plaintiffs' use of ChatGPT, including in an attempt to reproduce, publicly display, or distribute Plaintiffs' works, and details related to those attempts including the processes and accounts Plaintiffs used.  Although such information is covered by RFP No. 9, it is also sought—and thus our position herein also covers—RFP Nos. 3, 6, 8, 29, 31–34.  Such discovery includes, but is not limited to, the discovery the Court ordered produced in In re ChatGPT.  See No. 23-cv-03223, Dkt. 154 (N.D. Cal.) (ordering production of (a) the OpenAI account information for individuals who used ChatGPT to investigate Plaintiffs' claims; and (b) the prompts and outputs for Plaintiffs' testing of ChatGPT in connection with their pre-suit ChatGPT testing, including prompts and outputs that did not reproduce or summarize Plaintiffs' works or otherwise support Plaintiffs' claims, along with documentation of Plaintiffs' testing process).

We appreciate the opportunity to confer with you on this matter and hope the parties can find a path forward that does not require motion practice.  If we cannot reach agreement regarding the conditions of Ms. Lang's withdrawal, please proceed as you see fit and OpenAI will respond to any motion practice accordingly.
Finally, nothing herein is intended as a waiver of OpenAI's right to obtain further discovery from Ms. Lang, including via deposition, which OpenAI expressly reserves.

Regards,
Elana


Elana Nightingale Dawson (she/her/hers)| LATHAM & WATKINS LLP
Tel: 202-637-2303 | Cell: 213-703-8628 | Fax: 202-637-2201

From: Dozier, Wesley <wdozier@lchb.com>
Sent: Monday, July 1, 2024 5:49 PM
To: Nightingale Dawson, Elana (DC) <Elana.NightingaleDawson@lw.com>; Geman, Rachel <rgeman@lchb.com>;
OpenAICopyright@mofo.com; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM
<openaicopyrightlitigation.lwteam@lw.com>; KVPOAI@keker.com

Cc: Alter-AI-TT@simplelists.susmangodfrey.com; 'NYClassActions_Microsoft_OHS'
<NYClassActions_Microsoft_OHS@orrick.com>; '#Microsoft.NYClassAction.FDBR'
<MicrosoftNYClassActionFDBR@faegredrinker.com>
Subject: RE: [EXT] RE: Maya S. Lang

Elana,

It is inappropriate to condition Ms. Lang's withdrawal upon her agreement to provide fulsome party-discovery. The point of Ms. Lang's withdrawal is to no longer be a party to this litigation. If you believe Ms. Lang has relevant, non-cumulative testimony or material (which we dispute), you may attempt to seek it from her in her capacity as a non-party at a later time.  It remains unclear, given your acknowledgment of her circumstances (and apparent dropping of your claim for absent class member discovery), why preserving your rights to seek non-party discovery would be insufficient.

Again, Ms. Lang's reason for withdrawal relates to personal matters that have nothing to do with the claims or defenses in this case. Under these circumstances, withholding your consent serves no useful purpose and therefore appears designed to harass.

Your conditions are also unworkable. If Ms. Lang acceded to your conditional dismissal, she would be required to either (1) waive all protections under the FRCP for all pending requests; or (2) defer her withdrawal until all potential discovery disputes—regarding all requests—are fully litigated. There is no telling how long this would take and is tantamount to being denied withdrawal.

Your response does not substantiate your position and it fully supports ours. At the outset, you fail to address any of Plaintiffs' case law regarding voluntary withdrawal. These cases demonstrate that, absent a showing of prejudice to defendants, a plaintiff can withdraw from litigation and be released from her duty to fulfill outstanding discovery obligations. See e.g., In re Currency Conversion Fee Antitrust Litig., 2004 WL 2453927 (S.D.N.Y. Nov. 3, 2004); Roberts v. Electrolux Home Prod., Inc., 2013 WL 4239050 (C.D. Cal. Aug. 14, 2013).

You cite out-of-circuit cases—like Opperman and All. for Glob. Just.—for the proposition that a defendant may condition a plaintiff's withdrawal even if the plaintiff's withdrawal causes them no prejudice. But this is not the law in the Second Circuit. See In re Avon Anti-Aging Skincare Creams and Prod. Mkt'ing and Sales Pract. Litig., No. 13 Civ. 0150 (JPO), 2014 WL 12776747, at *1 (S.D.N.Y. Apr. 22, 2014) (citing Cross Westchester Dev. Corp. v. Chiulli, 887 F.2d 431, 432) (2d Cir. 1989) ("The purpose of imposing terms of voluntary dismissal is to cure unfair effects that may result from granting the motion.").

