# EXHIBIT E

| From: | Elana.NightingaleDawson at lw.com (via Alter-AI-TT list) |
|---|---|
| To: | Geman, Rachel; OpenAICopyright@mofo.com; openaicopyrightlitigation.lwteam@lw.com; KVPOAI@keker.com |
| Cc: | Alter-AI-TT@simplelists.susmangodfrey.com |
| Subject: | [EXT] RE: Maya S. Lang |
| Date: | Wednesday, June 26, 2024 6:58:03 PM |

Rachel,

Thank you for your email.  Our understanding was that we were both, respectively, going to share the case law on which we were relying.  We appreciate your email and have shared herein the case law that supports the position we articulated regarding compliance with outstanding discovery requests as a condition of withdrawal.  *See, e.g.*, *Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2015 WL 9311888, at *3 (N.D. Cal. Dec. 22, 2015) ("The Court will grant Sandiford's request for voluntary dismissal upon the condition she further respond to the written discovery requests already propounded on her."); *see also Funke v. Life Fin. Corp.,* No. 9-cv-11877, 2003 WL 21182763, at *2 (S.D.N.Y. May 20, 2003*); All. For Glob. Just. v. D.C.*, No. 01-cv-0811, 2005 WL 469593 at *3 (D.D.C. Feb. 7, 2005); *In re Digital Music Antitrust Litigation*, No. 06-md-1780, 2015 WL 13678846 (S.D.N.Y. 2015); *Mashek v. Silberstein,* 20 F.R.D. 421, 422 (S.D.N.Y. 1957).

OpenAI remains willing to work with Ms. Lang on the timing of her discovery compliance given her mother's health.  It remains unclear to us, however, if that is the basis for Ms. Lang's withdrawal as you did not mention it until two weeks after informing us of Ms. Lang's desire to withdraw as a named plaintiff.  It is also notable and, in our view, relevant that the same month Ms. Lang informed us of her intent to withdraw she resigned her role as President of the Authors Guild.  *See* Announcing W. Ralph Eubanks as Interim Authors Guild President, https://authorsguild.org/news/announcing-w-ralph-eubanks-as-interim-president/#:~:text=Authors%20Guild%20President%20Maya%20Shanbhag,outstanding%20leadership%20and%20welcome%20Ralph (May 7, 2024).

Compliance with the outstanding discovery requests is particularly appropriate given Ms. Lang's unique role among the named plaintiffs as the former president of the Authors Guild—a role in which she wrote publicly about having "organized" this very litigation "against OpenAI."  *See* Letter from Authors Guild President Maya Lang, https://authorsguild.org/news/letter-from-ag-president-maya-lang-about-openai-suit/ (Sept. 20, 2023).  As such, pointing to the "more than two dozen plaintiffs" does not address the fact that Ms. Lang is uniquely situated among them with respect to her role—and public comments—regarding this lawsuit.

For the foregoing reasons, OpenAI anticipates consenting to conditional dismissal, but opposing unconditional dismissal.  OpenAI will consider the motion and arguments contained therein, once filed, and will respond accordingly.

OpenAI also reserves the right to seek discovery from Ms. Lang as a third party with relevant information, separate and apart from her role as an absent class member.

Regards,
Elana

**Elana Nightingale Dawson** (she/her/hers)| **LATHAM & WATKINS LLP**
Tel: 202-637-2303 | Cell: 213-703-8628 | Fax: 202-637-2201

---

**From:** Geman, Rachel <rgeman@lchb.com>
**Sent:** Tuesday, June 25, 2024 5:58 PM
**To:** OpenAICopyright <OpenAICopyright@mofo.com>; #C-M OPENAI COPYRIGHT LITIGATION - LW
TEAM <openaicopyrightlitigation.lwteam@lw.com>; 'KVPOAI@keker.com' <KVPOAI@keker.com>
**Cc:** Alter-AI-TT@simplelists.susmangodfrey.com
**Subject:** Maya S. Lang

Counsel: Thank you for meeting and conferring last week about Ms. Lang's withdrawal from
the case. We had understood you were sending some legal cases, but in the interests of
bringing this to a close, we have answers to your specific questions (which are consistent with
the positions taken on the call).

First, the fact that Ms. Lang is a former president of the Authors Guild is apples and oranges to
her (soon-to-be) previous role as a class plaintiff.  This former volunteer/non-staff role does
not change the analysis under Rule 20 or the relevant case law.

We realize you recognize this, but we also do not agree Ms. Lang is an appropriate third-party
witness given she was not part of AG staff.  Any discovery from her in addition to the ample
discovery we are producing from multiple AG custodians who (unlike Ms. Lang) are employees
of the AG (which in turn is not even a plaintiff in its own capacity) would be duplicative and/or
harassing.

Second, the fact that Ms. Lang is withdrawing before documents were produced does not
change the analysis; in fact, it bolsters the absence of prejudice.  There are more than two
dozen plaintiffs.  You have shown no basis effectively to penalize Ms. Lang, as would be the
practical effect of her being forced to produce party documents while not being a party who
stands to benefit from the lawsuit. *See e.g.,* In re CURRENCY CONVERSION
FEE ANTITRUST LITIGATION, 2004 WL 2453927 (S.D.N.Y. Nov. 3, 2004); *Roberts v. Electrolux
Home Prod., Inc.,* 2013 WL 4239050 (C.D. Cal. Aug. 14, 2013).

Given a month has passed, we are moving early next week (or sooner if you get back to us
before then).  Please let us know your final position by Friday.

Thank you.

**Rachel Geman**
rgeman@lchb.com
t 212.355.9500
f 212.355.9592

# Lieff
# Cabraser
# Heimann&
# Bernstein
### Attorneys at Law

Pronouns: she/her/hers
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
www.lieffcabraser.com

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=tkKyjAwBNpMnLbIdHGPiRNAsQsnLEb0V