# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>OPENAI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br><br>       Defendants. | INDEX NO. 1:23-cv-08292-SHS |

**PLAINTIFFS' CORRECTED RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**<u>INTRODUCTION</u>**

Plaintiffs David Baldacci, Sylvia Day, Mary Bly, Michael Connelly, Jonathan Franzen,

John Grisham, Elin Hilderbrand, Christina Baker Kline, Maya Shanbhag Lang, Victor Lavalle,

George R. R. Martin, Jodi Picoult, Douglas Preston, Roxana Robinson, George Saunders, Scott

Turow, and Rachel Vail ("Plaintiffs") hereby provide their Corrected Responses to Defendant

OpenAI OpCo's First Set of Requests for Production of Documents, pursuant to Rules 26 and 34

of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

All responses to the following Requests are based on information currently known to Plaintiffs and are provided without prejudice to Plaintiffs' right to supplement these responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure should additional information become available. Plaintiffs anticipate that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.

These responses are made in a good faith effort to supply such information as is presently known to Plaintiffs. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiffs' right to rely on other facts or documents at trial. These responses are not an admission of any fact set forth or assumed by a Request. The inadvertent disclosure of any privileged information shall not be deemed a waiver of any applicable privilege with respect to such information or any other information.

Plaintiffs observe that Defendant has not yet accepted or made suggested edits to the proposed Protective Order and ESI Order that Plaintiffs first sent to Defendants on Dec. 12, 2023, including but not limited to the protocols in the latter about determining search parameters. The production of confidential or electronically-stored documents should be preceded by the entry of these orders, although the parties can meet and confer as needed on interim processes.

Finally, given that Defendant OpenAI OpCo LLC's counsel also represents all the other defendants, save defendant Microsoft Corporation, and that the parties have previously, albeit preliminarily, discussed avoiding unnecessary duplication in discovery, Plaintiffs request that the Requests be deemed amended to be on behalf of all the OpenAI defendants, and that productions

2982245.1

be to all defendants (at minimum all OpenAI defendants).  This issue should be addressed as part of the parties' meet and confer efforts.

## GENERAL OBJECTIONS

Plaintiffs make the following General Objections to the Requests, including the Definitions and Guidelines sections. Plaintiffs' General Objections are incorporated into their responses to each specific Request made by Defendant.

1.      Plaintiffs object to the Requests to the extent they seek the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities.

2.      Plaintiffs object to the Requests to the extent that they seek information in which parties and/or non-parties have a legitimate expectation or right of privacy pursuant to statute or case law.

3.      Plaintiffs object to the Requests to the extent they seek to impose obligations on Plaintiffs different from or beyond those required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiffs will respond to the Requests pursuant to the requirements of Rule 26.

4.      Plaintiffs object to Defendant's definition of the term "Copyrighted Work" (Definition no. 9) as overbroad.  Plaintiffs will construe this term to mean "Class Works" only.

5.      Plaintiffs object to "all Documents and Communications" as overbroad.

In addition to the General Objections set forth above, Plaintiffs will also state specific objections to Requests where appropriate, including objections that are not generally applicable to all Requests. By setting forth such specific objections, Plaintiffs do not intend to limit or restrict the General Objections set forth above. To the extent that Plaintiffs respond to Requests to which they object, such objections are not waived.

2982245.1

## RESPONSE TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All U.S. copyright registrations for Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiffs object to this Request as overbroad to the extent it seeks copyright registrations Plaintiffs hold that are not relevant to the Parties' claims or defenses. Plaintiffs also object to the extent that Defendant has equal access to this information. Plaintiffs also object to the term "all" in this Request as vague and ambiguous. Pursuant to General Objection No. 4, Plaintiffs will construe this Request as requiring them to produce only the copyright registrations for their Class Works.

Subject to and without waiving these objections, Plaintiffs will search for and produce the copyright registrations for their Class Works.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications relating to your ownership of Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs also object to the extent that Defendant has equal access to this information. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to the use of the term "relating to the

- 4 -

ownership of" as vague and ambiguous, even if Copyrighted Works were replaced with Class

Works. This Request is also duplicative of Request No. 1.

