# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated, | Case No. 1:23-cv-08292-SHS; Case No. 1:23-cv-10211-SHS |
| Plaintiffs, | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF MAYA LANG** |
| v. | |
| OPENAI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC,OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION, | |
| Defendants. | |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION, | |
| Defendants. | |

## TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................. 1

RELEVANT BACKGROUND ............................................................................................. 2

ARGUMENT ........................................................................................................................ 5

    I.     OpenAI Was Required to Demonstrate *Substantial* Prejudice, But Could Not Show Any Prejudice At All. ............................................................................ 5

          A.     OpenAI was not prejudiced. ........................................................... 5

          B.     Any risk of re-litigation could be addressed by a dismissal with prejudice. ................................................................ 6

          C.     OpenAI's case law is distinguishable. .......................................... 7

    II.    Given the Absence of Prejudice, OpenAI Presents No Legitimate Reason to Obtain Discovery from Ms. Lang. .................................................................... 8

CONCLUSION ...................................................................................................................... 9

3081468.1

## <u>TABLE OF AUTHORITIES</u>

Page

**Cases**

*All. for Glob. Just. v. D.C.*,
    No. 01-cv-0811, 2005 WL 469593 (D.D.C. Feb. 7, 2005) ......................................................7

*Am. Geophysical Union v. Texaco Inc.*,
    60 F.3d 913 (2d Cir. 1994) ..................................................................................................9

*Click v. Gen. Motors LLC*,
    2021 WL 3634695 (S.D. Tex. Mar. 23, 2021) ......................................................................6

*Corbett v. PharmaCare U.S., Inc.*,
    No.: 21cv137-GPC (AGS), 2022 WL 2835847 (S.D. Cal. July 20, 2022) .............................7

*Google LLC v. Oracle Am., Inc.*,
    593 U.S. 1 (2021) ................................................................................................................9

*In re Avon Anti-Aging Skincare Creams and Prods. Mkt'ing and Sales Pracs.*
    *Litig.*,
    No. 13 Civ. 0150 (JPO), 2014 WL 12776747 (S.D.N.Y. Apr. 22, 2014) .........................3, 5, 6

*In re Currency Conversion Fee Antitrust Litig.*,
    No. M 21-95, 2004 WL 2453927 (S.D.N.Y. Nov. 3, 2004) .................................................5, 6

*In re Wellbutrin XL Antitrust Litig.*,
    268 F.R.D. 539 (E.D. Pa. 2010) ...........................................................................................7

*Nayfa v. Papa's Leatherbarn, LLC*,
    No. CIV-10-80-W, 2011 WL 13113321 (W.D. Okla. Jan. 10, 2011) ......................................7

*Roberts v. Electrolux Home Prod., Inc.*,
    2013 WL 4239050 (C.D. Cal. Aug. 14, 2013) ....................................................................3, 6

*Sherman v. Yahoo! Inc.*,
    No. 13cv0041–GPC–WVG, 2015 WL 473270 (S.D. Cal. Feb. 5, 2015) ................................7

3081468.1

**<u>INTRODUCTION</u>**

OpenAI's[1] non-objection to Maya Lang's withdrawal (Dkt. No. 178 at 2), combined with the absence of prejudice to it from the dismissal of *one of 30 plaintiffs* before the completion of discovery negotiations (to say nothing of dispositive or Rule 23 briefing), compels the relief Plaintiffs seek: Ms. Lang's withdrawal without conditions.

OpenAI claims it is entitled to virtually all of the discovery from Ms. Lang that other plaintiffs are producing.[2] Yet, its opposition is so untethered to the applicable law and relevant facts that one might be forgiven for thinking this case involves only the inner workings of the Authors Guild, rather than being a class action lawsuit on behalf of thousands of writers against Defendants for their willful and unlawful ingestion of their books for profit. OpenAI's specific arguments are wrong and unsupported.

*First,* OpenAI essentially fails to address the well-established law providing that outside of instances of misconduct or a procedurally advanced case, individuals should not be forced to have the obligations of parties in litigation. OpenAI effectively concedes the lack of misconduct, and there can be no dispute that the case has not reached a sufficiently-advanced stage to warrant potential conditions on Ms. Lang's withdrawal. Indeed, OpenAI recently requested a stipulated discovery extension, has yet to complete production of ESI discovery, and has produced nothing specific to Ms. Lang. Summary judgment and class certification will occur well into 2025, and there is no trial date. The few, and mostly out-of-circuit, cases that OpenAI cites are patently distinguishable.

