September 5, 2024

**VIA ECF**
Hon. Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

        RE:   *Authors Guild et al. v. OpenAI, Inc., et al., and Alter et al. v. OpenAI Inc., et al.,* Nos. 1:23-cv-08292-SHS & 1:23-cv-10211-SHS

Dear Judge Wang:

Pursuant to Rule IV.a of Your Honor's Individual Practices, we submit this joint letter-motion to seal on behalf of the Author Plaintiffs in the above-captioned actions and the OpenAI Defendants in connection with documents referenced in Plaintiffs' contemporaneously filed letter motion for a pre-motion conference regarding OpenAI's custodians. The redactions in Plaintiffs' letter-motion describe documents that OpenAI produced in discovery and designated confidential under the Protective Order in this matter.

***Plaintiffs' Position on Sealing***. Plaintiffs take no position on whether the redacted material should remain under seal.

***OpenAI's Position on Sealing.*** For the reasons stated below, and articulated in more detail in the supporting declaration of Michael Trinh, OpenAI respectfully requests the Court grant this motion for leave to file under seal.

Plaintiffs' redactions and sealing of OpenAI's confidential materials are consistent with the Second Circuit's opinions in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). Under *Lugosch,* the Court must first assess whether the documents at issue are "judicial documents" to determine whether the presumption in favor of public access in filings applies at all. 435 F.3d at 119. Next, if the Court determines that the documents "are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Id.* at 119. Finally, "after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Id.* (quoting *United States v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995)).

First, the OpenAI documents attached to Plaintiffs' letter brief are not judicial documents. Documents produced by parties during discovery–those "simply passed between the parties in discovery"–are not ordinarily considered judicial documents and "lie beyond the presumption's reach." *Brown v. Maxwell,* 929 F.3d 41, 49-50 (2d Cir. 2019) (internal quotation marks

Hon. Ona T. Wang
September 3, 2024
Page 2

omitted).[1] This remains true even where the Court must assess those documents in the context of a discovery motion. *See Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, No. 19-cv-4223-LAP-KHP, 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021) (granting motion to seal portions of letter brief referencing information passed between the parties in discovery and exhibits designated under parties' protective order). Further, where documents are submitted to the Court pursuant to a confidentiality agreement, the Second Circuit has held that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Uni-Systems, LLC v. United States Tennis Ass'n, Inc.*, No. 17-cv-147-KAM-CLP, 2020 WL 8266015, at *8 (quoting S.E.C. *v. TheStreet.Com,* 273 F.3d 222, 230 (2d Cir. 2001)).

Plaintiffs attach to their motion materials produced by OpenAI during discovery in this case subject to the parties' Protective Order. Each Exhibit has been designated "Confidential," "Highly Confidential – Source Code," or "Highly Confidential – Attorneys' Eyes Only." The information redacted in Plaintiffs' letter brief is derived from these materials. There is no presumption favoring public access to any of these materials or the language redacted in Plaintiffs' brief. *See Uni-Systems* 2020 WL 8266015 at *9 (finding that "non-judicial documents passed between the parties during discovery" were "entitled to 'little more than a prediction of public access absent a countervailing reason'" (quoting *Amodeo,* 71 F.3d at 1050)).

Second, even if the Court is inclined to find that the OpenAI documents attached to Plaintiffs' letter brief (and the portions of the letter brief summarizing those documents) are judicial documents, there is little weight given to the presumption in favor of public access under *Lugosch'*s second prong. 435 F.3d at 119. Because the material sought to be sealed is presented in the context of a discovery dispute, the presumption in favor of public access is low. *See Metacapital Mgmt., LP v. Meta Platforms, Inc.,* No. 1-22-cv-07615-PKC-KHP, 2024 WL 1508655 (S.D.N.Y. Apr. 5, 2024) (granting motion to seal materials related to discovery dispute because presumption was lower than presumption applied to materials related to trial or dispositive motions). Thus, the reasons for sealing "usually need not be as compelling as those required to seal filings connected to a dispositive motion." *Rand v. Travelers Indem. Co.*, No. 21-CV-10744 (VB)(VF), 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023) (internal quotation marks omitted).

Finally, sealing is necessary to preserve "higher values" under *Lugosch*'s third prong—namely, preserving the secrecy of highly sensitive business information that may cause OpenAI competitive harm if disclosed. The Exhibits to Plaintiffs' letter motion comprise confidential communications and documents relating to two categories of information: (i) discussions between OpenAI employees describing detailed processes for training and testing ChatGPT models; (ii) forward-looking strategic business discussions. *See* Declaration of Michael Trinh ¶¶ 3-5. The redacted portions of Plaintiffs' letter motion directly summarize or quote the content

---

[1] *See also Bernstein,* 814 F. 3d at 142 (documents "such as those passed between the parties in discovery often play no role in the performance of Article III functions and so the presumption of access to these records is low" (internal quotation marks omitted)).

Hon. Ona T. Wang
September 3, 2024
Page 3

of these highly sensitive documents. OpenAI treats each category of documents as confidential or highly confidential—it does not generally disclose similar documents to the public. *See id*. Similar documents revealing confidential business information are regularly sealed by other courts in this District.[2] The information contained in these documents and discussed in Plaintiffs' letter brief could be used by competitors to unfairly compete with OpenAI, in that they would be given access to the information that would not otherwise be available to them. This risk is elevated in the highly competitive field of artificial intelligence—OpenAI is at the forefront of developing and employing new products and software, and any disclosure of related information could be exploited by other players in the space. Thus, if not sealed, disclosure could pose serious risk of competitive harm.[3]

Accordingly, OpenAI respectfully requests that the Court grants this motion for leave to file under seal.

Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEINS LLP | SUSMAN GODFREY LLP | COWAN DEBAETS ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| */s/ Rachel Geman* | */s/ Rohit D. Nath* | */s/ Scott J. Sholder* |
| Rachel Geman | Rohit D. Nath | Scott J. Sholder |

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON FOERSTER |
|---|---|---|
| */s/ Katie Lynn Joyce* | */s/ Elana Nightingale Dawson* | */s/ Vera Ranieri* |
| Katie Lynn Joyce | Elana Nightingale Dawson | Vera Ranieri |

---

[2] *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (sealing "confidential and proprietary data collection procedures, image processing procedures, specific hardware used to perform these procedures, and confidential details about Microsoft's source code"); *Louis Vuitton Mallatier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (internal quotation marks omitted)).
[3] *See IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910 (VB)(VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information.").