


October 15, 2024

**Sent via ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE:    *The New York Times Co. v. Microsoft Corp., et al.* No. 1:23-cv-11195
        *Daily News, LP, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-3285
        *Authors Guild et al. v. OpenAI Inc. et al.*, No. 1:23-cv-8292
        *Alter et al. v. OpenAI Inc. et al.*, No. 1:23-cv-10211

Orrick, Herrington & Sutcliffe LLP
222 Berkeley Street
Suite 2000
Boston, MA 02116

+1 617 880 1800

**orrick.com**

**Sheryl Garko**

E  sgarko@orrick.com
D  +1 617 880 1919
F  +1 617 880 1801

Dear Judge Wang:

We write on behalf of Defendants Microsoft and OpenAI in the above-entitled actions to present the Court with Defendants' coordinated deposition protocol to be implemented across the (1) Consolidated News Actions (*New York Times* and *Daily News*),[1] (2) the New York Consolidated Class Action (*Authors Guild* and *Alter*)[2], and (3) a related consolidated class action pending in the Northern District of California,[3] and to ask the Court to enter Defendants' proposed Order for Deposition Coordination.

As your Honor is aware, there are several matters pending against Defendants in the Southern District of New York, which have either been consolidated or related on the docket, and which have substantially overlapping claims and legal issues. Another case raising similar issues is pending in California against OpenAI (but not Microsoft). A common issue across all cases pending in both jurisdictions is whether training a Large Language Model ("LLM") on copyrighted content is fair use. An additional issue of whether Microsoft is responsible for OpenAI's alleged infringement on secondary liability grounds also runs through all of the SDNY matters. There are also distinct issues relevant only in the Consolidated News Actions, and **not** in the Class cases, concerning the implementation of generative AI technology as part of a next-generation search engine and whether outputs summarizing search information are independently an infringement. Given the breadth of these issues, many of Defendants' employees, and over 50 plaintiffs (either individual or corporate witnesses) are likely deponents. In view of the overlapping common issues and likely witnesses, Defendants seek a streamlined, coordinated deposition protocol to ensure that their employees are not unnecessarily burdened by having to sit for multiple depositions, or for an excessive number of hours, answering duplicative questions regarding the same topics or issues. As in any other multi-party situation, counsel for Plaintiffs should reasonably be able to coordinate their questioning and avoid unnecessary duplication in order to protect and preserve the parties' time and resources.

Under the Federal Rules, both Plaintiffs and Defendants are entitled to only 10 depositions per side, presumptively 7 hours each, for a total of 70 hours per side for each case. Fed. R. Civ. P. 30(a)(2)(A)(i), (d)(1). The parties have all proposed to meter deposition time on an hours-basis rather than per-deposition basis and to expand the baseline deposition limits. However, limitations to that expansion are necessary

---

[1] *The New York Times* matter and the *Daily News, et al.* matter have been consolidated and are referred to herein as "the Consolidated News Actions." Defendants have moved to consolidate the *Center for Investigative Reporting* (No. 1:24-cv-4872) matter with other News Actions. Counsel for Center for Investigative Reporting has been included in these communications but have opted not to participate in negotiations at this time.
[2] The New York Consolidated Class Action cases consist of: *Authors Guild et al. v. OpenAI Inc. et al.*, (No. 1:23-cv-8292) and *Alter et al. v. OpenAI Inc. et al.*, (No. 1:23-cv-10211).
[3] The California Consolidated Class Action cases consist of: *Tremblay, et al. v. OpenAI, Inc., et al.*, (No. 3:23-cv-03223); *Silverman, et al. v. OpenAI, Inc, et al.*, (No. 4:23-cv-03416); *Chabon, et al. v. OpenAI, Inc, et al.*, (No. 4:23-cv-04625). Microsoft is **not** a party to the California Consolidated Class Action cases.

to promote efficiency and protect witnesses from undue burden. Despite numerous meet and confers, the parties are at an impasse in several respects. Attached hereto as **Exhibit 1** is a comparison chart showing the parties' different proposals side-by-side, which Defendants provide to the Court to review in tandem with this letter as it sets forth a more comprehensive description of each proposal. Additionally, Defendants' proposed Order for Deposition Coordination is attached as **Exhibit 2**.

