# EXHIBIT C

| | |
|---|---|
| **From:** | Charlotte Lepic (via Alter-AI-TT list) |
| **To:** | OpenAICopyright; OpenAIcopyrightlitigation.lwteam@lw.com; KVPOAI@keker.com |
| **Cc:** | Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) |
| **Subject:** | Re: AG v OAI - Passos/Dyett |
| **Date:** | Friday, October 4, 2024 1:36:59 PM |

==EXTERNAL Email==

Chris, contrary to your assertions, we have provided two sets of explanations and several documents. OpenAI, on the other hand, is refusing to explain what differences between the cases justify its refusal to produce. The ball is now in OpenAI's court to provide information on that refusal. If you'd like to discuss, let us know some times next week that work.

_____

**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064 (o) I 646-421-3356 (c)

---

**From:** Christopher S. Sun <CSun@keker.com>
**Sent:** Thursday, October 3, 2024 18:42
**To:** Charlotte Lepic <CLepic@susmangodfrey.com>; OpenAIcopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>; OpenAICopyright <OpenAICopyright@mofo.com>; KVP-OAI <KVPOAI@keker.com>
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Subject:** RE: AG v OAI - Passos/Dyett

==EXTERNAL Email==

Charlotte,

We've already discussed the relevant standard for adding custodians and I would prefer not to have to do it again. As you already know, Plaintiffs bear the burden of demonstrating that newly requested custodians "would provide unique, relevant and noncumulative evidence." Coventry Cap. US LLC v. EEA Life Settlements, Inc., No. 17 CIV. 7417 (VM), 2021 WL 961750, at *2 (S.D.N.Y. Mar. 15, 2021); see also Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A., No. 15CIV0293LTSJCF, 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017).

Plaintiffs cannot simply ignore that clear legal requirement because they "believe" it isn't "pertinent here." Contrary to what you suggest, lack of burden does not eliminate the question of duplication. To the contrary, burden is a separate inquiry entirely. See Mortg. Resol. Servicing, LLC, 2017 WL 2305398, at *3 ("Even if the [requesting party] ha[s] cleared the hurdle of showing that the proposed additional custodians had some unique relevant information, discovery of their files would not be warranted [if] the cost and burden would be disproportionate."). I've identified these cases for you numerous times already. If you have authority supporting your asserted belief that duplication is not pertinent here provide it, and we will consider it. You haven't done so to date, despite numerous requests.

Thanks for sending the list of documents. I'll take a look. Could you please also explain why you think

Messrs. Dyett and Passos have unique, non-duplicative information as you've considerately done in the past when negotiating with us about custodians? It will only complicate and slow down our negotiations if I must try to divine from the cited documents the reasons AG thinks these individuals have non-duplicative information. This is now the third time I've asked for that explanation. I'd appreciate not having to ask a fourth. At a certain point, I'm going to have to conclude that you're refusing to provide the requested explanation because none exists.

Also, I can confirm that Messrs. Dyett and Passos were added as custodians to The Times matter, but not here, because of differences between the two cases. We do not believe the Times' justifications for adding these custodians are applicable to AG. If you have a different understanding, please explain it.

It might be more productive to jump on a call to hash this out. Once you get me the explanations I've repeatedly requested—and I've had a chance to review the documents you've cited—maybe we can set a time to talk next week.

Thanks,

Chris

---

**From:** Charlotte Lepic <CLepic@susmangodfrey.com>
**Sent:** Wednesday, October 2, 2024 8:57 AM
**To:** Christopher S. Sun <CSun@keker.com>; OpenAIcopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVP-OAI <KVPOAI@keker.com>
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Subject:** Re: AG v OAI - Passos/Dyett

**[EXTERNAL]**

Chris, given the minimal burden of producing these documents, we don't believe duplicativeness is pertinent here. The custodians have relevant information, and it is not burdensome to produce their documents, so they should be produced.

Moreover, OpenAI is producing these custodians' files to the New York Times. If OpenAI is refusing to produce the files of these custodians on the basis of differences between the cases, please identify those supposed differences.

In any event, see below a few of the bates numbers that support our conclusions that these custodians have unique, non-duplicative knowledge of the areas indicated. More generally, James Dyett's sales role is unique among the custodians OpenAI has agreed to produce, as is Alex Passos's involvement in the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓.