# EXHIBIT E

| | |
|---|---|
| **From:** | Charlotte Lepic |
| **To:** | Ranieri, Vera; Alter-AI-TT@simplelists.susmangodfrey.com; OpenAICopyright; Latham OpenAI Copyright Team; KVP-OAI; nyclassactions_microsoft_ohs@orrick.com; #Microsoft.NYClassAction.FDBR |
| **Subject:** | Re: Authors Guild v. OpenAI - follow up on meet and confer |
| **Date:** | Monday, October 14, 2024 9:02:19 PM |

Vera,

Thank you for confirming that OpenAI will not disclose whose texts it is reviewing, whether it has virtual data rooms or is searching them, and whether it is searching Asana, Notion, or Salesforce.

We disagree with your read of the cases with respect to social media for the reasons we've explained.

We intend to move on all of these repositories. Specifically:

- As it relates to texts, we plan to move on Sam Altman, Mira Murati, Greg Brockman, and Angela Jiang.

- As it relates to direct messages on x.com, we plan to move on Chelsea Voss, Sam Altman, Greg Brockman, and Nick Turley.



We intend to include these items in our agenda to the Court. We are happy to discuss tomorrow afternoon as planned, or at another time if convenient.

Kind regards,
Charlotte

_____

**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064 (o) | 646-421-3356 (m)

_____

**From:** Ranieri, Vera <VRanieri@mofo.com>
**Sent:** Wednesday, October 9, 2024 7:26 PM
**To:** Charlotte Lepic <clepic@susmangodfrey.com>; Alter-AI-TT@simplelists.susmangodfrey.com <Alter-AI-TT@simplelists.susmangodfrey.com>; OpenAICopyright <OpenAICopyright@mofo.com>;

Latham OpenAI Copyright Team <openaicopyrightlitigation.lwteam@lw.com>; KVP-OAI <KVPOAI@keker.com>; nyclassactions_microsoft_ohs@orrick.com <nyclassactions_microsoft_ohs@orrick.com>; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>
**Subject:** RE: Authors Guild v. OpenAI - follow up on meet and confer

EXTERNAL Email
Charlotte,

For all documents we've agreed to search for, we're conducting a reasonable search, pursuant to our obligations under Rule 26 and the Federal Rules, and our investigation and search remains ongoing. It is inappropriate for Plaintiffs to continually seek to direct our search efforts.  If, once we have completed our production of documents and Plaintiffs have completed their review of those documents, Plaintiffs have a good faith basis to believe information is missing or OpenAI's reasonable search was inadequate, we can have a conversation then. As you know from the cases cited in your email, "the Court, however, generally is not in the business of prescribing for counsel how to conduct its review [for responsive documents.]" *Smith v. Pergola 36 LLC*, 2022 WL 17832506, at *5 (S.D.N.Y. Dec. 21, 2022).

As to social media accounts, we find it troubling that Plaintiffs would seek to intrude upon the personal, private social media accounts of OpenAI employees without any showing that such invasion is necessary or appropriate.  The attempt to have OpenAI collect and review the highly personal communications of its employees appears to be a fishing expedition and is highly intrusive. Nor have Plaintiffs provided any justification for why such an intrusive act should be taken. Plaintiffs have not provided a basis to believe the private social media accounts of OpenAI employees contain relevant, discoverable information under the standards of Rule 26 that Plaintiffs are not already able to access or is not otherwise provided to Plaintiffs.  If that's incorrect, please provide the basis for why Plaintiffs believe their requested discovery is justified in view of the privacy interests of OpenAI employees, including those protected by California statutory and constitutional law, is warranted, as we would like to consider it.

Indeed, you have provided no reason to conclude those accounts are under OpenAI's control. The cases you cite acknowledge that "[d]ocuments are considered to be under a party's control when that party has the **right, authority, or practical ability** to obtain the documents from a non-party to the action." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14CV04394AJNBCM, 2016 WL 5408171, at *5 (S.D.N.Y. Sept. 27, 2016) (emphasis added). And California Labor Code § 980 provides states that "[a] employer shall not require or request an employee" to "[d]ivulge any personal social media," with limited, inapplicable exceptions. Given that California law forbids OpenAI from even asking an employee to provide personal social media, what basis is there to believe that OpenAI has the right, authority or ability to obtain that social media from its employees? *See Royal Park Invs. SA/NV*, 2016 WL 5408171, at *5.

