# EXHIBIT F

| | |
|---|---|
| **From:** | Charlotte Lepic (via Alter-AI-TT list) |
| **To:** | Jordan Connors; Craig Smyser; nyclassactions_microsoft_ohs@orrick.com; Alter-AI-TT@simplelists.susmangodfrey.com; MicrosoftNYClassActionFDBR@faegredrinker.com; Arbatman, Leeza |
| **Cc:** | Dupree, Andrea; Geman, Rachel; Dozier, Wesley; Stoler, Reilly T.; ssholder@cdas.com; ccole@cdas.com; OpenAICopyright; Lanham, John R.; Christopher S. Sun; Andrew S. Bruns; Wood, Emily Claire; KVPOAI@keker.com; openaicopyrightlitigation.lwteam@lw.com; Newman, Zak |
| **Subject:** | Re: SERVICE: Authors Guild v. OpenAI, Inc. - SDNY No. 23-08292 & Alter v. OpenAI - SDNY No. 23-10211 |
| **Date:** | Monday, October 14, 2024 3:22:03 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>image004.png |

==EXTERNAL Email==

Thanks, Leeza. A few reactions:

As an initial matter, we reiterate that your below response still fails to provide a position regarding RFPs 90-94 and the "which entities" issue more generally. Almost two weeks have elapsed since Jordan's email on this subject. Please provide a response as soon as possible.

RFP 37: We can agree that we will produce any such documents that are non-privileged in our possession, custody or control located after a reasonable search. Specifically, in addition to our existing search protocol, for each Bulletin article attributed to an AG employee or named plaintiff, we will run the following term: <"[title]" AND ("generative ai" OR "gen ai" OR "genai" OR LLM OR "large language model" OR openai)>. Please confirm that OpenAI will produce in response to this request.

RFP 98: Our recollection differs. Our notes suggest that it OpenAI that was going to propose a search protocol, including for the individuals who are not currently custodians, as you are of course in the best position to do. Since OpenAI has once again failed to propose such a protocol, we propose the following:

1. For individuals who are or become custodians, in addition to the search terms already agreed on, OpenAI will run the following terms:
    a. (copyright* OR copywrite OR copywrited OR copyrights OR copyleft* OR safety OR job OR danger*) AND [[the names of each of the below individuals]]
    b. "right to warn"
2. For individuals who are not custodians, OpenAI will search the following terms:
    a. "fair use"
    b. ((creat* OR destr* OR eliminat* OR los*) w/5 job*) w/40 (author* OR artist* OR creativ* OR writ*)
    c. ((licens* OR pay OR paid OR steal*) w/15 ((work* w/3 copyright*) OR book))
    d. copywrite OR copywrites OR copyleft* OR copywrited
    e. Pirat* OR pirac*
    f. (Copyright* w/10 (concern* OR issue* OR subject OR book* OR material* OR work* OR text* OR audio OR data))
    g. "right to warn"
3. OpenAI will ask all these individuals about their communications regarding safety related issues, and based on those conversations will compile other search terms for this.
4. OpenAI will ask these individuals whether and how they communicated about safety-related issues, including whether there were designated group chats or Slack channels, and will collect and search those.
5. OpenAI will produce drafts of the public statement made at the following link: https://righttowarn.ai/ that are in their possession, custody, or control, and will search for internal communications relating to that statement.

