---

Lieff Cabraser Heimann & Bernstein — Attorneys at Law

Susman Godfrey l.l.p.
a registered limited liability partnership



October 22, 2024

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      RE:    *Authors Guild v. OpenAI Inc.*, 23-cv-8292 (S.D.N.Y.) and *Alter v. OpenAI Inc.*, 23-cv-10211 (S.D.N.Y.): Repositories

Dear Judge Wang:

      Pursuant to Rule II(b) of Your Honor's Individual Practices, Plaintiffs seek a conference regarding OpenAI's review and production of documents from certain repositories. *First*, OpenAI should produce the X.com direct messages of certain employees who used their accounts for work. *Second*, OpenAI should produce the text messages of certain employees who used their personal phones for work. And *third*, OpenAI should disclose which of its custodians use texts and social media for work.[1]

      ***OpenAI must collect and search the X.com direct messages of Sam Altman, Greg Brockman, Nick Turley, and Chelsea Voss.*** Those messages likely contain relevant information. These individuals all used social media for work, as is clear from their public posts. **Sam Altman** used his direct messages for recruiting, to manage product feedback, and to discuss the workings of LLMs.[2] **Greg Brockman** gave early access to OpenAI products through his account.[3] **Nick Turley** used his account for recruiting, to communicate with colleagues, and to solicit product feedback.[4] **Chelsea Voss** used her X.com account to communicate with colleagues, such as "Roon" (@tszzl), likely OpenAI employee Tarun Gogineni.[5] Plaintiffs have amply shown that those accounts may contain relevant messages and should be searched. *See Smith v. Pergola 36 LLC*, No. 1:22-CV-4052, 2022 WL 17832506, at *4 (S.D.N.Y. Dec. 21, 2022) (ordering

---

[1] The parties have met and conferred about the relief sought and did not reach agreement.
[2] https://x.com/sama/status/1526628997727023104; https://x.com/sama/status/1599461988564094977; https://mobile.x.com/sama/status/1784643737525837935
[3] https://x.com/gdb/status/1512269234524413952; https://x.com/gdb/status/1282532831281811456
[4] https://x.com/nickaturley/status/1484410789976891395 (Joanne Jang is also an OpenAI employee); https://x.com/nickaturley/status/1834693658094002340; https://x.com/nickaturley/status/1657288633483956229; https://x.com/iansilber/status/1791110131058454992.
[5] https://x.com/csvoss/status/1839564933760954456 (Joshua Achiam is also an OpenAI employee); https://x.com/tszzl/status/1837038002545250656; https://x.com/tszzl/status/1836649329207185908; https://x.com/tszzl/status/1836155621659611545.

October 15, 2024
Page 2

production of employees' personal devices on a showing that they used those devices for work).

OpenAI claims that it lacks possession, custody, or control over its employees' social media. That is at odds with this circuit's caselaw. "Courts have repeatedly found that employers have control over their employees and can be required to produce documents in their employees' possession." *Chevron Corp. v. Salazar*, 275 F.R.D. 437, 448 (S.D.N.Y. 2011), *objections overruled,* No. 11-CV-3718, 2011 WL 13243797 (S.D.N.Y. Aug. 16, 2011). "At the very least," "courts insist that employers . . . ask" for cooperation before asserting that they lack control over documents. *Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co.*, 233 F.R.D. 338, 341 (S.D.N.Y. 2005); *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-4394, 2016 WL 5408171, at *7 (S.D.N.Y. Sept. 27, 2016) (collecting cases). The individuals at issue are current OpenAI employees, yet OpenAI appears not to have even asked them for their social media. OpenAI should request and produce their direct messages on X.com.

