KEKER VAN NEST & PETERS    LATHAM & WATKINS LLP    MORRISON FOERSTER

October 23, 2024

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

cc: All Counsel of Record Line (via ECF)

**Re:** *Authors Guild et al. v. OpenAI, Inc., et al., and Alter et al. v. OpenAI Inc., et al.,* Nos. 1:23-cv-08292-SHS & 1:23-cv-10211-SHS

Dear Judge Wang:

Pursuant to Sections I(b) and II(b) of Your Honor's Individual Practices, the OpenAI Defendants respectfully request a pre-motion conference to address Plaintiffs' refusal to respond to requests for highly relevant discovery regarding their claims of harm in this case.[1]

On May 14, 2024, OpenAI served the following interrogatory: "Identify documents reflecting any information you have received regarding harm You have suffered as a result of the alleged use of Your Asserted Works by OpenAI to train ChatGPT, including but not limited to (i) any information You have received about third parties using outputs from GPT Services as an alternative to purchasing or obtaining a licensed copy of Your Asserted Works, and (ii) any information You have received about any impact by the availability of GPT Services on licensing royalties or other revenues generated in connection with Your Asserted Works." (No. 5 to Authors Guild; No. 6 to remaining Plaintiffs). Plaintiffs refused to identify any documents in response. Instead, after asserting boilerplate objections, Plaintiffs responded that they had agreed to produce documents related to such harm and stated, "[p]ursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs refer to these responses and documents produced pursuant thereto." *See* Ex. 1. Despite OpenAI's repeated requests, Plaintiffs have refused to identify any such documents. *See* Ex. 2 at 2. As Plaintiffs have elsewhere recognized, the law does not countenance such refusal.

Federal Rule of Civil Procedure 33(d)(1) provides that, where, as here, a party seeks to rely on produced documents in lieu of responding to an interrogatory, the party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" A party thus may not simply cite Rule 33(d) without identifying the specific documents on which they seek to rely. *See Volt Elec. NYC Corp. v. A.M.E., Inc.*, No. 20-cv-4185, 2020 WL 6378945, at *2 (S.D.N.Y. Oct. 30, 2020) (interrogatory response lacking Bates numbers was "inadequate"); *see also Norman Maurice Rowe, M.D., MHA, LLC v. Oxford Health Ins. Co.*, 21-cv-6290, 2024 WL 4333881, at *6 (E.D.N.Y. Sept. 27, 2024) (ordering plaintiffs to "identify[]" documents "by their Bates numbers"). Indeed, Plaintiffs themselves agree that the law requires more, having stated in

---

[1] The parties conferred in good faith regarding the disputes addressed herein by telephone conference on October 22, 2024, as well as by written correspondence before that conference. The parties' conferral efforts were unsuccessful. *See* Nightingale Dawson Decl. ¶ 3; *see also* Ex. 2 at 2.

correspondence with OpenAI that "[t]his level of generality"–that is, referencing the production of documents without identifying those documents–is not contemplated or permitted by Rule 33(d)." *See* Ex. 5 at 2. Plaintiffs then pointed to numerous authorities that stated the same. *See id.* ("*See, e.g., Hallmark Licensing LLC v. Dickens Inc.*, No. 17CV2149SJFAYS, 2018 WL 6573435, at *10 (E.D.N.Y. Dec. 13, 2018) ("[A]n answer to an interrogatory must be completed within itself . . . [r]eference to depositions, other answers to the interrogatories, other document production, the complaint itself, or any other documents are improper and thus unresponsive." . . . ; *Neogenix Oncology, Inc. v. Gordon*, No. CV144427JFBAKT, 2017 WL 4233028, at *2 (E.D.N.Y. Sept. 22, 2017) (collecting cases); Fed. Prac. & Proc. Civ. § 2177 (3d ed.) ("Simply referring to pleadings or other discovery is frequently found insufficient.")."). When Plaintiffs raised this issue with OpenAI, OpenAI conferred with Plaintiffs and then agreed that supplementation of responses with Bates numbers is appropriate where doing so is reasonable and proportionate to the needs of the case. *See generally* Ex. 5 at 1. Plaintiffs, in contrast, refuse to do the same.

The discovery OpenAI seeks goes directly to the harm Plaintiffs claim to have suffered, which is relevant not only to Plaintiffs' claims for damages but also to OpenAI's fair use defense. Throughout the First Consolidated Class Action Complaint ("Complaint"), Plaintiffs point to "the risks to authors' livelihoods posed by generative AI like GPT-N and ChatGPT." *See e.g.*, Dkt. 69 ¶¶ 142, 155, 161. Plaintiffs further contend repeatedly that OpenAI's large language models allegedly "harm the market" for Plaintiffs' works. *See, e.g., id.* ¶¶ 3, 152, 161. Whether and the extent to which Plaintiffs have actually been harmed, as they claim, is directly relevant to Plaintiffs' claims for both statutory and actual damages. *See id.* ¶ 417; *see, e.g., Bass v. Diversity Inc. Media*, No. 19-cv-2261, 2020 WL 2765093, at *4 (S.D.N.Y. May 28, 2020) ("consider[ing]" the "seeming absence of tangible harm" in connection with clam claim for statutory damages (citation omitted)). Likewise, whether there has been any "harm to the market" for Plaintiffs' works during the relevant time period, as Plaintiffs allege, and the cause of any such harm goes directly to the question of fair use–a central issue in this case. *See Cariou v. Prince*, 714 F.3d 694, 708 (2d Cir. 2013) (whether a use "usurp[ed] the market of the [asserted] work[s]" goes to fair use (citation omitted)); *see also* Dkt. 75 at 3 (Preliminary Statement), 48 (First Affirmative Defense).

