# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUTHORS GUILD, et al., individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> OPENAI INC., *et al.,* <br><br> Defendants. | No. 1:23-cv-08292-SHS |
| JONATHAN ALTER, *et al.,* on behalf of themselves and all others similarly, <br><br> Plaintiffs, <br><br> v. <br><br> OPENAI, INC., *et al.,* <br><br> Defendants | No. 1:23-cv-10211-SHS |

**PLAINTIFF'S RESPONSES TO DEFENDANT OPENAI OPCO, LLC'S**
**SECOND SET OF INTERROGATORIES (NOS. 2-7)**

Plaintiff the Authors Guild ("Plaintiff") hereby responds to Defendant OpenAI OpCo's

Second Set of Interrogatories, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

All responses to the following Interrogatories are based on information currently known to

Plaintiff and are provided without prejudice to Plaintiff's right to supplement these responses

pursuant to Rule 26(e) of the Federal Rules of Civil Procedure should additional information

become available. Plaintiff anticipates that as investigation and trial preparation continue, it is

possible that additional facts may become known, which may in turn warrant additions to or

changes in the responses provided herein.

PLAINTIFF'S RESPONSES TO DEFENDANT OPENAI OPCO, LLC'S SECOND SET OF INTERROGATORIES (NOS. 2-7); LEAD CASE No. 1:23-cv-08292-SHS

1

These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial. These responses are not an admission of any fact set forth or assumed by an Interrogatory. The inadvertent disclosure of any privileged information shall not be deemed a waiver of any applicable privilege with respect to such information or any other information.

## **GENERAL OBJECTIONS**

Plaintiff makes the following General Objections to the Interrogatories, including the Definitions and Guidelines sections. Plaintiff's General Objections are incorporated into its responses to each specific Interrogatory made by Defendant.

1.     Plaintiff objects to the Interrogatories to the extent they seek the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities.

2.     Plaintiff objects to the Interrogatories to the extent that they seek information in which parties and/or non-parties have a legitimate expectation or right of privacy pursuant to statute or case law.

3.     Plaintiff objects to the Interrogatories to the extent they seek to impose obligations on Plaintiff different from or beyond those required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiff will respond to the Interrogatories pursuant to the requirements of Rule 26.

4.     Plaintiff objects to Defendant's definition of the term "Asserted Work" (Definition no. 15) as overbroad. Plaintiff will construe this term to mean "Fiction and Nonfiction Class Works" only.

PLAINTIFF'S RESPONSES TO DEFENDANT OPENAI OPCO, LLC'S SECOND SET OF INTERROGATORIES (NOS. 2-7); LEAD CASE No. 1:23-cv-08292-SHS

2

5.      Plaintiff objects that the Interrogatories were propounded on the Authors Guild without limitation, when the Authors Guild is not an organizational plaintiff. Instead, the Authors Guild is the owner of the registered copyrights in Mignon Eberhart's works. In this sense each request is overbroad. Plaintiff construes these Interrogatories as directed to the Authors Guild in its capacity as a literary estate. To the extent the Authors Guild agrees to respond to Interrogatories other than those related to Ms. Eberhart's works, it responds for the purposes of good faith negotiations in an attempt to avoid motion practice.

6.      Plaintiff objects to all Interrogatories that do not specify a time limitation as unduly burdensome.

In addition to the General Objections set forth above, Plaintiff will also state specific objections to Interrogatories where appropriate, including objections that are not generally applicable to all Interrogatories. By setting forth such specific objections, Plaintiff does not intend to limit or restrict the General Objections set forth above. To the extent that Plaintiff responds to Interrogatories to which it objects, such objections are not waived.

## RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 2:

Identify all individuals who are responsible for or have participated in the creation, development, or maintenance of the Authors Guild FAQs and any of Your ethical guidelines, educational programs, or other writings related to Generative AI.

### RESPONSE TO INTERROGATORY NO. 2:

Plaintiff objects to this Interrogatory as overbroad, irrelevant, disproportionate, and improper insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Interrogatory to the extent it seeks the disclosure of

PLAINTIFF'S RESPONSES TO DEFENDANT OPENAI OPCO, LLC'S SECOND SET OF INTERROGATORIES (NOS. 2-7); LEAD CASE No. 1:23-cv-08292-SHS

3

information that is protected from disclosure by attorney-client privilege, attorney work-product

doctrine, or any other applicable privileges or immunities. Plaintiff further objects to the phrase

"responsible for or have participated in the creation, development, or maintenance of" as vague

and ambiguous. Plaintiff objects to the Interrogatory to the extent it seeks to impose obligations

on Plaintiff different from or beyond those required by Rules 26 and 33 of the Federal Rules of

Civil Procedure. Plaintiff will respond to the Interrogatory pursuant to the requirements of Rule

26. Plaintiff further objects to this Interrogatory to the extent that it seeks information not

relevant to the claims and defenses in this case and/or not proportional to the needs of the case.

