# Exhibit 2

## Nightingale Dawson, Elana (DC)

| | |
|---|---|
| **From:** | Alejandra Salinas <ASalinas@susmangodfrey.com> |
| **Sent:** | Tuesday, October 22, 2024 11:29 AM |
| **To:** | Nightingale Dawson, Elana (DC); Geman, Rachel |
| **Cc:** | Charlotte Lepic; Alter-AI-TT@simplelists.susmangodfrey.com; OpenAICopyright@mofo.com; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM; KVPOAI@keker.com; MicrosoftNYClassActionFDBR@faegredrinker.com; nyclassactions_microsoft_ohs@orrick.com |
| **Subject:** | Re: [EXT] RE: Authors Guild / Alter v. OpenAI - Document Sources, Custodians, Productions |

Elana,

Below is our response on the issues you identified below and in your prior email.

**Authors Guild Surveys**: As discussed, Plaintiffs have agreed to produce non-privileged documents related to the four surveys listed below that hit on the search terms plaintiffs have agreed to. Those surveys are: (1) the April / May 2023 Authors Guild Generative AI survey; (2) the November / December 2023 Authors Guild Generative AI survey; (3) the 2022 Authors Guild Author Income Survey; and (4) the 2023 Authors Guild Author Income Survey. The search terms plaintiffs have agreed to include ("Authors Guild" OR "AG") /10 Survey*.

**AI Licensing Frameworks:** Plaintiffs have and will continue to produce documents responsive to RFP 51. The AG are collecting and reviewing documents related to the Created by Humans announcement. Plaintiffs will also work to serve verified responses to ROG 7 by the end of the month.

**Hollywood Reporter Article:** Plaintiffs are willing to review reasonably tailored search term results to locate documents responsive to RFP 52. Subject to review of the hit counts, Plaintiffs propose running the title of the article at issue in the request, "Authors Guild Exploring Blanket License For Artificial Intelligence Companies," the author of the article "Winston Cho" and "artificial intelligence" OR "AI", ("hollywoodreporter" OR "Hollywood Reporter") AND ("artificial intelligence" OR "AI").

**Copyright Office Correspondence:** As discussed, Plaintiffs are willing to consider Defendants proposal of reasonably narrowed terms to locate correspondence related to the class works. Please propose terms at your earliest convenience.

**Efforts to Make Asserted Works Publicly Available:** Plaintiffs continue to have questions and concerns about what exactly Defendants are seeking with these requests. Please be prepared to identify specific examples of documents that you believe are responsive and are not otherwise being produced in response to other requests and any authority you may have to support these requests.

**Any editors, writing assistants, publishers, agents, researchers, or other third parties who performed work in connection with Class Works:** Plaintiffs intend to amend their interrogatory response to identify their relevant publishers in the interests of compromise, though this information is indicated in documents produced. The only authority Defendants have ever provided in support of this ROG involved a copyright *ownership*, not infringement dispute between an author and their editor. Plaintiffs are willing to consider any other authority Defendants may have or any specific concerns or questions Defendants may have about a particular author or work that might warrant this additional information.

**Identification of Third Parties re: Possibility of Licensing any Asserted Work as Training Data:** Consistent with the position Defendants have taken with regards to their own licensing efforts, Plaintiffs will amend their response to identify third party entities we have entered into a term sheet with to license their class works for generative AI.

**Any Harm Suffered:** Plaintiffs will continue to produce documents related to our harm to the extent they are in our possession, custody, and control. Plaintiffs believe it is premature to demand that such documents be identified at this stage before expert reports have been served. Plaintiffs are willing to revisit this issue after expert reports have been served.

**Works on LibGen, ZLibrary, or Bibliotik:** Plaintiffs will work to amend their response to this ROG by the end of the month.

**Outputs:** Plaintiffs believe that we will have produced the outputs pursuant to our agreement by the end of this week. To the extent you believe there is a discrepancy, we are happy to discuss once you review the production.

**Metadata:** Plaintiffs are reviewing the metadata issues you have raised and will work to address by the end of the month.

**AG Custodian Position:** Plaintiffs have already pulled information from multiple custodians, far more relatively speaking than OAI has, given the sizes and relevance. While we believe the 'staff' email is duplicative (because relevant emails are sent to the extant custodians), we are willing to add it. As to the other individuals you mentioned, we refer you to our discussions this summer. None of those people are AG employees, not have AG emails, and none have any non-duplicative information. Relatedly, your general request for discovery from the foundation seems like pure fishing: you have the relevant custodians. The foundation supports the AG. To the extent you intend to still pursue these custodians, please provide a custodian by custodian description of why they are relevant and non-duplicative of existing custodians just as OAI required from Plaintiffs when discussing OAI custodians. Please also identify any specific documents you have by bates number that may support your position.

**Additional Individual Author Custodians:** As discussed last week, please provide any authority you may have to support your new request for additional custodians that you believe are within the custody and control of the individual authors. Please also be prepared to explain why you believe the documents you first identified last week provide a basis for the individual plaintiffs to collect documents from these additional custodians. We will provide you our position on this issue once you do so.

**Copyright Registrations:** Plaintiffs will endeavor to reproduce the allegedly illegible registrations you identified by the end of the month. However, we are disappointed to see requests for a writer who has withdrawn from the case, with Defendants' consent (Maya Lang). We trust this was inadvertent and not part of an effort to harass.

**Copyright Enforcement/Total Revenue:** Plaintiffs have and will continue to produce non-privileged relevant documents that we locate after a reasonable search.

**Search Terms:** Regarding the terms you identified in your email yesterday, we are happy to set another time later this week or next week to discuss the concerns we previously raised with your colleagues. At a high level, we believe it's appropriate to more narrowly tailor the terms given their high hit count, in some cases, marginal relevance, and other terms we have already agreed to.

**Alejandra C. Salinas | Susman Godfrey LLP**
o. 713.653.7802 | c. 956.337.0910

---

**From:** Elana.NightingaleDawson at lw.com (via Alter-AI-TT list) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Date:** Monday, October 21, 2024 at 12:52 PM
**To:** Geman, Rachel <rgeman@lchb.com>