# Exhibit 5

## Nightingale Dawson, Elana (DC)

**From:** Wong, Melody Ellen <MelodyWong@mofo.com>
**Sent:** Friday, July 19, 2024 8:17 PM
**To:** Geman, Rachel; Bennett, Allyson R.; OpenAICopyright; #C-M OPENAI COPYRIGHT LITIGATION - LW TEAM; 'KVPOAI@keker.com'
**Cc:** Alter-AI-TT@simplelists.susmangodfrey.com
**Subject:** RE: [EXT] RE: M/C Second Request: Authors Guild v. OpenAI, Inc. - SDNY No. 23-08292 & Alter v. OpenAI - SDNY No. 23-10211

Rachel,

We write in response to the issues raised during the June 26, 2024 meet and confer.

- **ROG 10.** As to OpenAI's citation to Rule 33(d), and after all of the relevant documents have been produced, OpenAI intends to supplement with the relevant Bates numbers. You also asked if OpenAI would be willing to identify all versions of the models specifically called out in this ROG. OpenAI will not do so. Plaintiffs have not demonstrated why information regarding "every version of every LLM, Generative AI system, AI Model, and API Product," including intermediate versions of unreleased models, is relevant. Identifying this information would be unduly burdensome and disproportionate given the lack of relevance.
- **ROG 11.** OpenAI will also supplement this response with the relevant Bates numbers after it completes its production of the relevant documents. And as with our prior response, OpenAI will not identify all versions of all models that were "used in any version of ChatGPT or any other OpenAI product or service." This interrogatory is unduly burdensome and disproportionate because Plaintiffs again have not demonstrated why this information is relevant.
- **ROG 12.** We're still investigating your request for additional information regarding settings that may impact model output, other than the parameters listed on OpenAI's website, such as sampling, frequency/presence penalties, length, stop sequences, and random seed. We aim to get back to you in a week.
- **ROG 13.** You asked if there is additional information OpenAI would be willing to provide on how to identify audiobook transcripts, if any, in the training datasets prior to the inspection. Based on our investigation to date, as Plaintiffs will see when they inspect the training datasets, datasets containing audio data that has been transcribed to text often have a name that starts with "asr."
- **ROG 14.** You asked if there is additional information we would be willing to provide on how to identify Common Crawl data in the training data prior to the inspection. As Plaintiffs will see at the inspection, datasets containing Common Crawl material often have a name that starts with "cc." In addition, we currently understand, based on our investigation to date, that OpenAI has not kept track of which versions of Common Crawl were used for training models used for ChatGPT.

Regarding ROG 15, we are supplementing our interrogatory responses regarding the Books1 and Books2 datasets and hope to share that with you as soon as reasonably practicable.

Best,
Melody

**Melody Wong**
Associate
melodywong@mofo.com
T: +1 (415) 268-6024

MORRISON FOERSTER

mofo.com | LinkedIn | Twitter

---

**From:** Geman, Rachel <rgeman@lchb.com>
**Sent:** Monday, July 15, 2024 10:39 AM
**To:** Bennett, Allyson R. <ABennett@mofo.com>; OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com; 'KVPOAI@keker.com' <KVPOAI@keker.com>
**Cc:** Alter-AI-TT@simplelists.susmangodfrey.com
**Subject:** FW: [EXT] RE: M/C Second Request: Authors Guild v. OpenAI, Inc. - SDNY No. 23-08292 & Alter v. OpenAI - SDNY No. 23-10211

External Email

Ally - Please let us know OAI's position no later than July 19.
Thank you, Rachel
-----Original Message-----
From: Alter-AI-TT@simplelists.susmangodfrey.com <Alter-AI-TT@simplelists.susmangodfrey.com> On Behalf Of Geman, Rachel
Sent: Thursday, June 27, 2024 2:38 PM
To: OpenAICopyright <OpenAICopyright@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>
Cc: Alter-AI-TT@simplelists.susmangodfrey.com
Subject: Fwd: [EXT] RE: M/C Second Request: Authors Guild v. OpenAI, Inc. - SDNY No. 23-08292 & Alter v. OpenAI - SDNY No. 23-10211

