Hon. Ona T. Wang
October 23, 2024
Page 1

October 23, 2024

**VIA ECF**
Hon. Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      RE:      *Authors Guild et al. v. OpenAI, Inc., et al., and Alter et al. v. OpenAI Inc., et al.,* Nos. 1:23-cv-08292-SHS & 1:23-cv-10211-SHS

Dear Judge Wang:

Pursuant to Rule IV.a. of Your Honor's Individual Practices, we submit this joint letter-motion to seal on behalf of the Author Plaintiffs and the OpenAI Defendants ("OpenAI") in the above-captioned matter in connection with documents referenced in Plaintiffs' contemporaneously filed Motion to Compel.

The redactions in Plaintiffs' letter-motion describe documents that OpenAI produced in discovery and designated confidential or highly confidential under the operative Protective Order.

***Plantiffs' Position on Sealing.*** Plaintiffs take no position on whether the redacted material should remain under seal.

***OpenAI's Position on Sealing.*** For the reasons stated below and articulated in more detail in the supporting declaration of Michael Trinh, OpenAI respectfully requests the Court grant this motion to seal.

OpenAI moves to seal:

1. Limited portions of Plaintiffs' Motion to Compel that reference or summarize confidential materials;
2. Exhibits 1-5, 7, 9-12, 14-18, 20-25 to Plaintiffs' Motion to Compel, which contain business information or communications that have been designated as confidential or highly confidential pursuant to the Protective Order in this case (ECF No. 148).

      OpenAI's proposed redactions and sealing are consistent with the Second Circuit's opinions in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). Pursuant to *Lugosch,* the Court must first assess whether the documents at issue are "judicial documents" to determine whether the presumption in favor of public access in filings applies at all. 435 F.3d at 119. Documents "simply passed between the parties in discovery" are not judicial documents and "lie beyond the presumption's reach." *Brown v. Maxwell,* 929 F.3d 41, 49-50 (2d Cir. 2019) (internal quotation marks omitted); *see Bernstein,* 814 F. 3d at 142 (documents "such as those

Hon. Ona T. Wang
October 23, 2024
Page 2

passed between the parties in discovery often play no role in the performance of Article III functions and so the presumption of access to these records is low" (internal quotation marks omitted)). This remains true even where the Court must assess those documents in the context of a discovery motion. *See Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, No. 19-cv-4223-LAP-KHP, 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021) (granting motion to seal portions of letter brief referencing information passed between the parties in discovery and exhibits designated under parties' protective order).

Where documents are submitted to the Court pursuant to a confidentiality agreement, the Second Circuit has held that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Uni-Systems, LLC v. United States Tennis Ass'n, Inc.*, No. 17-cv-147-KAM-CLP, 2020 WL 8266015, at *8 (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)). Moreover, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced . . . in connection with dispositive motions." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). While the Court "'must still articulate specific and substantial reasons' for sealing material filed in connection with a discovery dispute, 'the reasons usually need not be as compelling as those required to seal' filings connected to a dispositive motion." *Rand v. Travelers Indem. Co.*, No. 21-CV-10744 (VB)(VF), 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023) (quoting *Brown*, 929 F.3d 41, 50).

In this matter, OpenAI has designated as highly confidential sensitive information related to OpenAI's business practices, the disclosure of which would harm OpenAI's competitiveness in a nascent and highly competitive market. Such information is routinely deemed confidential and filed under seal by the Courts. *See IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910 (VB)(VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information.").

Exhibits 1-5, 7, 9-12, 14-18, 20-25 (and the accompanying portions of Plaintiff's letter-motion citing excerpts from those documents) comprise confidential communications and documents relating to three categories of information: (i) discussions between OpenAI employees concerning detailed processes for training ChatGPT models (Ex. Nos. Ex. Nos. 1-5, 7, 9, 10, 14-17, 20, 21, 23, 24); (ii) forward-looking strategic business communications and discussions (Ex. Nos. 11, 24, 25); or (iii) actual or potential agreements and partnerships between OpenAI and other entities (Ex. Nos. 2, 22). *See* Declaration of Michael Trinh ¶¶ 3-6. The portions of Plaintiffs' letter-motion proposed for sealing directly summarize or quote the content of these highly sensitive documents, which include confidential information of OpenAI and third parties. OpenAI treats each category of documents as confidential or highly confidential—it does not generally disclose similar documents to the public. *See id*.

Similar documents revealing confidential business information are regularly sealed by other courts in this District. *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (sealing "confidential and proprietary data collection procedures"); *Louis Vuitton Mallatier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485,

Hon. Ona T. Wang
October 23, 2024
Page 3

511 (S.D.N.Y. 2015) (sealing "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit" (internal quotation marks omitted)).  The information contained in these documents and mirrored or summarized in Plaintiffs' letter-motion could be used by competitors to unfairly compete with OpenAI, in that they would be given access to the information that would not otherwise be available to them.  This risk is elevated in the highly competitive field of artificial intelligence—OpenAI is at the forefront of developing and employing new products and software, and any disclosure of related information could be exploited by other players in the space.  Thus, if not sealed, disclosure could pose serious risk of competitive harm.

      Accordingly, in order to maintain the confidential nature of this information, OpenAI respectfully requests the Court grant this motion to seal.

Sincerely,

MORRISON & FOERSTER LLP
*/s/ John Lanham*
John Lanham

KEKER, VAN NEST & PETERS LLP
*/s/ Michelle Ybarra*
Michelle Ybarra

LATHAM & WATKINS LLP
*/s/ Elana Nightingale Dawson*
Elana Nightingale Dawson

SUSMAN GODFREY LLP
*/s/ Rohit Nath*
Rohit Nath

LIEFF CABRASER HEIMANN & BERNSTEINS LLP
*/s/ Rachel Geman*
Rachel Geman