UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>OPENAI INC., OPENAI LP, OPENAI LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, and OPENAI STARTUP FUND MANAGEMENT LLC,<br><br>    Defendants. | No. 1:23-cv-08292-SHS |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LCC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,<br><br>    Defendants. | No. 1:23-cv-10211-SHS |

-2-

## DECLARATION OF MICHAEL TRINH IN SUPPORT OF DEFENDANTS' MOTION TO SEAL PLAINTIFFS' MOTION TO COMPEL AND RELATED EXHIBITS

I, Michael Trinh, hereby declare as follows:

1. I am Associate General Counsel at OpenAI. I submit this declaration in support of Defendants' Motion to Seal pursuant to Section IV of Your Honor's Individual Rules and Practices. I have personal knowledge of the facts set forth below and if called as a witness, could testify competently thereto.

2. Exhibits 1-5, 7, 9-12, 14-18, 20-25 attached to Plaintiffs' Motion to Compel and the content within Plaintiffs' Motion are or directly reference documents produced by OpenAI during discovery that are designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3. The material contained within each of these documents falls into one or more categories of information: (i) discussions between OpenAI employees concerning detailed processes for training ChatGPT models (Ex. Nos. 1-5, 7, 9, 10, 14-17, 20, 21, 23, 24);[1] (ii) forward-looking strategic business communications and discussions (Ex. Nos. 11, 24, 25);[2] or (iii) actual or potential agreements and partnerships between OpenAI and other entities (Ex. Nos. 2, 22).[3] I have reviewed Plaintiffs' letter-motion and my understanding is that the language that has been redacted directly quotes from or summarizes portions of these Exhibits.

4. **Category (i).** The specific processes OpenAI employs to train and test its large language models, including the sources of data used to train the models, constitute highly

---

[1] OPCO_SDNY_0000746; OPCO_SDNY_0012652; OPCO_SDNY_0012660; OPCO_SDNY_0014054; OPCO_SDNY_0014516; OPCO_SDNY_0067016; OPCO_SDNY_0638787; OPCO_SDNY_0639384; OPCO_SDNY_0755348; OPCO_SDNY_0756295; OPCO_SDNY_0756723; OPCO_SDNY_0854932; OPCO_SDNY_0855807; OPCO_SDNY_0861105; OPCO_SDNY_0872007; OPCO_SDNY_1044276.
[2] OPCO_SDNY_0639468; OPCO_SDNY_1044276; OPCO_SDNY_1456235.
[3] OPCO_SDNY_0012652; OPCO_SDNY_0863995.

sensitive proprietary information.  OpenAI treats such information as confidential or highly confidential.  OpenAI generally does not publicly disclose this type of information and takes steps to ensure the confidentiality of that information is maintained, particularly given the highly competitive nature of the artificial intelligence industry with global stakeholders.

5. **Category (ii).**  OpenAI also treats forward-looking business communications and discussions as confidential or highly confidential.  OpenAI generally does not publicly disclose strategic decision-making, deliberations, and discussions amongst high-level executives to prevent competitive harm to OpenAI.

6. **Category (iii).**  Ongoing discussions and agreements between internal OpenAI employees or between OpenAI and partner organizations are treated as confidential or highly confidential.  OpenAI generally does not disclose internal communications related to partnerships, nor does it generally disclose agreements with partners or private communications with existing or potential partners, to prevent harm to OpenAI's position in the market, its negotiating position with other parties, and third-party confidential information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of October, 2024 in Redwood City, California.

By: _____
Michael Trinh
Associate General Counsel
OpenAI