# EXHIBIT 26



Kate Lazarus
klazarus@kblfirm.com
(415) 630-2350

October 14, 2024

**VIA EMAIL**
**(afreymann@lchb.com)**

Anna J. Freymann
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413

    Re:    *Authors Guild, et al. v. OpenAI Inc., et al.*, Case No. 1:23-cv-08292-SHS

Dear Anna:

I write to follow-up on our call on October 8 and your email of October 9 regarding the subpoena served by Authors Guild on Andrew Mayne. We address each request in the subpoena in turn.

*REQUEST NO. 1: All Documents and Communications, Including DMs, Concerning or Relating To Your post on X, dated September 2, 2024, at 3:12 PM which reads: "As someone who is a novelist … and worked at OpenAI on capabilities discovery, I'm convinced AI will be able to write good novels soon." (see here: https://x.com/AndrewMayne/status/1830685142781993100) (the "September X Post").*

Plaintiff has proposed the following revised request "(a) all emails, text messages, Twitter direct messages, or other messages that directly reference these posts (including subsequent emails or messages, to the extent they relate to those tweets or posts); and (b) all OpenAI documents that are still in your possession that informed these posts."

Following a reasonably diligent search, and excluding any publicly available posts or responses on X.com, Mr. Mayne has not located any documents in his possession, custody, or control that are responsive to the revised request.

*REQUEST NO. 2: All Documents and Communications informing Your opinion that artificial intelligence is capable of creative writing, as expressed in Your September X Post as well as in Your articles entitled "Will artificial intelligence ever write a novel?", published on Your website on June 15, 2020 (see here: https://andrewmayne.com/2020/06/15/will-artificial-*

*intelligence-ever-write-anovel/)*, and *"Collaborative Creative Writing with OpenAI's ChatGPT"*, published on Your website on November 30, 2022 (see here https://andrewmayne.com/2022/11/30/collaborativecreative-writing-with-openais-chatgpt/).

Plaintiff has proposed the following revised request: "(a) all emails, text messages, Twitter direct messages, or other messages that directly reference these posts (including subsequent emails or messages, to the extent they relate to those tweets or posts); and (b) all OpenAI documents that are still in your possession that informed these posts."

Following a reasonably diligent search for documents responsive to the revised request, Mr. Mayne has only located documents related to an invitation to appear on a podcast, which is available here: https://www.thecreativepenn.com/2022/06/24/writing-with-artificial-intelligence-with-andrew-mayne/. The communications regarding the podcast do not contain anything of substance regarding the referenced posts on his website, and the podcast is publicly available. Mr. Mayne also does not intend to search for publicly available responses or posts about his blog. Accordingly, Mr. Mayne does not intend to produce anything in response to this request.

*REQUEST NO. 3: Documents sufficient to describe your position at and work for OpenAI, Including when and how long You worked for OpenAI, the responsibilities and tasks associated with Your position at OpenAI, and the way in which you came to work for OpenAI.*

Following a reasonably diligent search, the best sources Mr. Mayne has of the requested information are his publicly available LinkedIn profile and website. Mr. Mayne entered into numerous agreements with OpenAI regarding his work there, and does not believe that he possesses a complete set of such agreements. They should be sought from OpenAI if they are within the proper scope of discovery.

*REQUEST NO. 4: All Communications exchanged during Your work for OpenAI Concerning or Relating To the training of LLMs or LLMs' capacity to generate literary works, Including works of fiction.*

To the extent that responsive documents are within the proper scope of discovery, they should be sought from OpenAI. To the extent that this request reaches communications not exchanged with OpenAI, the request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

*REQUEST NO. 5: All Documents and Communications Concerning or Relating To OpenAI.*

We understand that this request has been withdrawn.

*REQUEST NO. 6: All Documents and Communications Concerning or Relating To the datasets known as Books1 or LibGen-1 and Books2 or LibGen-2.*

Following a reasonably diligent search, Mr. Mayne has not located any documents in his possession, custody, or control that are responsive to this request.

REQUEST NO. 7: *All Documents and Communications Concerning or Relating To the importance or value of data, or of different types of data, for purposes of training an LLM.*

Plaintiff has proposed the following revised request: (a) all responsive documents during or within 6 months of Mr. Mayne's tenure at OpenAI, and (b) all responsive documents that reference knowledge that Mr. Mayne acquired in his capacity at OpenAI.

Even as revised, the request is overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, and Mr. Mayne does not intend to produce responsive documents.

REQUEST NO. 8: *All Documents and Communications Concerning or Relating To the way in which OpenAI collected or obtained data for purposes of training its LLMs.*

Plaintiff has proposed the following revised request: (a) all responsive documents during or within 6 months of Mr. Mayne's tenure at OpenAI, and (b) all responsive documents that reference knowledge that Mr. Mayne acquired in his capacity at OpenAI.

Following a reasonably diligent search, Mr. Mayne has not located any documents in his possession, custody, or control that are responsive to the revised request.

REQUEST NO. 9: *All Documents and Communications Concerning or Relating To the creation of books, stories, or other works for the purpose of training an LLM.*

Plaintiff has proposed the following revised request: (a) all responsive documents during or within 6 months of Mr. Mayne's tenure at OpenAI, and (b) all responsive documents that reference knowledge that Mr. Mayne acquired in his capacity at OpenAI.

Following a reasonably diligent search, Mr. Mayne has not located any documents in his possession, custody, or control that are responsive to the revised request.

REQUEST NO. 10: *All books, stories, or other works You created with the intention that said book, story, or work would be used to train any of OpenAI's LLMs.*

Following a reasonably diligent search, Mr. Mayne has not located any documents in his possession, custody, or control that are responsive to the revised request.

REQUEST NO. 11: *All agreements between You and OpenAI Concerning or Relating To the ownership or licensing of any rights in books, stories, or other works created or written by You.*

Any agreements between OpenAI and Mr. Mayne that were entered into as part of his work for OpenAI should be obtained, if at all, from OpenAI. Following a reasonably diligent search, Mr. Mayne has not located any other responsive documents.

REQUEST NO. 12: *All Documents and Communications Concerning or Relating To the impact of LLMs or other forms of artificial intelligence on the markets for art, writing, or labor.*

Plaintiff has proposed the following revised request: (a) all responsive documents during or within 6 months of Mr. Mayne's tenure at OpenAI, and (b) all responsive documents that reference knowledge that Mr. Mayne acquired in his capacity at OpenAI.

Even as revised, the request is overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Mayne directs Plaintiff to his blog post available at: https://reason.com/2024/04/28/in-the-ai-economy-there-will-be-zero-percent-unemployment/. Mr. Mayne does not intend to otherwise produce responsive documents.

*REQUEST NO. 13: All Documents and Communications Concerning or Relating To whether a license is needed to train an LLM on all or part of a copyrighted work, or for an LLM to output all or part of a copyrighted work.*

This request was not addressed on our call or in your follow-up correspondence. Mr. Mayne stands on his objections.


Sincerely,

Kate Lazarus