
October 24, 2024

<u>VIA ECF</u>

Honorable Ona T. Wang
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *Authors Guild et al. v. OpenAI, Inc., et al.*, No. 1:23-cv-08292-SHS (S.D.N.Y.); *Alter et al. v. OpenAI, Inc., et al.*, No. 1:23-cv-10211-SHS (S.D.N.Y.) – Response to Letter Motion to Seal Microsoft Documents

Dear Magistrate Judge Wang:

Pursuant to Rule IV.a of Your Honor's Individual Practices,[1] Defendant Microsoft Corporation responds to the Author Plaintiffs' letter motion for leave to file under seal (ECF No. 229) filed in connection with the Author Plaintiffs' letter motion to compel OpenAI to review and produce documents from certain repositories ("Letter Motion") (ECF No. 230). Specifically, Microsoft requests that Exhibits 3, 4, and 5 (ECF Nos. 230-3, 230-4, and 230-5) be sealed

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "The proponent of sealing 'must demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions . . . ." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "[W]hile a court must still articulate specific

---

[1] Microsoft understands that Your Honor's Individual Practices requests a joint filing to submit requests regarding sealing following a meet and confer. The parties were unable to do so here because Author Plaintiffs first alerted Microsoft, who had not been involved in the substantive conferences related to the Letter Motion, of the potential for filing five confidential Microsoft documents at 9:21 pm ET on October 22, 2024, and requested that Microsoft provide a sealing letter within 24 hours. Author Plaintiffs did not provide any context as to why these documents were required for the Letter Motion or how they would be used therewith. Author Plaintiffs and OpenAI appeared to be further meeting and conferring through the afternoon of October 23, 2024, causing the scope of the dispute and documents at issue to be unclear to Microsoft. As such, Microsoft was unable to thoroughly review the documents (only three of which were ultimately filed with the Letter Motion) and provide its declaration in support of sealing prior to the Letter Motion's filing on October 23, 2024.

and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

Exhibits 3, 4, and 5 to the Letter Motion contain highly confidential documents, the disclosure of which would unfairly prejudice Microsoft. Specifically, these exhibits, which have been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order, are documents that include proprietary information related to Microsoft's relationship with OpenAI as to ongoing workstreams. *See* Ex. A[2] (Declaration of Lucky Vidmar). Microsoft requests that these exhibits are sealed from the public in their entirety.

The information Microsoft seeks to redact is the type of information commonly found to warrant sealing. *See Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (finding that requested redactions were "narrowly tailored to protect competitive business information, including the non-public terms of [various agreements]" and concluding "that the sensitivity of this information outweighs the presumption of access"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted) (concluding that proposed redactions were "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'").

For the reasons stated above, and those set forth in the Declaration of Lucky Vidmar, Microsoft respectfully requests that the Author Plaintiffs' letter motion for leave to file under seal (ECF No. 196) be granted in part and Exhibits 3, 4, and 5 be sealed.

|  |  |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| */s/ Annette L. Hurst* | */s/ Jared B. Briant* |
| Annette L. Hurst | Jared B. Briant |

*Counsel for Defendant Microsoft Corporation*

cc:    Counsel of Record (via ECF)

---

[2] These exhibits also contain email addresses and other personal information that should be shielded from the public.