# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, *et al.*, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>OPEN AI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI, LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br><br>    Defendants. | Case No. 1:23-cv-08292-SHS |
| JONATHAN ALTER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>OPENAI, INC., OPENAI OPCO LLC, OPENAI GP, LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br><br>    Defendants. | Case No. 1:23-cv-10211-SHS |

**PLAINTIFFS' RESPONSE TO DEFENDANT OPENAI OPCP, LLC'S SECOND SET OF <u>INTERROGATORIES</u>**

Plaintiffs Christian Baker Kline, Daniel Okrent, David Baldacci, Douglas Preston, Elin Hilderbrand, Eugene Linden, George R.R. Martin, George Saunders, Hampton Sides, James Shapiro, Jia Tolentino, Jodi Picoult, John Grisham, Jonathan Alter, Jonathan Franzen, Julian Sancton, Kai Bird, Mary Bly, Maya Shanbhag Lang, Michael Connely, Rachel Vail, Rich Cohen, Roxana Robinson, Scott Turow, Simon Winchester, Stacy Schiff, Sylvia Day, Taylor Branch,

1

Victor LaValle ("Plaintiffs") hereby respond to Defendant OpenAI OpCo's Second Set of Interrogatories, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure.

All responses to the following Interrogatory are based on information currently known to Plaintiffs and are provided without prejudice to Plaintiffs' right to supplement these responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure should additional information become available. Plaintiffs anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.

These responses are made in a good faith effort to supply such information as is presently known to Plaintiffs. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiffs' right to rely on other facts or documents at trial. These responses are not an admission of any fact set forth or assumed by a Request. The inadvertent disclosure of any privileged information shall not be deemed a waiver of any applicable privilege with respect to such information or any other information.

## **GENERAL OBJECTIONS**

Plaintiffs make the following General Objections to the Interrogatories, including the Definitions and Guidelines sections. Plaintiffs' General Objections are incorporated into their responses to each specific Interrogatory made by Defendant.

1. Plaintiffs object to the Interrogatories to the extent they seek the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities.

2. Plaintiffs object to the Interrogatories to the extent that they seek information in which parties and/or non-parties have a legitimate expectation or right of privacy pursuant to statute or case law.

3. Plaintiffs object to the Interrogatories to the extent they seek to impose obligations on Plaintiffs different from or beyond those required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiffs will respond to the Interrogatories pursuant to the requirements of Rule 26.

4. Plaintiffs object to Defendant's definition of the term "Asserted Work" (Definition no. 15) as overbroad. Plaintiffs will construe this term to mean "Fiction and Nonfiction Class Works" only.

5. Plaintiffs objects to all Interrogatories that do not specify a time limitation as unduly burdensome.

In addition to the General Objections set forth above, Plaintiffs will also state specific objections to Interrogatories where appropriate, including objections that are not generally applicable to all Interrogatories. By setting forth such specific objections, Plaintiffs do not intend to limit or restrict the General Objections set forth above. To the extent that Plaintiffs respond to Interrogatories to which they objects, such objections are not waived.

## RESPONSES AND OBJECTIONS

**Interrogatory No. 2:** Identify any editors, writing assistants, publishers, agents, researchers, or other third parties who performed work in connection with Your Asserted Works.

**Response:** Plaintiffs object to this Interrogatory to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs further object to the phrase "performed work in connection with" as vague and ambiguous. Plaintiffs object to the Interrogatory to the extent it seeks to impose obligations on Plaintiffs different from or beyond those required by Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiffs will respond to the Interrogatory pursuant to the requirements of Rule 26. Plaintiffs further object to this

Interrogatory to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Interrogatory as duplicative of Request for Production No. 43.

Subject to and without waiving the foregoing objections, Plaintiffs identify the following publishers for their Class Works: Amazon.com, Bloomsbury, Brilliance Publishing, Hachette Book Group, HarperCollins, IP LLC & Publishing, Kensington Publishing Corp., Little Brown and Company, Macmillan Publishing Group, Penguin Random House, Scholastic, Simon and Schuster, Sylvia Day LLC, The New Yorker, Trident Media Group, University of Nebraska Press, and University of New England Press.

**Interrogatory No. 3:** Identify all third parties with whom You have discussed the possibility of licensing any of Your Asserted Works as training data for Generative AI, including but not limited to any third parties who made offers to license Your Asserted Works as training data for Generative AI.

**Response:** Plaintiffs object to this Interrogatory to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to the term "offers" as vague and ambiguous. Plaintiffs object to the Interrogatory to the extent it seeks to impose obligations on Plaintiffs different from or beyond those required by Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiffs also object to this Interrogatory to the extent it seeks information protected by a confidentiality agreement with a third party.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to discuss the scope and relevance of this interrogatory.

