# EXHIBIT B

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, *et al.*, individually and on behalf of other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPENAI, INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION<br><br>Defendants. | Case No. 1:23-cv-08292-SHS |
| JONATHAN ALTER*, et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPENAI, INC., OPENAI GP LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, and MICROSOFT CORPORATION<br><br>Defendants. | Case No. 1:23-cv-10211-SHS |

## FICTION PLAINTIFFS' RESPONSE TO DEFENDANT OPENAI OPCO, LLC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

## <u>INTRODUCTION</u>

Plaintiffs David Baldacci, Sylvia Day, Mary Bly, Michael Connelly, Jonathan Franzen, John Grisham, Elin Hilderbrand, Christina Baker Kline, Maya Shanbhag Lang, Victor Lavalle, George R. R. Martin, Jodi Picoult, Douglas Preston, Roxana Robinson, George Saunders, Scott Turow, and Rachel Vail ("Plaintiffs") hereby provide their Responses to Defendant OpenAI

OpCo's Second Set of Requests for Production of Documents, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

All responses to the following Requests are based on information currently known to Plaintiffs and are provided without prejudice to Plaintiffs' right to supplement these responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure should additional information become available. Plaintiffs anticipate that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.

These responses are made in a good faith effort to supply such information as is presently known to Plaintiffs. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiffs' rights to rely on other facts or documents at trial. These responses are not an admission of any fact set forth or assumed by a Request. The inadvertent disclosure of any privileged information shall not be deemed a waiver of any applicable privilege with respect to such information or any other information.

## GENERAL OBJECTIONS

Plaintiffs make the following General Objections to the Requests, including the Definitions and Guidelines sections. Plaintiffs' General Objections are incorporated into their responses to each specific Request made by Defendant.

1.      Plaintiffs object to the Requests to the extent they seek the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities.

- 2 -

2.　　Plaintiffs object to the Requests to the extent that they seek information in which parties and/or non-parties have a legitimate expectation or right of privacy pursuant to statute or case law.

3.　　Plaintiffs object to the Requests to the extent they seek to impose obligations on Plaintiffs different from or beyond those required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiffs will respond to the Requests pursuant to the requirements of Rule 26.

4.　　Plaintiffs object to Defendant's definition of the term "Asserted Work" (Definition no. 15) as overbroad. Plaintiffs will construe this term to mean "Fiction and Nonfiction Class Works" only.

5.　　Plaintiffs object to "all Documents and Communications" as overbroad.

6.　　Plaintiffs object to all Requests that do not specify a time limitation as unduly burdensome.

In addition to the General Objections set forth above, Plaintiffs will also state specific objections to Requests where appropriate, including objections that are not generally applicable to all Requests. By setting forth such specific objections, Plaintiffs do not intend to limit or restrict the General Objections set forth above. To the extent that Plaintiffs respond to Requests to which they object, such objections are not waived.

## **RESPONSE TO REQUESTS FOR PRODUCTION**

### **REQUEST FOR PRODUCTION NO. 18:**

All Documents referenced or cited in preparing Your responses to any of OpenAI's Interrogatories and Requests for Admissions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities such as (but not limited to) the common interest privilege. Plaintiffs further object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. In addition, there are no Requests for Admissions served on Plaintiffs, and the Interrogatory served to date is objectionable.

Subject to and without waiving these objections, Plaintiffs will produce all documents that are expressly referenced or cited in Plaintiffs' response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications relating to reviews of Your Asserted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs further object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refer to General Objection No. 4. Plaintiffs further object to this Request as unduly burdensome insofar as it has no time limitation. Plaintiffs also object to the term "review" as used in this Request as vague and ambiguous. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Request as unduly burdensome to the extent it seeks information likely to be in the possession, custody, and control of third parties, which Defendant may subpoena.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications regarding any requests by You to any third party requesting permission to quote, reference, or otherwise use written works not owned by You in Your Published Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs further object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refer to General Objection No. 4. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiffs further object to this Request as unduly burdensome insofar as it has no time limitation.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications regarding licenses You have acquired in which You have obtained permission to quote, reference, or otherwise use written works not owned by You in Your Published Works.

- 5 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs also object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refer to General Objection No. 4. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request as unduly burdensome insofar as it has no time limitation. Plaintiffs also object to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications relating to any allegations that any of Your Asserted Works infringe any third-party rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs also object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refer to General Objection No. 4. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request to the extent that it

2983573.2

seeks information protected by a confidentiality agreement with a third party. Plaintiffs further object to this Request as unduly burdensome insofar as it has no time limitation.

