# EXHIBIT C

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, *et al.*, individually and on behalf of other similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>OPENAI, INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION<br><br>    Defendants. | Case No. 1:23-cv-08292-SHS |
| JONATHAN ALTER*, et al.*, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>OPENAI, INC., OPENAI GP LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, and MICROSOFT CORPORATION<br><br>    Defendants. | Case No. 1:23-cv-10211-SHS |

**PLAINTIFF THE AUTHOR GUILD'S RESPONSE TO DEFENDANT OPENAI OPCO, LLC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

## INTRODUCTION

Plaintiff the Authors Guild ("Plaintiff") hereby provides its Responses to Defendant OpenAI OpCo's Second Set of Requests for Production of Documents, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

All responses to the following Requests are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to supplement these responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure should additional information become available. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.

These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's rights to rely on other facts or documents at trial. These responses are not an admission of any fact set forth or assumed by a Request. The inadvertent disclosure of any privileged information shall not be deemed a waiver of any applicable privilege with respect to such information or any other information.

## GENERAL OBJECTIONS

Plaintiff makes the following General Objections to the Requests, including the Definitions and Guidelines sections. Plaintiff's General Objections are incorporated into their responses to each specific Request made by Defendant.

1.      Plaintiff objects to the Requests to the extent they seek the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities.

2.      Plaintiff objects to the Requests to the extent that they seek information in which parties and/or non-parties have a legitimate expectation or right of privacy pursuant to statute or case law.

- 2 -

3.    Plaintiff objects to the Requests to the extent they seek to impose obligations on Plaintiff different from or beyond those required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiff will respond to the Requests pursuant to the requirements of Rule 26.

4.    Plaintiff objects to Defendant's definition of the term "Asserted Work" (Definition no. 15) as overbroad. Plaintiff will construe this term to mean "Fiction and Nonfiction Class Works" only.

5.    Plaintiff objects that the Requests were propounded on the Authors Guild without limitation, when the Authors Guild is not an organizational plaintiff. Instead, the Authors Guild is the owner of the registered copyrights in Mignon Eberhart's works. In this sense each request is overbroad. Plaintiff construes these requests as directed to the Authors Guild in its capacity as a literary estate. To the extent the Authors Guild agrees to produce documents other than those related to Ms. Eberhart's works, it produces those documents in its capacity as an interested third-party and for efficiency to avoid subpoena.

6.    Plaintiff objects to "all Documents and Communications" as overbroad.

7.    Plaintiff objects to all Requests that do not specify a time limitation as unduly burdensome.

In addition to the General Objections set forth above, Plaintiff will also state specific objections to Requests where appropriate, including objections that are not generally applicable to all Requests. By setting forth such specific objections, Plaintiff does not intend to limit or restrict the General Objections set forth above. To the extent that Plaintiff responds to Requests to which it objects, such objections are not waived.

## RESPONSE TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 18:

All Documents referenced or cited in preparing Your responses to any of OpenAI's Interrogatories and Requests for Admissions.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff further objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request Plaintiff objects to "[a]ll Documents and Communications" as overbroad. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities such as (but not limited to) the common interest privilege. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. In addition, there are no Requests for Admissions served on Plaintiff, and the Interrogatory served to date is objectionable.

Subject to and without waiving these objections, Plaintiff will produce all documents that are expressly referenced or cited in Plaintiff's response to Interrogatory No. 1.

### REQUEST FOR PRODUCTION NO. 19:

All Documents and Communications relating to reviews of Your Asserted Works.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff also objects to "[a]ll Documents and Communications" as overbroad. Plaintiff further objects to this Request as

overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request as unduly burdensome insofar as it has no time limitation. Plaintiff also objects to the term "review" as used in this Request as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request as unduly burdensome to the extent it seeks information likely to be in the possession, custody, and control of third parties, which Defendant may subpoena.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope and relevance of this Request.

