# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPENAI INC., OPENAI LP, OPENAI LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, and OPENAI STARTUP FUND MANAGEMENT LLC,<br><br>Defendants. | No. 1:23-cv-08292-SHS |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LCC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,<br><br>Defendants. | No. 1:23-cv-10211-SHS |

**DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS'**
**INTERROGATORY NOS. 13, AND 14**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants OpenAI Inc., OpenAI LLC, OpenAI GP LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation LLC, OpenAI Holdings LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund GP I LLC, and OpenAI Startup Fund Management LLC, (collectively, "OpenAI") hereby object and respond to Plaintiffs' Interrogatory Nos. 13 and 14. To the extent that OpenAI agrees to respond to these Interrogatories, each entity is agreeing to respond only on its own behalf, to the extent any information is in the possession, custody or control of that entity. Furthermore, an agreement by OpenAI to respond does not mean that each entity has information in its possession, custody, or control.

**PRELIMINARY STATEMENT**

The following responses and objections are based upon the facts, documents, and information presently known and available to OpenAI. Discovery, investigation, research, and analysis are ongoing. These processes may disclose the existence of additional facts or documents, add meaning to known facts or documents, or lead to additions, variations or changes to these responses and objections.

Without obligating itself to do so, except to the extent required by the Federal Rules of Civil Procedure, OpenAI reserves the right to change or supplement these responses as additional facts or documents are discovered, revealed, recalled, or otherwise ascertained, and as further analysis, research, investigation, and discovery disclose additional facts, documents, contentions, or legal theories that may apply. OpenAI specifically reserves the right to utilize subsequently discovered facts, documents or other evidence at trial. Given the ongoing investigation, OpenAI reserves the right to serve timely verifications to the responses at a later

date. The general and specific responses and objections set forth below are intended to apply to all information provided pursuant to the Interrogatories. Furthermore, these responses do not in any way waive any objections by OpenAI in this or in any subsequent proceeding, on any grounds, including objections as to the competency, relevancy, materiality, privilege or admissibility of these responses, or the subject matter thereof.

## **GENERAL OBJECTIONS**

The following objections to Definitions ("General Objections") are continuing in nature and shall apply to each Interrogatory and each and every definition by Plaintiffs and are hereby incorporated into each response. OpenAI makes each individual response subject to, and without waiver of, the following General Objections:

1. Pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, OpenAI counts each discrete subpart as an interrogatory counting toward the total allotted to Plaintiffs.

2. OpenAI objects to the Interrogatories, including the Definitions and Instructions contained therein, to the extent that any Interrogatory:

    a. seeks the disclosure of information neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence;

    b. is overly broad, unduly burdensome, oppressive, and/or duplicative;

    c. is unrestricted in time;

    d. is vague and/or ambiguous;

    e. calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, the settlement privilege, and/or any other privilege or immunity from disclosure recognized by law;

    f. calls for the disclosure of information not within OpenAI, Inc.'s

possession, custody, or control;

      g.    calls for the disclosure of information that is publicly available or to which Plaintiffs have equal access; and/or

      h.    constitutes an interrogatory beyond the scope of discovery authorized by and/or seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure 26 and 33, the local rules of the Southern District of New York, and this Court.

    3.    In the event that OpenAI produces information or documents that are privileged, work product, protected under Federal Rule of Evidence 502, or otherwise immune from disclosure, it will have been produced through inadvertence and shall not constitute a waiver of any privilege or immunity applicable (a) to that or any other information or documents or (b) to communications concerning the subject matter of that or any other information or documents. Any such information should be treated in accordance with any protective order and ESI protocol entered in this action, when they are entered.

    4.    OpenAI objects to the Interrogatories to the extent that they purport, or may want to be construed, to call for the identification or production of "all" or "any" information, documents, or things pertaining to a specific subject, on the ground that such language is overly broad and unduly burdensome. To the extent that a search is required, OpenAI will perform a reasonable search of files in their possession, custody, or control where there is a reasonable likelihood that responsive documents and information may be located.

