Lieff Cabraser Heimann & Bernstein
Attorneys at Law

SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP

CDAS

November 6, 2024

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Authors Guild et al. v. OpenAI, Inc., et al.* (No. 1:23-cv-08292-SHS)
      *Alter et al. v. OpenAI Inc., et al.* (No.1:23-cv-10211-SHS)

Dear Judge Wang:

Per the Court's request during the October 30th status conference, on behalf of all parties in the above-referenced actions, we submit the below chart containing the disputes that are ripe for discussion at the upcoming December 3rd conference.

As the Court instructed, the parties will submit an updated version of this chart by November 22nd outlining any disputes that have ripened since this initial filing.

Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEINS LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| */s/ Rachel Geman*<br>Rachel Geman | */s/ Rohit Nath*<br>Rohit Nath | */s/ Scott J. Sholder*<br>Scott J. Sholder |

| Topic in Dispute[1] | Status | Dkt. Nos | Party Raising Dispute | Summary of Parties' Positions |
|---|---|---|---|---|
| **Dispute on Request for Early Custodial 30(b)(6) Depositions** | | | | |
| Plaintiffs' Request For Early 30(b)(6) Depositions of OpenAI and Microsoft Regarding Documents | A single, joint, 3-page letter was submitted on this issue. | Dkt. 253 (Joint letter)[2] | Plaintiffs | The Court ordered the parties to confer "regarding the dispute on custodial topics" and file a joint letter by November 1 apprising the Court on whether the dispute has been resolved. Dkt. 252 at 2. The dispute has not been resolved; the parties filed their joint letter at Dkt. 253, and their positions are as follows:<br><br>**Plaintiffs' position:** Plaintiffs seek two early custodial depositions – one for OpenAI and one for Microsoft. As the Court suggested, an early 30(b)(6) deposition on documents would "help focus document discovery" and resolve many of the parties' disputes. *See* 10/30/24 Tr. 8:2-20. OpenAI has agreed to a custodial deposition with conditions, while Microsoft refuses a custodial 30(b)(6) because "[p]laintiffs have raised no issue with the court relating to Microsoft's custodians, sufficiency of document collection, or |

---

[1] This chart contains only those issues that have been briefed as of November 6, 2024. The parties are diligently working to resolve the remaining issues, but the parties may need to brief the remaining issues to resolve them. By the November 22, 2024 deadline, the parties will update this chart to include any issues that are briefed by November 18, 2024.

[2] All docket numbers cited herein are from the *Authors Guild et. al. v. OpenAI, Inc. et. al.* case.

| Topic in Dispute[1] | Status | Dkt. Nos | Party Raising Dispute | Summary of Parties' Positions |
|---|---|---|---|---|
| | | | | document retention." Microsoft is mistaken – Plaintiffs have disputes with Microsoft (including disputes on custodians and the location of documents) that would be advanced by a custodial deposition. Defendants have Class Plaintiffs' topics, and there is nothing burdensome about a deposition 27 days from now. Because neither Defendant has proposed topics to Plaintiffs, OpenAI's tit-for-tat request that early custodial depositions be reciprocal is inappropriate. For these reasons and those discussed at Dkt. 253, the Court should order both OpenAI and Microsoft to sit for 7-hour custodial depositions by December 3. **OpenAI's position:** OpenAI is conferring with Plaintiffs regarding early custodial 30(b)(6) depositions, but Plaintiffs are seeking a deposition from OpenAI on overbroad, privileged, and improper topics, while refusing to provide any custodial 30(b)(6) themselves. The parties' early custodial 30(b)(6) depositions should be mutual, cabined to seven truly custodial topics per side, limited to three hours each, and take place in January 2025. Consistent with the Court's guidance at the October 30 hearing, OpenAI will serve "a cross 30(b)(6) for |

| Topic in Dispute[1] | Status | Dkt. Nos | Party Raising Dispute | Summary of Parties' Positions |
|---|---|---|---|---|
| | | | | plaintiffs" to address the numerous "early issues" with Plaintiffs' document searches and collection "that seem to be holding up some of the discovery." 10/30/24 Tr. at 8:13-15.<br><br>**Microsoft's position**: There is no basis for a custodial deposition of Microsoft. Plaintiffs have raised no issue with the court relating to Microsoft's custodians, sufficiency of document collection, or document retention, so there is no basis for discovery about discovery from Microsoft. To the extent Plaintiffs seek a deposition relating to output data, that is not a "custodial" deposition; it is a merits deposition. And Plaintiffs did not previously request it; they have no grounds for taking it on short notice before the next conference; and such an accelerated schedule would pose a substantial burden. Additionally, this issue was never fully briefed as Microsoft had ¾ of a page to address its position in the joint letter filed with the Court. Nor did Class Plaintiffs serve any notice, nor seek to meet and confer about any of their proposed deposition topics before the Status Conference. The Court should deny Plaintiffs' requested relief as to Microsoft. |
| **Dispute on OpenAI's Custodians** |||||

