November 18, 2024

*Via ECF*
Hon. Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Peral Street
New York, NY 10007-1312

      RE:    *Authors Guild et al. v. OpenAI, Inc., et al.,* No. 1:23-cv-08292-SHS, and
              *Alter et al. v. OpenAI Inc., et al.*, NO. 1:23-cv-10211-SHS

Dear Judge Wang:

Pursuant to Rule IV.a of Your Honor's Individual Practices, we submit this joint letter-motion to seal on behalf of the Author Plaintiffs in the above-captioned actions and Microsoft Corporation in connection with documents referenced in Plaintiffs' contemporaneously filed letter motions regarding the data working group and Microsoft's LLMs and licenses. The redactions in Plaintiffs' letter motions describe and attach documents that Microsoft and a third party produced in discovery and designated as Highly Confidential – Attorneys Eyes Only under the Protective Order in this matter.

***Plaintiffs' Position on Sealing.*** Plaintiffs join the request of Microsoft that the third-party documents referenced below should be sealed. Plaintiffs take no position as to the sealing of Microsoft's documents.

***Microsoft's Position on Sealing.*** For the reasons stated below and articulated in the supporting declaration of Lucky Vidmar, Microsoft respectfully requests the Court grant this motion for leave to file under seal.

Microsoft moves to seal:

1. Any limited portions of Plaintiffs' letter motions that reference or summarize confidential materials;
2. The following documents (identified by their beginning Bates or Exhibit number) that are attached as exhibits to Plaintiffs' letter motions, which contain business information or communications that have been designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order in this matter:
   a. MSFT_AICPY_000000575 (Exhibit 1 to Plaintiffs' letter motion regarding the data working group);
   b. MSFT_AICPY_000194522 (Exhibit 3 to Plaintiffs' letter motion regarding the data working group);
   c. Exhibit 6 to Plaintiffs' letter motion regarding Microsoft's LLMs and licenses; and
   d. Exhibit 7 to Plaintiffs' letter motion regarding Microsoft's LLMs and licenses.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations

against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "The proponent of sealing 'must demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions . . . ." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "[W]hile a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

To the extent the letter motions contain descriptions of the various exhibits, which are highly confidential documents, such disclosure would unfairly prejudice Microsoft. The exhibits, which have been designated as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order, contain highly confidential information about the terms of Microsoft's agreement with OpenAI, Microsoft's ongoing business relationship with OpenAI, and Microsoft's relationship with a third party. *See* Declaration of Lucky Vidmar. Microsoft requests that any redacted portions of Plaintiffs' letter motions describing these documents be sealed from the public and the exhibits referenced above be sealed in their entirety.

The information Microsoft seeks to seal and redact is the type of information commonly found to warrant sealing. *See Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (finding that requested redactions were "narrowly tailored to protect competitive business information, including the non-public terms of [various agreements]" and concluding "that the sensitivity of this information outweighs the presumption of access"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted) (concluding that proposed redactions were "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'").

Accordingly, Microsoft respectfully requests that the Court grant this motion for leave to file under seal.

                    Respectfully submitted,

                    FAEGRE DRINKER BIDDLE & REATH LLP

                    */s/ Jared B. Briant*

                    Jared B. Briant

Hon. Ona T. Wang
November 18, 2024
Page 3

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Annette L. Hurst
_____
Annette L. Hurst

Counsel for Defendant Microsoft Corporation


/s/ Rachel Geman
Rachel Geman
Wesley Dozier (pro hac vice)
Anna Freymann
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
rgeman@lchb.com
wdozier@lchb.com
afreymann@lchb.com

Reilly T. Stoler (pro hac vice)
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
rstoler@lchb.com

/s/ Justin Nelson
Justin A. Nelson (pro hac vice)
Alejandra C. Salinas (pro hac vice)
Amber B. Magee (pro hac vice)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX  77002
Telephone: 713.651.9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com
amagee@susmangodfrey.com

Hon. Ona T. Wang
November 18, 2024
Page 4

                              Rohit D. Nath (*pro hac vice*)
                              SUSMAN GODFREY L.L.P.
                              1900 Avenue of the Stars, Suite 1400
                              Los Angeles, CA  90067
                              Telephone: 310.789.3100
                              rnath@susmangodfrey.com

                              J. Craig Smyser
                              SUSMAN GODFREY L.L.P.
                              1901 Avenue of the Americas, 32nd Floor
                              New York, NY  10019
                              Telephone: 212.336.8330
                              csmyser@susmangodfrey.com

                              Jordan W. Connors (*pro hac vice*)
                              SUSMAN GODFREY L.L.P.
                              401 Union Street, Suite 3000
                              Seattle, WA  98101
                              Telephone: 206.516.3880
                              jconnors@susmangodfrey.com

                              <u>*/s/ Scott Sholder*</u>
                              Scott J. Sholder
                              CeCe M. Cole
                              COWAN DEBAETS ABRAHAMS
                              & SHEPPARD LLP
                              60 Broad Street, 30th Floor
                              New York, NY  10010
                              Telephone:  212.974.7474
                              ssholder@cdas.com
                              ccole@cdas.com

                              *Attorneys for Plaintiffs and the Proposed Classes*