

November 18, 2024

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

        RE:    *Authors Guild v. OpenAI Inc.*, 23-cv-8292 (S.D.N.Y.) and *Alter v. OpenAI Inc.*, 23-cv-10211 (S.D.N.Y.): OpenAI Affiliates

Dear Judge Wang:

      Pursuant to Rule II(b) of Your Honor's Individual Practices, Plaintiffs seek a conference and request that the Court order OpenAI to produce documents related to seven of the OpenAI Defendants: OpenAI, Inc., OpenAI GP LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC. OpenAI has not, and has agreed not, to file a motion to dismiss any of these parties under FRCP 12, yet it has largely refused to produce any discovery from them. OpenAI claims that these named defendants are simply irrelevant, and lately, has said that it needs more time to consider these document request that were served ***in July*** and about which the parties have conferred many times. Accordingly, in the interests of moving forward given this functional impasse, Plaintiffs request an order compelling OpenAI to produce the requested documents concerning the relationships between and among these entities and the financial statements of each entity.

## Background

      Plaintiffs' operative complaint asserts copyright infringement claims against seven affiliated OpenAI entities that are at issue in this motion: OpenAI, Inc., OpenAI GP LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC.[1] These claims include a claim for copyright infringement against each of these entities (D.E. 46 at 63), vicarious infringement against two of the entities (*id.* at 64), and contributory infringement against six of the entities (*id.* at 64–65).

---

[1] The operative complaint also asserts claims against OpenAI affiliates OpenAI Startup Fund I LP, OpenAI Startup Fund GP I LLC, and OpenAI Startup Fund Management LLC, but Plaintiffs do not seek documents about those entities in this motion.

Hon. Ona T. Wang
November 18, 2024
Page 2

Plaintiffs served the document requests at issue on July 16, 2024. X-A. The requests seek documents concerning any transfers of assets or liabilities among the entities (RFP No. 90), documents concerning the flow of cash, losses, or profits among the entities (RFP No. 91), documents concerning operational meetings and information exchanged among the entities (RFP No. 92), financial statements of each entity (RFP No. 93), and operating agreements for each entity (RFP No. 94). X-A at 9–10.

In response, OpenAI refused to produce almost everything Plaintiffs had requested. X-B. OpenAI refused to produce any documents concerning transfers of assets, liabilities, or flows of cash among the entities (*id.* at 22), refused to produce operational meetings and information exchanged among the entities (*id.* at 23), refused to produce financial statements from the entities other than generally "to show income from paid versions of ChatGPT" (*id.* at 24), and refused to produce operational agreements of the various entities (*id.* at 24–25).

During a long series of meet and confer conference calls, OpenAI took the position that it need not produce discovery related to six of the defendants at issue here because, in OpenAI's counsel's estimation, only one entity, OpenAI OpCo, was relevant. X-C at 3–4. Rather than participate in discovery at all, OpenAI's counsel offered to submit a declaration stating that the other six OpenAI affiliates were irrelevant. *Id.*

On October 16, 2024, OpenAI finally agreed to produce "corporate formation documents and operating agreements" for the seven affiliated entities that are at issue in this motion. X-D. The production consisted of twenty-four documents, including certificates of formation, operating agreements, and a handful of auditor's reports. The production ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

OpenAI also stated on October 16, 2024—more than three months following Plaintiffs' service of the underlying requests—that OpenAI was "also willing to continue conferring with Plaintiffs" about the production of additional documents following Plaintiffs' review of the corporate formation documents. Following that review, Plaintiffs asked again for the documents they had requested in the first place. X-F at 1. Despite having four months to investigate any potential burden associated with collecting the requested documents, OpenAI has failed to assert that there is any burden associated with producing these documents, and instead continues to insist that six of the seven entities are simply irrelevant—even though they are named Defendants.

## Argument

According to FRCP 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Relevancy "is an extremely broad concept," and there is a "relatively low threshold for a party to show that the material sought is relevant to any claim or defense in the litigation." *Delta Air Lines, Inc. v. Lightstone Grp., LLC*, No. 21-MC-374 (RA) (OTW), 2021 WL 2117247, at *2 (S.D.N.Y.

May 24, 2021) (Order of Magistrate Judge Wang) (quoting *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014)) (internal quotation marks omitted).

The Copyright Act and the case law thereunder make clear that third parties can be held liable for the infringing activities of another. *See Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 434–35, 104 S.Ct. 774, 784–85, 78 L.Ed.2d 574 (1984); *see also Sygma Photo News, Inc. v. High Soc'y Magazine, Inc.*, 778 F.2d 89, 92 (2d Cir.1985) ("All persons and corporations who participate in, exercise control over, or benefit from the infringement are jointly and severally liable as copyright infringers."). There are "two doctrines that establish third-party liability in copyright law: contributory infringement and vicarious liability." *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 732 (S.D.N.Y. 1996).

Plaintiffs have asserted contributory infringement claims against, among others, OpenAI, Inc., OpenAI GP LLC, OpenAI Global LLC, OpenAI LLC, OAI Corporation LLC, and OpenAI Holdings LLC. A party is liable for contributory infringement if it, "with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Gershwin Publishing Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir.1971).

Plaintiffs have asserted claims for vicarious copyright infringement against OpenAI Inc. and OpenAI GP LLC. Vicarious copyright infringement rests on "the defendant's relationship to the direct infringer." *Ez-Tixz*, 919 F. Supp. at 732 (S.D.N.Y. 1996). The elements of vicarious copyright infringement are "(1) the ability to control the infringer and (2) a financial interest in the infringing activities." *Id.* at 733.

Plaintiffs' RFP Nos. 90-93 are designed to untangle the complicated corporate structure of these seven OpenAI affiliate entities to develop evidence to establish (a) the relationships between and among the entities, (b) the control structure among the entities, (c) knowledge of the infringing activity within each entity, and (d) actions among the entities to induce or contribute to infringing activity. This includes documents concerning transfers of assets, liabilities, cash, profits, and losses among these entities, which are relevant to the "financial interest" element of Plaintiffs' vicarious infringement claim and both the knowledge and "material contribution" elements of Plaintiffs' contributory infringement claim. *See* X-A (RFP Nos. 90 & 91). Plaintiffs also seek documents concerning operational meetings and information exchanged among the entities, which are relevant to the knowledge element of contributory infringement and the "ability to control" element of vicarious infringement, as well as financial statement from each entity, which is relevant to the "material contribution" and "financial interest" elements. *See* X-A (RFP No. 92 & 93).

OpenAI has failed to assert any colorable objection to these requests and has not articulated any burden associated with producing responsive documents. Instead, OpenAI's lawyers have asserted that "only OpenAI OpCo is relevant to this lawsuit." X-C. Despite the protests of OpenAI's lawyers, the six other OpenAI entities at issue here are all Defendants in this case and are subject to discovery on that basis concerning the claims asserted against them. *See* Fed. R. Civ. P. 26(b)(1) (defining scope of relevant discovery in terms of "any party's claim or defense"). They are free to raise any merits defenses on summary judgment, but cannot shield the seven entities from discovery entirely.

Hon. Ona T. Wang
November 18, 2024
Page 4

                    Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEIN LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| /s/ *Rachel Geman* | /s/ *Rohit Nath* | /s/ *Scott J. Sholder* |
| Rachel Geman | Rohit Nath | Scott J. Sholder |