# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br><br>                    v.<br><br>OPENAI INC., OPENAI LP, OPENAI LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, and OPENAI STARTUP FUND MANAGEMENT LLC,<br><br>                    Defendants. | No. 1:23-cv-08292-SHS |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>                    v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LCC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,<br><br>                    Defendants. | No. 1:23-cv-10211-SHS |

**OPENAI'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
**<u>FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26, Defendants OPENAI INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, and OPENAI STARTUP FUND MANAGEMENT LLC (collectively, "OpenAI") hereby object and respond to Plaintiffs' Fourth Set of Requests for Production to OpenAI ("Requests").  To the extent that OpenAI agrees to produce documents in response to these Requests, each entity is agreeing to produce only its own documents, to the extent those documents can be located after a reasonable search.  Furthermore, an agreement by OpenAI to search for documents does not mean that each entity has documents in its possession, custody, or control.

<u>**INTRODUCTORY RESPONSE**</u>

OpenAI responds to the Requests on the basis of the best information available to it at the time the responsive information was gathered, within the limits of time, and subject to the objections described below.  OpenAI responds to the Requests as it interprets and understands each Request set forth herein.  If Plaintiffs subsequently assert an interpretation of any of the Requests that differs from OpenAI's understanding, OpenAI reserves the right to supplement its objections and/or responses.

OpenAI's willingness to respond to any particular Request does not constitute an admission that OpenAI agrees with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgement by OpenAI that the Request is proper, that the information sought is within the proper bounds of discovery or that demands for similar information will be treated in similar fashion.  Furthermore, a statement that responsive

documents will be produced in response to a particular Request does not mean that OpenAI knows any such document exists or is in its possession, custody, or control.

OpenAI's responses to the Requests may contain, provide, or refer to information that will be subject to a protective order to be entered in this matter and should therefore be treated accordingly.

OpenAI has not yet completed its discovery relating to this case and its investigation of the facts is ongoing. OpenAI anticipates that additional information responsive to the Requests may be obtained as discovery proceeds. OpenAI's responses to the Requests are therefore made without prejudice to OpenAI's right to amend, correct or supplement its responses to the Requests.

## **GENERAL OBJECTIONS**

1.  OpenAI objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they:

    a.  call for the discovery of information protected by the attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege or immunity under federal, state or local law. The inadvertent production of any information that is privileged or otherwise protected from discovery shall not constitute a waiver of any such privilege or protection;

    b.  are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, overlapping, or duplicative;

    c.  require disclosure of information that is neither relevant to the claims or defenses of any party in this action, nor proportional to the needs of the case;

      d.     purport to require the disclosure of information already in the possession of Plaintiffs, available from public sources, as accessible to Plaintiffs as to OpenAI, or obtainable from another source that is more convenient, less burdensome or less expensive. OpenAI provides these responses with the understanding that Plaintiffs already have access to such sources, including all materials on OpenAI's website;

      e.     attempt to impose burdens that exceed or are different from the requirements of the Federal Rules of Civil Procedure and/or the applicable Local Rules, and relevant case law. OpenAI will comply with its obligations under the Federal and Local Rules, but will not comply with Instructions that are inconsistent with, or impose obligations beyond, applicable rules. OpenAI stands ready to meet and confer to discuss the best and most efficient way to conduct discovery bilaterally;

      f.     call for information concerning documents that are no longer in existence or reasonably accessible, or documents not in OpenAI's possession, custody, or control. OpenAI will only provide relevant, non-privileged information that is within OpenAI's present possession, custody, or control and available after a reasonable investigation;

      g.     imprecisely specify the information sought. Where imprecise terms are used, OpenAI will, therefore, provide only information that is responsive to the Request based on OpenAI's interpretation of the Request;

      h.     seek information concerning "all documents and things," or the like on the basis that providing a response to such Requests would be unduly burdensome;

      i.     are not limited to a reasonable time period. OpenAI will produce documents from a reasonable time period as it relates to the case;

j.      purport to impose a duty on OpenAI to undertake a search for information beyond a reasonable search of its files as it relates to this case and where information responsive to the Request would reasonably be expected to be stored in the ordinary course of business;

k.      seek discovery in violation of any applicable law;

l.      are premature and require the disclosure of expert discovery, opinions or analysis;

m.      seek information that is the confidential and proprietary information of a third party, the joint confidential and proprietary information of OpenAI and a third party, or the subject of a non-disclosure/confidentiality agreement between OpenAI and a third party.  OpenAI will produce third-party confidential documents as set forth herein, subject to the terms of any protective order to be entered by the Court; or

n.      seek information that is more efficiently or appropriately obtained through some other form of discovery.

