# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,<br><br>         Plaintiffs,<br><br>         v.<br><br>OPENAI INC., OPENAI LP, OPENAI LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, and OPENAI STARTUP FUND MANAGEMENT LLC,<br><br>         Defendants. | No. 1:23-cv-08292-SHS |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>         v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LCC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,<br><br>         Defendants. | No. 1:23-cv-10211-SHS |

**OPENAI'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26, Defendants OPENAI INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, and OPENAI STARTUP FUND MANAGEMENT LLC (collectively, "OpenAI") hereby object and respond to Plaintiffs' Fifth Set of Requests for Production to OpenAI ("Requests"). To the extent that OpenAI agrees to produce documents in response to these Requests, each entity is agreeing to produce only its own documents, to the extent those documents can be located after a reasonable search. Furthermore, an agreement by OpenAI to search for documents does not mean that each entity has documents in its possession, custody, or control.

**INTRODUCTORY RESPONSE**

OpenAI responds to the Requests on the basis of the best information available to it at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. OpenAI responds to the Requests as it interprets and understands each Request set forth herein. If Plaintiffs subsequently assert an interpretation of any of the Requests that differs from OpenAI's understanding, OpenAI reserves the right to supplement its objections and/or responses.

OpenAI's willingness to respond to any particular Request does not constitute an admission that OpenAI agrees with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgement by OpenAI that the Request is proper, that the information sought is within the proper bounds of discovery or that demands for similar information will be treated in similar fashion. Furthermore, a statement that responsive

documents will be produced in response to a particular Request does not mean that OpenAI knows any such document exists or is in its possession, custody, or control.

OpenAI's responses to the Requests may contain, provide, or refer to information subject to the protective order entered in this matter and should therefore be treated accordingly.

OpenAI has not yet completed its discovery relating to this case and its investigation of the facts is ongoing. OpenAI anticipates that additional information responsive to the Requests may be obtained as discovery proceeds. OpenAI's responses to the Requests are therefore made without prejudice to OpenAI's right to amend, correct or supplement its responses to the Requests.

## **GENERAL OBJECTIONS**

1. OpenAI objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they:

   a. call for the discovery of information protected by the attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege or immunity under federal, state or local law. The inadvertent production of any information that is privileged or otherwise protected from discovery shall not constitute a waiver of any such privilege or protection;

   b. are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, overlapping, or duplicative;

   c. require disclosure of information that is neither relevant to the claims or defenses of any party in this action, nor proportional to the needs of the case;

   d. purport to require the disclosure of information already in the possession of Plaintiffs, available from public sources, as accessible to Plaintiffs as to OpenAI, or

obtainable from another source that is more convenient, less burdensome or less expensive.  OpenAI provides these responses with the understanding that Plaintiffs already have access to such sources, including all materials on OpenAI's website;

  e. attempt to impose burdens that exceed or are different from the requirements of the Federal Rules of Civil Procedure and/or the applicable Local Rules, and relevant case law.  OpenAI will comply with its obligations under the Federal and Local Rules, but will not comply with Instructions that are inconsistent with, or impose obligations beyond, applicable rules.  OpenAI stands ready to meet and confer to discuss the best and most efficient way to conduct discovery bilaterally;

  f. call for information concerning documents that are no longer in existence or reasonably accessible, or documents not in OpenAI's possession, custody, or control. OpenAI will only provide relevant, non-privileged information that is within OpenAI's present possession, custody, or control and available after a reasonable investigation;

  g. imprecisely specify the information sought.  Where imprecise terms are used, OpenAI will, therefore, provide only information that is responsive to the Request based on OpenAI's interpretation of the Request;

  h. seek information concerning "all documents and things," or the like on the basis that providing a response to such Requests would be unduly burdensome;

  i. are not limited to a reasonable time period.  OpenAI will produce documents from a reasonable time period as it relates to the case;

  j. purport to impose a duty on OpenAI to undertake a search for information beyond a reasonable search of its files as it relates to this case and where information

responsive to the Request would reasonably be expected to be stored in the ordinary course of business;

    k.    seek discovery in violation of any applicable law;

    l.    are premature and require the disclosure of expert discovery, opinions or analysis;

    m.    seek information that is the confidential and proprietary information of a third party, the joint confidential and proprietary information of OpenAI and a third party, or the subject of a non-disclosure/confidentiality agreement between OpenAI and a third party. OpenAI will produce third-party confidential documents as set forth herein, subject to the terms of any protective order to be entered by the Court; or

    n.    seek information that is more efficiently or appropriately obtained through some other form of discovery.

2.    Where the Request includes words and concepts involving a legal conclusion, any response is not an admission that such legal conclusions apply.

3.    OpenAI reserves all objections to the competency, relevance, materiality, or admissibility at trial or any other proceeding of any information provided or document identified in response to the Requests. The identification of any document or the provision of any information does not constitute an admission that such document or information exists or is relevant to the pending litigation.

