# EXHIBIT D

**Freymann, Anna J.**

| | |
|---|---|
| **From:** | Charlotte Lepic (via Alter-AI-TT list) <Alter-AI-TT@simplelists.susmangodfrey.com> |
| **Sent:** | Monday, October 14, 2024 6:20 PM |
| **To:** | Jordan Connors; Craig Smyser; nyclassactions_microsoft_ohs@orrick.com; Alter-AI-TT@simplelists.susmangodfrey.com; MicrosoftNYClassActionFDBR@faegredrinker.com; Arbatman, Leeza |
| **Cc:** | Dupree, Andrea; Geman, Rachel; Dozier, Wesley; Stoler, Reilly T.; ssholder@cdas.com; ccole@cdas.com; OpenAICopyright; Lanham, John R.; Christopher S. Sun; Andrew S. Bruns; Wood, Emily Claire; KVPOAI@keker.com; openaicopyrightlitigation.lwteam@lw.com; Newman, Zak |
| **Subject:** | [EXT] Re: SERVICE: Authors Guild v. OpenAI, Inc. - SDNY No. 23-08292 & Alter v. OpenAI - SDNY No. 23-10211 |

Thanks, Leeza. A few reactions:

As an initial matter, we reiterate that your below response still fails to provide a position regarding RFPs 90-94 and the "which entities" issue more generally. Almost two weeks have elapsed since Jordan's email on this subject. Please provide a response as soon as possible.

RFP 37: We can agree that we will produce any such documents that are non-privileged in our possession, custody or control located after a reasonable search. Specifically, in addition to our existing search protocol, for each Bulletin article attributed to an AG employee or named plaintiff, we will run the following term: <"[title]" AND ("generative ai" OR "gen ai" OR "genai" OR LLM OR "large language model" OR openai)>. Please confirm that OpenAI will produce in response to this request.

RFP 98: Our recollection differs. Our notes suggest that it OpenAI that was going to propose a search protocol, including for the individuals who are not currently custodians, as you are of course in the best position to do. Since OpenAI has once again failed to propose such a protocol, we propose the following:
    1.    For individuals who are or become custodians, in addition to the search terms already agreed on, OpenAI will run the following terms:
        a.    (copyright* OR copywrite OR copywrited OR copyrights OR copyleft* OR safety OR job OR danger*) AND [[the names of each of the below individuals]]
        b.    "right to warn"
    2.    For individuals who are not custodians, OpenAI will search the following terms:

        a.    "fair use"
        b.    ((creat* OR destr* OR eliminat* OR los*) w/5 job*) w/40 (author* OR artist* OR creativ* OR writ*)
        c.    ((licens* OR pay OR paid OR steal*) w/15 ((work* w/3 copyright*) OR book))
        d.    copywrite OR copywrites OR copyleft* OR copywrited
        e.    Pirat* OR pirac*
        f.    (Copyright* w/10 (concern* OR issue* OR subject OR book* OR material* OR work* OR text* OR audio OR data))
        g.    "right to warn"
    3.    OpenAI will ask all these individuals about their communications regarding safety related issues, and based on those conversations will compile other search terms for this.
    4.    OpenAI will ask these individuals whether and how they communicated about safety-related issues, including whether there were designated group chats or Slack channels, and will collect and search those.

5. OpenAI will produce drafts of the public statement made at the following link: https://righttowarn.ai/ that are in their possession, custody, or control, and will search for internal communications relating to that statement.

Thanks,
Charlotte

_____

**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064  (o) | 646-421-3356 (m)

---

**From:** Arbatman, Leeza (via Alter-AI-TT list) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Sent:** Friday, October 11, 2024 12:01 PM
**To:** Jordan Connors <jconnors@SusmanGodfrey.com>; Craig Smyser <CSmyser@susmangodfrey.com>; nyclassactions_microsoft_ohs@orrick.com <nyclassactions_microsoft_ohs@orrick.com>; Alter-AI-TT@simplelists.susmangodfrey.com <Alter-AI-TT@simplelists.susmangodfrey.com>; MicrosoftNYClassActionFDBR@faegredrinker.com <MicrosoftNYClassActionFDBR@faegredrinker.com>
**Cc:** Dupree, Andrea <ADupree@mofo.com>; Geman, Rachel <rgeman@lchb.com>; Dozier, Wesley <wdozier@lchb.com>; Stoler, Reilly T. <rstoler@lchb.com>; ssholder@cdas.com <ssholder@cdas.com>; ccole@cdas.com <ccole@cdas.com>; OpenAICopyright <OpenAICopyright@mofo.com>; Lanham, John R. <JLanham@mofo.com>; Christopher S. Sun <CSun@keker.com>; Andrew S. Bruns <ABruns@keker.com>; Wood, Emily Claire <EWood@mofo.com>; KVPOAI@keker.com <KVPOAI@keker.com>; OpenAIcopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>; Newman, Zak <ZNewman@mofo.com>
**Subject:** RE: SERVICE: Authors Guild v. OpenAI, Inc. - SDNY No. 23-08292 & Alter v. OpenAI - SDNY No. 23-10211

EXTERNAL Email
Jordan,

Please find our counterproposals to Plaintiffs' RFPs No. 29, 34, 35, 37, 45, 52, 54, and 98 below.  Once you've had a chance to review, let us know when you would like to meet and confer to discuss live.

