# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUTHORS GUILD, *et al.*, individually and on behalf of other similarly situated,<br><br>        Plaintiffs,<br><br>            v.<br><br>OPENAI, INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION<br><br>        Defendants. | Case No. 1:23-cv-08292-SHS |
| JONATHAN ALTER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>            v.<br><br>OPENAI, INC., OPENAI GP LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, and MICROSOFT CORPORATION<br><br>        Defendants. | Case No. 1:23-cv-10211-SHS |

**PLAINTIFF THE AUTHOR GUILD'S RESPONSES TO DEFENDANT MICROSOFT CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**INTRODUCTION**

Plaintiff the Authors Guild ("Plaintiff") hereby provides its Responses to Defendant Microsoft Corporation's First Set of Requests for Production of Documents, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

All responses to the following Requests are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to supplement these responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure should additional information become available. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.

These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial. These responses are not an admission of any fact set forth or assumed by a Request. The inadvertent disclosure of any privileged information shall not be deemed a waiver of any applicable privilege with respect to such information or any other information.

## GENERAL OBJECTIONS

Plaintiff makes the following General Objections to the Requests, including the Definitions and Guidelines sections. Plaintiff's General Objections are incorporated into its responses to each specific Request made by Defendant.

1.      Plaintiff objects to the Requests to the extent they seek the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities.

2.      Plaintiff objects to the Requests to the extent that they seek information in which parties and/or non-parties have a legitimate expectation or right of privacy pursuant to statute or case law.

2

3.      Plaintiff objects to the Requests to the extent they seek to impose obligations on Plaintiff different from or beyond those required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiff will respond to the Requests pursuant to the requirements of Rule 26.

4.      Plaintiff objects to Defendant's definition of the term "Copyrighted Work" (Definition no. 13) as overbroad. Plaintiff will construe this term to mean "Fiction and Nonfiction Class Works" only.

5.      Plaintiff objects that the Requests were propounded on the Authors Guild without limitation, when the Authors Guild is not an organizational plaintiff. Instead, the Authors Guild is the owner of the registered copyrights in Mignon Eberhart's works. In this sense, each request is overbroad. Plaintiff construes these Requests as directed to the Authors Guild in its capacity as a literary estate. To the extent the Authors Guild agrees to produce documents other than those related to Ms. Eberhart's works, it produces those documents in its capacity as an interested third-party and for efficiency to avoid subpoena.

6.      Plaintiff objects to "all Documents and Communications" as overbroad.

In addition to the General Objections set forth above, Plaintiff will also state specific objections to Requests where appropriate, including objections that are not generally applicable to all Requests. By setting forth such specific objections, Plaintiff does not intend to limit or restrict the General Objections set forth above. To the extent that Plaintiff responds to Requests to which they object, such objections are not waived.

7.      Plaintiff objects to all Requests that do not specify a time limitation as unduly burdensome.

In addition to the General Objections set forth above, Plaintiff will also state specific objections to Requests where appropriate, including objections that are not generally applicable to

3

all Requests. By setting forth such specific objections, Plaintiff does not intend to limit or restrict the General Objections set forth above. To the extent that Plaintiff responds to Requests to which it objects, such objections are not waived.

## RESPONSE TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications relating to the registration of Your Copyrighted Works, including but not limited to the U.S. Copyright Registration Certificates, deposit copies, and correspondence with the Copyright Office pertaining to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to "[a]ll Documents and Communications" as overbroad. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities.

Subject to and without waiving these objections, Plaintiff will produce any copyright registrations, deposit copies, and correspondence with the Copyright Office pertaining to its Class Works in its custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to establish Your ownership of Your Copyrighted Works.

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to the term "ownership" as vague and ambiguous.

Subject to and without waiving these objections, Plaintiff will produce documents sufficient to establish ownership of copyright registration of its Class Works in its custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:**

A complete copy of each of Your Copyrighted Works in searchable electronic portable document format the contents of which can be readily accessed and copied without application of further technologies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to the phrase "without application of further technologies" as vague and ambiguous.

