# EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, *et al.*, individually and on behalf of other similarly situated,<br><br>     Plaintiffs,<br><br>        v.<br><br>OPENAI, INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION<br><br>     Defendants. | Case No. 1:23-cv-08292-SHS |
| JONATHAN ALTER*, et al.*, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>        v.<br><br>OPENAI, INC., OPENAI GP LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, and MICROSOFT CORPORATION<br><br>     Defendants. | Case No. 1:23-cv-10211-SHS |

## PLAINTIFFS' RESPONSE TO DEFENDANT MICROSOFT CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

## INTRODUCTION

Plaintiffs Christian Baker Kline, Daniel Okrent, David Baldacci, Douglas Preston, Elin Hilderbrand, Eugene Linden, George R.R. Martin, George Saunders, Hampton Sides, James Shapiro, Jia Tolentino, Jodi Picoult, John Grisham, Jonathan Alter, Jonathan Franzen, Julian Sancton, Kai Bird, Mary Bly, Maya Shanbhag Lang, Michael Connelly, Rachel Vail, Rich Cohen,

Roxana Robinson, Scott Turow, Simon Winchester, Stacy Schiff, Sylvia Day, Taylor Branch, and Victor LaValle ("Plaintiffs") hereby provide their Responses to Defendant Microsoft Corporation's First Set of Requests for Production of Documents, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

All responses to the following Requests are based on information currently known to Plaintiffs and are provided without prejudice to Plaintiffs' right to supplement these responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure should additional information become available. Plaintiffs anticipate that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.

These responses are made in a good faith effort to supply such information as is presently known to Plaintiffs. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiffs' rights to rely on other facts or documents at trial. These responses are not an admission of any fact set forth or assumed by a Request. The inadvertent disclosure of any privileged information shall not be deemed a waiver of any applicable privilege with respect to such information or any other information.

## GENERAL OBJECTIONS

Plaintiffs makes the following General Objections to the Requests, including the Definitions and Guidelines sections. Plaintiffs' General Objections are incorporated into their responses to each specific Request made by Defendant.

1.      Plaintiffs object to the Requests to the extent they seek the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities.

2.      Plaintiffs object to the Requests to the extent that they seek information in which parties and/or non-parties have a legitimate expectation or right of privacy pursuant to statute or case law.

3.      Plaintiffs object to the Requests to the extent they seek to impose obligations on Plaintiffs different from or beyond those required by Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiffs will respond to the Requests pursuant to the requirements of Rule 26.

4.      Plaintiffs object to Defendant's definition of the term "Copyrighted Work" (Definition no. 13) as overbroad. Plaintiffs will construe this term to mean "Fiction and Nonfiction Class Works" only.

5.      Plaintiffs object to "all Documents and Communications" as overbroad.

In addition to the General Objections set forth above, Plaintiffs will also state specific objections to Requests where appropriate, including objections that are not generally applicable to all Requests. By setting forth such specific objections, Plaintiffs do not intend to limit or restrict the General Objections set forth above. To the extent that Plaintiffs respond to Requests to which they object, such objections are not waived.

## RESPONSE TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications relating to the registration of Your Copyrighted Works, including but not limited to the U.S. Copyright Registration Certificates, deposit copies, and correspondence with the Copyright Office pertaining to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiffs object to "[a]ll Documents and Communications" as overbroad. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities.

Subject to and without waiving these objections, Plaintiffs will produce any copyright registrations, deposit copies, and correspondence with the Copyright Office pertaining to their Class Works in their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to establish Your ownership of Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiffs further object to the term "ownership" as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs will produce documents sufficient to establish ownership of copyright registration of their Class Works in their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:**

A complete copy of each of Your Copyrighted Works in searchable electronic portable document format the contents of which can be readily accessed and copied without application of further technologies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiffs object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiffs further object to the phrase "without application of further technologies" as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs will produce final electronic copies of their Class Works in their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:**

Documents constituting any executed or contemplated agreements regarding each of Your Copyrighted Works, including but not limited to licenses, assignments, work for hire, options, or any other oral or written agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiffs object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiffs also object to the term "agreements" as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs will produce any responsive, non-privileged publishing agreements and agreements for the derivative use of their Class Works in their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:**

