# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>OPENAI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br><br>        Defendants. | INDEX NO. 1:23-cv-08292-SHS |

**PLAINTIFF AUTHORS GUILD'S CORRECTED RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**INTRODUCTION**

Plaintiff Authors Guild ("Plaintiff") hereby provides its Corrected Response to Defendant OpenAI OpCo's First Set of Requests for Production of Documents, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

All responses to the following Requests are based on information currently known to

the term. Plaintiff further would object to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case.

Plaintiff will await notification from Defendant as to whether this is a placeholder for a forthcoming Interrogatory, and, if Defendant wishes to amend the Request, Plaintiff is willing to meet and confer in a reasonable time shortly after the amendment.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications relating to Your decision to enter into any of the licenses You allege apply to Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities.  Plaintiff objects to the term Copyrighted Works as overbroad and irrelevant (General Objection No. 4), to the Request for "all Documents and Communications" as overbroad (General Objection No. 5), and to the term "license" as overbroad. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiff also objects to the term "apply" as used in this Request as vague and ambiguous, as is the phrase "Your decision," which suggests that Defendant seeks not the licenses, but documents, if any, that reveal the Plaintiff's thought process behind entering into the license in some undefined time period. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case.

2914924.1

Subject to and without waiving these objections, Plaintiff will search for and produce responsive non-privileged documents, if any exist.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications relating to the alleged reproduction, public display, or distribution of Your Copyrighted Works by any Defendant, including but not limited to reproduction, public display, or distribution by ChatGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 6). Plaintiff also objects to the term Copyrighted Works as overbroad and irrelevant (General Objection No. 4), to the Request for "all Documents and Communications" as overbroad (General Objection No. 5), and that it appears to ask about Defendants' reproducing, displaying, or distributing outside the context of the Defendants' Large Language Models (see "including but not limited to"). Plaintiff also objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request as unduly burdensome to the extent that responsive documents are already within Defendants' custody or control or are more readily available to Defendants than to Plaintiff. This Request is also duplicative of Request No. 3. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case.

Plaintiff refers to the response to Request No. 3 and will meet and confer as well, if needed.