# Exhibit 2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, *et al.*, individually and on behalf of other similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>OPENAI, INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION<br><br>  Defendants. | Case No. 1:23-cv-08292-SHS |
| JONATHAN ALTER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>OPENAI, INC., OPENAI GP LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, and MICROSOFT CORPORATION<br><br>  Defendants. | Case No. 1:23-cv-10211-SHS |

**PLAINTIFF THE AUTHOR GUILD'S RESPONSE TO DEFENDANT OPENAI OPCO, LLC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

### INTRODUCTION

Plaintiff the Authors Guild ("Plaintiff") hereby provides its Responses to Defendant OpenAI OpCo's Second Set of Requests for Production of Documents, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

- 1 -

2968629.2

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to show the total revenue You receive in connection with Your Asserted Works broken down by source, including without limitation revenue from sales of physical books, audiobooks, and eBooks, and revenues from licensing arrangements, for each month since the work's publication (or the commencement of the licensing agreement) to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. Plaintiff further objects to the term "revenue" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications relating to attempts to license Your Asserted Works for reproduction, preparation of derivative works, distribution, display, or performance by businesses (including, but not limited to, artificial intelligence companies, academic institutions, non-profit organizations, or other legal entities), including without limitation enterprise licenses, archive licenses, Generative AI licenses, and licenses for text and data mining.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to "[a]ll Documents and Communications" as overbroad. Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works and refers to General Objection No. 4. This Request is duplicative of Request No. 10.

Subject to and without waiving these objections, Plaintiff first acknowledges that it has already agreed to produce documents responsive to this Request in its Response to Defendant's First Set of Requests for Production and refers Defendant to those responses. Notwithstanding, Plaintiff is willing to meet and confer to discuss any non-duplicative documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications relating to Your efforts to make any of Your Published Works publicly available either in print or on the internet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiff objects to this Request as overbroad insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to