# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, *et al.*, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPEN AI INC., *et al.*,<br><br>Defendants. | Case No. 1:23-cv-08292-SHS |
| JONATHAN ALTER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPENAI, INC., *et al.*,<br><br>Defendants. | Case No. 1:23-cv-10211-SHS |

**PLAINTIFF AUTHORS GUILD RESPONSES TO DEFENDANT OPENAI, INC.'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 55 – 82)**

Plaintiff Authors Guild ("Plaintiff") hereby responds to Defendant OpenAI OpCo, LLC's ("Defendant") Sixth Set of Requests for Production of Documents and Things, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure.

All responses to the following Requests for Production are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to supplement these responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure should additional information become available. Plaintiff anticipates that as investigation and trial preparation

vague and ambiguous. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party. Plaintiff further objects to this Request as unduly burdensome insofar as it has no time limitation. Plaintiff also objects to this Request as unduly burdensome to the extent that is seeks information about parties outside the Plaintiff's control.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 58:**

Documents and Communications Regarding the past, current, or projected alleged market for Your Asserted Works, including Documents sufficient to show Your consumer base, gross revenues, overall market performance, market performance for purchases of print publications, market performance for purchases of digital publications, supply and demand, advertisement performance, or any related market studies or research for the Asserted Works, both before and after release of GPT Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Plaintiff objects to this Request as overbroad, irrelevant, disproportionate, and improper insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs

-6-

of the case. Plaintiff further objects to this Request as unduly burdensome insofar as it has no time limitation. Plaintiff further objects to this Request as unduly burdensome to the extent that responsive documents are available to both parties. Plaintiff further objects to the term "market" as used in this Request as vague and ambiguous.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 59:**

Documents and Communications Regarding the past, current, or projected market for derivatives of Your Asserted Works, including Documents sufficient to show Your consumer base, gross revenues, overall market performance, market performance for purchases of print publications, market performance for purchases of digital publications, supply and demand, advertisement performance, or any related market studies or research, to the extent such market exists, both before and after release of GPT Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Plaintiff objects to this Request as overbroad, irrelevant, disproportionate, and improper insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request as unduly burdensome insofar as it has no time

limitation. Plaintiff further objects to this Request as unduly burdensome to the extent that responsive documents are available to both parties. Plaintiff further objects to the terms "market" and "derivative" as used in this Request as vague and ambiguous. Plaintiff also objects to this Request to the extent that it seeks information protected by a confidentiality agreement with a third party.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 60:**

Documents and Communications Regarding the valuation of Your Asserted Works, both before and after release of GPT Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Plaintiff objects to this Request as overbroad, irrelevant, disproportionate, and improper insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff also objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects that term "valuation" is vague and ambiguous. Plaintiff further objects to this Request as unduly burdensome insofar as it has no time limitation.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope of this Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Plaintiff objects to this Request as overbroad, irrelevant, disproportionate, and improper insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff further objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff also objects to this Request to the extent that it seeks documents that are sealed or otherwise protected by court order. Plaintiff further objects to this Request as unduly burdensome insofar as it has no time limitation. Plaintiff further objects to this Request as unduly burdensome to the extent that responsive documents are available to both parties. This Request is also duplicative of prior Requests.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 74:**

Documents sufficient to identify each work (e.g. a book or novel) (including title, author, and date of creation) that You contend both (i) was generated using any GPT Service and (ii) competes in the market for Your Asserted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Plaintiff objects to this Request as overbroad, irrelevant, disproportionate, and improper insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request to the extent it seeks disclosure of information

that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff further objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this case and/or not proportional to the needs of the case. Plaintiff further objects to this Request as unduly burdensome insofar as it has no time limitation. Plaintiff further objects to this Request as unduly burdensome to the extent that responsive documents are available to both parties.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 75:**

Documents and Communications Regarding studies or surveys Regarding an alleged market for Published Works, regardless of whether conducted by Plaintiff or some other entity, from January 1, 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Plaintiff objects to this Request as overbroad, irrelevant, disproportionate, and improper insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works. Plaintiff further objects to this Request to the extent that it seeks information not relevant to the claims and defenses in this

case and/or not proportional to the needs of the case. Plaintiff also objects that the phrase "an alleged market for Published Works" is vague and ambiguous.

Subject to and without waiving these objections, Plaintiff is willing to meet and confer to clarify the scope of this Request.

**REQUEST FOR PRODUCTION NO. 76:**

Documents and Communications Regarding the allegation in Paragraph 145 of the Complaint that "[a]n Authors Guild member who writes marketing and web content reported losing 75 percent of their work as a result of clients switching to AI."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Plaintiff objects to this Request as overbroad, irrelevant, disproportionate, and improper insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart (General Objection No. 5). Plaintiff also objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunites such as (but not limited to) the common interest privilege or the spousal privilege. Plaintiff also objects to this Request to the extent it seeks information that is or may be the subject to expert discovery. Plaintiff further objects that this Request is duplicative of earlier Requests. Plaintiff also objects to this Request to the extent that it seeks discovery from absent class members. Plaintiff objects to Request for "all Documents and Communications" as overbroad.

Subject to and without waiving these objections, Plaintiff will search for and produce responsive non-duplicative and non-privileged documents within its custody or control.