KEKER VAN NEST & PETERS        LATHAM & WATKINS LLP        MORRISON FOERSTER

November 21, 2024

**VIA ECF**

Hon. Ona T. Wang
United States District Court
Southern District of New York

      Re:    *Authors Guild v. OpenAI Inc.*, 23-cv-8292 (S.D.N.Y.) and *Alter v. OpenAI Inc.*,
                23-cv-10211 (S.D.N.Y.): OpenAI Affiliates (ECF 261)

Dear Magistrate Judge Wang:

To justify their premature motion to compel documents concerning so-called "OpenAI affiliates," Plaintiffs spin a yarn of alleged obstruction that is contrary to the record.

As the operative complaint makes clear, OpenAI OpCo LLC ("OpCo") is the operating entity at the heart of this copyright infringement action.[1] But while Plaintiffs nevertheless sued **nine additional** OpenAI entities, including entities that are entirely unrelated to Plaintiffs' allegations,[2] OpenAI has not refused to provide relevant discovery. Indeed, Plaintiffs have served numerous requests for production ("RFPs") directed to all OpenAI defendants, and OpenAI has not withheld otherwise-relevant documents because they are held by non-OpCo entities.[3]

Moreover, contrary to Plaintiffs' assertions, OpenAI has already produced significant documents in response to the very RFPs at issue here. Through the instant motion, Plaintiffs seek an "order compelling OpenAI to produce . . . documents concerning the relationships between and among the[] entities." ECF 261 at 1. But OpenAI has already produced (among other things) organizational charts and operating agreements that fully address Plaintiffs' alleged need to "untangle [OpenAI's] complicated corporate structure." *Id*. at 3.

Nor has there been any "functional impasse" concerning the requests at issue. *Id*. at 1. Plaintiffs manufactured this alleged impasse by making a slew of new demands—two business days before moving to compel—without giving OpenAI a reasonable opportunity to respond. Indeed, even after Plaintiffs filed the instant motion, OpenAI has offered to conduct a reasonable search for additional categories of documents, as noted below.

To the extent Plaintiffs seek documents beyond what has already been produced or promised, the

---

[1] *See, e.g.*, ECF 46, ¶ 421 (alleging that OpenAI Inc. and OpenAI GP LLC are vicariously liable for OpCo's allegedly infringing activities).

[2] Plaintiffs implicitly acknowledge that at least three of these entities—OpenAI Startup Fund I LP; OpenAI Startup Fund GP I LLC; and OpenAI Startup Fund Management LLC ("the Fund Entities")—are irrelevant here, because they "do not seek documents about those entities in this motion." ECF 261 n.1.

[3] *See, e.g.*, ECF 262-2 at RFP Nos. 74, 80, 84.

motion to compel should be denied. As written, the RFPs are facially overbroad and seek disproportionate discovery that goes well beyond the secondary liability issues to which Plaintiffs claim these requests are relevant. *See* ECF 261 at 3.

I.      **There is no ripe dispute for the Court to resolve.**

Before Plaintiffs declared a unilateral impasse, the parties had been working diligently and cooperatively to reach a mutually agreeable resolution. In furtherance of those discussions, in October, OpenAI agreed to produce a core set of documents, including corporate formation documents, operating agreements, and financial statements encompassing the relevant business operations. ECF 261-4. OpenAI also agreed to continue conferring with Plaintiffs about what additional documents, if any, they might need after they had reviewed the documents. *Id*.

OpenAI heard nothing from Plaintiffs for weeks, until two business days before they filed this motion. ECF 21-6. In that correspondence, Plaintiffs vowed to move to compel unless OpenAI agreed to produce a slew of additional documents, including many that are neither relevant nor responsive. *Id.*[4] At the parties' subsequent meet and confer on November 18, OpenAI confirmed that it was evaluating Plaintiffs' requests and that the parties were not at an impasse. *See* Dfts' Ex. A. OpenAI also suggested that the parties discuss a stipulation that might address Plaintiffs' concerns regarding secondary liability, which is the only basis for these RFPs. *Id*. Later the same day, Plaintiffs filed the instant motion.

Even after Plaintiffs filed their premature motion, OpenAI remains willing to perform a reasonable search for additional categories of documents requested by Plaintiffs, as described below. In sum, there has been no impasse, and there is no ripe dispute for the Court to resolve. Plaintiffs' motion should be denied for that reason alone. The parties can likely resolve any lingering disagreements in further meet and confer discussions as they could have, and should have, done in the first place.

