# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,

        Plaintiffs,

v.

OPENAI INC., OPENAI LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, and OPENAI STARTUP FUND MANAGEMENT LLC,

        Defendants.

| **DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
|---|
| No. 1:23-cv-08292-SHS |

---

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Defendants OpenAI, Inc., OpenAI OpCo LLC, OpenAI GP LLC, OpenAI LLC, OpenAI Global LLC, OAI Corporation LLC, OpenAI Holdings LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund GP I LLC, and OpenAI Startup Fund Management LLC (collectively, "OpenAI") hereby object and respond to Plaintiffs First Set of Requests for Production of

-1-

stored information before an applicable ESI protocol has been entered.  OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," regarding OpenAI's "use of commercial works of fiction to train [its] LARGE LANGUAGE MODELS" as overly broad, unduly burdensome, and disproportionate to the needs of this case.  OpenAI also objects to the phrases "use" and "commercial works of fiction" as vague and ambiguous and overly broad.  OpenAI objects to this request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS CONCERNING or RELATING TO YOUR policies or procedures CONCERNING or RELATING TO receiving, processing, or responding to complaints regarding YOUR use of purportedly copyrighted material in training YOUR LARGE LANGUAGE MODELS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case.  OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," regarding OpenAI's "policies and procedures" about its alleged "use of purportedly copyrighted material in training [its]

LARGE LANGUAGE MODELS" as overly broad, unduly burdensome, and disproportionate to the needs of this case.  OpenAI also objects to "complaints" as vague and ambiguous and overly broad.  OpenAI objects to this request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing General and Specific Objections, OpenAI will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search, sufficient to show OpenAI's procedure governing formal, written complaints regarding the use of purportedly copyrighted material in training, after the entry of a protective order in this case.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS CONCERNING or RELATING TO any complaints YOU have received regarding YOUR use of purportedly copyrighted material in training YOUR LARGE LANGUAGE MODELS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case.  OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," regarding "any complaints YOU have received regarding YOUR use of purportedly copyrighted material in training YOUR LARGE LANGUAGE MODELS" as overly broad, unduly burdensome, and disproportionate to the needs of this case.  OpenAI objects to the phrases "complaints" and "use of purported

copyrighted material" as vague and ambiguous.  OpenAI objects to this request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.  OpenAI further objects to this request on the grounds that it seeks identifying information for putative class members before a class has been certified.

Subject to the foregoing General and Specific Objections, OpenAI will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search, sufficient to show the receipt of formal, written complaints it received regarding the use of purportedly copyrighted material in training, after the entry of a protective order in this case.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS CONCERNING or RELATING TO any responses YOU have made to the complaints described in Request Nos. 7 and 8.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case.  OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," regarding "any responses YOU have made to the complaints described in Request Nos. 7 and 8" as overly broad, unduly burdensome, and disproportionate to the needs of this case.  OpenAI objects to "responses" and "complaints" as vague and ambiguous and overly broad.  OpenAI objects to this request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine,

-14-

common-interest privilege, or any other applicable privilege or protection. OpenAI further objects to this request on the grounds that it seeks identifying information for putative class members before a class has been certified.

Subject to the foregoing General and Specific Objections, OpenAI will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search, sufficient to show responses, if any, to formal, written complaints it received regarding the use of purportedly copyrighted material in training, after the entry of a protective order in this case.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to explain whether and to what extent or in what form books, in whole or in part, in any form, format, or language, reside in, are stored in, or otherwise exist within YOUR LARGE LANGUAGE MODELS in a manner that is readable or understandable to the LLM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," regarding "whether and to what extent or in what form books . . . reside in, are stored in, or otherwise exist within YOUR LARGE LANGUAGE MODELS . . . that is readable or understandable to the LLM" as vague and ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this request as seeking information and/or documents that are not relevant to

-15-

| | |
|---|---|
| Dated: December 22, 2023 | MORRISON & FOERSTER LLP |

By: /s/ Joseph C. Gratz

Joseph C. Gratz (*pro hac vice*)
JGratz@mofo.com
425 Market Street
San Francisco, CA  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

Andrew M. Gass (*pro hac vice*)
Andrew.Gass@lw.com
Joseph R. Wetzel (*pro hac vice*)
Joe.Wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California  94111
Telephone:  415.391.0600

Sarang V. Damle (*pro hac vice*)
Sy.Damle@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:  202.637.2200

Allison L. Stillman
Alli.Stillman@lw.com
1271 Avenue of the Americas
New York, New York  10020
Telephone:  212.906.1200

Attorneys for Defendants
