# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>OPENAI INC., OPENAI LP, OPENAI LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, and OPENAI STARTUP FUND MANAGEMENT LLC,<br><br>                    Defendants. | **DEFENDANTS' RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>No. 1:23-cv-08292-SHS |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LCC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,<br><br>                    Defendants. | No. 1:23-cv-10211-SHS |

**REQUEST FOR PRODUCTION NO. 25:**

To the extent not already requested, DOCUMENTS and COMMUNICATIONS reflecting or discussing your response to any allegations that CHATGPT directly reproduced potentially copyrighted material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this request for "COMMUNICATIONS," as defined in the Requests as "the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information," as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI objects to the terms "response" and "allegations" as vague and ambiguous. OpenAI objects to the extent that the Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search sufficient to show responses, if any, to formal, written complaints it received regarding the use of purportedly copyrighted material in training, after the entry of a protective order in this case.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS and COMMUNICATIONS exchanged between YOU and MICROSOFT CONCERNING the use of purportedly copyrighted material in training CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this request for "COMMUNICATIONS," as defined in the Requests as "the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information," as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI objects to this request as seeking information and/or documents that are not relevant to any claim or defense in this litigation and/or that are not proportional to the needs of this case.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS and COMMUNICATIONS sufficient to identify any efforts to mitigate and/or remedy instances in which YOU purportedly used copyrighted material without permission in training CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this request for "COMMUNICATIONS," as defined in the Requests as "the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information," as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI objects to the phrases "efforts to mitigate," "remedy" and "instances in which you purportedly used copyrighted material" as vague and ambiguous. OpenAI objects to the extent that the Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law. OpenAI objects to the extent that the Request necessarily assumes that OpenAI required permission to use copyrighted material in training ChatGPT.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS and COMMUNICATIONS sufficient to identify any changes made to internal systems in response to any allegations that YOU used copyrighted material without permission in training CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this request for "COMMUNICATIONS," as defined in the Requests as "the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information," as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI objects to the phrases "internal systems" and "allegations" as vague and ambiguous. OpenAI objects to the extent that the Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search sufficient to show any changes made to internal systems in response to any allegations that OpenAI used copyrighted material without permission in training ChatGPT, after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS and COMMUNICATIONS sufficient to show any deals, contracts, agreements, negotiations, memoranda of understanding, or deal points, whether finalized or not,

Subject to the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this request.

Dated: February 28, 2024            By:    /s/ Joseph C. Gratz
                                              Joseph C. Gratz

**MORRISON & FOERSTER LLP**
JOSEPH C. GRATZ (*pro hac vice*)
JGratz@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

**LATHAM & WATKINS LLP**
ANDREW M. GASS
Andrew.Gass@lw.com
JOSEPH R. WETZEL
Joe.Wetzel@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone:    (415) 391-0600

SARANG VIJAY DAMLE
Sy.Damle@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:    (202) 637-2200

ALLISON L. STILLMAN
Alli.Stillman@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone:    (212) 751-4864

*Attorneys for Defendants*
OPENAI INC., OPENAI LP, OPENAI LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, and OPENAI STARTUP FUND MANAGEMENT LLC