



November 22, 2024

<u>**VIA ECF**</u>

Honorable Ona T. Wang
United States District Court
500 Pearl Street
New York, NY 10007

Re:     *Authors Guild v. OpenAI Inc.*, No. 23-cv-8292 and *Alter v. Open AI Inc.*, 23-cv-10211
(S.D.N.Y.): Motion to Seal Microsoft's Response to Letter Motion Regarding Data
Working Group

Dear Magistrate Judge Wang:

Pursuant to Rule IV.a of Your Honor's Individual Practices, Microsoft submits this Letter
Motion to seal in connection with documents referenced in Microsoft's contemporaneously filed
response to Plaintiffs' letter motion regarding the data working group. The redactions in
Microsoft's response describe and attach documents that Microsoft produced in discovery and
designated as Highly Confidential – Attorneys Eyes Only under the Protective Order in this matter.
For the reasons stated below and articulated in the supporting declaration of Lucky Vidmar,
Microsoft respectfully requests the Court grant this Motion for leave to file under seal.

Microsoft moves to seal limited portions of Microsoft's response that reference or
summarize confidential materials, as illustrated by the redactions to the response, and Exhibit B to
Microsoft's response. Although "[t]he common law right of public access to judicial documents is
firmly rooted in our nation's history," this right is not absolute and courts "must balance competing
considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d
110, 119–20 (2d Cir. 2006). "The proponent of sealing 'must demonstrat[e] that closure is essential
to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein v. Bernstein
Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times
Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "[T]he presumption of public access in filings submitted
in connection with discovery disputes . . . is generally somewhat lower than the presumption
applied to material introduced at trial, or in connection with dispositive motions . . . ." *Brown v.
Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "[W]hile a court must still articulate specific and
substantial reasons for sealing such material, the reasons usually need not be as compelling as
those required to seal summary judgment filings." *Id.*

To the extent the response contains descriptions of exhibits to the letter motion or the
response, which are highly confidential documents, such disclosure would unfairly prejudice
Microsoft. As discussed in the joint letter motion to seal Plaintiffs' letter brief (Dkt. 258) and
accompanying supporting declaration thereto (Dkt. 258-1), Exhibits 1 and 3 to Plaintiffs' letter
brief, which have been designated as Highly Confidential – Attorneys' Eyes Only pursuant to the
Protective Order, contain highlight confidential information about the terms of Microsoft's
agreement with OpenAI and Microsoft's ongoing business relationship with OpenAI. Likewise,
Exhibit B to the response, which has been designated as Highly Confidential – Attorneys' Eyes

Honorable Ona T. Wang                    - 2 -                    November 22, 2024

Only pursuant to the Protective Order, contains highly confidential information about the terms of Microsoft's agreement with OpenAI and Microsoft's ongoing business relationship with OpenAI. *See* Declaration of Lucky Vidmar. Also discussed in a joint letter motion to seal Plaintiffs' letter brief (Dkt. 259) and accompanying supporting declaration thereto (Dkt. 259-1), Exhibit 2 (OPCO_SDNY_0012381) to Plaintiffs' letter brief contains communications, under NDA, between OpenAI employees and Microsoft about business strategy. OpenAI treats this document as confidential and does not generally disclose similar documents to the public. Microsoft requests that any redacted portions of Microsoft's response describing these documents be sealed from the public and the exhibits referenced above be sealed in their entirety.

The information Microsoft seeks to seal and redact is the type of information commonly found to warrant sealing. *See Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (finding that requested redactions were "narrowly tailored to protect competitive business information, including the non-public terms of [various agreements]" and concluding "that the sensitivity of this information outweighs the presumption of access"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted) (concluding that proposed redactions were "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'").

Accordingly, Microsoft respectfully requests that the Court grant this motion for leave to file under seal.

Respectfully submitted,                    Respectfully submitted,

*/s/  Annette L. Hurst*                      */s/  Jared B. Briant*

Annette L. Hurst                             Jared B. Briant

*Counsel for Defendant Microsoft Corporation*