# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, et al.<br><br>    Plaintiffs,<br><br>    v.<br><br>OPEN AI INC., et al.,<br><br>    Defendants.<br><br>JONATHAN ALTER, et al.<br><br>    Plaintiffs,<br><br>    v.<br><br>OPEN AI INC., et al.,<br><br>    Defendants | ECF CASE<br><br>No. 1:23cv-08292-SHS-OTW<br>No. 1:23-cv-10211-SHS-OTW<br><br><br><br>**DEFENDANT MICROSOFT CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**DEFENDANT MICROSOFT CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Microsoft Corporation ("Microsoft") responds to Plaintiffs' Second Set of Requests for Production of Documents ("Requests") as follows:

**GENERAL OBJECTIONS**

Microsoft's responses are subject to the following objections to the "Definitions" and "Instructions" provided with the Requests, each of which is hereby incorporated by reference into Microsoft's responses below. If Microsoft objects to a definition of a term and that term is used in the definition of a subsequent term, Microsoft's objections to the term used in the subsequent definition are incorporated by reference therein.

**REQUEST FOR PRODUCTION NO. 76:**

**Documents** sufficient to identify all individuals involved in copying the "Development Materials"—as defined in the Second Amended JDCA—for storage in **Your** secure repository, as set forth in Section 3(h)(iv) the Second Amended JDCA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft further objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it requests information related to the relationship between Microsoft and OpenAI that does not bear any relation to the allegations in the Consolidated Complaint.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to identify any individuals involved in copying any "Development Materials," as defined in the Second Amended JDCA, for storage in any secure repository of Microsoft related to the Relevant Generative AI Models.

**REQUEST FOR PRODUCTION NO. 77:**

All **Documents Concerning** or **Relating to** the Data Working Group, as referenced in the Second Amended JDCA, including but not limited to all **Communications** among members of, meeting minutes of, and data policies compiled by the Data Working Group.

**RESPONSE FOR REQUEST FOR PRODUCTION NO. 77:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft also objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents" and "all Communications." Microsoft further objects to this Request as irrelevant and/or vague,

39

ambiguous, overly broad, and not proportional to the needs of the case to the extent it requests information related to the relationship between Microsoft and OpenAI that does not bear any relation to the allegations in the Consolidated Complaint.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning Microsoft's involvement in the Data Working Group as it relates to the Relevant Generative AI Models.

**REQUEST FOR PRODUCTION NO. 78:**

All **Documents** created in the course of the Governing Board's—as referenced in the Second Amended JDCA—duties, including but not limited to meeting minutes, memorandum and **Communications**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Microsoft incorporates by reference and reasserts its General Objections to Plaintiffs' "Definitions" set forth above. Microsoft also objects to the Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Documents." Microsoft further objects to this Request as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it requests information related to the relationship between Microsoft and OpenAI that does not bear any relation to the allegations in the Consolidated Complaint.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning Microsoft's involvement in Governing Board as it relates to the Relevant Generative AI Models.

Dated: September 13, 2024               Respectfully submitted,

/s/ Jared B. Briant
Jared B. Briant (Admitted Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jared.briant@faegredrinker.com

Annette L. Hurst (Admitted Pro Hac Vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: ahurst@orrick.com

Sheryl Garko (Admitted Pro Hac Vice)
Laura Najemy (Admitted Pro Hac Vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkley Street
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 880-1801
Email: sgarko@orrick.com
       lnajemy@orrick.com

Christopher Cariello
Marc Shapiro
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com
       mrshapiro@orrick.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*

41