# Exhibit A

| | |
|---|---|
| **From:** | Charlotte Lepic |
| **To:** | Lanham, John R. |
| **Cc:** | Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com); Ranieri, Vera; OpenAIcopyrightlitigation.lwteam@lw.com; OpenAICopyright; KVPOAI@keker.com |
| **Subject:** | Re: AG v OAI - models |
| **Date:** | Tuesday, November 19, 2024 2:52:41 PM |

**External Email**

John,

Plaintiffs made no such representation. We offered that we would file by midnight pacific yesterday *if* Defendants agreed to do the same. Defendants never responded to that email.

Research and non-commercial models, like models that Defendants commercialised, may have infringed Plaintiffs copyrights. They are part of Plaintiffs' claims and discovery on them is relevant.

If Defendants do not wish to meet and confer this week, that's fine — just let us know a good time.

Best,
Charlotte

_____

**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064  (o) | 646-421-3356 (m)

**From:** Lanham, John R. <JLanham@mofo.com>
**Sent:** Tuesday, November 19, 2024 4:43 PM
**To:** Charlotte Lepic <CLepic@susmangodfrey.com>
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>; Ranieri, Vera <VRanieri@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com <KVPOAI@keker.com>
**Subject:** RE: AG v OAI - models

**EXTERNAL Email**
Charlotte,
Even now Plaintiffs are failing to engage with us on any discussion of relevance of "research and non-commercial models," a specific issue that was injected into the discussion just this weekend, or engage with us on the August agreement that a supplement to Interrogatory No. 10 was not currently necessary.  Filing the threatened motion would be an inappropriate use of the parties' and

the Court's resources (and, we note, inconsistent with your representation that Plaintiffs would file their motions on November 18).

It is also not reasonable for Plaintiffs to both file a motion and expect us to use time during the short opposition period to confer on the same issue. Motion practice will necessarily consume resources that would be better spent conferring and preparing the interrogatory supplement that we've offered. If you file a motion, we expect that we can be available to confer after the filing of our opposition and after the holiday week.

Sincerely,

**John Lanham**
Morrison & Foerster LLP
12531 High Bluff Drive | San Diego, CA 92130-2040
P: +1 (858) 314.7601 | F: +1 (858) 523.2803
JLanham@mofo.com | www.mofo.com

---

**From:** Charlotte Lepic <CLepic@susmangodfrey.com>
**Sent:** Tuesday, November 19, 2024 11:45 AM
**To:** Lanham, John R. <JLanham@mofo.com>
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>; Ranieri, Vera <VRanieri@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Subject:** Re: AG v OAI - models

**External Email**

---

John, you claim that we did not "identif[y] the delta," but again, that is incorrect. To recap:

On Nov. 6, you said: "It seems like it would be productive for us to discuss this issue again. I will circle up with our team and find a time for the relevant people to join a call."

On Nov. 7, I said: "Other than those models, are there versions of GPT models or other LLMs that OpenAI created that were used to power ChatGPT? Other than those models, are there versions of GPT models or other LLMs that OpenAI created that were not used to power ChatGPT? If there are no such models, OpenAI should supplement its responses to make that clear. If such models do exist, OpenAI should supplement its responses and produce discovery on those models." I.e., one day after you saying that it would be productive to confer, I "identifi[ed] the delta."

We are happy to continue discussing later this week, but we do plan to move today. Wednesday after 4:30 and Thursday before 2, 2:30-3:30, or after 5:30 eastern all work for us.

Thanks,
Charlotte

_____

**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064 (o) | 646-421-3356 (m)

---

**From:** Lanham, John R. <JLanham@mofo.com>
**Sent:** Tuesday, November 19, 2024 1:51 PM
**To:** Charlotte Lepic <CLepic@susmangodfrey.com>
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>; Ranieri, Vera <VRanieri@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com <KVPOAI@keker.com>
**Subject:** RE: AG v OAI - models

==EXTERNAL Email==

Charlotte,

To be clear, when we proposed a call to discuss we also asked Plaintiffs to explain in advance of the call the delta between what they are seeking and what OpenAI has offered to provide. Receiving no identification of the delta from Plaintiffs, we explained what OpenAI can provide, and then asked again what further information Plaintiffs want. Plaintiffs finally disclosed, in an email at 12:09 a.m. ET this Sunday, that they are seeking discovery into "research and non-commercial models." Now today, for the first time, you tell us you want to know about the Researcher Access Program. We have never conferred on that scope and Plaintiffs have never explained how they could be entitled to such incredibly overbroad discovery (even now, your email simply says "we disagree" with OpenAI). As for Interrogatory No. 10, as you appear to have forgotten, Plaintiffs agreed in August that no supplemental response was currently required. If your position has changed, you're obligated to meet and confer.

