UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPENAI INC., OPENAI LP, OPENAI LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, and OPENAI STARTUP FUND MANAGEMENT LLC,<br><br>Defendants. | No. 1:23-cv-08292-SHS-OTW |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LCC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,<br><br>Defendants. | No. 1:23-cv-10211-SHS-OTW |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Section IV of this Court's Individual Practices in Civil Cases, the OpenAI Defendants ("OpenAI") seek leave to file under seal:

- Limited portions of OpenAI's Opposition to Plaintiffs' letter brief regarding Plaintiffs' requests for production of documents on the Data Working Group ("DWG Opp.") that reference or summarize confidential materials;

- Limited portions of the Declaration of Ashley Pantuliano ("Pantuliano Declaration" or "Pantaliano Decl.") in support of the DWG Opp. that reference or summarize confidential materials; and

- Exhibit C to the Pantuliano Declaration, comprising portions of an email thread between Che Chang and Frank Morrow.

For the reasons stated below, OpenAI respectfully requests the Court grant this Motion for Leave to File Under Seal.

OpenAI's proposed redactions and sealing are consistent with the Second Circuit's opinions in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). Pursuant to *Lugosch,* the Court must first assess whether the documents at issue are "judicial documents" to determine whether the presumption in favor of public access in filings applies at all. 435 F.3d at 119. Documents "simply passed between the parties in discovery" are not judicial documents and "lie beyond the presumption's reach." *Brown v. Maxwell,* 929 F.3d 41, 49-50 (2d Cir. 2019) (internal quotation marks omitted); *see Bernstein,* 814 F. 3d at 142 (documents "such as those passed between the parties in discovery often play no role in the performance of Article III functions and so the presumption of access to these records is low" (internal quotation marks

omitted)).  This remains true even where the Court must assess those documents in the context of a discovery motion.  *See Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, No. 19-cv-4223-LAP-KHP, 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021) (granting motion to seal portions of letter brief referencing information passed between the parties in discovery and exhibits designated under parties' protective order).

Where documents are submitted to the Court pursuant to a confidentiality agreement, the Second Circuit has held that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Uni-Systems, LLC v. United States Tennis Ass'n, Inc.*, No. 17-cv-147-KAM-CLP, 2020 WL 8266015, at *8 (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)).  Moreover, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced . . . in connection with dispositive motions." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).  While the Court "'must still articulate specific and substantial reasons' for sealing material filed in connection with a discovery dispute, 'the reasons usually need not be as compelling as those required to seal' filings connected to a dispositive motion." *Rand v. Travelers Indem. Co.*, No. 21-CV-10744 (VB)(VF), 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023) (quoting *Brown*, 929 F.3d 41, 50).

In this matter, Defendants have designated as highly confidential sensitive information related to OpenAI's business practices, the disclosure of which would cause competitive harm to OpenAI in a nascent market.  Such information is routinely deemed confidential and filed under seal by the courts.  *See IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910 (VB)(VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to

seal or redact commercially sensitive information to protect confidential business interests and financial information.").

Exhibit C to the Pantuliano Declaration, the Pantuliano Declaration itself, and the portions of OpenAI's DWG Opp. discussing those documents reflects communications about forward-looking legal and business strategy and are governed by non-disclosure agreement obligations. *See* Declaration of Michael Trinh ¶ 2. OpenAI treats these categories of documents as confidential or highly confidential—it does not generally disclose similar documents to the public. *See id*. ¶¶ 2-3. The portions of OpenAI's DWG Opp. summarizing or quoting the contents of the Pantuliano Declaration and its attached Exhibit C should also be sealed as reflecting OpenAI's confidential business information.

Similar documents revealing confidential business information are regularly sealed by other courts in this District. *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (sealing "confidential and proprietary data collection procedures"); *Louis Vuitton Mallatier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (internal quotation marks omitted). The information contained in the Pantuliano Declaration, Exhibit C to the Pantuliano Declaration, and the portions of OpenAI's DWG Opp. discussing the Pantuliano Declaration could be used by competitors to unfairly compete with OpenAI, in that they would be given access to confidential business information that would not otherwise be available to them. This risk is elevated in the highly competitive field of artificial intelligence—OpenAI is at the forefront of developing and employing new

products and software, and any disclosure of related information could be exploited by other players in the space.  Thus, if not sealed, disclosure could pose serious risk of competitive harm.

Accordingly, in order to maintain the confidential nature of this information, OpenAI respectfully requests the Court grant this motion to seal.

Dated: November 22, 2024                             Respectfully Submitted,

By: /s/ *Vera Ranieri*

**MORRISON & FOERSTER LLP**
Joseph C. Gratz (*pro hac vice*)
  jgratz@mofo.com
Andrew L. Perito (*pro hac vice*)
  aperito@mofo.com
Vera Ranieri (*pro hac vice*)
  vranieri@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000

Rose S. Lee (*pro hac vice*)
  roselee@mofo.com
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213.892.5200

Carolyn M. Homer (*pro hac vice*)
  cmhomer@mofo.com
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: 202.650.4597

Jocelyn E. Greer
  jgreer@mofo.com
Emily C. Wood
  ewood@mofo.com
Eric K. Nikolaides
  enikolaides@mofo.com
250 West 55th St.
New York, NY 10019-9601
Telephone: 212.468.8000

By: /s/ *Elana Nightingale Dawson*

**LATHAM & WATKINS LLP**
Andrew M. Gass (*pro hac vice*)
 andrew.gass@lw.com
Joseph R. Wetzel
 joseph.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle
 sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
 elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman
 alli.stillman@lw.com
Michael A. David
 michael.david@lw.com
Rachel R. Blitzer
 rachel.blitzer@lw.com
Herman H. Yue
 herman.yue@lw.com
Luke A. Budiardjo
 luke.budiardjo@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.906.1200


By: /s/ *Christopher S. Sun*

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (*pro hac vice*)
 rvannest@keker.com
Paven Malhotra
 pmalhotra@keker.com
Michelle S. Ybarra (*pro hac vice*)
 mybarra@keker.com
Nicholas S. Goldberg (*pro hac vice*)
 ngoldberg@keker.com
Thomas E. Gorman (*pro hac vice*)
 tgorman@keker.com

6

Katie Lynn Joyce (*pro hac vice*)
 kjoyce@keker.com
Sarah Salomon (*pro hac vice*)
 ssalomon@keker.com
R. James Slaughter (*pro hac vice*)
 rslaughter@keker.com
Christopher S. Sun (*pro hac vice*)
 csun@keker.com
Andrew S. Bruns (*pro hac vice*)
 abruns@keker.com
Andrew Dawson (*pro hac vice*)
 adawson@keker.com
Edward A. Bayley (*pro hac vice*)
 ebayley@keker.com

33 Battery Street
San Francisco, CA 94111-1809
Telephone: 415.391.5400

*Attorneys for OpenAI Defendants*