January 13, 2025

*Sent via ECF*

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE:     *The New York Times Co. v. Microsoft Corp., et al.*, No. 1:23-cv-11195
        *Daily News, LP, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-3285
        *The Center for Investigative Reporting, Inc. v. Microsoft Corp., et al.*, No. 1:24-cv-04872
        *Authors Guild et al. v. OpenAI Inc. et al.,* No. 1:23-cv-8292
        *Alter et al. v. OpenAI Inc. et al.,* No. 1:23-cv-10211

Dear Judge Wang:

Microsoft and OpenAI respectfully request that the Court endorse their proposal for Deposition Coordination, attached as **Exhibit 1**, to be implemented across the Consolidated Newspaper Action ("News Cases") and the New York Consolidated Class Action ("NY Class Cases") (collectively, the "NY Cases") pursuant to Federal Rules of Civil Procedure 16, 26, and 30.[1]

The NY Cases will benefit greatly from deposition coordination in order to promote fairness and efficiency. Individual witnesses should not be deposed multiple times and for many hours when the relevant subject matter of such depositions is likely to be identical or have a very high degree of overlap across the cases. See Fed. R. Civ. P. 26(b)(2)(C) (requiring protection from "unreasonably cumulative or duplicative" discovery). In addition, the sheer number of plaintiffs and complexity of the cases are such that the ten-deposition limit does not make sense. All parties agree that deposition coordination in the NY Cases is a good idea. All parties also agree that the timing of likely deposition discovery is such that this matter should be addressed by the Court at the January status conference.

Unfortunately, despite many discussions and proposals, the parties cannot agree on *how* to solve these problems. Taking to heart the Court's comments at the October conference, Defendants went back to the drawing board and came up with an entirely new, simplified proposal that effectuates coordination only in the NY Cases. Plaintiffs, in contrast, have simply refused to respond to a simple and straightforward proposal and continue to offer multiple competing, overly complex, and unduly burdensome options.

Good cause exists to modify the default deposition limits and coordinate discovery in the fashion proposed by Defendants. *First*, absent coordination, the substantial overlap of legal and factual issues in the NY Class and News Cases would result in subjecting the same witnesses to repeated,

---

[1] The Consolidated Newspaper Actions are *The New York Times Co. v. Microsoft Corp., et al.*, No. 1:23-cv-11195 ("*New York Times*"), *Daily News, LP, et al. v. Microsoft Corp., et al.*, No. 1-24-cv-3285 ("*Daily News*"), and *The Center for Investigative Reporting, Inc. v. Microsoft Corp., et al.*, No. 1:24-cv-04872 ("*CIR*"). The New York Consolidated Class Actions are *Authors Guild et al. v. OpenAI Inc. et al.*, No. 1:23-cv-8292 and *Alter et al. v. OpenAI Inc. et al.*, No. 1:23-cv-10211.

duplicative depositions.  The core of both cases involves the training and operation of OpenAI's GPT models and the relationship between OpenAI and Microsoft, and there is no point in requiring the same witnesses from OpenAI and Microsoft to sit over and over again answering the same questions on these common topics.  *See In re Acetaminophen-ASD-ADHD Prods. Liab. Litig.*, No. 22MC3043 (DLC), 2023 WL 580998, at *2 (S.D.N.Y. Jan. 27, 2023) (permitting counsel in coordinated action permission to cross-notice, attend, and, subject to certain conditions, participate in any non-expert deposition); *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2015 WL 13820855, at *2 (S.D.N.Y. Feb. 23, 2015) (removing limits on number of depositions while providing for a single deposition of any witness common to the various proceedings).  *Second*, pretrial consolidation has effectively joined all parties in each set of consolidated actions for discovery purposes such that the Rule 30 ten-deposition limit applies *collectively* to each side.  The NY Class Cases have more than thirty named plaintiffs and the News Cases have ten different entity plaintiffs, making it impossible for Defendants to complete essential 30(b)(1) and 30(b)(6) depositions under the default limit.

Defendants' streamlined proposal addresses these issues by using an hours-based counting approach rather than a witness-based counting approach.  The total number of hours proposed by Defendants available for each party is closely tied to the total number of hours that would otherwise be available under Rule 30 if the ten-deposition limit were applied on a per-party basis (each opposing party group would be permitted to take the equivalent of 10 depositions of each party).  And, even though there are numerous named Plaintiffs in the NY Class Cases, Defendants are not seeking to depose each of them for a full seven hours (or indeed, anywhere near that amount).

Defendants' simplified proposal also includes specific provisions for cross-noticing depositions, variable specified time limits for witnesses depending upon whether the deposition is a 30(b)(1) or 30(b)(6) deposition, and also enables coordination of the timing of a deposition so that a witness can sit once in all of the pending cases.  Finally, consistent with the Court's direction at the October status conference, Defendants' proposal does not require the Plaintiffs in the NY Cases and California Consolidated Class Action to coordinate their activity, but provides a method to coordinate scheduling whereby Defendants can seek an option for the same witness to sit for deposition once in all cases.[2]

Defendants look forward to discussing their proposal with the Court at the January 22 status conference and ask that the Court enter their proposed Order, attached hereto as **Exhibit 2**.

Respectfully submitted,

*/s/ Annette L. Hurst*                                    */s/ R. Jamie Slaughter*

Annette L. Hurst                                         R. Jamie Slaughter
*Counsel for Microsoft*                            *Counsel for OpenAI Defendants*

---

[2] The California Consolidated Class Action consists of the following cases: *Tremblay, et al. v. OpenAI, Inc., et al.*, No. 3:23-cv-03223; *Silverman, et al. v. OpenAI, Inc, et al.*, No. 4:23-cv-03416; *Chabon, et al. v. OpenAI, Inc, et al.*, No. 4:23-cv-04625.  Microsoft is **not** a party to the California Consolidated Class Action cases.