| Lieff Cabraser Heimann & Bernstein<br>Attorneys at Law | Susman Godfrey l.l.p.<br>a registered limited liability partnership |  |
|---|---|---|

January 13, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      RE:    *Authors Guild v. OpenAI Inc.*, (No. 1:23-cv-08292-SHS)
             *Alter v. OpenAI Inc.*, (No. 1:23-cv-10211-SHS)

Dear Judge Wang:

      Pursuant to Rule II(b) of Your Honor's Individual Practices, Plaintiffs seek a discovery conference regarding OpenAI's refusal to agree to a single five-hour deposition addressing the location and preservation of documents. The Court encouraged document-focused depositions as a means to "focus the document discovery," without prejudice to a later Rule 30(b)(6) deposition on merits issues. 10/29/24 Hearing Tr. 8:2-6; *see also* 9/12/24 Hearing Tr. 51:9-11 (discussing custodial deposition in context of document dispute). Pursuant to the Court's guidance, the parties across the SDNY Class and News cases have exchanged deposition notices, served objections, met and conferred, and identified dates for these depositions. OpenAI has confirmed its Rule 30(b)(6) designee is available on January 29, 2025, but the parties dispute how long the deposition should be.

      Class Plaintiffs request a time limit of five hours, split between and among the Class Plaintiffs and the News Plaintiffs. This is a reasonable length, and indeed lower than the default seven-hour limit under the Federal Rules. This deposition will cover complex topics, including OpenAI's location, storage, and retention of training data, output data, and source code, and any deposition will require four separate sets of plaintiffs and their counsel to share time.

      OpenAI does not dispute that five hours is an appropriate length of time but has refused this length unless the Authors Guild also presentS a witness for five hours on topics related to the location of documents in the Authors Guild's possession, custody, or control. OpenAI's tit-for-tat position is unwarranted. By way of background, OpenAI has failed to explain why a document-focused deposition of the Authors Guild is appropriate at all. The Court recently denied Plaintiffs' request for a deposition of Microsoft on the ground that Plaintiffs had not demonstrated any need to depart from the ordinary presumption against "discovery on discovery." *See* 12/3/24 Hearing Tr. 69:14-70:8 (denying request for Microsoft custodial deposition because "there's no current dispute right now"). The same reasons apply to the Authors Guild. Other than the series of motions the Court recently denied (*see Authors Guild* Dkts. 289, 290), OpenAI has no open discovery

January 13, 2025
Page 2

disputes about the Authors Guild's production. There are no live disputes, for example, about custodians or search terms, nor does the Authors Guild—a small organization relative to OpenAI—host any large, complex repositories of data (like OpenAI's training data or source code) that justify an early Rule 30(b)(6) deposition of OpenAI.

Class Plaintiffs have been clear that, as a compromise, they are willing to put forth an Authors Guild witness for a few hours of time to avoid motion practice, while noting the absence of disputes warranting it 12/3/24 Hearing Tr. at 67:23-69:13. Indeed, once OpenAI propounded a deposition notice, Class Plaintiffs reiterated that the deposition should be limited to three hours. Ex. 1 (Authors Guild Responses & Objections) at 2. OpenAI has refused, insisting that the Authors Guild sit for however long OpenAI's witness will be deposed. This is an utterly false equivalence. OpenAI, in deposing the Authors Guild, is not sharing time with any other party, as the Class and News Plaintiffs are. Nor has OpenAI justified the need for the deposition at all.

OpenAI's objections to a five-hour deposition shared among *all* SDNY Plaintiffs—conditioned on an unnecessary five-hour deposition of the Authors Guild—should be overruled. Whether the Authors Guild deposition is three hours (as expressly offered), shorter, or does not occur at all, this should not impact the length of the OpenAI deposition.

Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEIN LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| /s/ Rachel Geman | /s/ Rohit Nath | /s/ Scott J. Sholder |
| Rachel Geman | Rohit Nath | Scott J. Sholder |