# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUTHORS GUILD, *et al.*, individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>OPEN AI INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 1:23-cv-08292-SHS |
| JONATHAN ALTER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>OPENAI, INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 1:23-cv-10211-SHS |

**PLAINTIFF THE AUTHORS GUILDS' RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI'S CUSTODIAL 30(b)(6) TOPICS**

Plaintiff The Authors Guild ("Authors Guild") hereby responds and objects to Defendant OpenAI's Custodial 30(b)(6) Topics for The Authors Guild (the "Topics").

**PRELIMINARY STATEMENT**

The Authors Guild is and has been willing to set forth a designee on reasonable terms and for a deposition of a reasonable length. In light of the fact that it already has provided ample information covered by the proposed Topics in the course of extensive conferrals with OpenAI on the issues of, among other things, custodians, search terms and repositories, in accordance with the ESI Order (Dkt. 201). *See e.g.*, July 8 Email from W. Dozier; August 7 Email from W. Dozier; October 22 Email from A. Salinas; October 28 Email from W. Dozier. Additionally, the

Authors Guild has agree to search for responsive documents from nine custodians, which is close to 40% of the entire workforce of this small organization, and to apply search terms that have been carefully negotiated. For these reasons, and others, Plaintiff suggests that the deposition be limited to three hours.

<strong><u>RESPONSES AND OBJECTIONS</u></strong>

<u>TOPIC NO. 1</u>:

The identity of every source of Documents, data, and information from which You searched for and/or obtained responsive Documents, data, and information, including email accounts, phone numbers, messaging platforms, and social media accounts.

<u>RESPONSE AND OBJECTION TO TOPIC NO. 1</u>:

Plaintiff objects to the definition of "Plaintiff" as overbroad. Plaintiff objects to this Topic to the extent it seeks information already provided by Plaintiff in ESI-related negotiations, such as those relating to search terms and repositories, and pursuant to the ESI Order (Dkt. 201). Further, Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities.

Subject only to these objections and to reaching an agreement on deposition length, the Authors Guild is willing to provide a witness to testify to this Topic to the extent it understands it.

<u>TOPIC NO. 2</u>:

From January 1, 2023 to the present, Your policies and practices, whether written or unwritten, Regarding the retention and deletion of Documents, data, and other information, including the retention or deletion of electronic data such as metadata, video conferences, video conference chats or instant messaging, as applied to current and former Employees, as well as to non-custodial sources of information.

**RESPONSE AND OBJECTION TO TOPIC NO. 2:**

Plaintiff objects to the definition of "Plaintiff" as overbroad. Plaintiff objects to this Topic to the extent it seeks information already provided by Plaintiff in ESI-related negotiations, such as those relating to search terms and repositories, and pursuant to the ESI Order (Dkt. 201). Plaintiff objects to the terms "unwritten" and "information" as vague and ambiguous in the context of a request about deletion and retention. Plaintiff objects to the term "other information" as vague and ambiguous. Further, Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities.

Subject to these objections and to reaching an agreement on deposition length, the Authors Guild is willing to provide a witness to testify to this Topic to the extent it understands it.

**TOPIC NO. 3:**

From January 1, 2018 to the present, the manner in which You stored and presently store electronic data, including local servers, off-site servers, and cloud systems, and the settings and configurations of software and tools used for such storage, and any segregation of and limitations on access to electronic data and the basis for such segregation and/or limitations.

**RESPONSE AND OBJECTION TO TOPIC NO. 3:**

Plaintiff objects to the definition of "Plaintiff" as overbroad. Plaintiff objects to this Topic to the extent it seeks information already provided by Plaintiff in ESI-related negotiations, such as those relating to search terms and repositories, and pursuant to the ESI Order (Dkt. 201). Plaintiff objects to the Topic as overbroad as it seeks information dating back to 2018, which is outside of the relevant scope of the document productions Plaintiff has provided in this litigation. Plaintiff objects to "any segregation of and limitations on access to electronic data and the basis for such

segregation and/or limitations" as overbroad. Further, Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities.

Subject to these objections and to reaching an agreement on deposition length, the Authors Guild is willing to provide a witness to testify to this Topic as it understands it.

**TOPIC NO. 4:**

Your current and former policies and practices, from January 1, 2018 to the present, Regarding the use of personal devices for work-related activities as well as data access and storage, including any differences between Your policies and any custodian's actual conduct.

