# EXHIBIT 1

| | |
|---|---|
| **From:** | Nicholas S. Goldberg |
| **To:** | Zach Savage; NYT-AI-SG-Service@simplelists.susmangodfrey.com; Steven Lieberman; Jennifer B. Maisel; Kristen Logan; NYClassActions_Microsoft_OHS; MicrosoftNYClassActionFDBR@faegredrinker.com; jon@loevy.com; mike@loevy.com; carbajal@loevy.com; match@loevy.com; matt@loevy.com; steve@loevy.com; kayes@loevy.com; wallenberg@loevy.com; rparker@rothwellfigg.com; jcolgate@rothwellfigg.com; mrawls@rothwellfigg.com; bthompson@rothwellfigg.com; jlindenbaum@rothwellfigg.com; Alter-AI-TT@simplelists.susmangodfrey.com; rgeman@lchb.com; rstoler@lchb.com; ssholder@cdas.com; ccole@cdas.com |
| **Cc:** | KVP-OAI; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com |
| **Subject:** | RE: NYT/DN/CIR/AG/ALTER, et al., v. OpenAI, Inc.,et al. \| E-Service - Defendants Responses and Objections to Notice of Rule 30(b)(6) Deposition |
| **Date:** | Friday, January 10, 2025 12:15:44 PM |

Counsel—

Thank you for yesterday's meet and confer regarding OpenAI's responses and objections to Plaintiffs' custodial 30(b)(6) deposition notice. I write to memorialize several issues we discussed. We look forward to discussing these issues with you further.

**Deposition Logistics**

- Deposition Dates
    - OpenAI agreed to make its witness available for deposition on Wednesday, January 29, 2025, at the offices of Keker, Van Nest & Peters, 633 Battery Street, San Francisco, CA 94111. Plaintiffs will confirm whether that date works on their end.
    - The Daily News Plaintiffs agreed to make their witness available on Thursday, January 16, 2025, in Washington, D.C. OpenAI confirmed that January 16 in Washington, D.C. is acceptable.
    - The New York Times agreed to make its witness available on Thursday, January 30, 2025, and will follow up with the location. OpenAI confirmed that January 30 is acceptable and awaits details regarding the location.
    - CIR and the Class Plaintiffs have not provided dates for their witnesses and will follow up. We understand that Class Plaintiffs are targeting a date at the end of January or early February. Please provide proposed dates and locations as soon as possible.

- Deposition Length. OpenAI has previously proposed that each custodial 30(b)(6) deposition be capped at 3 hours of on-record time. While we believe that 3 hours is more than sufficient, to avoid a dispute on this issue, we suggested that all parties compromise and agree that each custodial deposition be subject to a cap of 5 hours of on-record time. Please confirm whether Plaintiffs agree.

- Other Deposition Logistics. We agreed that each custodial 30(b)(6) deposition will take place in person, with a remote attendance option on a video platform (e.g., Zoom or Teams). We also agreed that each noticing party will serve an amended notice with the agreed upon date and location for each noticed deposition.

**OpenAI's Responses & Objections to Plaintiffs' Custodial 30(b)(6) Notice**

We discussed the scope of Topics 1 through 9. We agreed to resume our discussion of the remaining Topics, as well as Plaintiffs' responses and objections to OpenAI's Topics, on January 10 at 1:30 pm PT.

- Topics 1 and 2 (Sources of Documents).  Plaintiffs asked whether OpenAI's response is intended to exclude sources from which OpenAI collected but has not produced documents. As we explained, OpenAI's response is intended to reflect what OpenAI can reasonably prepare its 30(b)(6) witness to address and is not intended to categorically exclude sources from which OpenAI collected but has not produced documents.  For instance, OpenAI's witness will be prepared to provide non-privileged testimony based on a reasonable investigation regarding the sources of documents that have been collected and will be—but have not yet been—produced, to the extent there are any.  As we explained, however, we anticipate that the sources from which OpenAI has produced documents will constitute the bulk of the testimony on these topics.

- Topics 3 and 4 (Preservation Notices).  Plaintiffs agreed that some information within the scope of these Topics as written is privileged.  Plaintiffs proposed narrowing these Topics to information regarding the timing and recipients of preservation notices and agreed to exclude the content of such notices.  As discussed, please send us the authority you are relying upon that supports your narrowed scope for these topics.

