# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUTHORS GUILD, et al., | ECF CASE |
| Plaintiffs, | No. 1:23-cv-08292-SHS; |
| v. | No. 1:23-cv-10211-SHS |
| OPEN AI INC., et al., | **PLAINTIFFS' NINTH SET OF REQUESTS FOR PRODUCTION TO OPENAI** |
| Defendants. | |
| JONATHAN ALTER, et al., | |
| Plaintiffs, | |
| v. | |
| OPENAI, INC., et al., | |
| Defendants. | |

**PLAINTIFFS' NINTH SET OF REQUESTS FOR PRODUCTION TO OPENAI**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs request that Defendant OpenAI respond to the following Sixth Set of Requests for Production of Documents ("Requests"). Responses to these Requests shall be due within thirty (30) days of the date of service or as otherwise mutually agreed by the parties. Plaintiffs are amenable to an electronic production, subject to agreement by the parties.

In accordance with Rule 34(b), OpenAI shall provide written responses to the following Requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in these Requests. In accordance with Rule 26(e), OpenAI shall supplement or correct its responses

or productions as necessary.

I.      **DEFINITIONS**

1.      **"Communication(s)"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, including, but not limited to, telephone calls, emails (whether via company server or personal webmail or similar accounts), faxes, text messages (on work or personal phones), instant messages, Skype, Line, WhatsApp, WeChat, other electronic messages, letters, notes, and voicemails.

2.      **"Document(s)"** is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A). For the avoidance of doubt, **Document(s)** includes **Communication(s)**.

3.      **"You", "Your"**, and **"OpenAI"** means OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OPCO LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC (each, an "**Entity**"), and any of their directors, officers, employees, partners, members, representatives, agents (including attorneys, accountants, consultants, investment advisors or bankers), and any other person acting or purporting to act on their behalf, as well as corporate parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, or any other entity acting or purporting to act on their behalf.

4.      **"Large Language Model," "LLM," "AI Model(s)," "Generative AI system(s)," "model(s),"** and **"API Product(s)"** have the same meaning as they are used in YOUR letter to the Register of Copyrights and Director of the U.S. Copyright Office dated October 30, 2023, "Re: Notice of Inquiry and Request for Comment [Docket No. 2023-06]" and include all models listed or described in https://platform.openai.com/docs/models.

5. **"Source Code"** has the same meaning as contemplated in the Parties' ESI Order [Docket Entry 171].

6. **"Concern"** means be the subject of, make reference to, comment on, discuss, describe, identify, or contain text or images about the stated topic.

7. **"Including"** means including but not limited to.

8. **"Relate to"** means refer to, respond to, describe, evidence, or constitute, in whole or in part.

## II.   RELEVANT TIME PERIOD

The relevant time period is January 1, 2019 through the present ("Relevant Time Period"), unless otherwise specifically indicated, and shall include all **Documents** and any other information relating to such period, even though prepared or published outside of the Relevant Time Period. If a **Document** prepared before the Relevant Time Period is necessary for a correct or complete understanding of any **Document** covered by any of these Requests, please provide the earlier **Document** as well. If any **Document** is undated and the date of its preparation cannot be determined, please produce the **Document** if it is otherwise responsive to any Request.

## III.   INSTRUCTIONS

1. The production by one person, party, or entity of a **Document** does not relieve another person, party, or entity from the obligation to produce his, her, or its own copy of that **Document**.

2. Produce **Documents** not otherwise responsive to these Requests if such **Documents Relate to** the **Documents** that are called for by these Requests, or if such **Documents** are attached to **Documents** called for by these Requests.

3. Produce each **Document** requested herein in its entirety and without deletion, excisions, redaction, or other modification regardless of whether **You** consider the entire document to be relevant or responsive.

4. If any **Document** is known to have existed but no longer exists, has been destroyed, or is otherwise unavailable, identify the **Document**, the reason for its loss, destruction, or unavailability, the name of each person known or reasonably believed by **You** to have had possession, custody, or control of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the **Document**.

