# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated, | **DEFENDANTS' RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| Plaintiffs, | No. 1:23-cv-08292-SHS |
| v. | |
| OPENAI INC., OPENAI LP, OPENAI LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, and OPENAI STARTUP FUND MANAGEMENT LLC, | |
| Defendants. | |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated, | No. 1:23-cv-10211-SHS |
| Plaintiffs, | |
| v. | |
| OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LCC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION, | |
| Defendants. | |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

PROPOUNDING PARTY:    Fiction and Nonfiction Plaintiffs

RESPONDING PARTY:    OpenAI Defendants

SET NUMBER:    Two

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26, Defendants OPENAI INC., OPENAI LP, OPENAI OPCO LLC, OPENAI GP LLC, OPENAI LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION (collectively, "OpenAI") hereby object and respond to Fiction and Nonfiction Plaintiffs ("Plaintiffs") Second Set of Requests for Production of Documents to Defendants OpenAI ("Requests").  To the extent that OpenAI agrees to produce documents in response to these Requests, each entity is agreeing to produce only its own documents, to the extent those documents can be located after a reasonable search.  Furthermore, an agreement by OpenAI to search for documents does not mean that each entity has documents in its possession, custody, or control.

## INTRODUCTORY RESPONSE

OpenAI responds to the Requests on the basis of the best information available to it at the time the responsive information was gathered, within the limits of time, and subject to the objections described below.  OpenAI responds to the Requests as it interprets and understands each Request set forth herein.  If Plaintiffs subsequently assert an interpretation of any of the Requests that differs from OpenAI's understanding, OpenAI reserves the right to supplement its objections and/or responses.

OpenAI's willingness to respond to any particular Request does not constitute an admission that OpenAI agrees with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgement by OpenAI that the Request is proper, that the information sought is within the proper bounds of discovery or that demands for similar information will be treated in similar fashion.  Furthermore, a statement that responsive documents will be produced in response to a particular Request does not mean that OpenAI knows any such document exists or is in its possession, custody, or control.

OpenAI's responses to the Requests may contain, provide, or refer to information that will be subject to a protective order to be entered in this matter and should therefore be treated accordingly.

OpenAI has not yet completed its discovery relating to this case and its investigation of the facts is ongoing.  OpenAI anticipates that additional information responsive to the Requests may be obtained as discovery proceeds.  OpenAI's responses to the Requests are therefore made without prejudice to OpenAI's right to amend, correct or supplement its responses to the Requests.

## **GENERAL OBJECTIONS**

1.      OpenAI objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they:

a.      call for the discovery of information protected by the attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege or immunity under federal, state or local law.  The inadvertent production of any information that is privileged or otherwise protected from discovery shall not constitute a waiver of any such privilege or protection;

b.        are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, overlapping, or duplicative;

c.        require disclosure of information that is neither relevant to the claims or defenses of any party in this action, nor proportional to the needs of the case;

d.        purport to require the disclosure of information already in the possession of Plaintiffs, available from public sources, as accessible to Plaintiffs as to OpenAI, or obtainable from another source that is more convenient, less burdensome or less expensive.  OpenAI provides these responses with the understanding that Plaintiffs already have access to such sources, including all materials on OpenAI's website;

e.        attempt to impose burdens that exceed or are different from the requirements of the Federal Rules of Civil Procedure and/or the applicable Local Rules, and relevant case law.  OpenAI will comply with its obligations under the Federal and Local Rules, but will not comply with Instructions that are inconsistent with, or impose obligations beyond, applicable rules.  OpenAI stands ready to meet and confer to discuss the best and most efficient way to conduct discovery bilaterally;

f.        call for information concerning documents that are no longer in existence or reasonably accessible, or documents not in OpenAI's possession, custody, or control. OpenAI will only provide relevant, non-privileged information that is within OpenAI's present possession, custody, or control and available after a reasonable investigation;

g.        imprecisely specify the information sought.  Where imprecise terms are used, OpenAI will, therefore, provide only information that is responsive to the Request based on OpenAI's interpretation of the Request;

h.        seek information concerning "all documents and things," or the like on the

basis that providing a response to such Requests would be unduly burdensome;

      i.      are not limited to a reasonable time period.  OpenAI will produce documents from a reasonable time period as it relates to the case;

