# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated, | No. 1:23-cv-08292-SHS |
| Plaintiffs, | |
| v. | |
| OPENAI INC., OPENAI LP, OPENAI LLC, OPENAI GP LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, and OPENAI STARTUP FUND MANAGEMENT LLC, | |
| Defendants. | |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated, | No. 1:23-cv-10211-SHS |
| Plaintiffs, | |
| v. | |
| OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LCC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION, | |
| Defendants. | |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
<u>**THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26,

Defendants OPENAI INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI

GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP

FUND I LP, OPENAI STARTUP FUND GP I LLC, and OPENAI STARTUP FUND

MANAGEMENT LLC (collectively, "OpenAI") hereby object and respond to Plaintiffs' Third

Set of Requests for Production to OpenAI ("Requests"). To the extent that OpenAI agrees to

produce documents in response to these Requests, each entity is agreeing to produce only its own

documents, to the extent those documents can be located after a reasonable search. Furthermore,

an agreement by OpenAI to search for documents does not mean that each entity has documents

in its possession, custody, or control.

<u>**INTRODUCTORY RESPONSE**</u>

OpenAI responds to the Requests on the basis of the best information available to it at the

time the responsive information was gathered, within the limits of time, and subject to the

objections described below. OpenAI responds to the Requests as it interprets and understands

each Request set forth herein. If Plaintiffs subsequently assert an interpretation of any of the

Requests that differs from OpenAI's understanding, OpenAI reserves the right to supplement its

objections and/or responses.

OpenAI's willingness to respond to any particular Request does not constitute an

admission that OpenAI agrees with any characterization, definition, or assumption contained in

the Request or an assumption or an acknowledgement by OpenAI that the Request is proper, that

the information sought is within the proper bounds of discovery or that demands for similar

information will be treated in similar fashion. Furthermore, a statement that responsive

documents will be produced in response to a particular Request does not mean that OpenAI knows any such document exists or is in its possession, custody, or control.

OpenAI's responses to the Requests may contain, provide, or refer to information that will be subject to a protective order to be entered in this matter and should therefore be treated accordingly.

OpenAI has not yet completed its discovery relating to this case and its investigation of the facts is ongoing. OpenAI anticipates that additional information responsive to the Requests may be obtained as discovery proceeds. OpenAI's responses to the Requests are therefore made without prejudice to OpenAI's right to amend, correct or supplement its responses to the Requests.

## **GENERAL OBJECTIONS**

1.      OpenAI objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they:

    a.      call for the discovery of information protected by the attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege or immunity under federal, state or local law. The inadvertent production of any information that is privileged or otherwise protected from discovery shall not constitute a waiver of any such privilege or protection;

    b.      are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, overlapping, or duplicative;

    c.      require disclosure of information that is neither relevant to the claims or defenses of any party in this action, nor proportional to the needs of the case;

d.      purport to require the disclosure of information already in the possession of Plaintiffs, available from public sources, as accessible to Plaintiffs as to OpenAI, or obtainable from another source that is more convenient, less burdensome or less expensive.  OpenAI provides these responses with the understanding that Plaintiffs already have access to such sources, including all materials on OpenAI's website;

e.      attempt to impose burdens that exceed or are different from the requirements of the Federal Rules of Civil Procedure and/or the applicable Local Rules, and relevant case law.  OpenAI will comply with its obligations under the Federal and Local Rules, but will not comply with Instructions that are inconsistent with, or impose obligations beyond, applicable rules.  OpenAI stands ready to meet and confer to discuss the best and most efficient way to conduct discovery bilaterally;

f.      call for information concerning documents that are no longer in existence or reasonably accessible, or documents not in OpenAI's possession, custody, or control. OpenAI will only provide relevant, non-privileged information that is within OpenAI's present possession, custody, or control and available after a reasonable investigation;

g.      imprecisely specify the information sought.  Where imprecise terms are used, OpenAI will, therefore, provide only information that is responsive to the Request based on OpenAI's interpretation of the Request;

h.      seek information concerning "all documents and things," or the like on the basis that providing a response to such Requests would be unduly burdensome;

i.      are not limited to a reasonable time period.  OpenAI will produce documents from a reasonable time period as it relates to the case;

j.      purport to impose a duty on OpenAI to undertake a search for information beyond a reasonable search of its files as it relates to this case and where information responsive to the Request would reasonably be expected to be stored in the ordinary course of business;

k.      seek discovery in violation of any applicable law;

l.      are premature and require the disclosure of expert discovery, opinions or analysis;

m.      seek information that is the confidential and proprietary information of a third party, the joint confidential and proprietary information of OpenAI and a third party, or the subject of a non-disclosure/confidentiality agreement between OpenAI and a third party. OpenAI will produce third-party confidential documents as set forth herein, subject to the terms of any protective order to be entered by the Court; or

n.      seek information that is more efficiently or appropriately obtained through some other form of discovery.

