Lieff Cabraser Heimann & Bernstein
Attorneys at Law

SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP



January 16, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

   RE: *Authors Guild v. OpenAI Inc.*, (No. 1:23-cv-08292-SHS)
      *Alter v. OpenAI Inc.*, (No. 1:23-cv-10211-SHS)

Dear Judge Wang:

  Plaintiffs respond to Defendants' request for entry of a deposition protocol (*Authors Guild* Dkt. 307). Plaintiffs do not oppose informal coordination with the NDCA Cases[1] (and only those cases) given the overlap of factual issues and allegations. Plaintiffs concur with the News Plaintiffs that Defendants' proposal for coordination of the News Cases,[2] the *Authors Guild* Cases,[3] and the NDCA Cases all together is inefficient given the large number of parties along with factual and procedural differences between the three groups of cases. For these reasons and the reasons set forth below, the *Authors Guild* Plaintiffs propose that the Court order the following in the *Authors Guild* Cases:

- The *Authors Guild* parties will informally coordinate depositions with the NDCA Case;

- Cross-production of documents between the *Authors Guild* and NDCA Cases (collectively the "Class Cases");

- Hours limits as set forth below, including a 225-hour overall cap on depositions with no more than two-thirds of *Authors Guild* Plaintiffs' allotted time spent with any one Defendant Group (*i.e.,* Microsoft and the OpenAI defendants);

- A minimum and maximum of 18 hours and 25 hours respectively for Rule 30(b)(6)

---

[1] The NDCA Cases are *Tremblay, et al. v. OpenAI, Inc., et al.*, (N.D. Cal. No. 3:23-cv-03223); *Silverman, et al. v. OpenAI, Inc, et al.*, (N.D. Cal. No. 4:23-cv-03416); and *Chabon, et al. v. OpenAI, Inc, et al.*, (N.D. Cal. No. 4:23-cv-04625).
[2] The News Cases are *The New York Times Co. v. Microsoft Corp., et al.*, (S.D.N.Y. No. 1:23-cv-11195); *Daily News, LP, et al. v. Microsoft Corp., et al.*, (S.D.N.Y. No. 1-24-cv-3285); and *The Center for Investigative Reporting, Inc. v. Microsoft Corp., et al.*, (S.D.N. Y. No. 1:24-cv-04872).
[3] The Authors Guild Cases are *Authors Guild et al. v. OpenAI Inc. et al.*, (S.D.N.Y. No. 1:23-cv8292) and *Alter et al. v. OpenAI Inc. et al.*, (S.D.N.Y. No. 1:23-cv-10211).

January 16, 2025
Page 2

>   deposition time per Defendant Group;

- All other issues are governed by FRCP 30, 32, and 45.

***Defendants' New Coordination Proposal Is Inefficient.*** Defendants' recent proposal is yet another attempt to coordinate *all* pending copyright actions against OpenAI in various districts, including the NDCA Cases, the *Authors Guild* Cases, and the News Cases. The *Authors Guild* Plaintiffs do not object to informal coordination with the NDCA Cases, but there is no compelling reason to require even more stringent coordination with the News Cases.

Because of the overlap in training data and subject matter, coordination among the Class Cases is more efficient than coordination among the *Authors Guild* and News Cases, particularly if Defendants' proposal also envisions informal coordination between the Class Cases. The Court should instead order informal coordination among the Class Cases. The Class Cases involve classes of authors, allegations about OpenAI's use of pirated books, and books datasets more generally.

***The Court Should Order Cross-Production Of Written Discovery.*** Defendants' protocol is notably silent on cross-production, but either all the OpenAI copyright cases are similar enough to warrant deposition coordination and cross-production, or the OpenAI copyright cases are distinct and neither coordination nor cross-production is appropriate. Defendants must cross produce documents across the cases in which depositions are coordinated because Plaintiffs cannot efficiently coordinate depositions unless they have the same information. That is why cross-production is standard where parties are coordinating discovery. *See Brown v. Google LLC*, 4:20-cv-03664, Dkt. 243 (N.D. Cal. Aug. 12, 2021) (requiring defendant to "produce across both Matters all documents of Overlapping Custodians that are produced in either action" to facilitate deposition coordination). Defendants have not identified a single case where a court ordered formal deposition coordination but rejected a party's request for cross-production.

Cross-production of documents is warranted for other reasons. The documents and written discovery served in the NDCA Action is plainly of relevance to the documents produced in the *Authors Guild* Action, and vice versa. There is no burden to requiring Defendants to produce documents that have already been collected and produced to plaintiffs in another action, and requiring their cross-production will enable Plaintiffs to actually do the informal coordination that OpenAI has requested.

