January 17, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  *Authors Guild et al. v. OpenAI, Inc., et al.* (No. 1:23-cv-08292-SHS)
 *Alter et al. v. OpenAI Inc., et al.* (No.1:23-cv-10211-SHS)

Dear Judge Wang:

Per the Court's request during the December 3 status conference, on behalf of all parties in the above-referenced actions, we submit the chart below containing the disputes that are ripe for discussion at the upcoming January 22 conference.

Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEIN LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| */s/ Rachel Geman*<br>Rachel Geman | */s/ Rohit Nath*<br>Rohit Nath | */s/ Scott J. Sholder*<br>Scott J. Sholder |

**Key**: Green represents Plaintiffs' filing; Purple represents Defendants' filing; Orange represents joint filing

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Shorthand Positions |
|---|---|---|---|---|---|---|---|
| 306[1] | 1/13/25 | 311 | Plaintiffs' Source Code Requests | Class Plaintiffs | OpenAI | Plaintiffs and OpenAI have submitted letter briefing. | **Plaintiffs' position:** Plaintiffs move to compel OpenAI to produce certain categories of source code and related information that are related to OpenAI's downloading, use, and modification of the text repositories used to train ChatGPT and the LLMs powering ChatGPT. Dkt. 306 at 1. This information is unquestionably relevant to this case. OpenAI's attempt to delay resolution of this issue is unpersuasive. Plaintiffs have waited months for OpenAI to produce relevant source code and OpenAI acknowledged months ago that source code is responsive to RFPs that do not expressly include the phrase "source code." OpenAI's current argument contradicts its previous position and should be rejected. Moreover, Plaintiffs' recent decision to serve additional RFPs out of an abundance of caution should be read as nothing more than a belt-and-suspenders approach to obtaining this relevant and proportional discovery.<br><br>**OpenAI's position:** Plaintiffs' premature motion must be seen for what it is: a trojan horse aimed at circumventing the Court's prior ruling on the scope of OpenAI LLMs at issue in this case. Dkt. 293 at 2. Plaintiffs' contention that its nine overbroad categories seek information that is "unquestionably relevant" is demonstrably false, as the language used to describe the information sought—which Plaintiffs have never offered to narrow—sweeps in source code, training data, and other irrelevant information for the numerous OpenAI models not used by ChatGPT that have already been determined to be outside the scope of discovery. *Id.* Plaintiffs also seek an order obligating OpenAI to produce documents and information merely *mentioned* in source code, plus any source code that hits on overbroad search terms, irrespective of any showing of actual relevance. Many of these disputes could have been addressed and narrowed if Plaintiffs had served discovery requests for these categories of source code earlier, or otherwise engaged in a meaningful meet-and-confer effort. Regrettably, Plaintiffs only served RFPs requesting the source code and other information sought in their brief on January 10, 2025. The other RFPs Plaintiffs cite in their brief do not actually ask for source code, and, despite having served the |

---

[1] Unless otherwise noted, all docket numbers refer to the *Authors Guild* docket.

Key: Green represents Plaintiffs' filing; Purple represents Defendants' filing; Orange represents joint filing

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Shorthand Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | requests months ago, Plaintiffs did not take the position that those RFPs covered source code until January 9–two business days before filing its motion. OpenAI does not object to making source code relevant to the models at issue available for inspection. Indeed, it represented to Plaintiffs that it would do just that before this motion was filed. OpenAI respectfully requests, however, that Plaintiffs' premature motion be denied so that it can serve its objections and responses to Plaintiffs' January 10 RFPs in the time allotted by the Federal Rules, and so that the parties can engage in a meaningful meet-and-confer process. |
| 307<br><br>316 | 1/13/25 | 312[2] | Deposition Coordination Protocol | Microsoft & OpenAI | Class Plaintiffs | The Court denied the relief requested as premature at the October 30 and December 3 conferences. Defendants have now submitted a letter brief regarding a revised proposal and Plaintiffs have responded and provided a counter proposal. | **Defendants' position:** Defendants request that the Court enter a deposition protocol coordinating depositions in the New York Class Cases and News Cases. Defendants propose a simple protocol that caps the total number of hours for fact depositions at a number closely tied to the total number of hours that would otherwise be available under Rule 30 if the ten-deposition limit were applied on a per-party basis. Defendants' proposal also includes specific provisions for cross-noticing depositions, variable specified time limits for witnesses depending upon whether the deposition is a 30(b)(1) or 30(b)(6) deposition or Apex deposition, and also enables coordination of the timing of a deposition so that a witness can sit once in all of the pending cases. Finally, consistent with the Court's direction at the October status conference, Defendants' proposal does not require the Plaintiffs in the New York Cases and California Consolidated Class Action to formally coordinate their activity, but provides a method to coordinate scheduling whereby Defendants can seek an option for the same witness to sit for deposition once in all cases, which is consistent with the deposition protocol entered by Judge Illman in the California cases.<br><br>The Class Plaintiffs did not affirmatively file a letter brief with respect to their proposal, seemingly attempting to avoid a substantive response by Defendants. The Class Plaintiffs' proposal would not achieve meaningful coordination and would lead to multiple depositions of the |

