**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUTHORS GUILD, *et al.*, individually and on behalf of others similarly situated,<br><br>         Plaintiffs,<br><br>   v.<br><br>OPENAI INC., *et al.*,<br>         Defendants.<br><br>JONATHAN ALTER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>   v.<br><br>OPENAI INC., *et al.*,<br>         Defendants. | Case No. 1:23-cv-08292 (SHS) (OTW)<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF OPENAI DEFENDANTS' OBJECTION TO NONDISPOSITIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(a)** |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................2

II. ARGUMENT................................................................................................................2

III. CONCLUSION.............................................................................................................5

**I.      INTRODUCTION**

Plaintiffs urge this Court to uphold the order at ECF 290 ("OpenAI AG Order") on the basis of arguments neither raised before the magistrate judge nor addressed by that order. This Court should focus instead on the Order actually issued and the discovery it actually refused—a response to OpenAI's interrogatory seeking the identification of documents regarding Plaintiffs' allegation that OpenAI's activity has harmed them. In that Order, the court refused to require Plaintiffs to comply with Federal Rule of Civil Procedure 33(d), despite Plaintiffs' own reliance on that rule in answering the interrogatory seeking discovery about *Plaintiffs'* claims of harm. And, in so doing, the court relied on an order entered in *New York Times Co. v. Microsoft Corp.* ("*Times*"), No. 1:23-cv-11195, ECF 344 (S.D.N.Y. Nov. 22, 2024) ("344 Order"), that is clearly erroneous and contrary to law. *See id.*, ECF 363. But as a threshold matter, and notwithstanding Plaintiffs' protestations to the contrary, the 344 Order does not even address, let alone foreclose, the discovery sought here. The OpenAI AG Order should therefore be set aside.

**II.     ARGUMENT**

Plaintiffs have little to say with respect to the basis on which OpenAI actually objected—the inapplicability of the legally erroneous 344 Order to the interrogatory at issue here. The 344 Order is contrary to law for the reasons explained in OpenAI's objection. Plaintiffs do not offer any new argument otherwise, instead relying on the New York Times's opposition in the *Times* case. Pls.' Resp. 1, ECF 314 ("Opp."). The arguments in that opposition are wrong for the reasons set forth in OpenAI's concurrently-filed reply in that case.

Plaintiffs concede that the 344 Order does not address the interrogatory at issue. *See* Opp. at 8. They nevertheless contend that the 344 Order controls because it "limits the scope of relevant discovery under the fourth fair use factor" and was "also aimed at material relating to harm." *Id.*

2

at 7–8. Plaintiffs are wrong. The 344 Order—which (improperly) rejected a request for discovery regarding Plaintiffs' development and/or use of non-OpenAI or Microsoft generative AI products—does not govern the interrogatory at issue here, which asks Plaintiffs to identify documents relating to Plaintiffs' own repeated allegations in the First Amended Complaint that OpenAI's alleged conduct has harmed them. In that complaint, Plaintiffs allege that OpenAI's conduct is "harmful," ECF 69 ¶ 2, "harms the market for [Plaintiffs' works]," *id.* ¶ 3, and results in "well-recognized copyright harms," *id.* ¶ 7. Indeed, Plaintiffs dedicate an entire section of their complaint to the alleged "harm to authors" caused by OpenAI's products. *See id.* at 25, ¶¶ 142–63. OpenAI's interrogatory squarely targets those allegations, and nothing in the 344 Order forecloses discovery into a *Plaintiff's* claims of harm. Indeed, requests for such discovery were not even at issue in the 344 Order. And to the extent the 344 Order has any bearing on the issue here at all, it counsels for *granting* the relief OpenAI seeks: The 344 Order recognized (albeit in the context of analyzing fair use) that discovery regarding "loss to the copyright owner" is relevant. 344 Order at 4; *see* Objection at 5, ECF 301.

Plaintiffs instead focus on a myriad of arguments that do not address the basis for OpenAI's objection—the Order's reliance on the 344 Order. The Court need not address those arguments to resolve OpenAI's objections. In the interest of completeness, however, OpenAI addresses those arguments briefly below.

First, Plaintiffs argue that OpenAI failed to object to all parts of the OpenAI AG Order and, as a result, the objection should be overruled. Opp. at 3–4. Not so. Federal Rule of Civil Procedure 72(a) contemplates that "[t]he district judge in the case must consider timely objections and modify or set aside *any part* of the order that is clearly erroneous or is contrary to law." (emphasis added.) As such, this Court must consider OpenAI's objection to the Court's refusal to provide the

3

discovery sought on the basis of the 344 Order. *See, e.g.*, *Dass v. City Univ. of N.Y.*, 18-cv-11325, 2024 WL 4986914, at *6 (S.D.N.Y. Dec. 5, 2024) (considering multiple bases for objection, sustaining some and overruling others).

Second, Plaintiffs argue that the OpenAI AG Order was correct because the interrogatory at issue is unduly burdensome. Opp. at 5–7. That is not only wrong, it is inapposite: The OpenAI AG Order does not rely on this reasoning to deny OpenAI's request, and this Court should decline Plaintiffs' invitation to do so here. *See* ECF 290. In any event, Plaintiffs did not substantiate their assertion of burden before the magistrate judge, *see* ECF 244, and they do not do so here either. All OpenAI is seeking is Plaintiffs' compliance with Federal Rule of Civil Procedure 33(d)—the Class Plaintiffs chose to rely on when responding to OpenAI's request that Plaintiffs identify documents regarding "harm [*Plaintiffs*] have suffered as a result of" the allegations they have made in this case. ECF No. 232-1 at 7 (Interrogatory 6). Having done so, Plaintiffs must "specify[] the [business] records that must be reviewed" to "deriv[e] . . . the answer"—that is, *Plaintiffs'* business records. Fed. R. Civ. P. 33(d). Plaintiffs provide no explanation for why doing so is burdensome at all, let alone unduly so.

