February 13, 2025

**Sent via ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

cc: All Counsel of Record Line (via ECF)

RE:   *The New York Times Co. v. Microsoft Corp., et al.*, No. 1:23-cv-11195
      *Daily News, LP, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-03285
      *The Center for Investigative Reporting, Inc. v. Microsoft Corp., et al.*, No. 1:24-cv-04872
      *Authors Guild et al. v. OpenAI Inc. et al.,* No. 1:23-cv-08292
      *Alter et al. v. OpenAI Inc. et al.,* No. 1:23-cv-10211

Dear Judge Wang:

Microsoft and OpenAI write to provide an update on the parties' continued efforts to come to an agreement on a deposition coordination protocol, and to request a further settlement conference on this issue.

After nearly six months of negotiation, the parties have made some modest progress. Specifically, Microsoft and the Class and News Plaintiffs have agreed in principle that Plaintiffs will share 10.5 hours of time on the record deposing Microsoft Rule 30(b)(1) witnesses, excluding apex witnesses.  News Plaintiffs have also agreed with Microsoft and OpenAI to 50 hours of non-party depositions.[1]  OpenAI and the Class and News Plaintiffs have agreed in principle on a protocol for coordinating depositions of OpenAI witnesses with the class action pending in the Northern District of California in which plaintiffs in all three actions will share 12 hours of time for the deposition of OpenAI Rule 30(b)(1) witnesses, also excluding apex depositions.  The parties to the SDNY actions have further agreed in principle to propose amendments to protective orders to allow the parties to participate in the depositions as described above and to allow plaintiffs to share documents produced by Microsoft or OpenAI solely for the purpose of preparing for the depositions.

Other key issues remain unresolved.  Most significantly, the parties have not agreed on total hours caps for party depositions, how to address Rule 30(b)(6) depositions, and Class Plaintiffs have not agreed on third-party deposition caps.  Defendants remain willing to negotiate in good faith a comprehensive deposition protocol that addresses all these issues and believe one should be entered expeditiously.  The absence of a deposition protocol that includes overall hours caps is a recipe for duplication of depositions and undue burden on Defendants.  And, while Plaintiffs may be comfortable proceeding without any protocol in place, it is not Plaintiffs' witnesses who

---

[1] This provision does not apply to former employees of Microsoft and OpenAI, who will be separately addressed under an overall hours cap.

will be affected at this time given none of their depositions have been noticed as their document productions remain underway.

Defendants believe judicial supervision will facilitate resolution of these remaining matters, and ask that a second settlement conference be set during the week of February 24 or March 3 and allot the parties a day to work through as many issues as possible – with those attending having authority to negotiate and reach agreement. Defendants believe that the parties' discussions were more productive during the in-person session and face-to-face communication appeared to foster greater cooperation and compromise. If the parties are not able to resolve these issues by agreement prior to the April 10, 2025 status conference, Defendants respectfully request that the Court address and rule on the parties' competing proposals regarding any unresolved disputes at that time.

Finally, Class Plaintiffs indicated during meet and confer that they intended to ask the Court to enter orders precluding speaking objections during depositions and precluding counsel from meeting with witnesses during breaks of depositions. These requests are unnecessary and premature. The parties have not yet taken any Rule 30(b)(1) depositions so there is no reason to believe that these are issues that need to be addressed by Court order. With respect to speaking objections, we are confident that all counsel will comply with their obligations under Rule 30(c)(2). Finally, there is no basis to limit counsel's ability to confer with their client during depositions, and certainly plaintiffs have not identified any concerns beyond the purely hypothetical.

Respectfully submitted,

| ORRICK, HERRINGTON & SUTCLIFFE LLP | KEKER, VAN NEST & PETERS LLP[i] |
|---|---|
| */s/ Sheryl K. Garko* | */s/ R. James Slaughter* |
| Sheryl K. Garko | R. James Slaughter |
| *Counsel for Microsoft* | *Counsel for OpenAI Defendants* |

---

[i] All parties whose electronic signatures are included herein have consented to the filing of this document.