Lieff Cabraser Heimann & Bernstein
Attorneys at Law

Susman Godfrey L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP



February 13, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      RE:    *Authors Guild v. OpenAI Inc.*, (No. 1:23-cv-08292-SHS)
              *Alter v. OpenAI Inc.*, (No. 1:23-cv-10211-SHS)

Dear Judge Wang:

      Per the Court's instructions at the January 31, 2025 settlement conference, Plaintiffs provide this update on the parties' deposition coordination negotiations.

      **OpenAI depositions.** The *Authors Guild* Plaintiffs, OpenAI, the NDCA Plaintiffs, and the News Plaintiffs have reached agreement on coordinating OpenAI depositions between the *Authors Guild*, NDCA, and News Cases.

- Rule 30(b)(1) depositions coordinated between the *Authors Guild* Plaintiffs, the NDCA Plaintiffs, and the News Plaintiffs will have a default limit of 12 hours.[1]
- Time used by a given plaintiffs' group will only count against the hours cap applicable in that groups' respective case.
- The parties agree to amend the protective orders in the *Authors Guild*, NDCA, and News Cases to allow the sharing of materials designated confidential or higher under the respective protective orders for purposes of deposition preparation. OpenAI will provide a bates stamp overlay identifying the corresponding bates stamps across the two actions.
- The parties also agree that transcripts from coordinated depositions will be fully shareable and useable under Rule 32.
- OpenAI commits to making best efforts to produce all custodial documents at least a week prior to a witness's deposition.
- The parties will coordinate Rule 30(b)(6) testimony such that witnesses are only deposed once.

---

[1] Rule 30(b)(1) depositions coordinated between only the *Authors Guild* Plaintiffs and the NDCA Plaintiffs will have a default limit of 8 hours.

February 13, 2025
Page 2

**Microsoft depositions.** The *Authors Guild* Plaintiffs, Microsoft, and the News Plaintiffs have reached tentative agreement on coordinating Microsoft depositions between the *Authors Guild* and News Cases and a per-witness cap for such depositions. The agreement is conditional on Microsoft's agreement to permit the *Authors Guild* and News Plaintiffs to share documents produced by Microsoft and designated confidential or higher under the respective protective orders for the purposes of deposition preparation.

**Remaining disputes:** The parties have remaining disputes on deposition-related issues that need not be resolved before depositions begin. Those issues are as follows:

- *Speaking objections*: The *Authors Guild* Plaintiffs request that speaking objections during depositions be strictly forbidden. Rule 30(c)(2) bars speaking objections. Courts in this district have precluded speaking objections to enable efficient progression of depositions. *See, e.g., In re: AXA*, 16-cv-740, Dkt. 173 at 4-5 (S.D.N.Y. Feb. 27, 2018). During OpenAI's custodial 30(b)(6) deposition, OpenAI's counsel made multiple speaking objections that ran afoul of Rule 30(c)(2). OpenAI has marked this transcript attorneys' eyes only, so out of an abundance of caution, we are not including the excerpts in this public document. The Court should forbid objections other than objections for form or privilege.

- *Prepping witnesses on breaks*: Courts, including certain judges in the Northern District of California, have made clear that conversations during breaks in depositions are not appropriate. *See, e.g., In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 14-CV-2058-SC, 2015 WL 12942210, at *3 ("Courts have ruled that once a deposition begins, counsel should not confer with the witness except to determine whether a privilege should be asserted."). Because the depositions will be coordinated with the NDCA Plaintiffs, *Authors Guild* Plaintiffs respectfully request the entry of such an order here. Barring conversations with witnesses about their testimony during breaks is consistent with how testimony will proceed at trial and enhances the truth-seeking function of depositions. To ensure fairness across all coordinated depositions and limit collateral disputes, the Court should forbid prepping witnesses on breaks.

- *Sharing transcripts among actions regardless of coordination*: The parties' agreement to coordinate depositions is informal and thus a witness's deposition may take place on two different days in different actions. As the Court recognized, requiring transcript sharing across these cases will enable efficient questioning and minimize the time each witness spends on the record. *See* 10/29/24 Hearing Tr. (The Court: "I am all in favor of cross production of testimony for efficiency purposes.").

- *Overall deposition hours cap*: The parties have not reached an agreement on the overall hours cap for depositions. Consistent with the Court's guidance, the *Authors Guild* Plaintiffs have given OpenAI and Microsoft a preliminary list of witnesses and estimated amount of time with each witness. *See* 1/21/25 Hearing Tr. 133:23-134:1. OpenAI has agreed that depositions will proceed, and the parties will revisit issues

February 13, 2025
Page 3

related to the overall hours cap after depositions have begun. However, Microsoft has taken the position that it will refuse to present any witnesses for deposition until the parties reach agreement on the overall hours cap. Microsoft's position is blatantly inconsistent with the Court's previous guidance, *see* 1/21/25 Hearing Tr. 134:5-10 (The Court: "We're not doing an ultimate hours cap when you don't have a sense of who the witnesses are and how long each witness is going to take . . . ."), but the parties will continue to meet and confer on this issue.

Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEIN LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| */s/ Rachel Geman* <br> Rachel Geman | */s/ Rohit Nath* <br> Rohit Nath | */s/ Scott J. Sholder* <br> Scott J. Sholder |