**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated, | Case No. 1:23-cv-08292-SHS<br>Case No. 1:23-cv-10211-SHS<br>Case No. 1:24-cv-00084-SHS |
| Plaintiffs, | ~~PROPOSED~~ **MODIFIED STIPULATED PROTECTIVE ORDER** |
| v. | |
| OPENAI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION, | |
| Defendants. | |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION, | |
| Defendants. | |

*[Caption continued on next page]*

1

**EXHIBIT A**

NICHOLAS A. BASBANES and NICHOLAS
NGAGOYEANES (professionally known as
Nicholas Gage), individually and on behalf of all
others similarly situated,

                    Plaintiffs,

        v.

MICROSOFT CORPORATION, OPENAI, INC.,
OPENAI GP, L.L.C., OPENAI HOLDINGS, LLC,
OAI CORPORATION, LLC, OPENAI GLOBAL,
LLC, OPENAI, L.L.C., and OPENAI OPCO, LLC,

                    Defendants.

ONA T. WANG, United States Magistrate Judge:

        WHEREAS all of the parties to this action (collectively, the "Parties," and individually,

a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil

Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that

will be exchanged pursuant to and during the course of discovery in this case;

        WHEREAS, the Parties, through counsel, agree to the following terms;

        WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket

protections on all disclosures or responses to discovery and that the protection it affords only

extends to the limited information or items that are entitled, under the applicable legal

principles, to confidential treatment;

        WHEREAS, the Parties further acknowledge that this Protective Order does not create

entitlement to file confidential information under seal; and

        WHEREAS, in light of these acknowledgements, and based on the representations of

the Parties that discovery in this case will involve confidential documents or information the

**EXHIBIT A**

public disclosure of which will cause harm to the producing Party and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to the terms of this Protective Order (hereinafter "Protected Discovery Material") shall not disclose such Protected Discovery Material to anyone else except as expressly permitted hereunder.

2.      The protections conferred by this Protective Order cover not only Protected Discovery Material, but also (1) any information copied or extracted from Protected Discovery Material; (2) all copies, excerpts, summaries, or compilations of Protected Discovery Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Discovery Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a recipient or that becomes part of the public domain after its disclosure to a recipient, including becoming part of the public record through trial or

**EXHIBIT A**

otherwise; and (b) any information known to the recipient of the disclosure or obtained by the

recipient after the disclosure from a source who obtained the information lawfully and under no

obligation of confidentiality to the producing Party. Any use of Protected Discovery Material at

trial shall be governed by a separate agreement or order.

3.      If it comes to a producing Party's attention that information or items that it

designated for protection do not qualify for protection at all or do not qualify for the level of

protection initially asserted, that producing Party must promptly notify all other parties that it is

withdrawing the mistaken designation.

4.      A party may challenge any designation at any time.  A Party seeking to

challenge a designation shall notify the designating party of their intended challenge,

identifying all material they claim is misdesignated.  The parties shall meet and confer

regarding the challenge within 7-days of that notice.  If the parties cannot resolve the

disagreement regarding a confidentiality designation, the parties will raise the dispute in

accordance with Hon. Sidney H. Stein's Individual Rules of Practice.

5.      A party may designate as "CONFIDENTIAL" Protected Discovery Material

information (regardless of how it is generated, stored, or maintained) or tangible things that

qualify for protection under Federal Rule of Civil Procedure 26(c).

6.      A party may designate extremely sensitive Protected Discovery Material as

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if disclosure of that material to

another party or non-party would create a substantial risk of serious harm that could not be

avoided by less restrictive means.

7.      A party may designate extremely sensitive Protected Discovery Material as

"HIGHLY CONFIDENTIAL – SOURCE CODE" if the material represents computer code and

**EXHIBIT A**

associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, and disclosure of that material to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. A document that merely quotes or cites filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names, and/or procedure names (e.g., for notetaking or identification purposes) without reproducing any lines of source code is not a Source Code Document and need not be designated "HIGHLY CONFIDENTIAL SOURCE CODE" but should be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  For the avoidance of doubt, the parties are in the process of negotiating a protocol regarding the inspection of training data (the "Training Data Protocol"), which, *inter alia*, will address any confidential treatment that should be afforded to training data inspected or produced in this litigation. To the extent that the Training Data Protocol conflicts with this Protective Order, the terms of the Training Data Protocol will apply. Unless or until the Training Data Protocol is agreed to, the parties reserve all rights as to the appropriate level of confidentiality (if any) that should be afforded to and protocol for reviewing training data.

