**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**SUSMAN GODFREY L.L.P.**
A REGISTERED LIMITED LIABILITY PARTNERSHIP



March 31, 2025

**VIA ECF**
Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      RE:   *Authors Guild et al. v. OpenAI, Inc., et al.*, and *Alter et al. v. OpenAI Inc., et al.*, Nos. 1:23-cv-08292-SHS & 1:23-cv-10211-SHS

Dear Judge Wang:

    Pursuant to Rule II.b of Your Honor's Individual Practices, Class Plaintiffs seek an informal discovery conference requesting OpenAI to produce to Plaintiffs a set of highly relevant documents that OpenAI has already agreed to produce in other cases. The documents are ESI from three custodians who the Class Plaintiffs intend to depose: Michael Lampe, Brad Lightcap, and Wojciech Zaremba. There is no colorable dispute regarding the relevance, burden, or proportionality of asking OpenAI to click "send" and forward these documents—which involve ███████████████████████████████████████████████████████████████████████████████████████████████████████████████—to the Class Plaintiffs. The Court should order OpenAI to click "send" so that Class Plaintiffs can coordinate deposition questions with other parties who have received, or who will receive, the documents, and so these witnesses will only need to be deposed once.

    Notwithstanding the unchallenged relevance and absence of burden, OpenAI has resisted production during the parties' meet and conferrals, including a telephone call on January 9 and in multiple follow-up emails, because OpenAI wants Plaintiffs to agree to certain conditions about *other* hypothetical discovery requests in the future. In OpenAI's words:

> ***OpenAI remains willing to discuss cross-producing materials*** (and, indeed, has agreed to cross-produce the files of several custodians already). But we don't believe it is appropriate for Plaintiffs to make unpredictable, seriatim demands for new cross-productions and/or custodians based on information that Plaintiffs have had since discovery began.

Exhibit A at 1. OpenAI is holding these relevant documents hostage, trying to use them to extract concessions about other custodians or other unspecified discovery requests. This is improper.

I.  **Legal Standard**

Courts routinely require production of additional custodial files where, after a threshold showing of relevance, the party resisting discovery fails to "show[] that the production of all of the requested employees' email communications would be unduly burdensome or that a search of their files would not potentially yield relevant information." *See Capitol Records., Inc. v. MP3tunes, LLC*, 261 F.R.D. 44, 50 (S.D.N.Y. 2009); *Delta Air Lines v. The Lightstone Group*, 2021 WL 2117247, at *3 (S.D.N.Y. May 24, 2021) (granting motion to compel where party failed to "specify[] the nature or size of the burden . . .").

Where the requesting party is simply asking the producing party to forward on documents that have already been produced in another case, courts routinely find that there is no burden associated with doing so. *See, e.g.*, *Ramos v. Town of E. Hartford*, No. 3:16-CV-166 (VLB), 2016 WL 7340282, at *9 (D. Conn. Dec. 19, 2016) (granting motion to compel production where "producing documents that they have already identified imposes little burden on Defendants"); *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, No. 09 MDL 2058 (DC), 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009) (ordering production of documents already produced in related matters because Defendants "have already collected, reviewed, and organized the documents for production in other proceedings, and the burden of making another copy for plaintiffs here will be slight.").

II.  **OpenAI Possesses Relevant, Non-Duplicative Documents From Michael Lampe, Brad Lightcap, and Wojciech Zaremba**

The documents that OpenAI has already collected, reviewed, and agreed to produce in other cases from the files of Lampe, Lightcap, and Zaremba are undoubtedly relevant here. OpenAI agreed to produce their documents in the News Cases and agreed to produce the documents of Lampe and Lightcap in the Northern District of California class action. OpenAI has not disputed their relevance at all, nor could it.

Michael Lampe is a member of OpenAI's technical staff. Lampe's conversations with other custodians reveal that Lampe ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Brad Lightcap is the Chief Operating Officer of OpenAI. Communications with Lightcap reveal that he ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Hon. Ona T. Wang
March 31, 2025
Page 3

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████████████

Wojciech Zaremba is a Co-Founder of OpenAI. Documents from other witnesses demonstrate that OpenAI's Zaremba productions include documents relevant to infringement, OpenAI's fair use defense, and willfulness. ███████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
██████████████████████

### III. Forwarding on a Production of Documents From Lampe, Lightcap, and Zaremba Is Not Burdensome

Class Plaintiffs are not asking OpenAI to apply any new set of search terms to documents collected from Lampe, Lightcap, and Zaremba. Class Plaintiffs seek no more than the documents that OpenAI already collected, reviewed, and agreed to produce for these witnesses. Because of this limited scope, and because OpenAI has already agreed to produce these documents in other cases, there is no burden at all associated with producing them.

### IV. A Conditional Demand About Future Hypothetical Requests Is Not a Valid Basis to Resist Relevant Non-Burdensome Discovery

OpenAI does not dispute relevance, burden, or proportionality of Class Plaintiffs' request. The excuse OpenAI has offered to withhold the documents at issue from Class Plaintiffs is that OpenAI wants Class Plaintiffs to agree to limitations on future hypothetical requests as a condition for OpenAI to forward these relevant productions to Class Plaintiffs. *See* Exhibit A at 1.

This effort to try to extract a limitation on future requests is simply not a valid basis on which to reject to the production of relevant discovery under any rule. If Class Plaintiffs request other documents in the future, OpenAI will be within its rights to object based on the protections afforded them under the applicable rules. But the rules do not allow OpenAI to withhold relevant, non-burdensome discovery as a tool to force concessions on separate issues, and it appears that a Court order is required to make that clear.

Hon. Ona T. Wang
March 31, 2025
Page 4

                        Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEIN LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| */s/ Rachel Geman* <br> Rachel Geman | */s/ Rohit Nath* <br> Rohit Nath | */s/ Scott J. Sholder* <br> Scott J. Sholder |