# Susman Godfrey l.l.p.
a registered limited liability partnership



March 31, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      RE:    *Authors Guild v. OpenAI Inc.*, 23-cv-8292 (S.D.N.Y.) and *Alter v. OpenAI Inc.*, 23-cv-10211 (S.D.N.Y.)

Dear Judge Wang:

      Pursuant to Rule II(b) of Your Honor's Individual Practices, Plaintiffs seek a conference regarding Microsoft's refusal to respond to Interrogatory No. 8 ("ROG No. 8")—as modified by Plaintiffs—which asks Microsoft to identify anyone at Microsoft who had communications regarding LibGen.

## BACKGROUND

      Interrogatory No. 8, which Plaintiffs served on January 29, 2025, asks that Microsoft "Identify anyone at Microsoft who had communications Regarding and Concerning Library Genesis or LibGen, Internet Archive, Z-Library, Common Crawl, WebText, Project Gutenberg, Anna's Archive, Open Library, Reddit, DuXiu, and E-Libra." Ex. A (Plaintiffs' Third Set of Interrogatories to Microsoft). On February 28, Microsoft refused to respond to Interrogatory No. 8, asserting, *inter alia*, relevance and burden objections. *See* Ex. B (Excerpt of Microsoft's Responses and Objections to Plaintiffs' Third Set of Interrogatories). The parties exchanged correspondence on this issue on March 13 and conferred via Zoom on March 20.

      In the course of the parties' conferral, Plaintiffs offered to narrow ROG No. 8 to individuals who have communicated about *one* dataset—LibGen: a notorious pirated online library containing tens of thousands of books, including Plaintiffs' books. In response to Microsoft's objection that the request would require an interview of every employee, Plaintiffs emphasized that they would accept a list of the individuals that Microsoft's reasonable investigation has revealed were communicating about LibGen. Microsoft refused to respond to even this narrowed Interrogatory, and the parties are now at impasse. *See* Ex. C (March 26 Email from Microsoft).

March 31, 2025
Page 2

## ARGUMENT

There is no dispute that knowledge on the part of Microsoft witnesses about a library of pirated books, *including Plaintiffs' books*, *used by OpenAI to train its models*, is relevant to Plaintiffs' claims against Microsoft. *That* is LibGen, and that is all that Plaintiffs' narrowed request seeks.

Microsoft's burden objection is baseless. Plaintiffs' narrow request for the identity of individuals that have discussed this highly relevant dataset is a kind of interrogatory that is explicitly contemplated by Local Civil Rule 33.3(a). *See* Local Civ. R. 33.3(a) ("interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action . . . and the existence, custodian, location, and general description of relevant documents"); *Mangahas v. Eight Oranges Inc.*, No. 22-cv-4150, 2022 WL 14106010, at *1 (S.D.N.Y. Oct. 24, 2022) (ordering responses to interrogatories "limited to the identification of persons with whom the plaintiff has spoken regarding the allegations of the complaint" because such interrogatories "are permitted under Local Rule 33.3 and are not excessive").

Moreover, given the core relevance of the LibGen dataset—a description of which Plaintiffs included in their Complaint (*See e.g.* Dkt. 69 at ¶¶ 115, 347)—Microsoft had an obligation to conduct a reasonable investigation into its relevant employees' knowledge of LibGen in the first instance. Microsoft should have this information readily available, based on its investigation to date.

For the foregoing reasons, Plaintiffs respectfully request that the Court compel Microsoft to respond to the narrowed Interrogatory No. 8 and identify Microsoft employees who have communicated about LibGen.

Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEINS LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| /s/ Rachel Geman | /s/ Rohit Nath | /s/ Scott J. Sholder |
| Rachel Geman | Rohit Nath | Scott J. Sholder |