KEKER VAN NEST & PETERS     LATHAM & WATKINS LLP     MORRISON FOERSTER

March 31, 2025

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

cc: All Counsel of Record Line (via ECF)

Re: *Authors Guild et al. v. OpenAI, Inc., et al., and Alter et al. v. OpenAI Inc., et al.*, Nos. 1:23-cv-08292-SHS-OTW & 1:23-cv-10211-SHS-OTW

Dear Judge Wang:

Pursuant to Sections I(b) and II(b) of Your Honor's Individual Practices, OpenAI respectfully requests a pre-motion conference to address Plaintiffs' continued refusal to respond fully to OpenAI's Interrogatory asking Plaintiffs to identify the specific documents that reflect the harm they allegedly suffered as a result of OpenAI's alleged use of their asserted works. ECF 232-1 at 8–9 (No. 5 to Authors Guild; No. 6 to remaining Plaintiffs) ("Harm Interrogatory").

As previously summarized in ECF 232, on May 14, 2024, OpenAI served the following interrogatory: "Identify documents reflecting any information you have received regarding harm You have suffered as a result of the alleged use of Your Asserted Works by OpenAI to train ChatGPT, including but not limited to (i) any information You have received about third parties using outputs from GPT Services as an alternative to purchasing or obtaining a licensed copy of Your Asserted Works, and (ii) any information You have received about any impact by the availability of GPT Services on licensing royalties or other revenues generated in connection with Your Asserted Works." (No. 5 to Authors Guild; No. 6 to remaining Plaintiffs). Plaintiffs refused to identify any specific documents in response. Instead, after asserting boilerplate objections, Plaintiffs responded that they had agreed to produce documents related to such harm and stated, "[p]ursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs refer to these responses and documents produced pursuant thereto." ECF 232-1 at 8–9.

When OpenAI sought an order to compel a complete response in October 2024, ECF 232, the Court determined that OpenAI's request was premature. ECF 290. The Court, however, permitted OpenAI to renew its motion, if necessary, after "reviewing the produced documents and meeting and conferring with their adversaries." *Id.* The Court further instructed that OpenAI should, in any such renewal, "explain why and how they still need identification of documents after they have reviewed the documents themselves." *Id.*

OpenAI has followed the Court's directive, by both reviewing Plaintiffs' documents and further conferring with Plaintiffs. OpenAI nevertheless remains unable to itself identify documents responsive to the Harm Interrogatory. OpenAI thus still requires a complete response to the Harm Interrogatory from Plaintiffs. And such a response should be required because (i) the interrogatory is permissible under Local Rule 33.3, and (ii) having relied on Federal Rule of Civil Procedure

33(d), Plaintiffs are required to identify documents.

OpenAI reviewed each of the 16,853 documents produced by the thirty Plaintiffs in this case through Thursday, March 27, 2025.[1] Despite undertaking a careful review of those documents, OpenAI has not been able to identify *a single document* reflecting the harm Plaintiffs claim to have suffered. OpenAI so informed Plaintiffs on Friday, March 28, 2025, during a conferral regarding Plaintiffs' continued refusal to respond to the Harm Interrogatory. OpenAI explained that a response to this interrogatory is critical at this juncture, as OpenAI must be able to use such documents to test Plaintiffs' claims of harm in depositions, which OpenAI expects to begin soon. Plaintiffs continued to refuse to supplement their response, maintaining that the interrogatory is a contention interrogatory to which a response is not required under Local Rule 33.3(c).[2]

Plaintiffs are wrong. OpenAI is not asking Plaintiffs "to state all the facts upon which it bases a contention[.]" *Nat. Res. Def. Council, Inc. v. Fox*, No. 94-cv8424, 1996 WL 497024, at *4 (S.D.N.Y. Aug. 30, 1996) (internal quotations omitted). Rather, OpenAI is simply asking Plaintiffs to *identify documents* in their productions reflecting the harm Plaintiffs have allegedly suffered as a result of OpenAI's alleged conduct. OpenAI tried, and failed, to identify such documents on its own, despite its diligent review of Plaintiffs' documents. Plaintiffs, in contrast, purportedly know the identity of such documents—otherwise, they could not have relied on Rule 33(d) when responding to the interrogatory. *See infra* at 2. OpenAI is entitled to know the identity of any such documents as well.

This is exactly the sort of interrogatory that courts in this district recognize is proper under Local Rule 33.3(b). That Local Rule permits interrogatories "if they are a more practical method of obtaining the information sought than a request for production or a deposition." Such is the case here. Where, as here, an interrogatory seeks a "comparatively simple response rather than a long narrative explanation," courts have found such interrogatories proper under Local Rule 33.3(b). *See, e.g.*, *In re Weatherford Int'l Sec. Litig.*, No. 11-cv-1646 LAK JCF, 2013 WL 5788680, at *3 (S.D.N.Y. Oct. 28, 2013) (interrogatory asking a party to identify discrete transactions that would

---

[1] On Friday, March 28, 2025, following the parties' conferral regarding the relief sought herein, 12 of the 30 Plaintiffs produced an additional 9,708 documents. OpenAI has begun reviewing those documents. The fact that OpenAI is reviewing additional documents for 12 Plaintiffs is not a basis to decline ordering the relief sought herein. First, OpenAI has completed review of all documents produced by numerous Plaintiffs (Authors Guild, Baldacci, Bly, Connelly, Day, Franzen, Grisham, Hilderbrand, Kline, LaValle, Martin, Picoult, Preston, Robinson, Saunders, Turow, and Vail), and has not identified any documents responsive to this interrogatory. Second, Plaintiffs should not be allowed to use their belated production to avoid responding to the Harm Interrogatory. The interim close of fact discovery is less than a month away and Plaintiffs' depositions are expected to begin imminently. OpenAI thus needs Plaintiffs' responses to the Harm Interrogatory now, which Plaintiffs can and should supplement to the extent necessary in the future. *See* Fed. R. Civ. P. 26(e).

