UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------- X
IN RE:                                                     :
                                                           :
OPEN AI, INC.,                                             :   No. 25-md-03143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION                          :
                                                           :
This Document Relates To:                                  :
                                                           :
THE NEW YORK TIMES COMPANY v.                              :
MICROSOFT CORPORATION, et al., No.                         X
23-cv-11195
----------------------------------------------------------
```

### DECLARATION OF MAILE YEATS-ROWE IN SUPPORT OF OPENAI'S LETTER MOTION TO SEAL

I, Maile Yeats-Rowe, hereby declare as follows:

1.  I am Senior Litigation Counsel at OpenAI. I submit this declaration in support of OpenAI's letter motion to seal and Plaintiffs' motion to seal (ECF No. 309). I have personal knowledge of the facts set forth below and if called as a witness, could testify competently thereto.

2.  I have been informed that because the News Plaintiffs' Letter regarding this Court's July 9 Order (ECF No. 310)[1] and Exhibits 2, 4, and 5 attached thereto (ECF Nos. 310-2, 310-4, and 310-5) are not "judicial documents" under *Lugosch v. Pyramid Company of Onondaga,* 435 F.3d 100 (2d Cir. 2006), but rather discovery-related documents, the "presumption of access to these records is low." *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016); *see Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *Rand v. Travelers Indem. Co.,* No. 21-CV-10744 (VB)(VF), 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023) (court is not required to articulate compelling reasons to seal for

---

[1] Unless otherwise indicated, citations to the ECF are to the MDL, Case No. 25-md-3143.

material in non-dispositive motions). I have also been informed that even if they were found to be "judicial documents" and a higher presumption of public access were applied, that my declaration below would apply equally to Exhibit 2 and the corresponding portions of Plaintiffs' letter brief and the internal URLs in Exhibit 4.

3. I have been informed and understand that OpenAI moved to seal certain OpenAI confidential materials designated by OpenAI as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to the News case's Protective Order (*New York Times*, ECF No. 127). I submit this declaration in support of maintaining certain of those documents under seal.

4. Based on my review, the information OpenAI seeks to seal comprises highly sensitive internal URLs that direct to OpenAI internal documents (in Exhibits 2 and 4), highly confidential internal business communications about a business partner and the scope of agreements with that partner (Exhibit 2), confidential business communications relating to the drafting of policy and related deliberations (Exhibit 4), and confidential internal business and technical documents about the development of models (Exhibit 5).

5. **Category (i)**. Exhibits 2, 4, 5, and the green-highlighted portions of the version of Plaintiffs' letter filed contemporaneously herewith, contain highly confidential internal business communications about a business partner and the scope of confidential agreements with that partner (Exhibit 2), confidential business communications relating to the drafting of policy and related deliberations (Exhibit 4), and confidential internal business and technical documents about the development of models (Exhibit 5), contains confidential or highly confidential proprietary information that OpenAI generally does not publicly disclose. OpenAI treats such information as highly confidential. OpenAI generally does not publicly disclose this type of information and takes steps to protect its confidentiality, particularly given the highly

competitive nature of the artificial intelligence industry with global stakeholders. Disclosure of this kind of information would give OpenAI's competitors insight into its proprietary development processes and cause competitive harm to OpenAI. In addition, internal discussions about the performance of a counterparty to a contract are highly sensitive and necessarily confidential, and the public disclosure of those discussions could cause OpenAI competitive harm.

6. **Category (ii)**. Exhibits 2 and 4 also contain internal URLs that direct to OpenAI internal documents, which are highly sensitive and warrant sealing. Disclosure of this information could compromise OpenAI's cybersecurity. OpenAI treats such information as highly confidential, does not publicly disclose it, and takes affirmative steps to protect the confidentiality of such information.

7. OpenAI's request is narrowly tailored as OpenAI only seeks to seal some exhibits and limited, related portions of Plaintiffs' letter brief, leaving the balance of the documents unredacted and open to the public.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of July 2025, in San Francisco, California.

Maile Yeats-Rowe
Senior Litigation Counsel
OpenAI