**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**Susman Godfrey L.L.P.**
A REGISTERED LIMITED LIABILITY PARTNERSHIP



March 31, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      RE:    *Authors Guild v. OpenAI Inc.*, (No. 1:23-cv-08292-SHS)
              *Alter v. OpenAI Inc.*, (No. 1:23-cv-10211-SHS)

Dear Judge Wang:

    Pursuant to Rule II(b) of Your Honor's Individual Practices, Plaintiffs seek a conference regarding OpenAI's improper withholding of documents based on unsupported and unspecified claims of privilege. OpenAI is shielding thousands of documents and redacting thousands more behind vague claims of the attorney-client, work product, and common interest privileges. As the proponent of these privileges, OpenAI must "set forth facts [] that would establish each element of the claimed privilege as to each disputed document." *Strougo v. BEA Assocs.*, 199 F.R.D. 515, 519 (S.D.N.Y. 2001). Because OpenAI has failed to meet this burden, OpenAI should be compelled to produce certain documents in full.

    ***Background.*** On February 19, Plaintiffs asked OpenAI to confer on deficiencies with OpenAI's privilege logs and redacted documents, including:

1. OpenAI's impermissible redacting of primarily business and technical (rather than legal) advice. Ex. 1 ¶ 2.[1]
2. OpenAI's failure to substantiate its claim of privilege on documents logged as seeking or reflecting legal advice but lacking any indicia of privilege. Ex. 1 ¶ 3.
3. OpenAI withholding documents reflecting "legal advice" from non-attorneys. Ex. 1 ¶ 5.
4. OpenAI withholding documents reflecting "legal advice" from attorneys working in primarily non-legal roles. Ex. 1 ¶ 6.
5. OpenAI's assertions of common interest privilege with Microsoft. Ex. 1 ¶ 7.

Plaintiffs sent similar emails identifying additional documents on February 25 and March 15. Exs.

---

[1] Paragraph 2 of Ex. 1 begins with "Second, OpenAI has redacted hundreds of documents . . . ." Paragraph 3 begins with "Third, many of OpenAI's entries are logged as . . . ." Paragraph 5 begins with "Fifth, several of OpenAI's entries are logged as seeking . . . ." Paragraph 6 begins with "Sixth, several of OpenAI's entries list Cullen O'Keefe . . . ." Paragraph 7 begins with "Seventh, OpenAI asserts the common interest privilege over several log entries."

March 31, 2025
Page 2

2-3. The parties have conferred on these issues. Because OpenAI refuses to produce the documents identified in Plaintiffs' emails or to re-review the log entries at this time, the parties are at impasse.

***The Court Should Compel OpenAI to Produce Redacted Documents that Contain Primarily Business or Technical, Rather than Legal, Advice (Ex. 1 ¶ 2).*** Plaintiffs identified 100+ redacted OpenAI documents that are not privileged because they contain primarily business or technical advice. *See* Exs. 1-2. (citing *In re Allergan plc Sec. Litig.*, 2021 WL 4121300, at *4-5 (S.D.N.Y. Sept. 9, 2021)). OpenAI refuses to produce or re-review these documents because according to OpenAI, Plaintiffs' request for re-review are unreasonable, unduly burdensome, disproportionate to the needs of the case, and based on speculation. OpenAI's argument completely misses the mark and threatens to upend Rule 26(b) altogether. *See, e.g., BlackRock Balanced Cap. Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co.*, 2018 WL 3584020, at *5 (S.D.N.Y. July 23, 2018) (declining to "shift[] the burden to [the plaintiff] to challenge a privilege assertion when [the defendant] should have established why a document was protected in the first place.")!

For OpenAI's assertions of attorney-client privilege, OpenAI must establish that the advice is primarily legal advice and not economic, business, or policy advice. *Fox News Network, LLC v. U.S. Dep't of Treasury*, 911 F. Supp. 2d 261, 271 (S.D.N.Y. 2012). The documents identified in Plaintiffs' emails are not privileged because they convey business, technical, or policy advice, and should be produced in full. These documents include:



- OPCO_SDNY_0754464: ▇
- OPCO_SDNY_1532672: ▇
- OPCO_SDNY_1534622: ▇
- OPCO_SDNY_1535400: ▇
- OPCO_SDNY_1625228: ▇
- OPCO_SDNY_1625233: ▇
- OPCO_SDNY_1628544: ▇
- OPCO_SDNY_1733976: ▇

Exs. 4-11. The Court should compel OpenAI to produce these documents. Alternatively, the Court should order in camera review of the documents identified in Plaintiffs' February 19, February 25, and March 15 emails.

March 31, 2025
Page 3

**The Court Should Compel OpenAI to Produce "Attorney-Client Communications" That Do Not Reflect Attorney Advice or Requests for Attorney Advice (Ex. 1 ¶ 3.)** OpenAI has similarly failed to meet its Rule 26(b)(5) burden on hundreds of purported attorney-client communications that OpenAI has withheld in full. OpenAI logged hundreds of documents ▓▓▓▓▓▓▓▓▓▓ and OpenAI's vague reasons for withholding these documents do not satisfy Rule 26(b) or LR 26.2. *See, e.g., In re Aenergy, S.A.*, 451 F. Supp. 3d 319, 326 (S.D.N.Y. 2020) (rejecting privilege log descriptions that are vague and repetitive). ▓▓▓▓▓▓▓▓▓▓

Given OpenAI's failures to demonstrate that these documents are subject to the attorney-client privilege, OpenAI must produce these documents and all others that fall into these categories.

**The Court Should Compel OpenAI to Produce "Attorney-Client Communications" Reflecting Legal Advice from Non-Attorneys or Attorneys in Non-Legal Roles (Ex. 1 ¶¶ 5-6).** OpenAI is withholding documents ▓▓▓▓▓▓▓▓▓▓ He cannot provide legal advice, and OpenAI must produce the documents that purport to reflect his legal advice. OpenAI must also produce documents ▓▓▓▓▓▓▓▓▓▓

**Because OpenAI has not demonstrated that its communications** ▓▓▓▓▓▓▓▓▓▓**, OpenAI must produce these communications.** "As a general rule, the privilege is waived if the holder of the privilege discloses or consents to disclosure of the privileged communication to a third party." *Hayden v. Int'l Bus. Machines Corp.*, 2023 WL 4622914, at *7 (S.D.N.Y. July 14, 2023). To receive protection ▓▓▓▓▓▓▓▓▓▓ OpenAI has failed to answer these questions or to even indicate that it will answer them. Because OpenAI has failed to answer these questions or otherwise establish ▓▓▓▓▓▓▓▓▓▓ OpenAI should be compelled to produce these documents.

For these reasons, the Court should compel OpenAI to produce the categories of documents described above and identified in Exhibits 1, 2, and 3.

March 31, 2025
Page 4

          Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEIN LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| /s/ Rachel Geman | /s/ Rohit Nath | /s/ Scott J. Sholder |
| Rachel Geman | Rohit Nath | Scott J. Sholder |