**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**SUSMAN GODFREY L.L.P.**
A REGISTERED LIMITED LIABILITY PARTNERSHIP



March 31, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      RE:    *Authors Guild v. OpenAI Inc.*, (No. 1:23-cv-08292-SHS)
                *Alter v. OpenAI Inc.*, (No. 1:23-cv-10211-SHS)

Dear Judge Wang:

      Pursuant to Rule II(b) of Your Honor's Individual Practices, Plaintiffs seek a conference to address whether the deposition of Greg Brockman should be subject to additional limitations due to OpenAI's position that he is an "apex" witness. The parties have agreed that, for 30(b)(1) depositions coordinated across the News Cases and the SDNY & NDCA class cases, witnesses will sit for 12 hours of deposition. Yet OpenAI has made clear that Mr. Brockman will not sit for more than 8 hours across the three cases due to his status as an "apex" witness. For the reasons below and in the motion filed by the News Plaintiffs, Mr. Brockman is intimately involved with the conduct at issue here and thus should not be subject to any "apex" limitations in this matter.

      **I.**    **Legal Standard**

      "When considering whether to allow the deposition of a corporate executive, the Court must begin with the proposition that plaintiffs have no burden to show that the deponents have any relevant knowledge." *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015) (cleaned up). "The Court considers the likelihood that the individual possesses relevant knowledge, whether another source could provide identical information, the possibility of harassment, and the potential disruption of business." *Id.* "Senior executives are not exempt from deposition, and, because principles relating to apex witnesses are in tension with the broad availability of discovery . . . it is important to excuse a witness from giving testimony only in compelling circumstances." *Chevron Corp. v. Donziger*, No. 11 CIV. 0691 LAK JCF, 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013) (internal citations omitted); *see, e.g., id.* (allowing the defendant's deposition of the plaintiff's CEO despite harassment concerns because there was "little doubt that [the CEO] has relevant knowledge," even if his knowledge was not necessarily unique)). The mere "fact that the [executive] has a busy schedule or claims no unique knowledge of relevant facts, however, is simply not a basis for foreclosing otherwise proper discovery." *Scott*, 306 F.R.D. at 122 (cleaned up).

March 31, 2025
Page 2

### II. Mr. Brockman's Unique and Relevant Knowledge More Than Justifies Treating Him as a Normal Witness

As testimony and documentary evidence produced to this point show, Mr. Brockman—far from being a senior executive at some remove from the relevant events—was intimately involved in much of the challenged conduct here and thus should be subject to a normal deposition under the parties' preexisting agreements on hours. *See, e.g., Six W. Retail Acquisition v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 102, 104 (S.D.N.Y. 2001) (granting plaintiff's motion to compel deposition of defendant's CEO where, after having deposed several "lower level corporate officials," the "plaintiff ha[d] presented sufficient evidence to infer that [the CEO] has some unique knowledge on several issues related to its claims").

*First*, Mr. Brockman ███████████

*Second*, the documents show that Mr. Brockman ███████████

*Third*, in addition to his work ███████████

As part of this work, Mr. Brockman had significant personal involvement with ███████████



March 31, 2025
Page 3

*Fourth*, Mr. Brockman was also involved in [REDACTED]

### III.     Conclusion

Given the evidence above, there are no "compelling circumstances," *see Chevron Corp.*, 2013 WL 1896932, at *1, justifying treating Mr. Brockman differently than the other witnesses in this matter. Mr. Brockman was deeply involved [REDACTED] He thus should be subject to the full 12 hours of deposition time across the three cases pursuant to the parties' agreements.

Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEIN LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| /s/ Rachel Geman | /s/ Rohit Nath | /s/ Scott J. Sholder |
| Rachel Geman | Rohit Nath | Scott J. Sholder |

---

[1] Mr. Benjamin Mann, a former OpenAI researcher involved in [REDACTED]