

March 31, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      RE:    *Authors Guild v. OpenAI Inc.*, (No. 1:23-cv-08292-SHS)
              *Alter v. OpenAI Inc.*, (No. 1:23-cv-10211-SHS)

March 31, 2025
Page 1
Dear Judge Wang:

▮▮▮ OpenAI used huge datasets ▮▮▮ to train its LLMs. ▮▮▮ OpenAI deleted ▮▮▮ OpenAI has represented to this court to Plaintiffs' counsel that it deleted them due to "non-use." *See* Dkt. 145 at 3; Dkt. 143 Ex. D at 2. Yet when Plaintiffs sought to explore the factual basis of this assertion by asking a 30(b)(6) witness ▮▮▮

That was improper. "Non-use" is quintessentially a non-legal, non-privileged, reason. Even if it were privileged, OpenAI placed the issues surrounding these ▮▮▮ datasets "at-issue" in this litigation and thus waived any privilege. And, even if any privilege were not waived, the crime-fraud exception justifies disclosure of the testimony and materials related to these datasets.

Pursuant to Rule II(b) of Your Honor's Individual Practices, Plaintiffs seek a conference to address these issues and respectfully request that this court order OpenAI (1) to re-open the 30(b)(6) deposition to answer questions regarding ▮▮▮ and (2) to produce / un-redact all items listed on OpenAI's privilege log related to these datasets.[1]

I. **Background:**

As relevant here, OpenAI used at ▮▮▮

Yet ▮▮▮ OpenAI deleted these datasets. ▮▮▮

When asked *why* ▮▮▮ But OpenAI itself has represented to this Court that the datasets were deleted due to "non-use." *See* Dkt. 145 at 3. And OpenAI itself has asserted an affirmative defense which expressly turns on whether "OpenAI's conduct was innocent, not willful." *See* Dkt. 75 at 49 (OpenAI's Sixth Affirmative Defense).

II. **Argument**

---

[1] For more than a month Plaintiffs have sought OpenAI's position on whether it would identify items on its privilege logs related to these datasets. OpenAI has not provided its position. *See* Ex. B (Exchange with N. Goldberg). OpenAI has, however, refused to re-open Mr. Trinh's deposition or disclose the purportedly privileged material related to these datasets following a meet and confer. *See id.* at 11-12. If the Court concludes that *in camera* review is necessary, Plaintiffs submit that the Court should also order this identification.

March 31, 2025
Page 2

### A. "Non-Use" is Not Privileged

The attorney-client privilege applies to "(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential and (3) was made for the purpose of obtaining legal advice." *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 610 (S.D.N.Y. 2014) (cleaned up). For OpenAI's assertions of attorney-client privilege, OpenAI must prove that the advice is primarily legal advice and not business or policy advice. *See In re Allergan plc Sec. Litig.*, 2021 WL 4121300, at *3-5 (S.D.N.Y. Sept. 9, 2021).

Here, OpenAI has previously represented to this court that it deleted the datasets due to "non-use," not due to any legal advice. *See* Dkt. 145 at 3. That reason, then, is not privileged and OpenAI cannot shield discovery into it on that basis.

### B. At-issue / Subject Matter Waiver:

"[T]he attorney-client privilege cannot at once be used as a shield and a sword." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991). Where a party places its knowledge of the law at issue by, e.g., arguing that it acted in good faith or an innocent state of mind ascertainable from its privileged communications, the privilege is waived. *See, e.g., id.*; *Scott*, 67 F. Supp. 3d at 614–15 ("Forfeiture of this type is premised on the unfairness to the adversary of having to defend against the privilege holder's claim without access to pertinent privileged materials that might refute the claim." (citation omitted)). "[E]ven if a party does not attempt to make use of a privileged communication, he may waive the privilege if he asserts *a factual claim the truth of which can only be assessed by examination of a privileged communication*." *See Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 488 (S.D.N.Y. 1993) (emphasis added). The party claiming the privilege "bears the burden of establishing that the privilege has not been waived." *Gruss v. Zwirn*, 276 F.R.D. 115, 131 (S.D.N.Y.2011).

By using privilege to prevent investigation of (1) OpenAI's selective factual representations to the Court, (2) Plaintiffs' claims, and (3) OpenAI's sixth affirmative defense, OpenAI wields privilege as both a sword and shield; precisely that which the at-issue cases forbid.

