KEKER VAN NEST & PETERS        LATHAM & WATKINS LLP        MORRISON FOERSTER

April 3, 2025                                                                                      **VIA ECF**

Hon. Ona T. Wang
United States District Court
500 Pearl Street
New York, NY 10007

    Re:    ***Discovery dispute concerning Apex witness Greg Brockman***
            *The New York Times Co. v. Microsoft Corp. et al.*, No. 23-cv-11195 (consol.), Dkt. 500
            *Authors Guild et al. v. OpenAI Inc. et al.*, No. 23-cv-8292 (consol.), Dkt. 366

Dear Judge Wang:

The News and S.D.N.Y. Class Plaintiffs ask this Court to order Greg Brockman, co-founder and current President of OpenAI, to sit for twelve hours of deposition over two days. But they have failed to justify such an intrusion on the time of an Apex witness like Mr. Brockman. OpenAI's offer to make Mr. Brockman available for 8 hours of deposition on one day across these cases and the N.D. Cal. Class case is more than sufficient.

An Apex deposition "is one in which the party seeks to depose the highest level, or 'apex,' of the corporate opponent[.]" *Alliance Industries, Inc. v. Longyear Holding, Inc.*, 2010 WL 4323071, at *4 (S.D.N.Y. Mar. 19, 2010). Requests for depositions of Apex witnesses are "disfavor[ed]" and given "special scrutiny." *Frasers Grp. PLC v. Gorman*, 2023 WL 6938284, at *3 (S.D.N.Y. Oct. 19, 2023). Courts in this circuit often entirely quash deposition notices directed at Apex witnesses where they are not shown to have "personal and unique" knowledge of the issues in the case. *See, e.g.*, *id.* at *4 (denying request to depose chairman and chief executive of Morgan Stanley); *Shiber v. Centerview Partners LLC*, 2023 WL 3071554, at *3 (S.D.N.Y. Apr. 25, 2023) (denying motion to compel deposition of chief executive of investment firm because he did not have "personal and unique" knowledge of plaintiff's termination). Even where the Apex witness is shown to have knowledge such that some testimony is appropriate, courts significantly limit the deposition to avoid harassment or potential disruption to the witness's business. *See, e.g.*, *Markowitz v. Precipart Corp.*, 2022 WL 1508638, at *2–3 (E.D.N.Y. Apr. 15, 2022) (granting motion to compel *one-hour* deposition of CEO who had unique knowledge of conversations between him and plaintiff); *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122–24 (S.D.N.Y. 2015) (same, for *four-hour* deposition).

While the News and S.D.N.Y. Class Plaintiffs frame their motion as disputing Mr. Brockman's status as an Apex witness, there can be no reasonable dispute that he is one. As OpenAI's co-founder and current President, he is clearly at "the highest level, or 'apex,'" of OpenAI. *Alliance Industries*, 2010 WL 432071, at *4. Mr. Brockman is involved in leading critical aspects of OpenAI's research, technical, and product efforts, including managing over 300 employees across the Applied Engineering, Compute, Data Center Design, Inference Engineering, Kernels, ML, Systems, and Workload teams. Diverting Mr. Brockman away from these Apex responsibilities for multiple days of deposition would inflict significant disruption on OpenAI's business.



To be clear, OpenAI is *not* seeking to quash Mr. Brockman's deposition entirely, unlike the defendants in each of the cases that both sets of Plaintiffs cite in their motions. *See, e.g.*, *Oakley v. MSG Networks, Inc.*, 2024 WL 4134903, at *3 (S.D.N.Y. Sep. 10, 2024) (granting motion to compel where defendant opposed any deposition time for company executive); *Gen. Star Indem. Co. v. Platinum Indem. Ltd.*, 210 F.R.D. 80, 83–84 (S.D.N.Y. 2002) (denying motion for protective order).

To the contrary, in an effort to compromise and minimize disputes in front of the Court, OpenAI has offered Mr. Brockman for an ***eight-hour deposition***—more than a typical 30(b)(1) witness, and far more than the norm for any Apex witness—on a single day across the News Cases, S.D.N.Y. Class case, and N.D. Cal. Class case.[1] Because Judge Illman has ordered that Apex depositions in the N.D. Cal. Class case are limited to 3.5 hours,[2] the News and S.D.N.Y. Class Plaintiffs would have 4.5 additional hours to explore any issues unique to their cases. The News and S.D.N.Y. Class Plaintiffs would still receive the benefit of testimony adduced by the N.D. Cal. Class plaintiffs—most of which will be testimony that the News and S.D.N.Y. Class Plaintiffs would have sought on their own. OpenAI's proposal is far more favorable to Plaintiffs than is required under the Apex doctrine.[3]

Neither the News nor S.D.N.Y. Class Plaintiffs provide any compelling justification for deposing Mr. Brockman for more than eight hours in a single day.

