KEKER VAN NEST & PETERS     LATHAM & WATKINS LLP     MORRISON FOERSTER

April 3, 2025

**VIA ECF**
The Honorable Ona T. Wang
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

cc: All Counsel of Record Line (via ECF)

Re:   *Authors Guild, et al. v. OpenAI Inc., et al.*, Case No. 1:23-cv-089292
      *Alter, et al. v. OpenAI Inc., et al.*, Case No. 1:23-cv-10211
      Opposition to Motion to Compel Supplemental RFA Responses [ECF 354]

2898664

April 3, 2025
Page 1

Dear Judge Wang:

Plaintiffs seek an order compelling OpenAI to do **something** different in its responses to hundreds of RFAs, although **what** remains unclear. But as explained below, there is nothing to compel here.

OpenAI conducted a reasonable and extensive inquiry to respond to these RFAs. To answer each RFA, it reviewed hundreds of PDFs in Plaintiffs' deficient production, compared those PDFs to hundreds of dataset records, ███████████████████████████████████████. Plaintiffs take issue **only** with the fact that ███████████████████████████████████████████████████████████████████████████, but substantial technical issues encountered during OpenAI's review preclude anything more certain. These technical issues stem from Plaintiffs' intransigence and unwillingness to cooperate, as Plaintiffs have consistently refused to engage with OpenAI's concerns, including by refusing to provide clean text copies of their works, and by their failure to meet and confer on OpenAI's supplemental responses. Because OpenAI has responded to the RFAs, and admitted or denied Plaintiffs' RFAs based on a reasonable investigation, the Court should deny this motion to compel.

**Background:** At the outset of discovery, Plaintiffs served OpenAI with over 930 RFAs, not to narrow the issues in dispute, but to short circuit the discovery process. But "[RFAs] are not discovery devices." *Delgado v. Donald J. Trump for President, Inc.*, 2024 WL 3219809, at *7 (S.D.N.Y. June 28, 2024) (citations omitted). To answer those RFAs would have required OpenAI to search billions of dataset records for hundreds of different books. Amplifying the burden, Plaintiffs failed to provide OpenAI with information needed to respond—no copies of their works, and no explanation of how they expected OpenAI to identify works in datasets. When Plaintiffs moved to compel responses to these RFAs, this Court **denied** the request and instructed Plaintiffs to meet and confer with OpenAI over a reasonable search protocol for taking discovery into OpenAI's training datasets. ECF 202; Ex. A at 14:1–15:23 [9/12/24 Hr'g Tr.]; *see also Delgado*, 2024 WL 3219809, at *7 ("[C]ourts generally deny motions to compel responses to RFAs that are lodged to obtain discovery rather than confirm facts[.]").

Plaintiffs ignored the Court's instructions. While Plaintiffs initially committed to delivering a comprehensive search proposal to OpenAI, ECF 212 at 2, that proposal never arrived. Instead, Plaintiffs went silent until suddenly reappearing **months** later to announce that their technical consultant had identified specific dataset records that—when compared to unidentified text purportedly taken from Plaintiffs' works—resulted in a "match" score between the records and the text. OpenAI requested more details on how exactly Plaintiffs' consultant had generated these "match" scores so that it could understand and potentially replicate the analysis to respond to the RFAs, but Plaintiffs refused to share that information. OpenAI also requested the text for each work that Plaintiffs' consultant used in the analysis, but Plaintiffs refused to provide this as well. In short, Plaintiffs failed to provide OpenAI with any workable search protocol to respond to these RFAs. Instead, Plaintiffs simply pointed to particular dataset records for each work and told OpenAI that it should decide for itself whether the text at that location is the same as Plaintiffs' works. OpenAI then repeatedly asked Plaintiffs to provide the text of their works to

2898664

April 3, 2025
Page 2

enable such a comparison. After refusing for a month, Plaintiffs finally provided Bates Numbers for hundreds of PDFs in their production. Those PDFs, however, were riddled with errors and do *not* provide usable and accurate text of the relevant works. Nevertheless, in an attempt to avoid burdening the Court with another dispute, OpenAI agreed to conduct a reasonable inquiry into the specific records identified by Plaintiffs for a specific subset of RFAs, and diligently and comprehensively responded to Plaintiffs' RFAs, admitting some while denying others.

**OpenAI's admissions are proper.** Plaintiffs' chief complaint appears to be OpenAI's ███████████████████████████████████████████████████████. Given the nature of the search OpenAI conducted, and Plaintiffs' inadequate and error-filled document production, this qualifying language is not only appropriate, but necessary.

