**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

# Susman Godfrey l.l.p.
a registered limited liability partnership



April 3, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      RE:    *Authors Guild v. OpenAI Inc.*, 23-cv-8292 (S.D.N.Y.) and *Alter v. OpenAI Inc.*, 23-cv-10211 (S.D.N.Y.)

Dear Judge Wang:

      Plaintiffs respond to OpenAI's letter motion, dated March 31, 2025 (Dkt. 348) ("Letter"), seeking to compel responses to contention interrogatories demanding the identification of documents regarding the harm Plaintiffs have suffered ("Interrogatories")[1]. This Letter constitutes OpenAI's second attempt to obtain premature responses to these Interrogatories. *See* Dkt. 232. In its first attempt, the Court denied OpenAI's request as premature and instructed OpenAI to review Plaintiffs' document productions and, if necessary, renew its request by explaining why and how it still needs identification of responsive documents. *See* Dkt. 290. Now, OpenAI alleges that, upon a partial review of Plaintiffs' documents, it has not identified any documents that constitute evidence of harm and has renewed its request on that basis.

      OpenAI's request should be denied for three reasons: (1) OpenAI has not adhered to the Court's prior Order, instructing it to review Plaintiffs' documents before renewing its Request, (2) its request remains premature because the Interrogatories are contention interrogatories under Local Rule 33.3, and (3) OpenAI's purported need for a response now—that a response to the Interrogatories will be useful for upcoming depositions of Plaintiffs—is unconvincing, particularly given the extensive documents Plaintiffs have provided and continue to provide to Defendants.

      Accordingly, the Court should deny OpenAI's request again.

      **A.    OpenAI did not adhere to the Court's Order before renewing its request.** In denying OpenAI's first letter motion as premature, the Court instructed OpenAI to review Plaintiffs' documents before renewing its request. *See* Dkt. 290. In its Letter, OpenAI admits that it has not completed review of Plaintiffs' documents. Letter at 2, n. 1. OpenAI blames its failure to adhere to the Court's Order on Plaintiffs' "belated production" of documents. *Id.*

---

[1] The Interrogatories ask Plaintiffs to "[i]dentify documents reflecting any information you have received regarding harm You have suffered as a result of the alleged use of Your Asserted Works by OpenAI to train ChatGPT . . ." *See* Dkt. 232-1 at 8-9 (Authors Guild response).

March 3, 2025
Page 2

However, fact discovery is ongoing. No party in this litigation has represented that their production of documents is complete. Dozier Decl. ¶ 3. On the contrary, the parties conferred on OpenAI's proposed additional search terms for Plaintiffs as recently as March 17, and OpenAI served its ninth set of document requests on March 31, the very day it filed this letter-motion. Dozier Decl. ¶ 4. Indeed, Plaintiffs have several times proposed negotiating a substantial completion deadline for all parties, to which OpenAI has never agreed. Declaration of Wesley J. Dozier (Dozier Decl.), Exhibits A-C.

Against this backdrop, not only has OpenAI failed to adhere to the Court's Order by filing this Letter before completing review of Plaintiffs' documents, but its failure is a problem of its own making. On this basis alone, the Court should deny OpenAI's Letter.

**B.  The Interrogatories are premature and improper under Local Rule 33.3.** The Interrogatories ask Plaintiffs to "[i]dentify documents reflecting any information you have received regarding harm You have suffered as a result of the alleged use of Your Asserted Works by OpenAI to train ChatGPT . . ." This amounts to a request for a detailed and exhaustive listing of all evidence Plaintiffs will rely on to show harm. However, courts have consistently rejected such use of interrogatories. *See, e.g., In re Facebook, Inc.*, No. MDL 12-2389, 2016 WL 5080152, at *3 (S.D.N.Y. July 7, 2016) ("… courts are reluctant to allow a party to fish for issues (and delay the litigation) by holding a hearing on a motion to compel and subsequently ordering the opposing party to summarize their potential trial via a contention interrogatory response.").[2]

Nor is an interrogatory "the most practical method of obtaining the information sought." *See* Local Rule 33.3(b)(1). The Court implicitly held as much in denying OpenAI's first letter motion. *See* Dkt. 290. OpenAI's position is further undercut by the discovery it has already received or will be receiving. For example, Plaintiffs have provided a response to Interrogatory No. 1 seeking Plaintiffs' computation of damages. *See* Dozier Decl., Exhibit D at 3-5.

