**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,

Plaintiffs,

v.

OPEN AI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI, LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,

Defendants.

Consolidated Cases:
Case No. 1:23-cv-08292-SHS-OTW
Case No. 1:23-cv-10211-SHS-OTW

JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

OPENAI, INC., OPENAI OPCO LLC, OPENAI GP, LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND

MANAGEMENT LLC, and MICROSOFT CORPORATION,

Defendants.

**DEFENDANT MICROSOFT CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Paragraph 25 of the Protective Order (ECF 338), Defendant Microsoft Corporation responds to Plaintiffs' Motion for Leave to File Under Seal (ECF 353) filed in connection with Plaintiffs' motion seeking inspection of late 2023 data ("Letter Motion") (ECF 363, 377)[1]. For the reasons stated below, Microsoft respectfully requests the Court grant Plaintiffs' Motion. Specifically, Microsoft requests that the redacted portions of the Letter Motion related to Microsoft's confidential information as illustrated in the redacted Letter Motion filed as ECF 365[2] and Exhibits 1-7 (ECF 363-1 to ECF 363-7; ECF 377-1 to ECF 377-7) to the Letter Motion be sealed.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "The proponent of sealing 'must demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption

[1] Plaintiffs' original version of the Letter Motion and its exhibits under seal was filed as ECF 363. Plaintiffs then filed a corrected version of the Letter Motion and its exhibits under seal as ECF 377. Microsoft's response covers both filings.

[2] This includes all of the highlighted portions of the Letter Motion except for the redactions in the first paragraph of page 2.

applied to material introduced at trial, or in connection with dispositive motions . . . ." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "[W]hile a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

The Letter Motion contains descriptions of Exhibits 1-7 thereto, which are highly confidential documents, the disclosure of which would unfairly prejudice Microsoft. Exhibits 1-7 to the Letter Motion, which have been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order, contain highly confidential information about Microsoft's work with OpenAI as well as ongoing confidential work of Microsoft. *See* Ex. A (Declaration of Lucky Vidmar). Microsoft requests that the redacted portions of the Letter Motion related to Microsoft's confidential information are sealed from the public and Exhibits 1-7 be sealed in their entirety.

The information Microsoft seeks to seal and redact is the type of information commonly found to warrant sealing. *See* Order on Motions to Seal, ECF 132 (granting motions to seal similar information and documents in this case); *see also Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-CV-05502, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (finding that requested redactions were "narrowly tailored to protect competitive business information, including the non-public terms of [various agreements]" and concluding "that the sensitivity of this information outweighs the presumption of access"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted) (concluding that proposed redactions were "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'").

For the reasons stated above, and those set forth in the Declaration of Lucky Vidmar, Microsoft respectfully requests that Plaintiffs' Motion for Leave to File Under Seal (ECF 353) be granted. Specifically, Microsoft requests that the redacted portions of the Letter Motion related to Microsoft's confidential information as illustrated in the redacted Letter Motion filed as ECF 365[3] and Exhibits 1-7 (ECF 363-1 to ECF 363-7; ECF 377-1 to ECF 377-7) to the Letter Motion be sealed.

Dated: April 4, 2025

Respectfully submitted,

*/s/ Jared B. Briant*

Jared B. Briant (admitted *pro hac vice*)
Kirstin L. Stoll-DeBell (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jared.briant@faegredrinker.com
Email: kirstin.stolldebell@faegredrinker.com

Annette L. Hurst (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: ahurst@orrick.com

Christopher Cariello
Marc Shapiro
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York: NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com

[3] This includes all of the highlighted portions of the Letter Motion except for the redactions in the first paragraph of page 2.

mrshapiro@orrick.com

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
lnajemy@orrick.com

Carrie A. Beyer (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL 60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: carrie.beyer@faegredrinker.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*