April 10, 2025 <u>**VIA ECF**</u>

Hon. Ona T. Wang
United States District Court
500 Pearl Street
New York, NY 10007

Re: <u>***Plaintiffs' Letter Regarding Case Scheduling***</u>
*In re OpenAI, Inc. Copyright Infringement Litigation*, MDL No. 3143

Dear Magistrate Judge Wang:

Defendants write in response to Plaintiffs' April 9 letter requesting that this Court set a July 31, 2025 close of fact discovery deadline and schedule a status conference.

Plaintiffs' requests are premature. As Your Honor is aware, following a transfer order by the Judicial Panel on Multidistrict Litigation, the transferee court typically holds an initial conference to discuss the coordination and potential consolidation of the matters before it and the development of a case-management plan, among other issues. *See* Annotated Manual for Complex Litigation §§ 11.21–11.211 (4th ed.). Here, Judge Stein has not yet ordered an initial conference, and there are a number of important case management issues that need to be addressed—including potential consolidation of complaints, Plaintiffs' pending and forthcoming motions for leave to amend,[1] coordination on document production, discovery limits, a deposition protocol, the formation of a plaintiff steering committee, and deadlines like the close of fact and expert discovery. Following the initial conference, the Court may elect to memorialize its decisions on those critical issues in a case management order, as often occurs in coordinated proceedings such as these. *See id.* § 11.212.

Defendants welcome the opportunity to address these issues with the Court, as well as the opportunity to meet and confer with Plaintiffs about these issues in advance.[2] However, the close of fact discovery cannot be set in isolation without considering these important issues. Plaintiffs' attempt to circumvent this process is unproductive.

Accordingly, Defendants look forward to discussing these issues with the Court at the appropriate time, and respectfully request that Plaintiffs' proposal be denied.

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Michelle Ybarra* | */s/ Elana Nightingale Dawson* | */s/ Rose S. Lee* |
| Michelle Ybarra<br>*Counsel for OpenAI Defendants* | Elana Nightingale Dawson | Rose S. Lee |

---

[1] Prior to the Panel's April 3 order, the N.D. Cal. plaintiffs moved for leave to amend their complaint in order to add Microsoft as a defendant and assert several new causes of action. *See* Dkt. 370. Likewise, Authors Guild plaintiffs recently informed Defendants that they intend to file a motion to amend their complaint by the end of this week.

[2] Plaintiffs did not meet and confer with Defendants about their request for a July 31, 2025 fact discovery cutoff prior to filing their request with the Court. For a number of reasons—including that Plaintiffs have stated their intent to depose over 100 defense witnesses prior to the fact discovery cutoff—that date is unworkable. Nor did the *Millette* plaintiff ever meet and confer with Defendants about her proposal to obtain access to Defendants' discovery while entirely avoiding discovery herself.

ORRICK, HERRINGTON &
SUTCLIFFE LLP

*/s/ Annette Hurst*

Annette Hurst
*Counsel for Defendant Microsoft Corporation*