# EXHIBIT A

| Motion / Relevant Filing Dkt. No. | Date Filed | Additional Filings Dkt. No | Topic | Party Raising Matter | Party Responding | Parties' Positions |
|---|---|---|---|---|---|---|
| **Global Case Management Matters** ||||||||
| 1:25-md-03143-SHS-OTW, Dkt. 47 | 5/18/25 | N/A | Coordinated Depositions | OpenAI and Microsoft | Plaintiffs (News and Class Plaintiffs) | **Defendants' Position:** Defendants propose that all parties to the consolidated proceeding continue discussions regarding deposition coordination, and request a deadline of June 13, 2025 by which they must submit an agreed deposition protocol, or if agreement cannot be reached, competing proposals for resolution by the Court at the next discovery conference. Most importantly, each witness—whether defense, plaintiff, or third-party—should testify one time in a single, coordinated deposition attended or represented by all parties seeking to question the witness; this was one of the primary reasons the JPML instituted the MDL. *See* Transfer Order at 3 (noting that the parties "have been unable to agree on a deposition coordination protocol to eliminate duplicative depositions of defense witnesses"). As Defendants have previously argued, absent a coordination protocol, witnesses would be required to sit for multiple, duplicative depositions on the same legal and factual issues. *See, e.g.*, NYT Dkt. 382. Total hours, and per-witness hours limits (for 30(b)(1), 30(b)(6) and apex witnesses) are also necessary to ensure a feasible, fair, and efficient discovery process in this consolidated proceeding.<br><br>**News Plaintiffs' Position:** Plaintiffs respectfully ask the Court to set a deadline of June 5th for the parties to submit final proposals for a deposition protocol. The parties (including class plaintiffs) were close to resolving all of their disputes, as reflected in the deposition protocol term sheet the parties jointly prepared during the March 7 settlement conference in Court. Plaintiffs are preparing a revised proposal to account for the newly centralized cases and additional plaintiffs who will be participating in these depositions.. To the extent the parties cannot reach full agreement, the parties should submit competing letter briefs and proposals on June 5th, which is the same day the parties have separately agreed to submit competing proposals for other discovery protocols, such as an omnibus protective order. *See* Dkt. 47 at 64.<br><br>**Class Plaintiffs' Position:** Class Plaintiffs incorporate by reference News Plaintiffs' Position on this point and further refer to their position set forth in the joint CMC Statement, Dkt. 47. |
| 1:25-md-03143-SHS- | 5/18/25 | N/A | Coordinated Discovery & Related Deadlines | OpenAI and Microsoft | Plaintiffs (News and Class Plaintiffs) | **Defendants' Position:** Defendants propose that the parties meet and confer regarding a process for coordination of all Plaintiffs' discovery requests to Defendants, and request a deadline of June 13, 2025 by which the parties must agree to a coordinated process for service of any such discovery requests or submit competing proposals for resolution by the |

| Motion / Relevant Filing Dkt. No. | Date Filed | Additional Filings Dkt. No | Topic | Party Raising Matter | Party Responding | Parties' Positions |
|---|---|---|---|---|---|---|
| OTW, Dkt. 47 | | | | | | Court at the next discovery conference.  Defendants' proposal is consistent with the JPML's findings in centralizing these twelve cases, namely that there is "substantial overlap in factual questions and discovery relating to defendants' training of their LLMs," that such discovery is "complex[] and voluminous," and that "[c]entralization will eliminate duplicative discovery . . . and conserve the resources of the parties, their counsel, and the judiciary."  Transfer Order at 1-3.  To the extent there are disputes about the specific numbers of discovery requests (*e.g.*, interrogatories) that any or all Plaintiffs can serve or have remaining, the parties will meet and confer regarding those limits.  Regardless, moving forward, any additional written discovery request that Plaintiffs elect to serve on Defendants should be coordinated and served on behalf of any and all Plaintiffs that are seeking that discovery in this consolidated proceeding.  Class Plaintiffs have not proposed any meaningful coordination and additionally propose an unworkable schedule.  Even based on the operative complaints, the parties have many RFPs on which to meet and confer, and, depending on the deposition protocol that is entered, more than 150 depositions to take.  With respect to the proposed amended complaints, the Court should not permit Plaintiffs to add new causes of action, add additional later-released products to the case, or expand their class definition in the superseding pleading outside the scope of the current separate complaints. However, to the extent Plaintiffs are permitted to do so in a Proposed Consolidated Class Complaint, those additions are likely to result in a materially expanded scope of claims requiring additional discovery.  Thus, once the scope of claims is set, Plaintiffs should serve one coordinated set of discovery requests, which should follow the schedule proposed by Defendants in the joint initial CMC statement. Dkt. 47 at 49-51.<br><br>In the event that Judge Stein asks this Court to resolve any of the issues or disputes that the Parties have identified in their joint initial CMC statement, *see* Dkt. 47, Defendants adopt the same positions as to those issues and disputes here that they took in the CMC statement.<br><br>**News Plaintiffs' Position**: So long as Defendants agree to cross-produce their documents in each News case in which they are a party, News Plaintiffs have no objection to coordinating with one another to serve consolidated sets of written discovery on behalf of all News Plaintiffs, which is precisely the scope of coordination that Defendants requested in their CMC Statement. *See Times* Dkt. 564 at 32 (Defendants proposing that "News |

| Motion / Relevant Filing Dkt. No. | Date Filed | Additional Filings Dkt. No | Topic | Party Raising Matter | Party Responding | Parties' Positions |
|---|---|---|---|---|---|---|
| | | | | | | Plaintiffs and Class Plaintiffs *each* should serve one coordinated set of discovery requests" (emphasis added)). This approach is consistent with the parties' agreement (including Defendants' agreement) to appoint separate leadership counsel for the News Cases and the Class Cases. *See Times* Dkt. 564 at 2, 29. Because News Plaintiffs and Defendants are in agreement on this issue, there is no reason to impose Defendants' requested June 13 deadline, at least for the News Cases.<br><br>**Class Plaintiffs' Position:** Class Plaintiffs respectfully ask that the Court set a deadline of June 5th for the parties to agree on a coordinated discovery process or submit competing proposals for resolution by the Court. This is aligned with the schedule that Class Plaintiffs proposed in the joint CMC statement, Dkt. 47, shown below:<br>• Last day to file stipulated or opposed discovery protocols and letter briefs in support, if applicable (including deposition protocol, protective order, training data inspection protocol, and potentially including an ESI protocol and/or source code protocol): June 5, 2025<br>• Last day to Serve or File Consolidated Class Action Complaint(s): June 10, 2025<br>• Substantial completion of document productions for requests issued prior to 5/22/2025: June 24, 2025<br>• Last day to serve additional written discovery or propound additional custodians/search terms (absent good cause): July 29, 2025.<br>Contrary to Defendants' claim and as set forth in detail in the CMC statement, this schedule allows for discovery to proceed in a coordinated process without delay and Plaintiffs will continue to coordinate discovery as they have done in the past. |