SUSMAN GODFREY L.L.P.

August 4, 2025

Hon. Ona T. Wang
Southern District of New York
500 Pearl Street
New York, New York 10007

> *In re OpenAI, Inc.*, *Copyright Infringement Litigation*, 25-md-3143 (SHS) (OTW)
> This Document Relates to: *NYT v. Microsoft et al.*, 23-cv-11195 (SHS) (OTW)

Dear Magistrate Judge Wang:

Plaintiff The New York Times Company ("The Times") opposes Microsoft's motion to compel all ChatExplorer data stored in SumoLogic—approximately 82,150 API calls. *See* Dkt. 396. As an initial matter, The Times never agreed to produce any logs, let alone all ChatExplorer logs from a broad range of Times employees—including lawyers and journalists—who have nothing to do with this case. Instead, The Times has consistently objected to producing these logs because they are irrelevant and disproportionate to the needs of this case. Unlike Defendants' output log data, which the parties are working to sample because that data serves as direct evidence of copyright infringement, Microsoft does not need access to The Times's ChatExplorer data in order to support its substantial non-infringing uses and fair use defenses. Microsoft can instead rely on the extensive documentation The Times has already produced related to its use of Defendants' products, and Microsoft has not substantiated its additional need for the specific log entries of 58 Times employees. Accordingly, the Court should not order The Times to produce ChatExplorer logs, as they have no connection to Microsoft's defenses and would require substantial review that is unwarranted given their lack of relevance.

### 1. The Times did not agree to produce ChatExplorer logs.

First, Microsoft claims that "The Times previously agreed to produce ChatExplorer documentation [and] a subset of ChatExplorer data" to Microsoft. Dkt. 396 at 2. To support this argument, Microsoft relies on correspondence between The Times and OpenAI. *See* Dkt. 396-1 (Exhibit A: Meet and Confer Emails between The Times and OpenAI); *see also* Dkt. 396 at 2 (citing to Exhibit A for the proposition that "The Times initially agreed to produce a subset of the ChatExplorer data and was willing to 'run[] targeted searches'"). But as explained in The Times's opposition to OpenAI's motion to compel these logs, *see* Dkt. 417, The Times offered OpenAI a potential compromise to resolve this issue—in which it would run tailored search terms for a reasonable subset of existing custodians—that OpenAI refused, instead insisting on all logs for 58 people. Dkt. 396-1 at 13–18. Accordingly, in light of OpenAI's failure to "limit [its] request to a more appropriate set of individuals and terms," The Times declined to provide the logs. *Id.* at 13.

Not only did Microsoft fail to participate in the meet-and-confer process described above, it also did not engage in ***any*** attempt to confer with The Times to narrow its request. Thus, its motion to compel is premature under this Court's standing orders. *See* Individual Practices in Civil Cases at 6–7. Microsoft cannot rely on OpenAI's negotiations with The Times to satisfy its

August 4, 2025
Page 2

own meet and confer obligations. On that basis alone, the Court should deny Microsoft's motion. *See, e.g.*, Dkt. 77 ("As the Court has noted before, the parties should <u>NOT</u> include any 'issues' for which the parties have not fully engaged in the meet and confer process; any such disputes will be denied outright.").

**2. Microsoft's motion to seek all ChatExplorer logs is not appropriately tailored to seek relevant evidence of its asserted defenses.**

Microsoft asserts that The Times's ChatExplorer logs are "relevant to [its] substantial noninfringing uses and fair use defenses." Dkt. 396 at 1. As an initial matter, Microsoft does not explain why it needs all logs from 58 Times employees—including lawyers and journalists—most of whom have nothing to do with this case. Nor could it, given that ChatExplorer logs have no connection to either of Microsoft's asserted defenses.

