**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Case No. 25-md-3143 (SHS) (OTW) |
| OPENAI, INC., | |
| COPYRIGHT INFRINGEMENT LITIGATION | **REPLY MEMORANDUM OF LAW IN SUPPORT OF OPENAI DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT [DKT. 183]** |
| This Document Relates To: | |
| BALDACCI, *et al.* v. OPENAI, INC. *et al.*, No. 1:25-md-3143-SHS-OTW | |
| AUTHORS GUILD, *et al*. v. OPENAI, INC. *et al*., No. 1:23-cv-08292-SHS-OTW | |

## <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

I.  INTRODUCTION ................................................................................1

II.  ARGUMENT ....................................................................................3

    A.  The Complaint fails to allege substantial similarity. ...................................3

        1.  Plaintiffs' allegations are insufficient to state a claim. ...................4

        2.  Plaintiffs cannot amend the Complaint through their opposition. ...6

        3.  Plaintiffs' exhibits are insufficient regardless. ...............................7

    B.  OpenAI has not waived its right to move. ....................................8

    C.  Leave to amend should be denied. ...........................................10

III.  CONCLUSION ................................................................................11

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Federal Cases**

*ADR Int'l Ltd. v. Inst. for Supply Mgmt. Inc.*,
  667 F. Supp. 3d 411 (S.D. Tex. 2023) ...................................................................4

*AEP Energy Servs. Gas Holding Co. v. Bank of America N.A.*,
  626 F.3d 699 (2d Cir. 2010)...............................................................................10

*Ballast v. Workforce7 Inc.*,
  No. 20-cv-3812 (ER), 2024 WL 307966 (S.D.N.Y. Jan. 25, 2024) ......................3, 9

*Barrows v. Forest Laboratories, Inc.*,
  742 F.2d 54 (2d Cir. 1984)..................................................................................10

*Castle Rock Entm't v. Carol Pub. Grp., Inc.*,
  150 F.3d 132 (2d Cir. 1998)..................................................................................5

*Crane v. Poetic Prods. Ltd.*,
  593 F. Supp. 2d 585 (S.D.N.Y. 2009), *aff'd*, 351 F. App'x 516 (2d Cir. 2009)......................8

*Cuoco v. Moritsugu*,
  222 F.3d 99 (2d Cir. 2000)..................................................................................11

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991).............................................................................................8

*Friedl v. City of New York*,
  210 F.3d 79 (2d Cir. 2000)...................................................................................6

*Indig v. Vill. of Pomona*,
  No. 18-cv-10204 (PMH), 2021 WL 3773653 (S.D.N.Y. Aug. 24, 2021) ...............9

*United States ex rel. Kolchinsky v. Moody's Corp.*,
  238 F. Supp. 3d 550 (S.D.N.Y. 2017).....................................................................9

*Lambertini v. Fain*,
  No. 12-cv-3964, 2014 WL 4659266 (E.D.N.Y. Sept. 17, 2014) .............................5

*Lucente v. Int'l Bus. Machs. Corp.*,
  310 F.3d 243 (2d Cir. 2002)................................................................................11

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*,
  265 F.R.D. 106 (S.D.N.Y. 2010) ...........................................................................6

3037804

*New York Times Co. v. Microsoft Corp.*,
No. 23-cv-11195 (SHS), 2025 WL 1009179 (S.D.N.Y. Apr. 4, 2025) ...............................2, 4

*O'Brien v. National Property Analysts Partners*,
719 F.Supp. 222 (S.D.N.Y.1989)............................................................................6

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
602 F.3d 57 (2d Cir. 2010)..........................................................2, 3, 4, 8, 11

*Piuggi v. Good for You Prods. LLC*,
739 F. Supp. 3d 143 (S.D.N.Y. 2024)....................................................................4

*Salinger v. Colting*,
607 F.3d 68 (2d Cir. 2010)....................................................................5, 7

