# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

1000 LOUISIANA
SUITE 5100
HOUSTON, TX 77002-5096
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

---

| 401 UNION STREET<br>SUITE 3000<br>SEATTLE, WA 98101-2668<br>(206) 516-3880 | ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602<br>(212) 336-8330 | 1900 AVENUE OF THE STARS<br>SUITE 1400<br>LOS ANGELES, CA 90067<br>(310) 789-3100 |

JUSTIN A. NELSON
DIRECT DIAL 713-653-7895

E-MAIL jnelson@susmangodfrey.com

August 29, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      RE:   *In re OpenAI, Inc. Copyright Infringement Litigation* (No. 1:25-md-03143) – *Class Plaintiffs' Motion Seeking In Camera Review of OpenAI Documents*

Dear Judge Wang:

      Pursuant to the Court's August 25, 2025 Order (ECF 487), Class Plaintiffs seek *in camera* review of 20 disputed documents from OpenAI's May 30, 2025 Privilege Log.[1] OpenAI's log entries for these documents are excerpted in Exhibit 1. They consist of two groups: (1) <u>16 documents</u> OpenAI clawed back for which Plaintiffs seek *in camera* review under FRCP 26(b)(5)(B), *see* Entries 1, 4-18; and (2) <u>4 documents</u> OpenAI withheld or redacted for which Plaintiffs have a good faith belief that no privilege exists, *see* Entries 21, 27, 29, 30.

      OpenAI bears the burden of establishing each clawed back document is privileged. *In re Aenergy, S.A.*, 451 F. Supp. 3d 319, 322 (S.D.N.Y. 2020) (rejecting privilege claims over clawbacks). And, because none of these documents involve outside counsel, OpenAI must establish the *predominant* purpose of each communication was to obtain or provide *legal* advice— "the interpretation and application of legal principles to guide future conduct or to assess past conduct, which requires a lawyer to rely on legal education and experience to inform judgment"– rather than to convey business advice or information. *Id.* at 322 (quotation omitted). Further, "a court must 'construe the privilege narrowly because it renders relevant information undiscoverable' and apply it 'only where necessary to achieve its purpose.'" *Id.*

---

[1] Class Plaintiffs resolved their challenge to three documents after the last conference.

August 29, 2025
Page 2

I.  **The Court should overrule OpenAI's privilege claims over the clawed back documents.**

OpenAI's privilege claims over the 16 clawed back documents should be overruled for at least three reasons: (1) they're insufficiently vague; (2) most do not directly involve inhouse counsel; and (3) OpenAI fails to satisfy the predominate purpose standard.

*First*, OpenAI's log includes only vague, *ipse dixit* statements that the challenged documents discuss, reflect, or seek ███████████████████████████████████████████████████████████████████████████████ *See* Ex. 1, *passim*. The declarations submitted by OpenAI fare no better: *e.g.*, Dkt. No. 461-5 ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (*ipse dixit* emphasized). This alone renders OpenAI's claims insufficient under the predominant purpose standard. *See In re Aenergy*, 451 F. Supp. 3d. at 324-25 ("the Court cannot accept [the] *ipse dixit* assertion that Dozie's advice was 'legal' in nature, especially in light of Dozie's position as in-house counsel").

OpenAI's log similarly fails to substantiate OpenAI's claim of privilege over an entire Slack channel. Ex. 1 Entries 14-18. The Slack channel contains an unknown number of individual conversations, and OpenAI has failed to establish that each communication, or the attachment (Entry 18),[2] is privileged. *E.g.*, *BNP Paribas v. Bank of New York Trust Co.*, 2013 WL 2434686, *5 (S.D.N.Y. 2013) ("each email [within a chain] must be addressed individually"). OpenAI's failure to even attempt to establish privilege as to each communication is yet another ground for overruling OpenAI's claims. ████████████████████████████████ communications *after* a course of action is adopted by a company is not privileged just because that business decision was informed by legal advice. *See, e.g.*, *Fisher v. United States*, 425 U.S. 391, 403 (1976) ("[The privilege] protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege.").

*Second*, though OpenAI logged a majority of its clawbacks as attorney-client communications, most of these documents do not actually involve any attorneys. *See, e.g.*, Ex. 1 Entries 1, 5-13.[3] While OpenAI's logs list ████████████████████████████████

---

[2] Entry 18 is a .txt file, not a "communication." Dkt. 461-5, ¶ 18. ████████████████████████████████████████████████ *id.*, so it's not predominantly for the purpose of seeking legal advice.

