**ROTHWELL FIGG**

901 New York Avenue, N.W.
Suite 900 East
Washington, DC 20001

Telephone (202) 783-6040
Facsimile (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | New York | Boston

G. Franklin Rothwell
(1928-2011)
Harry F. Manbeck, Jr.
(1926-2025)

E. Anthony Figg
George R. Repper
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Brett A. Postal
Aydin H. Harston, Ph.D.
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols
Daniel L. Shores
Jennifer B. Maisel

Jess M. Collen
Jeffrey A. Lindenbaum*
Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
James T. Pawlowski
Bryan B. Thompson
Melissa C. Santos, Ph.D.
Andrew C. Stewart
Adam M. Nicolais
Gregory S. DeLassus
Michael P. Ellenberger
Mary L. Mullins
Michael A. Saunders
Stephanie E. Waltersdorff
Rolando F. Rengifo, Ph.D.

*Not a member of the D.C. Bar. Practice limited to patent, trademark and copyright matters and cases in federal courts.

Of Counsel
Jane F. Collen
James R. Hastings*
Mitchell E. Radin*

**VIA ECF**

September 5, 2025

Hon. Ona T. Wang
Southern District of New York

Re:   In re OpenAI, Inc., Copyright Infringement Litigation,
      25-md-3143 (SHS) (OTW); This Document Relates To: All Cases

Dear Magistrate Judge Wang:

Class and News Plaintiffs (collectively, "Plaintiffs") write to address their continuing concerns regarding OpenAI's deficient collection and production of its employees' text and social media messages.[1] On August 15 and 22, OpenAI submitted two sworn declarations (Dkts. 461, 482) (the "Declarations") in response to this Court's Order that it provide sworn testimony on the following topics:

(1) Defendants' process for ensuring proper custodial interviews;

(2) Defendants' process for ensuring proper custodial collections and review; and

(3) Defendants' process for ensuring only appropriate redactions and exclusions of certain messages were made to its custodial collections.

*See* Dkt. 459 at 3-4.

OpenAI's Declarations confirm that its process for each of these topics—conducting custodial interviews, collecting and reviewing documents, and applying redactions—were fundamentally flawed for the reasons described in detail below. To remedy these deficiencies, Plaintiffs request this Court order OpenAI to: (1) reconduct its custodial interview process to adequately identify custodians that might have used text and/or social media platforms to engage

---

[1] As explained at the August 12 hearing, by "text," Plaintiffs are broadly referring to any app based messaging platform. *See* August 12 Hearing Tr. at 101:20-21.

September 5, 2025
Page 2

in responsive communications and determine which specific platforms each custodian used[2], (2) conduct a proper collection and review process for the custodians determined to have used text and/or social media platforms for responsive communications, (3) review each custodian's text and social media messages prior to any privacy review by personal counsel, (4) limit its "personal" redactions to a discrete set of topics to be agreed upon by the parties, and (5) promptly produce such responsive communications in advance of the September 12, 2025 deadline for substantial completion of document productions. For Mr. Altman and Mr. Brockman, Plaintiffs additionally request that this Court order OpenAI to complete the foregoing items and promptly produce responsive communications by September 10, 2025.

OpenAI's Declarations are additionally deficient to the extent that they do not include information for custodians that were employed by OpenAI as of July 7, 2023[3] but have since left the company. In view of this deficiency, Plaintiffs request this Court order OpenAI to provide information on the topics in the August 12 Order for the Excluded Custodians identified in Section I, *infra*.

### I. OpenAI's Custodial Interview Process was Inadequate

| | **What OpenAI Did** | **What OpenAI Should Have Done** |
|---|---|---|
| **Custodial Interviews** |  | Issues: (1) Custodial interviews should not be done by ▮▮▮▮ ▮▮▮▮ with no attorney present; (2) Custodial interviews should involve at least one conversation with outside counsel of record; (3) Custodial interviewers should have asked "whether or not they used a variety of text messaging apps or social media[platforms] to communicate about their work or to communicate about this litigation." August 12 Hearing Tr. at 103:11-14. |

During the August 12 discovery conference, Plaintiffs asked OpenAI to certify whether it had adequately conducted its custodial interviews, including by having outside counsel of record

---

[2] OpenAI should ask whether each custodian used the following platforms: text and iMessage, Discord, Google Messages, Reddit, Signal, Telegram, WhatsApp, Session Dust, Wire, Threema, Briar, Slack, X (formely known as Twitter), XMPP, Matrix, Wickr, and Viber.
[3] July 7, 2023 is the date the complaint was filed in *Silverman v. OpenAI Inc.,* No. 3:23-03416, the first-filed case in the MDL.

