**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
IN RE:                                                                                 :
                                                                                            :
OPENAI, INC.,                                                                  :    25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,      :
                                                                                            :
                                                                                            :    **ORDER**
This Document Relates To:                                            :
**23-CV-8292**                                                                 :
**23-CV-10211**                                                              :
**24-CV-84**                                                                    :
**25-CV-3291**                                                                :
**25-CV-3482**                                                                :
**25-CV-3483**                                                                :
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of Microsoft's letter motion at ECF Nos. 552 and 555 requesting a protective order regarding Class Plaintiffs' limited 30(b)(6) deposition. (ECF Nos. 552, 555).[1]

On March 31, 2025, Plaintiffs in the *Authors Guild* (23-CV-8292) and *Alter* (23-CV-10211) cases filed a motion to compel regarding Microsoft's refusal to produce certain data for inspection. (23-CV-8292, ECF 377). The Court heard oral argument on this dispute at the June 25, 2025, discovery status conference and denied Class Plaintiffs' motion as premature, directing the parties to meet and confer on whether the dispute could be resolved through a 30(b)(6) deposition and, if the parties elected to conduct a 30(b)(6) deposition, that such deposition would <u>not count</u> against Class Plaintiffs' total deposition hours cap. (ECF 270); (*see also* June 25, 2025, Transcript, ECF 301 at 22).

---

[1] All references to the docket refer to 25-MD-3134 unless otherwise noted.

The parties apparently met and conferred and agreed upon a four-hour time limit, and Class Plaintiffs identified four topics in their 30(b)(6) notice. (ECF 552-1 at 5). At the deposition, counsel for Microsoft did not object to the four topics listed in the 30(b)(6) notice,[2] but stated that if Class Plaintiffs' questions went "far beyond the scope, we'll stop it." (ECF 555-1 at 68). Microsoft's 30(b)(6) witness was then deposed for four hours.

Now, Microsoft's motion claims that the questioning that took place at the 30(b)(6) deposition went "far beyond the scope" that Class Plaintiffs were "entitled to." (ECF Nos. 552, 555). If Microsoft's motion is a request for reconsideration of my oral ruling that the deposition would not count against the total hours cap, that motion is **DENIED**.[3] If Microsoft's motion is an objection to my June 25 oral ruling under Rule 72, it is untimely and addressed to the wrong judge.

The Clerk of Court is respectfully directed to close ECF Nos. 552 and 555.

**SO ORDERED.**

Dated: September 24, 2025
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

---

[2] (ECF 555-1 at 11) ("Q. Okay. You understand that Microsoft has designated you to testify on behalf of the company with respect to the four topics on Schedule A; is that correct? A. Yes. … Mr. Briant: Just for the record, subject to our objections and responses. Q. … You are – you are prepared to testify regarding anything known or reasonably available to Microsoft with respect to these topics; is that correct? A. Yes.").

[3] The Court notes that nothing about the Court's discussion of the issues raised at the June 25 conference or the Court's subsequent order cabined the 30(b)(6) deposition to only the specific document that was at issue in 23-CV-8292 ECF 377. At the June 25 conference, the Court specifically stated that the parties should "talk about what the 30(b)(6) should look like, talk about what the notice should look like, [and] try to do it by consent as much as possible." (June 25, 2025, Transcript, ECF 301 at 23, 17:19).