**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
IN RE:                                              :
                                                    :
OPENAI, INC.,                                       :        25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,                  :
                                                    :
                                                    :        **OPINION & ORDER RE: DEPOSITIONS OF**
This Document Relates To:                           :        **FORMER NAMED CLASS PLAINTIFFS**
23-CV-8292                                          :
23-CV-10211                                         :

------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

Pending now before the Court is OpenAI's motion to compel five three-hour depositions of former named class plaintiffs Douglas Preston, Simon Winchester, Ta-Nehisi Coates, Sarah Silverman, and Junot Díaz ("Former Plaintiffs").[1] (ECF Nos. 393, 397). For the reasons set forth below, OpenAI's motion is **DENIED.**

### I.     BACKGROUND

The Court assumes familiarity with the facts of this case. On July 30, 2025, OpenAI moved to compel Former Plaintiffs to each sit for a three-hour deposition. (ECF Nos. 393, 397).[2] Class Plaintiffs filed an opposition on August 4, 2025. (ECF 429). The Court heard oral argument at the August 12, 2025, discovery status conference, and reserved its ruling on the pending dispute. (*See* Aug. 12, 2025, Transcript, ECF 525 at 150-160). The parties' dispute remained pending at the September 25, 2025, discovery status conference. (*See* ECF 591-2 at 2).

---

[1] The consolidated class action complaints names 22 plaintiffs. (*See* ECF 183). Unless otherwise indicated, all references to the docket refer to 25-MD-3143.

[2] The sealed, unredacted version of OpenAI's motion is available at ECF 393. The public, redacted version of OpenAI's motion is available at ECF 397.

## II. LEGAL STANDARD

"Motions to compel compliance with Rule 45 subpoenas are governed by the relevancy and proportionality guidelines of Rule 26." *Delta Air Lines, Inc. v. Lightstone Group, LLC*, 21-MC-374 (RA) (OTW), 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021). Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case." The party moving to compel "bears the burden of demonstrating relevance and proportionality." *See Winfield v. City of New York*, 15-CV-5236 (LTS) (KHP), 2018 WL 840084, at *3 (S.D.N.Y. Feb. 12, 2018); *see also New York Times*, 757 F. Supp. 3d at 597. There is a "relatively low threshold for a party to show that the material sought is relevant to any claim or defense in the litigation." *Delta Air Lines*, 2021 WL 2117247, at *2 (internal quotation marks omitted).

"When broader discovery is sought, the Court should determine the scope according to the reasonable needs of the action, depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested." *Int'l Code Council, Inc. v. Skidmore, Owings & Merrill, LLP*, 24-MC-412 (DEH) (VF), 2025 WL 1936704, at *2 (S.D.N.Y. July 15, 2025). "It is within a Magistrate Judge's discretion to decide whether discovery requests are relevant and proportional," *Radio Music License Committee, Inc. v. Broadcast Music, Inc.*, 347 F.R.D. 269, 273 (S.D.N.Y. 2024), and "Rule 26 gives a district court broad discretion to impose limitations or conditions on discovery[,] which extends to granting or denying motions to compel." *Edmar Fin. Co., LLC v. Currenex, Inc.*, 347 F.R.D. 641, 646 (S.D.N.Y. 2024).[3]

---

[3] "A court can … limit the frequency or extent of discovery if the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Delta Air Lines*, 2021 WL 21127247, at *2 (internal quotation marks omitted).

### III.   DISCUSSION

As many courts have recognized, "discovery of absent class members runs the risk of turning the 'opt-out' class action into an impermissible opt-in class action," *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 70 (S.D.N.Y. 2020), and courts are thus "extremely reluctant to permit discovery of absent class members." *In re Petrobas Sec. Litig.*, 14-CV-9662 (JSR), 2016 WL 10353228, at *1 (S.D.N.Y. Feb. 22, 2016). However, this consideration must be balanced against a defendant's due process right to defend itself, particularly where the sought-after discovery relates to a "pivotal stage [of the] civil litigation." *Id.* Thus, a defendant should not be "unfairly prejudiced by being unable to develop its case even though facts of the case may reside with the absent class members." *Id.* (internal quotation marks and citations omitted).

