November 11, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *In re OpenAI Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW
              This document relates to: *Baldacci et al. v. OpenAI, Inc., et al.*, No. 1:25-md-3143-SHS-OTW

Dear Judge Wang:

      Class Plaintiffs and OpenAI jointly write in response to Your Honor's October 30 Order (ECF 715) directing the parties to meet and confer on the impact of Judge Stein's recent Opinion & Orders (ECF Nos. 701 and 707) on the scope of discovery in the *Baldacci* putative class case and file a joint letter concerning the same. The parties' respective positions are provided below.

### Class Plaintiffs' Statement

      Given the parties' disputes on the scope of discovery, Class Plaintiffs request a briefing schedule such that the matters may be heard at the December 4th conference. Class Plaintiffs propose that the parties brief any such issues in accordance with the briefing schedule for the December 4th conference (with opening briefs due November 18th).

      In the alternative, Class Plaintiffs propose that OpenAI by November 19 identify the additional discovery it is willing to provide and, for requested discovery it is not willing to provide, disclose its evidence regarding burden to Plaintiffs. Then the parties can meet and confer to discuss these issues on November 21st, and the parties will submit simultaneous 5-page letter briefs on November 24th to be heard on December 4th as part of the existing hearing schedule.

      Unsurprisingly, Class Plaintiffs disagree with OpenAI's characterization below regarding the parties' prior exchanges and negotiations but will save any rebuttal for briefing as appropriate. However, OpenAI's statement—and its emphasis on the number of disputes between the parties—only confirms the need for an expedited briefing schedule so that the parties may obtain resolution of these issues quickly in light of the February close of fact discovery.

### OpenAI's Statement

      OpenAI understands from conferral that Plaintiffs share its goal of maintaining the case schedule. The parties disagree about the scope of download-only discovery, but they have only *begun* to confer and have more work to do. Accordingly, a separate briefing

Hon. Ona T. Wang
November 11, 2025
Page 2

schedule is premature and Plaintiffs' proposed briefing schedule effectively would require briefing without conferral. The parties should instead focus on continuing their conferral over the *hundred* overbroad discovery requests.

In May, Plaintiffs represented that they needed only *limited* additional download-only discovery. *See* 5/22/2025 Hearing Tr. 52:2-7 (Plaintiffs' lead counsel represented in May that, on the "initial download [infringement theory], we have the facts for that. . . . So with literally a couple of months more of discovery . . . we can get certainly to a resolution . . ."). OpenAI agrees and is prepared to conduct a reasonable search for it, consistent with relevance and proportionality requirements.

Given the breadth of the discovery requests Plaintiffs served in August, OpenAI has concerns that Plaintiffs are going to take positions in discovery that bear no resemblance to what they told the Court. By way of example, one of Plaintiffs' new requests demands "all documents" relating to "any use" of content OpenAI downloaded from any "internet scrape" going back *years* (RFP No. 10). OpenAI has shown why this approach would be extraordinarily burdensome, assuming it even is possible. (ECF 338 ¶¶ 13-14.) In the conferral to prepare this statement, Plaintiffs could not explain what they actually need to support their download-claim, short of all content OpenAI ever acquired. But based on Plaintiffs' representations during conferral that they (1) are committed to the case schedule and (2) understand OpenAI has material burden and proportionality concerns, OpenAI is hopeful the parties can continue a productive conferral and align on scope. The parties have an obligation to do that work before they burden the Court.

The parties will also continue to confer on discovery on model outputs following Judge Stein's Order on OpenAI's Motion to Dismiss (ECF No. 701) and OpenAI also is not requesting a separate briefing schedule on this issue.

Respectfully submitted,

| MORRISON & FOERSTER LLP | SUSMAN GODFREY L.L.P. |
|---|---|
| */s/ Joseph C. Gratz* | */s/ Justin A. Nelson* |
| Joseph C. Gratz | Justin A. Nelson |
| *Counsel for OpenAI* | *Counsel for Class Plaintiffs* |

cc:     All Counsel of Record (via ECF)