

November 11, 2025

**VIA ECF**

The Honorable Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re:  *In re OpenAI, Inc., Copyright Infringement Litig.*, 1:25-md-3143-SHS-OTW
This Document Relates To: The Class Cases (*Authors Guild v. Open AI Inc.*, No. 1:23-cv-08292; *Alter v. Open AI Inc.*, No. 1:23-cv-10211); *The New York Times Co. v. Microsoft Corp.*, No. 1:23-cv-11195; *Daily News LP v. Microsoft Corp.*, No. 1:24-CV-03285; and *The Center for Investigative Reporting, Inc. v. OpenAI, Inc.*, 1:24-CV-04872

Joint Letter Regarding Impact of Judge Stein's Orders (ECF No. 707) on Scope of Discovery

Dear Magistrate Judge Wang:

Pursuant to this Court's order entered on October 30, 2025 (MDL Dkt. 715), Microsoft and Plaintiffs conferred regarding the impact of Judge Stein's recent Opinion & Order (MDL Dkt. 707) on the scope of discovery in these cases, and the parties submit the following joint letter regarding the proposed procedure to address that issue.

**Microsoft's Position:**

Within hours of Judge Stein's Order, Plaintiffs began emailing Microsoft about their various views of its impact on this case. Before the October 29 hearing, Microsoft requested that the various Plaintiffs "get on the same page as to the proposed Microsoft products at issue, the time period for each product, and the scope of information sought related to each product." Your Honor agreed and ordered Plaintiffs to provide their unified discovery position stemming from Judge Stein's Order. A few days after the discovery hearing, at Microsoft's invitation, an off-the-record, candid conversation was had among Microsoft's lead counsel, Class Plaintiffs' Interim Lead Counsel and News Plaintiffs' Lead Counsel, during which Microsoft previewed the massive scope of the information covered by the Plaintiffs' previous requests.

Microsoft's goal in inviting this conversation was to be fully transparent so that Plaintiffs could prepare their combined discovery position having in mind the impact that it will have on Microsoft (and by direct implication, the case schedule). On November 5, Plaintiffs unfortunately provided a discovery demand that was neither unified among the Plaintiffs nor proportional. The demand does not appear unified because News Plaintiffs and Class Plaintiffs seem interested in different sets of new products. And in either case, the demand on its face requires investigation

and discovery into hundreds of additional products. When Microsoft asked for clarification whether Plaintiffs really meant to subsume hundreds of new products, Plaintiffs failed to provide a unified position regarding the scope of their proposal, further indicating their lack of coordination as well as massive disproportionality of their proposed approach.

Microsoft is diligently working on a set of fact declarations that will allow the Court to assess the full impact of Plaintiffs' demand. To preview briefly for the Court, the current scope of Plaintiffs' demands would bring ***more than five hundred implementations*** of the OpenAI 4o and 4o mini models into the case across numerous Microsoft lines of business. The scope of new discovery necessitated by this will be enormous, and it is of questionable incremental value to the key issues in this case involving claims of copyright infringement and the fair use defense. Investigation into those implementations will require extensive interviewing of hundreds of witnesses to understand the functionality and marketing of each implementation; from there multiple additional interviews will be required to identify whether there are any associated revenues and the costs associated with those revenues. On top of that, Plaintiffs have demanded that Microsoft re-review nearly one million custodial documents. Nor is this a problem of Microsoft's making. This Court long ago affirmatively limited the scope of discovery from Microsoft regarding "future, anticipated, or later products" in the News cases (*Times* ECF 365 at 5 dated December 6, 2024), and it was Class Plaintiffs' insistence on amending their pleading that caused this problem.

To enable the Court to address the proportionality issues at the December 4 hearing, Microsoft proposed and Plaintiffs agreed that the parties submit simultaneous briefing of 5 pages each by 5 p.m. ET on November 24, 2025. The parties will also continue to meet and confer prior to that submission in an effort to narrow the issues. As part of that meet and confer process, Microsoft will provide a list of 4o implementations to Plaintiffs to assist them in understanding the scope of the proportionality issues.

**Plaintiffs' Position:**

Plaintiffs agree with Microsoft that the parties' disputes should be addressed at the December 4 conference. Plaintiffs also accept Microsoft's proposal to file simultaneous 5-page letter briefs on November 24, provided that Microsoft by November 19 identify the additional discovery it is willing to provide and, for discovery it is not willing to provide, disclose the fact declarations referenced above. That disclosure will enable the parties to further meet-and-confer on November 21 to narrow the scope of their disputes before the proposed briefing deadline.

Plaintiffs disagree with Microsoft's characterization of the meet-and-confer process. Following the "off-the-record" conversation summarized above, News and Class Plaintiffs on November 5 sent Microsoft a joint email detailing the additional discovery they seek. That list did not request "discovery into hundreds of additional products." Instead, the list includes the same discovery Plaintiffs have sought since early this year, including information about "Refreshed" Copilot as well as financial information related to how Microsoft has monetized GPT-4o and GPT-4o mini. *See Times* Dkt. 487 (The Times's March 31, 2025 motion to compel discovery into "Refreshed" Copilot); *Authors Guild* Dkt. 356 (Class Plaintiffs' March 31, 2025 motion to compel financial information related to these models).

      Microsoft's position misunderstands Plaintiffs' request. While Plaintiffs have asked for a list of all products that use these two models, Plaintiffs never indicated they plan to seek discovery into every product that Microsoft discloses. The list will help Plaintiffs decide what if any additional discovery is warranted on top of the discovery that Plaintiffs have already been requesting. Plaintiffs' request for this list is also far from new. The Times served an interrogatory in May *2024* asking Microsoft to identify all products that use Defendants' large language models, and Microsoft has not yet responded as to the GPT-4o and GPT-4o mini models. To the extent Microsoft finds itself pressed for time, that is a problem of Microsoft's own making which should not excuse Microsoft from fulfilling its discovery obligations.

Respectfully submitted,

*/s/ Annette L. Hurst*
Annette L. Hurst

*/s/ Jared B. Briant*
Jared B. Briant

*Counsel for Defendant Microsoft Corporation*

Respectfully submitted,

*/s/ Davida Brook*
Davida Brook
News Plaintiffs' Liaison Counsel

*/s/ Justin Nelson*
Justin Nelson
Interim Lead Class Counsel