## SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

1000 LOUISIANA
SUITE 5100
HOUSTON, TX 77002-5096
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

_____

| | | |
|---|---|---|
| 401 UNION STREET | ONE MANHATTAN WEST | 1900 AVENUE OF THE STARS |
| SUITE 3000 | NEW YORK, NY 10001-8602 | SUITE 1400 |
| SEATTLE, WA 98101-2668 | (212) 336-8330 | LOS ANGELES, CA 90067 |
| (206) 516-3880 | | (310) 789-3100 |

JUSTIN A. NELSON
DIRECT DIAL 713-653-7895

E-MAIL jnelson@susmangodfrey.com

November 25, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

> RE:  *In re OpenAI, Inc. Copyright Infringement Litigation* (No. 1:25-md-03143) This document relates to the following Class Cases: Case No. 1:23-cv-08292, Case No. 1:23-cv-10211, Case No. 1:24-cv-00084, Case No. 1:25-cv-03291, Case No. 1:25-cv-03482, Case No. 1:25-cv-03483.

Class Plaintiffs write in response to OpenAI's motion, Dkt. 877, to stay the Court's Order at Dkt. 846, which found that OpenAI's shifting and inconsistent invocations of privilege, its decision to publicly file a set of reasons for deleting a dataset and leave the filing public for over 15 months, and OpenAI's repeated attempts to improperly invoke privilege over non-privileged "reasons," justify, *inter alia,* waiving OpenAI's privilege assertions regarding the deletion of Books1/Books2 and LibGen material.

To justify a stay of a discovery order, OpenAI "bear[s the] heavy burden" of satisfying the typical requirements for a stay, namely, (1) "a strong showing that [it is] likely to succeed on the merits"; (2) that it "will be irreparably injured absent a stay"; (3) that a stay will not "substantially injure the other parties interested in the proceeding;" and (4) that the public interest favors a stay. *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 19-CV-9193, 2023 WL 5498962, at *4 (S.D.N.Y. Aug. 25, 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)). "This standard applies equally to a request for a stay pending resolution of objections to a magistrate judge's discovery ruling." *Id.*

But OpenAI's three-paragraph brief does not even attempt to show that it is likely to succeed on the merits, or that the public interest favors a stay, or address the substantial prejudice a stay would impose on Class Plaintiffs. And OpenAI is *not* likely to succeed, Class Plaintiffs *would* be substantially prejudiced by a stay, and OpenAI's claims of prejudice are unsubstantiated. The Court should thus deny OpenAI's request.

## I.    OpenAI Does Not Show It Is Likely to Succeed on the Merits

November 25, 2025
Page 2

The Court's November 24 Order was the result of more than a year of litigation, involving numerous motions, arguments at three hearings, multiple depositions, and at least four separate court orders. *See* Dkt. 846 at 2-9.

OpenAI's stay motion reflects merely its latest attempt to run out the clock on this issue after repeatedly delaying and thwarting Plaintiffs' attempts to access this critical information in discovery. The Court's Order exhaustively details OpenAI's prior efforts at delay and correctly applies the relevant law to find that (1) material previously withheld under Log 18 is not privileged, and (2) OpenAI has otherwise waived attorney client privilege regarding the reasons for the deletion of Books1, Books2, and LibGen material, and regarding communications concerning the same subject matter. *See* Dkt. 846 at 13-23.

For its part, OpenAI's motion does not argue that *any part* of the Court's order is wrong, much less that OpenAI is likely to succeed in its challenge. That failure is fatal: "Where a moving party fails to show any likelihood of success on the merits, a stay is not warranted." *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, No. 09-CV-3312 ARR ALC, 2010 WL 5437208, at *13 (E.D.N.Y. Dec. 17, 2010).

## II.    OpenAI Cannot Show Prejudice

OpenAI's claims of prejudice fall flat. To start, the operative Protective Order, Dkt. 367 at ¶ 18, permits OpenAI to claw back any privileged documents produced under the Court's order if Judge Stein were to grant OpenAI's forthcoming Rule 72 motion. Similarly, any depositions taken pursuant to the Court's order can be either redacted or entirely stricken depending on Judge Stein's ruling.

OpenAI's cases are inapposite. To the extent *In re von Bulow*, 828 F.2d 94, 98 (2d Cir. 1987), is even relevant, it only discussed prejudice that could have arisen from the potential of materials "exposed during the trial." But here Judge Stein will have an opportunity to review the Court's Order in a Rule 72 context well before summary judgment, much less trial. Even in the event that OpenAI prevails in a Rule 72 motion before Judge Stein—and they failed even to attempt to demonstrate the requisite likelihood of successfully doing so—any disclosures that OpenAI makes in the interim could be clawed back under the Protective Order. As for *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 7283886, at *2 (N.D. Cal. Nov. 2, 2023), the court there ordered a stay of only *four days*. *See id.* (order issued November 2 staying order until November 6). By contrast, OpenAI requests an indefinite stay, risking that the documents would be withheld even past the end of the year while time runs increasingly short before the February fact discovery cut-off.

## III.    Prejudice to Class Plaintiffs Would Be Substantial

The parties are in the midst of depositions in advance of the February discovery cutoff, with six depositions scheduled just in the next month, including of witnesses who Plaintiffs intend to ask about the conduct which is the subject of the Court's Order. Granting OpenAI's motion would impose immense logistical difficulties and substantially frustrate the schedule given the large number of depositions currently scheduled for December, January, and February and the relevance of this material to the issues in this case. *See* Dkt. 846 at 20 (holding, *inter alia*, that documents withheld by OpenAI were "probative of willfulness").

What's more, the requested stay would obstruct Class Plaintiffs' forthcoming spoliation motion. The information and testimony ordered by the Court appear likely to directly bear on  in OpenAI and its attorneys' state of mind when deleting LibGen material.

November 25, 2025
Page 3

### IV.      Conclusion

In these circumstances—where OpenAI fails to make *any* showing regarding its likelihood to succeed on the merits, and where any prejudice to OpenAI can be remedied but any prejudice to Plaintiffs' ability to build the necessary factual record cannot—there is no basis for the Court to grant OpenAI's stay request.

Class Plaintiffs thus respectfully request that the Court deny OpenAI's motion and require production and depositions on the schedule ordered in Dkt. 846.

Sincerely,

*/s/Justin A. Nelson*

Susman Godfrey, LLP
Interim Lead Class Counsel