Meanwhile, your in-circuit cases are inapposite because they hinge on circumstances not present here. See, e.g., Funke v. Life Financial Corp., No. 99 Civ. 11877, 2003 WL 21182763, at *2 (S.D.N.Y. May 20, 2023) (holding that a plaintiff cannot withdraw from litigation in lieu of submitting to a deposition previously ordered by the court); In re Digital Music Antitrust Litig., No. 06-md-1780, 2015 WL 13678846 (S.D.N.Y. 2015) (requiring plaintiffs to comply with earlier discovery orders when they sought voluntary withdrawal shortly after receiving discovery requests and more than seven years into the litigation); Mashek v. Silberstein, 20 F.R.D. 421, 422 (S.D.N.Y. 1957) ("The present motion was made after a notice for the taking of plaintiff's deposition had been served, and on the eve of the date for his scheduled examination."). Here, Ms. Lang has not delayed her withdrawal from this case, nor is there any indication that her withdrawal has been made in bad faith (it hasn't).

And in all events, OpenAI's speculative suspicions about Ms. Lang's reasons for withdrawing—while misplaced—are also not a recognized basis for conditioning withdrawal. See, e.g., Doe v. Ariz. Hosp. and Health. Ass., No. CV 07–1292–PHX–SRB, 2009 WL 1423378, at *13 (D. Ariz. Mar. 19, 2009) ("The Court is not in a position to question [plaintiff's] family or personal situation, which is her stated reason for wishing to withdraw; certainly, the pressures and obligations of extended litigation would present challenges to many people."); Cf. In re Currency Conversion Fee Antitrust Litig., 2004 WL 2453927, at *2 ("There is a possibility that [plaintiff] is lying, and that there is some flaw in her claim that would be relevant to class certification. But this possibility is too remote to sustain [defendant's] request.").

Plaintiffs urge OpenAI to consent to Ms. Lang's withdrawal.  We wanted to give you one more opportunity as a courtesy since you ultimately provided cases.  And, we thought seeing the document would give you context (the form we propose to file is attached).

Please let us know by EOD Pacific Time on July 3 whether you will agree to Ms. Lang's dismissal.

Best,
Wesley Dozier

From: Elana.NightingaleDawson at lw.com (via Alter-AI-TT list) <Alter-AI-TT@simplelists.susmangodfrey.com<mailto:Alter-AI-TT@simplelists.susmangodfrey.com>>
Sent: Wednesday, June 26, 2024 8:57 PM
To: Geman, Rachel <rgeman@lchb.com<mailto:rgeman@lchb.com>>;
OpenAICopyright@mofo.com<mailto:OpenAICopyright@mofo.com>;
openaicopyrightlitigation.lwteam@lw.com<mailto:openaicopyrightlitigation.lwteam@lw.com>>;
KVPOAI@keker.com<mailto:KVPOAI@keker.com>
Cc: Alter-AI-TT@simplelists.susmangodfrey.com<mailto:Alter-AI-TT@simplelists.susmangodfrey.com>>

Subject: [EXT] RE: Maya S. Lang

Rachel,

Thank you for your email. Our understanding was that we were both, respectively, going to share the case law on which we were relying. We appreciate your email and have shared herein the case law that supports the position we articulated regarding compliance with outstanding discovery requests as a condition of withdrawal. See, e.g., Opperman v. Path, Inc., No. 13-cv-00453-JST, 2015 WL 9311888, at *3 (N.D. Cal. Dec. 22, 2015) ("The Court will grant Sandiford's request for voluntary dismissal upon the condition she further respond to the written discovery requests already propounded on her."); see also Funke v. Life Fin. Corp., No. 9-cv-11877, 2003 WL 21182763, at *2 (S.D.N.Y. May 20, 2003); All. For Glob. Just. v. D.C., No. 01-cv-0811, 2005 WL 469593 at *3 (D.D.C. Feb. 7, 2005); In re Digital Music Antitrust Litigation, No. 06-md-1780, 2015 WL 13678846 (S.D.N.Y. 2015); Mashek v. Silberstein, 20 F.R.D. 421, 422 (S.D.N.Y. 1957).