Subject to and without waiving these objections, Plaintiffs will search for and produce the

deposit copies of their Class Works, correspondence with the United States Copyright Office

regarding the same, and any assignment or other ownership-related documents (if any) related to

their Class Works.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications relating to OpenAI's alleged use of Your

Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiffs object to the term Copyrighted Works as overbroad and irrelevant (General

Objection No. 4) and to the request for "all Documents and Communications" as overbroad

(General Objection No. 5).  Plaintiffs object to this Request to the extent it seeks disclosure of

information that is protected from disclosure by attorney-client privilege, the attorney work-

product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this

Request as unduly burdensome to the extent that responsive documents are already within

Defendants' custody or control or are more readily available to Defendants than to Plaintiffs.

Subject to and without waiving these objections, Plaintiffs will produce the ChatGPT

outputs identified in the complaint if Defendants agree that there is no waiver of any privilege or

work product protection and will search for and produce other responsive non-privileged

documents, if any exist.

2982245.1

**REQUEST FOR PRODUCTION NO. 4:**

For each Copyrighted Work identified in Interrogatory No. 1, Documents sufficient to show Your understanding of any license applicable to that Copyrighted Work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

There have been no interrogatories propounded, but Plaintiffs will construe this Request to refer to "Request for Production No. 1" and not "Interrogatory No. 1" for purposes of these objections.  Plaintiffs would object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs would object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4.  Plaintiffs also would object to the use of the term "applicable" as vague and ambiguous, and similarly that the phrase "Your understanding" is vague because it suggests that Defendant seeks not the licenses, but documents, if any, that reveal Plaintiffs' understanding of the license in some undefined time period.  Plaintiffs further would object to the term "license" as overbroad as to what licenses are encompassed in the term. Plaintiffs further would object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case.

Plaintiffs will await notification from Defendant as to whether this is a placeholder for a forthcoming Interrogatory, and, if Defendant wishes to amend the Request, Plaintiffs are willing to meet and confer in a reasonable time shortly after the amendment.

2982245.1

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications relating to Your decision to enter into any of the licenses You allege apply to Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs object to the term Copyrighted Works as overbroad and irrelevant (General Objection No. 4), to the Request for "all Documents and Communications" as overbroad (General Objection No. 5), and to the term "license" as overbroad. Plaintiffs also object to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiffs also object to the term "apply" as used in this Request as vague and ambiguous, as is the phrase "Your decision," which suggests that Defendant seeks not the licenses, but documents, if any, that reveal the Plaintiffs' thought processes behind entering into the license in some undefined time period. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case.

Subject to and without waiving these objections, Plaintiffs will search for and produce responsive non-privileged documents, if any exist.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications relating to the alleged reproduction, public display, or distribution of Your Copyrighted Works by any Defendant, including but not limited to reproduction, public display, or distribution by ChatGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiffs object to the term Copyrighted Works as overbroad and irrelevant (General

Objection No. 4), to the Request for "all Documents and Communications" as overbroad

(General Objection No. 5), and that it appears to ask about Defendants' reproducing, displaying,

or distributing outside the context of the Defendants' Large Language Models (see "including

but not limited to"). Plaintiffs also object to this Request to the extent it seeks disclosure of

information that is protected from disclosure by attorney-client privilege, the attorney work-

product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this

Request as unduly burdensome to the extent that responsive documents are already within

Defendants' custody or control or are more readily available to Defendants than to Plaintiffs.

This Request is also duplicative of Request No. 3. Plaintiffs further object to this Request to the

extent that it seeks information not relevant to the claims and defenses in this case and/or not

proportional to the needs of the case.