---

[1] Defendant Microsoft did not join in OpenAI's brief or otherwise object to Ms. Lang's withdrawal.

[2] OpenAI acknowledges it is not entitled to discovery propounded after May 28, although most discovery was served earlier.

3081468.1

*Second,* OpenAI's assertion that Ms. Lang "chose to be a key player" in the litigation is without basis. For purposes of the unique documents in her possession, Ms. Lang is situated exactly like the other 29 plaintiffs: she is a copyright-holder whose books were stolen by Defendants without her consent. OpenAI's brief only confirms this, as it cites materials confirming that Ms. Lang's concerns about OpenAI's conduct are shared widely by writers at large, i.e., surveys and letters that Ms. Lang signed *along with thousands of others.* That Ms. Lang is a former president of the Authors Guild changes nothing about the propriety of her withdrawal.

*Third,* and relatedly, OpenAI misleadingly conflates Ms. Lang with the Authors Guild. The Authors Guild, a remaining plaintiff in this case based on its ownership of the rights of author Mignon Eberhart, is producing or has produced the very discovery OpenAI claims to need. Anything from Ms. Lang, even if it existed, is duplicative.

Because OpenAI does not come close to meeting the limited bases that would permit conditions on Ms. Lang's withdrawal, Plaintiffs' motion should be granted, and OpenAI's intrusive campaign against a person dealing with known family health challenges put to an end.

## RELEVANT BACKGROUND

OpenAI essentially concedes the relevant facts that Plaintiffs set forth in the opening memorandum: Ms. Lang told counsel about her need to withdraw in late May, early in the case, Dkt. No. 176 ¶ 3; Plaintiffs' counsel immediately informed counsel for OpenAI, *id.*; these two events occurred before even the initial substantial completion deadline, Dkt. No. 174 at 7; OpenAI has not spent time reviewing Ms. Lang's documents[3]; Ms. Lang was in full compliance

---

[3] A sole document was produced relating to Lang, Dkt. No. 178 at 11, which only confirms that Plaintiffs were working in good faith as to all plaintiffs before the family and personal issues arose that compelled Ms. Lang's withdrawal.

at the time of her need to withdraw, Dkt. No. 174 at 3; and the parties tried, but failed, to negotiate to avoid motion practice (a negotiation that OpenAI now improperly tries to turn against Ms. Lang to suggest that Plaintiffs delayed, which has not occurred). *See generally,* Dkt. No. 174 at 2-5; Dkt. No. 176.

OpenAI cannot dispute that there are no discovery orders against Ms. Lang; that OpenAI has not produced documents specific to Ms. Lang; has not deposed her or even noticed her deposition; that during the negotiation Plaintiffs provided information about various facts that both explained Ms. Lang's situation and mooted much of the discovery OpenAI claimed to want, Dkt. No. 176, Ex. B; that Plaintiffs represented that Ms. Lang's withdrawal (and resignation from her volunteer position at the Authors Guild) had nothing to do with the claims in the case, *id*; *see also* Declaration of Maya Lang in Support of Motion for Voluntary Dismissal ("Lang Decl.") ¶ 4; and that Plaintiffs have objected to any discovery propounded on Ms. Lang since the time she disclosed her need to withdraw (necessitated by OpenAI's inconsistent messaging). Declaration of Wesley J. Dozier in Support of Reply Motion in Support of Voluntary Dismissal of Plaintiff Maya Lang ("Dozier Decl.") ¶ 2.[4]

The above facts are enough to show lack of prejudice. Nonetheless, to avoid confusion, Plaintiffs briefly address three issues.

---

[4] Contrary to OpenAI's argument, a declaration is not required, let alone as part of the opening brief, *see, e.g., Roberts v. Electrolux Home Prod., Inc.*, 2013 WL 4239050, at *2 (C.D. Cal. Aug. 14, 2013). Ms. Lang's declaration is filed herewith for the avoidance of doubt. *See* Lang Decl. Courts do not countenance attempts like OpenAI's to engage in fanciful and intrusive speculation that dismisses stated representations. *Cf. In re Avon Anti-Aging Skincare Creams and Prods. Mkt'ing and Sales Pracs. Litig.*, No. 13 Civ. 0150 (JPO), 2014 WL 12776747, at *2 (S.D.N.Y. Apr. 22, 2014) ("there is a possibility that Barrett is lying, and that there is some flaw in her claim that would be relevant to class certification. But this possibility is too remote to sustain Avon's request.").