In short, the parties are at an impasse regarding several key aspects of coordination including the overall scope of that coordination and whether witnesses should be compelled to sit for more than one deposition, the amount of deposition time necessary per side, the amount of time individual witnesses should have to sit for deposition (whether in their individual or 30(b)(6) capacity), and the logistics and length of 30(b)(6) depositions.[4] It is also important to note at the outset that the Plaintiffs have refused to provide a streamlined proposal for coordination across all cases (*i.e.*, the NY and CA Class cases and the Consolidated News Actions) and instead have provided three convoluted and competing proposals, at least one of which ignores the fact that the News Actions have been consolidated by this Court.[5] Defendants, by contrast, propose a single streamlined protocol that covers the NY and CA Class cases and the Consolidated News Actions, and reasonably accommodates the additional discovery necessary to address the complex issues in these cases. Plaintiffs' proposals provide for no meaningful coordination, and are nothing more than an expansion on the default Federal Rules with no concession on the overlapping issues and duplication. Defendants' proposal on each issue should be adopted.

**(1) Scope of Coordination.** Defendants propose that there be true coordination across all cases: witnesses are deposed only once, depositions may be used across all cases in which the deponent's employer or former employer is a Party, and the parties on each side work together to schedule and take depositions. In order to complete discovery in a reasonable time, and do so in an efficient manner given the high degree of overlapping issues, it is imperative that there actually be coordination among the NY and CA Class cases and the Consolidated News Actions on the overlapping issues. These cases will involve largely the same witnesses, who will address many of the same topics. To complete the depositions in a reasonable amount of time and to keep these cases moving forward, it is necessary that Defendants' witnesses be deposed only once across all actions in which they are a party. This will greatly reduce inefficiencies of the same witness being asked the same questions multiple times, and make it possible to complete these depositions without Defendants putting up witnesses for the same testimony weeks or months apart. To facilitate this, Defendants agree that testimony taken from its present or former employees in any case in which the Defendant-employer is a party can be used in any other of the cases to which the Defendant-employer is a party.

Plaintiffs' proposal that witnesses be deposed more than once if they are sitting in their individual and 30(b)(6) capacity only adds inefficiency. There is no reason why a witness cannot sit once (across a set number of hours or days) and be deposed on all issues. Indeed, this is standard practice in virtually every case where a witness is deposed in both her 30(b)(1) and 30(b)(6) capacities. Asking otherwise only leads to unnecessary burden on the Defendants who, as discussed below, are being more than reasonable in expanding the number of hours of deposition testimony from their witnesses. Additionally, the introduction of Plaintiffs' so-called "Safety Valve Depositions"—a concept invented by the News Plaintiffs that appears nowhere in the FRCP—should be rejected.[6] Such a procedure would defeat the entire purpose of coordinating depositions by allowing Plaintiffs to seek to re-depose witnesses that have already testified. Adding in an express allowance for multiple depositions of the same witness ensures that these proceedings will be bogged down, and discovery will take longer than necessary.

**(2) Document Cross-Production.** Plaintiffs inserted the issue of cross-production of documents but it

---

[4] Plaintiffs have also inserted the issue of cross-production, which is inappropriate to include in the deposition protocol and has been addressed separately.

[5] Indeed, during the most recent meet and confer, the News Plaintiffs indicated their preferred proposal is 1A (coordination among the News Cases). That proposal reflects ***zero*** coordination—and indeed attempts to negate many of the efficiencies that the Court's prior consolidation Order requires.

[6] The News Plaintiffs propose "Safety-Valve Depositions" *only* in their proposal to coordinate amongst the New York cases—a bizarre suggestion given that the *same law firm*, Susman Godfrey, represents Plaintiffs in both sets of actions.

2



should not be addressed in the context of this deposition coordination proposal. Document production issues are and should be discussed separately. Indeed, cross-production has already been agreed to, and is occurring, across the Consolidated News Actions. However, as explained above, because there are different, additional issues present in the Consolidated News Actions that are not in the Consolidated Class Actions, certain materials requested in one matter are entirely irrelevant to the other and requiring production on those additional issues in the Class cases will improperly expand the scope of the Class cases without having any relevant allegations in the Complaint on which to do so. And the California court previously rejected the California Plaintiffs' motion for cross productions across the Class cases. *See In re OpenAI ChatGPT Litig.*, Case No. 23-cv-3223 (N.D. Cal.) Dkt. 140.