We'd appreciate if you clarified Plaintiffs' position on this point. Is it your contention that OpenAI should proceed to attempt to collect its employees' social media accounts notwithstanding the Labor Code? Relatedly, you ask us to "provide any authority suggesting that Cal. Labor Code 980 overcomes OpenAI's discovery obligations under federal law." Is it Plaintiffs' contention that—

unspecified—"discovery obligations under federal law" not only permit, but **affirmatively require**, an employer to ignore employee privacy interests? If so, please identify authority that supports such a conclusion. That Plaintiffs "have had extensive experience in federal discovery against California employers in the past 12 years" says nothing about its applicability.  We decline your invitation to rely on your "experience" when interpreting and applying the law. Please identify a case to support your position, as you are obligated to do. *See Owen v. Elastos Found.,* 2023 WL 2537287, at *3 (S.D.N.Y. Mar. 16, 2023)  (noting that the burden of showing ability to obtain information "lies with the party seeking discovery").

Unsurprisingly, none of the cases you cite suggest that the information you seek is in OpenAI's possession, custody, or control, especially in light of the legal requirements that the California Labor Code imposes.  For example, *Chevron Corp. v. Salazar*, 275 F.R.D. 437 (S.D.N.Y. 2011) is a case about waiver and the crime-fraud exception to privilege.  In that case, the question was whether a personal email account, *that was used to conduct business*, was in the possession, custody, or control of a party.  *See id.* at 448.  No argument was raised there that the local law prevented the party from asking its employee for the materials.  *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 5408171, at *7 (S.D.N.Y. Sept. 27, 2016) notes that many factors are considered when a court determines whether employee's personal information is in the "possession, custody, or control" of a party, including whether "the corporation can discharge the individual if he or she fails to cooperate in discovery."  We have seen nothing to suggest that standard would apply except under limited circumstances that Plaintiffs have not shown here.  *See* Cal. Lab. Code 980(e).  Finally, the party in *Smith* did *not* dispute that its employees' documents were in its possession, custody, or control, making any discussion dicta.  Moreover, that case only related to the collection of information from personal devices, not from social media accounts that were not used to conduct business or subject to laws restricting access to that information.  *See Owen,* 2023 WL 2537287, at *3 (declining to compel production of an employee's personal Gmail account where the employee did not use the personal account to conduct business); *see also id.* (recognizing that part of the test as to whether a party has "possession, custody, or control" is "whether the individual has a duty, **under local law**, to turn over the documents on request") (emphasis added).

OpenAI takes the privacy rights of its employees seriously.  We would not invade the privacy rights of our employees haphazardly or lightly.  We have serious concerns about Plaintiffs' demands and why they are being made, and whether it is an attempt to place OpenAI's employees in an untenable position or, worse still, create tensions between OpenAI and its employees.

Thanks,

Vera

---

**From:** Charlotte Lepic <CLepic@susmangodfrey.com>
**Sent:** Wednesday, October 9, 2024 9:15 AM
**To:** Ranieri, Vera <VRanieri@mofo.com>; Alter-AI-TT@simplelists.susmangodfrey.com; Charlotte Lepic <CLepic@susmangodfrey.com>; OpenAICopyright <OpenAICopyright@mofo.com>; Latham OpenAI Copyright Team <openaicopyrightlitigation.lwteam@lw.com>; KVP-OAI <KVPOAI@keker.com>; nyclassactions_microsoft_ohs@orrick.com; #Microsoft.NYClassAction.FDBR

&lt;MicrosoftNYClassActionFDBR@faegredrinker.com&gt;
**Subject:** Re: Authors Guild v. OpenAI - follow up on meet and confer

External Email

---

Hi Vera, quick bump on this. Thanks.