Thanks,
Charlotte

_____

**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064  (o) | 646-421-3356 (m)

_____

**From:** Arbatman, Leeza (via Alter-AI-TT list) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Sent:** Friday, October 11, 2024 12:01 PM
**To:** Jordan Connors <jconnors@SusmanGodfrey.com>; Craig Smyser <CSmyser@susmangodfrey.com>; nyclassactions_microsoft_ohs@orrick.com <nyclassactions_microsoft_ohs@orrick.com>; Alter-AI-TT@simplelists.susmangodfrey.com <Alter-AI-TT@simplelists.susmangodfrey.com>; MicrosoftNYClassActionFDBR@faegredrinker.com <MicrosoftNYClassActionFDBR@faegredrinker.com>
**Cc:** Dupree, Andrea <ADupree@mofo.com>; Geman, Rachel <rgeman@lchb.com>; Dozier, Wesley <wdozier@lchb.com>; Stoler, Reilly T. <rstoler@lchb.com>; ssholder@cdas.com <ssholder@cdas.com>; ccole@cdas.com <ccole@cdas.com>; OpenAICopyright <OpenAICopyright@mofo.com>; Lanham, John R. <JLanham@mofo.com>; Christopher S. Sun <CSun@keker.com>; Andrew S. Bruns <ABruns@keker.com>; Wood, Emily Claire <EWood@mofo.com>; KVPOAI@keker.com <KVPOAI@keker.com>; OpenAIcopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>; Newman, Zak <ZNewman@mofo.com>
**Subject:** RE: SERVICE: Authors Guild v. OpenAI, Inc. - SDNY No. 23-08292 & Alter v. OpenAI - SDNY No. 23-10211

EXTERNAL Email

Jordan,

Please find our counterproposals to Plaintiffs' RFPs No. 29, 34, 35, 37, 45, 52, 54, and 98 below.  Once you've had a chance to review, let us know when you would like to meet and confer to discuss live.

**Data access agreements.**  In **RFP 29**, Plaintiffs seek all documents "sufficient to show any deals, contracts, [and] agreements . . . concerning the licensing or purchase of data . . . to train ChatGPT."  The parties have ongoing discussions about productions of data access agreements in a separate thread and we think it makes sense to consolidate the discussion there.

**Retention agreements.**  In **RFPs 34 and 35,** Plaintiffs seek retention agreements between OpenAI and any law firms (without any temporal limitation), as well as retention agreements with MoFo and Latham between 2016 and 2022.  Plaintiffs' latest email confirms that the parties are still investigating the facts that underlie the purported relevance for this request, i.e., alleged spoliation.  Accordingly, this issue is not yet ripe.  We are happy discussing what productions, if any, make sense after we've resolved those underlying issues.

**Documents related to USPTO Comment on IP for AI innovation.**  In **RFP 37**, Plaintiffs seek all documents relating to the preparation of the comment OpenAI submitted in response to the USPTO's "request for comments on intellectual property protection for [AI] innovation," including documents provided to those who drafted the comment.  As previously stated, OpenAI will conduct a reasonable search for non-privileged documents in its possession, custody, or control that were relied upon in preparing the comment, provided that Plaintiffs agree to a reciprocal production.  During the meet and confer, Plaintiffs sought clarity about the parameters of the reciprocal production.  OpenAI refers Plaintiffs to RFP 41, which it served on Plaintiffs on March 22, 2024.  OpenAI requested "[a]ll documents and communications relating to any articles (including any notes, drafts, and final versions of articles) published in The Authors Guild Bulletin relating to Generative AI."  Plaintiffs limited their response to "final version of articles published in the Authors Guild Bulletin relating to Generative AI."  Accordingly, OpenAI's compromise offer is contingent on Plaintiffs similarly producing documents related to any articles they published in the AG Bulletin relating to Generative AI.

**Conversion to for-profit entity.**  In **RFP 45**, Plaintiffs seek all documents concerning OpenAI's "potential or actual conversion to a for-profit entity."  This request is overly burdensome, duplicative, and seeks irrelevant information, but to compromise, OpenAI will produce documents that address (a) OpenAI's decision to form a for-profit entity, (b) OpenAI's efforts to secure investments or generate revenue, and (c) OpenAI's GPT products or OpenAI's GPT LLMs.  OpenAI also flags for Plaintiffs that it has already agreed to produce documents about how OpenAI earns profits (e.g., RFP 49: We will conduct a reasonable search for relevant and non-privileged documents in our possession, custody, and control discussing or describing (i) how ChatGPT and relevant models can be or are used for OpenAI commercial uses and applications; and (ii) OpenAI's decision to integrate ChatGPT or relevant models in OpenAI's commercial products.)

**Outputs related to Plaintiffs' works.**  In **RFP 52**, Plaintiffs seek all documents sufficient "to show the output of any [LLMs] created by [OpenAI] related to Plaintiffs' works."  As OpenAI explained in the meet and confer on 9/30, this request poses a question of technical feasibility.  OpenAI will follow up with Plaintiffs as it continues to investigate.