OpenAI's only response is that California Labor Code § 980 prohibits it from asking for its employees' social media. That is incorrect. This is a case in federal court under federal law. Federal discovery rules apply. If a state statute conflicts with federal discovery rules, the federal rules pre-empt that statute. *Allegrino v. Sachetti*, 3:14-CV-1865, at *8-9 (D. Conn. June 29, 2015) ("[T]he Federal Rule applies regardless of contrary state law."). "State law does not govern discoverability and confidentiality in federal [] actions, and state privacy rules should never be permitted to frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy . . . ." *Lehman v. Kornblau*, 206 F.R.D. 345, 348 (E.D.N.Y. 2001). That is true not only in this circuit, *see, e.g.*, *id.*; *Bliss ex rel. Bliss v. Putnam Valley Cent. Sch.*, No. 06-CV-15509, 2008 WL 4355400, at *1 (S.D.N.Y. Sept. 22, 2008) ("State law does not govern discoverability and confidentiality in federal civil rights actions."), but also in California. *Davis v. Schneider*, No. 2:18-CV-1910, 2020 WL 9074713, at *6 (C.D. Cal. Dec. 18, 2020) (ordering disclosure despite a state provision regarding confidentiality because "discovery in federal court is not governed by a state's regulatory scheme or state law related to confidentiality"); *see also Miller v. Pancucci*, 141 F.R.D. 292, 298-99 (C.D. Cal. 1992) (refusing to apply a California statute limiting discovery that conflicted with broad federal discovery). In any event, § 980 does not even apply here, since it applies only to "*personal* social media." As shown above, the accounts in question were used for work, and are therefore not "personal" under § 980. Section § 980 does not shield OpenAI from producing its employees' social media.

**OpenAI must collect and search the text messages of Sam Altman, Greg Brockman, and Mira Murati.** Each of these custodians is likely to have relevant text messages.[6] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See, e.g.*, Ex. 3, Ex. 4, Ex. 5. OpenAI does not dispute this. Ex. 2. Despite that, it has agreed only to "seek[] access" to these custodians' text messages, suggesting that it purports to lack possession, custody, or control thereof. For the reasons explained above, that is incorrect. OpenAI has possession, custody or control of those custodians' text messages, and should be required to produce them.

**OpenAI must disclose which custodians use text messages for work.** Plaintiffs have been

---

[6] Consistent with common usage, the phrase "text messages" includes messaging applications such as WhatsApp, iMessage, and Signal.

October 15, 2024
Page 3

seeking information about whether OpenAI is searching texts, direct messages, and other repositories for months. *E.g.*, Ex. 1 at 9-10 (discussing a meet-and-confer in July). OpenAI has consistently refused to provide any such information. *Id.* Its refrain is that Plaintiffs are not entitled to this information; that it is "conducting a reasonable search," that its "investigation into where discoverable documents exist does not exclude any data repository per se," and that "if there is a repository that exists that we believe has relevant, discoverable information . . . [OpenAI] will search it." *Id.* at 6, 8. This jeopardizes the timely completion of discovery. OpenAI should disclose which custodians use their text messages for work.

"[T]his is precisely the type information which is generally shared by counsel in complex civil litigation cases so that they may reach an agreement regarding the scope of production of ESI." *Ferring v. Fera Pharms., LLC*, No. 13-CV-4640, 2016 WL 5396620, at *2 (E.D.N.Y. Sept. 27, 2016). It is a best practice recommended by the Sedona Conference. *The Case for Cooperation*, 10 Sedona Conf. J. 339, 358, (2014) (counsel "must address [] the potentially discoverable information which that side possesses"). Numerous courts in this circuit have ordered such disclosure, *e.g.*, *Ferring*, 2016 WL 5396620, at *2; *William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009); *Erdman v. Victor*, 20-CV-4162, at *2 (S.D.N.Y. July 26, 2022)—including this one. Sep. 12 Hearing Tr. at 5;[7] *see also Star Direct Tel., Inc. v. Glob. Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 359 (W.D.N.Y. 2011) ("[P]arties should not be permitted to conceal potential sources of responsive information . . . ."). OpenAI knows—or at least, should know, *see Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004)—the answer to this question, and its refusal to disclose that answer is entirely unfounded. To streamline discovery, OpenAI should be required disclose to Plaintiffs which of its custodians use texts or social media for work, so that the parties can have informed conversations about searching those files.

For these reasons, Plaintiffs respectfully request that the Court order OpenAI to search these repositories and provide the requested information.

Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEINS LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| /s/ Rachel Geman | /s/ Rohit Nath | /s/ Scott J. Sholder |
| Rachel Geman | Rohit Nath | Scott J. Sholder |

---

[7] To date, Microsoft continues to refuse to disclose the names of the custodians included in its prior search, contrary to the Court's direction at the conference. Sep. 12 Hearing Tr. at 50.