Plaintiffs have thus rightly conceded that the discovery OpenAI seeks is directly relevant to this case by agreeing to respond to OpenAI's request for production of "[a]ll Documents or Communications relating to any injury or harm You claim to have suffered as a result of the conduct alleged in the Complaint (Case No. 1:23-cv-10211; ECF No. 26), including those alleged in Paragraphs 105-108." Ex. 3 at 6–7.[2] Despite OpenAI's service of that request almost a year ago, in November 2023, Plaintiffs' productions to date, which total less than 12,000 documents across all 30 Plaintiffs,[3] do not contain any documents obviously responsive to that request. See Nightingale Dawson Decl. ¶ 11. OpenAI is entitled to know whether that apparent absence is because no such documents exist or because Plaintiffs have not yet produced any such documents. Interrogatory Nos. 5 and 6 require Plaintiffs to address exactly that, by either identifying with specificity the documents to which Plaintiffs generally referred (but that, as far as OpenAI can tell, have not yet been produced notwithstanding Plaintiffs' representation) or admitting no such

---

[2] After these cases were consolidated, OpenAI served another request regarding Plaintiffs' claimed harm. Plaintiffs said they were producing documents in response to OpenAI's prior harm-related request (*i.e.*, RFP 11). Ex. 4 at 17.

[3] One plaintiff, Maya Shanbhag Lang, has moved to dismiss her claims. See Dkt. 173. OpenAI did not oppose her dismissal, but requested that certain conditions be imposed. *See* Dkt. 178. Ms. Lang's motion remains pending.

documents have been produced.[4]  And to the extent Plaintiffs maintain that such documents exist but have not yet been produced, Plaintiffs should be required to produce them forthwith given the length of time this RFP has been pending and the upcoming interim fact discovery deadline.

Plaintiffs' only asserted justification for refusing to identify documents in response to these interrogatories, to the extent any exist at all, is that it is "premature to demand that such documents be identified at this stage before expert reports have been served."  Not so.  As an initial matter, a party is required, at the outset of litigation and "without awaiting a request"–to not only disclose "a computation of each category of damages claimed by the disclosing party" but also "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."  Fed. R. Civ. P. 26(a)(1)(A)(iii).  Rule 26's initial disclosure requirement thus belies Plaintiffs' suggestion that it is premature to require the identification of such documents.

The Court's decision in *Ohanian v. Apple*, No. 1:20-cv-05162, 2022 WL 576314, at *2 (S.D.N.Y. Feb. 25, 2022), likewise makes clear that it is proper to require a plaintiff to respond, during fact discovery, to an interrogatory "relating to the harm" a plaintiff alleges to have suffered.  *See id.* at *3 (ordering the plaintiff to respond to an interrogatory seeking "information relating to the harm or injury [the plaintiff] alleges he has suffered and the damages he has incurred as a result of his claims").  It is likewise appropriate to require, during fact discovery, the identification of documents that go to central issues in a case.  *See id.* (ordering the plaintiff to respond to interrogatories seeking identification of documents that went to "the purported 'false advertising' at the heart of [the plaintiff's] . . . claim.").  The same result is warranted here.[5]

Nor can Plaintiffs claim that responding to this interrogatory would be unduly burdensome or disproportionate to the needs of the case.  There are 30 plaintiffs in this case.  As noted above, they have between them produced less than 12,000 documents.  *See* Nightingale Dawson Decl. ¶ 9.  All but three plaintiffs (one of which is Authors Guild) have produced less than 1,000 documents.  *See id.* ¶ 10.  And eight plaintiffs have produced less than 100 documents.  *See id.*  In short, the volume of documents here is far from significant and in no way makes responding to this interrogatory overly burdensome or difficult.  Presumably, that is why Plaintiffs have not contended otherwise.

For the foregoing reasons, OpenAI respectfully requests that the Court order Plaintiffs to respond, in full to Interrogatory No. 5 to Plaintiff Authors Guild and Interrogatory No. 6 to the remaining Plaintiffs, by providing the Bates numbers of the documents to which Plaintiffs referred in their response.

---

[4] Plaintiffs should also be required to further supplement any response to Interrogatory Nos. 5 and 6 to the extent they produce documents in the future that are also among the "documents" to which Plaintiffs referred in their responses.

[5] Plaintiffs rightly are not refusing to respond to the interrogatories at issue on the basis that they are impermissible under Local Rule 33.3.  *See* Ex. 2 at 2; *Ohanian*, 2022 WL 576314, at *2–3 (analogous interrogatories either properly served at the outset of discovery or a "more practical method of obtaining the information sought than through request for production or a deposition").

Respectfully,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| /s/ Michelle Ybarra* | /s/ Elana Nightingale Dawson | /s/ John R. Lanham* |

---

* All parties whose electronic signatures are included herein have consented to the filing of this document.