Plaintiff further objects to this Interrogatory as unduly burdensome insofar as it has no time

limitation.

Subject to and without waiving these objections, Plaintiff identifies the following

individuals who are responsible for or have participated in substantive drafting of the Authors

Guild FAQs and Generative AI related materials: Mary Rasenberger, Chief Executive Officer

and Umair Kazi, Director of Advocacy and Policy.

## INTERROGATORY NO. 3:

Identify any editors, writing assistants, publishers, agents, researchers, or other third

parties who performed work in connection with Your Asserted Works.

## RESPONSE TO INTERROGATORY NO. 3:

Plaintiff objects to this Interrogatory as overbroad, irrelevant, disproportionate, and improper

insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General

Objection No. 5). Plaintiff objects to this Interrogatory to the extent it seeks the disclosure of

information that is protected from disclosure by attorney-client privilege, attorney work-product

doctrine, or any other applicable privileges or immunities. Plaintiff further objects to the phrase

PLAINTIFF'S RESPONSES TO DEFENDANT OPENAI OPCO, LLC'S SECOND SET OF INTERROGATORIES
(NOS. 2-7); LEAD CASE No. 1:23-cv-08292-SHS

4

"performed work in connection with" as vague and ambiguous. Plaintiff objects to the Interrogatory to the extent it seeks to impose obligations on Plaintiff different from or beyond those required by Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiff will respond to the Interrogatory pursuant to the requirements of Rule 26. Plaintiff further objects to this Interrogatory to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Interrogatory as duplicative of Request for Production No. 43. Plaintiff further objects to this Interrogatory as unduly burdensome insofar as it has no time limitation.

Subject to and without waiving the foregoing objections, Plaintiff identifies the following publishers for its Class Works: Grand Central Publishing, Amereon Ltd., Random House, Doubleday Crime Club, and University of Nebraska Press.

**INTERROGATORY NO. 4:**

Identify all third parties with whom You have discussed the possibility of licensing any of Your Asserted Works as training data for Generative AI, including but not limited to any third parties who made offers to license Your Asserted Works as training data for Generative AI.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory as overbroad, irrelevant, disproportionate, and improper insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Interrogatory to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to the term "offers" as vague and ambiguous. Plaintiff objects to the Interrogatory to the extent it seeks to impose obligations on Plaintiff different from or beyond those required by Rules 26 and 33 of the Federal

PLAINTIFF'S RESPONSES TO DEFENDANT OPENAI OPCO, LLC'S SECOND SET OF INTERROGATORIES (NOS. 2-7); LEAD CASE No. 1:23-cv-08292-SHS

5

Rules of Civil Procedure. Plaintiff also objects to this Interrogatory to the extent it seeks information protected by a confidentiality agreement with a third party. Plaintiff further objects to this Interrogatory as unduly burdensome insofar as it has no time limitation.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to discuss the scope and relevance of this Interrogatory.

**INTERROGATORY NO. 5:**

Identify all works, documents, writings, and other materials that were studied, referred to, or relied on during the conception, development, or creation of Your Asserted Works.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this Interrogatory as overbroad, irrelevant, disproportionate, and improper insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to "all works, documents, writings, and other materials" as overbroad. Plaintiff further objects to this Interrogatory to the extent that it seek information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Interrogatory as unduly burdensome insofar as it has no time limitation. Plaintiff also objects to the terms "other materials," "conception," "development," and "creation" as vague and ambiguous. Plaintiff further objects to this Interrogatory as duplicative of Interrogatory for Production No. 25, and incorporate all objections herein. Plaintiff further objects to this Interrogatory as the Authors Guild was not involved in the conception, development, or creation of its Class Works. Plaintiff further objects to this Interrogatory as unduly burdensome insofar as it has no time limitation.

Subject to and without waiving the foregoing objections, Plaintiff is willing to meet and confer to discuss the scope and relevance of this Interrogatory.