EXTERNAL Email

Thank you for meeting yesterday about the OAI responses to Plaintiffs' Third Set of Interrogatories.
We look forward to the promised supplements, the substantive follow-up on interrogatory nos. 10-14, and the timing of the follow-up on your efforts to locate the books datasets, which will inform how and whether the parties should follow-up on interrogatory no. 15. (This is in the interests of efficiency and without prejudice to our position that the current response to interrogatory no. 15 is inadequate. We are happy to review the information you are imminently providing to see if this is an alternative to further conferral and/or motion practice on that interrogatory.) For our part, we undertook to provide you with more detail on certain of the language in interrogatory no. 12, that is, the list of exemplar common settings (other than temperature, which we already discussed). "Settings" here refers to a parameter, filter, etc.
At a high level, each of these settings listed in interrogatory no. 12 is subject to manipulation in an LLM to affect outputs and each sheds light on the process by which inputs are turned into outputs.
Sampling - these are settings related to the techniques governing the model's choice of the next word/token to display.
Frequency/presence/repetition penalties - these generally prevent the model from outputting the same word(s) repeatedly or too often.
Length - these are settings (like min/max) that can refer to input size (context window) or output size or both.
Stop sequences - these refer to making the model stop generating.
Random seed - this setting (parameter) relates to reproducibility.
We hope this email, which simply recites information your client already knows, will facilitate a faster production of responsive information.
Best, Rachel

From: Wong, Melody Ellen <MelodyWong@mofo.com>
Sent: Monday, June 24, 2024 6:08 PM
To: Geman, Rachel <rgeman@lchb.com>; Dupree, Andrea <ADupree@mofo.com>; Dozier, Wesley

<wdozier@lchb.com>; Stoler, Reilly T. <rstoler@lchb.com>; 'ssholder@cdas.com' <ssholder@cdas.com>; 'ccole@cdas.com' <ccle@cdas.com>; 'Alter-AI-TT@simplelists.susmangodfrey.com' <Alter-AI-TT@simplelists.susmangodfrey.com>
Cc: 'nyclassactions_microsoft_ohs@orrick.com' <nyclassactions_microsoft_ohs@orrick.com>; 'MicrosoftNYClassActionFDBR@faegredrinker.com' <MicrosoftNYClassActionFDBR@faegredrinker.com>; OpenAICopyright <OpenAICopyright@mofo.com>; 'openaicopyrightlitigation.lwteam@lw.com' <openaicopyrightlitigation.lwteam@lw.com>; 'KVPOAI@keker.com' <KVPOAI@keker.com>
Subject: [EXT] RE: M/C Second Request: Authors Guild v. OpenAI, Inc. - SDNY No. 23-08292 & Alter v. OpenAI - SDNY No. 23-10211

Rachel, we disagree with you that our answers are deficient, but we are happy to meet and confer tomorrow at 11-11:30am PT or on Wednesday at 9-9:30am, 10:30-11:30am, or 2-2:30pm PT.

Best,
Melody

From: Geman, Rachel <rgeman@lchb.com<mailto:rgeman@lchb.com>>
Sent: Monday, June 24, 2024 5:28 AM
To: Dupree, Andrea <ADupree@mofo.com<mailto:ADupree@mofo.com>>; Dozier, Wesley <wdozier@lchb.com<mailto:wdozier@lchb.com>>; Stoler, Reilly T. <rstoler@lchb.com<mailto:rstoler@lchb.com>>; 'ssholder@cdas.com' <ssholder@cdas.com<mailto:ssholder@cdas.com>>; 'ccole@cdas.com' <ccole@cdas.com<mailto:ccole@cdas.com>>; 'Alter-AI-TT@simplelists.susmangodfrey.com' <Alter-AI-TT@simplelists.susmangodfrey.com<mailto:Alter-AI-TT@simplelists.susmangodfrey.com>>
Cc: 'nyclassactions_microsoft_ohs@orrick.com' <nyclassactions_microsoft_ohs@orrick.com<mailto:nyclassactions_microsoft_ohs@orrick.com>>; 'MicrosoftNYClassActionFDBR@faegredrinker.com' <MicrosoftNYClassActionFDBR@faegredrinker.com<mailto:MicrosoftNYClassActionFDBR@faegredrinker.com>>; OpenAICopyright <OpenAICopyright@mofo.com<mailto:OpenAICopyright@mofo.com>>; 'openaicopyrightlitigation.lwteam@lw.com' <openaicopyrightlitigation.lwteam@lw.com<mailto:openaicopyrightlitigation.lwteam@lw.com>>; 'KVPOAI@keker.com' <KVPOAI@keker.com<mailto:KVPOAI@keker.com>>
Subject: M/C Second Request: Authors Guild v. OpenAI, Inc. - SDNY No. 23-08292 & Alter v. OpenAI - SDNY No. 23-10211

External Email

---

OAI Counsel: Please respond to this email today.