**Interrogatory No. 4:** Identify all works, documents, writings, and other materials that were studied, referred to, or relied on during the conception, development, or creation of Your Asserted Works.

**Response:** Plaintiffs object to "all works, documents, writings, and other materials" as overbroad. Plaintiffs further object to this Request to the extent that it seek information not relevant

to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request as unduly burdensome insofar as it has no time limitation. Plaintiffs also object to the terms "other materials," "conception," "development," and "creation" as vague and ambiguous. Plaintiffs further object to this Interrogatory as duplicative of Request for Production No. 25, and incorporate all objections herein.

Subject to and without waiving the foregoing objections, Plaintiffs are willing to meet and confer to discuss the scope and relevance of this interrogatory.

**Interrogatory No. 5:** Identify documents reflecting any information you have received regarding harm You have suffered as a result of the alleged use of Your Asserted Works by OpenAI to train ChatGPT, including but not limited to (i) any information You have received about third parties using outputs from GPT Services as an alternative to purchasing or obtaining a licensed copy of Your Asserted Works, and (ii) any information You have received about any impact by the availability of GPT Services on licensing royalties or other revenues generated in connection with Your Asserted Works.

**Response:** Plaintiffs object to this Interrogatory to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs object to the phrases "any information" and "any impact" as vague and ambiguous. Plaintiffs further object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs further object to this Request to the extent that it seek information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Interrogatory as duplicative of Request for Production No. 34, and incorporate all objections herein. Plaintiffs further object to this Interrogatory to the extent that it seeks information beyond that permitted by Local Rule 33.3.

Subject to and without waiving the foregoing objections, Plaintiffs first acknowledge that they have already agreed to produce documents responsive to this Request in their Response to

Defendant's First Set of Requests for Production. Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs refer to these responses and documents produced pursuant thereto.

**Interrogatory No. 6:** Describe the facts and circumstances surrounding the availability of Your Asserted Works on any third-party website or online repository, including but not limited to LibGen, ZLibrary, or Bibliotik.

**Response:** Plaintiffs object to this Interrogatory to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs object to "any third-party website or online repository" as overbroad. Plaintiffs further object to the phrase "performed work in connection with" as vague and ambiguous. Plaintiffs also object to the term "availability" as vague and ambiguous. Plaintiffs further object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs object to the Interrogatory to the extent it seeks to impose obligations on Plaintiffs different from or beyond those required by Rules 26 and 33 of the Federal Rules of Civil Procedure. Plaintiffs also object to this Interrogatory to the extent it seeks information protected by a confidentiality agreement with a third party. Plaintiffs further object to this Interrogatory to the extent that it seeks information beyond that permitted by Local Rule 33.3. Plaintiffs further object to this interrogatory as unduly burdensome because it seeks information outside of Plaintiffs' possession, custody, or control. Plaintiffs further object to this Interrogatory as unduly burdensome because it seeks information equally as accessible to Defendants as it is to Plaintiffs.

Subject to and without waiving the foregoing objections, Plaintiffs are willing to meet and confer to discuss the scope and relevance of this Interrogatory.

Dated: June 13, 2024

*/s/ Rachel Geman*
Rachel Geman
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Tel.: 212-355-9500
rgeman@lchb.com

Reilly T. Stoler (*pro hac vice*)
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel.: 415-956-1000
rstoler@lchb.com

Wesley Dozier (*pro hac vice*)
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
222 2nd Avenue, Suite 1640
Nashville, TN 37201
Tel.: 615-313-9000
wdozier@lchb.com

*/s/ Rohit Nath*
Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel.: 713-651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel.: 310-789-3100
rnath@susmangodfrey.com

Charlotte Lepic
J. Craig Smyser
SUSMAN GODFREY L.L.P.
One Manhattan
New York, New York 10001

Tel.: 212-336-8330
clepic@susmangodfrey.com
csmyser@susmangodfrey.com

*/s/ Scott J. Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS
& SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel.: 212-974-7474
ssholder@cdas.com
ccole@cdas@com

***Attorney for Plaintiffs and the Proposed Fiction and Nonfiction Author Classes***

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2024, and pursuant to the Parties' email service agreement in this regard, a copy of the foregoing was served via electronic mail on counsel for Defendants via the following list-serves:

OpenAICopyright@mofo.com

openaicopyrightlitigation.lwteam@lw.com

kvpoai@keker.com

**Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI Opco LLC, OpenAI Global LLC, OAI Corporation, LLC, And OpenAI Holdings, LLC**

NYClassActions_Microsoft_OHS@orrick.com

MicrosoftNYClassActionFDBR@faegredrinker.com

**Attorneys for Defendant
Microsoft Corporation**

    /s/ Rohit Nath
        Rohit Nath