Subject to and without waiving these objections, Plaintiffs will produce any cease and desist letters or lawsuits filed against Plaintiffs for their alleged infringement of any third-party rights with their Class Works in their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications relating to Your procedures and efforts to detect or prevent plagiarism in Your Published Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs also object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refer to General Objection No. 4. Plaintiffs further object to this Request to the extent it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to the term "procedures and efforts" as used in this Request as vague and ambiguous. Plaintiffs further object to this Request as unduly burdensome insofar as it has no time limitation.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications relating to any complaints regarding alleged plagiarism in Your Published Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs also object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refer to General Objection No. 4. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to the term "complaints" as used in this Request as vague and ambiguous. Plaintiffs further object to this Request as unduly burdensome insofar as it has no time limitation.

Subject to and without waiving these objections, Plaintiffs will produce any cease and desist letters or lawsuits filed against Plaintiffs for their alleged infringement of any third-party rights with their Class Works in their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show each and every written work that informed the preparation of each of Your Asserted Works, regardless of its length, format, or medium.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiffs object to "each and every written work" as overbroad. Plaintiffs further object to this Request to the extent that it seek information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refer to General Objection No. 4. Plaintiffs further object to this Request as unduly burdensome insofar as it has no time limitation. Plaintiffs also object to the terms "preparation" and "informed" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications regarding the primary and secondary sources used in preparation of Your Asserted Works, including without limitation notes, outlines, reference lists, and preliminary bibliographies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refer to General Objection No. 4. Plaintiffs further object to this Request as unduly burdensome insofar as it has no time limitation. Plaintiffs also object to the term "preparation" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications relating to any disputes as to the ownership of Your Asserted Works, including but not limited to DMCA Takedown Notices or other copyright infringement removal requests received by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refer to General Objection No. 4. This Request is also duplicative of Request Nos. 7 and 24. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs further object to this Request as unduly burdensome insofar as it has no time limitation.

Subject to and without waiving these objections, Plaintiffs first acknowledge that they have already agreed to produce documents responsive to this Request in their Response to Defendant's First Set of Requests for Production and refer Defendant to those responses. Notwithstanding, Plaintiffs are willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications relating to Your correspondence with the United States Copyright Office regarding Your Asserted Works, including deposit copies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refer to General Objection No. 4. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. This Request is also duplicative of Request No. 2.

Subject to and without waiving these objections, Plaintiffs first acknowledge that they have already agreed to produce documents responsive to this Request in their Response to Defendant's First Set of Requests for Production and refer Defendant to those responses. Notwithstanding, Plaintiffs are willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications relating to any outputs of GPT Services that allegedly summarize, quote, or otherwise reference Your Asserted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs also object to this Request as overbroad and irrelevant to the extent it seeks documents and

- 11 -

communications about works that are not Class Works and refer to General Objection No. 4. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiffs. This Request is also duplicative of Request Nos. 3 and 12. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial.

Subject to and without waiving these objections, Plaintiffs first acknowledge that they have already agreed to produce documents responsive to this Request in their Response to Defendant's First Set of Requests for Production and refer Defendant to those responses. Notwithstanding, Plaintiffs are willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications relating to any methods You have used for producing outputs from GPT Services to support Your claims in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other

applicable privileges or immunities. Plaintiffs also object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiffs. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs also object to the term "methods" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show each of the OpenAI accounts You have created or used, including without limitation Documents sufficient to show the full name associated with the account(s), the username(s) for the account(s), email address(es) associated with the account(s), the organization ID and name associated with the account(s), and date of registration or activation for the account(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiffs object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody or

- 13 -

control or are more readily available to Defendant than to Plaintiffs. Plaintiffs further object to

this Request insofar as it seeks information related to consultants and non-testifying experts hired

to assist counsel in its preparation of this case for trial. Plaintiffs further object to this Request to

the extent that it violates their privacy rights.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer

to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show each of the OpenAI accounts created or used by any

Person who participated in or was aware of Your use of GPT Services to generate any of the

outputs cited in or referred to in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiffs object to this Request to the extent that it seeks information not relevant to the

claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also

object to this Request to the extent it seeks information that is or may be the subject to expert

discovery. Plaintiffs also object to the phrase "any Person who participated in or was aware of

Your use of GPT Services" as used in this Request as vague and ambiguous. Plaintiffs further

object to this Request to the extent it seeks disclosure of information that is protected from

disclosure by attorney-client privilege, the attorney work-product doctrine, or any other

applicable privileges or immunities. This Request is also duplicative of Request. No. 9.

Subject to and without waiving these objections, Plaintiffs first acknowledge that they

have already agreed to produce documents responsive to this Request in their Response to

Defendant's First Set of Requests for Production and refer Defendant to those responses.

Notwithstanding, Plaintiffs are willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

Documents sufficient to show each of the prompts You have entered into GPT Services, including without limitation Documents sufficient to show any system prompts used, the parameters used in connection with each prompt (including, but not limited to, temperature, model, maximum length, stop sequences, top p, frequency penalty, presence penalty), the date and time on which that prompt was entered, the user account used, and each resulting output.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiffs object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiffs. Plaintiffs further object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. This Request is also duplicative of Request No. 8.