## REQUEST FOR PRODUCTION NO. 20:

All Documents and Communications regarding any requests by You to any third party requesting permission to quote, reference, or otherwise use written works not owned by You in Your Published Works.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff also objects to "[a]ll Documents and Communications" as overbroad. Plaintiff further objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request to the extent

that it seeks information protected by a confidentiality agreement with a third party. Plaintiff further objects to this Request as unduly burdensome insofar as it has no time limitation.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications regarding licenses You have acquired in which You have obtained permission to quote, reference, or otherwise use written works not owned by You in Your Published Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to "[a]ll Documents and Communications" as overbroad. Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request as unduly burdensome insofar as it has no time limitation. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications relating to any allegations that any of Your Asserted Works infringe any third-party rights.

- 6 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to "[a]ll Documents and Communications" as overbroad. Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiff further objects to this Request as unduly burdensome insofar as it has no time limitation.

Subject to and without waiving these objections, Plaintiff will search for and produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications relating to Your procedures and efforts to detect or prevent plagiarism in Your Published Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to "[a]ll Documents and Communications" as overbroad. Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that

2968629.2

are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this

Request to the extent it seeks information not relevant to the claims and defenses in this case

and/or not proportional to the needs of the case. Plaintiff further objects to this Request to the

extent it seeks disclosure of information that is protected from disclosure by attorney-client

privilege, the attorney work-product doctrine, or any other applicable privileges or immunities.

Plaintiff also objects to the term "procedures and efforts" as used in this Request as vague and

ambiguous. Plaintiff further objects to this Request as unduly burdensome insofar as it has no

time limitation.

Subject to and without waiving these objections, Plaintiff will produce any cease and

desist letters or lawsuits filed against Plaintiff for its alleged infringement of any third-party

rights with its Class Works in its custody or control that could be located after a reasonable

search.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications relating to any complaints regarding alleged

plagiarism in Your Published Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild

as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to

"[a]ll Documents and Communications" as overbroad. Plaintiff also objects to this Request as

overbroad and irrelevant to the extent it seeks documents and communications about works that

are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this

Request to the extent that it seeks information not relevant to the claims and defenses in this case

and/or not proportional to the needs of the case. Plaintiff further objects to this Request to the

extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to the term "complaints" as used in this Request as vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome insofar as it has no time limitation.

Subject to and without waiving these objections, Plaintiffs will produce any cease and desist letters or lawsuits filed against Plaintiffs for their alleged infringement of any third-party rights with their Class Works in their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show each and every written work that informed the preparation of each of Your Asserted Works, regardless of its length, format, or medium.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to "each and every written work" as overbroad. Plaintiff further objects to this Request to the extent that it seek information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request as unduly burdensome insofar as it has no time limitation. Plaintiff also objects to the terms "preparation" and "informed" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope and relevance of this Request.

2968629.2

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications regarding the primary and secondary sources used in preparation of Your Asserted Works, including without limitation notes, outlines, reference lists, and preliminary bibliographies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to "[a]ll Documents and Communications" as overbroad. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request as unduly burdensome insofar as it has no time limitation. Plaintiff also objects to the term "preparation" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications relating to any disputes as to the ownership of Your Asserted Works, including but not limited to DMCA Takedown Notices or other copyright infringement removal requests received by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to

"[a]ll Documents and Communications" as overbroad. Plaintiff further objects to this Request to

the extent that it seeks information not relevant to the claims and defenses in this case and/or not

proportional to the needs of the case. Plaintiff also objects to this Request as overbroad and

irrelevant to the extent it seeks documents and communications about works that are not Class

Works and refers to General Objection No. 4. This Request is also duplicative of Request Nos. 7

and 24. Plaintiff further objects to this Request to the extent it seeks disclosure of information

that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine,

or any other applicable privileges or immunities. Plaintiff further objects to this Request as

unduly burdensome insofar as it has no time limitation.

Subject to and without waiving these objections, Plaintiff first acknowledges that it has

already agreed to produce documents responsive to this Request in its Response to Defendant's

First Set of Requests for Production and refers Defendant to those responses. Notwithstanding,

Plaintiff is willing to meet and confer to discuss any non-duplicative documents that may be

responsive to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications relating to Your correspondence with the United

States Copyright Office regarding Your Asserted Works, including deposit copies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild

as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to

"[a]ll Documents and Communications" as overbroad. Plaintiff further objects to this Request to

the extent that it seeks information not relevant to the claims and defenses in this case and/or not

proportional to the needs of the case. Plaintiff also objects to this Request as overbroad and

irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. This Request is also duplicative of Request No. 2.