    5.    OpenAI objects to each Interrogatory to the extent that it seeks trade secrets or confidential or proprietary information of OpenAI. OpenAI will produce confidential documents and information as set forth herein, subject to the terms of a protective order to be entered in this matter and any other relevant agreements.

6. OpenAI objects to each Interrogatory to the extent it purports to require OpenAI to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. OpenAI will not disclose such information without either the consent of the relevant third party or an order by the Court compelling production.

7. OpenAI objects to the instruction that purports to define "Agreement(s)" as including "any writing or record of any type or description" and "any existing contract, contract renewal, letter of commitment, addendum, draft, revision, amendment, renewal, and settlements [*sic*], that effectuates or otherwise impacts a business relationship between" OpenAI and "another Person." This definition is overly broad, unduly burdensome, disproportionate to the needs of the case, and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. OpenAI interprets and defines "Agreement(s)" as executed contracts between OpenAI and "another Person." as defined by Plaintiffs.

8. OpenAI objects to the instruction that purports to define "LLMs" as having the same meaning as the term used in OpenAI's letter to the Register of Copyrights and Director of the U.S. Copyright Office dated October 30, 2023, "Re: Notice of Inquiry and Request for Comment [Docket No. 2023-06]." This definition is overly broad, unduly burdensome and disproportionate to the needs of this case, and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. OpenAI further objects to this definition as seeking information not relevant to any claim or defense in this litigation to the extent it seeks to include models that are not used for ChatGPT. OpenAI interprets and defines "LLMs" to include only the models used for ChatGPT.

9. OpenAI objects to the instruction that purports to define "Microsoft Individuals" as "all present and former directors, officers, employees, agents, attorneys,

consultants and representatives of" and "all Persons either acting or purporting to act on behalf of" Microsoft Corporation.  This definition is overly broad, unduly burdensome, disproportionate to the needs of this case, and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure.  OpenAI interprets and defines "Microsoft Individuals" as current directors, officers, employees, or agents of Microsoft Corporation that are known to OpenAI to be acting on behalf of Microsoft Corporation.

10. OpenAI objects to the instruction that purports to define "OpenAI Individuals" as "all present and former directors, officers, employees, agents, attorneys, consultants and representatives of" and "all Persons either acting or purporting to act on behalf of" OpenAI.  This definition is overly broad, unduly burdensome, disproportionate to the needs of this case, and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure.  OpenAI interprets and defines "OpenAI Individuals" as current directors, officers, employees, or agents of OpenAI solely in their capacity of acting on behalf of OpenAI.

11. OpenAI objects to the instruction that purports to define "You," "Your," and "OpenAI" as including "corporate parents, subsidiaries, affiliates, predecessor entities, successor, entities, divisions, departments, groups, acquired entities, related entities, or any other entity acting or purporting to act on" OpenAI's behalf.  This definition is overly broad, unduly burdensome and disproportionate to the needs of this case, and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure.  OpenAI interprets and defines "You," "Your," and "OpenAI" to refer only to OpenAI Inc., OpenAI LLC, OpenAI GP LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation LLC, OpenAI Holdings LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund GP I LLC, and OpenAI Startup Fund Management LLC.

12. Without waiving the foregoing General Objections but in express reliance thereon, OpenAI incorporates the foregoing objections into the responses below and responds to the individually numbered Interrogatories as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 13:**

Identify by title and author all audiobooks that You transcribed to text.

**RESPONSE TO INTERROGATORY NO. 13:**

OpenAI objects to this interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of this case in that it seeks information about "all audiobooks that [OpenAI] transcribed to text." OpenAI objects to this interrogatory as seeking information that is not relevant to any claim or defense in this litigation to the extent it seeks information regarding models not used to power ChatGPT and/or products and services other than ChatGPT, such as Whisper. OpenAI also objects to the term "audiobook" as vague and ambiguous.