| Topic in Dispute[1] | Status | Dkt. Nos | Party Raising Dispute | Summary of Parties' Positions |
|---|---|---|---|---|
| Plaintiffs' Motion to Compel Documents From Additional OpenAI custodians | Plaintiffs and OpenAI have submitted letter briefs and this issue is subject to forthcoming deadlines. | Dkt. 193 (Plaintiffs' original letter brief) Dkt. 199 (OpenAI's response) Dkt. 230 (Plaintiffs' renewed letter brief) Dkt. 246 (OpenAI's response) | Class Plaintiffs | **Plaintiffs' position:** Plaintiffs seek to add eight OpenAI custodians. These custodians are high-ranking OpenAI officials with relevant knowledge about OpenAI's training data and OpenAI's fair use defense, among other topics. On October 31, 2024, the Court ordered Defendants to "provide hit counts for the Disputed Custodians by filing a status letter no later than November 13, 2024."[3] Dkt. 252 at 2.<br><br>**OpenAI's position:** OpenAI is in the process of compiling hit counts pursuant to the Court's order. Plaintiffs' request for additional custodians is premature given that they have yet to review the full productions from OpenAI's existing custodians. Plaintiffs also fail to establish that the custodians they request are likely to have relevant, non-duplicative information that would not be available from OpenAI's existing custodians. |
| **Dispute on OpenAI's' Production of Texts and X.com Messages** | | | | |

---

[3] At the October 30, 2024 status conference, the Court indicated that these hit counts should reflect "the amount of duplicative documents or the amount of documents for which no other current custodian is a custodian." 10/30/24 Tr. 17:20-18:6.

| Topic in Dispute[1] | Status | Dkt. Nos | Party Raising Dispute | Summary of Parties' Positions |
|---|---|---|---|---|
| Plaintiffs' Motion to Compel OpenAI To Produce Text Messages and X.com Messages | Plaintiffs and OpenAI have submitted letter briefs and this issue is subject to forthcoming deadlines. | Dkt. 230 (Plaintiffs' letter brief) Dkt. 243 (OpenAI's response) | Class Plaintiffs | **Plaintiffs' position:** Plaintiffs moved to compel OpenAI to produce its custodians' text messages and X.com messages. Plaintiffs also requested that OpenAI tell Plaintiffs which of its custodians used text messages and/or social media for work. At the October 30 status conference, the Court ordered OpenAI to "report to Plaintiffs the status of the search on text messages," including "what and whether [Defendants] are producing" by November 6. 10/30/24 Tr. 34:20-23. The Court also permitted Plaintiffs to serve subpoenas on the relevant custodians and interrogatories on both Defendants about the devices and applications their custodians use for work (*see* Tr. 44:22-46:8). Plaintiffs served these interrogatories on November 4.<br><br>The parties met and conferred on November 6 where (1) OpenAI confirmed that it would produce responsive text messages of Sam Altman and Greg Brockman and (2) OpenAI reiterated its refusal to produce responsive X.com direct messages or identify employees who use X.com direct messages for work.<br><br>**OpenAI's position:** Plaintiffs' motion seeks text messages residing on personal devices from Sam |

| Topic in Dispute[1] | Status | Dkt. Nos | Party Raising Dispute | Summary of Parties' Positions |
|---|---|---|---|---|
| | | | | Altman, Greg Brockman, and Mira Murati (a former employee). OpenAI has requested cooperation from all three individuals and can confirm that it will conduct a reasonable search of Mr. Altman and Mr. Brockman's text messages and produce non-privileged, responsive messages. Ms. Murati is a former employee and has declined to provide OpenAI access to her personal device. OpenAI has confirmed that Ms. Murati's personal counsel will accept service of a proper subpoena, and OpenAI is committed to moving that process forward efficiently. X.com direct messages are not within OpenAI's possession, custody, or control, and the California Labor Code prevents OpenAI from asking employees for access to their personal social media accounts. However, should Plaintiffs serve Rule 45 subpoenas for X.com DMs, OpenAI will cooperate with Plaintiffs and its employees to move that process forward efficiently. OpenAI is in receipt of Plaintiffs' interrogatory, sent via email after the close of business on November 4, and will provide responses and objections consistent with FRCP 33. |
| **Dispute on Fair Use - Fourth Factor Discovery** | | | | |

| Topic in Dispute[1] | Status | Dkt. Nos | Party Raising Dispute | Summary of Parties' Positions |
|---|---|---|---|---|
| OpenAI's Letter Brief Regarding Harm-Related Interrogatory Response | OpenAI and Plaintiffs have submitted letter briefs. | Dkt. 232 (OpenAI's letter brief)<br><br>Dkt. 244 (Plaintiffs' response) | OpenAI Defendants | **OpenAI's position:** OpenAI seeks an order requiring Plaintiffs to comply with Federal Rule of Civil Procedure 33(d) by either (a) identifying those documents Plaintiffs have produced that reflect harm they claim to have suffered as a result of OpenAI's alleged use of their works to train ChatGPT, or (b) stating that they have produced no such documents. This discovery is critical to, *inter alia*, OpenAI's affirmative fair use defense, which looks at, among other things, any alleged harm to the market for Plaintiffs' works. This is not a contention interrogatory, plaintiffs responded by citing Rule 33(d), and fair use discovery is essential now, not in the future.<br><br>**Plaintiffs' position**: As the Court stated, this motion raises a premature damages-related dispute that the Court should not consider at this stage of fact discovery. *See* 10/30/24 Tr. 48:13-23; 79:23-80:11. If the Court considers OpenAI's motion now, the Court should deny it because (1) these are premature contention interrogatories (L.R. 33.3) and (2) regardless of case stage, these interrogatories are overbroad, burdensome, and legally unsupported by courts in this District. |

8