2.      Where the Request includes words and concepts involving a legal conclusion, any response is not an admission that such legal conclusions apply.

3.      OpenAI reserves all objections to the competency, relevance, materiality, or admissibility at trial or any other proceeding of any information provided or document identified in response to the Requests.  The identification of any document or the provision of any information does not constitute an admission that such document or information exists or is relevant to the pending litigation.

4.      OpenAI objects to Plaintiffs' definitions of **"OpenAI"** and "**You**" to the extent it purports to include each of the OpenAI Defendants' respective "directors, officers, employees,

partners, members, representatives, agents (including attorneys, accountants, or consultants, investment advisors or bankers), and any other person acting or purporting to act on their behalf, as well as corporate parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, or any other entity acting or purporting to act on their behalf" as overly broad, unduly burdensome and disproportionate to the needs of this case and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and the Local Rules.  OpenAI interprets and defines OpenAI to include only the named Defendants OpenAI, Inc., OpenAI LP, OpenAI OpCo LLC, OpenAI GP LLC, OpenAI LLC, OpenAI Global LLC, OAI Corporation LLC, OpenAI Holdings LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund GP I LLC, and OpenAI Startup Fund Management LLC.

5.      OpenAI objects to the requested production date as unreasonably burdensome.

6.      OpenAI objects to each Request to the extent that it seeks trade secrets or confidential or proprietary information of OpenAI.  OpenAI will produce confidential documents as set forth herein, subject to and after the entry of a protective order in this matter.

7.      OpenAI objects to the production of electronically stored information ("ESI") before an applicable ESI protocol has been entered.  OpenAI further objects to Plaintiffs' instructions regarding production of ESI as misrepresenting any agreements the parties have entered into regarding ESI.  OpenAI will produce electronically stored information as set forth herein, subject to the terms of an ESI protocol to be agreed upon by the parties.

8.      OpenAI objects to the instruction that purports to require the OpenAI defendants to produce its own copy of a responsive document as duplicative, unreasonably burdensome and not proportional to the needs of this case.

9.      OpenAI objects to the instruction that purports to require OpenAI to produce documents not otherwise responsive to these Requests if the documents relate to the documents called for by these Requests as seeking irrelevant information, and being unreasonably burdensome and not proportional to the needs of this case.

10.     OpenAI objects to the instruction that purports to require OpenAI to identify documents that are known to have existed but no longer exist, have been destroyed, or are otherwise unavailable, the reason for their loss, destruction, or unavailability, the name of each person known or reasonably believed to have had possession, custody, or control of the original and any copy thereof, and a description of the disposition of each copy.  OpenAI will not identify such documents, as the Requests to do so are unreasonably burdensome and not proportional to the needs of this case.

11.     OpenAI objects to the definition of the "Relevant Time Period" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of this case. Unless otherwise specified, OpenAI will respond with responsive, non-privileged information and documents from only the time period relevant to each Request.

Without waiving the foregoing General Objections but in express reliance thereon, OpenAI incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

## REQUEST FOR PRODUCTION NO. 71:

**Documents** sufficient to show all of **Your** retention policies during the Relevant Time Period and any changes thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case in that it seeks information about OpenAI's retention policies that is not otherwise limited by time or subject matter.  OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information about OpenAI's "retention policies," which concern issues that are significantly broader than the copyright infringement issues raised by the Consolidated Complaint in this action.  OpenAI objects to this Request as seeking "discovery on discovery" without a proffered "adequate factual basis" for doing so.  *See Freedman v. Weatherford Int'l. Ltd.*, No. 12-cv-2121(LAK)(JCF), 2014 WL 3767034, at *3 (S.D.N.Y. July 25, 2014).  OpenAI further objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it will produce documents about its retention policies available on its website at the following pages: https://openai.com/consumer-privacy/; https://help.openai.com/en/articles/7730893-datacontrols-faq;  https://help.openai.com/en/articles/7039943-data-usage-for-consumer-servicesfaq; https://openai.com/policies/privacy-policy/; https://openai.com/enterprise-privacy/.