4.    OpenAI objects to Plaintiffs' definitions of **"OpenAI"** and "**You**" to the extent it purports to include each of the OpenAI Defendants' respective "directors, officers, employees, partners, members, representatives, agents (including attorneys, accountants, or consultants, investment advisors or bankers), and any other person acting or purporting to act on their behalf,

as well as corporate parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, or any other entity acting or purporting to act on their behalf" as overly broad, unduly burdensome and disproportionate to the needs of this case and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and the Local Rules.  OpenAI interprets and defines OpenAI to include only the named Defendants OpenAI, Inc., OpenAI OpCo LLC, OpenAI GP LLC, OpenAI LLC, OpenAI Global LLC, OAI Corporation LLC, OpenAI Holdings LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund GP I LLC, and OpenAI Startup Fund Management LLC.

5.     OpenAI objects to the requested production date as unreasonably burdensome.

6.     OpenAI objects to each Request to the extent that it seeks trade secrets or confidential or proprietary information of OpenAI.  OpenAI will produce confidential documents as set forth herein, subject to the protective order entered in this matter.

7.     OpenAI objects to Plaintiffs' instructions regarding production of ESI as misrepresenting any agreements the parties have entered into regarding ESI.  OpenAI will produce electronically stored information as set forth herein, subject to the terms of the ESI protocol entered on September 13, 2024.

8.     OpenAI objects to the instruction that purports to require the OpenAI defendants to produce its own copy of a responsive document as duplicative, unreasonably burdensome and not proportional to the needs of this case.

9.     OpenAI objects to the instruction that purports to require OpenAI to produce documents not otherwise responsive to these Requests if the documents relate to the documents called for by these Requests as seeking irrelevant information, and being unreasonably burdensome and not proportional to the needs of this case.

10. OpenAI objects to the instruction that purports to require OpenAI to identify documents that are known to have existed but no longer exist, have been destroyed, or are otherwise unavailable, the reason for their loss, destruction, or unavailability, the name of each person known or reasonably believed to have had possession, custody, or control of the original and any copy thereof, and a description of the disposition of each copy. OpenAI will not identify such documents, as the Requests to do so are unreasonably burdensome and not proportional to the needs of this case.

11. OpenAI objects to the definition of the "Relevant Time Period" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of this case. Unless otherwise specified, OpenAI will respond with responsive, non-privileged information and documents from only the time period relevant to each Request.

Without waiving the foregoing General Objections but in express reliance thereon, OpenAI incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

## REQUEST FOR PRODUCTION NO. 98:

To the extent not covered by Request for Production No. 7 or other previous requests, all **Documents Concerning** or **Relating To** statements made or concerns raised by Dario Amodei, Leopold Aschenbrenner, Yoshua Bengio, Greg Brockman, Chris Clark, Jacob Hilton, Geoffrey Hinton, Pavel Izmailov, Andrej Karpathy, Logan Kilpatrick, Daniel Kokotajlo, Ramana Kumar, Jan Leike, Ben Mann, Evan Morikawa, Neel Nanda, Stuart Russell, William Saunders, John Schulman, Ilya Sutskever, Carroll Wainwright, Dianne Yoon, or Daniel Ziegler regarding: (a) **Your** use of purportedly copyrighted material in training **Large Language Models**; (b) **Your**

lack of or insufficient internal controls with regard to acquisition and use of training materials or control over output; or (c) the general harm or risk to content creators posed by **Your LLMs**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

OpenAI objects to this Request for "all Documents Concerning or Relating To statements made or concerns raised by" 23 different individuals as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to the phrases "statements made," "concerns raised," "lack of or insufficient internal controls," "acquisition and use of training materials," "control over output," and "general harm or risk to content creators" as vague and ambiguous. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation, including to the extent it seeks information and/or documents concerning individuals who were not involved in the alleged conduct at issue in this case and to the extent it seeks information about the training data for models not used for ChatGPT. OpenAI objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. OpenAI objects to this Request as duplicative of at least Request for Production Nos. 7, 8, 9, 25, 27, 28, 95, and 96.

Subject to the foregoing General and Specific Objections, OpenAI responds that it has already agreed to produce, has produced, and will produce documents in response to Request for Production Nos. 7, 8, 9, 25, 27, 28, 95, and 96. To the extent Plaintiffs believe that this Request is not duplicative, OpenAI is willing to meet and confer regarding an appropriately narrow scope for the balance of this Request, if any.

Dated: September 16, 2024 MORRISON & FOERSTER LLP

By: */s/ Eric K. Nikolaides*
Joseph C. Gratz (*pro hac vice*)
JGratz@mofo.com
Andrew L. Perito (*pro hac vice*)
APerito@mofo.com
Vera Ranieri (*pro hac vice*)
VRanieri@mofo.com
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Allyson R. Bennett (*pro hac vice*)
ABennett@mofo.com
Rose S. Lee (*pro hac vice*)
RoseLee@mofo.com
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Eric Nikolaides
ENikolaides@mofo.com
250 W. 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

Attorneys for Defendants
OPENAI INC., OPENAI LP, OPENAI LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, and OPENAI STARTUP FUND MANAGEMENT LLC