**Data access agreements.**  In **RFP 29**, Plaintiffs seek all documents "sufficient to show any deals, contracts, [and] agreements . . . concerning the licensing or purchase of data . . . to train ChatGPT."  The parties have ongoing discussions about productions of data access agreements in a separate thread and we think it makes sense to consolidate the discussion there.

**Retention agreements.**  In **RFPs 34 and 35,** Plaintiffs seek retention agreements between OpenAI and any law firms (without any temporal limitation), as well as retention agreements with MoFo and Latham between 2016 and 2022.  Plaintiffs' latest email confirms that the parties are still investigating the facts that underlie the purported relevance for this request, i.e., alleged spoliation.  Accordingly, this issue is not yet ripe.  We are happy discussing what productions, if any, make sense after we've resolved those underlying issues.

**Documents related to USPTO Comment on IP for AI innovation.**  In **RFP 37**, Plaintiffs seek all documents relating to the preparation of the comment OpenAI submitted in response to the USPTO's "request for comments on intellectual property protection for [AI] innovation," including documents provided to those who drafted the comment.  As previously stated, OpenAI will conduct a reasonable search for non-privileged documents in its possession, custody, or control that were relied upon in preparing the comment, provided that Plaintiffs agree to a reciprocal production.  During the meet and confer, Plaintiffs sought clarity about the parameters of the reciprocal production.  OpenAI refers Plaintiffs to RFP 41, which it served on Plaintiffs on March 22, 2024.  OpenAI requested "[a]ll documents and communications relating to any articles (including any notes, drafts, and final versions of articles)

2

published in The Authors Guild Bulletin relating to Generative AI." Plaintiffs limited their response to "final version of articles published in the Authors Guild Bulletin relating to Generative AI." Accordingly, OpenAI's compromise offer is contingent on Plaintiffs similarly producing documents related to any articles they published in the AG Bulletin relating to Generative AI.

**Conversion to for-profit entity.** In **RFP 45**, Plaintiffs seek all documents concerning OpenAI's "potential or actual conversion to a for-profit entity." This request is overly burdensome, duplicative, and seeks irrelevant information, but to compromise, OpenAI will produce documents that address (a) OpenAI's decision to form a for-profit entity, (b) OpenAI's efforts to secure investments or generate revenue, and (c) OpenAI's GPT products or OpenAI's GPT LLMs. OpenAI also flags for Plaintiffs that it has already agreed to produce documents about how OpenAI earns profits (e.g., RFP 49: We will conduct a reasonable search for relevant and non-privileged documents in our possession, custody, and control discussing or describing (i) how ChatGPT and relevant models can be or are used for OpenAI commercial uses and applications; and (ii) OpenAI's decision to integrate ChatGPT or relevant models in OpenAI's commercial products.)

**Outputs related to Plaintiffs' works.** In **RFP 52**, Plaintiffs seek all documents sufficient "to show the output of any [LLMs] created by [OpenAI] related to Plaintiffs' works." As OpenAI explained in the meet and confer on 9/30, this request poses a question of technical feasibility. OpenAI will follow up with Plaintiffs as it continues to investigate.

**ChatGPT terms of use.** In **RFP 54**, Plaintiffs seek all documents concerning OpenAI's decision to include, modify, or remove specific language from ChatGPT's terms and conditions asserting that OpenAI should log the privileged documents. Plaintiffs assert that this RFP seeks relevant information because it concerns "an additional way to gather Copyrighted works for use in training data." But OpenAI has already offered to conduct a reasonable search for non-privileged documents in its possession, custody, and control discussing how and why OpenAI curates different types of data to train OpenAI's relevant models. To reiterate, in performing that search, if OpenAI encounters non-privileged documents discussing the use of the identified provision to gather training data, it will produce them. But asking OpenAI to conduct a search specifically related to why it included, removed, or modified provisions of its terms of service would necessarily implicate predominantly privileged documents, making such a search disproportionate and unduly burdensome. Accordingly, OpenAI will not conduct a separate search for documents related to the terms of service.

**Statements made about copyrighted material and risks to creators.** In **RFP 98**, Plaintiffs seek all documents relating to statements made or concerns raised by specific OpenAI personnel about OpenAI's use of purportedly copyrighted material to train its LLMs, its alleged lack of sufficient internal controls with regards to the acquisition of training materials, and the general harm or risk to content creators posed by LLMs. In the last meet and confer, Plaintiffs suggested they would agree to propose search terms to run on the existing custodians' files to identify the information they seek in response to this RFP. OpenAI is waiting for Plaintiffs' proposal of these terms.

**Leeza Arbatman**
Associate
LArbatman@mofo.com
T +1 (925) 766-6920

**MORRISON FOERSTER**

---

**From:** Arbatman, Leeza
**Sent:** Tuesday, October 8, 2024 3:07 PM
**To:** 'Jordan Connors' <jconnors@SusmanGodfrey.com>; Craig Smyser <CSmyser@susmangodfrey.com>; nyclassactions_microsoft_ohs@orrick.com; Alter-AI-TT@simplelists.susmangodfrey.com; MicrosoftNYClassActionFDBR@faegredrinker.com
**Cc:** Dupree, Andrea <ADupree@mofo.com>; Geman, Rachel <rgeman@lchb.com>; Dozier, Wesley <wdozier@lchb.com>; Stoler, Reilly T. <rstoler@lchb.com>; ssholder@cdas.com; ccole@cdas.com; OpenAICopyright <OpenAICopyright@mofo.com>; Lanham, John R. <JLanham@mofo.com>; Christopher S. Sun <CSun@keker.com>;