Subject to and without waiving these objections, Plaintiff will produce such electronic deposit copies of its Class Works in its custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:**

Documents constituting any executed or contemplated agreements regarding each of Your Copyrighted Works, including but not limited to any licenses, assignments, work for hire, options, or any other oral or written agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiff also objects to the term "agreements" as vague and ambiguous.

Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged publishing agreements and agreements for the derivative use of its Class Works in its custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:**

Documents and Communications regarding or constituting any arrangement or agreement by which You permitted a third party to reproduce, distribute, prepare derivative works from, publicly display or perform, or otherwise exploit Your Copyrighted Works, or any part thereof, regardless of whether the arrangement or agreement was commercial or non-commercial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiff also objects to this Request as duplicative of Request No. 4. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Documents and Communications regarding any compensation You have received for the reproduction, distribution, or other exploitation of each of Your Copyrighted Works by any other person or entity, including but not limited to, all sales reports, royalty reports, option payments, license payments, or any other Documents evidencing compensation owed and/or paid to You in connection with the exploitation of Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case

7

and/or not proportional to the needs of the case. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to the terms "compensation" and "exploitation" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope and relevance of this Request.

## REQUEST FOR PRODUCTION NO. 7:

Documents and Communications regarding projected or anticipated compensation for the exploitation of Your Copyrighted Works by any other person or entity, including but not limited to, sales projections, royalty projections, future licensing plans, or any other Documents evidencing projections of future compensation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to the terms "compensation" and "exploitation" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope and relevance of this Request.

## REQUEST FOR PRODUCTION NO. 8:

Documents sufficient to identify any of Your Copyrighted Works that You have authored in whole or in part but that have not yet been published, and any works authored in whole or in part by You in progress that are not yet completed.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request to the extent it violates its privacy and seeks proprietary information concerning forthcoming works.

Subject to and without waiving these objections, there are no responsive documents regarding the Class Works in its custody or control that could be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 9:

Documents and Communications relating to any efforts undertaken by You to enforce Your copyrights for any of Your Copyrighted Works against anyone, or to monitor for or investigate infringement of Your Copyrighted Works.

9

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities.

Subject to and without waiving these objections, Plaintiff will produce cease and desist letters and non-privileged documents related to plagiarism monitoring for its Class Works in its custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:**

Documents regarding the market for your Copyrighted Works, including Documents sufficient to show Your consumer base, gross revenues, overall market performance, market performance for purchases of print publications, market performance for purchases of digital publications, supply and demand, advertisement performance, or any related market studies or research, both before and after release of OpenAI's LLMs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to

this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request as unduly burdensome to the extent that responsive documents are available to both parties. Plaintiff further objects to the term "market" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Documents regarding the market for derivatives of Your Copyrighted Works, including Documents sufficient to show Your consumer base, gross revenues, overall market performance, market performance for purchases of print publications, market performance for purchases of digital publications, supply and demand, advertisement performance, or any related market studies or research, to the extent such market exists, both before and after release of OpenAI's LLMs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by

attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request as unduly burdensome to the extent that responsive documents are available to both parties.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Documents regarding the valuation of Your Copyrighted Works, both before and after release of OpenAI's LLMs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further

12

objects to the phrase "before and after release of OpenAI's LLMs" as vague and ambiguous as it does not specific a relevant time period or identify OpenAI's pertinent LLMs.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope and relevance of this Request.

## REQUEST FOR PRODUCTION NO. 13:

Documents or evidence You contend supports Your allegation that any of Your Copyrighted Works, in its entirety, was contained in any of the training datasets for any LLM.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's or another Party's possession, custody, or control or are more readily available to Defendant than to Plaintiff. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also object to the phrase "any LLM" as vague and ambiguous.

Subject to and without waiving these objections, Plaintiff will produce documents that evidence the Defendants' infringement of the Class Works in Plaintiff's custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:**

Documents evidencing the generation of any "accurate summary" of any portion of Your Copyrighted Works generated by ChatGPT, as alleged in the Consolidated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiff. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. This Request is also duplicative of Request No. 13.

Subject to and without waiving these objections, Plaintiff will produce documents that evidence the Defendants' infringement of the Class Works in Plaintiff's custody or control that could be located after a reasonable search.