Documents and Communications regarding or constituting any arrangement or agreement by which You permitted a third party to reproduce, distribute, prepare derivative works from, publicly display or perform, or otherwise exploit Your Copyrighted Works, or any part thereof, regardless of whether the arrangement or agreement was commercial or non-commercial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiffs object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Request to the extent that it seeks information protected by a confidentiality

agreement with a third party. Plaintiffs also object to this Request as duplicative of Request No. 4. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

## REQUEST FOR PRODUCTION NO. 6:

Documents and Communications regarding any compensation You have received for the reproduction, distribution, or other exploitation of each of Your Copyrighted Works by any other person or entity, including but not limited to, all sales reports, royalty reports, option payments, license payments, or any other Documents evidencing compensation owed and/or paid to You in connection with the exploitation of Your Copyrighted Works.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Plaintiffs object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiffs also object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiffs further object to the terms "compensation" and "exploitation" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Documents and Communications regarding projected or anticipated compensation for the exploitation of Your Copyrighted Works by any other person or entity, including but not limited to, sales projections, royalty projections, future licensing plans, or any other Documents evidencing projections of future compensation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiffs object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiffs also object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiffs further object to the term "compensation" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify any of Your Copyrighted Works that You have authored in whole or in part but that have not yet been published, and any works authored in whole or in part by You in progress that are not yet completed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiffs also object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiffs further object to this Request to the extent it violates their privacy and seeks proprietary information concerning forthcoming works.

Subject to and without waiving these objections, there are no responsive documents regarding the Class Works in their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:**

Documents and Communications relating to any efforts undertaken by You to enforce Your copyrights for any of Your Copyrighted Works against anyone, or to monitor for or investigate infringement of Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiffs object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities.

Subject to and without waiving these objections, Plaintiffs will produce cease and desist letters and non-privileged documents related to plagiarism monitoring for their Class Works in their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:**

Documents regarding the market for Your Copyrighted Works, including Documents sufficient to show Your consumer base, gross revenues, overall market performance, market performance for purchases of print publications, market performance for purchases of digital publications, supply and demand, advertisement performance, or any related market studies or research for the Copyrighted Works, both before and after release of OpenAI's LLMs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiffs object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request as unduly burdensome to the extent that responsive documents are available to both parties. Plaintiffs further object to the term "market" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Documents regarding the market for derivatives of Your Copyrighted Works, including Documents sufficient to show Your consumer base, gross revenues, overall market performance, market performance for purchases of print publications, market performance for purchases of digital publications, supply and demand, advertisement performance, or any related market studies or research, to the extent such market exists, both before and after release of OpenAI's LLMs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiffs object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request as unduly burdensome to the extent that responsive documents are available to both parties.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Documents regarding the valuation of Your Copyrighted Works, both before and after release of OpenAI's LLMs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiffs object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to the phrase "before and after release of OpenAI's LLMs" as vague and ambiguous as it does not specific a relevant time period or identify OpenAI's pertinent LLMs.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Documents or evidence You contend supports Your allegation that any of Your Copyrighted Works, in its entirety, was contained in any of the training datasets for any LLM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiffs object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs further object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's or another Party's possession, custody, or control or are more readily available to Defendant than to Plaintiffs. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs also object to the phrase "any LLM" as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs will produce documents that evidence the Defendants' infringement of the Class Works in Plaintiffs' custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:**

Documents evidencing the generation of any "accurate summary" of any portion of Your Copyrighted Works generated by ChatGPT, as alleged in the Consolidated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiffs object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General

Objection No. 4. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs further object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiffs. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. This Request is also duplicative of Request No. 13.

Subject to and without waiving these objections, Plaintiffs will produce documents that evidence the Defendants' infringement of the Class Works in Plaintiffs' custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 15:**

A copy of each dataset (i.e., "Books1," "Books2") referenced in Paragraph 112 of the Consolidated Complaint that is in Your possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs further object to this Request as unduly burdensome to

the extent that responsive documents are already within Defendant's or another Party's possession, custody, or control or are more readily available to Defendant than to Plaintiffs.

Subject to and without waiving these objections, Plaintiffs will produce any copies of the "Books1" or "Books2" dataset within their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 16:**

Any index or description of each dataset (i.e., "Books1," "Books2") referenced in Paragraph 112 of the Consolidated Complaint that is in Your possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs further object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's or another Party's possession, custody, or control or are more readily available to Defendant than to Plaintiffs.