II.     **Should the Court reach the merits, Plaintiffs' motion should be denied.**

Although the Court need not delve into the merits of Plaintiffs' motion, should it choose to do so, the motion should be denied. As described below, the RFPs at issue are facially overbroad. They seek discovery well beyond the narrow secondary liability issues to which these requests are purportedly relevant. As just one example, Plaintiffs assert that the requested documents are needed to establish vicarious liability for the seven OpenAI entities they identify, even though their Complaint only asserts vicarious liability against *two* of those seven entities. D.E. 261 at 3. And that isn't the only defect plaguing Plaintiffs' requests.

**RFP No. 90.** This request is overbroad in that it seeks all instruments effectuating or memorializing the contribution, transfer, or assignment of assets or liabilities among entities, regardless of whether those instruments relate to Plaintiffs' secondary theories of liability. Plaintiffs assert that the requested documents will help show each entity's financial interest in, knowledge of, and contribution to the allegedly infringing activities. But they never once explain how. Entities can transfer assets and liabilities for a variety of reasons, almost none of which

---

[4] For example, Plaintiffs attached a spreadsheet listing dozens of so-called "missing" documents, including facially irrelevant and non-responsive insurance policies and cloud service agreements. Plaintiffs have never explained why these documents are relevant and instead appear to be demanding them simply because they were purportedly "referenced" in other documents. ECF 261-6.

have anything to do with the infringement Plaintiffs allege here. In any event, Plaintiffs have never explained why the documents OpenAI has already produced—including operating agreements—are insufficient for that limited purpose. Nevertheless, to resolve the dispute, OpenAI will agree to produce documents sufficient to show agreement terms that effectuate the contribution, transfer, or assignment of assets or liabilities among the non-Fund entities.[5] Plaintiffs should not need more.

**RFP No. 91.** As written, this request is overbroad insofar as it seeks documents relating to the flow of cash, losses, and profits between entities, regardless of whether any such "flow" reasonably relates to any relevant issue. As with RFP 90, Plaintiffs assert that these documents concern each entity's financial interest in, knowledge of, and contribution to the allegedly infringing activities but decline to describe how. Nor can they explain why they need documents beyond those produced already. Even so, and to allay any doubts, OpenAI will agree to produce what Plaintiffs claim to need: documents sufficient to show whether and to what extent the non-Fund Entities derive profits or bear financial losses from the relevant models reproducing, distributing, displaying, or creating derivative works of Plaintiffs' copyrighted works.

**RFP No. 92.** This request, too, is overbroad because it seeks documents relating to operational meetings and information exchanged between entities, regardless of what those meetings and information concern. OpenAI has already offered to conduct a reasonable search of OpenAI, Inc.'s official board minutes and will produce those minutes to the extent they fall within the scope of what OpenAI has otherwise agreed to produce, subject to certain conditions laid out in the parties' correspondence. *See* ECF 261-4. OpenAI will also extend that offer to cover minutes of the board of directors (or the equivalent) for each of the other non-Fund Entities, which is what Plaintiffs demanded in the parties' most recent meet and confer. *See* ECF 261-6 at 2.

**RFP No. 93.** This request seeks financial statements from each OpenAI entity. But OpenAI has already produced its consolidated, audited financial statements encompassing the relevant business operations. ECF 261-4 & 261-6. And Plaintiffs cannot explain why they need more or why documents already produced (*e.g.*, operating agreements) do not sufficiently address the narrow secondary liability issues to which this request purportedly relates. To the extent they purportedly need additional documents regarding "financial interest," OpenAI has already agreed to search for those documents in response to RFP No. 91 above.

**RFP No. 94.** Plaintiffs identify this request for operating agreements in their motion, but do not demand additional documents. Nor could they. OpenAI has already produced the operative operating agreements for each entity identified in Plaintiffs' motion. Accordingly, there is no dispute for the Court to resolve.

As the record shows, OpenAI has not refused to provide relevant discovery, but has instead bent over backwards to resolve these disputes in a reasonable and productive manner. If Plaintiffs seek documents beyond those that have already been produced or promised, the Court should deny the motion outright or order the parties to continue their unfinished meet-and-confer.

---

[5] The standard caveats apply to all of OpenAI's offers: production will be limited to non-privileged documents that are in OpenAI's possession, custody, and control that result from a reasonable search.

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON FOERSTER |
|---|---|---|
| */s/Christopher Sun* | */s/Elana Nightingale Dawson* | */s/Carolyn Homer* |
| Christopher Sun | Elena Nightingale Dawson | Carolyn Homer |