If Plaintiffs want to confer on their demand for discovery on goes way beyond any OpenAI commercial product or service, let us know and we will find a time Wednesday or Thursday for a discussion.

Sincerely,

**John Lanham**
Morrison & Foerster LLP
12531 High Bluff Drive | San Diego, CA 92130-2040
P: +1 (858) 314.7601 | F: +1 (858) 523.2803
JLanham@mofo.com | www.mofo.com

---

**From:** Charlotte Lepic <CLepic@susmangodfrey.com>
**Sent:** Tuesday, November 19, 2024 9:35 AM
**To:** Lanham, John R. <JLanham@mofo.com>

**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>; Ranieri, Vera <VRanieri@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Subject:** Re: AG v OAI - models

**External Email**

---

John,

Your contention that the parties have not adequately conferred is wrong. All models not used in ChatGPT plainly includes "research and non-commercial models," as well as models used in commercial products other than ChatGPT. Likewise, our interrogatories specifically identified gpt-4-base, a model that to our knowledge is only available through OpenAI's researcher access program. We have met and conferred about this a number of times, and your failure to propose a date for 10 days after saying you would do so (after your previous weeks-long silences) does not vitiate the fact that we have satisfied our conferral obligations.

We disagree regarding relevance and burden. We appreciate your clarification regarding the interrogatories, but it still doesn't move the ball forward on the full slate of LLMs at issue in the case.

Kind regards,
Charlotte

_____

**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064  (o) | 646-421-3356 (m)

---

**From:** Lanham, John R. <JLanham@mofo.com>
**Sent:** Sunday, November 17, 2024 6:08 PM
**To:** Charlotte Lepic <CLepic@susmangodfrey.com>
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>; Ranieri, Vera <VRanieri@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com <KVPOAI@keker.com>
**Subject:** RE: AG v OAI - models

**EXTERNAL Email**
Charlotte,

As far as we know this is the first time you have mentioned "research and non-commercial models" in any capacity.  And that is after we have repeatedly asked you to clarify what it is that you want beyond what we have agreed to provide.  The fact that you decided to withhold this clarification

until now is unacceptable and does not, in our view, qualify as meeting and conferring.

There is, as you well know, no possible relevance basis to justify the massive burden required for OpenAI to produce discovery on "research and non-commercial models." That category could include enormous numbers of purely internal research projects and model artifacts that existed purely for scientific research and had nothing to do with OpenAI's products and services. Plaintiffs' Complaint is very clearly limited to "commercial product[s]," making these internal models irrelevant to their case. (*See, e.g.,* Dkt. 69 ¶¶ 3 & 164.) If you'd previously provided this kind of clarification in response to our requests, we would have had an opportunity to meet and confer to explain and discuss.

While we have no obligation to share further information with you about our proposed supplement, we will nonetheless do so here in the hope that we can avoid burdening the Court with yet another motion. Our supplement to Interrogatory No. 11 would identify—with roughly the level of detail you referred to as "adequate" in your email below, and after a reasonable search—the generative AI large language models that OpenAI has made available through its commercial products up until the date of the First Consolidated Class Action Complaint. For avoidance of doubt, OpenAI's commercial products are ChatGPT and the API. Additionally, even though they have not been made available through ChatGPT or the API, OpenAI would supplement its response to Interrogatory No. 11 to identify, based on a reasonable search, GPT and GPT-2 models, while maintaining its relevance objection as to those models as well as its objection to the relevance of GPT-3.

Sincerely,

**John Lanham**
Morrison & Foerster LLP
12531 High Bluff Drive | San Diego, CA 92130-2040
P: +1 (858) 314.7601 | F: +1 (858) 523.2803
JLanham@mofo.com | www.mofo.com

---

**From:** Charlotte Lepic <CLepic@susmangodfrey.com>
**Sent:** Saturday, November 16, 2024 9:09 PM
**To:** Lanham, John R. <JLanham@mofo.com>
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>; Ranieri, Vera <VRanieri@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Subject:** Re: AG v OAI - models

**External Email**

---

John,

We are not "unilaterally declaring impasse." We have met and conferred about this issue several times over the course of several months. We reiterated our questions 28 days ago. On Nov. 6, 10 days ago, you said "It seems like it would be productive for us to discuss this issue

PAGE 5 OF 14

again.  I will circle up with our team and find a time for the relevant people to join a call." The very next day, I said, "please let us know times that work." You never told us any times.