**RESPONSE AND OBJECTION TO TOPIC NO. 4:**

Plaintiff objects to the definition of "Plaintiff" as overbroad. Plaintiff objects to this Topic to the extent it seeks information already provided by Plaintiff in ESI-related negotiations, such as those relating to search terms and repositories, and pursuant to the ESI Order (Dkt. 201). Plaintiff objects to the Topic as duplicative of prior topics. Plaintiff objects to this Topic as overbroad as it seeks information dating back to 2018, which is outside of the relevant scope of the document productions Plaintiff has provided in this litigation. Plaintiff objects to "differences between Your policies and any custodian's actual conduct" as overbroad, ambiguous, and appearing to seek information that is not a proper or general subject of a custodial deposition. Further, Plaintiff objects to this Request to the extent it seeks disclosure of information that is protected from disclosure by attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or immunities.

Subject to these objections and to reaching an agreement on deposition length, the Authors Guild is willing to provide a witness to testify regarding policies around personal devices for work for the relevant custodians.

**TOPIC NO. 5:**

Your actual retention and/or deletion of Documents, data, and other information, including the protection of sensitive data, as applied to current and former Employees, as well as to non-custodial sources of information from January 1, 2023 to the present.

**RESPONSE AND OBJECTION TO TOPIC NO. 5:**

As this Topic appears duplicative of Topic 2, Plaintiff refers to earlier responses and objections. The Authors Guild is willing to meet and confer about what non-duplicative information is being sought in terms of "actual" retention/deletion.

**TOPIC NO. 6:**

Identification of all programs and platforms Your Employees use or have used to communicate in the ordinary course of business from January 1, 2018 to the present.

**RESPONSE AND OBJECTION TO TOPIC NO. 6:**

As this Topic appears duplicative of Topics 1-4 (including in its objectionable time period and terms), Plaintiff refers to earlier responses and objections. The Authors Guild is willing to meet and confer about what non-duplicative information is being sought.

**TOPIC NO. 7:**

The existence, organization, preservation, storage, retention, and deletion of Documents, data, and other information Concerning Your use of any OpenAI Product or Service, including GPT Services.

**RESPONSE AND OBJECTION TO TOPIC NO. 7:**

Other than the reference to OpenAI's Products and Services, this is likewise entirely duplicative. And, with respect to the portion of this Topic relating to OpenAI, the court already ruled that Plaintiffs' use of OpenAI Products or Services is irrelevant. *See* Court Order at Dkt. 289 (denying Microsoft's Motion to Compel [Dkt. 263] requesting that Plaintiffs produce documentation reflecting their own usage of ChatGPT).[1]  Further, this Topic calls for privileged information. Plainitff will not provide a witness to testify about this topic.

Dated:  December 20, 2024

*/s/ Rachel Geman*
Rachel Geman
Wesley Dozier (*pro hac vice*)
Anna Freymann
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel.: 212-355-9500
rgeman@lchb.com
wdozier@lchb.com
afreymann@lchb.com

Reilly T. Stoler (*pro hac vice*)
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel.: 415-956-1000
rstoler@lchb.com

*/s/ Rohit Nath*
Rohit D. Nath (*pro hac vice*)

---

[1] Dkt. 289 references the Opinion & Order, dated November 22, 2024, Dkt. 344, entered in *The New York Times Company v. Microsoft et al.*, 23-cv-11195 (denying OpenAI's motion to compel production of material relating to plaintiff's use of Generative AI tools and plaintiff's position regarding Generative AI).

SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: 310-789-3100
rnath@susmangodfrey.com

Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
Amber B. Magee (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel.: 713-651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com
amagee@susmangodfrey.com

Charlotte Lepic
J. Craig Smyser
SUSMAN GODFREY L.L.P.
One Manhattan
New York, NY 10001
Tel.: 212-336-8330
clepic@susmangodfrey.com
csmyser@susmangodfrey.com

Jordan W. Connors (*pro hac vice*)
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA  98101
Telephone: 206.516.3880
jconnors@susmangodfrey.com


*/s/ Scott J. Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS
& SHEPPARD LLP
60 Broad Street, 30th Floor
New York, NY 10010
Telephone:  212.974.7474
ssholder@cdas.com
ccole@cdas@com

**Interim Co-Lead Class Counsel**

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2024, and pursuant to the Parties' email service agreement in this regard, a copy of the foregoing was served via electronic mail on counsel for Defendants via the following list-serves:

OpenAICopyright@mofo.com

openaicopyrightlitigation.lwteam@lw.com

kvpoai@keker.com

**Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP, LLC,
OpenAI, LLC, OpenAI Opco LLC, OpenAI
Global LLC, OPENAI Corporation, LLC,
And OpenAI Holdings, LLC**

NYClassActions_Microsoft_OHS@orrick.com

MicrosoftNYClassActionFDBR@faegredrinker.com

**Attorneys for Defendant
Microsoft Corporation**

*/s/ Wesley J. Dozier*
Wesley J. Dozier