- Topic 5 (Custodial Platforms for Work-Related Communications).  Plaintiffs raised two issues regarding OpenAI's response.

    First, Plaintiffs expressed concern that OpenAI's definition of "Work-Related Communications" would exclude testimony on retrieval-augmented generation (RAG) and outputs.  As we said on the call, OpenAI's definition is not intended to exclude those subjects. To the contrary, because any relevant discussion of RAG and outputs would occur in a document that also discussed OpenAI's research, models, products, or services at issue in these cases, RAG and outputs would be encompassed by the definition of "Work-Related Communications."  As such, there is no dispute here.

    Second, Plaintiffs asked whether OpenAI's response excludes custodians' communications on personal devices, such as through text messages or social media applications.  We explained that given Plaintiffs' broad framing of this Topic it would be impossible for a corporate 30(b)(6) witness to provide testimony regarding each custodian's use of personal devices, and applications on those devices.  Those questions are better suited to Rule 30(b)(1) depositions of individual witnesses.  In light of that reality, we explained that OpenAI's witness will provide non-privileged testimony regarding the primary centrally maintained platforms that its custodians use for Work-Related Communications.  However, to the extent that the News Plaintiffs seek information about whether OpenAI's custodians may have used

personal email, text messages, or social media for relevant Work-Related Communications, we explained that OpenAI had responded to the Class Plaintiffs' interrogatory with such information, and OpenAI would be willing provide the same information for the custodians in the News Cases. Counsel for News Plaintiffs requested that we share OpenAI's interrogatory response in the Class Cases, and we have attached that response here.

- Topic 6 (Sources of Training Data, Output Data, and Source Code). Plaintiffs asked whether OpenAI's response to this Topic is intended to exclude sources of "technical documentation." We explained that, as drafted, this Topic's request for sources of "technical documentation" is overbroad, and vague and ambiguous because it is not tethered to issues relevant to this case. However, OpenAI is willing to provide, based on a reasonable investigation, non-privileged testimony regarding the primary centrally maintained sources where technical documentation for training data, output data, and source code is stored.

- Topic 7 (Work-Related Communications Between OpenAI and Microsoft). There is no dispute regarding OpenAI's response to this Topic.

- Topic 8 (Document Retention). Without waiving its objections, OpenAI will designate a witness to provide, based on a reasonable investigation, non-privileged testimony regarding this Topic.

- Topic 9 (Use of Personal Devices for Work-Related Communications). You inquired whether OpenAI will provide testimony on its "policies" regarding use of personal devices for Work-Related Communications. As we explained, OpenAI has already agreed to provide non-privileged testimony regarding the custodians who had access to and likely occasionally used personal email, text messages, and social media applications for Work-Related Communications. As such, OpenAI's policies regarding use of personal devices are not relevant or proportional to the needs of the case.

**Nicholas S. Goldberg**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2298 direct | 415 391 5400 main
ngoldberg@keker.com | vcard | keker.com

---

**From:** Nicholas S. Goldberg <NGoldberg@keker.com>
**Sent:** Thursday, January 2, 2025 10:41 AM
**To:** Zach Savage <ZSavage@susmangodfrey.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com; Steven Lieberman <slieberm@rothwellfigg.com>; Jennifer B. Maisel <jmaisel@rothwellfigg.com>; Kristen Logan <klogan@rothwellfigg.com>; NYClassActions_Microsoft_OHS <nyclassactions_microsoft_ohs@orrick.com>;

MicrosoftNYClassActionFDBR@faegredrinker.com; jon@loevy.com; mike@loevy.com; carbajal@loevy.com; match@loevy.com; matt@loevy.com; steve@loevy.com; kayes@loevy.com; wallenberg@loevy.com; rparker@rothwellfigg.com; jcolgate@rothwellfigg.com; mrawls@rothwellfigg.com; bthompson@rothwellfigg.com; jlindenbaum@rothwellfigg.com; Alter-AI-TT@simplelists.susmangodfrey.com; rgeman@lchb.com; rstoler@lchb.com; ssholder@cdas.com; ccole@cdas.com

**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com

**Subject:** RE: NYT/DN/CIR/AG/ALTER, et al., v. OpenAI, Inc.,et al. | E-Service - Defendants Responses and Objections to Notice of Rule 30(b)(6) Deposition

Hi Zach,

Happy New Year—hope you had a nice holiday.