5. If no **Documents** responsive to a particular Request exist, state that no responsive **Documents** exist.

6. If **You** assert that any of the **Documents** and things requested are protected from discovery by attorney-client privilege, the attorney work product doctrine, or any other evidentiary privilege, specify for each **Document** (1) the grounds asserted as the reason for non-production; (2) the date the **Document** was prepared; (3) the identity of the attorney(s) who drafted or received the **Document(s)** (if attorney-client privilege or attorney work product protection is claimed); (4) the identity of the parties who prepared or received the **Document**; and (5) the nature of the **Document**.

7. Construe the conjunctions "and" and "or" non-restrictively or non-exclusively if doing so would bring within the scope of these Requests **Documents** that might otherwise be construed to be outside of their scope.

8. Construe the use of the singular to include the plural; the use of the masculine, feminine, or neuter gender to include the others; and the use of one form of the verb to include the others if doing so would bring within the scope of these Requests **Documents** that might otherwise be construed to be outside of their scope.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 133:**

All **Source Code** related to LibGen, Books1, Books2, including, but not limited to, the code that downloaded "libgen-1-dedup" and "libgen-2-dedup" data from the LibGen websites and mirrors, code that discovered the list of books to download, scraped the webpages, and filtered and processed the data.

**REQUEST FOR PRODUCTION NO. 134:**

All **Source Code** related to ████████████████████, including, but not limited to, the code that discovered the list of books to download, crawler code, OCR code, and any filtering and processing code.

**REQUEST FOR PRODUCTION NO. 135:**

All **Source Code** related to Common Crawl and ELibra, including, but not limited to, the code that discovered the list of books to download, crawler code, OCR code, and any filtering and processing code.

**REQUEST FOR PRODUCTION NO. 136:**

All **Source Code** related to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, including, but not limited to, the code that discovered the list of podcasts to download, crawler code, transcription code, and any filtering and processing code.

**REQUEST FOR PRODUCTION NO. 137:**

All **Source Code** related to downloading YouTube videos, including, but not limited to, code on transcribing and any arrangement with Microsoft or Google.

**REQUEST FOR PRODUCTION NO. 138:**

All **Source Code** related to GPTBot, including, but not limited to, how it makes web requests, discovers pages to crawl, and processes the downloaded data.

**REQUEST FOR PRODUCTION NO. 139:**

Model architecture code for GPT-3, GPT-4, GPT-4o that clearly define all the training layers and functions.

**REQUEST FOR PRODUCTION NO. 140:**

Model training code that iteratively optimizes the model parameters given a set of training data, including, but not limited to, the code that feeds training data into the model and the optimization functions used to train the model.

**REQUEST FOR PRODUCTION NO. 141:**

Model hosting and inference code, including, but not limited to, when a user sends a text prompt on ChatGPT interface, the code that process the prompt, call the model, and returns the response. Include code on processing the user prompt and the response.

**REQUEST FOR PRODUCTION NO. 142:**

Any content moderation code, including, but not limited to, any code that detects whether a response should be returned to the user in ChatGPT.

**REQUEST FOR PRODUCTION NO. 143:**

To the extent not already Requested, any other script that includes the term "book", "books", "copyright", and/or "license".

Dated:  January 10, 2025

Respectfully submitted,

*/s/ Rachel Geman*
Rachel Geman
Wesley Dozier (*pro hac vice*)
Anna J. Freymann
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
rgeman@lchb.com
wdozier@lchb.com
afreymann@lchb.com

Reilly T. Stoler (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
rstoler@lchb.com

*/s/ Justin Nelson*
Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: 713-651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: 310-789-3100
rnath@susmangodfrey.com

J. Craig Smyser
SUSMAN GODFREY L.L.P.
1901 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: 212-336-8330
csmyser@susmangodfrey.com

*/s/ Scott Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
60 Broad St., 30th Floor
New York, New York 10010
Telephone: 212.974.7474
ssholder@cdas.com
ccole@cdas.com

*Attorneys for Plaintiffs and the Proposed Classes*

## **CERTIFICATE OF SERVICE**

I certify that on January 10, 2025 I emailed a copy of the foregoing to OAI's counsel of record in this matter.

                                                   */s/ Rohit Nath*
                                                   Rohit Nath