      j.      purport to impose a duty on OpenAI to undertake a search for information beyond a reasonable search of its files as it relates to this case and where information responsive to the Request would reasonably be expected to be stored in the ordinary course of business;

      k.      seek discovery in violation of any applicable law;

      l.      are premature and require the disclosure of expert discovery, opinions or analysis;

      m.      seek information that is the confidential and proprietary information of a third party, the joint confidential and proprietary information of OpenAI and a third party, or the subject of a non-disclosure/confidentiality agreement between OpenAI and a third party.  OpenAI will produce third-party confidential documents as set forth herein, subject to the terms of any protective order to be entered by the Court; or

      n.      seek information that is more efficiently or appropriately obtained through some other form of discovery.

2.      Where the Request includes words and concepts involving a legal conclusion, any response is not an admission that such legal conclusions apply.

3.      OpenAI reserves all objections to the competency, relevance, materiality, or admissibility at trial or any other proceeding of any information provided or document identified in response to the Requests.  The identification of any document or the provision of any

information does not constitute an admission that such document or information exists or is relevant to the pending litigation.

4.      OpenAI objects to Plaintiffs' definitions of "OPENAI" and "YOU" to the extent it purports to include each of the OpenAI Defendants' respective "directors, officers, employees, partners, members, representatives, agents (INCLUDING attorneys, accountants, or consultants, investment advisors or bankers), and any other person acting or purporting to act on their behalf, as well as corporate parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, or any other entity acting or purporting to act on their behalf" as overly broad, unduly burdensome and disproportionate to the needs of this case and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and the Local Rules. OpenAI interprets and defines OpenAI to include only the named Defendants OpenAI, Inc., OpenAI LP, OpenAI OpCo LLC, OpenAI GP LLC, OpenAI LLC, OpenAI Global LLC, OAI Corporation LLC, OpenAI Holdings LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund GP I LLC, and OpenAI Startup Fund Management LLC.

5.      OpenAI objects to Plaintiffs' definition of "LARGE LANGUAGE MODEL" or "LLM" as having the "same meaning as it does in the Fiction Amended Complaint" as overly broad, unduly burdensome, and not proportional to the needs of the case. Whereas the Fiction Amended Complaint addresses generative AI and AI models generally, Plaintiffs' allegations implicate only the models underlying ChatGPT and are more limited in scope. OpenAI interprets and defines "LARGE LANGUAGE MODEL" or "LLM" to include only the models underlying ChatGPT.

6.      OpenAI objects to the requested production date as unreasonably burdensome.

7.      OpenAI will substantially complete its production of documents by no later than June 14, 2024.

8.      OpenAI objects to each Request to the extent that it seeks trade secrets or confidential or proprietary information of OpenAI.  OpenAI will produce confidential documents as set forth herein, subject to and after the entry of a protective order in this matter.

9.      OpenAI objects to the production of electronically stored information ("ESI") before an applicable ESI protocol has been entered.  OpenAI further objects to Plaintiffs' instructions regarding production of ESI as misrepresenting any agreements the parties have entered into regarding ESI.  OpenAI will produce electronically stored information as set forth herein, subject to the terms of an ESI protocol to be agreed upon by the parties.

10.      OpenAI objects to the instruction that purports to require the OpenAI defendants to produce its own copy of a responsive document as duplicative, unreasonably burdensome and not proportional to the needs of this case.

11.      OpenAI objects to the instruction that purports to require OpenAI to produce documents not otherwise responsive to these Requests if the documents relate to the documents called for by these Requests as seeking irrelevant information, and being unreasonably burdensome, and not proportional to the needs of this case.

12.      OpenAI objects to the instruction that purports to require OpenAI to identify documents that are known to have existed but no longer exists, have been destroyed, or are otherwise unavailable, the reason for its loss, destruction, or unavailability, the name of each person known or reasonably believed to have had possession, custody, or control of the original and any copy thereof, and a description of the disposition of each copy.  OpenAI will not identify

such documents, as the requests to do so is unreasonably burdensome and not proportional to the needs of this case.

13.    OpenAI objects to the definition of the "Relevant Time Period" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of this case. Unless otherwise specified, OpenAI will respond with responsive, non-privileged information and documents from only the time period relevant to each request.