2.      Where the Request includes words and concepts involving a legal conclusion, any response is not an admission that such legal conclusions apply.

3.      OpenAI reserves all objections to the competency, relevance, materiality, or admissibility at trial or any other proceeding of any information provided or document identified in response to the Requests. The identification of any document or the provision of any information does not constitute an admission that such document or information exists or is relevant to the pending litigation.

4.      OpenAI objects to Plaintiffs' definitions of **"OpenAI"** and **"You"** to the extent it purports to include each of the OpenAI Defendants' respective "directors, officers, employees,

partners, members, representatives, agents (including attorneys, accountants, or consultants, investment advisors or bankers), and any other person acting or purporting to act on their behalf, as well as corporate parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, related entities, or any other entity acting or purporting to act on their behalf" as overly broad, unduly burdensome and disproportionate to the needs of this case and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and the Local Rules. OpenAI interprets and defines OpenAI to include only the named Defendants OpenAI, Inc., OpenAI LP, OpenAI OpCo LLC, OpenAI GP LLC, OpenAI LLC, OpenAI Global LLC, OAI Corporation LLC, OpenAI Holdings LLC, OpenAI Startup Fund I LP, OpenAI Startup Fund GP I LLC, and OpenAI Startup Fund Management LLC.

5.      OpenAI objects to the requested production date as unreasonably burdensome.

6.      OpenAI objects to each Request to the extent that it seeks trade secrets or confidential or proprietary information of OpenAI.  OpenAI will produce confidential documents as set forth herein, subject to and after the entry of a protective order in this matter.

7.      OpenAI objects to the production of electronically stored information ("ESI") before an applicable ESI protocol has been entered.  OpenAI further objects to Plaintiffs' instructions regarding production of ESI as misrepresenting any agreements the parties have entered into regarding ESI.  OpenAI will produce electronically stored information as set forth herein, subject to the terms of an ESI protocol to be agreed upon by the parties.

8.      OpenAI objects to the instruction that purports to require the OpenAI defendants to produce its own copy of a responsive document as duplicative, unreasonably burdensome and not proportional to the needs of this case.

9.      OpenAI objects to the instruction that purports to require OpenAI to produce documents not otherwise responsive to these Requests if the documents relate to the documents called for by these Requests as seeking irrelevant information, and being unreasonably burdensome and not proportional to the needs of this case.

10.      OpenAI objects to the instruction that purports to require OpenAI to identify documents that are known to have existed but no longer exist, have been destroyed, or are otherwise unavailable, the reason for their loss, destruction, or unavailability, the name of each person known or reasonably believed to have had possession, custody, or control of the original and any copy thereof, and a description of the disposition of each copy.  OpenAI will not identify such documents, as the Requests to do so are unreasonably burdensome and not proportional to the needs of this case.

11.      OpenAI objects to the definition of the "Relevant Time Period" as vague and ambiguous, overly broad, unduly burdensome and not proportional to the needs of this case. Unless otherwise specified, OpenAI will respond with responsive, non-privileged information and documents from only the time period relevant to each Request.

Without waiving the foregoing General Objections but in express reliance thereon, OpenAI incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

## REQUEST FOR PRODUCTION NO. 33:

All **Documents** regarding the deletion of any training datasets, including but not limited to Books1 and/or Books2 and including but not limited to **Documents** sufficient to identify such

deleted datasets, the type of materials contained or believed to have been contained in those training datasets, and the date of deletion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information about the training process for models not used for ChatGPT.  OpenAI objects to this Request as seeking "discovery on discovery" without a proffered "adequate factual basis" for doing so.  *See Freedman v. Weatherford Int'l. Ltd.*, No. 12-cv-2121(LAK)(JCF), 2014 WL 3767034, at *3 (S.D.N.Y. July 25, 2014).  OpenAI further objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this request.