***A 225-Hour Cap On Depositions Taken By The Authors Guild Plaintiffs Is Both Reasonable and Proportional.*** The *Authors Guild* Plaintiffs seek up to 200 hours of depositions. This cap applies to both third-party and 30(b)(6) depositions, and no more than two-thirds of this time can be spent with any one Defendant Group. 225 hours is an appropriate amount of time given the complexity of this case. *See, e.g., In re Parmalat Sec. Litig.*, No. 04-CV-30 Dkt. 414 (S.D.N.Y. Mar. 6, 2006) (900 hours); *In re Pfizer Sec. Litig.*, No. 04-CV-9866 Dkt. 223 (S.D.N.Y. Aug. 20, 2010) (600 hours); *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, 3:18-MD-2843, Dkt. 1139 (N.D. Cal. Jun. 21, 2023) (306 hours). OpenAI and Microsoft have produced (or will produce) documents from more than 45 custodians, and collectively the parties have issued subpoenas to more than 30 third parties. Given the highly complex subject matter and the number of relevant witnesses involved, 225 hours of deposition time for Plaintiffs—the equivalent of

January 16, 2025
Page 3

roughly 32 7-hour depositions—is reasonable and proportionate. Plaintiffs do not oppose Defendants' proposed cap of 120 hours for Defendants' collective deposition time in the *Authors Guild* Cases.

***The Court Should Reject Defendants' Proposed Per-Defendant and Per-Witness Limits.*** Plaintiffs' proposal that no Defendant Group sit for more than two-thirds of the total deposition hours is reasonable. Defendants ask the Court to mandate that Plaintiffs use fifty percent of their time deposing each Defendant, but Plaintiffs should be given leeway to allocate time among the Defendants as they see fit, particularly given the factual differences between the Defendants.

With respect to per-witness time limits, if the *Authors Guild* depositions are not coordinated with the News Cases, then the 7-hour limit under Rule 30(d) should apply. If depositions in the *Authors Guild* and the News Cases are coordinated, a 10-hour limit is necessary to ensure that the *Authors Guild* Plaintiffs and the four separate News Plaintiffs have sufficient time to address the different issues in their respective actions (*e.g.*, books training datasets versus datasets with news material).

Lastly, any separate, more restrictive limit for depositions of apex witnesses is unnecessary, premature, and will only generate further disputes of which witnesses are apex witnesses and which are not. High-level OpenAI and Microsoft executives were all intimately involved in the key issues in the *Authors Guild* Cases and therefore no separate cap for apex witnesses is warranted here. *See, e.g., In re Apple iPhone Antitrust Litig.*, 2021 WL 485709, at *4 (N.D. Cal. Jan. 26, 2021) (applying Rule 30 7-hour cap to apex deposition of Apple's CEO).

***An 18 to 25 Hour Minimum/Maximum Range for Rule 30(b)(6) Depositions Is Appropriate.*** With one exception, Plaintiffs propose that Rule 30(b)(6) depositions be governed by the default rules under the Federal Rules of Civil Procedure. This means that, if an individual witness is designated to testify under Rule 30(b)(6) and also noticed in her individual capacity under Rule 30(b)(1), those two depositions will take place separately, each limited to 7 hours on the record.[4] *See* Fed. R. Civ. P. 30, advisory committee's note to 2000 Amendment ("For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition.").

The one exception is that the Court should impose a minimum of 18 hours for Rule 30(b)(6) testimony, per Defendant, with a maximum of 25 hours per Defendant. Because of the highly technical nature of this case, as well as the significant amount of turnover among OpenAI witnesses, Rule 30(b)(6) time here will be more important than in the typical case. A floor of 18 hours of Rule 30(b)(6) time is necessary to ensure that, if OpenAI or Microsoft designates one witness across all Rule 30(b)(6) topics, the *Authors Guild* Plaintiffs have a sufficient amount of time to cover, among other things, OpenAI's use of books for training data, its commercial use of its models, the source code for its models, the OpenAI-Microsoft relationship, training-data licensing deals, and more. Plaintiffs do not oppose Defendants' request that the *Authors Guild* Plaintiffs serve substantive Rule 30(b)(6) notices by February 14, 2025.

---

[4] This assumes that the *Authors Guild* Cases and News Cases are not subject to mandatory coordination. If there is mandatory coordination between the *Authors Guild* and News Cases, the time limit per deposition limit would increase.

January 16, 2025
Page 4

    Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEIN LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| */s/ Rachel Geman*<br>Rachel Geman | */s/ Rohit Nath*<br>Rohit Nath | */s/ Scott J. Sholder*<br>Scott J. Sholder |