---

[2] Dkt. 312 in the *Authors Guild* case is the same as Dkt. 268 in the *Alter* case.

Key: Green represents Plaintiffs' filing; Purple represents Defendants' filing; Orange represents joint filing

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Shorthand Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | same fact witnesses on the same issues. Plaintiffs present multiple convoluted proposals that do not facilitate efficiency. In addition, Plaintiffs provide no justification for the number of hours of depositions they are seeking. For example, the hours caps sought by the Class Plaintiffs alone (not accounting for the News Plaintiffs) amount to the equivalent of over 30 depositions. The News Plaintiffs separately seek the equivalent of nearly 40 depositions themselves. Plaintiffs have not and cannot justify departing from the Federal Rules to this degree.<br><br>**Plaintiffs' position:** The Court should reject Defendants' proposal and instead enter Plaintiffs' proposed protocol. Plaintiffs' proposal (1) provides for informal coordination between the *Authors Guild* Cases and the NDCA Cases, (2) requires cross-production of documents between the *Authors Guild* and NDCA Cases, (3) gives the *Authors Guild* Plaintiffs up to 225 hours to take depositions (with no more than 2/3rds of this time allotted to any one Defendant group), (4) sets a floor of 18 hours and a ceiling of 25 hours for each Defendant Group's Rule 30(b)(6) deposition, and (5) follows Rules 30, 32, and 45 for all other issues.<br><br>The Court should reject Defendants' proposal to require *both* formal coordination between the *Authors Guild* and News Cases *and* informal coordination between the *Authors Guild* and NDCA cases. The factual and procedural differences between the three groups of cases risks significant inefficiencies for no corresponding benefit. By contrast, informal coordination between the *Authors Guild* and NDCA Cases is strictly superior. Unlike the News Cases, both the *Authors Guild* and NDCA Cases involve classes of authors, allegations about OpenAI's use of pirated books, and Defendants' book-specific training datasets and books datasets generally. Defendants' proposal fails to acknowledge that reality, fails to grapple with the need for cross-production, and seeks to arbitrarily limit deposition time in ways inconsistent with Rule 30. |
| 308 | 1/13/25 | 310 | Length of Custodial | Class Plaintiffs | OpenAI | Plaintiffs and OpenAI have | **Plaintiffs' position:** Plaintiffs are willing to share a single, 5-hour custodial 30(b)(6) deposition with News Plaintiffs. OpenAI refuses to present a witness for 5 hours unless the Authors Guild also agrees to a 5-hour deposition. Even though there are no pending custodial disputes |

**Key**: Green represents Plaintiffs' filing; Purple represents Defendants' filing; Orange represents joint filing

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Shorthand Positions |
|---|---|---|---|---|---|---|---|
| | | | 30(b)(6) Depositions | | | submitted letter briefing. | involving the Authors Guild, the Authors Guild is willing to sit for a 3-hour deposition. Because the Authors Guild and OpenAI are not similarly situated, OpenAI's objection to a 5-hour deposition should be overruled.<br><br>**OpenAI's position:** Plaintiffs' request for a special exception for Authors Guild would impose a substantially lower time limit for the Authors Guild custodial deposition than would apply to any other witness providing similar testimony across the various parties—both plaintiffs and defendants—in the Class and News Cases. Plaintiffs have not identified any reason why the Court should impose a different time limit, *ex ante*, for Authors Guild. Accordingly, OpenAI respectfully requests that the Court order that all custodial depositions be subject to the three-hour time limit that Plaintiffs have proposed for the Authors Guild witness. |