Finally, Plaintiffs argue for the first time that parties are not entitled to responses to contention interrogatories based on affirmative defenses. As an initial matter, in raising this for the first time, Plaintiffs have waived this argument. *See Molnlycke Health Care US, LLC v. Greenwood Mkting, LLC*, No. 22-cv-3719, 2024 WL 2048644, at *2 (S.D.N.Y. May 7, 2024) ("[A]rguments not raised before the Magistrate Judge are waived."). In any event, and as explained above, this is not an interrogatory specific to fair use—it is focused on Plaintiffs' claims of harm in this case, ECF No. 69 at 25, ¶¶ 2, 3, 7, 142–63, which is relevant to, *inter alia*, Plaintiffs' damages claims. *See id.* ¶ 430(e), (g). The fact that Plaintiffs' claims of harm are also relevant to

OpenAI's fair use defense does not diminish their relevance to damages. Moreover, the interrogatory is not a contention interrogatory—it seeks the identification of documents allegedly reflecting harm. And in any event, as a case Plaintiffs rely on explains: "[T]here is no bar to [the] . . . use of contention interrogatories" for " matters as to which [the requesting party] bears the burden of proof." *Phillies v. Harrison/Erickson, Inc.*, No. 19-cv-07239, 2020 WL 6482882, at *2 (S.D.N.Y. Nov. 4, 2020). OpenAI is entitled to know what "business records" Plaintiffs produced that reflect the harm they claim to have suffered irrespective of OpenAI's fair use defense. *See* Fed. R. Civ. P. 33(d).

### III. CONCLUSION

For the foregoing reasons, the OpenAI Defendants respectfully request that this Court set aside the OpenAI AG Order.

Dated: January 27, 2025

Respectfully submitted,

By: /s/ *Elana Nightingale Dawson*

**LATHAM & WATKINS LLP**
Andrew M. Gass (*pro hac vice*)
 andrew.gass@lw.com
Joseph R. Wetzel
 joseph.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle
 sy.damle@lw.com
Michael A. David
 michael.david@lw.com
Elana Nightingale Dawson (*pro hac vice*)
 elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200
Allison L. Stillman
 alli.stillman@lw.com

    Rachel R. Blitzer
     *rachel.blitzer@lw.com*
    Herman H. Yue
     *herman.yue@lw.com*
    1271 Avenue of the Americas
    New York, NY 10020
    Telephone: 212.751.4864

By: /s/ *Carolyn M. Homer*

**MORRISON & FOERSTER LLP**
    Joseph C. Gratz (*pro hac vice*)
     *jgratz@mofo.com*
    Andrew L. Perito (*pro hac vice*)
     *aperito@mofo.com*
    Tiffany Cheung (*pro hac vice*)
     *tcheung@mofo.com*
    425 Market Street
    San Francisco, CA 94105
    Telephone: 415.268.7000

    Carolyn M. Homer*
     *cmhomer@mofo.com*
    2100 L Street, NW, Suite 900
    Washington, DC 20037
    Telephone: 202.650.4597

    Eric K. Nikolaides
     *enikolaides@mofo.com*
    Emily Wood
     *ewood@mofo.com*
    250 West 55th Street
    New York, NY 10019
    Telephone: 212.336.4123

    Rose S. Lee (*pro hac vice*)
     *roselee@mofo.com*
    707 Wilshire Boulevard, Suite 6000
    Los Angeles, CA 90017-3543
    Telephone: 213.892.5200

    John R. Lanham (*pro hac vice*)
     *jlanham@mofo.com*
    12531 High Bluff Drive
    San Diego, CA 92130-2040
    Telephone: 858.720.5100

By: /s/ *Andrew F. Dawson*

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (*pro hac vice*)
 *rvannest@keker.com*
Paven Malhotra
 *pmalhotra@keker.com*
Michelle S. Ybarra (*pro hac vice*)
 *mybarra@keker.com*
Nicholas S. Goldberg (*pro hac vice*)
 *ngoldberg@keker.com*
Thomas E. Gorman (*pro hac vice*)
 *tgorman@keker.com*
Katie Lynn Joyce (*pro hac vice*)
 *kjoyce@keker.com*
Christopher S. Sun (*pro hac vice*)
 *csun@keker.com*
R. James Slaughter (*pro hac vice*)
 *rslaughter@keker.com*
Edward A. Bayley (*pro hac vice*)
 *ebayley@keker.com*
Andrew F. Dawson (*pro hac vice*)*
 *adawson@keker.com*
Andrew S. Bruns (*pro hac vice*)
 *abruns@keker.com*
Edward A. Bayley (pro hac vice)
 *ebayley@keker.com*
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415.391.5400

*Attorneys for OpenAI*

*All parties whose electronic signatures are included herein have consented to the filing of this document in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.

## CERTIFICATE OF WORD COUNT COMPLIANCE

I, Elana Nightingale Dawson, an attorney admitted *pro hac vice* to practice before this Court, hereby certify pursuant to Local Civil Rule 7.1(c), and Rule 2.C of Judge Sidney H. Stein's Individual Practices, that the foregoing Reply Memorandum of Law was prepared in Microsoft Word and contains 1,142 words. In making this calculation, I have relied on the word and page counts of the word-processing program used to prepare the document.

Dated: January 27, 2025
      New York, New York

                                                 /s/ *Elana Nightingale Dawson*
                                                 Elana Nightingale Dawson