8.      The party producing any given Discovery Material may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing Party and/or a third party to whom a duty of confidentiality is owed.

**EXHIBIT A**

9.      With respect to the Protected portion of any Discovery Material other than deposition transcripts and exhibits, the producing Party or that Party's counsel may designate such portion as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by: (a) stamping or otherwise clearly marking as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

10.      For Protected Discovery Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE," the following additional restrictions apply:

(a)      Access to a Party's Source Code Material shall be provided only on "standalone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The standalone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (k and l) below. The hardware and software specifications of the stand-alone computer(s) (e.g., processor speed, RAM, operating system, and monitor) shall be commensurate with that of computers used by the producing Party to work with source code in the ordinary course of business. Additionally, the stand-alone computer(s) may only be located at the offices of the producing Party, the offices of the producing Party's outside counsel, or other location mutually agreed upon by the producing Party and the receiving Party. The Parties agree to cooperate in good faith to determine a mutually acceptable location for the stand-alone computer(s);

(b)      The receiving Party shall make reasonable efforts to restrict its requests

**EXHIBIT A**

for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:30 a.m. through 6:00 p.m, Monday through Friday, local time where the stand-alone computer(s) are physically located, excluding any local holidays. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The receiving Party shall provide the producing Party with notice of its intent to inspect the stand-alone computer(s) at least five business days prior to any inspection. The notice may state that the review will continue from day-to-day as needed. The receiving Party shall provide the name(s) of the individual(s) who will be attending the inspection;

(d)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s). The receiving Party's personnel are prohibited from bringing outside electronic devices, including but not limited to phones, computers, flash drives, cameras, or other hardware into the room with the stand-alone computer(s). The hosting facility for the producing Party shall provide a secure location to store personal electronic devices;

(e)     The receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code on a stand alone computer with a current widely used word processing program, for purposes of enabling the receiving Party's outside counsel and/or

**EXHIBIT A**

experts to take notes relating to the Source Code, but may not copy any line of Source Code into

the notes; however, function names, variable names, parameter names, and other individual

identifiers derived from Source Code, do not, by themselves, constitute a line of Source Code.

Any notes relating to the Source Code will be treated as "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY." The receiving Party shall be able to copy the notes from the note

taking computer onto a recordable device at the end of each day of inspection under the

supervision of the producing Party. The stamp "HIGHLY CONFIDENTIAL – SOURCE CODE"

shall be placed on each page of any such notes;

       (f)    The producing Party may visually monitor the activities of the receiving

Party's representatives during any source code review, but only to ensure that there is no

unauthorized recording, copying, or transmission of the source code. Any monitoring must be

conducted from outside the room where the source code review is taking place.

       (g)    The producing Party shall load its Source Code in a text-searchable file

format, as it is kept in the ordinary course of business, on the Source Code Computers. The

receiving Party may request that the producing Party install licensed software on the Source

Code Computers to assist with review of the producing Party's Source Code. Such request shall

be subject to the approval of the producing Party, which shall not be unreasonably withheld. To

allow the producing Party reasonable time to prepare the Source Code Computers, the receiving

Party must provide the producing Party the computer medium (e.g., CD, DVD, USB drive, or

FTP) containing the requested software tools at least seven (7) days in advance of the inspection.

The producing Party will install and confirm installation of said software on the Source Code

Computers prior to the date the receiving Party seeks access.

       (h)    Access to Protected Material designated HIGHLY CONFIDENTIAL –

**EXHIBIT A**

SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 19 below. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(i)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE;

(j)     Except as set forth in paragraph 10(m) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(k)     The receiving Party shall be permitted to make a reasonable number of printouts of Source Code Material that is reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial but shall not request paper copies for the purpose of avoiding electronic review on the Source Code Computers in the first instance, but no more than 50 pages of consecutive source code, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and the

**EXHIBIT A**

receiving Party shall maintain a log of all such files that are printed and of any individual who

has inspected any portion of the source code in electronic or paper form; all printouts shall be

given to the producing Party for inspection by placing the files requested to be printed in a folder

designated for such printouts on the source code computer and identifying the files by file path,

file name, and line numbers, and will notify the producing Party of a request to print those

pages.  Within five (5) business days of such provision, the producing Party shall provide three