[2] Plaintiffs offered to provide a response to an interrogatory on the calculation of damages, claiming that only such interrogatories are permitted under Local Rule 33.3(a). OpenAI has served a separate interrogatory seeking such discovery. But Plaintiffs are incorrect that the Harm Interrogatory is not permitted by Local Rule 33.3(b), as explained below.

entail "comparatively simple responses rather than long narrative explanations" was within the scope of Local Rule 33.3(b)) (internal quotations omitted).  Indeed, a response here only requires a list of Bates numbers—something that is much more efficient to seek in an interrogatory than during a deposition.  As the Court recognized in *Ohanian v. Apple*, asking for the identification of certain documents is exactly the type of question "suitable for interrogatories." No. 1:20-cv-05162-LGS, 2022 WL 576314, at *2 (S.D.N.Y. Feb. 25, 2022); *see also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-md-02542, 2020 WL 7129495, at *5 (S.D.N.Y. Dec. 4, 2020) (compelling response to interrogatory seeking, *inter alia*, the identification of "the Bates numbers for any . . . Documents" related to the interrogatory response).

By relying on Rule 33(d), Plaintiffs represented that "the answer to [the] interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing" Plaintiffs' business records.  *See* Fed. R. Civ. P. 33(d).  In other words, Plaintiffs state that they have produced documents responsive to the Harm Interrogatory, but they refuse to identify them to OpenAI—leaving OpenAI to guess at which documents contain information about Plaintiffs' alleged harms.  This contravenes Rule 33(d) itself, which requires that the producing party "specif[y] the records that must be reviewed, in sufficient detail to ***enable the interrogating party to locate and identify them as readily as the responding party could***."  (Emphasis added.)  Indeed, courts regularly recognize that a party cannot rely on Rule 33(d) when responding to an interrogatory while at the same time refusing to identify the specific documents responsive to the interrogatory.  *See* ECF 232 at 1–2; *Volt Elec. NYC Corp. v. A.M.E., Inc.*, No. 20-cv-4185, 2020 WL 6378945, at *2 (S.D.N.Y. Oct. 30, 2020) (interrogatory response lacking Bates numbers was "inadequate"); *see also Norman Maurice Rowe, M.D., MHA, LLC v. Oxford Health Ins. Co.*, 21-cv-6290, 2024 WL 4333881, at *6 (E.D.N.Y. Sept. 27, 2024) (ordering plaintiffs to "identify[]" documents "by Bates numbers").  Plaintiffs should not be permitted to continue doing so here.  Rather, the Court should order Plaintiffs to identify the documents Plaintiffs purported to rely on for their invocation of Rule 33(d)—or respond that they are not aware of any documents responsive to the interrogatory.

Finally, the types of documents responsive to this interrogatory are highly relevant to "Plaintiff's damages claim," on which OpenAI is entitled to seek discovery.  Indeed, Local Rule 33.3 does "not mean that disclosure of known facts about Plaintiff's damages claim must await the close of fact discovery." *Xinuos, Inc. v. IBM Corp.*, No. 22-cv-09777-CS-VR, 2025 WL 663064, at *2 (S.D.N.Y. Feb. 28, 2025).  Rather, OpenAI is "entitled to understand the basis" of any harm Plaintiffs allege to have suffered "to prepare rebuttal evidence, depose relevant witnesses, and retain experts as needed." *Id.*  As the Court in *Xinous* recognized, "[w]aiting until the conclusion of fact discovery would unduly prejudice Defendants' ability to prepare their defense." *Id.*; *see also Agniel v. Cent. Park Boathouse LLC*, No. 12-cv-7227 NRB, 2015 WL 463971, at *4 (S.D.N.Y. Jan. 26, 2015) (a defendant is entitled to learn early on the factual basis for any claim of damages that the plaintiff advances).  With the interim close of fact discovery only a month away, Plaintiffs' refusal to respond is depriving OpenAI of quintessential facts necessary for depositions and further investigation during discovery.

Having complied with the Court's prior Order by both diligently reviewing Plaintiffs' productions and conferring with Plaintiffs, OpenAI respectfully renews its request for an order compelling Plaintiffs to respond to the Harm Interrogatory with Bates numbers for responsive documents, if any.

3

Respectfully,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Christopher S. Sun*\* | */s/ Elana Nightingale Dawson* | */s/ John R. Lanham*\* |
| Christopher S. Sun | Elana Nightingale Dawson | John R. Lanham |

---

\* All parties whose electronic signatures are included herein have consented to the filing of this document.