*First*, OpenAI has made affirmative factual representations about these datasets' deletions to this court and to Plaintiffs' counsel. *See* Dkt. 145 at 3; Dkt. 143 Ex. D at 1-2. By making "a factual claim the truth of which can only be assessed by examination of a privileged communication," *Bowne*, 150 F.R.D. at 488, OpenAI has placed the facts surrounding these datasets at-issue and basic fairness requires that Plaintiffs be allowed to test the truth of OpenAI's claims.

*Second*, Plaintiffs seek, *inter alia*, statutory damages. The range of statutory damages depends in part on the degree of OpenAI's knowledge and willfulness in its infringement. *See* 17 U.S.C. § 504(c)(2). Additionally, OpenAI has not ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Plaintiffs' investigation into those datasets' contents is impaired by OpenAI's deletion and assertions of privilege over that deletion. The facts behind OpenAI's acquisition, use, and deletion of ▇▇▇▇▇ datasets are thus "at issue" as to the extent of—and degree of willfulness underlying—OpenAI's infringement.

*Third*, OpenAI has placed these ostensibly privileged matters at issue by asserting an affirmative defense of "innocent, not willful" conduct. *See* Dkt. 75 at 48. OpenAI's affirmative defense places its state of mind regarding these ▇▇▇ datasets at issue. But OpenAI's privilege assertion forecloses Plaintiffs' ability to test OpenAI's state of mind, precisely the conduct which Courts in this district find waives the privilege. *See, e.g., MBIA Ins. Corp. v. Patriarch Partners*

2

March 31, 2025
Page 3

*VIII*, LLC, No. 09 CIV. 3255, 2012 WL 2568972, at *6 (S.D.N.Y. July 3, 2012) ("an inquiry into state of mind . . . typically calls forth the possibility of implied waiver of the attorney client privilege." (quoting *In re County of Erie*, 546 F.3d 222, 228-29 (2d Cir. 2008)).

### C. Crime-Fraud:

Even if OpenAI had not waived the privilege, the crime-fraud exception applies to require disclosure of the testimony and documents related to these datasets.

A party seeking to invoke the crime-fraud exception must demonstrate that there is probable cause (1) "that the client communication or attorney work product in question was itself in furtherance of the crime or fraud" and (2) "to believe that the particular communication with counsel or attorney work product was intended in some way to facilitate or to conceal the criminal activity." *See In re Grand Jury Subpoenas Dated Sept. 13, 2023*, No. 24-1588-CV, 2025 WL 428359, at *11 (2d Cir. Feb. 7, 2025). Courts in the Southern District will also apply the exception "misconduct fundamentally inconsistent with the basic premises of the adversary system," such as "bad faith litigation conduct." *See Madanes v. Madanes*, 199 F.R.D. 135, 148-49 (S.D.N.Y. 2001). The probable cause standard in this context is "not an overly demanding" one. *See Chevron Corp. v. Salazar*, 275 F.R.D. 437, 451 (S.D.N.Y. 2011).

*First*, as Judge Chhabria recognized in *Kadrey v. Meta*,  *See* Dkt. 416 at 1-2, 23-cv-3417 (Feb. 4, 2025 N.D. Cal.) (citing 17 U.S.C. § 506(a)(1)).[2] OpenAI's communications regarding the acquisition, use, and deletion of these datasets was "in furtherance" of conduct amounting to criminal copyright infringement, or "willfulness more generally." *See Kadrey*, Dkt. 416 at 1-2.[3]

*Second*, OpenAI's decision to acquire, use, benefit from, then destroy these datasets and hide behind a claim of privilege is precisely the sort of "misconduct fundamentally inconsistent with the basic premises of the adversary system" that satisfies the exception. *Madanes*, 199 F.R.D. at 148-49. The exception thus applies. The Court should not allow OpenAI to evade discovery into the datasets *deleting the datasets* and then *asserting privilege over the reasons it did so*.

---

[2] As a result of his findings on the crime-fraud exception, Judge Chhabria ordered *in camera* review of certain documents, *Kadrey*, Dkt. 416 at 1-2, though based on public reporting he did not ultimately order production of these materials.

[3] A court may also order production without—or after only a partial—*in camera* review. *See United States v. Kaplan*, No. 02 Cr. 883(DAB), 2003 WL 22880914 (S.D.N.Y. Dec. 5, 2003); *Doe 3 v. Indyke*, No. 1:24-cv-01204-AS, Dkt. 278 (S.D.N.Y. Nov. 13, 2024).

March 31, 2025
Page 4

Respectfully Submitted,

| LIEFF CABRASER HEIMANN & BERNSTEIN LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| /s/ Rachel Geman | /s/ Rohit Nath | /s/ Scott J. Sholder |
| Rachel Geman | Rohit Nath | Scott J. Sholder |