First, Plaintiffs' motions selectively quote documents out of context to justify an unreasonable demand for two days of deposition with Mr. Brockman. Even if these quotes accurately reflected some sort of percipient knowledge unique to Mr. Brockman, a closer look at the motions demonstrates that there is material overlap in the issues Plaintiffs wish to explore with Mr. Brockman on which he has personal knowledge. Both motions cite the same testimony from Mr. Jain about Mr. Brockman's position at OpenAI and make similar claims about the extent of his involvement in developing GPT services. Each motion also seeks to justify excessive deposition time based on Mr. Brockman's alleged work in identifying certain datasets for training models. These issues are common between the two cases (as well as the N.D. Cal. Class case) and can be addressed by a single set of questions that would provide testimony for use in all three cases. Duplicative exploration of these topics by multiple sets of plaintiffs over twelve hours is not warranted. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit frequency or extent of discovery when "the discovery sought is unreasonably cumulative and duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive").

Second, the News Plaintiffs, S.D.N.Y. Class Plaintiffs, and N.D. Cal. Class plaintiffs will be able to obtain testimony about many of the issues that they want to explore with Mr. Brockman from

---

[1] Plaintiffs in *The Intercept Media, Inc. v. OpenAI, Inc. et al.*, No. 1:24-cv-01515-JSR (S.D.N.Y.), have not requested deposition time with Mr. Brockman.
[2] *See Tremblay, et al. v. OpenAI, Inc., et al.*, No. 3:23-cv-03223, Dkt. 247 at 1–2 ((N.D. Cal. Jan. 13, 2025).
[3] OpenAI offered multiple dates for Mr. Brockman's deposition this month prior to the close of fact discovery in the N.D. Cal. Class case to ensure that Mr. Brockman sits for deposition once across all three cases. The News Plaintiffs rejected each of those proposed dates.

other OpenAI fact witnesses or 30(b)(6) designees. Both sets of Plaintiffs have noticed or indicated their intent to notice dozens of depositions of OpenAI fact witnesses who will speak to many of the same issues, and Plaintiffs have also already sent 30(b)(6) notices (or draft notices) covering all of these issues. For example, the S.D.N.Y. Class Plaintiffs identify Mr. Brockman in their motion as a potential source of information about OpenAI's relationship with Microsoft, and the News Plaintiffs identify him as knowledgeable about whether OpenAI's products compete with products from news companies like The Times. Dkt. 366 at 3; Dkt. 500 at 3. But those topics have also been listed on both sets of Plaintiffs' draft 30(b)(6) notices to OpenAI. Mr. Brockman has not been designated as a 30(b)(6) witness in N.D. Cal. on these topics (or any others), nor does OpenAI intend to designate him as a 30(b)(6) witness in either of the S.D.N.Y. cases. These topics concern OpenAI's company practices. OpenAI's 30(b)(6) designees are the appropriate individuals to testify about those practices, not an undesignated Apex witness like Mr. Brockman who does not have unique knowledge about those practices.

Finally, both the News and Class Plaintiffs' motions refer to confidential discussions among the parties at and in connection with two settlement conferences facilitated by this Court in connection with efforts to achieve deposition coordination. Dkt. 500 at 1–2 (purporting to summarize the parties' discussions and agreements); Dkt. 366 at 2 (referring to a supposed "preexisting agreement[] on hours"). Plaintiffs materially misstate those discussions, which did *not* result in an agreement—principally because shortly after the second in-person conference, Plaintiffs suddenly changed their position with respect to material terms, refusing to coordinate depositions of OpenAI's Rule 30(b)(6) witnesses until OpenAI's entire document production is substantially complete. Plaintiffs' characterizations of those discussions are especially inaccurate with respect to the deposition of Apex witnesses. OpenAI never agreed to present Mr. Brockman or any other Apex witness for 12 hours across the cases; in fact, Defendants insisted throughout the parties' discussions that Apex witnesses would not be treated the same as other fact witnesses and instead would be presented for fewer hours on a case-by-case basis.

For those reasons, the News and S.D.N.Y. Class Plaintiffs' requests to depose Apex witness Greg Brockman for 12 hours over two days should be denied.

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Michelle Ybarra* | */s/ Allison Blanco* | */s/ Rose S. Lee* |
| Michelle Ybarra | Allison Blanco | Rose S. Lee |