OpenAI is not required to respond to Plaintiffs' RFAs "through exhaustive, time-consuming forensic analysis." *Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417, Dkt. 400, at 2 (N.D. Cal. Jan. 17, 2025). So OpenAI did exactly what Plaintiffs asked it to do: an attorney-led, side-by-side comparison of (1) the dataset records that Plaintiffs identified, and (2) the corresponding PDFs from their production. Such a manual review cannot possibly determine, with certainty, whether a dataset record contains an *exact* duplicate. But in almost all instances, OpenAI ascertained that the dataset record ███████████████████████████████████████████████████████████████████████████████████.[1] It is unclear what more Plaintiffs expect under these circumstances. The reasonable inquiry standard of Fed. R. Civ. P. 36(a)(4) does not require parties to hire technical consultants to do a forensic analysis. And Plaintiffs' own technical analysis confirmed that there were discrepancies between the text of the work and the dataset records for most of the RFAs at issue (up to 20% different for some works). Given these facts, if Plaintiffs do not accept OpenAI's ████████████████████████████ ██████, then the only reasonable alternative—based on its investigation—is for OpenAI to invoke its right under Rule 36(a)(4) to state that "that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

While Plaintiffs argue that a discovery order in *Kadrey* supports its motion, the opposite is true. In *Kadrey*, the court held that defendants' admission that "some text" from Plaintiffs' works appeared in their data was too ambiguous, because "some text" could be a single word. *Kadrey*, ECF 400, at 2 (N.D. Cal. Jan. 17, 2025). Here, by contrast, OpenAI has admitted, where applicable, ████████████████████████████████████████████████████████████████ ██████—not merely that "some text" overlaps. Moreover, the court in *Kadrey* made clear that the defendants could qualify their admissions based on their investigation (and discrepancies

---

[1] As just one example, the text from page 33 of HARPERCOLLINS-0000442 ("The Professor and the Madman") reads: ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████

2898664

April 3, 2025
Page 3

between each work and the dataset records) and did ***not*** have to conduct a forensic analysis. *Id.* OpenAI's responses here are appropriately qualified based on its reasonable investigation.

**OpenAI did not waive its objections.** When Plaintiffs first served their RFAs at the onset of discovery, OpenAI promptly asserted facial objections to the unreasonableness of the requests, noting that Plaintiffs' RFAs were "not consonant with the purpose of Rule 36 in that [they were] not designed to confirm information, but instead to elicit new facts and information." Ex. B [OpenAI's Responses to Plaintiffs' First Set of RFAs (1/29/24)] at 6. Those objections were *sustained*, as the Court denied Plaintiffs' motion to compel. ECF 202. It was only after the Court instructed the Parties to meet and confer over a reasonable search protocol, and after Plaintiffs' provided additional information to OpenAI about specific RFAs, works, and dataset records, that OpenAI agreed to supplement its responses based on a reasonable inquiry of those specific RFAs, works, and dataset records ***only***. The objections that OpenAI served with its supplemental responses are tailored to the specific investigation that it agreed to undertake for those RFAs, which had not yet been negotiated when OpenAI initially served its objections, and provide necessary context for OpenAI's responses so that they are not misconstrued. For these reasons, OpenAI's objections are both timely and proper.

**Plaintiffs' assertion that OpenAI "refus[ed] to respond" is false and underscores their failure to meet and confer.** Plaintiffs bizarrely argue that OpenAI's objections as to burden and technical challenges cannot excuse "OpenAI's refusal to respond[.]" But OpenAI ***did*** respond to these RFAs, with admissions or denials, notwithstanding those substantial burdens. Therefore, it is unclear what Plaintiffs' contend OpenAI "refus[ed]" to do, and equally unclear what Plaintiffs contend OpenAI should be compelled to do given the nature of the underlying data—particularly when OpenAI's supplemental responses are based on its actual review of that data.

These failures in Plaintiffs' motion are a direct result of their failure to meaningfully meet and confer with OpenAI over this dispute. On a call held on March 28, OpenAI explained to Plaintiffs why it used the "███████████" language in its supplemental responses, identifying technical problems with Plaintiffs' document production and the fact that it had not done (and was not required to do) an expert forensic analysis. (Contrary to Plaintiffs' motion, OpenAI did ***not*** argue that Plaintiffs' failure to produce deposit copies had anything to do with this language.) After OpenAI provided that explanation, Plaintiffs abruptly ended the call, which lasted just ten minutes. Plaintiffs did not ask OpenAI to supplement again, declare an impasse, or mention seeking Court relief. That is why OpenAI still remains in the dark about ***what*** Plaintiffs seek to compel, as it was never discussed on a meet-and-confer call between the parties.

For all of these reasons, the Court should deny Plaintiffs' motion to compel in its entirety.

2898664

April 3, 2025
Page 4

                                  Respectfully,

| KEKER, VAN NEST & PETERS LLP[2] | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| /s/ Ryan Wong | /s/ Allison S. Blanco | /s/ John R. Lanham |

cc: *All Counsel of Record Line (via ECF)*

RKW:sr

---

[2] All parties whose electronic signatures are included herein have consented to the filing of this document.

2898664