OpenAI has sought and obtained extensive discovery. It has propounded well over 100 document requests, more than twenty interrogatories, and over sixty Requests for Admission. Dozier Decl. ¶ 8. Plaintiffs have produced thousands of documents (many, from Plaintiffs' perspective, outside of the bounds of relevance, but in efforts to avoid discovery disputes) and will continue to produce documents. *Id.* Between and among Plaintiffs' responses to Interrogatory No. 1, other discovery, and Plaintiffs' testimony at deposition, OpenAI has and will have significant

---

[2] OpenAI relies on several cases that discuss interrogatories. Letter at 2-3. Most of those cases are inapposite because they involve information Plaintiffs already have provided and/or concrete information squarely within the scope of the Local Rule. *See Xinuos, Inc. v. IBM Corp.*, No. 22-cv-09777-CS-VR, 2025 WL 663064, at *2 (S.D.N.Y. Feb. 28, 2025) (computation of damages); *Ohanian v. Apple*, No. 1:20-cv-05162-LGS, 2022 WL 576314, at *2 (S.D.N.Y. Feb. 25, 2022) (computation of damages);*Volt Elec. NYC Corp. v. A.M.E., Inc.*, No. 20-cv-4185, 2020 WL 6378945, at *2 (S.D.N.Y. Oct. 30, 2020) (computation of damages); *Agniel v. Cent. Park Boathouse LLC*, No. 12-cv-7227 NRB, 2015 WL 463971, at *4 (S.D.N.Y. Jan. 26, 2015) (damages by "amount, date, and category"); *In re Weatherford Int'l Sec. Litig.*, No. 11-cv-1646 LAK JCF, 2013 WL 5788680, at *3 (S.D.N.Y. Oct. 28, 2013) ("witness names and discrete transaction amounts"); *Nat. Res. Def. Council, Inc. v. Fox,* No. 94-cv8424, 1996 WL 497024, at *4 (S.D.N.Y. Aug. 30, 1996) (existence of physical evidence). Other cases do not address Local Rule 33.3 at all and are thus irrelevant. *See Norman Maurice Rowe, M.D., MHA., L.L.C. v. Oxford Health Ins. Co., Inc*., 21-cv-6290, 2024 WL 4333881, at *6 (E.D.N.Y. Sept. 27, 2024); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-md-02542, 2020 WL 7129495, at *5 (S.D.N.Y. Dec. 4, 2020).

March 3, 2025
Page 3

discovery at its disposal. OpenAI's Letter plays down this discovery in favor of a counterfactual position that it has no other access to information reflecting harm. Rule 33.3 squarely prohibits this. *See AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, No. 23-CV-01395 (LJL), 2025 WL 252673, at *1 (S.D.N.Y. Jan. 21, 2025) (holding that an interrogatory seeking the bates number of a specific email was premature under Local Rule 33.3(d) as the interrogatory was designed to test the opponents' argument rather than seeking to "identify information that could not be obtained through another form of discovery.").

C. **OpenAI's depositions of Plaintiffs will not be hampered by denying this Request.** Courts frequently require movants to depose an adversary before requiring a response to contention interrogatories. *See Pratt v. Atalian Glob. Servs. Inc.*, No. 20 CIV. 3710, 2021 WL 1234253, at *1 (S.D.N.Y. Apr. 2, 2021) ("here no depositions had yet taken place and document discovery was still in its early stages when Atalian served contention interrogatories on Pratt, Pratt was justified in refusing to respond."); *Fort Worth Emps. Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 110 (S.D.N.Y. 2013) (emphasis added) ("[C]ontention interrogatories help the parties focus their arguments *after* discovery is complete and trial is near."); *O'Brien v. Lane Bryant, Inc.*, 1987 WL 6914, at *2 (S.D.N.Y. Feb. 11, 1987) (holding that a plaintiff seeking to proceed by interrogatory must show a "good faith basis" for using interrogatories rather than depositions).

Here, OpenAI is free to ask Plaintiffs during their depositions about the fact that, for example, OpenAI did not pay Plaintiffs when it took their books and has not paid them to license their books. Notably, OpenAI's own Letter supports this common-sense fact. *Cf. Agniel v. Cent. Park Boathouse LLC*, No. 12-cv-7227 NRB, 2015 WL 463971, at *4 (S.D.N.Y. Jan. 26, 2015) (cited by OpenAI) (requiring Plaintiff to respond to contention interrogatory after Plaintiffs' deposition had already been taken). Thus, OpenAI's position that a response to the Interrogatories is necessary before Plaintiffs' depositions may occur is without merit and an additional, independent basis on which to deny the Motion.

\*\*\*

For the forgoing reasons, the Court should deny OpenAI's Letter as premature.

Sincerely,

| LIEFF CABRASER HEIMANN & BERNSTEINS LLP | SUSMAN GODFREY LLP | COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP |
|---|---|---|
| /s/ Rachel Geman | /s/ Rohit Nath | /s/ Scott J. Sholder |
| Rachel Geman | Rohit Nath | Scott J. Sholder |