First, as Judge Stein has already ruled, Microsoft's substantial noninfringing uses defense is not at issue in this case because The Times has not alleged contributory infringement by inducement. *New York Times Co. v. Microsoft Corp.*, 777 F. Supp. 3d 283, 308-09 (S.D.N.Y. 2025). And, even if it were, Microsoft has failed to provide a basis for why it needs burdensome discovery into The Times's ChatExplorer logs to prove this defense. Indeed, this situation is unlike The Times's discovery into Defendants' output data, which serves as the most direct evidence of copyright infringement.

Second, Microsoft's reliance on the fair use defense fares no better. Nowhere in its motion does Microsoft explain why the specific log entries of 58 Times employees are needed to support its fair use defense. Instead, Microsoft simply asserts that it needs evidence to show "that the accused products are used for transformative purposes." Dkt. 396 at 3. However, The Times has already produced extensive documentation on its uses of Defendants' products. Specifically, The Times has turned over the following categories of documents:

(1) Documents regarding The Times's use of Defendants' generative AI tools in reporting or presenting content;

(2) Documents regarding The Times's trainings and policies regarding the use of Defendants' generative AI products;

(3) Documents relating to the AI Initiatives program;

(4) Documents regarding how Generative AI can benefit The Times's audience; and

(5) Audience Insight Group (AIG) analyses, which directly assess the impact of Generative AI on The Times.

These custodial documents are the best evidence of The Times's use of Defendants' generative AI tools in reporting or presenting content, as well as The Times's guidance regarding the permitted and unpermitted uses of Defendants' products. *See* Dkt. 396 at 3. As just one example, The Times has produced multiple AI Initiatives presentations, which discuss in detail The Times's ongoing research into Generative AI products and their potential use to enhance The

August 4, 2025
Page 3

Times's offerings. Similarly, The Times has provided swathes of guidance regarding ChatExplorer, which describes the tool in detail, its permitted and unpermitted uses, and the different GPT models that it employs. The Times has even agreed to produce AIG reports, which include its own internal assessment of the impact of Generative AI on The Times. Given this extensive production, The Times fails to see how the log entries of unrelated Times employees are relevant and narrowly tailored to the fair use inquiry.

### 3. It is unduly burdensome to review and produce 82,150 API calls.

Finally, given The Times's extensive production, it would be unduly burdensome for The Times to also review and produce over 80,000 log entries—especially given their lack of relevance to the claims and defenses in this case. Specifically, The Times would need to individually review the logs from a broad range of Times employees—including lawyers and journalists—for potentially privileged content. These logs, for example, could contain inputs that are protected by the attorney-client or reporters' privilege. As such, Microsoft's request would require The Times to review each of these logs, disaggregate and redact any internal work product and privileged material, and remove otherwise irrelevant documents.[1] Moreover, Defendants seek **all** logs for 58 different Times employees (most of whom are not custodians in this matter). Defendants' failure to limit their demand to a targeted set of terms and custodians, despite The Times's repeated requests to do so, only demonstrates the unreasonable nature of Microsoft's position. Accordingly, the Court should deny Microsoft's unduly burdensome request for these irrelevant logs.

***

Although The Times has consistently objected to Defendants' request for ChatExplorer logs, it has nonetheless engaged in the discovery process in good faith by meeting and conferring and providing log counts for its custodians. Despite The Times's efforts, Defendants have failed to meaningfully limit their search term and custodian requests or to acknowledge that they already received numerous documents about The Times's use of Defendants' products that will address their purported reasons for seeking these logs. The Court should deny Defendants' motions for this burdensome and overbroad discovery.

Respectfully submitted,

*/s/ Davida Brook*
Davida Brook
Susman Godfrey L.L.P.

*/s/ Steven Lieberman*

---

[1] The Times notes that ChatExplorer data does not leave the company and, is therefore, not subject to the Court's preservation order.

August 4, 2025
Page 4

                                                            Steven Lieberman
                                                            Rothwell, Figg, Ernst & Manbeck

cc:    All Counsel of Record (via ECF)