*Sharma v. Skaarup Ship Mgmt. Corp.*,
699 F. Supp. 440 (S.D.N.Y. 1988).........................................................................9

*Suntrust Bank v. Houghton Mifflin Co.*,
268 F.3d 1257 (11th Cir. 2001) ..........................................................................5

*Tremblay v. OpenAI, Inc.*,
716 F. Supp. 3d 772 (N.D. Cal. 2024) ..................................................................1

*Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*,
996 F.2d 1366 (2d Cir. 1993)..............................................................................5, 7

*Vega v. State Univ. of New York Bd. of Trustees*,
No. 97-cv-5767, 2000 WL 381430 (S.D.N.Y. Apr. 13, 2000) ................................9

*Williams v. Crichton*,
84 F.3d 581 (2d Cir. 1996)....................................................................................5

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................3, 9, 6, 11

Fed. R. Civ. P. 12(c) ...............................................................................................9

Fed. R. Civ. P. 12(g)(2).....................................................................................2, 3, 8, 9

## I.        INTRODUCTION

This class action case is not and has never been about whether OpenAI's[1] models output infringing derivative works. Plaintiffs' opposition provides no explanation for their shifting theory of infringement, and Plaintiffs do not even attempt to reconcile their new position with their prior representations to this Court that outputs are not at issue. Nor could they. In *Authors Guild*, Plaintiffs' counsel previously represented that the copying alleged as the basis for the direct infringement claim is "***on the input side***," based on the "mass copying of protected works for purposes of 'training' the large language model."[2] When this Court asked if that meant "the output issue is not at issue in this litigation," counsel stated plainly that while ChatGPT's outputs were, in their view, relevant to fair use and damages, they were "***not core to the prima facie proof of infringement***."[3] Plaintiffs' opposition simply ignores these representations. And Plaintiffs do not dispute that they previously resisted discovery in *Authors Guild* by asserting that "[e]nd users [*sic*] infringing or non-infringing use of ChatGPT is not at issue in this case."[4]

Plaintiffs' arguments regarding the California-based *Tremblay* matter fare no better. The only output claim squarely at issue in *Tremblay* (for vicarious infringement) was dismissed in February 2024 and ***not*** re-pleaded.[5] Thus, Plaintiffs' reference to the "40 pages of ChatGPT outputs" attached to the *Tremblay* amended complaint is misleading. *See Tremblay*, Dkt. 454 at 4. The *Tremblay* complaint cites those exhibits as alleged evidence that Plaintiffs' works were

---

[1] Defined terms have the same meanings as in OpenAI's opening brief. *See* Dkt. 325.

[2] *See Authors Guild*, Dkt. 44, Nov. 29, 2023 Hr'g Tr. at 11:21–12:1 (emphasis added).

[3] *Id*. at 14:12–23 (emphasis added).

[4] *See Authors Guild,* Dkt. 274 at 2.

[5] Compare *Tremblay v. OpenAI, Inc.*, 716 F. Supp. 3d 772, 778 (N.D. Cal. 2024) with *Tremblay et al. v. OpenAI et al.*, Case No. 3:23-cv-03223, Dkt. 120 (N.D. Cal. Mar. 13, 2023).

1

used to train OpenAI's models, not to support an output-based infringement claim. *See id.* ¶¶ 50–51.

Plaintiffs' attempt to distort the record aside, their other arguments fail on the merits.

***First***, unable to defend the Complaint as drafted, Plaintiffs suggest that the Court cannot decide substantial similarity on the pleadings.[6] This argument is foreclosed by Second Circuit precedent. "[A] district court may make a determination as to substantial similarity on a motion to dismiss for failure to state a claim." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and alterations omitted) (collecting cases)). Indeed, this Court previously dismissed a claim in the news cases on that basis. *See New York Times Co. v. Microsoft Corp.*, No. 23-cv-11195 (SHS), 2025 WL 1009179, at *27 (S.D.N.Y. Apr. 4, 2025).