[3] Entry 4 is an Excel spreadsheet. ████████████████████ But privilege does not extend to communications among non-attorneys discussing "an intention to receive legal advice." *Teague v. Omni Hotels Mgmt. Corp.*, 2020 WL 7012004, at *3 (W.D. Tex. Aug. 26, 2020). This spreadsheet is not predominantly for the purpose of seeking legal advice either.

these documents, the documents make clear ▓▓▓. "[S]ettled precedent dictat[s] that the privilege covers communications, not facts or other informational content." *U.S. v. Watson*, 2024 WL 3202765, *6 n.7 (E.D.N.Y. 2024). Because OpenAI has failed to demonstrate ▓▓▓ are properly withheld as attorney-client communications, this Court should review these communications in camera. *See, e.g., Cicel (Beijing) Sci. & Tech. Co. v. Misonix, Inc.*, 331 F.R.D. 218, 234 (E.D.N.Y. 2019) (granting request to review non-lawyer communications in camera). And rather than submit a declaration ▓▓▓ to meet its burden by establishing the withheld information was primarily legal advice, OpenAI just submitted ▓▓▓ with more *ipse dixit*. ▓▓▓

Third, OpenAI claims Entries 1, 4-6, 8-10 & 13 are privileged because they purportedly discuss or reflect ▓▓▓

See Ex. 2; ▓▓▓ Regurgitation and efforts to mitigate it are part and parcel of an LLM, ▓▓▓ Ex. 3, OPCO_NDCAL_1688072 at -074-75. OpenAI cannot now claim privilege merely because inhouse counsel's name is mentioned. *See, e.g., Epic Games, Inc. v. Apple Inc.*, 2024 WL 5318836, at *2 (N.D. Cal. Dec. 31, 2024) ("Companies have been repeatedly advised that merely attaching a lawyer's name to a document does not suffice for invoking the privilege.").

Contrary to OpenAI's assertions, the declarations OpenAI submitted do not substantiate OpenAI's claims of privilege. ▓▓▓ But these topics are predominately business in nature and cannot be privileged. *See, e.g., MSF Holding, Ltd. v. Fiduciary Tr. Co. Int'l*, 2005 WL 3338510, at *1 (S.D.N.Y. Dec. 7, 2005) (holding e-mails from inhouse counsel constituted business advice because counsel "never alluded to a legal principle in the documents nor engaged in legal analysis").

## II. Entries 21, 27, 29, and 30

Based on the descriptions in OpenAI's privilege log and the contexts of these documents, Plaintiffs have a good faith belief that the documents are primarily business in nature and lack predominating legal advice. *See, e.g., Brown v. Dep't of Corr. Servs.*, 2011 WL 2182775, at *15 (W.D.N.Y. June 2, 2011) ("The mere fact that an attorney is consulted by a client does not render the ensuing communications privileged if the purpose of the consultation is to obtain other than legal advice or services.").

---

▓▓▓

August 29, 2025
Page 4

- Entry 21 is a conversation ███████████████████████ involving Cullen O'Keefe, a lawyer-turned-researcher. OpenAI admits O'Keefe was no longer acting as a lawyer at the time of this communication but says he was recounting prior legal advice. Dkt. 423 at 3. Given O'Keefe's changed role and the lack of any indication that O'Keefe was offering legal advice in this thread, the Court should reject the privilege claim.

- Entry 27 is a discussion among non-lawyers about a business issue—████ ███████████████—and thus its predominant purpose is neither rendering nor soliciting legal advice. OpenAI does not dispute that Entry 27 is primarily a business communication but insists the redacted portions are privileged communications from OpenAI's former general counsel. Dkt. 423 at 3. Because counsel's communications about business topics are not privileged, the Court should reject the claim.

- Entries 29 and 30 are redacted discussions among non-lawyers about business topics like ████████████████. Tellingly, OpenAI does not identify █ ████████ to support OpenAI's privilege claim and instead vaguely identifies █ ███████████████ That is insufficient to substantiate privilege. *See A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, 2013 WL 6044342, at *4 (D. Conn. Nov. 14, 2013) (withholding party failed to support privilege claim where "the documents do not indicate who prepared them, or for what purpose"). Because these entries do not indicate who prepared the documents or whether these documents were primarily seeking legal advice, the Court should reject the claims.

For these reasons, Class Plaintiffs respectfully request that the Court overrule OpenAI's privilege claims.

Sincerely,

*/s/ Justin A. Nelson*
Justin A. Nelson
Susman Godfrey, LLP
Interim Lead Class Counsel