September 5, 2025
Page 3

ask its custodians "whether or not they used a variety of text messaging apps or social media [platforms] to communicate **about their work** or to communicate **about this litigation.**" August 12 Hearing Tr. at 103:11-14 (emphasis added). The Court then ordered OpenAI to say in its Declarations "whether the[se] particular questions were asked." *Id.* at 124:15-17. ▮▮▮▮▮▮.



Plaintiffs again ask that this Court order OpenAI's outside counsel of record to conduct its custodial interviews as follows: (1) conduct in-person, video, or telephonic custodian interviews ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, (2) include at least one in-person, video, or telephonic conversation with outside counsel of record, and (3) ask all custodians "whether or not they used a variety of text messaging apps or social media [platforms] to communicate about their work or to communicate about this litigation." *See* August 12 Hearing Tr. at 103:11-14.

As explained at the August 12 hearing, this is not make-work. ▮▮▮▮▮▮▮▮▮▮▮▮▮



September 5, 2025
Page 4

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

## II. OpenAI's Custodial Collection and Review Process was Improper

|  | **What OpenAI Did** | **What OpenAI Should Have Done** |
|---|---|---|
| **Custodial Document Collection and Review** | ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ | For any custodian who potentially used text and/or social media platforms to communicate about work or these litigations, OpenAI should have collected the custodian's device and run the agreed-upon search terms across their text and/or social media messages.<br><br>Additionally, OpenAI's counsel of record in these litigations should have performed the above-described custodial collection and review processes in the first instance for all custodians, including but not limited to Mr. Altman and Mr. Brockman, before personal counsel removed any messages they deemed "purely personal" and thus non-responsive. |

During the August 12 discovery conference, Plaintiffs articulated a proper procedure for collecting and reviewing custodial documents:

> If there's any doubt as to whether a given custodian used their text or social media to communicate about issues responsive to [Plaintiffs'] request, then the devices should be collected, the agreed-upon search terms should be run, and responsive documents should be produced or logged. And again, we had assumed, but perhaps we need to say explicitly, all of that work should be done by counsel of record in this action.

August 12 Hearing Tr. at 105:4-11. OpenAI's custodial collection and review process, as described in the Declarations, is a stark departure from the above-described procedure. ██████
████████████████████████████████████████

September 5, 2025
Page 5



---

[4] https://www.cnbc.com/2024/05/29/former-openai-board-member-explains-why-ceo-sam-altman-was-fired.html



September 5, 2025
Page 6



    Plaintiffs ask that this Court order OpenAI's outside counsel of record to collect and search the implicated text and/or social media messages for any custodian who might have used their text or social media to communicate about issues responsive to Plaintiffs' discovery requests. *See* August 12 Hearing Tr. at 105:4-11. Because it has been over 9 months since this Court's December 2, 2024 order, Plaintiffs additionally ask that this Court order OpenAI to identify any communications that might have been deleted in the interim.

### III. OpenAI's Reliance on Mr. Altman and Mr. Brockman's Personal Counsel to Conduct Responsiveness Review is Improper

|  | **What OpenAI Did** | **What OpenAI Should Have Done** |
|---|---|---|
| **Mr. Altman's and Mr. Brockman's Custodial Document Review** | [REDACTED] | OpenAI's counsel of record in these litigations should have performed the above-described custodial collection and review processes in the first instance for all custodians, including but not limited to Mr. Altman and Mr. Brockman, before personal counsel excluded or redacted any messages they deemed "purely personal" and thus non-responsive. |

    The review of Mr. Altman and Mr. Brockman's text and social messages was shockingly deficient in two ways.



---

[5] Class Plaintiffs deposed Mr. Hoeschele on April 2, 2025, and intend to seek additional time to depose Mr. Hoeschele in view of this inexplicable delay.



Plaintiffs ask this Court to order OpenAI's counsel of record to do the following: (1) perform the responsiveness review of Mr. Altman's and Mr. Brockman's text and social media messages before personal counsel does a privacy review; (2) produce all responsive information—even if highly personal; (3) meet and confer with Plaintiffs to reach an agreement on what constitutes (and likewise does not constitute) highly personal information; and (4) log any non-responsive and highly personal redactions.