In balancing these competing interests, courts in this district have articulated at least three substantially similar tests, two of which arise in the context of requests for evidence to be used at trial. The first asks whether the discovery (1) is needed for the purposes of trial or the issues common to the class; (2) is narrowly tailored; (3) will impose undue burden on the absent class members; and (4) is not available from representative plaintiffs. *See In re Warner Chilcott Ltd. Sec. Litig.*, 06-CV-11515 (WHP), 2008 WL 344715, at *2 (S.D.N.Y. Feb. 4, 2008). The second asks whether the discovery sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to the common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class. *See Stinson v. City of New York*, 10-CV-4228 (RWS), 2015 WL 8675360, at *3 (S.D.N.Y. Dec. 11, 2015). Where the discovery sought concerns class certification, a third test requires a strong showing that (1) the discovery is not sought for any improper purposes, to harass, or to alter the membership of the class; (2) it is narrowly tailored to subjects which are

3

plainly relevant; and (3) it does not impose an undue burden given the need for the discovery at issue and the availability of the same or similar discovery from a party. *Fishon*, 336 F.R.D. at 71.

Here, OpenAI asserts that each of the five Former Plaintiffs possesses knowledge or information relevant to both the fourth factor of their fair use defense <u>and</u> to class certification. (ECF 393 at 1). Accordingly, the Court adopts the following hybrid test: a defendant seeking a subpoena under Rule 45 as to absent class members must make a strong showing that (1) the discovery is not sought for any improper purpose, to harass, or to alter the membership of the class; (2) it is plainly relevant for purposes at trial or issues pertaining to class certification; and (3) the discovery is narrowly tailored, does not impose an undue burden on absent class members, and is not available from a party.

A. <u>Simon Winchester</u>

OpenAI contends that Mr. Winchester is the only person among current and Former Plaintiffs who opted into the Harper Collins-Microsoft GenAI licensing agreement, and that only Mr. Winchester can speak to how the agreement worked from the "perspective of a putative class member," which is relevant to the fourth fair use factor. (ECF 393 at 2-3). Microsoft, as a signatory to the licensing agreement and a co-defendant in this case, can also speak to how the licensing agreement worked. Yet, OpenAI does not explain whether they have sought such discovery from Microsoft and, if so, what information about the licensing agreement they have not received from Microsoft that can <u>only</u> be obtained from Mr. Winchester, an absent class member.[4] Accordingly, OpenAI has failed to make the required strong showing that a deposition of Mr. Winchester is narrowly tailored and not available from a party.

---

[4] The fact that Former Plaintiffs were members of this litigation for an extended period of time does not negate the fact that they are <u>now</u> absent class members. *See In re Currency Conversion Fee Antitrust Litig.*, 01-MD-1409 (WHP), 2004 WL 2453927, at *1 (S.D.N.Y. Nov. 3, 2004) (simultaneously granting named plaintiffs' motion to

B. Douglas Preston

OpenAI asserts that Douglas Preston, a former president of the Authors Guild, is the only current or Former Plaintiff with a financial relationship with OpenAI, and that because Mr. Preston benefited from this relationship, his testimony on the same is relevant to class certification, (ECF 393 at 3), relying on *Valley Drug Co. v. Geneva Pharmas.*, 350 F.3d 1181 (11th Cir. 2003). However, whether or not Mr. Preston has received a "benefit" from his relationship with OpenAI is not plainly relevant to class certification here because it is not derived from OpenAI's copying of Class Plaintiffs' copyrighted works.

In the few instances where courts in this district have discussed *Valley Drug* as it pertains to class certification and conflicts among the putative class (all of which were antitrust cases), the "benefit" in question was one that was derived directly from the specific conduct alleged in the complaint. *See In re Aluminum Warehousing Antitrust Litigation*, 336 F.R.D. 5, 40 (S.D.N.Y. 2020) ("In particular, defendants note that many proposed class members would have benefitted on the whole from—or themselves engaged in—the alleged conduct violating § 1.").[5] *Valley Drug* cannot be interpreted so broadly to suggest that if a proposed class member received any benefit that can be linked in any way to a defendant, that such a tangentially-related benefit is strong evidence of a conflict among the class and is thus relevant

---

withdraw as class representatives and denying defendants' motion to depose the withdrawing plaintiffs because defendants failed to satisfy the "heavy burden" of "justify[ing] discovery of absent class members by means of deposition").

[5] Ultimately, because Judge Engelmayer found that the proposed class failed to satisfy the predominance requirement of Rule 23(b)(3), he did not reach the question of whether the "net economic benefit that some absent class members potentially realized from the scheme alleged here create[d] a sufficiently fundamental conflict within the class to bar certification." *In re Aluminum Warehousing Antitrust Litigation*, 336 F.R.D. at 43 ("Whether the alleged § 1 scheme's contradictory impacts on these various class members precludes class certification under Rule 23(a)(4) presents complex factual and legal questions.") (emphasis added).

to class certification. OpenAI does not contend here that Mr. Preston is receiving a benefit directly from OpenAI's alleged copyright violations, and whether Mr. Preston does or does not have a beneficial financial relationship with OpenAI is too attenuated to justify compelling the deposition of an absent class member. The same is true for any licensing revenue that Mr. Preston may or may not have received through "Created by Humans,"[6] which OpenAI also fails to link to the conduct alleged in the complaint. (ECF 429 at 3). Moreover, to the extent that Created by Humans is "partnering with" Authors Guild, OpenAI can depose the Authors Guild and its current president, Mary Rasenberger. (*See* Aug. 12, 2025, Transcript, ECF 525 at 159).