OpenAI remains willing to work with Ms. Lang on the timing of her discovery compliance given her mother's health. It remains unclear to us, however, if that is the basis for Ms. Lang's withdrawal as you did not mention it until two weeks after informing us of Ms. Lang's desire to withdraw as a named plaintiff. It is also notable and, in our view, relevant that the same month Ms. Lang informed us of her intent to withdraw she resigned her role as President of the Authors Guild. See Announcing W. Ralph Eubanks as Interim Authors Guild President, https://authorsguild.org/news/announcing-w-ralph-eubanks-as-interim-president/#:~:text=Authors%20Guild%20President%20Maya%20Shanbhag,outstanding%20leadership%20and%20welcome%20Ralph (May 7, 2024).

Compliance with the outstanding discovery requests is particularly appropriate given Ms. Lang's unique role among the named plaintiffs as the former president of the Authors Guild—a role in which she wrote publicly about having "organized" this very litigation "against OpenAI." See Letter from Authors Guild President Maya Lang, https://authorsguild.org/news/letter-from-ag-president-maya-lang-about-openai-suit/ (Sept. 20, 2023). As such, pointing to the "more than two dozen plaintiffs" does not address the fact that Ms. Lang is uniquely situated among them with respect to her role—and public comments—regarding this lawsuit.

For the foregoing reasons, OpenAI anticipates consenting to conditional dismissal, but opposing unconditional dismissal. OpenAI will consider the motion and arguments contained therein, once filed, and will respond accordingly.

OpenAI also reserves the right to seek discovery from Ms. Lang as a third party with relevant information, separate and apart from her role as an absent class member.
Regards,
Elana
Elana Nightingale Dawson (she/her/hers)| LATHAM & WATKINS LLP
Tel: 202-637-2303 | Cell: 213-703-8628 | Fax: 202-637-2201

From: Geman, Rachel <rgeman@lchb.com<mailto:rgeman@lchb.com>>
Sent: Tuesday, June 25, 2024 5:58 PM
To: OpenAICopyright <OpenAICopyright@mofo.com<mailto:OpenAICopyright@mofo.com>>; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM <openaicopyrightlitigation.lwteam@lw.com<mailto:openaicopyrightlitigation.lwteam@lw.com>>; 'KVPOAI@keker.com' <KVPOAI@keker.com<mailto:KVPOAI@keker.com>>
Cc: Alter-AI-TT@simplelists.susmangodfrey.com<mailto:Alter-AI-TT@simplelists.susmangodfrey.com>
Subject: Maya S. Lang

Counsel: Thank you for meeting and conferring last week about Ms. Lang's withdrawal from the case. We had understood you were sending some legal cases, but in the interests of bringing this to a close, we have answers to your specific questions (which are consistent with the positions taken on the call).

First, the fact that Ms. Lang is a former president of the Authors Guild is apples and oranges to her (soon-to-be) previous role as a class plaintiff. This former volunteer non-staff role does not change the analysis under Rule 20 or the relevant case law.

We realize you recognize this, but we also do not agree Ms. Lang is an appropriate third-party witness given she was not part of AG staff. Any discovery from her in addition to the ample discovery we are producing from multiple AG custodians who (unlike Ms. Lang) are employees of the AG (which in turn is not even a plaintiff in its own capacity) would be duplicative and/or harassing.

Second, the fact that Ms. Lang is withdrawing before documents were produced does not change the analysis; in fact, it bolsters the absence of prejudice. There are more than two dozen plaintiffs. You have shown no basis effectively to penalize Ms. Lang, as would be the practical effect of her being forced to produce party documents while not being a party who stands to benefit from the lawsuit. See e.g., In re CURRENCY CONVERSION FEE ANTITRUST LITIGATION, 2004 WL 2453927 (S.D.N.Y. Nov. 3, 2004); Roberts v. Electrolux Home Prod., Inc., 2013 WL 4239050 (C.D. Cal. Aug. 14, 2013).

Given a month has passed, we are moving early next week (or sooner if you get back to us before then). Please let us know your final position by Friday.

Thank you.

[image001.gif]

Rachel Geman
rgeman@lchb.com<mailto:rgeman@lchb.com>
t 212.355.9500
f 212.355.9592
Pronouns: she/her/hers
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
www.lieffcabraser.com<https://www.lieffcabraser.com>

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com<http://www.lw.com>.

To unsubscribe from this list please go to https://https://simplelists.susmangodfrey.com/subs/

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.
To unsubscribe from this list please go to https://https://simplelists.susmangodfrey.com/subs/

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.
To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=GljfkAE4Sps0g3YC05GWwwQKrI8YvKc9