Plaintiffs refer to the response to Request No. 3 and will meet and confer as well, if

needed.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications relating to any efforts undertaken by You to enforce

Your copyrights for any of Your Copyrighted Works against anyone, or to monitor for or

investigate infringement of Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiffs object to the term Copyrighted Works as overbroad and irrelevant (General

Objection No. 4), to the Request for "all Documents and Communications" as overbroad

(General Objection No. 5).  Plaintiffs also object to this Request to the extent it seeks disclosure

2982245.1

of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to the use of the phrase "relating to any efforts . . . to enforce" and the terms "monitor" and "investigate" in this Request as vague and ambiguous (and will set forth their interpretation below). Plaintiffs also object that the Request is unduly burdensome and overbroad in that it purports to seek documents over Plaintiffs' entire career, rather than within a specific timeframe.

Subject to and without waiving these objections, Plaintiffs will search for and produce responsive non-privileged cease-and-desist letters, takedown notices, demand letters, complaints alleging copyright infringement, and documents and communication relating to the use of copyright enforcement and monitoring technology of Class Works to the extent they exist for a reasonable time frame, about which Plaintiffs are willing to meet and confer.

**REQUEST FOR PRODUCTION NO. 8:**

All non-privileged Documents and Communications relating to Your investigation of the claims alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs object that this is duplicative of Requests 3 and 6, and also refer to General Objection No. 5.

Plaintiffs are willing to meet and confer over what non-duplicative information Defendant is seeking and reserve their objections.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications relating to OpenAI, including any relationship You

have had with any OpenAI entity, communications with OpenAI, and accounts with OpenAI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiffs object to this Request to the extent it seeks disclosure of information that is

protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any

other applicable privileges or immunities. Plaintiffs object to the Request for "all Documents

and Communications" as overbroad (General Objection No. 5). Plaintiffs further object to the

term "relationship" because Plaintiffs are natural persons and the OpenAI entities (an undefined

term, making this word also ambiguous and overbroad) are companies. Plaintiffs also object that

this Request is unduly burdensome to the extent it seems to seek information in the possession of

OpenAI itself. Plaintiffs further object to this Request to the extent that it seeks information not

relevant to the claims and defenses in this case and/or not proportional to the needs of the case.

Subject to and without waiving these objections, Plaintiffs will search for and produce

responsive non-privileged documents, if any exist.

**REQUEST FOR PRODUCTION NO. 10:**

Your agreements, including but not limited to licenses and work-for-hire agreements,

related to Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiffs object to the term Copyrighted Works as overbroad and irrelevant (General

Objection No. 4), and to the Request for "all Documents and Communications" as overbroad

(General Objection No. 5). This Request is also duplicative of Request Nos. 1, 2, and 4.

Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected

from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other

applicable privileges or immunities.

Subject to and without waiving these objections, Plaintiffs will search for and produce

responsive non-privileged documents consistent with Plaintiffs' responses to Request Nos. 1, 2,

and 4.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents or Communications relating to any injury or harm You claim to have

suffered as a result of the conduct alleged in the Complaint, including those as alleged in

Paragraphs 111-130.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiffs object to this Request to the extent it seeks disclosure of information that is

protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any

other applicable privileges or immunities such as (but not limited to) the common interest

privilege or the spousal privilege. Plaintiffs also object to this Request to the extent it seeks

information that is or may be the subject to expert discovery. Plaintiffs also object to the extent

that this Request seeks information in Defendant's possession, custody, or control, such as

materials relevant to willfulness.  Plaintiffs further object to the extent this Request is premature

in that Plaintiffs have not yet elected damages. Plaintiffs further object that this Request is

duplicative of earlier Requests.  Plaintiffs object to Request for "all Documents and

Communications" as overbroad (General Objection No. 5),

Subject to and without waiving these objections, Plaintiffs will search for and produce

responsive non-privileged documents.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents identified in Your initial disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiffs object to this Request as duplicative, including of Request Nos. 1 and 3.

Plaintiffs further object because most of the documents identified are in Defendant's possession,

custody, and control.

Subject to and without waiving these objections, Plaintiffs will search for and produce

responsive non-privileged documents.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents upon which You intend to rely for summary judgment or at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiffs object to this Request as premature, as discovery in this case has just started.

Plaintiffs further object to this Request to the extent it seeks disclosure of information that is

protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any

other applicable privileges or immunities. Plaintiffs further object to this Request to the extent it

prematurely seeks expert analysis protected from disclosure by Federal Rule of Civil Procedure

26(a)(2)(D).  Plaintiffs further object to this Request as inconsistent with the procedures in this

Court for pre-trial procedures.

Plaintiffs are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications produced or provided to You by third parties in this

action.

2982245.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiffs object to the use of the term "third parties in this action" as vague and ambiguous, and to the Request for "all Documents and Communications" as overbroad (General Objection No. 5). Plaintiffs also object to the word "provided" as vague to the extent it means something other than "produced" in this context.  To the extent this Request is asking for production of documents produced to Plaintiffs in response to subpoenas, this Request is premature, but Plaintiffs agree the parties should produce such documents to each other and suggest the parties memorialize same in a writing.  As drafted, though, this Request does not so clearly state.

Plaintiffs are willing to meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications You have had with any person other than Your attorneys concerning this litigation, including Your decision to become a Plaintiffs in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities such as (but not limited to) the common interest privilege or the spousal privilege. Plaintiffs also object to this Request to the extent that it is duplicative of other Requests. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case.  Plaintiffs object to the Request for "all Documents and Communications" as overbroad (General Objection No. 5).

2982245.1

Subject to and without waiving these objections, Plaintiffs will search for and produce responsive non-privileged documents.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents constituting the pleadings in any action in which You are or were a named party or identified as a proposed class representative, as well as any transcripts of any depositions or other testimony provided in such actions. This Request specifically includes all civil and criminal actions as well as actions before quasi-judicial forums such as arbitrations, and regulatory/disciplinary and administrative law tribunals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs object to this Request to the extent it is unduly burdensome, in that there is no time limitation, and the information is equally accessible to the extent pleadings or other requested materials are public. Plaintiffs further object to this Request to the extent it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to the extent depositions and testimony are often marked confidential in other actions, and that records of quasi-judicial proceedings such as arbitrations are often confidential or otherwise non-public. Plaintiffs further object to this Request as duplicative, and to the extent it violates privacy rights.

Subject to and without waiving these objections Plaintiffs will search for and produce responsive non-privileged documents regarding class action and Copyright matters for a reasonable time frame about which Plaintiffs are willing to meet and confer.

2982245.1

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show all final judgments or settlements in any matter in which You were a named party or identified as a proposed class representative.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs object to this Request to the extent it is unduly burdensome, in that there is no time limitation, and the information is equally accessible to the extent pleadings or other requested materials are public. Plaintiffs further object to this Request to the extent it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to the extent settlements are often confidential. Plaintiffs further object to this Request as duplicative, and to the extent it violates privacy rights.

Subject to and without waiving these objections Plaintiffs will search for and produce responsive non-privileged documents regarding class action and Copyright matters for a reasonable time frame about which Plaintiffs are willing to meet and confer.

Dated:  April 12, 2024              Respectfully submitted,

*/s/ Rachel Geman*
Rachel Geman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
rgeman@lchb.com

Wesley Dozier (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue, Suite 1640
Nashville, TN 37201
Telephone:  615.313.9000
wdozier@lchb.com

2982245.1

*/s/ Scott Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Telephone:  212.974.7474
ssholder@cdas.com
ccole@cdas.com

*Attorneys for Plaintiffs and the Proposed Class*

2982245.1

<u>**PROOF OF SERVICE VIA ELECTRONIC MAIL**</u>

On April 12, 2024, and based on the parties' agreements, I caused to be served the

following document via electronic mail:

**PLAINTIFFS DAVID BALDACCI'S CORRECTED RESPONSES AND OBJECTIONS
TO DEFENDANT OPENAI OPCO, LLC'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS**

upon 'openaicopyrightlitigation.lwteam@lw.com' and 'OpenAICopyright@mofo.com'.


*/s/ Rachel Geman*
Rachel Geman

2982245.1