*First,* OpenAI wrongly claims that Ms. Lang may possess non-duplicative documents about another Plaintiff, the Authors Guild. Dkt. No. 178 at 14.  Yet, OpenAI has aggressively sought—and is getting—wide-ranging discovery from the Authors Guild, including the production of ESI from a number of custodians. Dozier Decl. ¶ 4, Ex. B. Though OpenAI makes much of the fact that Ms. Lang is a former Authors Guild president, the *Authors Guild* is in possession of, and has agreed to produce, any relevant and responsive emails under the AG's "Presidents" email address. Dozier Decl. ¶ 3, Ex. A.  Whatever discoverable emails were sent under Ms. Lang's name/by Ms. Lang, or to Ms. Lang, in her role at the Authors Guild (if any), are being produced via that exact custodial address. OpenAI's statement that Plaintiffs have refused to produce arguably relevant materials is thus completely false.[5] Dozier Decl. ¶ 4, Ex. B.

*Second,* OpenAI mischaracterizes the Authors Guild–related materials it has placed before this Court to suggest that Ms. Lang personally "organized" the lawsuit. Dkt. No. 178 at 10. To the contrary, the document OpenAI cites says "the Authors Guild has organized a class-action lawsuit against OpenAI, the company behind ChatGPT." Dkt. No. 178 at 2, n. 2. Indeed, the materials make clear that Ms. Lang was one of just 18 (and now 30) plaintiffs, both members and non-members of the Authors Guild. *See The Authors Guild, John Grisham, Jodi Picoult, David Baldacci, George R.R. Martin, and 13 Other Authors File Class-Action Suit Against OpenAI* (Sept. 20, 2023), https://authorsguild.org/news/ag-and-authors-file-class-action-suit-against-openai/ ("The Authors Guild and 17 authors filed a class-action suit against OpenAI in the Southern District of New York for copyright infringement of their works of fiction on behalf

---

[5] OpenAI speculates that because there was only a "Presidents" address and not a "Maya Lang" specific address, perhaps Ms. Lang was secretly conducting Authors Guild business on a personal email. Dkt. No. 178 at 1, 10. Of course, Authors Guild general business is not at issue in the case, and this is exactly the sort of speculation the law cautions against. *See, e.g.,* note 4 *supra.*

of a class of fiction writers whose works have been used to train GPT."). Likewise, OpenAI implies that Ms. Lang was at the forefront of lobbying efforts, yet it misleadingly cites a document that does not mention or involve Ms. Lang. Dkt. No. 178 at 2-3, n. 3.

*Third*, OpenAI offered vague and contradictory assertions about the Authors Guild (both that the organization had a "campaign" against OpenAI merely by dint of its acting on its members' and writers' grave concern about OpenAI's illegal conduct, and that the Authors Guild's work as part of the rapidly growing licensing market is somehow inconsistent with its demands that writers be fairly paid). Dkt. No. 178 at 7, 9. It is hard to fathom what any of this has to do with whether Ms. Lang, an author of a memoir and a novel that OpenAI allegedly used for training, has engaged in misconduct (she has not) or whether the case is far advanced (it is not).

The acknowledged and undisputed facts all support Plaintiffs' request.

## ARGUMENT

### I.    OpenAI Was Required to Demonstrate *Substantial* Prejudice, But Could Not Show Any Prejudice At All.

#### A.    OpenAI was not prejudiced.

In light of the strong policy permitting voluntary withdrawal and against forcing individuals to carry the obligations of litigants, conditions on withdrawals should not be imposed unless needed to "cure unfair effects that may result from granting the motion." *In re Avon*, 2014 WL 12776747, at *1 (S.D.N.Y. Apr. 22, 2014) (granting withdrawal without conditions and rejecting defendant's request for discovery). "Absent a good reason… a plaintiff should not be compelled to litigate if [she] doesn't wish to." *In re Currency Conversion Fee Antitrust Litig.*, No. M 21-95, 2004 WL 2453927, at *1 (S.D.N.Y. Nov. 3, 2004).

To justify conditions on a plaintiff's voluntary dismissal, courts consistently hold that defendants must show prejudice beyond the mere fact of the litigation. *See Avon*, 2014 WL 12776747, at *1 (refusing to impose conditions on dismissal when case had not "progressed considerably" beyond initial stages and there was no "misconduct by the plaintiff"); *In re Currency*, 2004 WL 2453927, at *1 (refusing to impose conditions without showing of prejudice); *see also Click v. Gen. Motors LLC*, 2021 WL 3634695, at *5 (S.D. Tex. Mar. 23, 2021) (same); *Roberts v. Electrolux Home Prod., Inc.*, 2013 WL 4239050, at *2 (C.D. Cal. Aug. 14, 2013) (same).

OpenAI is unable to distinguish any of these above (or other) cases. Their chief argument is that this case is months into discovery, but, again, that is not enough to create prejudice, especially where the discovery to date has not involved Ms. Lang. Dkt. No. 178 at 13; *See, e.g.*, *Avon*, 2014 WL 12776747, at *1  (granting voluntary dismissal over one year into litigation); *In re Currency*, 2004 WL 2453927, at *1 (granting voluntary dismissal over three years into litigation); *Click*, 2021 WL 3634695, at *5 (granting plaintiff's unconditional dismissal notwithstanding that Requests for Production, Interrogatories, and Notice of Deposition had already been served).

### B.      Any risk of re-litigation could be addressed by a dismissal with prejudice.

OpenAI also raises the specter of relitigation, an issue that would be moot if the Court determined to dismiss Ms. Lang's claim with prejudice, while expressly preserving her right to participate as an absent class member in any class-wide recovery against Defendants related to conduct at issue in this litigation.

### C.    **OpenAI's case law is distinguishable.**

In OpenAI's out-of-Circuit cases, unlike the situation here, there was either only one plaintiff litigating against a defendant and/or the parties seeking to withdraw had failed to comply with court orders (or both).  The contrast between OpenAI's cases and the facts here support Plaintiffs' position entirely. *See Sherman v. Yahoo! Inc.*, No. 13cv0041–GPC–WVG, 2015 WL 473270, at *7 (S.D. Cal. Feb. 5, 2015) (TCPA case where named plaintiff permitted to dismiss without prejudice *and* without any document discovery obligations, but with condition of sitting for a deposition given (a) the deposition had been noticed and re-noticed several times, (b) he was the *sole named plaintiff* for *nearly two years of litigation* (22 months), and (c) there was reason to think he consented to receiving the messages at issue, which was the crux of the case); *Nayfa v. Papa's Leatherbarn, LLC*, No. CIV-10-80-W, 2011 WL 13113321, at *2 (W.D. Okla. Jan. 10, 2011) (another TCPA case with a sole named plaintiff, and one where (a) class certification had already been filed, and (b) the court had granted an extension precisely to allow the specific withdrawing party time to respond); *In re Wellbutrin XL Antitrust Litig.*, 268 F.R.D. 539, 544 (E.D. Pa. 2010) (plaintiff required to comply with outstanding adverse court order on discovery).[6]

OpenAI's opposition confirms the absence of prejudice.

---

[6] *See also Corbett v. PharmaCare U.S., Inc.*, No.: 21cv137-GPC (AGS), 2022 WL 2835847, at *7 (S.D. Cal. July 20, 2022) (similar context of court order). Other cases on which OpenAI relies are even further afield. In *Cross Westchester Dev. Corp. v. Chiulli*, 887 F.2d 431, 432 (2d Cir. 1989), the parties jointly requested to remove a condition placed on *defendant* in connection with plaintiff's withdrawal, which had been effectuated to allow plaintiff to bring the same claims in state court. In *All. for Glob. Just. v. D.C.*, No. 01-cv-0811, 2005 WL 469593, at *3 (D.D.C. Feb. 7, 2005), the court in fact *allowed* the individual plaintiff to dismiss without conditions, though it did recommend certain conditions on organizational plaintiffs.

Case 1:23-cv-08292-SHS-OTW    Document 181    Filed 08/19/24    Page 11 of 15

## II.    Given the Absence of Prejudice, OpenAI Presents No Legitimate Reason to Obtain Discovery from Ms. Lang.

Unable to show prejudice, OpenAI offers a wish list of reasons why it nonetheless wants discovery from Ms. Lang about the Authors Guild. OpenAI's arguments all illustrate why OpenAI's opposition should be overruled, in that they are speculative, tangential, or duplicative.

*First,* OpenAI assumes without basis that Ms. Lang spent time "recruiting" Plaintiffs. Dkt. No. 178 at 9. But such evidence, if it existed, would have no bearing on the issues in the case. In a footnote, OpenAI incorrectly says that such communications would show "conflicts of interest." Dkt. No. 178 at 9, n.11. OpenAI offers no reason to believe that Ms. Lang made any such efforts, let alone why any such efforts would be "conflicts of interest."

*Second,* OpenAI claims – again without basis or justification – that Guild members may rely on "OpenAI's services to create new creative works." Dkt. No. 178 at 9. Even if Plaintiffs' creative process were part of this case (and it is not), there is simply no reason to believe that Ms. Lang has any knowledge of other writers' creative process—let alone more knowledge than those writers themselves.[7]

*Third,* OpenAI claims Ms. Lang has information about the market for training materials. Yet *OpenAI,* not Ms. Lang, has knowledge of the dozens of paying licenses it has entered into, and its own statements touting its interest in working with content creators, however much it is delaying discovery as to this issue. Dozier Decl. ¶ 6; *see* Cecily Mauran, *All the media companies that have licensing deals with OpenAI (so far)*, Mashable (June 21, 2024), https://mashable.com/article/all-the-media-companies-that-have-licensing-deals-with-openai-so-far (last accessed Aug. 19, 2024).  And, again, OpenAI misleadingly conflates the Authors Guild

---

[7] As part of Plaintiffs' good faith attempt to avoid motion practice, despite OpenAI's shifting demands, Plaintiffs already addressed Ms. Lang's non-use of ChatGPT. Dozier Decl. ¶ 5, Ex. C.

-8-

3081468.1

with Ms. Lang, who had a former volunteer role. OpenAI is in fact seeking discovery on the topic of the growing and robust licensing market from the Authors Guild; to the extent the *Authors Guild* has been involved in training license discussions, they are the relevant party. OpenAI has identified no reason why individualized discovery from Ms. Lang exists at all, let alone is either non-duplicative or warranted in light of her withdrawal from this action.

OpenAI's attempt to tie the above issues to applicable legal standards fails. The cases cited do not involved Rule 41 and, even to the extent they are background, they likewise do not support OpenAI for that ancillary purpose either. *Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 929-30 (2d Cir. 1994), held that Texaco could not systematically copy copyright-protected articles for its employees' research purposes. *Texaco* confirms that OpenAI's commercial copying to train its LLMs is copyright infringement, and particularly so in light of the burgeoning licensing market for AI training material. However relevant *Texaco* may be to OpenAI's fair use defense, it says nothing about why Ms. Lang cannot unconditionally withdraw at this stage of the case given she handily satisfies the bases to do so. Finally, *Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 35 (2021), is another fair use decision, albeit in the inapposite context of lines of computer code. None of these cases support the notion that OpenAI should be permitted to obtain discovery from Ms. Lang that either is not in her possession, does not exist, or that is clearly duplicative of the discovery from 29 other plaintiffs that has been or is being produced.

## CONCLUSION

For the reasons set forth above and in the opening memorandum, Plaintiffs respectfully request that the Court grant Ms. Lang's Motion to Voluntarily Withdraw without prejudice (or, if the Court sees fit, with prejudice), without any discovery obligations, and while preserving her rights as an absent class member.

Dated:  August 19, 2024

_/s/ Rachel Geman_
Rachel Geman
Wesley Dozier(_pro hac vice_)
Anna Freymann
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
rgeman@lchb.com
wdozier@lchb.com
afreymann@lchb.com

Reilly T. Stoler (_pro hac vice_)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
rstoler@lchb.com

_/s/ Rohit Nath_
Justin A. Nelson (_pro hac vice_)
Alejandra C. Salinas (_pro hac vice_)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: 713-651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (_pro hac vice_)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: 310-789-3100
rnath@susmangodfrey.com

Charlotte Lepic
J. Craig Smyser
SUSMAN GODFREY L.L.P.
New York, New York 10001
Tel.: 212-336-8330
clepic@susmangodfrey.com
csmyser@susmangodfrey.com

_/s/ Scott Sholder_
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS &
SHEPPARD LLP
60 Broad Street, 30th Floor
New York, New York 10010
Telephone:  212.974.7474
ssholder@cdas.com
ccole@cdas.com

***Interim Co-Lead Class Counsel***

-11-

**<u>PROOF OF SERVICE VIA ECF</u>**

On August 19, 2024, I caused to be served the foregoing document on all counsel of

record via ECF:

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
VOLUNTARY DISMISSAL OF PLAINTIFF MAYA LANG**

<u>*/s/ Rachel Geman*</u>
Rachel Geman