**(3) Plaintiffs Side Allocated Hours.** Defendants propose a cap on the hours of deposition testimony that can be taken by Plaintiffs of the Defendants of 240-hours for Class Plaintiffs and 220-hours for News Plaintiffs, with maximum hours that can be allocated to each Defendant, and inclusive of 50-hours of third-party depositions. Defendants recognize that these cases involve complex technology and multiple legal claims and therefore have increased the proposed limits beyond what would be allowed by the default Federal Rules (10, 7-hour depositions per side). Defendants' proposal is rational, but not so extreme that it would make discovery impossible to complete in a timely manner and eviscerate the efficiencies to be gained given the overlapping issues. Defendants have also included within those overall caps maximum hours to be allotted to each Defendant: for the Class cases, because OpenAI is involved in both the New York and California Class cases, Defendants have allocated 105 hours of OpenAI depositions, and because Microsoft is only a defendant in the New York Class case, 85 hours of Microsoft. And, where OpenAI and Microsoft are both defendants in the Consolidated News Cases, 85 hours is allocated for each Defendant there. These overall hours allow for the equivalent of 27 7-hour depositions of OpenAI across all cases, and 24 7-hour depositions of Microsoft across the New York Cases (Class and News).[7] And—this is important—because of the agreement to allow Plaintiffs to attend and participate in any deposition of a Defendant who is a party to that case, Plaintiffs get the benefit of *all* of that deposition time. So, the increase is not, for example, just to 85 hours from 70 hours for the Consolidated News Plaintiffs, it is an increase to 170 hours of witness testimony per Defendant that Plaintiffs will benefit from—more than double the standard limits.[8]

Yet, inexplicably, that isn't enough for Plaintiffs. In their proposals, Plaintiffs include an additional 60 hours of deposition time in the Consolidated News Cases and 40 hours in the Consolidated Class cases.[9] Despite multiple requests during several meet and confers, Plaintiffs could provide no justification for these additional hours, which would result in the equivalent of another **14** 7-hour depositions beyond the enormous number already being agreed to by Defendants. There must be a cap that is proportionate to the needs of the case and can be accomplished in a manageable time period. Under Plaintiffs' proposal (280-hours allocated to each of the two Plaintiff groups, for up to 560 hours of Defendant deposition time)[10], if one 7-hour deposition occurred every day, it could take **80 days** just to get through the depositions of Defendants' witnesses. Under Defendants' proposal, Plaintiffs deposition time will still take 65 days, which is already a tall task to complete.

Also, Plaintiffs' proposal has no meaningful caps on hours of deposition for each Defendant. Class Plaintiffs

---

[7] Microsoft is not a party to the CA Class cases, and thus the caps proposed are limited to Party depositions of Microsoft witnesses only in the NY Class and NY News cases. There is no dispute about this.

[8] For example, if a defense witness is deposed by the Class Plaintiffs for 6 hours and then deposed by the Consolidated News Plaintiffs for an additional 2 hours, collectively the Plaintiffs will receive the benefit of 8 hours of testimony but will only be charged 6 and 2 hours respectively toward their caps.

[9] The Class case proposal Plaintiffs have put forward makes little sense. *See* Exhibit 1, Plaintiffs' Proposal 1A and 2. They propose the same 280 hours of deposition time of Defendants regardless of whether the California Class case is included or not. This is an implicit admission that Plaintiffs do not see any differences between those two groups of cases for deposition purposes, and thus it is even more perplexing that Plaintiffs have refused to submit a proposal that would address all three groups of cases, as Defendants have.

[10] While Plaintiffs' proposals purport to include third-party deposition time, neither proposal contemplates a carve out or minimum amount of third-party deposition time (only a maximum), which would effectively allow Plaintiffs to use the entirety of this time on Defendants' witnesses.

4162-3857-4675



have included no cap; News Plaintiffs' cap would allow for 200 of the 280 deposition hours to be used on taking depositions of any one Defendant. That is improper and would allow potentially hundreds of hours from a single Defendant's witnesses. Plaintiffs seemingly recognize the importance of this type of meaningful limitation given that they have included per-Plaintiff caps in their proposals, but have made no effort to curtail their inquiry of the Defendants in a reasonable or rational way.

Finally, Defendants note that all parties agree that whatever time cap is imposed should include 30(b)(6) deposition time and third-party deposition time. The Court should enter the caps in that manner.

**(4) <u>Defendant Side Allocated Hours</u>.** Defendants propose a cap on the hours Defendants may take of 300 hours for the Class Plaintiffs and 250 hours for the News Plaintiffs, both inclusive of 50 hours for third-party deposition testimony. For similar reasons to the above, Defendants have endeavored to offer caps across all cases, and do so in relation to the discovery actually needed. In contrast, the Class Plaintiffs' proposed cap of 250 hours does **not** include third-party depositions and third-party deposition hours are specified nowhere in their proposal for Defendants. With the additional 50 hours proposed by Defendants for third-party depositions, the parties are seemingly in agreement on 300 hours total for Defendant side allocated hours; however, Class Plaintiffs have indicated they will not agree to that increase, unless the hours for depositions of the Class Plaintiffs and Defendants are the same. This again ignores the reasonableness of Defendants proposal: Class Plaintiffs will already have the benefit of more than 300 hours of deposition time from Defendants (360 hours total) as they will be allowed to attend the portions of the depositions taken by other Plaintiffs without that counting against their deposition time. No additional time is necessary for "parity"; Defendants are already giving much more.

It appears that through the meet and confer process, Defendants and the News Plaintiffs are now in agreement on a 250-hour cap on deposition time taken of the News Plaintiffs by Defendants (with 50 hours allocated to third-party depositions). The only disagreement that remains is the cap on depositions time for each Plaintiff group (NYT and NYDN). Defendants propose no more than 110 hours per group; News Plaintiffs propose 100. Defendants propose a slightly higher than equal split for a maximum number of deposition hours from any one Defendant given the number of entities involved in the New York Daily News consolidated case (8 different newspapers) versus New York Times (1), and Defendants may need to adjust their time accordingly. Given the delta, Defendants intend to continue to meet and confer to try to resolve this issue.

**(5) <u>Per-Witness Time Limits</u>.** Defendants propose that there should be caps on the amount of time each individual witness may sit for deposition: a maximum of 7 hours for apex witnesses, 8 hours for all other 30(b)(1) witnesses, and 12 hours for witnesses sitting in both a 30(b)(1) and 30(b)(6) capacity.[11] First, Defendants proposal includes a limit of 7 hours for apex witnesses, several of whom Plaintiffs have already indicated they would like to depose and are very senior individuals at the Defendants. As the Court is aware, apex witness testimony is often limited to less than 7 hours, thus the 7-hour cap proposed is reasonable. Second, Defendants propose 8 hours for individual witnesses to account for the large overlap but small additional delta between information needed by the different Plaintiffs in the various matters. It is important to note that 7 hours of on the record testimony typically results in a 10-hour deposition day, given breaks. Extending this by one hour would still allow for an individual 30(b)(1) deposition to be completed in a single day, but also provide additional time to account for the separate Plaintiffs' divergent lines of questioning. Extending beyond that would necessarily mean each deposition would last more than a single day—which will over-burden the Parties and their witnesses in an already demanding schedule. Third, Defendants propose 12 hours of deposition time for witnesses appearing in both 30(b)(1) and 30(b)(6) capacities. Plaintiffs' proposals fail to address this issue. Given the overlapping issues, and the fact that the individuals designated on 30(b)(6) topics will likely be so designated given their personal knowledge of the relevant topics, an increased, but not unlimited, time allotment is the proper course.

Plaintiffs have, through the meet and confer process, made clear that 30(b)(6) and 30(b)(1) testimony should be taken sequentially and not concurrently. If that is the case, then the sequencing of these depositions is important so as not to abuse the 30(b)(6) process. As Defendants propose, 30(b)(6)

---

[11] All Parties agree that non-parties, including former employees, are subject to the standard 7-hour time limit.

4162-3857-4675



depositions should occur first so that the party taking the deposition does not improperly extend its 30(b)(6) time by asking foundational questions during the 30(b)(1) deposition only to then follow-up or duplicate testimony during a follow-on 30(b)(6) period.

Plaintiffs' proposals fail to account for the overlapping nature of the witness testimony that will be sought and the burden on the individual witnesses. As to Plaintiffs' proposal of 14 hours for individual depositions in the NY Class and News cases—that is not a compromise. That is the maximum hours that the rules would permit for completely independent depositions in those cases by the NY Class and News case Plaintiffs. It fails to account for the overlapping nature of the testimony sought. Similarly, the Consolidated News Plaintiffs seem to forget—as is reflected in their proposal here and elsewhere—that those cases have been *formally consolidated*. Therefore, the request for 10 hours of individual testimony if a witness is noticed only in the Consolidated News Action is a significant upward departure from the rules without justification; in consolidated cases, the default limit is a single 7-hour deposition per witness.

**(6) Rule 30(b)(6) Notices.** Defendants propose they will be limited to serving one consolidated 30(b)(6) notice on each Plaintiff entity. Plaintiffs are in agreement with this. Defendants similarly propose that Class Plaintiffs be limited to serving one consolidated 30(b)(6) and the News Plaintiffs be limited to one consolidated 30(b)(6) notice on each of the Defendants. Plaintiffs do not agree to Defendants' limitation, but want both a "merits" 30(b)(6) deposition of each Defendant,[12] as well as a "custodial" 30(b)(6) deposition for each Defendant. Plaintiffs' definition of "custodial"[13] is exceedingly vague and broad. It is not clear where the line between "merits" and "custodial topics" lies, and the topics set forth implicate potential work product protection concerns. Plaintiffs' request for successive 30(b)(6) notices opens the door to exactly what a coordination protocol is meant to protect against—duplication and unnecessary burden. Additionally, to the extent this is meant to propose discovery on discovery, that is improper absent evidence of wrongdoing—of which there is none. *See Authors Guild*, 1:23-cv-08292, ECF No. 212 at 4-5.

**(7) Rule 30(b)(6) Time.** Defendants have proposed an hours' cap for 30(b)(6) depositions that would allow for 21 hours—or three 7-hour days—of testimony from the Party receiving a 30(b)(6) notice who designates multiple corporate representatives across all topics. As the Federal Rules anticipate only a single 7-hour deposition, and given the overlapping issues here, that Plaintiffs will be the beneficiaries of 42 hours of 30(b)(6) deposition testimony from each Defendant across the coordinated cases is more than sufficient. Instead of agreeing to any reasonable limit on 30(b)(6) time, Class Plaintiffs propose a floor—a "minimum" of 20 hours in the event two or fewer witnesses are called to testify as 30(b)(6) witnesses. It is unclear what cap, if any, would apply to 30(b)(6) testimony under Class Plaintiffs' proposal, particularly since Plaintiffs have not included any caps for deposition time for a witnesses sitting in a 30(b)(6) capacity. And while News Plaintiffs proposed a cap of 30 hours on 30(b)(6) testimony, in line with the structure proposed by Defendants, Defendants believe 30 hours (60 hours across the Class and News Cases) goes too far. For each Defendant, that is the equivalent of more than 4 times the default rules. Defendants' proposed cap on 30(b)(6) deposition time is necessary to ensure that these depositions are properly streamlined and tailored to the issues that matter in these cases, and to avoid unnecessary burden on its corporate witnesses.

**(8) Expert Depositions.** The parties agree that expert depositions are not included in the caps proposed by any party, and that given the number of issues here, and the uncertainty about which experts will offer reports and in which cases, a proposed protocol for expert depositions will be deferred to a time when the parties have more information.

For all of these reasons, Defendants respectfully request that the Court enter their proposed Order.

/s/ *Sheryl Garko*

Sheryl Koval Garko

---

[12] News Plaintiffs have also proposed–without explanation–a second "merits" 30(b)(6) deposition of OpenAI.
[13] Per Plaintiffs: "'Custodial topics' include the storage and retention of information, employee use of software, programs, or tools, the structure of the relationship between Defendants, the organizational structure of Defendants, and other topics not directly related to the merits of the case that may reasonably inform or cabin subsequent discovery."

4162-3857-4675