_____

**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064  (o) | 646-421-3356 (m)

---

**From:** Charlotte Lepic (via Alter-AI-TT list) &lt;Alter-AI-TT@simplelists.susmangodfrey.com&gt;
**Sent:** Tuesday, October 1, 2024 10:59 PM
**To:** Ranieri, Vera &lt;VRanieri@mofo.com&gt;; Alter-AI-TT@simplelists.susmangodfrey.com &lt;Alter-AI-TT@simplelists.susmangodfrey.com&gt;
**Cc:** OpenAICopyright &lt;OpenAICopyright@mofo.com&gt;; Latham OpenAI Copyright Team &lt;openaicopyrightlitigation.lwteam@lw.com&gt;; KVP-OAI &lt;KVPOAI@keker.com&gt;; nyclassactions_microsoft_ohs@orrick.com &lt;nyclassactions_microsoft_ohs@orrick.com&gt;; #Microsoft.NYClassAction.FDBR &lt;MicrosoftNYClassActionFDBR@faegredrinker.com&gt;
**Subject:** Re: Authors Guild v. OpenAI - follow up on meet and confer

EXTERNAL Email
Vera,

For the text messages of the relevant custodians, please explain what a "reasonable search" looks like in this context.

For task management and CRM software, including Notion, Asana, and Salesforce, and code repositories which your email notes OpenAI is investigating, please confirm that you are actively running the negotiated search terms on the texts of the relevant custodians.

For your custodians' Twitter/X (including DMs), Discord, WhatsApp, Signal, iMessage and Facebook/Facebook Messenger messages or posts, your 9/19 message appears to imply that these repositories may not be in "OpenAI's possession, custody, or control." This is troubling to learn, as "Courts have repeatedly found that employers have control over their employees and can be required to produce documents in their employees' possession." *Chevron Corp. v. Salazar*, 275 F.R.D. 437 (S.D.N.Y., 2011); *also Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 5408171, at *7 (S.D.N.Y. Sept. 27, 2016); *Smith v. Pergola 36 LLC*, 2022 WL 17832506, at *4 (S.D.N.Y. Dec. 21, 2022).  Please provide any authority suggesting that Cal. Labor Code 980 overcomes OpenAI's discovery obligations under federal law. We note that counsel for Plaintiffs have had extensive experience in federal discovery against California employers in the past 12 years since the passage of California Labor Law 980, and we are not

aware of any employer failing to disclose relevant messages on this basis. This is especially troubling given the extensive commentary provided from OpenAI employees' social media accounts on issues relevant to this case. Please confirm that you have directed your employees to preserve their social media accounts, posts, and DMs.

Kind regards,
Charlotte

_____

**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064 (o) | 646-421-3356 (m)

---

**From:** Ranieri, Vera <VRanieri@mofo.com>
**Sent:** Thursday, September 19, 2024 10:43 AM
**To:** Charlotte Lepic <clepic@susmangodfrey.com>; Alter-AI-TT@simplelists.susmangodfrey.com <Alter-AI-TT@simplelists.susmangodfrey.com>
**Cc:** OpenAICopyright <OpenAICopyright@mofo.com>; Latham OpenAI Copyright Team <openaicopyrightlitigation.lwteam@lw.com>; KVP-OAI <KVPOAI@keker.com>; nyclassactions_microsoft_ohs@orrick.com <nyclassactions_microsoft_ohs@orrick.com>; #Microsoft.NYClassAction.FDBR <MicrosoftNYClassActionFDBR@faegredrinker.com>
**Subject:** RE: Authors Guild v. OpenAI - follow up on meet and confer

==EXTERNAL Email==
Hi Charlotte,

==OpenAI has already confirmed that it has or will conduct a reasonable search of all repositories in its possession, custody, and control that are likely to contain responsive, discoverable information and the costs and burdens do not outweigh the relevancy (i.e. are discoverable pursuant to Rule 26). This seems like it should be sufficient confirmation. As we noted, our investigation into where discoverable documents exist does not exclude any data repository per se. For the avoidance of doubt and as a show of good faith, I can confirm our investigation includes "task management and CRM software (such as Notion, Asana, or Salesforce) and code repositories." This statement isn't intended to exclude any other repositories but rather confirm that we're doing our diligence to investigate where we can find relevant, discoverable documents in line with Rule 26.==

As to employee social media or other personal accounts, we're evaluating whether this information is in our possession, custody, or control and whether we can collect and/or review it. We note that California Labor Code, section 980, specifically prevents OpenAI from inquiring into employee social media use other than in limited circumstances. If you're aware of authority that suggests employee personal social media is in our possession, custody, or control notwithstanding or that we can or are obligated to collect it despite the Labor Code provision, we'd like to consider it, and please send it along.

Finally, we feel it's a bit of discovery churn to go around on these issues, and it's not clear to us what more you're asking for or why what we've stated is insufficient, and its devoting resources that could

likely be better spent actually tracking down documents and getting them produced.

Thanks,

Vera

---

**From:** Charlotte Lepic <CLepic@susmangodfrey.com>
**Sent:** Monday, September 16, 2024 10:39 AM
**To:** Ranieri, Vera <VRanieri@mofo.com>; Alter-AI-TT@simplelists.susmangodfrey.com
**Cc:** OpenAICopyright <OpenAICopyright@mofo.com>; Latham OpenAI Copyright Team <openaicopyrightlitigation.lwteam@lw.com>; KVP-OAI <KVPOAI@keker.com>
**Subject:** Re: Authors Guild v. OpenAI - follow up on meet and confer

**External Email**

---

Vera, my email was not inaccurate, as your August 11 email did not clarify whether you would search virtual data rooms, which was my question. Your email below still does not respond to that question.

Likewise, I correctly stated that OpenAI refused to "provide information about task management and CRM software (such as Notion, Asana, or Salesforce) and code repositories." I asked whether OpenAI would search those repositories. You said that OpenAI will search those repositories *if* you believe it has discoverable information. That does not answer my question.

Your email also does not respond to Craig's email of 9/13, also attached. Craig asked whether you are "collecting, at least, your custodians' Twitter/X (including DMs), Discord, WhatsApp, Signal, iMessage and Facebook/Facebook Messenger messages or posts to the extent OpenAI believes that these were used to communicate regarding any relevant matter as part of its 'investigation.'" This question is necessary because you have failed to clarify whether you consider those repositories to be within your "possession, custody, or control," or whether you consider that they have "relevant, discoverable information, that can be located after a reasonable search, and does not represent non-cumulative information and the burdens of production do not outweigh the costs." Please tell us whether you are collecting and searching these repositories.

If we do not know whether OpenAI is searching each of these repositories, our only choice is to move to compel on those repositories. If, in response to such a motion, OpenAI would disclose whether it was searching those repositories, we would expect OpenAI to provide that information now.

Kind regards,
Charlotte

**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064 (o) | 646-421-3356 (m)

---

**From:** Ranieri, Vera <VRanieri@mofo.com>
**Sent:** Monday, September 16, 2024 12:26 PM
**To:** Charlotte Lepic <clepic@susmangodfrey.com>; Alter-AI-TT@simplelists.susmangodfrey.com <Alter-AI-TT@simplelists.susmangodfrey.com>
**Cc:** OpenAICopyright <OpenAICopyright@mofo.com>; Latham OpenAI Copyright Team <openaicopyrightlitigation.lwteam@lw.com>; KVP-OAI <KVPOAI@keker.com>
**Subject:** RE: Authors Guild v. OpenAI - follow up on meet and confer

EXTERNAL Email

Charlotte,

Following up on this, your email is inaccurate. We responded to your request for information about OpenAI's data repositories and collection process weeks ago. I note that your email below does not include my email, sent on August 11, where we provided this information. I have attached it here again for your convenience.

Specifically, as we stated, if there is a repository that exists that we believe has relevant, discoverable information, that can be located after a reasonable search, and does not represent non-cumulative information and the burdens of production do not outweigh the costs (i.e. the search of it is proportional under Rule 26) and OpenAI has agreed to produce that information, we will search it. That includes the repositories you mention below.

This email also provides a response to Craig's email, sent on Friday September 13, regarding messaging services. Our response equally applies to any repository in OpenAI's possession, custody, or control.

Thank you,

Vera

---

**From:** Charlotte Lepic <CLepic@susmangodfrey.com>
**Sent:** Thursday, August 29, 2024 3:48 PM
**To:** Ranieri, Vera <VRanieri@mofo.com>; Alter-AI-TT@simplelists.susmangodfrey.com
**Cc:** OpenAICopyright <OpenAICopyright@mofo.com>; Latham OpenAI Copyright Team <openaicopyrightlitigation.lwteam@lw.com>; KVP-OAI <KVPOAI@keker.com>
**Subject:** Re: Authors Guild v. OpenAI - follow up on meet and confer

External Email

Counsel,

As referenced in your email below and my emails of 7/20, we discussed in our meet and confer on 7/16 whether OpenAI would agree to search virtual data rooms shared with investors. We have not received a response. We also discussed whether OpenAI would provide information about task management and CRM software (such as Notion, Asana, or Salesforce) and code repositories, so that the parties could discuss whether OpenAI should search those repositories. You categorically refused to provide such information.

By Thursday Sep. 5, please confirm whether you have searched or intend to search those repositories.

Kind regards,
Charlotte

_____

**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064  (o) | 646-421-3356 (m)

---

**From:** Ranieri, Vera <VRanieri@mofo.com>
**Sent:** Friday, July 26, 2024 7:49 PM
**To:** Alter-AI-TT@simplelists.susmangodfrey.com <Alter-AI-TT@simplelists.susmangodfrey.com>; Charlotte Lepic <CLepic@susmangodfrey.com>
**Cc:** OpenAICopyright <OpenAICopyright@mofo.com>; Latham OpenAI Copyright Team <openaicopyrightlitigation.lwteam@lw.com>; KVP-OAI <KVPOAI@keker.com>
**Subject:** Authors Guild v. OpenAI - follow up on meet and confer

EXTERNAL Email
Charlotte,

This email is in response to the two emails you sent on Saturday, July 20.

As an initial matter, we disagree with several of the characterizations you made in your emails about the parties' discussion during the meet and confers. As just one example, your email of Saturday July 20 at 7:27 pm point 2 did not accurately reflect the parties discussions. Your email states we did not explain why we believed the proposal of new terms was out of line with our proposed ESI order. We did so. We explained how nothing in our proposal allows for the addition of new terms without justification. Your email also improperly ignores that Plaintiffs previously recognized that proposing terms for all RFPs was not appropriate nor required, and there was no expectation or need for Plaintiffs to "ideate search terms in the first instance." We ask that you accurately reflect the parties' discussions going forward.

Setting aside your emails' inaccuracies, we've provided our responses on the discovery issues as we understood them below. To the extent plaintiffs would like to meet and confer on any issue, we can

tentatively agree to be available for a meet and confer for Tuesday, July 30 during one of the following times: 11:30am – 2pm ET, 3pm – 3:30pm ET, 4:30pm – 6pm ET, with the tentativeness being driven by whether we can collect certain necessary information in advance.

1. **Proposal for Negotiating Search Terms and Custodians.**  OpenAI agrees to add the following custodians:
   1. Henrique Ponde de Oliveira Pinto
   2. Lilian Weng
   3. Nick Turley
   4. Vinnie Monaco

   We do not agree at this time to adding additional custodians beyond those above.

   We reiterate that it does not make sense to consider Plaintiffs' proposed search terms until we can have a holistic discussion regarding all custodians and/or that issue has been settled. We are in the process of collecting the four custodians listed above's documents and running search terms for a hit report. Once that process is complete (which we expect to be done in the next few days), we will provide a search term hit count for current terms and we can meet and confer to have a holistic discussion regarding the burden of Plaintiffs' proposed search terms as applied to all 16 custodians' documents.  On that meet and confer, please be prepared to explain the relevancy of each term proposed by Plaintiff and what RFP it relates to.

2. **Additional Custodians Requested by Plaintiffs.**  Plaintiffs have failed to demonstrate good cause to add additional custodians, including because Plaintiffs requests are burdensome and duplicative over current custodians, and because there is no demonstrated need for those custodians' documents that does not represent an unreasonable burden on OpenAI, especially in light of documents and custodians already produced or as agreed to by OpenAI. If you would like to meet and confer on the issue, we can provide high-level overviews of our bases for not adding Plaintiffs' additional requested custodians. We note that the explanations Plaintiffs have provided to date regarding the need for documents from these custodians are inadequate.  Rather than explaining why Plaintiffs believe any custodian has unique, non-duplicative information and why the request is proportional to the needs of the case in light of documents already in Plaintiffs' possession or expected to be produced via current search terms/custodians, Plaintiffs appear to take the position that merely because a custodian might have relevant documents, they should be added as a custodian.  This is not an adequate basis for imposing burdensome discovery on OpenAI.

   In addition, we note that if Plaintiffs insist on adding additional custodians, this insistence will impact the parties discussions surrounding current custodians and search terms.  On any meet and confer, please be prepared to discuss how to account for the burden of current terms and custodians informs your request for additional custodians, and how you intend to accommodate that fact.

   Finally, we do not believe it is relevant to provide information on (a) whether we have collected documents from proposed custodians yet or (b) the relevant accounts of these custodians. This is a request for discovery on discovery, which is not appropriate.

3. **Custodian-Specific Slack Message Search.**  We've communicated with our vendor, who reviewed the information you provided and has explained to us that you appear to misunderstand the data that Slack makes available and in what form.  Additionally, we have been told that it would be extremely difficult and burdensome to run custodian-specific searches across Slack messages.  We also don't believe that searching for documents in this manner would return a materially different set of documents than those we plan to or have already reviewed.  If you have additional questions, we can discuss on a meet and confer.

4. **Burden of Search Terms.**  While we're not obligated to disclose this information, as a gesture of good faith we can confirm we've reviewed approximately 215K documents to date using both terms agreed-upon by the parties and through other search and review methods.  We continue to believe that your additional search terms will impose an undue burden, particularly given the addition of four custodians.  We are amenable to further meeting and conferring on the proposed search terms and associated hit counts, but would like Plaintiffs to provide adequate justification for their belated proposal of terms.  Specifically, please be prepared to explain what RFPs those terms relate to, and why Plaintiffs could not propose those terms earlier.

5. **Hit Counts.**  The parties have agreed to provide custodian-by-custodian and unique hit counts.  We have begun to collect that information and will provide it as soon as we can.  Please provide your equivalent information as soon as possible.

We are still waiting to hear from you on your search for relevant, responsive documents from [president@authorsguild.com](mailto:president@authorsguild.com), [president@authorsguild.com](mailto:president@authorsguild.com), [mlang@authorsguild.com](mailto:mlang@authorsguild.com) and [dpreston@authorsguild.com](mailto:dpreston@authorsguild.com).  You indicated that you would provide an update this week.  Please let us know when to expect it.

**Repository requests**

In light of your explanations of why you need this information on our last meet and confer, it is clear that your repository requests are an improper attempt to serve discovery on discovery.  We decline that request for information with respect to all items.  In addition, your email included several inaccuracies as to what the parties discussed on the meet and confer.  We've clarified our positions on some requests below, and provide additional reasons for declining your requests with respect to specific items below.  These reasons are not exhaustive.

**Item 1.**  We did not agree to provide this information to you, contrary to the implication you state in your July 20 at 7:29pm PT email.  Instead, we stated on the call that we would consider your request in light of your stated reasons for its relevance.  We have considered it.  Our dataset storage has no audit functionality that would allow us to feasibly generate the information that you've requested.

**Item 2.**  See above.  Similarly, we did not agree to provide this information.  Instead, we agreed to consider the basis you provided for how this is relevant.

**Item 6.**  This request is overly broad.  Plaintiffs can serve targeted discovery for documents they

view as relevant and OpenAI will respond accordingly.

**Item 7.**   We confirm that if an employee is on legal hold, their materials are still retained when they depart the company.

**Item 9.**   Our position remains the same as was stated in our May 14 email.  We do not understand what you mean by retention policies "implemented programmatically, rather than documented in writing" and we will not be producing that information, at least because we do not understand it.

Thanks,

**Vera Ranieri**
Of Counsel | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-6025
mofo.com | LinkedIn | Twitter

===================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.
To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=SntCTGorhR74gzVq8zpmlA3u0mONDWvJ

===================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

.