**ChatGPT terms of use.**  In **RFP 54**, Plaintiffs seek all documents concerning OpenAI's decision to include, modify, or remove specific language from ChatGPT's terms and conditions asserting that OpenAI should log the privileged documents.  Plaintiffs assert that this RFP seeks relevant information because it concerns "an additional way to gather Copyrighted works for use in training data."  But OpenAI has already offered to conduct a reasonable search for non-privileged documents in its possession, custody, and control discussing how and why OpenAI curates different types of data to train OpenAI's relevant models.  To reiterate, in performing that search, if OpenAI encounters non-privileged documents discussing the use of the identified provision to gather training data, it will produce them. But asking OpenAI to conduct a search specifically related to why it included, removed, or modified provisions of its terms of service would necessarily implicate predominantly privileged documents, making such a search disproportionate and unduly burdensome.  Accordingly, OpenAI will not conduct a separate search for documents related to the terms of service.

**Statements made about copyrighted material and risks to creators.**  In **RFP 98**, Plaintiffs seek all documents relating to statements made or concerns raised by specific OpenAI personnel about OpenAI's use of purportedly copyrighted material to train its LLMs, its alleged lack of sufficient internal controls with regards to the acquisition of training materials, and the general harm or risk to content creators posed by LLMs.  In the last meet and confer, Plaintiffs suggested they would agree to propose search terms to run on the existing custodians' files to identify the information they seek in response to this RFP.  OpenAI is waiting for Plaintiffs' proposal of these terms.

**Leeza Arbatman**
Associate
LArbatman@mofo.com
T +1 (925) 766-6920



**From:** Arbatman, Leeza
**Sent:** Tuesday, October 8, 2024 3:07 PM
**To:** 'Jordan Connors' <jconnors@SusmanGodfrey.com>; Craig Smyser <CSmyser@susmangodfrey.com>; nyclassactions_microsoft_ohs@orrick.com; Alter-AI-TT@simplelists.susmangodfrey.com; MicrosoftNYClassActionFDBR@faegredrinker.com
**Cc:** Dupree, Andrea <ADupree@mofo.com>; Geman, Rachel <rgeman@lchb.com>; Dozier, Wesley <wdozier@lchb.com>; Stoler, Reilly T. <rstoler@lchb.com>; ssholder@cdas.com; ccole@cdas.com;

OpenAICopyright <OpenAICopyright@mofo.com>; Lanham, John R. <JLanham@mofo.com>; Christopher S. Sun <CSun@keker.com>; Andrew S. Bruns <ABruns@keker.com>; Wood, Emily Claire <EWood@mofo.com>; KVPOAI@keker.com; OpenAIcopyrightlitigation.lwteam@lw.com
**Subject:** RE: SERVICE: Authors Guild v. OpenAI, Inc. - SDNY No. 23-08292 & Alter v. OpenAI - SDNY No. 23-10211

Thanks, Jordan.  We are working on our proposals to the pending RFPs and will get back to you shortly.

**Leeza Arbatman**
Associate
LArbatman@mofo.com
T +1 (925) 766-6920



**From:** Jordan Connors <jconnors@SusmanGodfrey.com>
**Sent:** Wednesday, October 2, 2024 5:00 PM
**To:** Arbatman, Leeza <LArbatman@mofo.com>; Craig Smyser <CSmyser@susmangodfrey.com>; nyclassactions_microsoft_ohs@orrick.com; Alter-AI-TT@simplelists.susmangodfrey.com; MicrosoftNYClassActionFDBR@faegredrinker.com
**Cc:** Dupree, Andrea <ADupree@mofo.com>; Geman, Rachel <rgeman@lchb.com>; Dozier, Wesley <wdozier@lchb.com>; Stoler, Reilly T. <rstoler@lchb.com>; ssholder@cdas.com; ccole@cdas.com; OpenAICopyright <OpenAICopyright@mofo.com>; Lanham, John R. <JLanham@mofo.com>; Christopher S. Sun <CSun@keker.com>; Andrew S. Bruns <ABruns@keker.com>; Wood, Emily Claire <EWood@mofo.com>; KVPOAI@keker.com; OpenAIcopyrightlitigation.lwteam@lw.com
**Subject:** Re: SERVICE: Authors Guild v. OpenAI, Inc. - SDNY No. 23-08292 & Alter v. OpenAI - SDNY No. 23-10211
**Importance:** High

**External Email**

Counsel, thank you for conferring with us on Monday regarding some of OpenAI's responses to our third and fourth sets of document requests. Please see below our takeaways from the call. We encourage you to correct anything that we have characterized inaccurately or that might need clarification.

We look forward to prompt production of the documents you agreed to search for and produce that are responsive to **RFP Nos. 36, 44, 46, 47, 48, 49, 57, 58, 66**.

**RFP 29**: You noted that this conversation is ongoing and has proceeded in a separate thread. You noted the agreement Leeza referenced below on September 28, 2024, and you agreed that, for any of the responsive "data access agreements and term sheets," by October 11 either a third party will file a motion to intervene or for a protective order or else OpenAI will produce the agreement or term sheet. Please note that Plaintiffs sent an email on this subject on September 25 and OpenAI has still not responded. Please provide a response to our proposal as soon as possible.

**RFP 34-35**: We noted that, given that OpenAI has not confirmed that the book-related

datasets it has produced are Books1 and Books2, the spoliation issue, and therefore this request, is still live. OpenAI agreed to consider whether it would produce redacted retention agreements showing the date and scope of retention, and redacting any privileged material. Please let us know your position by Tuesday, October 8. As I stated on the call, I will let you know in advance if and when we decide to move to compel on this issue.

**RFP 37**: You indicated in your email that OpenAI would be willing to produce the requested documents if plaintiffs made a reciprocal production. We asked you on the call to explain what you meant by that, and to point to any requests that relate to this issue or to any particular documents or things that we have refused to produce related to this issue. Please let us know by Tuesday, October 8.

**RFP 45**: We asked OpenAI to shed light on the volume of responsive documents to this request or to articulate any particular burden associated with producing them. We also noted that OpenAI's proposed limitation, depending on how it is applied to OpenAI's search and collection, might exclude relevant documents that speak generally to the conversion of OpenAI to a for-profit entity, but do not mention a GPT service by name. OpenAI explained that our formulation might include documents related to tax treatment that have no relevance to this dispute. OpenAI asked us to narrow the request.

We propose the following language to narrow the request, in response to the concern you expressed during our meet and confer:

> All Documents Concerning or Relating to Your potential or actual conversion to a for-profit entity, which also discuss or reference (1) a GPT service or (2) the advantages, disadvantages, benefits, strategy, implications, or business projections associated with that potential or actual conversion. Additionally, this request excludes Documents directed solely to the tax implications of Your conversion to a for-profit entity.

**RFP 46**: You offered in an email below to conduct a reasonable search for documents "discussing whether and to what extent the relevant models reproduce, distribute, display, or create derivative works of copyrighted works." We asked whether your formulation of the request would include documents that discuss whether the use of copyrighted materials to train OpenAI LLMs complies with copyright law. You confirmed that the search you would conduct would include those documents as well. We look forward to receiving this production promptly.

**RFP 51**: You indicated that OpenAI is "still working on" a position with respect to RFP

No. 51. You were unable to give us a date when we could expect to hear OpenAI's position, but you noted that you are aware that the parties are working against the backdrop of the Court's deadline to file an agenda for the October 30 conference.

**RFP 52**: OpenAI asked us before the call to explain what we mean by outputs related to the Plaintiff works. We explained, as we had done on a previous meet and confer and in the email strong below, that we would like OpenAI to run author and class work names (e.g., as set forth by the "class work" terms in the parties' custodial search term proposal) against retained LLM prompts and outputs. You responded that you are still investigating the technical feasibility of this request. Please let us know your position by Tuesday October 8.

**RFP 54**: You indicated that OpenAI believed this request pertained to a legal issue and that any responsive document about changing the terms and conditions would be privileged. We elaborated on the relevance of OpenAI's terms and conditions ("ToC") and explained that it appeared OpenAI actively changed the ToC to add an additional way to gather Copyrighted works for use in training data, which is relevant to Plaintiffs' claims. We explained that because there appear to be business reasons behind the change, it is not clear that the requested documents would be privileged. You said that you would consider this and let us know whether you would search for and produce documents in response to this request. Please let us know by October 6.

**RFP 90-94**: You indicated that OpenAI would prefer not to produce any documents in response to these requests and asserted that only OpenAI OpCo is relevant to this lawsuit. You indicated that OpenAI would be willing to submit a declaration to that effect in lieu of producing documents. We explained that a declaration is not acceptable to Plaintiffs and that OpenAI should satisfy its discovery obligations with respect to these relevant requests, and we noted that, in a prior meet and confer, OpenAI's counsel indicated that it would speak to the client about what documents it would be willing to produce in response to these requests.

As far as the relevance of these requests, in brief, they seek basic discovery concerning Plaintiffs' claims against seven related entities that are all defendants in this lawsuit. The operative complaint identifies these entities and alleges facts as to each of them, which, if established, support claims for copyright infringement. Dkt No. 47, ¶¶ 49-58, 412-429. Many of those allegations regard control and management of OpenAI or of OpenAI OpCo LLC by these other OpenAI Entities, together with knowledge of the infringing activity and financial interests in that same activity. See, e.g., Id. at 420, 421, 428. RFP Nos. 90-94 are targeted at documents and things that will support those allegations, such as transfers of assets and liabilities between and among these OpenAI entities (RFP Nos. 90

and 91), operational documents establishing a control structure among them, as alleged in the Complaint (RFP No. 94), and financial statements establishing the financial interests of each of these entities in the infringement alleged in the Complaint (RFP No. 93).

We assert these requests seek basic, highly relevant discovery that the Court will order OpenAI to produce if you force us to file a motion to compel.

If you have evidence that any of these entities have been dissolved and never had control, management, ownership, or financial interests in the entities that have used or trained the LLMs at issue, please send us that evidence without further delay.

Kind regards,
Jordan

Jordan W Connors
Partner | SUSMAN GODFREY LLP
(O) 206-516-3814 | (C) 646-413-0743 | JConnors@SusmanGodfrey.com

**From:** Arbatman, Leeza (via Alter-AI-TT list) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Date:** Saturday, September 28, 2024 at 2:49 PM
**To:** Craig Smyser <CSmyser@susmangodfrey.com>, nyclassactions_microsoft_ohs@orrick.com <nyclassactions_microsoft_ohs@orrick.com>, Alter-AI-TT@simplelists.susmangodfrey.com <Alter-AI-TT@simplelists.susmangodfrey.com>, MicrosoftNYClassActionFDBR@faegredrinker.com <MicrosoftNYClassActionFDBR@faegredrinker.com>
**Cc:** Dupree, Andrea <ADupree@mofo.com>, Geman, Rachel <rgeman@lchb.com>, Dozier, Wesley <wdozier@lchb.com>, Stoler, Reilly T. <rstoler@lchb.com>, ssholder@cdas.com <ssholder@cdas.com>, ccole@cdas.com <ccole@cdas.com>, OpenAICopyright <OpenAICopyright@mofo.com>, Lanham, John R. <JLanham@mofo.com>, Christopher S. Sun <CSun@keker.com>, Andrew S. Bruns <ABruns@keker.com>, Wood, Emily Claire <EWood@mofo.com>, KVPOAI@keker.com <KVPOAI@keker.com>, OpenAIcopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>
**Subject:** RE: SERVICE: Authors Guild v. OpenAI, Inc. - SDNY No. 23-08292 & Alter v. OpenAI - SDNY No. 23-10211

<mark>EXTERNAL Email</mark>
Hi Craig,

As promised, here is a summary of our positions on pending RFPs in Plaintiffs' third set. We look forward to discussing these proposals with you during the meet and confer on Monday (9/30).

**Data access agreements.** In **RFP 29**, Plaintiffs seek all documents "sufficient to show any deals, contracts, [and] agreements . . . concerning the licensing or purchase of data . . . to train ChatGPT." As OpenAI has previously stated, it has already produced certain data access agreements and term sheets. It is in the process of providing