PLAINTIFF'S RESPONSES TO DEFENDANT OPENAI OPCO, LLC'S SECOND SET OF INTERROGATORIES (NOS. 2-7); LEAD CASE No. 1:23-cv-08292-SHS

6

**INTERROGATORY NO. 6:**

Identify documents reflecting any information you have received regarding harm You have suffered as a result of the alleged use of Your Asserted Works by OpenAI to train ChatGPT, including but not limited to (i) any information You have received about third parties using outputs from GPT Services as an alternative to purchasing or obtaining a licensed copy of Your Asserted Works, and (ii) any information You have received about any impact by the availability of GPT Services on licensing royalties or other revenues generated in connection with Your Asserted Works.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory as overbroad, irrelevant, disproportionate, and improper insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Relatedly, Plaintiff objects to this Interrogatory as overbroad and irrelevant because the Authors Guild is not seeking damages as an organizational plaintiff, but as the owner of Ms. Eberhart's Class Works. Plaintiff objects to this Interrogatory to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to the phrases "any information" and "any impact" as vague and ambiguous. Plaintiff further objects to this Interrogatory insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Interrogatory to the extent that it seek information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Interrogatory as duplicative of Request for Production No. 34, and incorporate all objections herein. Plaintiff further objects to

PLAINTIFF'S RESPONSES TO DEFENDANT OPENAI OPCO, LLC'S SECOND SET OF INTERROGATORIES (NOS. 2-7); LEAD CASE No. 1:23-cv-08292-SHS

7

this Interrogatory to the extent that it seeks information beyond that permitted by Local Rule 33.3. Plaintiff further objects to this Interrogatory as unduly burdensome insofar as it has no time limitation.

Subject to and without waiving the foregoing objections, Plaintiff first acknowledges that it has already agreed to produce documents responsive to this Interrogatory in its Response to Defendant's First Set of Requests for Production. Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff refers to these responses and documents produced pursuant thereto.

**INTERROGATORY NO. 7:**

Describe the facts and circumstances surrounding the availability of Your Asserted Works on any third-party website or online repository, including but not limited to LibGen, ZLibrary, or Bibliotik.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this Interrogatory as overbroad, irrelevant, disproportionate, and improper insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Interrogatory to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to "any third-party website or online repository" as overbroad. Plaintiff further objects to the phrase "performed work in connection with" as vague and ambiguous. Plaintiff also objects to the term "availability" as vague and ambiguous. Plaintiff further objects to this Interrogatory insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff objects to the Interrogatory to the extent it seeks to impose obligations on Plaintiff different from or beyond those required by Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiff also objects to this Interrogatory to the extent it seeks information protected

PLAINTIFF'S RESPONSES TO DEFENDANT OPENAI OPCO, LLC'S SECOND SET OF INTERROGATORIES (NOS. 2-7); LEAD CASE No. 1:23-cv-08292-SHS

8

by a confidentiality agreement with a third party. Plaintiff further objects to this Interrogatory to the extent that it seeks information beyond that permitted by Local Rule 33.3. Plaintiff further objects to this interrogatory as unduly burdensome because it seeks information outside of Plaintiff's possession, custody, or control. Plaintiff further objects to this Interrogatory as unduly burdensome because it seeks information equally as accessible to Defendants as it is to Plaintiff. Plaintiff further objects to this Interrogatory as unduly burdensome insofar as it has no time limitation.

Subject to and without waiving the foregoing objections, Plaintiff is willing to meet and confer to discuss the scope and relevance of this Interrogatory.

Dated:  June 13, 2024

*/s/ Rachel Geman*
Rachel Geman
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Tel.: 212-355-9500
rgeman@lchb.com

Reilly T. Stoler (*pro hac vice forthcoming*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel.: 415-956-1000
rstoler@lchb.com

Wesley Dozier (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
222 2nd Avenue, Suite 1640
Nashville, TN 37201
Tel.: 615-313-9000
wdozier@lchb.com

*/s/ Scott J. Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS &
SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel.: 212-974-7474
ssholder@cdas.com
ccole@cdas@com

***Attorneys for Plaintiffs and the Proposed
Fiction and Nonfiction Author Classes***

PLAINTIFF'S RESPONSES TO DEFENDANT OPENAI OPCO, LLC'S SECOND SET OF INTERROGATORIES
(NOS. 2-7); LEAD CASE No. 1:23-cv-08292-SHS

10