From: Geman, Rachel
Sent: Tuesday, June 18, 2024 11:15 AM
To: 'Dupree, Andrea' <ADupree@mofo.com<mailto:ADupree@mofo.com>>; Dozier, Wesley <wdozier@lchb.com<mailto:wdozier@lchb.com>>; Stoler, Reilly T. <rstoler@lchb.com<mailto:rstoler@lchb.com>>; ssholder@cdas.com<mailto:ssholder@cdas.com>; ccole@cdas.com<mailto:ccole@cdas.com>; Alter-AI-TT@simplelists.susmangodfrey.com<mailto:Alter-AI-TT@simplelists.susmangodfrey.com>
Cc: nyclassactions_microsoft_ohs@orrick.com<mailto:nyclassactions_microsoft_ohs@orrick.com>; MicrosoftNYClassActionFDBR@faegredrinker.com<mailto:MicrosoftNYClassActionFDBR@faegredrinker.com>; OpenAICopyright <OpenAICopyright@mofo.com<mailto:OpenAICopyright@mofo.com>>; openaicopyrightlitigation.lwteam@lw.com<mailto:openaicopyrightlitigation.lwteam@lw.com>; KVPOAI@keker.com<mailto:KVPOAI@keker.com>
Subject: RE: [EXT] SERVICE: Authors Guild v. OpenAI, Inc. - SDNY No. 23-08292 & Alter v. OpenAI - SDNY No. 23-10211

Counsel,

We'd like to meet and confer as soon as possible about your responses to Plaintiffs' Third Set of Interrogatories.

In the main, you did not answer the questions, instead referring us to discovery - including discovery that has not been produced or made available despite our extensive efforts. This level of generality is not contemplated or permitted by Rule 33(d) (or any other part of Rule 33). See, e.g., Hallmark Licensing LLC v. Dickens Inc., No. 17CV2149SJFAYS, 2018 WL 6573435, at *10 (E.D.N.Y. Dec. 13, 2018) ("[A] n answer to an interrogatory must be completed within itself…[r]eference to depositions, other answers to the interrogatories, other document production, the complaint itself, or any other documents are improper and thus unresponsive." (quoting Trueman v. New York State Canal Corp., 2010 WL 681341, at *2 (N.D.N.Y. Feb. 24, 2010)); Neogenix Oncology, Inc. v. Gordon, No. CV144427JFBAKT, 2017 WL 4233028, at *2 (E.D.N.Y. Sept. 22, 2017) (collecting cases); Fed. Prac. & Proc. Civ. § 2177 (3d ed.) ("Simply referring to pleadings or other discovery is frequently found insufficient.").

In addition, we also consider your reference to publicly available information insufficient, inasmuch as the public information is neither comprehensive nor specific.

Finally, we believe your answers are otherwise incomplete. As just one example, there is no reasonable explanation why your answer to Rog 15 does not discuss (for example) LibGen.

We look forward to hearing from you.

Best, Rachel

From: Dupree, Andrea <ADupree@mofo.com<mailto:ADupree@mofo.com>>
Sent: Monday, June 17, 2024 6:05 PM
To: Geman, Rachel <rgeman@lchb.com<mailto:rgeman@lchb.com>>; Dozier, Wesley <wdozier@lchb.com<mailto:wdozier@lchb.com>>; Stoler, Reilly T. <rstoler@lchb.com<mailto:rstoler@lchb.com>>; ssholder@cdas.com<mailto:ssholder@cdas.com>; ccole@cdas.com<mailto:ccole@cdas.com>; Alter-AI-TT@simplelists.susmangodfrey.com<mailto:Alter-AI-TT@simplelists.susmangodfrey.com>
Cc: nyclassactions_microsoft_ohs@orrick.com<mailto:nyclassactions_microsoft_ohs@orrick.com>; MicrosoftNYClassActionFDBR@faegredrinker.com<mailto:MicrosoftNYClassActionFDBR@faegredrinker.com>; OpenAICopyright <OpenAICopyright@mofo.com<mailto:OpenAICopyright@mofo.com>>; openaicopyrightlitigation.lwteam@lw.com<mailto:openaicopyrightlitigation.lwteam@lw.com>; KVPOAI@keker.com<mailto:KVPOAI@keker.com>
Subject: [EXT] SERVICE: Authors Guild v. OpenAI, Inc. - SDNY No. 23-08292 & Alter v. OpenAI - SDNY No. 23-10211

Dear Counsel,

Attached for service please find the following documents:


* DEFENDANT OPENAI'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES TO OPENAI
* OPENAI'S VERIFICATION OF ITS OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES

Thank you.

Sincerely,

Andréa Duprée
Legal Secretary

ADupree@mofo.com<mailto:ADupree@mofo.com>
T +1 (415) 268-6239

<image001.png>

mofo.com<http://www.mofo.com/> | LinkedIn<https://www.linkedin.com/company/morrison-&-foerster-llp/> | Twitter<https://twitter.com/MoFoLLP>

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy<https://www.mofo.com/about/privacy-policy.html>.
.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy<https://www.mofo.com/about/privacy-policy.html>.
.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.
To unsubscribe from this list please go to https://https://simplelists.susmangodfrey.com/subs/
To unsubscribe from this list please go to
https://simplelists.susmangodfrey.com/confirm/?u=vVj99yst7PI0ulNrnlA3A35cxY4K8IU9

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.