Subject to and without waiving these objections, Plaintiffs first acknowledge that they have already agreed to produce documents responsive to this Request in their Response to Defendant's First Set of Requests for Production and refer Defendant to those responses.

Notwithstanding, Plaintiffs are willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to show the process for obtaining each GPT Services output cited or referred to in the Complaint, including without limitation the full chat log, the prompts used, any system prompts used, the parameters used in connection with each prompt (including, but not limited to, temperature, model, maximum length, stop sequences, top p, frequency penalty, and presence penalty), each and every output generated by GPT Services as a result of each prompt and parameter combination, the time and date of those queries, and the user account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Plaintiffs object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiffs. Plaintiffs also object to this Request to the extent that it seeks information that is or may be the subject to expert discovery. This Request is also duplicative of Request No. 8. Plaintiffs also object to the term "process" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications relating to any injury or harm You claim to have suffered as a result of the conduct alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities such as (but not limited to) the common interest privilege or the spousal privilege. Plaintiffs further object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs also object to the extent that this Request seeks information in Defendant's possession, custody, or control, such as materials relevant to willfulness. Plaintiffs further object to the extent this Request is premature since Plaintiffs have not yet elected damages. Plaintiffs further object to this Request as duplicative of earlier Requests, including Request Nos. 8 and 11.

Subject to and without waiving these objections, Plaintiffs first acknowledge that they have already agreed to produce documents responsive to this Request in their Response to Defendant's First Set of Requests for Production and refer Defendant to those responses. Notwithstanding, Plaintiffs are willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to show the total revenue You receive in connection with Your Asserted Works broken down by source, including without limitation revenue from sales of

physical books, audiobooks, and eBooks, and revenues from licensing arrangements, for each month since the work's publication (or the commencement of the licensing agreement) to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiffs object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiffs also object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refer to General Objection No. 4. Plaintiffs further object to the term "revenue" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications relating to attempts to license Your Asserted Works for reproduction, preparation of derivative works, distribution, display, or performance by businesses (including, but not limited to, artificial intelligence companies, academic institutions, non-profit organizations, or other legal entities), including without limitation enterprise licenses, archive licenses, Generative AI licenses, and licenses for text and data mining.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other

- 18 -

applicable privileges or immunities. Plaintiffs object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiffs also object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refer to General Objection No. 4. This Request is duplicative of Request No. 10.

Subject to and without waiving these objections, Plaintiffs first acknowledge that they have already agreed to produce documents responsive to this Request in their Response to Defendant's First Set of Requests for Production and refer Defendant to those responses. Notwithstanding, Plaintiffs are willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications relating to Your efforts to make any of Your Published Works publicly available either in print or on the internet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiffs also object to this Request

- 19 -

as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refer to General Objection No. 4. Plaintiffs further object to this Request as unduly burdensome insofar as it has no time limitation. Plaintiffs also object to the terms "efforts" and "publicly available" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs first acknowledge that they have already agreed to produce documents responsive to this Request in their Response to Defendant's First Set of Requests for Production and refer Defendant to those responses. Notwithstanding, Plaintiffs are willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to show any agreements You have with any publishers relating to actual or beneficial ownership of any rights in Your Published Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiffs also object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refer to General Objection No. 4.

Subject to and without waiving these objections, Plaintiffs will search for and produce publishing agreements relating to Class Works that are in their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications between You and the Association of American Publishers ("AAP") relating to training data for Generative AI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party.

Subject to and without waiving these objections, Plaintiffs are unaware of any documents and/or communications within their custody or control that are responsive to this Request.

Dated:  April 22, 2024          Respectfully submitted,

*/s/ Rachel Geman*
Rachel Geman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
rgeman@lchb.com

Reilly T. Stoler (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor

2983573.2

San Francisco, CA  94111-3339
Telephone:  415.956.1000
rstoler@lchb.com

Wesley Dozier (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue, Suite 1640
Nashville, TN  37201
Telephone:  615.313.9000
wdozier@lchb.com

/s/ Justin Nelson
Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX  77002
Telephone: 713.651.9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
Telephone: 310.789.3100
rnath@susmangodfrey.com

J. Craig Smyser
SUSMAN GODFREY L.L.P.
1901 Avenue of the Americas, 32nd Floor
New York, New York  10019
Telephone: 212.336.8330
csmyser@susmangodfrey.com

*/s/ Scott Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York  10010
Telephone:  212.974.7474
ssholder@cdas.com
ccole@cdas.com

*Attorneys for Plaintiffs and the Proposed Classes*

## <u>PROOF OF SERVICE VIA ELECTRONIC MAIL</u>

On April 22, 2024, per the parties' agreements, I directed the following document to be

served via electronic mail:

**FICTION PLAINTIFFS' RESPONSE TO DEFENDANT OPENAI OPCO, LLC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

upon: openaicopyrightlitigation.lwteam@lw.com, and OpenAICopyright@mofo.com.

*/s/ Wesley J. Dozier*
Wesley Dozier