Subject to and without waiving these objections, Plaintiff first acknowledges that it has already agreed to produce documents responsive to this Request in its Response to Defendant's First Set of Requests for Production and refers Defendant to those responses. Notwithstanding, Plaintiff is willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

## REQUEST FOR PRODUCTION NO. 29:

All Documents and Communications relating to any outputs of GPT Services that allegedly summarize, quote, or otherwise reference Your Asserted Works.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to "[a]ll Documents and Communications" as overbroad. Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more

readily available to Defendant than to Plaintiff. This Request is also duplicative of Request Nos. 3 and 12. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial.

Subject to and without waiving these objections, Plaintiff first acknowledges that it has already agreed to produce documents responsive to this Request in its Response to Defendant's First Set of Requests for Production and refer Defendant to those responses. Notwithstanding, Plaintiff is willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications relating to any methods You have used for producing outputs from GPT Services to support Your claims in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to "[a]ll Documents and Communications" as overbroad. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiff. Plaintiff further objects to this Request to the extent it seeks information not relevant to the claims and defenses in this case and/or not proportional to

the needs of the case. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to the term "methods" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show each of the OpenAI accounts You have created or used, including without limitation Documents sufficient to show the full name associated with the account(s), the username(s) for the account(s), email address(es) associated with the account(s), the organization ID and name associated with the account(s), and date of registration or activation for the account(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody or control or are more readily available to Defendant than to Plaintiff. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its

- 14 -

preparation of this case for trial. Plaintiff further objects to this Request to the extent that it violates its privacy rights.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope and relevance of this Request.

## REQUEST FOR PRODUCTION NO. 32:

Documents sufficient to show each of the OpenAI accounts created or used by any Person who participated in or was aware of Your use of GPT Services to generate any of the outputs cited in or referred to in the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request to the extent it seeks information that is or may be the subject to expert discovery. Plaintiff also objects to the phrase "any Person who participated in or was aware of Your use of GPT Services" as used in this Request as vague and ambiguous. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. This Request is also duplicative of Request. No. 9.

Subject to and without waiving these objections, Plaintiff first acknowledges that it has already agreed to produce documents responsive to this Request in its Response to Defendant's First Set of Requests for Production and refers Defendant to those responses. Notwithstanding,

Plaintiff is willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

## REQUEST FOR PRODUCTION NO. 33:

Documents sufficient to show each of the prompts You have entered into GPT Services, including without limitation Documents sufficient to show any system prompts used, the parameters used in connection with each prompt (including, but not limited to, temperature, model, maximum length, stop sequences, top p, frequency penalty, presence penalty), the date and time on which that prompt was entered, the user account used, and each resulting output.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiff. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. This Request is also duplicative of Request No. 8.

Subject to and without waiving these objections, Plaintiff first acknowledges that it has already agreed to produce documents responsive to this Request in its Response to Defendant's First Set of Requests for Production and refers Defendant to those responses. Notwithstanding,

Plaintiff is willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to show the process for obtaining each GPT Services output cited or referred to in the Complaint, including without limitation the full chat log, the prompts used, any system prompts used, the parameters used in connection with each prompt (including, but not limited to, temperature, model, maximum length, stop sequences, top p, frequency penalty, and presence penalty), each and every output generated by GPT Services as a result of each prompt and parameter combination, the time and date of those queries, and the user account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiff. Plaintiff also objects to this Request to the extent that it seeks information that is or may be the subject to expert discovery. This Request is also duplicative of Request No. 8. Plaintiff also objects to the term "process" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications relating to any injury or harm You claim to have suffered as a result of the conduct alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to "[a]ll Documents and Communications" as overbroad. Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities such as (but not limited to) the common interest privilege or the spousal privilege. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to the extent that this Request seeks information in Defendant's possession, custody, or control, such as materials relevant to willfulness. Plaintiff further objects to the extent this Request is premature since Plaintiff has not yet elected damages. Plaintiff further objects to this Request as duplicative of earlier Requests, including Request Nos. 8 and 11.

Subject to and without waiving these objections, Plaintiff first acknowledges that it has already agreed to produce documents responsive to this Request in its Response to Defendant's First Set of Requests for Production and refers Defendant to those responses. Notwithstanding, Plaintiff is willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to show the total revenue You receive in connection with Your Asserted Works broken down by source, including without limitation revenue from sales of physical books, audiobooks, and eBooks, and revenues from licensing arrangements, for each month since the work's publication (or the commencement of the licensing agreement) to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to the term "revenue" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications relating to attempts to license Your Asserted Works for reproduction, preparation of derivative works, distribution, display, or performance by businesses (including, but not limited to, artificial intelligence companies, academic institutions, non-profit organizations, or other legal entities), including without limitation enterprise licenses, archive licenses, Generative AI licenses, and licenses for text and data mining.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to "[a]ll Documents and Communications" as overbroad. Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. This Request is duplicative of Request No. 10.

Subject to and without waiving these objections, Plaintiff first acknowledges that it has already agreed to produce documents responsive to this Request in its Response to Defendant's First Set of Requests for Production and refers Defendant to those responses. Notwithstanding, Plaintiff is willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications relating to Your efforts to make any of Your Published Works publicly available either in print or on the internet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to

- 20 -

"[a]ll Documents and Communications" as overbroad. Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request as unduly burdensome insofar as it has no time limitation. Plaintiff also objects to the terms "efforts" and "publicly available" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiff first acknowledges that it has already agreed to produce documents responsive to this Request in its Response to Defendant's First Set of Requests for Production and refers Defendant to those responses. Notwithstanding, Plaintiff is willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to show any agreements You have with any publishers relating to actual or beneficial ownership of any rights in Your Published Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by

attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refer to General Objection No. 4.

Subject to and without waiving these objections, Plaintiff will search for and produce publishing agreements relating to Class Works that are in their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications between You and the Association of American Publishers ("AAP") relating to training data for Generative AI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to "[a]ll Documents and Communications" as overbroad. Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party.

- 22 -

2968629.2

Subject to and without waiving these objections, Plaintiff is unaware of any agreements with the AAP relating to training data for Generative AI.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications relating to any articles (including any notes, drafts, and final versions of articles) published in *The Authors Guild Bulletin* relating to Generative AI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to "[a]ll Documents and Communications" as overbroad. Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request to the extent it seeks notes and drafts that precede the final version of articles.

Subject to and without waiving these objections, Plaintiff agrees to produce final versions of articles published in *The Authors Guild Bulletin* relating to Generative AI.

Dated:  April 22, 2024          Respectfully submitted,

                               */s/ Rachel Geman*
                               Rachel Geman
                               LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                               250 Hudson Street, 8th Floor
                               New York, NY  10013-1413
                               Telephone:  212.355.9500
                               rgeman@lchb.com

                               Reilly T. Stoler (*pro hac vice* forthcoming)
                               LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                               275 Battery Street, 29th Floor

2968629.2

San Francisco, CA  94111-3339
Telephone:  415.956.1000
rstoler@lchb.com

Wesley Dozier (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue, Suite 1640
Nashville, TN  37201
Telephone:  615.313.9000
wdozier@lchb.com

/s/ Justin Nelson
Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX  77002
Telephone: 713.651.9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (pro hac vice)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
Telephone: 310.789.3100
rnath@susmangodfrey.com

J. Craig Smyser
SUSMAN GODFREY L.L.P.
1901 Avenue of the Americas, 32nd Floor
New York, New York  10019
Telephone: 212.336.8330
csmyser@susmangodfrey.com

*/s/ Scott Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York  10010
Telephone:  212.974.7474
ssholder@cdas.com
ccole@cdas.com

*Attorneys for Plaintiffs and the Proposed Class*

## <u>PROOF OF SERVICE VIA ELECTRONIC MAIL</u>

On April 22, 2024, per the parties' agreements, I directed the following document to be

served via electronic mail:

**PLAINTIFF AUTHOR GUILD'S RESPONSE TO DEFENDANT OPENAI OPCO, LLC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

upon: openaicopyrightlitigation.lwteam@lw.com, and OpenAICopyright@mofo.com

<u>*/s/ Wesley J. Dozier*</u>
Wesley Dozier