Subject to the foregoing general and specific objections, OpenAI responds that pursuant to Federal Rule of Civil Procedure 33(d), it will produce for inspection the training data for GPT-3.5, GPT-3.5 Turbo, GPT-4, and GPT-4 Turbo that it locates after a reasonably diligent search.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

Subject to the foregoing general and specific objections, OpenAI will make available for inspection, pursuant to an agreed-upon training protocol to be negotiated between the parties, the text training data in its possession, custody, or control for the models used for ChatGPT, including transcripts of audiobooks, if any, to the extent they can be located after a reasonable and good-faith search. OpenAI further responds that for the text training data it will make available for inspection, datasets containing audio data that has been transcribed to text may have a designation of "asr" at the beginning of the name of the dataset.

**INTERROGATORY NO. 14:**

Identify all models identified in response to Interrogatory No. 10 which trained on any version of the Common Crawl dataset, and for all models identified, identify the version of the Common Crawl dataset (in whole or in part) it was trained on.

**RESPONSE TO INTERROGATORY NO. 14:**

OpenAI objects to this interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of this case in that it seeks information about "all models . . . which trained on any version of Common Crawl." OpenAI objects to this interrogatory as seeking information that is not relevant to any claim or defense in this litigation to the extent it seeks information regarding models not used to power ChatGPT. OpenAI further objects to this interrogatory as compound and counts each subpart as a separate interrogatory.

Subject to the foregoing general and specific objections, OpenAI responds that pursuant to Federal Rule of Civil Procedure 33(d), it will produce for inspection the training data for GPT-3.5, GPT-3.5 Turbo, GPT-4, and GPT-4 Turbo that it locates after a reasonably diligent search.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Subject to the foregoing general and specific objections, OpenAI responds that versions of GPT-3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, and GPT-4o were trained on Common Crawl data. OpenAI will make available for inspection, pursuant to an agreed-upon training protocol to be negotiated between the parties, the text training data in its possession, custody, or control for the models used for ChatGPT, including the versions of the Common Crawl datasets used, to the extent they can be located after a reasonable and good-faith search. OpenAI further responds that for the text training data it will make available for inspection, datasets containing Common Crawl data may have a designation of "cc" at the beginning of the name of the dataset.

Dated: August 23, 2024          MORRISON & FOERSTER LLP

By:    */s/ Vera Ranieri*

JOSEPH C. GRATZ
JGratz@mofo.com
TIFFANY CHEUNG
TCheung@mofo.com
VERA RANIERI
VRanieri@mofo.com
JOYCE C. LI
JoyceLi@mofo.com
MELODY E. WONG
MelodyWong@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ALLYSON R. BENNETT
ABennett@mofo.com
ROSE S. LEE
RoseLee@mofo.com
ALEXANDRA M. WARD
AlexandraWard@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

*Attorneys for Defendants*
OPENAI, INC., OPENAI, L.P., OPENAI LLC, OPENAI GP LLC, OPENAI OPCO, L.L.C., OPENAI GLOBAL LLC, OPENAI HOLDINGS, LLC, OPENAI STARTUP FUND I, L.P., OPENAI STARTUP FUND GP I LLC, AND OPENAI STARTUP FUND MANAGEMENT, LLC

LATHAM & WATKINS LLP

By:   */s/ Elana Nightingale Dawson*

ANDREW M. GASS
Andrew.Gass@lw.com
JOSEPH R. WETZEL
Joe.Wetzel@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

SARANG VIJAY DAMLE (*pro hac vice*)
Sy.Damle@lw.com
ELANA NIGHTINGALE DAWSON
Elana.NightingaleDawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200

ALLISON L. STILLMAN (*pro hac vice*)
Alli.Stillman@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 751-4864

*Attorneys for Defendants*
OPENAI, INC., OPENAI, L.P., OPENAI LLC, OPENAI GP LLC, OPENAI OPCO, L.L.C., OPENAI GLOBAL LLC, OPENAI HOLDINGS, LLC, OPENAI STARTUP FUND I, L.P., OPENAI STARTUP FUND GP I LLC, AND OPENAI STARTUP FUND MANAGEMENT, LLC

KEKER, VAN NEST & PETERS LLP

By: */s/ Christopher Sun*

ROBERT A. VAN NEST
rvannest@keker.com
R. JAMES SLAUGHTER
rslaughter@keker.com
PAVEN MALHOTRA
pmalhotra@keker.com
MICHELLE YBARRA
mybarra@keker.com
NICHOLAS S. GOLDBERG
ngoldberg@keker.com
THOMAS E. GORMAN
tgorman@keker.com
CHRISTOPHER SUN
csun@keker.com
KATIE LYNN JOYCE
kjoyce@keker.com
KEKER, VAN NEST & PETTERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 391-7188

*Attorneys for Defendants*
OPENAI, INC., OPENAI, L.P., OPENAI LLC, OPENAI GP LLC, OPENAI OPCO, L.L.C., OPENAI GLOBAL LLC, OPENAI HOLDINGS, LLC, OPENAI STARTUP FUND I, L.P., OPENAI STARTUP FUND GP I LLC, AND OPENAI STARTUP FUND MANAGEMENT, LLC

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on August 23, 2024, I served a copy of:

**DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' INTERROGATORY NOS. 13 AND 14**

 **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| | |
|---|---|
| Rachel Geman<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>250 Hudson Street, 8th Floor<br>New York, NY 10013-1413<br>Email: rgeman@lchb.com | Wesley Dozier<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>222 2nd Avenue, Suite 1640<br>Nashville, TN 37201<br>Email: wdozier@lchb.com |
| Reilly T. Stoler<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Phone: (415) 956-1000<br>Email: rstoler@lchb.com | Scott J. Sholder<br>CeCe M. Cole<br>COWAN DEBAETS ABRAHAMS & SHEPPARD LLP<br>41 Madison Avenue, 38th Floor<br>New York, NY 10010<br>Phone: (212) 974-7474<br>Email: ssholder@cdas.com<br>         ccole@cdas.com |
| Rohit Nath<br>SUSMAN GODFREY LLP<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Phone: (310) 798-3150 | J. Craig Smyser<br>SUSMAN GODFREY LLP<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Phone: (212) 336-8330 |
| Justin A. Nelson<br>Alejandra Salinas<br>SUSMAN GODFREY LLP<br>100 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>Phone: (713) 653-7802 | Charlotte Lepic<br>SUSMAN GODFREY LLP<br>One Manhattan West<br>50th Floor<br>New York, NY 10001 |
| Alter-AI-TT@simplelists.susmangodfrey.com ||
| *Attorneys for Fiction Author Class and Nonfiction Author Class* ||

| | |
|---|---|
| Annette L. Hurst<br>Daniel D. Justice | Christopher J. Cariello<br>Marc R. Shapiro |

| | |
|---|---|
| ORRICK, HERRINGTON & SUTCLIFF LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>Phone: (415) 773-5700 | ORRICK, HERRINGTON & SUTCLIFF LLP<br>51 West 2nd Street<br>New York, NY 10019<br>Phone: (415) 773-5700 |
| Laura Najemy<br>Sheryl Garko<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>222 Berkeley Street, Suite 2000<br>Boston, MA 02116 | Jared B. Briant<br>FAEGRE DRINKER BIDDLE & REATH<br>1144 15th Street, Suite 3400<br>Denver, CO 80202<br>Phone: (303) 607-3588 |
| Jeffrey S. Jacobson<br>FAEGRE DRINKER BIDDLE & REATH<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Phone: (212) 248-3191 | |
| nyclassactions_microsoft_ohs@orrick.com;<br>MicrosoftNYClassActionFDBR@faegredrinker.com<br>*Attorneys for Defendant Microsoft Corporation* ||

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, this 23rd day of August, 2024.

| Vincent M. Harrington | */s/ Vincent M. Harrington* |
|:---:|:---:|
| (typed) | (signature) |