**REQUEST FOR PRODUCTION NO. 72:**

All **Documents Concerning** or **Relating to** the Data Working Group, as referenced in the Second Amended and Restated Joint Development and Collaboration Agreement, MSFT_AICPY_000000575 (including all predecessor or successor groups), including but not limited

to all **Communications** among members of, meeting minutes of, and data policies compiled by the Data Working Group.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.  OpenAI further objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information about the training data for models not used for ChatGPT.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks production of "[a]ll Documents" concerning "the Data Working Group" and "all Communications among members of, meeting minutes of, and data policies compiled by the Data Working Group." OpenAI also objects to this Request as overly broad and unduly burdensome to the extent it is not sufficiently limited by time.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

## REQUEST FOR PRODUCTION NO. 73:

All **Documents Concerning** or **Relating to** the Governing Board, as referenced in the Second Amended and Restated Joint Development and Collaboration Agreement, MSFT_AICPY_000000575 (including all predecessor or successor groups), including but not limited to all Communications among members of and meeting minutes of the Governing Board.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.  OpenAI further objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information about the training data for models not used for ChatGPT.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks production of "[a]ll Documents" concerning "the Governing Board" and "all Communications among members of and meeting minutes of the Governing Board."  OpenAI also objects to this Request as overly broad and unduly burdensome to the extent it is not sufficiently limited by time.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 74:**

**Documents** sufficient to show the first time at which **You** sought to hire and did hire employees whose job function was primarily the commercialization, monetization or productization of **Your LLMs**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as unduly burdensome and disproportionate to the needs of this case and as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or

documents about "commercialization, monetization or productization" of models not used for ChatGPT. OpenAI further objects to "employees whose job function was primarily the commercialization, monetization or productization of Your LLMs" as vague and ambiguous. OpenAI objects to this Request to the extent it mischaracterizes OpenAI's business practices and assumes that OpenAI "sought to hire and did hire employees whose job function was primarily the commercialization, monetization or productization of Your LLMs."

Subject to the foregoing General and Specific Objections, OpenAI states that it will produce nonprivileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search sufficient to identify members of the product team who first had responsibility over the development of ChatGPT.

**REQUEST FOR PRODUCTION NO. 75:**

**Documents** sufficient to show each individual employed by OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, the job function of each employee, the supervisory relationship of each employee, and any change in each employee's job function, supervisory relationships, or employment status over time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks the "job function," "supervisory relationship," and "any change in . . . job function, supervisory relationships, or employment status over time" for "each individual employed by OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC." OpenAI further objects to this Request as seeking information and/or

documents that are not relevant to any claim or defense in this litigation because it seeks information regarding employees who were not involved in the activities alleged in the operative complaint.

Based on the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 76:**

**Documents** sufficient to show the identity of each board member of OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OPCO LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, including any change in that individual's status as a board member over time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this Request as seeking information and/or documents not relevant to any claim or defense in this litigation. OpenAI objects to the phrase "change in that individual's status as a board member" as vague and ambiguous. OpenAI further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks the identities of "each board member of OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OPCO LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC."

Based on the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 77:**

**Documents** sufficient to show each physical book that **You** scanned for use as training data in **Your LLMs**, including but not limited to the price paid for each such book, as applicable.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about data used to train models not used for ChatGPT. OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks information regarding "[e]ach physical book that [was] scanned" and "the price paid for each such book."  OpenAI also objects to this Request to the extent it improperly asserts that OpenAI scanned physical copies of books "for use as training data in [its] LLMs."

Subject to the foregoing General and Specific Objections, OpenAI will make available for inspection, pursuant to an agreed-upon training protocol to be negotiated between the parties, the text training data in its possession, custody, or control for the models used for ChatGPT, to the extent they are available based upon a reasonable and good-faith search.  OpenAI further states that it has produced and will continue to produce non-privileged documents in its possession, custody, or control, if any, that it has located pursuant to a reasonable and diligent search sufficient to show agreements with third parties relating to text training data that was used to train the models used for ChatGPT.

**REQUEST FOR PRODUCTION NO. 78:**

**Documents** sufficient to show each digital book that **You** purchased and used as training data in **Your LLMs**, including but not limited to the price paid for each such book.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about data used to train models not used for ChatGPT. OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks information regarding "[e]ach digital book You purchased" and "the price paid for each such book."

Subject to the foregoing General and Specific Objections, OpenAI will make available for inspection, pursuant to an agreed-upon training protocol to be negotiated between the parties, the text training data in its possession, custody, or control for the models used for ChatGPT to the extent they are available based upon a reasonable and good-faith search. OpenAI further states that it has produced and will continue to produce non-privileged documents in its possession, custody, or control, if any, that it has located pursuant to a reasonable and diligent search sufficient to show agreements with third parties relating to text training data that was used to train the models used for ChatGPT.

**REQUEST FOR PRODUCTION NO. 79:**

**Documents** sufficient to show the number of reproductions made of training data in the course of training **Your LLMs**.

-13-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI further objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.  OpenAI objects to this Request as unduly burdensome and disproportionate to the needs of the case and as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about data used to train models not used for ChatGPT.  OpenAI also objects to the phrase "reproductions made of training data in the course of training" as vague and ambiguous.

Subject to the foregoing General and Specific Objections, OpenAI states that for text training datasets for models used for ChatGPT, OpenAI will make available for inspection the source code related to processing that data for use during pre-training or post-training and filtering that data, to the extent such source code can be located pursuant to a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 80:**

**Documents** sufficient to show any exclusive or non-exclusive rights granted by **You** to Microsoft to commercialize, monetize, or productize **Your LLMs**, training data, or intellectual property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI further objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-

product immunity and/or any other applicable privilege under federal, state or local law.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about intellectual property, training data, and models not used for ChatGPT.  OpenAI also objects to the phrase "commercialize, monetize, or productize Your LLMs, training data, or intellectual property" as vague and ambiguous.  OpenAI objects to this Request as compound.

Subject to the foregoing General and Specific Objections, OpenAI states that it will produce responsive, non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable search sufficient to show agreements between OpenAI and Microsoft regarding the rights granted to Microsoft in connection with models used for ChatGPT.

**REQUEST FOR PRODUCTION NO. 81:**

All minutes of meetings of the board of directors of each **Entity**, and all **Documents** provided to the boards of directors, that **Concern** or **Relate to Your** training data; **Your** intention to commercialize, monetize, or productize **Your LLMs**; or projections regarding revenues or profits for particular products or for **You** as a whole.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects this Request as calling for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation because it seeks information and/or documents about models not used

for ChatGPT.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks production of "[a]ll minutes of meetings of the board of directors of each Entity" and "all Documents provided to the board of directors" concerning "training data," the "intention to commercialize, monetize, or productize," or "projections regarding revenues or profits."  OpenAI also objects to this Request as overly broad and unduly burdensome because it is not sufficiently limited by time.  OpenAI objects to the phrases "intention to commercialize, monetize, or productize" and "projects regarding revenues or profits for particular products" as vague and ambiguous.

Based on the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO. 82:

All instruments effectuating Microsoft's investments into and acquisition of **You.**

### RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation because it seeks information and/or documents about "[a]ll instruments effectuating Microsoft's investments" that are not related to OpenAI models used for ChatGPT.  OpenAI objects to the phrase "instruments effectuating Microsoft's investments" and "acquisition" as vague and ambiguous. OpenAI further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks information and/or documents about "[a]ll instruments effectuating Microsoft's investments" into OpenAI as a whole.

Based on the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 83:**

**Documents Concerning** or **Relating to** the justifications for the formation of each **Entity**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI further objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation in that the justifications for the formation of any particular entity does not have any tendency to make a fact of consequence more or less probable.  OpenAI objects to the phrase "justifications for the formation" of an entity as vague and ambiguous.

Based on the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 84:**

**Documents** sufficient show the date each **Entity** was formed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation in that the date of

each entity's formation does not have any tendency to make a fact of consequence more or less probable.

Subject to the foregoing General and Specific Objections, OpenAI states that it has produced documents sufficient to show the corporate formation dates for each OpenAI entity at OPCO_SDNY_0000120-175.

## REQUEST FOR PRODUCTION NO. 85:

**Documents** sufficient to show the date that assets were first contributed or otherwise transferred to each newly formed **Entity**.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI further objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation in that the contribution or transfer of assets to any particular entity does not have any tendency to make a fact of consequence more or less probable. OpenAI objects to the terms "assets" and "each newly formed Entity" as vague and ambiguous.

Based on the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 86:

All agreements between or among **Entities**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it purports to seek "[a]ll agreements between or among" the OpenAI entities.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation.  OpenAI further objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Based on the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 87:**

All **Documents Concerning** or **Relating to** the contractual agreements and ownership structures between or among **Entities**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it purports to seek "[a]ll Documents" regarding the "contractual agreements and ownership structures between or among" the OpenAI entities.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation.  OpenAI further objects to the extent that this Request calls for the discovery of information protected by attorney-client

privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

## REQUEST FOR PRODUCTION NO. 88:

All **Documents**—including contracts and agreements—**Concerning** or **Relating to** Microsoft's control over **You**.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 88:

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it purports to seek "[a]ll Documents—including contracts and agreements" regarding "Microsoft's control over" OpenAI.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation.  OpenAI further objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it will produce responsive, non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable search sufficient to show agreements between OpenAI and Microsoft regarding the rights granted to Microsoft in connection with models used for ChatGPT.

**REQUEST FOR PRODUCTION NO. 89:**

All **Documents**—including contracts and agreements—**Concerning** or **Relating to** control by over **You**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it purports to seek "[a]ll Documents—including contracts and agreements."  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation.  OpenAI further objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.  OpenAI objects to the phrase "control by over You" as vague, ambiguous, and incomprehensible.

Subject to the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 90:**

All instruments effectuating or memorializing the contribution, transfer, or assignment of assets or liabilities among **Entities**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation in that the contribution, transfer, or assignment of assets between any particular entity does not have any

tendency to make a fact of consequence more or less probable. OpenAI objects to the phrase

"instruments effectuating or memorializing" as vague and ambiguous. OpenAI further objects to

this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case

to the extent it seeks information and/or documents about "[a]ll instruments effectuating or

memorializing the contribution, transfer, or assignment" among the OpenAI entities.

Based on the foregoing General and Specific Objections, OpenAI states that it will not

produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 91:**

**Documents Concerning** or **Relating to** the flow of cash, losses, and profits between and

among **Entities**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

OpenAI objects to the production of electronically stored information before an

applicable ESI protocol has been entered. OpenAI objects to this Request as seeking information

and/or documents that are not relevant to any claim or defense in this litigation in that the "flow

of cash, losses, and profits between and among" any particular entity does not have any tendency

to make a fact of consequence more or less probable. OpenAI objects to the phrase "flow of

cash, losses, and profits" as vague and ambiguous. OpenAI further objects to this Request as

overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it

seeks information and/or documents about all "[d]ocuments Concerning or Relating to the flow

of cash, losses, and profits" among the OpenAI entities.

Based on the foregoing General and Specific Objections, OpenAI states that it will not

produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 92:**

All **Documents Relating to** operational meetings and information exchanged among **Entities.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.  OpenAI further objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks "[a]ll Documents Relating to operational meetings and information exchanged."  OpenAI also objects to this Request as overly broad and unduly burdensome to the extent it is not sufficiently limited by time.

Based on the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 93:**

Financial statements, including balance sheets and statements of income and cash flow, for each **Entity.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it

seeks information and/or documents about financial statements not related to paid versions ChatGPT.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks all "[f]inancial statements" for "each [OpenAI] Entity."  OpenAI also objects to "financial statements" as vague and ambiguous.

Subject to the foregoing general and specific objections, OpenAI states that it will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable search sufficient to show income from paid versions of ChatGPT, between its introduction on November 30, 2022 to the present.

**REQUEST FOR PRODUCTION NO. 94:**

Each **Entity's** operating agreements, limited liability company agreements, or similar governing documents, including all amendments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information about an article generally discussing AI training databases.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks "[e]ach Entity's operating agreements, limited liability company agreements, or similar governing documents" and "all amendments."  OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it has produced documents sufficient to show the corporate formation dates for each OpenAI entity at OPCO_SDNY_0000120-175.

**REQUEST FOR PRODUCTION NO. 95:**

All **Documents** relating to your June 22, 2023 response to Senator Thomas Roland Tillis's questions to **You Relating to** content creators.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation. OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks "[a]ll Documents relating to" OpenAI's response to Senator Thomas Roland Tillis's questions regarding content creators. OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it has produced documents sufficient to show its June 22, 2023 responses on the record to Senator Thomas Roland Tillis's questions at OPCO_SDNY_0000014-24.

**REQUEST FOR PRODUCTION NO. 96:**

**Documents** sufficient to identify the bases of your "aware[ness] that creators are concerned about being replaced or displaced by AI."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as unduly burdensome and disproportionate to the needs of the case and as seeking information and/or documents that are not relevant to any claim or defense in this litigation.  OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it has produced documents sufficient to show its June 22, 2023 responses on the record to Senator Thomas Roland Tillis's questions at OPCO_SDNY_0000014-24.

**REQUEST FOR PRODUCTION NO. 97:**

**Documents Relating to** your "continue[d ]engage[ment]" with writers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as unduly burdensome and disproportionate to the needs of the case and as seeking information and/or documents that are not relevant to any claim or defense in this litigation.  OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it has produced documents sufficient to show its June 22, 2023 responses on the record to Senator Thomas Roland Tillis's questions at OPCO_SDNY_0000014-24.

Dated:      August 15, 2024                    MORRISON & FOERSTER LLP


By:  _/s/ Vera Ranieri_
       Joseph C. Gratz (*pro hac vice*)
       JGratz@mofo.com
       Andrew L. Perito (*pro hac vice*)
       APerito@mofo.com
       Vera Ranieri (*pro hac vice*)
       VRanieri@mofo.com
       425 Market Street
       San Francisco, CA  94105-2482
       Telephone:  (415) 268-7000
       Facsimile:  (415) 268-7522

       Allyson R. Bennett (*pro hac vice*)
       ABennett@mofo.com
       Rose S. Lee (*pro hac vice*)
       RoseLee@mofo.com
       MORRISON & FOERSTER LLP
       707 Wilshire Boulevard
       Los Angeles, California 90017-3543
       Telephone:        (213) 892-5200
       Facsimile:        (213) 892-5454

       Attorneys for Defendants
       OPENAI INC., OPENAI LP, OPENAI
       LLC, OPENAI GP LLC, OPENAI OPCO
       LLC, OPENAI GLOBAL LLC, OAI
       CORPORATION LLC, OPENAI
       HOLDINGS LLC, OPENAI STARTUP
       FUND I LP, OPENAI STARTUP FUND
       GP I LLC, and OPENAI STARTUP
       FUND MANAGEMENT LLC

Dated:    August 15, 2024                    LATHAM & WATKINS LLP

By:  */s/ Elana Nightingale Dawson*

Andrew Gass (*pro hac vice*)
andrew.gass@lw.com
Joseph R. Wetzel (*pro hac vice*)
joe.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
Telephone:  (415) 391-0600
Facsimile:  (415) 395-8095

Sarang Damle
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
555 Eleventh Street NW
Suite 100
Washington, DC 20004
Telephone:  (202) 637-2200
Facsimile:  (202) 637-2201

Allison Levine Stillman
alli.stillman@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864

Attorneys for Defendants
OPENAI INC., OPENAI LP, OPENAI
LLC, OPENAI GP LLC, OPENAI OPCO
LLC, OPENAI GLOBAL LLC, OAI
CORPORATION LLC, OPENAI
HOLDINGS LLC, OPENAI STARTUP
FUND I LP, OPENAI STARTUP FUND
GP I LLC, and OPENAI STARTUP
FUND MANAGEMENT LLC

Dated:        August 15, 2024                    KEKER, VAN NEST & PETERS LLP


By:  */s/ Michelle S. Ybarra*
        Robert A. Van Nest (*pro hac vice*)
        RVanNest@keker.com
        R. James Slaughter (*pro hac vice*)
        RSlaughter@keker.com
        Paven Malhotra
        PMalhotra@keker.com
        Michelle S. Ybarra (*pro hac vice*)
        MYbarra@keker.com
        Nicholas S. Goldberg (*pro hac vice*)
        NGoldberg@keker.com
        Thomas E. Gorman (*pro hac vice*)
        TGorman@keker.com
        Katie Lynn Joyce (*pro hac vice*)
        KJoyce@keker.com
        633 Battery Street
        San Francisco, California  94111-1809
        Telephone:  (415) 391-5400
        Facsimile:  (415) 397-7188

        Attorneys for Defendants
        OPENAI INC., OPENAI LP, OPENAI
        LLC, OPENAI GP LLC, OPENAI OPCO
        LLC, OPENAI GLOBAL LLC, OAI
        CORPORATION LLC, OPENAI
        HOLDINGS LLC, OPENAI STARTUP
        FUND I LP, OPENAI STARTUP FUND
        GP I LLC, and OPENAI STARTUP
        FUND MANAGEMENT LLC

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on August 15, 2024, I served a copy of:

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

 **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| | |
|---|---|
| Rachel Geman<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>250 Hudson Street, 8th Floor<br>New York, NY 10013-1413<br>Email: rgeman@lchb.com | Wesley Dozier<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>222 2nd Avenue, Suite 1640<br>Nashville, TN 37201<br>Email: wdozier@lchb.com |
| Reilly T. Stoler<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Phone: (415) 956-1000<br>Email: rstoler@lchb.com | Scott J. Sholder<br>CeCe M. Cole<br>COWAN DEBAETS ABRAHAMS &<br>SHEPPARD LLP<br>41 Madison Avenue, 38th Floor<br>New York, NY 10010<br>Phone: (212) 974-7474<br>Email: ssholder@cdas.com<br>          ccole@cdas.com |
| Rohit Nath<br>SUSMAN GODFREY LLP<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Phone: (310) 798-3150 | J. Craig Smyser<br>SUSMAN GODFREY LLP<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Phone: (212) 336-8330 |
| Justin A. Nelson<br>Alejandra Salinas<br>SUSMAN GODFREY LLP<br>100 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>Phone: (713) 653-7802 | Charlotte Lepic<br>SUSMAN GODFREY LLP<br>One Manhattan West<br>50th Floor<br>New York, NY 10001 |
| Alter-AI-TT@simplelists.susmangodfrey.com | |
| *Attorneys for Fiction Author Class and Nonfiction Author Class* | |

| | |
|---|---|
| Annette L. Hurst<br>Daniel D. Justice<br>ORRICK, HERRINGTON & SUTCLIFF<br>LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>Phone: (415) 773-5700 | Christopher J. Cariello<br>Marc R. Shapiro<br>ORRICK, HERRINGTON & SUTCLIFF<br>LLP<br>51 West 2nd Street<br>New York, NY 10019<br>Phone: (415) 773-5700 |
| Laura Najemy<br>Sheryl Garko<br>ORRICK, HERRINGTON & SUTCLIFF<br>LLP<br>222 Berkeley Street, Suite 2000<br>Boston, MA 02116 | Jared B. Briant<br>FAEGRE DRINKER BIDDLE & REATH<br>1144 15th Street, Suite 3400<br>Denver, CO 80202<br>Phone: (303) 607-3588 |
| Jeffrey S. Jacobson<br>FAEGRE DRINKER BIDDLE & REATH<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Phone: (212) 248-3191 | |
| nyclassactions_microsoft_ohs@orrick.com;<br>MicrosoftNYClassActionFDBR@faegredrinker.com | |
| *Attorneys for Defendant Microsoft Corporation* | |

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Antioch, California, this 15th day of August, 2024.

| | |
|---|---|
| Andréa M. Duprée | |
| (typed) | (signature) |