Dated: September 16, 2024 LATHAM & WATKINS LLP

By:   */s/ Elana Nightingale Dawson*
    Andrew Gass (*pro hac vice*)
    andrew.gass@lw.com
    Joseph R. Wetzel (*pro hac vice*)
    joe.wetzel@lw.com
    505 Montgomery Street, Suite 2000
    San Francisco, CA 94111
    Telephone: (415) 391-0600
    Facsimile: (415) 395-8095

    Sarang Damle
    sy.damle@lw.com
    Elana Nightingale Dawson (*pro hac vice*)
    elana.nightingaledawson@lw.com
    555 Eleventh Street NW
    Suite 100
    Washington, DC 20004
    Telephone: (202) 637-2200
    Facsimile: (202) 637-2201

    Allison Levine Stillman
    alli.stillman@lw.com
    1271 Avenue of the Americas
    New York, NY 10020
    Telephone: (212) 906-1200
    Facsimile: (212) 751-4864

    Attorneys for Defendants
    OPENAI INC., OPENAI LP, OPENAI LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, and OPENAI STARTUP FUND MANAGEMENT LLC

Dated: September 16, 2024                    KEKER, VAN NEST & PETERS LLP

                                             By: */s/ Christopher S. Sun*
                                                 Robert A. Van Nest (*pro hac vice*)
                                                 RVanNest@keker.com
                                                 R. James Slaughter (*pro hac vice*)
                                                 RSlaughter@keker.com
                                                 Paven Malhotra
                                                 PMalhotra@keker.com
                                                 Michelle S. Ybarra (*pro hac vice*)
                                                 MYbarra@keker.com
                                                 Nicholas S. Goldberg (*pro hac vice*)
                                                 NGoldberg@keker.com
                                                 Thomas E. Gorman (*pro hac vice*)
                                                 TGorman@keker.com
                                                 Katie Lynn Joyce (*pro hac vice*)
                                                 KJoyce@keker.com
                                                 Christopher S. Sun (*pro hac vice*)
                                                 CSun@keker.com
                                                 633 Battery Street
                                                 San Francisco, California  94111-1809
                                                 Telephone:  (415) 391-5400
                                                 Facsimile:  (415) 397-7188

                                                 Attorneys for Defendants
                                                 OPENAI INC., OPENAI LP, OPENAI
                                                 LLC, OPENAI GP LLC, OPENAI OPCO
                                                 LLC, OPENAI GLOBAL LLC, OAI
                                                 CORPORATION LLC, OPENAI
                                                 HOLDINGS LLC, OPENAI STARTUP
                                                 FUND I LP, OPENAI STARTUP FUND
                                                 GP I LLC, and OPENAI STARTUP
                                                 FUND MANAGEMENT LLC

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on September 16, 2024, I served a copy of:

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

  **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| | |
|---|---|
| Rachel Geman<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>250 Hudson Street, 8th Floor<br>New York, NY 10013-1413<br>Email: rgeman@lchb.com | Wesley Dozier<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>222 2nd Avenue, Suite 1640<br>Nashville, TN 37201<br>Email: wdozier@lchb.com |
| Reilly T. Stoler<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Phone: (415) 956-1000<br>Email: rstoler@lchb.com | Scott J. Sholder<br>CeCe M. Cole<br>COWAN DEBAETS ABRAHAMS & SHEPPARD LLP<br>41 Madison Avenue, 38th Floor<br>New York, NY 10010<br>Phone: (212) 974-7474<br>Email: ssholder@cdas.com<br>       ccole@cdas.com |
| Rohit Nath<br>SUSMAN GODFREY LLP<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Phone: (310) 798-3150 | J. Craig Smyser<br>SUSMAN GODFREY LLP<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Phone: (212) 336-8330 |
| Justin A. Nelson<br>Alejandra Salinas<br>SUSMAN GODFREY LLP<br>100 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>Phone: (713) 653-7802 | Charlotte Lepic<br>SUSMAN GODFREY LLP<br>One Manhattan West<br>50th Floor<br>New York, NY 10001 |
| Alter-AI-TT@simplelists.susmangodfrey.com | |
| *Attorneys for Fiction Author Class and Nonfiction Author Class* | |

| | |
|---|---|
| Annette L. Hurst<br>Daniel D. Justice<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>Phone: (415) 773-5700 | Christopher J. Cariello<br>Marc R. Shapiro<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>51 West 2nd Street<br>New York, NY 10019<br>Phone: (415) 773-5700 |
| Laura Najemy<br>Sheryl Garko<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>222 Berkeley Street, Suite 2000<br>Boston, MA 02116 | Jared B. Briant<br>FAEGRE DRINKER BIDDLE & REATH<br>1144 15th Street, Suite 3400<br>Denver, CO 80202<br>Phone: (303) 607-3588 |
| Jeffrey S. Jacobson<br>FAEGRE DRINKER BIDDLE & REATH<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Phone: (212) 248-3191 | |
| nyclassactions_microsoft_ohs@orrick.com;<br>MicrosoftNYClassActionFDBR@faegredrinker.com | |
| *Attorneys for Defendant Microsoft Corporation* | |

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Basking Ridge, New Jersey, this 16th day of September, 2024.

| | |
|---|---|
| Vincent M. Harrington | */s/ Vincent M. Harrington* |
| (typed) | (signature) |