14

**REQUEST FOR PRODUCTION NO. 15:**

A copy of each dataset (i.e., "Books1," "Books2") referenced in Paragraph 112 of the Consolidated Complaint that is in Your possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's or another Party's possession, custody, or control or are more readily available to Defendant than to Plaintiff.

Subject to and without waiving these objections, Plaintiff will produce any copies of the "Books1" or "Books2" dataset within its custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 16:**

Any index or description of each dataset (*i.e.*, "Books1," "Books2") referenced in Paragraph 112 of the Consolidated Complaint that is in Your possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by

15

attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's or another Party's possession, custody, or control or are more readily available to Defendant than to Plaintiff.

Subject to and without waiving these objections, Plaintiff will produce any copies of the "Books1" or "Books2" dataset within its custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 17:**

Documents concerning any investigations or Communications that You have had regarding the contents of each dataset (i.e., "Books1," "Books2") referenced in Paragraph 112 of the Consolidated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiff.

16

Subject to and without waiving these objections, Plaintiff will produce any responsive, non-privileged documents within its custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 18:**

Documents regarding any allegation in the Consolidated Complaint that Microsoft reproduced, distributed, exploited, or appropriated any of the Copyrighted Works to train any LLM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiff. Plaintiff further objects to the phrase "regarding any allegation," the term "exploit," and the phrase "any LLM" as overbroad, vague and ambiguous.

Subject to and without waiving these objections, Plaintiff will produce documents that evidence the Defendants' infringement of the Class Works in Plaintiff's custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:**

Documents regarding any allegation in the Consolidated Complaint that OpenAI reproduced, distributed, exploited, or appropriated any of the Copyrighted Works to train any LLM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's or another Party's possession, custody, or control or are more readily available to Defendant than to Plaintiff. Plaintiff further objects to the phrases "regarding any allegation" and "any LLM" as overbroad, vague and ambiguous.

Subject to and without waiving these objections, Plaintiff will produce documents that evidence the Defendants' infringement of the Class Works in Plaintiff's custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:**

Documents You contend support the allegation in Paragraph 137 of the Consolidated Complaint that Microsoft knew or "would have known that OpenAI's training data was scraped indiscriminately from the internet and included a massive quantity of pirated and copyrighted material, including a trove of copyrighted books."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiff.

Subject to and without waiving these objections, Plaintiff will produce responsive, non-privileged documents within its custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:**

Documents You contend support the allegation in Paragraph 139 of the Consolidated Complaint that Microsoft "has profited from OpenAI's infringement of content owned by Plaintiff and the proposed Class."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial.

19

Plaintiff further objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiff.

Subject to and without waiving these objections, Plaintiff will produce responsive, non-privileged documents within its custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 22:**

Documents regarding the allegation that Microsoft's conduct in this case was willful.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities such as (but not limited to) the common interest privilege or the spousal privilege. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to the extent that this Request seeks information in Defendant's possession, custody, or control. Plaintiff further objects to the phrase "regarding the allegation" as overbroad, vague and ambiguous.

Subject to and without waiving these objections, Plaintiff will produce documents that evidence the Defendants' infringement of the Class Works in Plaintiff's custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 23:**

Documents regarding Your use of ChatGPT, for any purpose.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's or another Party's possession, custody or control or are more readily available to Defendant than to Plaintiff. Plaintiff further objects to this Request to the extent that it violates its privacy rights.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 24:**

Documents and Communications regarding any harm or injury You claim to have suffered as a result of the conduct alleged in the Consolidated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or

21

immunities such as (but not limited to) the common interest privilege or the spousal privilege. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to the extent that this Request seeks information in Defendant's or another Party's possession, custody, or control, such as materials relevant to willfulness. Plaintiff further objects to the extent this Request is premature since Plaintiff has not yet elected damages.

Subject to and without waiving these objections, Plaintiff will produce non-privileged, responsive documents in its custody or control that could be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 25:

Documents and Communications regarding Your investigation of the allegations in the Consolidated Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiff. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 26:**

Documents or evidence You used to prompt ChatGPT in preparing the Consolidated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiff. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Request to the extent it seeks information that is publicly available to both parties. Plaintiff further objects to the phrase "used to prompt" as vague and ambiguous.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 27:**

Documents regarding Your prompting of ChatGPT to generate any summary, outline, or portion of Your Copyrighted Works, as alleged in the Consolidated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiff. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to the phrase "regarding Your prompting" as vague and ambiguous.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 28:**

Communications with any other author who was asked to be a named class member in these consolidated cases but declined.

24

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, common-interest privilege, or any other applicable privileges or immunities. Plaintiff also objects to this Request to the extent it seeks discovery from absent class members.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Documents regarding any author who has expressed views supportive of the exploitation of their works in connection with the development Generative AI Technologies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, common-interest privilege, or any other applicable privileges or immunities. Plaintiff further objects to the phrase "any author" as vague and ambiguous. Plaintiff further objects to the phrase "views supportive of the exploitation of their works in connection with the development of

25

Generative AI Technologies" as vague and ambiguous. Plaintiff also objects to this Request to the extent that it seeks discovery from absent class members.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to discuss the scope and relevance of this Request as it relates to Plaintiff and not absent class members.

**REQUEST FOR PRODUCTION NO. 30:**

Documents pertaining to any allegations or claims raised by or against You relating to intellectual property infringement or any assertions of intellectual property rights, including Documents pertaining to proceedings involving such claims in any forum (including civil, criminal, and bankruptcy proceedings, as well as arbitrations and other quasi-judicial proceedings) to which You are or were a party or testifying witness, including, but not limited to, Documents sufficient to identify such proceedings; copies of any witness statements, declarations/affidavits, deposition transcripts, or other written or oral testimony You provided (sworn or unsworn); and the Documents pertaining to the final disposition of the matter, whether by judgment, settlement, dismissal, or other conclusion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client

26

privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiff further objects to this Request to the extent it seeks information publicly available to either party. Plaintiff further objects to this Request to the extent it seeks information about any matter protected by court order.

Subject to and without waiving these objections, Plaintiff will produce any cease and desist letters or lawsuits filed against Plaintiff for its alleged infringement of any third-party rights with its Class Works in its custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 31:**

Documents identified by Plaintiff in Plaintiff's Rule 26(a)(1) Initial Disclosures and Amended Initial Disclosures that are in Your possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request as duplicative of previous Requests, including Request Nos. 2, 4, and 5, and incorporate objections to the same herein. Plaintiff also objects to this Request as overbroad. Plaintiff further objects to this Request to the extent it seeks information publicly available to either party. Plaintiff also objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's or another Party's possession, custody or control or are more readily available to Defendant than to Plaintiff.

Subject to and without waiving these objections, Plaintiff will produce responsive, non-privileged documents within its custody and control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 32:**

Documents and Communications You have exchanged with any person or entity concerning this litigation, including Documents and Communications regarding Your decision to become a plaintiff in these consolidated cases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 33:**

Documents regarding the Authors Guild's acquisition of copyright in The Authors Guild Copyrighted Works-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request

28

to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to the term "documents" as used in this Request as overbroad, vague, and ambiguous. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. This Request is also duplicative of Request No. 2.

Subject to and without waiving these objections, Plaintiff will search for and produce any assignment or other ownership-related documents related to its Class Works.

## REQUEST FOR PRODUCTION NO. 34:

Documents regarding the actual or potential licensing of Copyrighted Works by You, including any authors acting on Your behalf, in connection with Generative AI Technologies.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to the term "documents," the phrase "including any authors acting on Your behalf," and the phrase "in connection with Generative AI Technologies," used in this Request as vague and

29

ambiguous. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 35:**

Documents regarding the allegation in Paragraph 145 of the Consolidated Complaint that "[a]n Authors Guild member who writes marketing and web content reported losing 75 percent of their work as a result of clients switching to AI."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to this Request to the extent that it seeks discovery from absent class members.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to discuss the scope and relevance of this Request as it relates to Plaintiff.

**REQUEST FOR PRODUCTION NO. 36:**

Documents regarding The Authors Guild author earning study titled "Top Takeaways from the 2023 Author Income Survey (2023)" referenced in footnote 33 to Paragraph 144 of the Consolidated Complaint.

30

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to the term "documents" as overbroad, vague, and ambiguous. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial.

Subject to and without waiving these objections, Plaintiff will produce the survey and results referenced in Paragraph 144 of the Complaint.

**REQUEST FOR PRODUCTION NO. 37:**

Documents regarding The Authors Guild survey of authors conducted in March 2023 referenced in Paragraph 148 of the Consolidated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to the term "documents" as overbroad, vague, and ambiguous. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial.

Subject to and without waiving these objections, Plaintiff will produce the survey and results referenced in Paragraph 148 of the Complaint.

**REQUEST FOR PRODUCTION NO. 38**:

Documents sufficient to identify any other author earnings study commissioned or conducted by The Authors Guild, from January 1, 2019, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**:

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to the term "documents" as overbroad, vague, and ambiguous. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to this Request as overbroad to the extent is seeks documents from January 1, 2019 to present.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 39**:

Documents sufficient to identify any other study or survey regarding author compensation commissioned or conducted by The Authors Guild, from January 1, 2019, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**:

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by

3000026.2

attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to the term "documents" as overbroad, vague, and ambiguous. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to this Request as overbroad to the extent is seeks documents from January 1, 2019 to present.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to identify any other study or survey regarding Generative AI Systems commissioned or performed by The Authors Guild, from January 1, 2019, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to the term "documents" and the phrase "Generative AI Systems" as overbroad, vague, and ambiguous. Plaintiff also objects to the time period applicable to this Request as overbroad not proportional to the needs of the case. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to this Request as overbroad to the extent is seeks documents from January 1, 2019 to present.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to

discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 41:**

Documents regarding any other study, survey, or other research regarding the market for published works, regardless of whether conducted by The Authors Guild or some other entity, from January 1, 2019, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to the term "documents" as overbroad, vague, and ambiguous. Plaintiff further objects to this Request to the extent it seeks information that is publicly available to both parties. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to the time period applicable to this Request as overbroad not proportional to the needs of the case. Plaintiff also objects to this Request as overbroad to the extent is seeks documents from January 1, 2019 to present. Plaintiff also objects to the phrases "some other entity" and "other research" as used in this Request as overbroad, vague, and ambiguous.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 42:**

Documents submitted by The Authors Guild to any governmental entity regarding LLMs, including but not limited to, all Documents regarding the October 20, 2023, comments submitted

by the Authors Guild to the U.S. Copyright Office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to the term "documents" as overbroad, vague, and ambiguous. Plaintiff further objects to this Request to the extent it seeks information that is publicly available to both parties.

Subject to and without waiving these objections, Plaintiff will produce responsive non-privileged documents in its custody or control that can be located after a reasonable search.

Dated:  May 16, 2024          Respectfully submitted,

*/s/ Rachel Geman*
Rachel Geman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
rgeman@lchb.com

Reilly T. Stoler (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
rstoler@lchb.com

Wesley Dozier (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue, Suite 1640
Nashville, TN  37201
Telephone:  615.313.9000
wdozier@lchb.com

/s/ Justin Nelson
Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)

35

SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX  77002
Telephone: 713.651.9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
Telephone: 310.789.3100
rnath@susmangodfrey.com

J. Craig Smyser
SUSMAN GODFREY L.L.P.
1901 Avenue of the Americas, 32nd Floor
New York, New York  10019
Telephone: 212.336.8330
csmyser@susmangodfrey.com

*/s/ Scott Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York  10010
Telephone:  212.974.7474
ssholder@cdas.com
ccole@cdas.com

*Attorneys for Plaintiffs and the Proposed Classes*

36

3000026.2

## <u>PROOF OF SERVICE VIA ELECTRONIC MAIL</u>

On May 16, 2024, per the parties' agreements, I directed the following document to be

served via electronic mail:

**PLAINTIFF AUTHOR GUILD'S RESPONSES TO DEFENDANT MICROSOFT**
**CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

upon: nyclassactions_microsoft_ohs@orrick.com, and

MicrosoftNYClassActionFDBR@faegredrinker.com

*/s/ Wesley J. Dozier*

3000026.2