Subject to and without waiving these objections, Plaintiffs will produce any copies of the "Books1" or "Books2" dataset within their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 17:**

Documents concerning any investigations or Communications that You have had regarding the contents of each dataset (i.e., "Books1," "Books2") referenced in Paragraph 112 of the Consolidated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs further object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiffs.

Subject to and without waiving these objections, Plaintiffs will produce any responsive, non-privileged documents within their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 18:**

Documents regarding any allegation in the Consolidated Complaint that Microsoft reproduced, distributed, exploited, or appropriated any of the Copyrighted Works to train any LLM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any

other applicable privileges or immunities. Plaintiffs also object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs further object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiffs. Plaintiffs further object to the phrase "regarding any allegation" as overbroad, vague and ambiguous. Plaintiffs also object to the phrase "any LLM" as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs will produce documents that evidence the Defendants' infringement of the Class Works in Plaintiffs' custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:**

Documents regarding any allegation in the Consolidated Complaint that OpenAI reproduced, distributed, exploited, or appropriated any of the Copyrighted Works to train any LLM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs further object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's or another Party's possession, custody, or control or are more readily available to Defendant than to Plaintiffs. Plaintiffs further

object to the phrase "regarding any allegation" as overbroad, vague and ambiguous. Plaintiffs also object to the phrase "any LLM" as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs will produce documents that evidence the Defendants' infringement of the Class Works in Plaintiffs' custody or control that could be located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 20:

Documents You contend support the allegation in Paragraph 137 of the Consolidated Complaint that Microsoft knew or "would have known that OpenAI's training data was scraped indiscriminately from the internet and included a massive quantity of pirated and copyrighted material, including a trove of copyrighted books."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs further object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiffs.

Subject to and without waiving these objections, Plaintiffs will produce responsive, non-privileged documents within their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:**

Documents You contend support the allegation in Paragraph 139 of the Consolidated Complaint that Microsoft "has profited from OpenAI's infringement of content owned by Plaintiffs and the proposed Class."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs further object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiffs.

Subject to and without waiving these objections, Plaintiffs will produce responsive, non-privileged documents within their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 22:**

Documents regarding the allegation that Microsoft's conduct in this case was willful.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities such as (but not limited to) the common interest privilege or the spousal privilege. Plaintiffs further object to this Request insofar as it seeks information

related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs also object to the extent that this Request seeks information in Defendant's possession, custody, or control. Plaintiffs further object to the phrase "regarding the allegation" as overbroad, vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs will produce documents that evidence the Defendants' infringement of the Class Works in Plaintiffs' custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 23:**

Documents regarding Your use of ChatGPT, for any purpose.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiffs object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs further object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs also object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's or another Party's possession, custody or control or are more readily available to Defendant than to Plaintiffs. Plaintiffs further object to this Request to the extent that it violates their privacy rights.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 24:**

Documents and Communications regarding any harm or injury You claim to have suffered as a result of the conduct alleged in the Consolidated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiffs object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities such as (but not limited to) the common interest privilege or the spousal privilege. Plaintiffs further object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs also object to the extent that this Request seeks information in Defendant's or another Party's possession, custody, or control, such as materials relevant to willfulness. Plaintiffs further object to the extent this Request is premature since Plaintiffs have not yet elected damages.

Subject to and without waiving these objections, Plaintiffs will produce non-privileged, responsive documents in their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 25:**

Documents and Communications regarding Your investigation of the allegations in the Consolidated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or

any other applicable privileges or immunities. Plaintiffs also object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiffs. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 26:**

Documents or evidence You used to prompt ChatGPT in preparing the Consolidated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiffs. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs further object to this Request to the extent

it seeks information that is publicly available to both parties. Plaintiffs further object to the phrase "used to prompt" as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to discuss the scope and relevance of this Request.

## REQUEST FOR PRODUCTION NO. 27:

Documents regarding Your prompting of ChatGPT to generate any summary, outline, or portion of Your Copyrighted Works, as alleged in the Consolidated Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's possession, custody, or control or are more readily available to Defendant than to Plaintiffs. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs further object to the phrase "regarding Your prompting" as vague and ambiguous.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 28:**

Communications with any other author who was asked to be a named class member in these consolidated cases but declined.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiffs object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, common-interest privilege, or any other applicable privileges or immunities. Plaintiffs also object to this Request to the extent it seeks discovery from absent class members.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to discuss the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Documents regarding any author who has expressed views supportive of the exploitation of their works in connection with the development Generative AI Technologies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiffs object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, common-interest privilege, or any other applicable privileges or immunities. Plaintiffs further object to the phrase "any author" as vague and ambiguous. Plaintiffs further object that the phrase "views supportive of the exploitation of their

works in connection with the development of Generative AI Technologies" is vague and ambiguous. Plaintiffs also object to this Request to the extent that it seeks discovery from absent class members.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to discuss the scope and relevance of this Request as it relates to Plaintiffs and not absent class members.

**REQUEST FOR PRODUCTION NO. 30:**

Documents pertaining to any allegations or claims raised by or against You relating to intellectual property infringement or any assertions of intellectual property rights, including Documents pertaining to proceedings involving such claims in any forum (including civil, criminal, and bankruptcy proceedings, as well as arbitrations and other quasi-judicial proceedings) to which You are or were a party or testifying witness, including, but not limited to, Documents sufficient to identify such proceedings; copies of any witness statements, declarations/affidavits, deposition transcripts, or other written or oral testimony You provided (sworn or unsworn); and the Documents pertaining to the final disposition of the matter, whether by judgment, settlement, dismissal, or other conclusion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiffs object to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from

disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiffs further object to this Request to the extent it seeks information publicly available to either party. Plaintiffs further object to this Request to the extent it seeks information about any matter protected by court order.

Subject to and without waiving these objections, Plaintiffs will produce any cease and desist letters or lawsuits filed against Plaintiffs for their alleged infringement of any third-party rights with their Class Works in their custody or control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 31:**

Documents identified by Plaintiffs in Plaintiffs' Rule 26(a)(1) Initial Disclosures and Amended Initial Disclosures that are in Your possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiffs object to this Request as duplicative of previous Requests, including Request Nos. 2, 4, and 5, and incorporate objections to the same herein. Plaintiffs also object to this Request as overbroad. Plaintiffs further object to this Request to the extent it seeks information publicly available to either party. Plaintiffs also object to this Request as unduly burdensome to the extent that responsive documents are already within Defendant's or another Party's possession, custody or control or are more readily available to Defendant than to Plaintiffs.

Subject to and without waiving these objections, Plaintiffs will produce responsive, non-privileged documents within their custody and control that could be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 32:**

Documents and Communications You have exchanged with any person or entity concerning this litigation, including Documents and Communications regarding Your decision to become a plaintiff in these consolidated cases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiffs further object to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiffs also object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs further object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case.

Subject to and without waiving these objections, Plaintiffs are willing to meet and confer to discuss the scope and relevance of this Request.

Dated:  May 13, 2024          Respectfully submitted,

*/s/ Rachel Geman*
Rachel Geman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
rgeman@lchb.com
Reilly T. Stoler (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339

Telephone:  415.956.1000
rstoler@lchb.com

Wesley Dozier (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue, Suite 1640
Nashville, TN  37201
Telephone:  615.313.9000
wdozier@lchb.com

/s/ Justin Nelson
Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX  77002
Telephone: 713.651.9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
Telephone: 310.789.3100
rnath@susmangodfrey.com

J. Craig Smyser
SUSMAN GODFREY L.L.P.
1901 Avenue of the Americas, 32nd Floor
New York, New York  10019
Telephone: 212.336.8330
csmyser@susmangodfrey.com

/s/ *Scott Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York  10010
Telephone:  212.974.7474
ssholder@cdas.com
ccole@cdas.com

*Attorneys for Plaintiffs and the Proposed Classes*

## <u>PROOF OF SERVICE VIA ELECTRONIC MAIL</u>

On May 13, 2024, per the parties' agreements, I directed the following document to be

served via electronic mail:

**NONFICTION PLAINTIFFS' RESPONSE TO DEFENDANT MICROSOFT
CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION**

upon: nyclassactions_microsoft_ohs@orrick.com, and

MicrosoftNYClassActionFDBR@faegredrinker.com

*/s/Alejandra C. Salinas*
Alejandra C. Salinas