We are moving to compel discovery on versions of GPT models or other LLMs that OpenAI created that were not used to power ChatGPT, including OpenAI's research and non-commercial models. We are seeking documents about all such models, the inspection of their training data and source code, and corresponding responses to our interrogatories, including interrogatories Nos. 10 and 11 in full.

Kind regards,
Charlotte

_____

**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064  (o) | 646-421-3356 (m)

---

**From:** Lanham, John R. <JLanham@mofo.com>
**Sent:** Saturday, November 16, 2024 7:37 PM
**To:** Charlotte Lepic <CLepic@susmangodfrey.com>
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>; Ranieri, Vera <VRanieri@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com <KVPOAI@keker.com>
**Subject:** RE: AG v OAI - models

EXTERNAL Email
Charlotte,
What **specifically** do Plaintiffs intend to move on?  "Whether there are versions of GPT models or other LLMs that OpenAI created that were not used to power ChatGPT" is not a question posed by any interrogatory and Plaintiffs have never identified what they think is missing.
You already know there are models that are not used to power ChatGPT. We've talked about this before, we've produced relevant discovery already (see, e.g., discovery regarding GPT, GPT-2, and GPT-3), and we also confirmed an agreement to produce more discovery in this email thread.  Additionally, OpenAI just offered to supplement its interrogatory response to provide information on GPT, GPT-2, and GPT-3—which you are well aware were not used to power ChatGPT.
We don't see how Plaintiffs can purport to unilaterally declare an impasse in light of these offers to provide additional discovery, without ever considering those supplements or what more they think is necessary.
Sincerely,

**John Lanham**
Morrison & Foerster LLP
12531 High Bluff Drive | San Diego, CA 92130-2040
P: +1 (858) 314.7601 | F: +1 (858) 523.2803
JLanham@mofo.com | www.mofo.com

**From:** Charlotte Lepic <CLepic@susmangodfrey.com>
**Sent:** Friday, November 15, 2024 2:16 PM
**To:** Lanham, John R. <JLanham@mofo.com>; Ranieri, Vera <VRanieri@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Subject:** RE: AG v OAI - models

**External Email**

Counsel,

28 days ago, we asked whether there are versions of GPT models or other LLMs that OpenAI created that were not used to power ChatGPT. Your email below neither fully answers that question nor confirms that you will produce discovery as to those models. We will move to compel.

Regards,
Charlotte

_____

**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064  (o) | 646-421-3356 (m)

**From:** Lanham, John R. <JLanham@mofo.com>
**Sent:** Friday, November 15, 2024 2:02 PM
**To:** Ranieri, Vera <VRanieri@mofo.com>; Charlotte Lepic <CLepic@susmangodfrey.com>; OpenAIcopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Subject:** RE: AG v OAI - models

**EXTERNAL Email**
Charlotte,

While we continue to have fundamental disagreements on relevance, in the spirit of compromise, OpenAI will supplement its interrogatory response. To avoid any doubt, that supplement will include GPT, GPT-2, GPT-3, and OpenAI's API.

Sincerely,

**John Lanham**
Morrison & Foerster LLP
12531 High Bluff Drive | San Diego, CA 92130-2040

P: +1 (858) 314.7601 | F: +1 (858) 523.2803

JLanham@mofo.com | www.mofo.com

---

**From:** Ranieri, Vera <VRanieri@mofo.com>
**Sent:** Tuesday, November 12, 2024 4:06 PM
**To:** Charlotte Lepic <CLepic@susmangodfrey.com>; Lanham, John R. <JLanham@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Subject:** RE: AG v OAI - models

Charlotte,

We are working on a response to your email below, and we hope to get back to you in the next few days.

Thanks,

Vera

---

**From:** Charlotte Lepic <CLepic@susmangodfrey.com>
**Sent:** Thursday, November 7, 2024 8:33 AM
**To:** Lanham, John R. <JLanham@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Subject:** Re: AG v OAI - models

**External Email**

---

John,

Other than those models, are there versions of GPT models or other LLMs that OpenAI created that *were* used to power ChatGPT? Other than those models, are there versions of GPT models or other LLMs that OpenAI created that were *not* used to power ChatGPT?

If there are no such models, OpenAI should supplement its responses to make that clear. If such models do exist, OpenAI should supplement its responses and produce discovery on those models.

If you'd like to continue discussing, please let us know times that work, bearing in mind that, given the deadlines set by the Court, we need to know OpenAI's final position by Nov. 12.

Best,

Charlotte

_____

**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064  (o) | 646-421-3356 (m)

---

**From:** Lanham, John R. <JLanham@mofo.com>
**Sent:** Wednesday, November 6, 2024 4:27 PM
**To:** Charlotte Lepic <CLepic@susmangodfrey.com>; OpenAIcopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com <KVPOAI@keker.com>
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Subject:** RE: AG v OAI - models

**EXTERNAL Email**

Charlotte,

It seems like it would be productive for us to discuss this issue again.  I will circle up with our team and find a time for the relevant people to join a call.  It would be useful if you can help us understand in advance of the call what you believe the delta is between our offer of production in my October 31 email (which explains a production of GPT, GPT-2 and, GPT-3 information notwithstanding objections on relevance vis-à-vis ChatGPT), and what Plaintiffs are saying should be at issue.

Sincerely,

**John Lanham**
Morrison & Foerster LLP
12531 High Bluff Drive | San Diego, CA 92130-2040
P: +1 (858) 314.7601 | F: +1 (858) 523.2803
JLanham@mofo.com | www.mofo.com

---

**From:** Charlotte Lepic <CLepic@susmangodfrey.com>
**Sent:** Saturday, November 2, 2024 9:22 AM
**To:** Lanham, John R. <JLanham@mofo.com>; OpenAIcopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Subject:** Re: AG v OAI - models

**External Email**

---

Counsel, the dispute is not resolved. "As we have stated in many calls and emails," and as I reiterated in my email of Oct. 18, over two weeks ago, "**the complaint is not limited to models that underlie**

**ChatGPT.** Instead, it alleges that you used the Class Works "train [your] artificial intelligence models." Compl. ¶ 413; *see also* ¶¶ 83, 90-102, 127, 129, 161, 164-167, 175 et. seq, 394, 397, 406. **It therefore includes versions of GPT models or other LLMs that OpenAI created but may not have been used to power ChatGPT.**" OpenAI cannot simply ignore those allegations.

I asked in my email two weeks ago, "We are entitled to discovery on those models. Will OpenAI produce such discovery?" You have not agreed to produce such discovery. The parties are at an impasse with respect to such models. We will move the Court. We of course remain amenable to discussing this if there is progress to be made.

As for GPT-1, -2 and -3, will OpenAI supplement its interrogatory responses to account for those models?

_____

**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064  (o) | 646-421-3356 (m)

---

**From:** Lanham, John R. <JLanham@mofo.com>
**Sent:** Thursday, October 31, 2024 3:44 PM
**To:** Charlotte Lepic <CLepic@susmangodfrey.com>; OpenAIcopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com <KVPOAI@keker.com>
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Subject:** RE: AG v OAI - models

EXTERNAL Email
Charlotte,
We can confirm we will produce to Authors Guild Plaintiffs the same scope of documents regarding models as we do to the New York Times Plaintiffs.  For the avoidance of doubt, this means that OpenAI will agree to "reasonable search terms that are likely to capture custodial documents relating to GPT, GPT-2 and GPT-3. OpenAI [will] not refus[e] to produce those documents on the basis that they relate to those models, despite its objections regarding relevance (since these models were not used for ChatGPT). OpenAI [will] also agree[] to produce or otherwise make available the following: (1) training data for GPT, GPT-2 and, GPT-3; and (2) non-custodial documents related to GPT-2 and GPT-3, as it has for other models, to the extent they are available and can be located after a reasonable search." (*See* 10-16 Joint Letter to Court re Proposed Agenda for 10-30 Status Conference.)  It also means that OpenAI plans to produce non-custodial documents related to earlier models, such as the model cards, README files, research papers, and announcements, including documents related to training.  This means OpenAI is providing discovery into GPT, GPT-2 and GPT-3.  We believe this dispute is resolved.
With respect to interrogatory supplementation, OpenAI is not convinced that further supplementation is warranted; however, its investigation is continuing and we will share updates on this position if we have them.  We are also happy to discuss any specific concerns when we confer.
Sincerely,

**John Lanham**
Morrison & Foerster LLP
12531 High Bluff Drive | San Diego, CA 92130-2040
P: +1 (858) 314.7601 | F: +1 (858) 523.2803
JLanham@mofo.com | www.mofo.com

---

**From:** Charlotte Lepic <CLepic@susmangodfrey.com>
**Sent:** Friday, October 25, 2024 11:00 AM
**To:** OpenAIcopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Subject:** Re: AG v OAI - models

**External Email**

---

Counsel,

My email last week, below, requested a conference on this subject, but OpenAI did not provide a time to discuss. On Wednesday Oct. 23, you said that you were preparing an email response to this issue. You mentioned that you were going to provide the same agreement as has been provided to the New York Times regarding GPT-1, -2 and -3, and that the email would also address the other issues in my email below. When can we expect a response on this subject?

Thanks,
Charlotte

_____
**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064  (o) | 646-421-3356 (m)

---

**From:** Charlotte Lepic <CLepic@susmangodfrey.com>
**Sent:** Friday, October 18, 2024 6:56 PM
**To:** OpenAIcopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com <KVPOAI@keker.com>; Charlotte Lepic <CLepic@susmangodfrey.com>
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Subject:** Re: AG v OAI - models

Counsel,

Based on our conversations over the last few days, we believe that further discussions regarding

models could be productive. Based on Chris's email of Weds. Oct. 18 at 10:52 a.m., we understand OpenAI's offer to be that, "*when conducting its reasonable search for the documents it has agreed to produce, it will not exclude from production non-privileged, responsive documents based solely on the grounds that the documents concern GPT-1.*"

As an initial matter, that does not constitute an agreement to produce what we requested in our email of Oct. 11, below. Please let us know whether OpenAI will produce those documents. OpenAI's agreement to the below would resolve any current dispute as to the models referenced in that email, though we reserve the right to seek additional documents relating to those models in an appropriate case.

However, the issue goes beyond GPT-1, -2 and -3. As we have stated in many calls and emails, the complaint is not limited to models that underlie ChatGPT. Instead, it alleges that you used the Class Works "train [your] artificial intelligence models." Compl. ¶ 413; *see also* ¶¶ 83, 90-102, 127, 129, 161, 164-167, 175 et. seq, 394, 397, 406. It therefore includes versions of GPT models or other LLMs that OpenAI created but may not have been used to power ChatGPT. We are entitled to discovery on those models. Will OpenAI produce such discovery?

Note that this goes hand-in-hand with the incomplete responses to our Interrogatories Nos. 10 and 11. Your Sep. 9, 2024 supplemental response to Interrogatory No. 11 is adequate with respect to GPT 3.5 and 4, but does not contain that level of detail for other models, that is, "the versions of the models used in *any* OpenAI product or service (excluding image or video generation products that did not use any text-based model)" (*see* Plaintiff's email of Aug. 13 (from Rachel Geman)). Will OpenAI supplement its responses accordingly?

We think it would be useful to continue conferring on this. We are available to discuss Monday after 5, Tuesday 1-3, or Tuesday after 5, all eastern.

Thanks,
Charlotte

_____

**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064  (o) | 646-421-3356 (m)

---

**From:** Charlotte Lepic (via Alter-AI-TT list) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Sent:** Friday, October 11, 2024 9:40 AM
**To:** OpenAIcopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com <KVPOAI@keker.com>
**Cc:** Alter-TT (Alter-AI-TT@simplelists.susmangodfrey.com) <Alter-AI-TT@simplelists.susmangodfrey.com>
**Subject:** AG v OAI - models

==EXTERNAL Email==

Counsel,

The parties have an outstanding dispute about which models should be included in discovery. We understand that OpenAI has reached the following agreement with the NYT as to models that do not "underl[ie] ChatGPT." Please confirm that OpenAI is willing to enter into the same agreement with Plaintiffs.

- OpenAI will make available for inspection the training data for GPT, GPT-2, and GPT-3, as well as the GPT-2 and GPT-3 models.
- OpenAI will consider running search terms Plaintiffs propose regarding GPT, GPT-2, and GPT-3 and will not reject such terms solely because they relate to those models.
- OpenAI is not withholding documents that are otherwise discoverable and responsive solely on the basis that they relate to the models under discussion.
- OpenAI is planning to produce non-custodial documents related to GPT-2 and GPT-3, as it has for other models.  Specifically, OpenAI plans to produce the following non-custodial documents related to GPT-2 and GPT-3: the model cards, README files, research papers, and announcements, including documents related to 'pre-training' and 'post-training,' such that OpenAI is intending to cover the entire training process. In other words, OpenAI is collecting and producing the same kinds of documents for these models as OpenAI agreed to collect and produce for the later models.

Kind regards,
Charlotte

_____

**Charlotte Lepic** | Susman Godfrey LLP
212-729-2064  (o) | 646-421-3356 (m)

To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=SntCTGorhR74gzVq8zpmlA3u0mONDWvJ

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by

reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===============================================================================
=========

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===============================================================================
=========

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===============================================================================
=========

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===============================================================================
=========

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===============================================================================
=========

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.