We are available to meet and confer about the 30(b)(6) R&Os on January 9 at noon ET. We also would like to discuss Plaintiffs' R&Os to OpenAI's 30(b)(6) notices, and we expect that Plaintiffs will be prepared to do so on the same call.

If you let me know who will be participating for Plaintiffs, I'd be happy to send out a calendar invite.

Thanks,
Nick

---

**Nicholas S. Goldberg**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2298 direct | 415 391 5400 main
ngoldberg@keker.com | vcard | keker.com

---

**From:** Zach Savage <ZSavage@susmangodfrey.com>
**Sent:** Tuesday, December 31, 2024 11:39 AM
**To:** Susan R. Hope <SHope@keker.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com; Steven Lieberman <slieberm@rothwellfigg.com>; Jennifer B. Maisel <jmaisel@rothwellfigg.com>; Kristen Logan <klogan@rothwellfigg.com>; NYClassActions_Microsoft_OHS <nyclassactions_microsoft_ohs@orrick.com>; MicrosoftNYClassActionFDBR@faegredrinker.com; jon@loevy.com; mike@loevy.com; carbajal@loevy.com; match@loevy.com; matt@loevy.com; steve@loevy.com; kayes@loevy.com; wallenberg@loevy.com; rparker@rothwellfigg.com; jcolgate@rothwellfigg.com; mrawls@rothwellfigg.com; bthompson@rothwellfigg.com; jlindenbaum@rothwellfigg.com; Alter-AI-TT@simplelists.susmangodfrey.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com
**Subject:** RE: NYT/DN/CIR/AG/ALTER, et al., v. OpenAI, Inc.,et al. | E-Service - Defendants Responses

and Objections to Notice of Rule 30(b)(6) Deposition

**[EXTERNAL]**

OpenAI team: Can we set a time next week to confer about OpenAI's responses and objections to the 30(b)(6) deposition notice? All Plaintiffs are available next Tuesday, 1/7, from 1pm – 3:30pm, and next Thursday, 1/9, from 11am – 4pm, all times Eastern. (I have added the class plaintiffs here; it appears that they were not included on your initial service email.)

Thanks, and happy new year.

Zach

**From:** Susan R. Hope (via NYT-AI-SG-Service list) <NYT-AI-SG-Service@simplelists.susmangodfrey.com>
**Sent:** Friday, December 20, 2024 7:02 PM
**To:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; Steven Lieberman <slieberm@rothwellfigg.com>; Jennifer B. Maisel <jmaisel@rothwellfigg.com>; Kristen Logan <klogan@rothwellfigg.com>; NYClassActions_Microsoft_OHS <nyclassactions_microsoft_ohs@orrick.com>; MicrosoftNYClassActionFDBR@faegredrinker.com; jon@loevy.com; mike@loevy.com; carbajal@loevy.com; match@loevy.com; matt@loevy.com; steve@loevy.com; kayes@loevy.com; wallenberg@loevy.com; rparker@rothwellfigg.com; jcolgate@rothwellfigg.com; mrawls@rothwellfigg.com; bthompson@rothwellfigg.com; jlindenbaum@rothwellfigg.com
**Cc:** KVP-OAI <KVPOAI@keker.com>; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com
**Subject:** NYT/DN/CIR/AG/ALTER, et al., v. OpenAI, Inc.,et al. | E-Service - Defendants Responses and Objections to Notice of Rule 30(b)(6) Deposition

EXTERNAL Email
Counsel,

Attached please find the following document served herein on today's date:

- **DEFENDANT OPENAI'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF RULE 30(B)(6) DEPOSITION**

Please contact me if you encounter any difficulty accessing the file.

Regards,

**Susan R. Hope**
Legal Secretary
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
510 229 9325 (during SIP) | 415 391 5400 main
shope@keker.com | keker.com
Pronouns: she, her, hers


To unsubscribe from this list please go to https://simplelists.susmangodfrey.com/confirm/?u=W2xeQJQpCxkpKlnsTlW4LsE2qwf0N1tn