Without waiving the foregoing General Objections but in express reliance thereon, OpenAI incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 16:**

To the extent not already requested, DOCUMENTS sufficient to determine any manner in which CHATGPT can reference or access any published works of fiction or nonfiction, in whole or in part, in any form, format, or language.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to the terms "reference" and "access" as vague and ambiguous.

Subject to the foregoing General and Specific Objections, OpenAI will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search sufficient to show that published works of fiction or nonfiction are not stored within the models used for ChatGPT, after the entry of a protective order in this case.

**REQUEST FOR PRODUCTION NO. 17:**

To the extent not already requested, DOCUMENTS sufficient to determine any manner in which any LLM operated by OPENAI has referenced or accessed any published works of fiction or nonfiction, in whole or in part, in any form, format, or language.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to the terms "referenced" and "accessed" as vague and ambiguous. OpenAI objects to this request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks documents regarding models not used for ChatGPT.

Subject to the foregoing General and Specific Objections, OpenAI will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search sufficient to show that published works of fiction or nonfiction are not stored within the models used for ChatGPT, after the entry of a protective order in this case.

**REQUEST FOR PRODUCTION NO. 18:**

To the extent not already requested, DOCUMENTS and COMMUNICATIONS sufficient to identify the ELECTRONICALLY STORED INFORMATION through which YOU accessed commercial works of fiction and/or nonfiction, INCLUDING FICTION CLASS WORKS AND NONFICTION CLASS WORKS, to train CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this request for "COMMUNICATIONS," as defined in the Requests as "the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information," as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI objects to the term "accessed" as vague and ambiguous.

Subject to the foregoing General and Specific Objections, OpenAI will make available for inspection, pursuant to an inspection protocol to be negotiated between the parties, the pre-training data for models used for ChatGPT that it locates after a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS and COMMUNICATIONS reflecting or discussing how YOU accessed any commercial works of fiction or nonfiction, INCLUDING FICTION CLASS WORKS AND NONFICTION CLASS WORKS, used to train CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case.  OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case.  OpenAI objects to this request for "COMMUNICATIONS," as defined in the Requests as "the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information," as overly broad, unduly burdensome, and disproportionate to the needs of the case.  OpenAI objects to the terms "accessed" as vague and ambiguous.

Subject to the foregoing General and Specific Objections, OpenAI will make available for inspection, pursuant to an inspection protocol to be negotiated between the parties, the pre-training data for models used for ChatGPT that it locates after a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to identify all policies, procedures, or practices YOU had in place at any time to ensure that training CHATGPT did not infringe on or otherwise violate another party's intellectual property rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case.  OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings,

INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to the extent the Request seeks documents related to intellectual property rights beyond copyright as seeking irrelevant information, and being unreasonably burdensome, and not proportional to the needs of this case. OpenAI objects to the extent that the Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search sufficient to show the relevant OpenAI policies and procedures related to preventing copyright infringement, after the entry of a protective order.

## REQUEST FOR PRODUCTION NO. 21:

DOCUMENTS and COMMUNICATIONS sufficient to identify any rights clearance efforts undertaken RELATED TO the material used to train CHATGPT including, but not limited to, copyright searches and license requests.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this request for "COMMUNICATIONS," as defined in the Requests as "the conveyance (in the form of facts,

ideas, thoughts, opinions, data, inquiries or otherwise) of information," as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI objects to the phrase "rights clearance efforts" as vague and ambiguous. OpenAI objects to the extent that the Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS and COMMUNICATIONS between YOU and MICROSOFT related to the contents of the training dataset used to train CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this request for "COMMUNICATIONS," as defined in the Requests as "the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information," as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI objects to this request as seeking information and/or documents that are not relevant to any claim or defense in this litigation and/or that are not proportional to the needs of this case.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

## REQUEST FOR PRODUCTION NO. 23:

DOCUMENTS and COMMUNICATIONS between YOU and MICROSOFT related to the process of collecting, maintaining, and using data to train CHATGPT, including the number of reproductions made of training data in the course of training CHATGPT.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this request for "COMMUNICATIONS," as defined in the Requests as "the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information," as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI objects to the phrases "maintaining" and "number of reproductions made" as vague and ambiguous. OpenAI objects to this request as seeking information and/or documents that are not relevant to any claim or defense in this litigation and/or that are not proportional to the needs of this case.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 24:**

To the extent not already requested, DOCUMENTS and COMMUNICATIONS reflecting or discussing any instances, or alleged instances, in which CHATGPT directly reproduced potentially copyrighted material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case.  OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case.  OpenAI objects to this request for "COMMUNICATIONS," as defined in the Requests as "the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information," as overly broad, unduly burdensome, and disproportionate to the needs of the case.  OpenAI objects to the phrase "directly reproduced" as vague and ambiguous.  OpenAI objects to the extent that the Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.  OpenAI objects to the extent this request seeks private and personal information of third parties as a violation of their privacy rights.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 25:**

To the extent not already requested, DOCUMENTS and COMMUNICATIONS reflecting or discussing your response to any allegations that CHATGPT directly reproduced potentially copyrighted material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this request for "COMMUNICATIONS," as defined in the Requests as "the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information," as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI objects to the terms "response" and "allegations" as vague and ambiguous. OpenAI objects to the extent that the Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search sufficient to show responses, if any, to formal, written complaints it received regarding the use of purportedly copyrighted material in training, after the entry of a protective order in this case.

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS and COMMUNICATIONS exchanged between YOU and MICROSOFT CONCERNING the use of purportedly copyrighted material in training CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this request for "COMMUNICATIONS," as defined in the Requests as "the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information," as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI objects to this request as seeking information and/or documents that are not relevant to any claim or defense in this litigation and/or that are not proportional to the needs of this case.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS and COMMUNICATIONS sufficient to identify any efforts to mitigate and/or remedy instances in which YOU purportedly used copyrighted material without permission in training CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this request for "COMMUNICATIONS," as defined in the Requests as "the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information," as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI objects to the phrases "efforts to mitigate," "remedy" and "instances in which you purportedly used copyrighted material" as vague and ambiguous. OpenAI objects to the extent that the Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law. OpenAI objects to the extent that the Request necessarily assumes that OpenAI required permission to use copyrighted material in training ChatGPT.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS and COMMUNICATIONS sufficient to identify any changes made to internal systems in response to any allegations that YOU used copyrighted material without permission in training CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this request for "COMMUNICATIONS," as defined in the Requests as "the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information," as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI objects to the phrases "internal systems" and "allegations" as vague and ambiguous. OpenAI objects to the extent that the Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search sufficient to show any changes made to internal systems in response to any allegations that OpenAI used copyrighted material without permission in training ChatGPT, after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS and COMMUNICATIONS sufficient to show any deals, contracts, agreements, negotiations, memoranda of understanding, or deal points, whether finalized or not,

whether accepted or not, in executed, draft form, or otherwise, CONCERNING the licensing or purchase of data, INCLUDING data derived from or about books, to train CHATGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this request for "COMMUNICATIONS," as defined in the Requests as "the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information," as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI objects to the extent the Request seeks drafts of and unexecuted of deals, contracts, and agreements, including negotiations, memoranda of understanding, or deal points, as seeking irrelevant information, and being unreasonably burdensome, and not proportional to the needs of this case.

Subject to the foregoing General and Specific Objections, OpenAI will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search sufficient to show any responsive executed contracts and agreements, after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 30:**

All COMMUNICATIONS regarding Books1 and/or Books2, including, but not limited to, communications regarding the sources used to compile Books1 and/or Books2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case.  OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this request for "All COMMUNICATIONS," as defined in the Requests as "the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information," as overly broad, unduly burdensome, and disproportionate to the needs of this case.  OpenAI objects to this request to the extent it seeks information and/or communications not related to the models used for ChatGPT as not relevant to any claim or defense in this litigation and not proportional to the needs of this case.  OpenAI objects to the extent that the Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS sufficient to determine the source material for Books1 and/or Books2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case.  OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this request for "DOCUMENTS," as defined in the Requests as "all writings and recordings, INCLUDING the originals, drafts and all non-identical copies," as overly broad, unduly burdensome, and disproportionate to the needs of this case.  OpenAI also objects to the phrase

"source material" as vague and ambiguous and overly broad. OpenAI objects to this request to the extent it seeks information and/or documents not related to the models used for ChatGPT as not relevant to any claim or defense in this litigation and not proportional to the needs of this case. OpenAI objects to the extent that the Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 32:**

All COMMUNICATIONS with investors or potential investors, including, but not limited to A16Z, RELATED TO OpenAI's LLMs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "COMMUNICATIONS," as defined in the Requests as "the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information," as overly broad, unduly burdensome, and disproportionate to the needs of the case. OpenAI objects to this request as seeking information and/or documents that are not relevant to any claim or defense in this litigation and/or that are not proportional to the needs of this case. OpenAI objects to the extent that the Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this request.

Dated: February 28, 2024

By:  */s/ Joseph C. Gratz*
Joseph C. Gratz

**MORRISON & FOERSTER LLP**
JOSEPH C. GRATZ (*pro hac vice*)
JGratz@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

**LATHAM & WATKINS LLP**
ANDREW M. GASS
Andrew.Gass@lw.com
JOSEPH R. WETZEL
Joe.Wetzel@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California  94111
Telephone:    (415) 391-0600

SARANG VIJAY DAMLE
Sy.Damle@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:    (202) 637-2200

ALLISON L. STILLMAN
Alli.Stillman@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone:    (212) 751-4864

*Attorneys for Defendants*
OPENAI INC., OPENAI LP, OPENAI LLC,
OPENAI GP LLC, OPENAI OPCO LLC,
OPENAI GLOBAL LLC, OAI CORPORATION
LLC, OPENAI HOLDINGS LLC, OPENAI
STARTUP FUND I LP, OPENAI STARTUP
FUND GP I LLC, and OPENAI STARTUP
FUND MANAGEMENT LLC

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California  94105-2482.  I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on February 28, 2024, I served a copy of:

- DEFENDANTS' RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. Rule Civ. Proc. Rule 5(b).

| | |
|---|---|
| Rachel Geman<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>250 Hudson Street, 8th Floor<br>New York, NY 10013-1413<br>Email: rgeman@lchb.com | Wesley Dozier<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>222 2nd Avenue, Suite 1640<br>Nashville, TN 37201<br>Email: wdozier@lchb.com |
| Reilly T. Stoler<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Phone: 415-956-1000<br>Email: rstoler@lchb.com | |
| Scott J. Sholder<br>CeCe M. Cole<br>COWAN DEBAETS ABRAHAMS & SHEPPARD LLP<br>41 Madison Avenue, 38th Floor<br>New York, NY 10010<br>Phone:     212.974.7474<br>Email:  ssholder@cdas.com<br>         ccole@cdas.com | Rohit Nath<br>SUSMAN GODFREY LLP<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Phone:     310.798.3150<br>Email:     rnath@susmangodfrey.com |
| Justin A. Nelson<br>Alejandra Salinas<br>SUSMAN GODFREY LLP<br>100 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>Phone:  713.653.7802<br>Email:  asalinas@susmangodfrey.com<br>         jnelson@susmangodfrey.com | J. Craig Smyser<br>SUSMAN GODFREY LLP<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Phone:     212.336.8330<br>Email:  csmyser@susmangodfrey.com |
| Alter-AI-TT@simplelists.susmangodfrey.com | |
| *Attorneys for Fiction Author Class and Nonfiction Author Class* | |

| | |
|---|---|
| Annette L. Hurst<br>Daniel D. Justice<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>Phone: 415.773.5700<br>Email: ahurst@orrick.com<br>     djustice@orrick.com<br>nyclassactions_microsoft_ohs@orrick.com | Christopher J. Cariello<br>Marc R. Shapiro<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>51 West 2nd Street<br>New York, NY 10019<br>Phone: 415.773.5700<br>Email: ccariello@orrick.com<br>     mrshapiro@orrick.com |
| Jeffrey S. Jacobson<br>FAEGRE DRINKER BIDDLE & REATH<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Phone: 212.248.3191<br>Email: jeffrey.jacobson@faegredrinker.com | |
| *Attorneys for Defendant Microsoft Corporation* | |

I declare under penalty of perjury that the following is true and correct.

     Executed at San Francisco, California, this 28th day of February, 2024.


| Andréa M. Duprée | */s/ Andréa M. Duprée* |
|---|---|
| (typed) | (signature) |