**REQUEST FOR PRODUCTION NO. 34:**

Retention agreements between **You** and any law firm(s) for matters related to copyright litigation or potential copyright litigation related your development and/or of any artificial intelligence models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.  OpenAI further objects on the grounds that any non-privileged information contained in a retention agreement, such as "the fact of a

retainer, the identity of the client, and the fee information," is not relevant to any claim or defense in this litigation as this information does not have any tendency to make a fact of consequence to a copyright infringement claim more or less probable. *See VR Optics LLC v. Peloton Interactive, Inc.*, No. 16 Civ. 6392, 2019 WL 2121690 at *6 (S.D.N.Y. May 15, 2019) (quoting *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09 Civ. 3701, 2013 WL 1896934, at *2 (S.D.N.Y. May 7, 2013)). OpenAI objects to this Request as overly broad to the extent it seeks agreements with "any law firm(s)."

Based on the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 35:

**Your** retention letters with Morrison & Foerster LLP and/or Latham & Watkins LLP executed between January 1, 2016 and December 31, 2022.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law. OpenAI further objects on the grounds that any non-privileged information contained in a retention letter, such as "the fact of a retainer, the identity of the client, and the fee information," is not relevant to any claim or defense in this litigation as this information does not have any tendency to make a fact of consequence to a copyright infringement claim more or less probable. *See VR Optics LLC v. Peloton Interactive, Inc.*, No. 16 Civ. 6392, 2019 WL 2121690 at *6 (S.D.N.Y. May 15, 2019) (quoting *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09 Civ. 3701, 2013 WL 1896934, at *2 (S.D.N.Y. May 7, 2013)).

Based on the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All **Communications** with third parties between January 1, 2016 and December 31, 2022 related to the use or reproduction of copyrighted materials or allegedly copyrighted materials to train any artificial intelligence model **You** developed, including without limitation all large language models and diffusion models (e.g., DALL-E, Codex, GPT-2).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks production of "All Communications" concerning "any artificial intelligence model . . . including without limitation all large language models and diffusion models."  OpenAI further objects to this Request as overly broad and unduly burdensome to the extent it is not sufficiently limited by time.  OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All **Documents Concerning** or **Relating to** the preparation of the comment **You** submitted in response to the U.S. Patent and Trademark Office's Request for Comments on Intellectual Property Protection for Artificial Intelligence Innovation issued on October 30, 2019, including without limitation all **Documents** provided to the people who drafted that comment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks "[a]ll Documents Concerning or Relating to the preparation of the comment    . . . including without limitation all Documents provided to the people who drafted that comment."  OpenAI further objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks "without limitation all Documents provided to the people who drafted that comment."

Subject to the foregoing General and Specific Objections, OpenAI responds that it will produce the comment submitted in response to the U.S. Patent and Trademark Office's Request for Comments on Intellectual Property Protection for Artificial Intelligence Innovation issued on October 30, 2019.

**REQUEST FOR PRODUCTION NO. 38:**

All **Communications** between **You** and any **Person**, including but not limited to

**Publishers**, from whom you obtained or sought to obtain a license for the use of text or audio in

connection with **Large Language Models**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

OpenAI objects to the production of electronically stored information before an

applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information

and/or documents not relevant to any claim or defense in this litigation to the extent it seeks

documents and/or information about agreements for data used to train models not used for

ChatGPT, and to the extent it seeks information about audio.  OpenAI objects to the phrase

"sought to obtain" as vague and ambiguous.  OpenAI further objects to this Request as overly

broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks

"[a]ll Communications between [OpenAI] and any Person."

Subject to the foregoing General and Specific Objections, OpenAI responds that it has

already agreed to produce its agreements related to text training data used to train models used to

power ChatGPT.  OpenAI further responds that it is willing to meet and confer regarding an

appropriately narrow scope for the balance of this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All **Documents Concerning** or **Relating to** curation and the type of data used to train

**Large Language Models**, including but not limited to **Documents Concerning** or **Relating to**

the importance of long stretches of text, of high-quality text, or of human-written text;

differences in the type or quality of output produced by models that do or do not contain

different kinds of data; differences in the way in which **Large Language Models** or **ChatGPT**

ingest, process, or output such data; and the decision to include or exclude data from the training data of certain **Large Language Models**.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks "[a]ll Documents Concerning or Relating to curation and the type of data used to train Large Language Models."  OpenAI further objects to the phrases "curation," "type of data," "long stretches of text," "high-quality text," and "human-written text" as vague and ambiguous.  OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

## REQUEST FOR PRODUCTION NO. 40:

**Documents Concerning** or **Relating to** the relative value of types of data for use in training Large Language Models.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it

seeks information and/or documents about data used to train models not used for ChatGPT. OpenAI objects to the phrase "relative value" as vague and ambiguous. OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

## REQUEST FOR PRODUCTION NO. 41:

To the extent not already requested, **Documents Concerning** or **Relating to** modifying any parameters for **Tuning** or restricting the output of **Large Language Models** or **ChatGPT** designed or intended—in whole or in part—to avoid copyright infringement and/or to avoid reproducing materials used to train the Large Language Models or ChatGPT.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about data used to train models not used for ChatGPT. OpenAI objects to the phrases "restricting the output," "avoid copyright infringement," and "avoid reproducing materials" as vague and ambiguous. OpenAI further objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law. OpenAI objects to this Request as coextensive with other previously propounded discovery, including but not limited to Request for Production Nos. 20, 27, and 28.

Subject to the foregoing General and Specific Objections, OpenAI responds that the information about parameters for model responses for ChatGPT is publicly available on its website, including at https://platform.openai.com/docs/api-reference/, https://platform.openai.com/docs/api-reference/chat and https://platform.openai.com/docs/guides/.  To the extent Plaintiffs believe they are entitled to additional information, OpenAI is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 42:**

**Documents Concerning** or **Relating to Your** creating human-generated text for use as training data for **Large Language Models**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about data used to train models not used for ChatGPT. OpenAI objects to the phrase "human-generated text" as vague and ambiguous.  OpenAI further objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 43:**

**All Documents Concerning** or **Relating to** changes in output quality of **Large Language Models** based on the inclusion or exclusion of human-generated text in the training data for **Large Language Models**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about data used to train models not used for ChatGPT. OpenAI objects to the phrases "changes in output quality," "based on the inclusion or exclusion," and "human-generated text" as vague and ambiguous.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents Concerning or Relating to ChatGPT or Large Language Models commercial uses and/or applications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT. OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under

federal, state or local law.  OpenAI objects to the phrase "commercial uses and/or applications" as vague and ambiguous.  OpenAI further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information and/or documents about all "uses and/or applications" of OpenAI's products.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 45:**

All **Documents** Concerning or Relating to Your potential or actual conversion to a for-profit entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation in that the status of any particular entity as for- or non-profit does not have any tendency to make a fact of consequence more or less probable.  OpenAI objects to the phrase "conversion to a for-profit entity" as vague and ambiguous.

Based on the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

All **Documents Concerning** or **Relating to** whether **Your** use of copyrighted material in **Large Language Models** complies with copyright law in the United States or elsewhere.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT.  OpenAI objects to the phrase "complies with copyright law" as vague and ambiguous.

Based on the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

**All Documents Concerning or Relating to** products, services or "in-kind" investments provided to **You** by **Microsoft**, including but not limited to the need for or importance of such products, services, or "in-kind" investments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about "products, services, or 'in kind' investments" that are not related to OpenAI models used for ChatGPT.  OpenAI objects to the phrases "products," "services," and "'in-kind' investments" as vague and ambiguous.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to

the extent it purports to "All Documents Concerning or Relating to" an unbounded set of "products, services, or 'in-kind' investments."

Based on the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 48:

All **Documents Concerning** or **Relating to** the use or inclusion of **ChatGPT** or **Your Large Language Models** in **Microsoft's** products, including but not limited to Azure, and including but not limited to **Documents Concerning** or **Relating to** any profits or revenues from such products and the distribution thereof among **You** and **Microsoft**.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it purports to seek "All Documents Concerning or Relating to" Microsoft's use of OpenAI's products. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT.  OpenAI objects to the phrase "use or inclusion" as vague and ambiguous.  OpenAI further objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.  OpenAI objects to this Request to the extent that it seeks information and/or documents that are not in OpenAI's possession, custody, or control.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 49:**

All **Documents Concerning** or **Relating to** the use or inclusion of **ChatGPT** or **Your Large Language Models** in commercial products, including but not limited to **Documents Concerning** or **Relating to** the ideation, development, and commercialization timeframe.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to the phrases "use or inclusion," "ideation," "development," and "commercialization timeframe" as vague and ambiguous. OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it purports to seek "All Documents Concerning or Relating to" broad concepts like "ideation, development, and commercialization" of OpenAI products. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT.  OpenAI further objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 50:**

For each **Large Language Model You** have commercialized, sold, and/or licensed, the gross revenues, net revenues, and profits, by month, generated by the **Large Language Model**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT. OpenAI further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it is not limited by time.

Subject to the foregoing General and Specific Objections, OpenAI responds that it will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable search sufficient to show income from paid versions of ChatGPT, between its introduction on November 30, 2022 to the present.

**REQUEST FOR PRODUCTION NO. 51:**

The balance sheet, income statement, and cash flow statement, on a monthly basis, for each of OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OPCO LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT. OpenAI further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it is not limited by time, and to the extent it is not limited to the entities whose conduct is at issue in this litigation. OpenAI objects to this Request to the extent it seeks documents that do not exist.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 52:**

All **Documents** sufficient to show the output of any **Large Language Models** created by **You** related to Plaintiffs' works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT.  OpenAI objects to this Request as it seeks documents that are under the custody, control, or possession of Plaintiffs rather than OpenAI.  OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.  OpenAI objects to the extent this Request seeks private and personal information of third parties as a violation of their privacy rights.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 53:**

**Documents** sufficient to show each version of the terms and/or conditions of use for **ChatGPT**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks

production of "each version of the terms and/or conditions of use." OpenAI objects to the phrase

"terms and/or conditions of use for ChatGPT" as vague and ambiguous. OpenAI objects to the

extent that this Request calls for the discovery of information protected by attorney-client

privilege, the attorney work-product immunity and/or any other applicable privilege under

federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that its terms of

use are publicly available on its website, including at https://openai.com/policies/terms-of-use/,

https://openai.com/policies/service-terms/, https://openai.com/policies/business-terms/,

https://openai.com/policies/usage-policies/, and https://openai.com/policies/sharing-publication-

policy/. To the extent Plaintiffs believe they are entitled to additional information, OpenAI is

willing to meet and confer regarding an appropriately narrow scope for this Request.

## REQUEST FOR PRODUCTION NO. 54:

**All Documents Concerning** or **Relating to Your** decision to include, modify, or remove

the following or similar language from **Your** terms and/or conditions of use for **ChatGPT**:

"With respect to the content or other materials you upload through the Site or share with other

users or recipients (collectively, "User Content"), you represent and warrant that you own all

right, title and interest in and to such User Content, including, without limitation, all copyrights

and rights of publicity contained therein. By uploading any User Content you hereby grant and

will grant OpenAI and its affiliated companies a nonexclusive, worldwide, royalty free, fully

paid up, transferable, sublicensable, perpetual, irrevocable license to copy, display, upload,

perform, distribute, store, modify and otherwise use your User Content for any OpenAI-related

purpose in any form, medium or technology now known or later developed."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to the phrases "similar language" and "terms and/or conditions of use for ChatGPT" as vague and ambiguous. OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks "[a]ll Documents Concerning or Relating to [OpenAI's] decision." OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Based on the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 55:**

All **Documents Concerning** or **Relating to** any version of Library Genesis, LibGen, Internet Archive, Z-Library, Common Crawl, WebText, Project Gutenberg, Anna's Archive, Open Library, Reddit, DuXiu, or any other repository of text You used or considered using to train Your Large Language Models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT. OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks "[a]ll Documents Concerning or Relating to any version of [. . .]

any [] repository of text [OpenAI] used or considered using." OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing general and specific objections, OpenAI responds that it will produce for inspection the text training data for GPT-3.5, GPT-3.5 Turbo, GPT-4, and GPT-4 Turbo that it locates after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 56:**

All **Documents Concerning** or **Relating to** the paper entitled "Fair Learning" by Mark Lemley and Bryan Casey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information about an article generally discussing AI training databases. OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks "[a]ll Documents Concerning or Relating to the paper entitled 'Fair Learning.'" OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 57:**

**All Documents Concerning** or **Relating to** the impact or potential future impact of Your **Large Language Models, ChatGPT,** or artificial intelligence on the markets for labor, art, or writing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks "[a]ll Documents Concerning or Relating to the impact or potential future impact" of "artificial intelligence on the markets for labor, art, or writing."  OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 58:**

To the extent not already requested, **Documents Concerning** or **Relating to Your** plans to allow authors, creators, or rightsholders to either receive compensation or determine how and whether their works will be used by You, including All **Documents Concerning** or **Relating to** Sam Altman's congressional testimony that "creators deserve control over how their creations are used".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks "Documents Concerning or Relating to [OpenAI's] plans to allow authors, creators, or rightsholders to either receive compensation or determine how and whether their works will be used by [OpenAI]."  OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 59:**

All **Documents Concerning or Relating To** Your decision(s) to obtain or request a license for training material from any copyright holder.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks "[a]ll Documents Concerning or Relating To [OpenAI's]

decision(s)." OpenAI objects to the phrase "license for training material from any copyright holder" as vague and ambiguous. OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI responds that it has already agreed to produce its agreements related to text training data used to train models used to power ChatGPT. OpenAI further responds that it is willing to meet and confer regarding an appropriately narrow scope for the balance of this Request.

## REQUEST FOR PRODUCTION NO. 60:

**All Documents** describing the way in which **Your Large Language Models** use training data, including but not limited to any metaphor, comparison, or analogy between likening (or rejecting the likening of) **Large Language Model** training to (a) human learning, (b) pattern recognition, or (c) autocomplete/parroting.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT. OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks "[a]ll Documents describing the way in which [OpenAI's] Large Language Models use training data." OpenAI objects to the terms "autocomplete/parroting" as vague and ambiguous. OpenAI objects to this

Request as vague and ambiguous to the extent it seeks "any metaphor, comparison, or analogy between likening (or rejecting the likening of) Large Language Model training to (a) human learning, (b) pattern recognition, or (c) autocomplete/parroting." OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 61:**

**Documents** sufficient to show all audiobooks You transcribed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT. OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks information on "all audiobooks [OpenAI] transcribed." OpenAI objects to the term "transcribed" as vague and ambiguous. OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing general and specific objections, OpenAI responds that it will produce for inspection the text training data for GPT-3.5, GPT-3.5 Turbo, GPT-4, and GPT-4 Turbo that it locates after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 62:**

To the extent not already requested, **Documents Concerning** or **Relating to** the exhaustion of data available for training a Large Language Model.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information on the "exhaustion of data available for training a Large Language Model." OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT. OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case. OpenAI objects to this Request as vague and ambiguous to the extent it seeks information relating to "the exhaustion of data." OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing general and specific objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 63:**

To the extent not already requested, all **Documents Concerning** or **Relating to Your** decision to stop making public information about the training of **Your Large Language Models**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks "all Documents Concerning or Relating to [OpenAI's] decision." OpenAI objects to this Request as vague and ambiguous to the extent it seeks information relating to OpenAI's "decision to stop making public information about the training of [OpenAI's] Large Language Models."  OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 64:**

All **Documents**, **Communications**, and tangible things that **You** have in **Your** possession, custody, or control and may use to support **Your** claims and/or defenses, to oppose or support any motion in this Action, and/or as evidence or for impeachment at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks "[a]ll Documents, Communications, and tangible things that [OpenAI] [. . . ] may use."

OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI responds that it will produce responsive, non-privileged documents, if any, on which it will rely as evidence at summary judgment or trial at the appropriate time.

## REQUEST FOR PRODUCTION NO. 65:

**All Documents Concerning** or **Relating to Your** use of web crawler permissions in connection with your efforts to comply with copyright law, including **Documents Concerning** or **Relating to Your** awareness, belief, understanding, or speculation that the use of web crawler permissions is not sufficient to exclude copyrighted materials from the training data.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT. OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks "[a]ll Documents Concerning or Relating to [OpenAI's] use of web crawler permissions in connection with [its] efforts to comply with copyright law." OpenAI objects to the phrase "web crawler permissions in connection with [OpenAI's] efforts to comply with copyright law" as vague and ambiguous. OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 66:**

**All Documents Concerning** or **Relating to** Media Manager, including **Documents** sufficient to show all possible features of Media Manager discussed by **You**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks "Documents sufficient to show all possible features of Media Manager."  OpenAI objects to the term "Media Manager" as vague and ambiguous.  OpenAI interprets the term "Media Manager" to refer to the tool under development and described at the following webpage: https://openai.com/index/approach-to-data-and-ai.  OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it will produce non-privileged documents sufficient to show the intended function of the Media Manager tool described at the specified link.

**REQUEST FOR PRODUCTION NO. 67:**

**Documents** sufficient to show all prompts inputted into ChatGPT relating to or concerning any of the Class Works authored by Named Plaintiffs and the output ChatGPT generated in response to each prompt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks information on "all prompts inputted into ChatGPT relating to or concerning any [class member works]" and all associated outputs. OpenAI objects to this Request as it seeks documents that are under the custody, control, or possession of Plaintiffs rather than OpenAI. OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law. OpenAI further objects to the extent this Request seeks private and personal information of third parties as a violation of their privacy rights.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 68:**

All **Documents** produced by **You** in *Tremblay v. OpenAI, Inc.*, No. 23-cv-3223 (N.D. Cal.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to the Request it seeks irrelevant documents produced in a different case. *See, e.g., Ludlow v. Flowers Foods, Inc.,* No. 18-cv-1190, 2019 WL 6252926, at *18 (S.D. Cal. Nov. 22, 2019) (requesting "all documents produced in another matter is not generally proper" because the propounding party "cannot meet its burden

to establish relevance, as the propounding party is not in a position to even know what they are actually asking for.")

Subject to the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 69:

All **Documents Concerning** or **Relating to** whether **Your Large Language Models** comprise a compression of training data.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 69:

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT.  OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks information on "[a]ll Documents Concerning or Relating to" a broad subject. OpenAI objects to the phrase "comprise a compression of training data" as vague and ambiguous.  OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.  OpenAI further objects to this Request to the extent it prematurely calls for expert discovery, opinions, or analysis.

Subject to the foregoing general and specific objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 70:**

All **Documents Concerning** or **Relating to** the dataset known as The Pile and/or The Eye.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information and/or documents about models not used for ChatGPT. OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case to the extent it seeks information on "[a]ll Documents Concerning or Relating to" a dataset. OpenAI objects to the extent that this Request calls for the discovery of information protected by attorney-client privilege, the attorney work-product immunity and/or any other applicable privilege under federal, state or local law.

Subject to the foregoing General and Specific Objections, OpenAI states that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

Dated:       July 15, 2024                          MORRISON & FOERSTER LLP


By: */s/ Andrew L. Perito*
     Joseph C. Gratz (*pro hac vice*)
     JGratz@mofo.com
     Andrew L. Perito (*pro hac vice*)
     APerito@mofo.com
     Vera Ranieri (*pro hac vice*)
     VRanieri@mofo.com
     425 Market Street
     San Francisco, CA  94105-2482
     Telephone:  (415) 268-7000
     Facsimile:  (415) 268-7522

     Allyson R. Bennett (*pro hac vice*)
     ABennett@mofo.com
     Rose S. Lee (*pro hac vice*)
     RoseLee@mofo.com
     MORRISON & FOERSTER LLP
     707 Wilshire Boulevard
     Los Angeles, California 90017-3543
     Telephone:         (213) 892-5200
     Facsimile:         (213) 892-5454

     Attorneys for Defendants
     OPENAI INC., OPENAI LP, OPENAI
     LLC, OPENAI GP LLC, OPENAI OPCO
     LLC, OPENAI GLOBAL LLC, OAI
     CORPORATION LLC, OPENAI
     HOLDINGS LLC, OPENAI STARTUP
     FUND I LP, OPENAI STARTUP FUND
     GP I LLC, and OPENAI STARTUP
     FUND MANAGEMENT LLC

Dated:     July 15, 2024                         LATHAM & WATKINS LLP


                                By:  _/s/ Elana Nightingale Dawson_____
                                    Andrew Gass (*pro hac vice*)
                                    andrew.gass@lw.com
                                    Joseph R. Wetzel (*pro hac vice*)
                                    joe.wetzel@lw.com
                                    505 Montgomery Street, Suite 2000
                                    San Francisco, CA  94111
                                    Telephone:  (415) 391-0600
                                    Facsimile:  (415) 395-8095

                                    Sarang Damle
                                    sy.damle@lw.com
                                    Elana Nightingale Dawson (*pro hac vice*)
                                    elana.nightingaledawson@lw.com
                                    555 Eleventh Street NW
                                    Suite 100
                                    Washington, DC 20004
                                    Telephone:  (202) 637-2200
                                    Facsimile:  (202) 637-2201

                                    Allison Levine Stillman
                                    alli.stillman@lw.com
                                    1271 Avenue of the Americas
                                    New York, NY 10020
                                    Telephone:  (212) 906-1200
                                    Facsimile:  (212) 751-4864

                                    Attorneys for Defendants
                                    OPENAI INC., OPENAI LP, OPENAI
                                    LLC, OPENAI GP LLC, OPENAI OPCO
                                    LLC, OPENAI GLOBAL LLC, OAI
                                    CORPORATION LLC, OPENAI
                                    HOLDINGS LLC, OPENAI STARTUP
                                    FUND I LP, OPENAI STARTUP FUND
                                    GP I LLC, and OPENAI STARTUP
                                    FUND MANAGEMENT LLC

Dated:    July 15, 2024    KEKER, VAN NEST & PETERS LLP

By: _/s/ Paven Malhotra_
     Robert A. Van Nest (*pro hac vice*)
     RVanNest@keker.com
     R. James Slaughter (*pro hac vice*)
     RSlaughter@keker.com
     Paven Malhotra
     PMalhotra@keker.com
     Michelle S. Ybarra (*pro hac vice*)
     MYbarra@keker.com
     Nicholas S. Goldberg (*pro hac vice*)
     NGoldberg@keker.com
     Thomas E. Gorman (*pro hac vice*)
     TGorman@keker.com
     Katie Lynn Joyce (*pro hac vice*)
     KJoyce@keker.com
     633 Battery Street
     San Francisco, California  94111-1809
     Telephone:  (415) 391-5400
     Facsimile:  (415) 397-7188

     Attorneys for Defendants
     OPENAI INC., OPENAI LP, OPENAI
     LLC, OPENAI GP LLC, OPENAI OPCO
     LLC, OPENAI GLOBAL LLC, OAI
     CORPORATION LLC, OPENAI
     HOLDINGS LLC, OPENAI STARTUP
     FUND I LP, OPENAI STARTUP FUND
     GP I LLC, and OPENAI STARTUP
     FUND MANAGEMENT LLC

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California  94105-2482.  I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on July 15, 2024, I served a copy of:

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

 **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| | |
|---|---|
| Rachel Geman<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>250 Hudson Street, 8th Floor<br>New York, NY 10013-1413<br>Email: rgeman@lchb.com | Wesley Dozier<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>222 2nd Avenue, Suite 1640<br>Nashville, TN 37201<br>Email: wdozier@lchb.com |
| Reilly T. Stoler<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Phone: (415) 956-1000<br>Email: rstoler@lchb.com | Scott J. Sholder<br>CeCe M. Cole<br>COWAN DEBAETS ABRAHAMS &<br>SHEPPARD LLP<br>41 Madison Avenue, 38th Floor<br>New York, NY 10010<br>Phone: (212) 974-7474<br>Email: ssholder@cdas.com<br>      ccole@cdas.com |
| Rohit Nath<br>SUSMAN GODFREY LLP<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Phone: (310) 798-3150 | J. Craig Smyser<br>SUSMAN GODFREY LLP<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>Phone: (212) 336-8330 |
| Justin A. Nelson<br>Alejandra Salinas<br>SUSMAN GODFREY LLP<br>100 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>Phone: (713) 653-7802 | Charlotte Lepic<br>SUSMAN GODFREY LLP<br>One Manhattan West<br>50th Floor<br>New York, NY 10001 |
| Alter-AI-TT@simplelists.susmangodfrey.com | |
| *Attorneys for Fiction Author Class and Nonfiction Author Class* | |

| Annette L. Hurst<br>Daniel D. Justice<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>Phone: (415) 773-5700 | Christopher J. Cariello<br>Marc R. Shapiro<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>51 West 2nd Street<br>New York, NY 10019<br>Phone: (415) 773-5700 |
|---|---|
| Laura Najemy<br>Sheryl Garko<br>ORRICK, HERRINGTON & SUTCLIFF LLP<br>222 Berkeley Street, Suite 2000<br>Boston, MA 02116 | Jared B. Briant<br>FAEGRE DRINKER BIDDLE & REATH<br>1144 15th Street, Suite 3400<br>Denver, CO 80202<br>Phone: (303) 607-3588 |
| Jeffrey S. Jacobson<br>FAEGRE DRINKER BIDDLE & REATH<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Phone: (212) 248-3191 | |
| nyclassactions_microsoft_ohs@orrick.com;<br>MicrosoftNYClassActionFDBR@faegredrinker.com<br>*Attorneys for Defendant Microsoft Corporation* ||

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Antioch, California, this 15th day of July, 2024.

_____        _____
Andréa M. Duprée                           (signature)
(typed)