(3) bates-stamped paper copies of such unobjected pages to the receiving Party;

(l)    The producing Party may challenge the amount of Source Code Material

requested in hard copy form pursuant to the dispute resolution procedure and timeframes set

forth in Paragraph 4;

(m)    Should such printouts or photocopies be transferred back to electronic

media, such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall

continue to be treated as such;

(n)    If the receiving Party's outside counsel, consultants, or experts obtain

printouts or photocopies of Source Code Material, the receiving Party shall ensure that such

outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked

area in the offices of such outside counsel, consultants, or expert. The receiving Party may also

temporarily keep the printouts or photocopies at: (i) the Court for any proceeding(s) relating to

the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any

deposition(s) relating to the Source Code Material are taken, for the dates associated with the

deposition(s); and (iii) any intermediate location reasonably necessary to transport. For the

purposes of this paragraph, an outside consultant or expert is defined to include the outside

consultant's or expert's direct reports and other support personnel, such that the disclosure to a

**EXHIBIT A**

consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition);

(o)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(h) above to another person authorized under paragraph 10(n) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(n) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer; and

(p)     All copies of any portion of Source Code Material in whatever form shall be securely destroyed if they are no longer reasonably necessary in these Actions (e.g., extra copies at the conclusion of deposition). Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

11.     With respect to deposition transcripts, a producing Party or that Party's counsel may designate such portion as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are

**EXHIBIT A**

to be designated Protected Discovery Material, in which case all counsel receiving the

transcript will be responsible for marking the copies of the designated transcript or exhibit (as

the case may be), in their possession or under their control as directed by the producing Party or

that Party's counsel by the reporter.  If, at the conclusion of a deposition, the producing Party

designates the transcript as Protected Discovery Material, the entire deposition transcript will be

treated as if it had been designated Confidential for a 30-day period following the conclusion of

a deposition.

12.    If at any time prior to the trial of this action, a producing Party realizes that some

portion(s) of Discovery Material that she, he, or it had previously produced without limitation

should be designated as Protected Discovery Material, she, he, or it may so designate by so

apprising all prior recipients of the Discovery Material in writing, and thereafter such

designated portion(s) of the Discovery Material will be deemed to be and treated as Protected

Discovery Material under the terms of this Protective Order. An inadvertent failure to designate

qualified information or items does not, standing alone, waive the producing Party's right to

secure protection under this Protective Order for such material.

13.    If a recipient learns that, by inadvertence or otherwise, it has disclosed Protected

Discovery Material to any person or in any circumstance not authorized under this Protective

Order, the recipient must immediately (a) notify in writing the producing Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Discovery Material, (c) inform the person or persons to whom unauthorized

disclosures were made of all the terms of this Protective Order, and (d) request that such person

or persons execute the Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

14.    In the event of an inadvertent production of material protected by the attorney-

**EXHIBIT A**

client privilege or work-product protection, the producing Party may notify the receiving Party within 7 days after the producing Party becomes aware of such inadvertent production. Any such notice must include a privilege log that contains sufficient details to identify the document by bates number, author, recipient, subject matter, date, and basis for the privilege assertion. Upon notification, the receiving Party shall immediately return, sequester, or destroy the inadvertently produced Discovery Material and all copies as well as notes, summaries, and/or work product reflecting the content of such material to the extent they contain such material. If only a portion of the Discovery Material is privileged, the producing Party shall immediately provide a new version of the Discovery Material in which the privileged material has been redacted. No further use or disclosure shall be made of the inadvertently produced Discovery Material (unless authorized under Federal Rule 26(b)(5)(B)), and the receiving Party shall take all reasonable and appropriate steps to retrieve and destroy the Discovery Material, and all copies, from any person who has received the Discovery Material through the receiving Party. A Party or non-party that asserts that it inadvertently produced privileged or protected documents shall not be required to provide discovery on its internal procedures for conducting privilege reviews prior to production, and it shall not be required to demonstrate that such procedures were sufficiently rigorous. A receiving Party may file a motion to compel the production of any document subject to the clawback provisions of this paragraph.

15.    No person subject to this Protective Order other than the producing Party shall disclose any of the Discovery Material designated by the producing Party as "CONFIDENTIAL" to any other person whomsoever, except to:

(a)    the recipient's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the

**EXHIBIT A**

information for this litigation, provided such person is subject to confidentiality obligations at least as stringent as those set forth in the Non-Disclosure Agreement annexed as an Exhibit hereto;

       (b)    the officers, directors, and employees (including inhouse counsel) of the recipient to whom disclosure is reasonably necessary for this litigation, provided such persons other than inhouse counsel have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

       (c)    experts of the recipient to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

       (d)    the court and its personnel;

       (e)    court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

       (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, unless otherwise agreed by the producing Party or ordered by the court.

       (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed, had/have access to, or knew the information.

    16.    No person subject to this Protective Order other than the producing Party shall disclose any of the Discovery Material designated by the producing Party as "HIGHLY

**EXHIBIT A**

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

SOURCE CODE" to any other person whomsoever, except to:

      (a)    the recipient's outside counsel of record in this action, as well as

employees of said outside counsel of record to whom it is reasonably necessary to disclose the

information for this litigation, provided such person is subject to confidentiality obligations at

least as stringent as those set forth in the Non-Disclosure Agreement annexed as an Exhibit

hereto;

      (b)    designated inhouse counsel of the recipient to whom disclosure is

reasonably necessary for this litigation, provided such person has first executed a Non-

Disclosure Agreement in the form annexed as an Exhibit hereto;

      (i)   Agreements or draft agreements between a producing Party and a third

party, as well as documents reflecting negotiations regarding such

agreements, may be designated "HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL'S EYES ONLY." Inhouse counsel of the recipient shall not be

permitted to access such information absent explicit written permission

from the producing Party or the relevant third party. For the avoidance of

doubt, documents designated as "HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL'S EYES ONLY" can be shared as described in subparagraphs

16(a) and 16(c)-16(h).

      (c)    experts of the recipient to whom disclosure is reasonably necessary for

this litigation, provided such persons have first executed a Non-Disclosure Agreement in the

form annexed as an Exhibit hereto;

      (d)    the court and its personnel;

**EXHIBIT A**

(e)    court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and the disclosing Party has obtained the consent of the producing Party or approval of the Court.

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed, had/have access to, or knew the information; or

(h)    during their deposition, witnesses in the action who are employees or directors of the producing Party.

17.    Prior to any disclosure of any Protected Discovery Material to any person referred to in subparagraphs 15(b) (to the extent applicable), 15(c), 15(e), 15(f), 16(b), 16(c), 16(e) and 16(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

18.    Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Discovery Material shall be afforded the same degree of protection as the underlying

**EXHIBIT A**

Protected Discovery Material.

19.     Unless otherwise ordered by the court or agreed to in writing by the producing Party, a Party that seeks to disclose to an expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 16(c) first must complete a reasonable investigation of the expert and determine (1) that the expert's current employer(s) is/are not a direct competitor of the producing Party; (2) that the expert was not previously employed by either the producing Party or a direct competitor of the producing Party and at the time of retention was not anticipated to become an employee of the producing Party or a direct competitor of the producing Party; (3) that the expert is not currently providing consulting services to a direct competitor of the producing Party; (4) that the expert has not previously provided consulting services to a direct competitor of the producing Party and is not anticipated to provide consulting services in the future to the producing Party's direct competitors; and (5) that the expert, and all persons working with or for the expert that will receive the Protected Discovery Material, have reviewed this Protective Order and executed the Non-Disclosure Agreement in the form annexed as an Exhibit hereto. For purposes of this provision, "direct competitor" shall be defined as any company that develops artificial intelligence models, tools, or services for the purposes of selling them or offering them to the public.

20.     For each such investigation completed, the Party or its counsel who conducted the investigation must prepare and sign a declaration attesting to the reasonableness of his or her investigation and that the investigation determined (1) that the expert's current employer(s) are not direct competitors of the producing Party; (2) that the expert was not

Case 1:23-cv-08292-SHS-OTW    Document 338    Filed 03/19/25    Page 18 of 29

**EXHIBIT A**

previously employed by the producing Party or any of its direct competitors, and at the time of

retention is not anticipated to become an employee of a Party or the producing Party's

competitor; (3) that the expert is not currently providing consulting services to a direct

competitor of the producing Party; (4) that the expert has not previously provided consulting

services to the producing Party's direct competitor and at the time of retention is not

anticipated to provide consulting services in the future to the producing Party's direct

competitor; and (5) that the expert, and all persons working with or for the expert that will

receive the Protected Discovery Material, have reviewed the Protective Order and executed the

Non-Disclosure Agreement in the form annexed as an Exhibit hereto.  The declaration need

not disclose the identity of the expert.

21.     Should the results of an investigation pursuant to paragraph 19 reveal that a

receiving Party or its counsel cannot in good faith sign such a declaration, the receiving Party

may nevertheless disclose to an expert material that has been designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

SOURCE CODE" upon compliance with the procedures identified in paragraph 19, provided

that notice—disclosing the identity of the expert and a written explanation of the specific

reasons leading counsel to determine that he or she could not in good faith sign a declaration

as provided in paragraph 19—is given to the producing Party and the producing party does not

file a motion to prevent the disclosure within 10-days.

(a)     In addition, the receiving Party shall maintain a log of all experts and

expert staff to whom the Protected Discovery Material is provided and shall provide such log

to the producing Party at the conclusion of the litigation if so ordered upon good cause shown

by the producing Party.  The log shall be kept with sufficient detail to allow the producing

**EXHIBIT A**

Party to determine whether the receiving Party has complied with the requirements of this Order.

22.    A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. The terms of this Protective Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-Party from seeking additional protections.

(a)    In the event that a Party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the Party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the Party shall:

(i) promptly notify in writing the requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(ii) promptly provide the non-party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii) make the information requested available for inspection by the non-party.

(b)    If the non-party fails to object or seek a protective order form this Court within 14 days of receiving the notice and accompanying information, the receiving Party may

**EXHIBIT A**

produce the non-party's confidential information responsive to the discovery request. If the

non-party timely seeks a protective order, the receiving Party shall not produce any information

in its possession or control that is subject to the confidentiality agreement with the non-party

before a determination by the Court. Absent a court order to the contrary, the non-party shall

bear the burden and expense of seeking protection in this Court of its Protected Discovery

Material.

   23. Recipients of Protected Discovery Material under this Protective Order may use

such material solely for prosecuting, defending, or attempting to settle this litigation. Recipients

may not use Protected Discovery Material for any business, commercial, or competitive

purpose.  Nothing contained in this Protective Order, however, will affect or restrict the rights

of any person with respect to its own documents or information produced in this action.  Nor

does anything contained in this  Protective Order limit or restrict the rights of any person to use

or disclose information or material obtained independently from and not through or pursuant to

the Federal Rules of Civil Procedure.

   24. If a Party is served with a subpoena or a court order issued in other litigation that

compels disclosure of any Protected Discovery Material, that Party must:

     (a) promptly notify in writing the producing Party.  Such notification shall

include a copy of the subpoena or court order;

     (b) promptly notify in writing the Party who caused the subpoena or order to

issue in the other litigation that some or all of the material covered by the subpoena or order is

subject to this Protective Order.  Such notification shall include a copy of this Protective Order;

and

     (c) cooperate with respect to all reasonable procedures sought to be pursued

**EXHIBIT A**

by the producing Party whose Confidential Discovery Material may be affected.

        (d)    If the producing Party timely seeks a protective order in the other litigation, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Discovery Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the producing Party's permission.  The producing Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a recipient of Protected Discovery Material in this action to disobey a lawful directive from another court.

        25.    For any document a party ("Filing Party") seeks to seal because that document has been designated as confidential by another party or non-party (the "Designating Party"), the Filing Party's motion or letter motion to seal shall state that the basis for sealing is the Designating Party's designation and immediately provide notice to the Designating Party of the sealing request, with a copy of filed documents showing the Designating Party's confidential materials unredacted. Within five business days of the filing of the motion to seal, the Designating Party will file with the Court a statement of the reasons that the confidential material should be sealed that complies with Paragraph 5(B) of Judge Stein's Individual Practices. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Protected Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may

**EXHIBIT A**

result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Protected Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Protected Discovery Material itself, and not text that in no material way reveals the Protected Discovery Material.

26.     Each person who has access to Discovery Material that has been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

27.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential.  In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing Party of the same and cooperate with the producing Party to address and remedy the breach.  Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

28.     Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a producing Party agrees

**EXHIBIT A**

otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

29.     Within 60 days after the final disposition of this action, as defined in paragraph 29, each recipient must return all Protected Discovery Material to the producing Party or destroy such material. As used in this paragraph, "all Protected Discovery Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Discovery Material or material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Whether the Protected Discovery Material is returned or destroyed, the recipient must submit a written certification to the producing Party by the 60-day deadline that (1) all the Protected Discovery Material was returned or destroyed and (2) the recipient has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Discovery Material outside of archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product. Any such archival copies that contain or constitute Protected Discovery Material remain subject to this Protective Order.

30.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court.  This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary

**EXHIBIT A**

to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: March 18, 2025                     Dated: March 18, 2025


*/s/ Rohit D. Nath*_____            */s/ Paven Malhotra*_____

Rohit D. Nath (*pro hac vice*)            Paven Malhotra
SUSMAN GODFREY L.L.P.                     KEKER, VAN NEST & PETERS LLP
1900 Avenue of the Stars, Suite 1400      633 Battery Street
Los Angeles, California 90067             San Francisco, CA 94111-1809
Tel.: 310-789-3100                        Telephone: 415.391.5400
rnath@susmangodfrey.com                   tgorman@keker.com

**Interim Class Counsel**                 **Attorneys for Defendants**
                                          OpenAI, Inc.; OpenAI OpCo LLC;
                                          OpenAI GP LLC; OpenAI, LLC;
                                          OpenAI Global LLC; OAI Corporation,
                                          LLC; OpenAI Holdings, LLC; OpenAI
                                          Startup Fund I LP; OpenAI Startup Fund
                                          GP LLC; and OpenAI Startup Fund
                                          Management LLC


                                          Dated: March 18, 2025


                                          */s/ Jared B. Briant*_____

                                          Jared B. Briant (*pro hac vice*)
                                          FAEGRE DRINKER BIDDLE &
                                          REATH LLP
                                          1144 Fifteenth Street, Suite 3400
                                          Denver, Colorado 80202
                                          Telephone: 303.607.3500
                                          jared.briant@faegredrinker.com

                                          **Attorneys for Defendant Microsoft**
                                          **Corporation**

**EXHIBIT A**

**SO ORDERED.**

_____
ONA T. WANG
United States Magistrate Judge

Dated: March 19, 2025
New York, New York

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated, | Case No. 1:23-cv-08292-SHS<br>Case No. 1:23-cv-10211-SHS<br>Case No. 1:24-cv-00084-SHS |
| Plaintiffs, | **NON-DISCLOSURE AGREEMENT** |
| v. | |
| OPENAI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION, | |
| Defendants. | |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION, | |
| Defendants. | |

---

*[Caption continued on next page]*

---

NICHOLAS A. BASBANES and NICHOLAS
NGAGOYEANES (professionally known as
Nicholas Gage), individually and on behalf of all
others similarly situated,

                         Plaintiffs,

     v.

MICROSOFT CORPORATION, OPENAI, INC.,
OPENAI GP, L.L.C., OPENAI HOLDINGS, LLC,
OAI CORPORATION, LLC, OPENAI GLOBAL,
LLC, OPENAI, L.L.C., and OPENAI OPCO, LLC,

                         Defendants.

---

SIDNEY H. STEIN, United States District Judge:


      I, _____, acknowledge that I have read and understand

the Protective Order in this action governing the non-disclosure of those portions of

Discovery Material that have been designated as Confidential.  I agree that I will not disclose

such Confidential Discovery Material to anyone other than for purposes of this litigation and

that at the conclusion of the litigation I will either return all discovery information to the

Party or attorney from whom I received it, or upon permission of the producing Party,

destroy such discovery information.  By acknowledging these obligations under the

Protective Order, I understand that I am submitting myself to the jurisdiction of the United

States District Court for the Southern District of New York for the purpose of any issue or

dispute arising hereunder and that my willful violation of any term of the Protective Order

could subject me to punishment for contempt of Court.

Dated: _____

_____

## **ATTESTATION**

Pursuant to S.D.N.Y. Electronic Case Filing Rule 8.5, I hereby attest that all other

signatories listed, and on whose behalf the filing is submitted, concur in the content and have

authorized this filing.

Dated: March 18, 2025                    FAEGRE DRINKER BIDDLE & REATH LLP

                                         By:      */s/ Jared B. Briant*
                                                  Jared B. Briant