***Second***, Plaintiffs insist that they "need not" allege facts establishing substantial similarity, or, alternatively, that vague "allegations of plot- and character-level similarity" suffice. Dkt. 454 at 7–9. Not so. To state a claim for infringement, Plaintiffs must plead ***facts***– not conclusions–that, if true, would demonstrate substantial similarity between ChatGPT's outputs and the protectible elements of Plaintiffs' works. *See Gaito Architecture,* 602 F.3d at 64. They have not done so. Rather, Plaintiffs effectively concede the Complaint's deficiencies by attaching 79 pages of exhibits to their opposition, which purport to supplement the Complaint's allegations. But the law does not permit Plaintiffs to amend their Complaint in this manner; and even if the Court were to consider evidence outside the Complaint, Plaintiffs still fail to allege facts showing substantial similarity.

***Third***, Plaintiffs argue that OpenAI's motion is barred by Fed. R. Civ. P. 12(g)(2) because OpenAI did not move to dismiss the output claim in the *Tremblay* amended complaint.

---

[6] *See* Dkt. 454 at 9.

But the only output claim squarely alleged in *Tremblay* was dismissed and not re-pleaded; Rule 12(g)(2) does not apply. Even if it did, "successive Rule 12(b)(6) motions are not procedurally improper." *Ballast v. Workforce7 Inc.*, No. 20-cv-3812 (ER), 2024 WL 307966, at *5 (S.D.N.Y. Jan. 25, 2024). Nor is OpenAI's motion foreclosed by the January 2024 *Authors Guild* stipulation, which provided that OpenAI would not move to dismiss "currently-pleaded claims."[7] That stipulation was entered into on the heels of Plaintiffs' representations that, "[t]he copying we're alleging as the direct infringement . . . *it's on the input side*."[8] And Plaintiffs themselves apparently believed the stipulation was no longer binding when they proposed briefing class certification before summary judgement in the MDL, even though the stipulation provides for the opposite.[9] Plaintiffs cannot revive a stipulation they deemed void when it suited them.

*Finally*, amendment would prejudice OpenAI by substantially delaying the case schedule and requiring additional discovery in the class case, which has to-date been focused on Plaintiffs' training-based infringement claim. Moreover, amendment would be futile; despite nearly 20 months of discovery, Plaintiffs have yet to identify a single ChatGPT output that is substantially similar to any protectible elements of their works. Dismissal with prejudice is warranted.

## II.    ARGUMENT

### A.    The Complaint fails to allege substantial similarity.

As the Second Circuit has made clear, "[t]here is ample authority for the proposition that a district court may make a determination as to substantial similarity on a motion to dismiss for failure to state a claim." *Gaito Architecture*, 602 F.3d at 64 (citation and alterations omitted) (collecting cases)). Whether the plaintiff has adequately pleaded substantial similarity is "by no

---

[7] *Authors Guild*, Dkt. 56 at ¶ 3.
[8] *See* n.2, *supra* (emphasis added).
[9] *See* Dkt. 47 at 45–47; *Authors Guild*, Dkt. 56 at ¶ 6.

3

means exclusively reserved for resolution by a jury." *See New York Times*, 2025 WL 1009179, at

*27 (quoting *Gaito Architecture*, 602 F.3d at 63–64 (collecting cases)). Plaintiffs' suggestion

that the Court may not reach the question here is without merit.

Nor are Plaintiffs correct that they "need not set forth detailed factual evidence

establishing substantial similarity." *Id*. at 9. As one court explained in rejecting a similar

argument, "though [a plaintiff] is not required to prove his claim at the pleading stage, he

nevertheless has the burden of properly alleging his claim, which includes . . . identifying with

some degree of specificity how [defendants'] works are substantially similar to his own." *Piuggi*

*v. Good for You Prods. LLC*, 739 F. Supp. 3d 143, 162 (S.D.N.Y. 2024).[10] As explained below,

Plaintiffs' allegations here are devoid of any specificity whatsoever.

### 1.    Plaintiffs' allegations are insufficient to state a claim.

Plaintiffs contend that the Complaint describes allegedly infringing outputs "in detail,"

and "with specificity," including "characters, narrative arcs, and plot resolutions." Dkt. 454 at

8–9. Those characterizations are belied by the plain language of the Complaint. For example,

Plaintiffs repeatedly cite paragraphs 268, 269 and 289 as providing "specificity" (*id*. at 8);

descriptions of the "infringing works in detail with reference to their ChatGPT-generated titles

and protected elements, like named characters" (*id*. at 9); "detailed outlines of potential sequels

to [Plaintiffs'] works" (*id*. at 11); and identifying "specific protectable elements" (*id*. at 14). The

allegations that supposedly provide these facts are as follows:

> 268. When prompted, ChatGPT generated an infringing, unauthorized, and detailed
> outline for the next purported installment of The Small Great Things, one of the Picoult
> Infringed Works, and titled the infringing and unauthorized derivative "Small Great
> Things: Unfinished Business," using the same characters from Picoult's existing book.

---

[10] *ADR Int'l Ltd. v. Inst. for Supply Mgmt. Inc.*, 667 F. Supp. 3d 411, 423 (S.D. Tex. 2023) is
inapposite; it held that pleading "examples" of infringing works—not vague descriptions of
them—was sufficient. And the allegations in *ADR* provided the very "side-by-side comparisons"
of the original and accused works that Plaintiffs contend are unnecessary here. Dkt. 454 at 14.

269. When prompted, ChatGPT generated an infringing, unauthorized, and detailed outline for the next purported installment of My Sister's Keeper, one of the Picoult Infringed Works, and titled the infringing and unauthorized derivative as "My Sister's Legacy," using the same characters from Picoult's existing book.

289. When prompted, ChatGPT generated an infringing, unauthorized, and detailed outline for the next purported installment of The Patient in Room 18, one of the Authors Guild Infringed Works, and titled the infringing and unauthorized derivative "Echoes from Room 18," using the same characters from Eberhart's existing book.

Even a cursory review shows the allegations provide no such detail. They do not name a single character nor describe a single "narrative arc" or "plot resolution," and they certainly do not plead "***facts*** regarding how the works are 'substantially similar,' including identifying the protectable elements of the works[,]" *Lambertini v. Fain*, No. 12-cv-3964, 2014 WL 4659266, at *4 (E.D.N.Y. Sept. 17, 2014) (emphasis added) (citation omitted). Plaintiffs' arguments to the contrary are demonstrably false.

Nor do Plaintiffs' cases help them. *See* Dkt. 454 at 8. Plaintiffs cite cases that recite general copyright principles, but which otherwise do not support the sufficiency of their output allegations.[11] Plaintiffs' argument that "summaries" can infringe is a straw man. *Id.* at 8–9. The parties' dispute is not about whether summaries ***can*** infringe; it is about whether the Complaint alleges infringing summaries here. Far from alleging facts which constitute the "detailed recounting" at issue in *Twin Peaks Prods.*, *Inc. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1372–73 (2d Cir. 1993), the Complaint's sole description of the summaries here is that they are "detailed" and "accurate." *See, e.g.,* Dkt. 183 ¶ 277 ("ChatGPT returned detailed, accurate summaries . . .").[12]

---

[11] *See, e.g., Castle Rock Entm't v. Carol Pub. Grp., Inc.*, 150 F.3d 132, 139 (2d Cir. 1998) (holding that a trivia book did not constitute fair use); *Williams v. Crichton*, 84 F.3d 581, 588 (2d Cir. 1996) (holding that copyright law protects expression, not ideas).

[12] *Salinger v. Colting*, 607 F.3d 68 (2d Cir. 2010) and *Suntrust Bank v. Houghton Mifflin Co.*,

5

Likewise, Plaintiffs have not plausibly alleged that any ChatGPT-generated "outlines for sequels" are substantially similar to Plaintiffs' works. Dkt. 454 at 9. Plaintiffs argue that the Complaint "describes these infringing derivative works in detail," with reference to "protected elements, like named characters." *Id*. (citing Dkt. 183 ¶¶ 268, 269, 289). But the cited allegations provide no such detail, *see supra* at 4–5, and generic outlines and summaries are not *per se* infringing derivatives. *See* Dkt. 325 at 9. Finally, despite Plaintiffs' new allegations of character infringement, *see* Dkt. 454 at 11–12, the Complaint does not name a single character, much less plead facts clearing the "high" bar for alleging character infringement. *See* Dkt. 325 at 10 (citing *Hord v. Jackson*, 281 F. Supp. 3d 417, 426 (S.D.N.Y. 2017)). Again, Plaintiffs' authority is inapposite; it does not hold that merely alleging a work contains the same characters or themes is enough to plead substantial similarity.[13] Plaintiffs' claim fails for this reason alone.

### 2.    Plaintiffs cannot amend the Complaint through their opposition.

"It is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." *O'Brien v. National Property Analysts Partners*, 719 F.Supp. 222, 229 (S.D.N.Y. 1989).[14] Although Plaintiffs' opposition attaches examples of allegedly infringing outputs, *see* Dkt. 454-1; Exs. A–K, Plaintiffs' reliance on evidence extrinsic to the Complaint confirms that it is inadequately pleaded. Plaintiffs' contention that the exhibits should be considered because they were "referenced" in the Complaint is incorrect. Dkt. 454 at 14 n.7. The

---

268 F.3d 1257 (11th Cir. 2001) are inapplicable. The courts in both cases looked at the allegedly infringing works themselves, as opposed to vague descriptions of them.

[13] *See* n.12, *supra*.

[14] *See also Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000) ("[A] district court errs when it considers . . . factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss." (cleaned up)); *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 122–23 (S.D.N.Y. 2010) ("[A] plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss.").

Complaint's conclusory allegations provide no basis from which OpenAI could have identified the exhibits in Plaintiffs' production; requiring OpenAI to do so would turn notice pleading on its head. And although Plaintiffs argue that OpenAI seeks to "invent a new rule of law" by faulting Plaintiffs for not attaching the exhibits to the Complaint, *see id*. at 13, Plaintiffs again stuff a straw man. OpenAI does not contend that Plaintiffs were ***required to*** do so, but that ***failure*** to do so, combined with the Complaint's "vague and conclusory allegations," made it impossible for the Court to assess substantial similarity. *See* Dkt. 325 at 7. Put simply, although there are multiple avenues for pleading substantial similarity, Plaintiffs pursued none.

### 3.    Plaintiffs' exhibits are insufficient regardless.

Even if the Court were to consider Plaintiffs' newly-submitted exhibits, they are not sufficiently similar to Plaintiffs' works to give rise to a *prima facie* case of infringement. For example, the allegedly infringing summaries are typical of what would appear in a short book review. *See, e.g.,* Dkt. 454, Ex. A at 2. Plaintiffs' own authority makes clear that "book reviews . . . ***are not derivative works***, despite being based on, and potentially reproducing, substantial amounts of protected expression." *Colting*, 270 F. Supp. 3d at 746–47 (emphasis added). Plaintiffs' suggestion that these summaries are "exactly the type" of "detailed recounting" similar to the summaries at issue in *Twin Peaks* is specious. *See* Dkt. 454 at 10. There, a 46-page plot summary of the *Twin Peaks* television series which set forth an "elaborate recounting of plot details" was found to constitute an "abridgement" of the original work. *Twin Peaks*, 996 F.2d at 1372–73. It bears no resemblance to the short summaries Plaintiffs now identify here.

Likewise, Plaintiffs' argument regarding the summaries of their nonfiction works is not credible. For example, Plaintiffs contend that a ChatGPT-generated summary of the opening of *Cleopatra: A Life* infringes because it incorporates the authors' "original creative choice" to

"begin a biography" by describing the "political and cultural context" of the era. Dkt. 454 at 11

(quoting Ex. H at 4).[15] But copyright protection does not extend to an abstract "creative choice";

nor does beginning a biography by describing the "political and cultural context" of the era

constitute "an original selection or arrangement of facts" warranting even "thin" protection. *Feist*

*Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349–351 (1991); *see also Crane v. Poetic*

*Prods. Ltd.*, 593 F. Supp. 2d 585, 595 (S.D.N.Y. 2009), *aff'd*, 351 F. App'x 516 (2d Cir. 2009)

("the thin copyright protection afforded by *Feist* . . . surely does not extend to the presentation of

historical events in the order in which they took place."). Even assuming Plaintiffs could

properly amend the Complaint by reference to the exhibits, the exhibits merely reflect

"unprotectible concepts and ideas." *Gaito Architecture*, 602 F.3d at 69. Those are insufficient to

state a claim.

**B.    OpenAI has not waived its right to move.**

Plaintiffs' arguments that OpenAI's motion is barred likewise fail.

***First***, Plaintiffs argue that because OpenAI declined to move to dismiss the *Tremblay*

amended complaint, Rule 12(g)(2) bars OpenAI's motion here. They are wrong on several

counts: **(1)** As explained in OpenAI's opening brief, the initial *Tremblay* complaint asserted a

vicarious infringement claim based on outputs; OpenAI successfully moved to dismiss that

claim, and it was not re-pleaded. *See* Dkt. 325 at 12.[16] Thus, Plaintiffs' assertion that Rule

12(g)(2) bars OpenAI from moving to dismiss output claims here is incorrect; no such claims

were pending in *Tremblay*, and Rule 12(g)(2) does not apply; **(2)** the Complaint here includes

---

[15] Plaintiffs' characterization of Ex. H is inaccurate. The summary doesn't "incorporate" anything; it merely describes the author's approach, not what she wrote or how she expressed it.
[16] Although the *Tremblay* plaintiffs revised their direct infringement claim (Count I), they merely added allegations regarding the feasibility of licensing copyrighted works for training; they had nothing to do with outputs. *See Tremblay*, Dkt. 120–3 (redline of amended Complaint).

only three of the 11 named plaintiffs from *Tremblay*.[17] Rule 12(g)(2) does not contemplate barring a motion to dismiss claims asserted by an entirely different set of plaintiffs; and **(3)** even if output claims were pending in *Tremblay* (they were not)*,* and even if OpenAI had declined to move to dismiss (it did not), Rule 12(g)(2) does not bar the Court from considering OpenAI's motion now. The weight of authority in this District holds that successive motions to dismiss for failure to state a claim are not improper. *See, e.g., Vega v. State Univ. of New York Bd. of Trustees*, No. 97-cv-5767, 2000 WL 381430, at *2 (S.D.N.Y. Apr. 13, 2000); *Ballast*, 2024 WL 307966, at *5 (S.D.N.Y. Jan. 25, 2024).[18] The *Ballast* court in particular recognized that refusing to consider defendants' Rule 12(b)(6) motion would elevate form over substance by requiring defendants to re-file their motion under Rule 12(c). *Ballast*, 2024 WL 307966, at *5. The same is true here.

**Second**, Plaintiffs argue that OpenAI waived its right to move to dismiss the output claims pursuant to a January 19, 2024 stipulation entered into by the *Authors Guild* plaintiffs and Defendants. *See Authors Guild*, Dkt. 56. This stipulation does not control for multiple reasons: **(1)** the *Authors Guild* plaintiffs expressly disclaimed a theory of infringement based on ChatGPT outputs, which OpenAI relied on in entering into the stipulation, *see* Dkt. 325 at 1; and **(2)** Plaintiffs themselves disregarded the stipulation when seeking a case schedule sequencing class certification before summary judgment. *See id.* at 4 n.5. The Court should reject Plaintiffs' attempt to wield the stipulation when it suits them and disregard the stipulation when it does not.

---

[17] Andrew Sean Greer, Christopher Golden, and David Henry Hwang.

[18] *See also United States ex rel. Kolchinsky v. Moody's Corp.*, 238 F. Supp. 3d 550, 555 (S.D.N.Y. 2017) ("a defendant cannot waive the more fundamental 12(b)(6) defense" (internal citation omitted)); *Sharma v. Skaarup Ship Mgmt. Corp.*, 699 F. Supp. 440, 444 (S.D.N.Y. 1988) ("Rule 12 specifically allows for successive motions to dismiss for failure to state a claim."); *Indig v. Vill. of Pomona*, No. 18-cv-10204 (PMH), 2021 WL 3773653, at *3 (S.D.N.Y. Aug. 24, 2021) (same).

9

In short, nothing prevents the Court from reaching the merits of OpenAI's motion now.

### C.    Leave to amend should be denied.

Finally, the Court should dismiss Plaintiffs' output claims with prejudice because allowing amendment at this late stage would delay the case schedule and prejudice OpenAI. The parties have been engaged in discovery for nearly two years, and the vast majority of class discovery has focused on training–not on Plaintiffs' disclaimed theory of allegedly infringing outputs. Shifting gears now, when the August 19 deadline to serve written discovery has passed, and just 2 weeks before the September 12 deadline for substantial completion of document production, would prejudice OpenAI by causing significant delay and upending the case schedule.[19] Far from "depriving" Plaintiffs of a claim, Dkt. 454 at 15, outputs were never treated by *any plaintiffs* as a basis for a direct infringement claim. The Court made clear at the Initial Case Management Conference that the MDL "consolidated amended class action complaint" would be limited to "the products and causes of action that have already been asserted."[20] Plaintiffs should not be permitted to flout that directive.

Leave to amend would also be futile. Plaintiffs have had nearly two years and multiple opportunities to properly plead infringement in ChatGPT's outputs. They have not done so. Even when considering the exhibits Plaintiffs now attach to their opposition, they fail to plausibly allege substantial similarity between ChatGPT's outputs and any protectible elements of Plaintiffs' works. *See Gaito Architecture*, 602 F.3d at 64. Plaintiffs' pleading failure is thus not

---

[19] *See Barrows v. Forest Laboratories, Inc.*, 742 F.2d 54, 58 (2d Cir. 1984) (affirming denial of leave to amend where amendment would "substantially alter[] the complaint's theories of relief and delay[] the trial"); *see also AEP Energy Servs. Gas Holding Co. v. Bank of America N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) ("Amendment may be prejudicial when . . . it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." (citation omitted)).
[20] Dkt. 453-4, Hr'g Tr. May 22, 2025 at 37:17–19.

the result of an "inadequately or inartfully pleaded" complaint that can be cured by amendment; it is substantive failure to state a valid claim. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."). Accordingly, leave to amend should be denied.

## III.    CONCLUSION

For the foregoing reasons, OpenAI respectfully requests that the Court dismiss Count I with prejudice to the extent it alleges infringement based on ChatGPT's outputs.

Respectfully submitted,

Dated: August 28, 2025

KEKER, VAN NEST & PETERS LLP

By:   */s/ Michelle S. Ybarra*
ROBERT A. VAN NEST (*pro hac vice*)
RVanNest@keker.com
R. JAMES SLAUGHTER (*pro hac vice*)
RSlaughter@keker.com
PAVEN MALHOTRA
PMalhotra@keker.com
MICHELLE S. YBARRA (*pro hac vice*)
MYbarra@keker.com
NICHOLAS S. GOLDBERG (*pro hac vice*)
NGoldberg@keker.com
THOMAS E. GORMAN (*pro hac vice*)
TGorman@keker.com
KATIE LYNN JOYCE (*pro hac vice*)
KJoyce@keker.com
CHRISTOPHER S. SUN (*pro hac vice*)
CSun@keker.com
ANDREW S. BRUNS (*pro hac vice*)
ABruns@keker.com
ANDREW DAWSON (*pro hac vice*)
ADawson@keker.com
EDWARD A. BAYLEY (*pro hac vice*)
EBayley@keker.com
SARAH SALOMON
Ssalomon@keker.com

3037804

KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

*Attorneys for Defendants*
OPENAI, INC., OPENAI GP, LLC, OPENAI,
LLC, OPENAI OPCO LLC, OPENAI
GLOBAL LLC, OAI CORPORATION, LLC,
OPENAI HOLDINGS, LLC

Dated: August 28, 2025                    MORRISON & FOERSTER LLP

By: */s/ Tiffany Cheung*
Joseph C. Gratz (*pro hac vice*)
*jgratz@mofo.com*
Tiffany Cheung (*pro hac vice*)
*tcheung@mofo.com*
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000
Rose S. Lee (*pro hac vice*)
*roselee@mofo.com*
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017
Telephone: 213.892.5200
Carolyn M. Homer (*pro hac vice*)
*cmhomer@mofo.com*
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: 202.650.4597
Emily C. Wood
*ewood@mofo.com*
Eric K. Nikolaides
*enikolaides@mofo.com*
250 West 55th Street
New York, NY 10019
Telephone: 212.468.8000

*Attorneys for Defendants*
OPENAI, INC., OPENAI GP, LLC, OPENAI,
LLC, OPENAI OPCO LLC, OPENAI
GLOBAL LLC, OAI CORPORATION, LLC,
OPENAI HOLDINGS, LLC

3037804

Dated:  August 28, 2025                              LATHAM & WATKINS LLP


                                                     By: */s/ Allison S. Blanco*
                                                     Andrew M. Gass (*pro hac vice*)
                                                     *andrew.gass@lw.com*
                                                     San Francisco, CA 94111
                                                     Telephone: 415.391.0600
                                                     Sarang V. Damle
                                                     *sy.damle@lw.com*
                                                     Elana Nightingale Dawson (*pro hac vice*)
                                                     *elana.nightingaledawson@lw.com*
                                                     555 Eleventh Street, NW, Suite 1000
                                                     Washington, D.C. 20004
                                                     Telephone: 202.637.2200
                                                     Rachel R. Blitzer
                                                     *rachel.blitzer@lw.com*
                                                     Herman H. Yue
                                                     *herman.yue@lw.com*
                                                     Luke A. Budiardjo
                                                     *luke.budiardjo@lw.com*
                                                     1271 Avenue of the Americas
                                                     New York, NY 10020
                                                     Telephone: 212.906.1200
                                                     Allison S. Blanco (*pro hac vice*)
                                                     *allison.blanco@lw.com*
                                                     650 Town Center Drive 20th Floor
                                                     Costa Mesa, CA 92626
                                                     Telephone: 714.540.1235

                                                     *Attorneys for Defendants*
                                                     OPENAI, INC., OPENAI GP, LLC, OPENAI,
                                                     LLC, OPENAI OPCO LLC, OPENAI
                                                     GLOBAL LLC, OAI CORPORATION, LLC,
                                                     OPENAI HOLDINGS, LLC

13

**CERTIFICATE OF COMPLIANCE**

In accordance with Local Civil Rule 7.1(c), I hereby certify that the foregoing Reply Memorandum of Law in support of OpenAI's Motion to Dismiss is 3,495 words, exclusive of the caption page, table of contents, table of authorities, and signature block. The basis of my knowledge is the word count feature of the word-processing system used to prepare this memorandum.

Dated: August 28, 2025                    By: _/s/ Michelle S. Ybarra_
                                              Michelle S. Ybarra

3037804