IV. **OpenAI's Declarations Do Not Contain Information for Certain Excluded Custodians**

OpenAI's Declarations do not include any information about the text and/or social media message collection and review process for the following custodians employed by OpenAI as of July 7, 2023 but who have since departed the company: Liam Fedus, Angela Jiang, Ryan Lowe, Mira Murati, Alex Passos, Alec Radford, John Schulman, Lilian Weng, and Barret Zoph (the "Excluded

September 5, 2025
Page 8

Custodians"). Moreover, as outlined in the chart provided below, most of the Excluded Custodians left OpenAI <u>after</u> they were named custodians (*) in these cases and four of the Excluded Custodians—Liam Feedus, Angela Jiang, Alex Radford, and John Schulman—left OpenAI <u>after</u> the December 2, 2024 order from this Court compelling Defendants to produce text and social media messages from their ESI custodians (**). Accordingly, Plaintiffs request that OpenAI provide a sworn declaration with information on the categories listed in the August 12 Order for each of the Excluded Custodians. If OpenAI did not perform a custodial interview or collect potentially responsive text and/or social messages for any of the Excluded Custodians prior to their departure, Plaintiffs request that OpenAI reach out to do so now.

| **Excluded Custodian** | **Date added as a Custodian** | **Date of Departure from OpenAI** |
|---|---|---|
| Liam Fedus** | December 6, 2024 | March 2025 |
| Angela Jiang** | August 19, 2024 | December 2024 |
| Ryan Lowe | December 6, 2024 | March 2024 |
| Mira Murati* | August 19, 2024 | September 2024 |
| Alex Passos** | August 19, 2024 | May 2025 |
| Alec Radford** | August 19, 2024 | December 2024 |
| John Schulman** | No later than July 31, 2024 | February 2025 |
| Lillian Weng* | July 31, 2024 | November 2024 |
| Barret Zoph* | No later than July 31, 2024 | September 2024 |

***

For these reasons Plaintiffs ask this Court to order OpenAI to: (1) reconduct its custodial interview process to adequately identify custodians that might have used text and/or social media platforms to engage in responsive communications, (2) conduct a proper collection and review process for the custodians determined to have used text and/or social media platforms for responsive

communications and determine which specific platforms each custodian used[6], (3) review each custodian's text and social media messages prior to any privacy review by personal counsel, (4) limit its "personal" redactions to a discrete set of topics to be agreed upon by the parties, (5) promptly produce such responsive communications by September 10, 2025 for Mr. Brockman and Mr. Altman and in advance of the September 12, 2025, deadline for substantial completion of document productions for all other custodians, and (6) provide information on the topics in the August 12 Order for the Excluded Custodians identified in Section IV, *supra*.

Respectfully,

*/s/ Steven Lieberman*
Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker *(admitted pro hac vice)*
Jenny L. Colgate *(admitted pro hac vice)*
Mark Rawls *(admitted pro hac vice)*
Michael H. Jones *(admitted pro hac vice)*
Kristen J. Logan *(admitted pro hac vice)*
Bryan B. Thompson (6004147)
Mary L. Mullins *(pending pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
mrawls@rothwellfigg.com
mjones@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com
mmullins@rothwellfigg.com

---

[6] OpenAI should ask whether each custodian used the following platforms: text and iMessage, Discord, Google Messages, Reddit, Signal, Telegram, WhatsApp, Session Dust, Wire, Threema, Briar, Slack, X (formely known as Twitter), XMPP, Matrix, Wickr, and Viber.

                    Jeffrey A. Lindenbaum (JL1971)
                    ROTHWELL, FIGG, ERNST & MANBECK, P.C.
                    3 Manhattanville Road, Suite 105
                    Purchase, New York 10577
                    Telephone: (202) 783-6040
                    Facsimile: (202) 783-6031
                    jlindenbaum@rothwellfigg.com

*Attorneys for Daily News Plaintiffs*

*/s/ Ian Crosby*
Ian Crosby *(admitted pro hac vice)*
Genevieve Vose Wallace *(admitted pro hac vice)*
Katherine M. Peaslee *(admitted pro hac vice)*
Susman Godfrey L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(admitted pro hac vice)*
Emily K. Cronin (*admitted pro hac vice*)
Adnan Muttalib *(admitted pro hac vice)*
Susman Godfrey L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
amuttalib@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
Susman Godfrey L.L.P.
One Manhattan West
New York, NY 10001

                        Telephone: (212) 336-8330
                        Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings (4985602)
Susman Godfrey L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(admitted pro hac vice)*
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Counsel for the New York Times Company*

<u>*/s/ Stephen Stich Match*</u>
Jon Loevy (*pro hac vice*)
Michael Kanovitz (*pro hac vice*)
Matthew Topic (*pro hac vice*)
Stephen Stich Match (No. 5567854)
Steven Art (*pro hac vice*)
Thomas Kayes (*pro hac vice*)
Kyle Wallenberg (*pro hac vice*)
Shelley Geiszler (*pro hac vice*)

    LOEVY & LOEVY
    311 North Aberdeen, 3rd Floor
    Chicago, IL 60607
    312-243-5900 (p)
    312-243-5902 (f)
    jon@loevy.com
    mike@loevy.com
    matt@loevy.com
    match@loevy.com
    steve@loevy.com
    kayes@loevy.com
    wallenberg@loevy.com
    geiszler@loevy.com

*Counsel for Plaintiffs The Intercept Media, Inc. and The Center for Investigative Reporting, Inc.*

*/s/ David Boies*
David Boies
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8201
Fax: (914) 749-8300
dboies@bsfllp.com

Joshua Michelangelo Stein (*pro hac vice*)
Maxwell V. Pritt (*pro hac vice*)
Reed Forbush (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6813
Fax: (415) 293-6800
jstein@bsfllp.com
mpritt@bsfllp.com
rforbush@bsfllp.com

Jesse Michael Panuccio (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave. NW
Washington, DC 20005
Tel.: (202) 237-2727

jpanuccio@bsfllp.com

*Counsel for Class Plaintiffs*

<u>/s/ Justin A. Nelson</u>
Justin A. Nelson (*pro hac vice*)
SUSMAN GODFREY L.L.P
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel.: 713.651.9366
jnelson@susmangodfrey.com

***Interim Lead Class Counsel***

Alejandra C. Salinas (*pro hac vice*)
Amber B. Magee (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel.: 713.651.9366
asalinas@susmangodfrey.com
amagee@susmangodfrey.com

Rohit D. Nath (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: 310.789.3100
rnath@susmangodfrey.com

J. Craig Smyser
Charlotte Lepic
SUSMAN GODFREY L.L.P.
One Manhattan West, 51st Floor
New York, NY 10001
Tel.: 212.336.8330
csmyser@susmangodfrey.com
clepic@susmangodfrey.com

Jordan W. Connors (*pro hac vice*)
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel.: 206.516.3880

jconnors@susmangodfrey.com

*Counsel for Class Plaintiffs*

/s/ *Rachel Geman*
Rachel Geman
Anna J. Freymann
Wesley Dozier (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Tel.: 212.355.9500
rgeman@lchb.com
afreymann@lchb.com
wdozier@lchb.com

Reilly T. Stoler (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel.: 415.956.1000
rstoler@lchb.com

*Counsel for Class Plaintiffs*

/s/ *Scott J. Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS &
SHEPPARD LLP
60 Broad Street, 30th Floor
New York, NY 10010
Tel.: 212.974.7474
ssholder@cdas.com
ccole@cdas.com

*Counsel for Class Plaintiffs*

/s/ *Joseph R. Saveri*
Joseph R. Saveri (*pro hac vice*)
Cadio Zirpoli (*pro hac vice*)
Christopher K.L. Young (*pro hac vice*)

    Holden Benon (*pro hac vice*)
    Aaron Cera (*pro hac vice*)
    Alexander Y. Zeng (*pro hac vice*)
    JOSEPH SAVERI LAW FIRM,
    601 California Street, Suite 1505
    San Francisco, California 94108
    Telephone: (415) 500-6800
    Facsimile: (415) 395-9940
    jsaveri@saverilawfirm.com
    czirpoli@saverilawfirm.com
    cyoung@saverilawfirm.com
    hbenon@saverilawfirm.com
    acera@saverilawfirm.com
    azeng@saverilawfirm.com

    *Counsel for Class Plaintiffs*

    Matthew Butterick (*pro hac vice*)
    1920 Hillhurst Avenue, 406
    Los Angeles, CA 90027
    Telephone: (323) 968-2632
    Facsimile: (415) 395-9940
    mb@butterickclaw.com

    *Counsel for Class Plaintiffs*

    Bryan L. Clobes (*pro hac vice*)
    Mohammed A. Rathur (*pro hac vice*)
    Krishna Motta (*pro hac vice*)
    Alex Lee (*pro hac vice*)
    CAFFERTY CLOBES MERIWETHER
    & SPRENGEL LLP
    135 South LaSalle Street, Suite 3210
    Chicago, IL 60603
    Telephone: (312) 782-4880
    bclobes@caffertyclobes.com
    mrathur@caffertyclobes.com
    kmotta@caffertyclobes.com
    alee@caffertyclobes.com

    *Counsel for Class Plaintiffs*



September 5, 2025
Page 16


cc: All counsel of record Via ECF