### C. Ta-Nehisi Coates

Next, OpenAI seeks to depose Ta-Nehisi Coates regarding general statements he made about the impact of generative artificial intelligence ("GenAI") (ECF 393-4) that OpenAI contends are relevant to OpenAI's fair use defense and class certification. The statements in question that OpenAI attached to its motion at ECF 393-4 do not in any way appear to relate to OpenAI or OpenAI's LLMs—they are generalized statements about the impact of AI-generated art. This MDL concerns copyrighted books and articles and text outputs of Defendants' LLMs, not AI-generated art. (*See* ECF Nos. 72, 183, 300). As this Court has held before, "statements or comments a copyright holder may have made about a defendant's general industry" are not relevant to the fourth fair use factor. *New York Times Co. v. Microsoft Co.*, 757 F. Supp. 3d 594,

---

[6] Created by Humans is an AI licensing platform that, according to OpenAI, "has partnered with Authors Guild and in which Mr. Preston is an investor." (ECF 393 at 3).

597 (S.D.N.Y. 2024). Such generalized statements are also too attenuated to be "plainly relevant" to class certification to justify the deposition of an absent class member.[7]

### D. Sarah Silverman

OpenAI seeks to depose Sarah Silverman regarding public statements she has made about this and other lawsuits against GenAI companies. OpenAI contends that Ms. Silverman has given multiple interviews explaining "her views on OpenAI, ChatGPT, and [GenAI]" and that such statements "undercut the Plaintiffs' arguments that causation and harm are susceptible to common proof." (ECF 393 at 3). As discussed above, any generalized statements about GenAI or the GenAI industry are not relevant to fair use. *See New York Times*, 757 F. Supp. 3d at 597. Regarding Ms. Silverman's statements about OpenAI, ChatGPT, and this lawsuit specifically, OpenAI fails to identify what information Ms. Silverman would testify about that is unique to her and unavailable from any of the named class plaintiffs such that a deposition of an absent class member is appropriate. *See Fishon*, 336 F.R.D. at 75 ("[I]t would be helpful to the Court at the class certification stage to hear testimony from those class-eligible individuals who have had relevant experiences that Named Plaintiffs have not had.") (emphasis added).

### E. Junot Díaz

Finally, OpenAI seeks to depose Junot Díaz regarding his testimony in a separate lawsuit regarding his knowledge of monetary harm that he may or may not have suffered due to OpenAI's alleged copyright infringement. OpenAI alleges these statements contradict Plaintiffs' claims of market harm and are relevant to class certification. (ECF 393 at 3). Without necessarily

---

[7] Nor does OpenAI identify any potential benefit that Ta-Nehisi Coates is receiving or may receive incident to OpenAI's alleged copying of Class Plaintiffs' copyrighted works that could be probative of a fundamental conflict with other members of the proposed class. *See In re Aluminum Warehousing Antitrust Litigation*, 336 F.R.D. at 40.

disputing the relevance of the testimony, Class Plaintiffs contend that OpenAI is misrepresenting Mr. Díaz's testimony. (ECF429 at 3). Again, even if relevant, OpenAI fails to make a "strong showing" that a deposition of Mr. Díaz is necessary. The testimony in question goes, at best, to Mr. Díaz's state of mind regarding what harm, if any, he may have suffered at the time he was deposed in the *Kadrey v. Meta Platforms, Inc.* action. OpenAI fails to explain why Mr. Díaz's state of mind testimony is so unique and unavailable from other named class plaintiffs such that a deposition of an absent class member is appropriate and narrowly tailored.

## IV.     CONCLUSION

Because OpenAI has failed to make a strong showing that depositions of Former Plaintiffs are narrowly tailored and not available from a party, OpenAI's motion to compel limited three-hour depositions of Former Plaintiffs is **DENIED**. However, given that the discovery that OpenAI seeks may be relevant to OpenAI's defenses and class certification, this order does not preclude OpenAI from seeking such discovery through other less intrusive discovery means.

The Clerk of Court is respectfully directed to close ECF Nos. 393 and 397.

**SO ORDERED.**

Dated: October 8, 2025
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge