January 22, 2026

*Sent via ECF*

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street New York, NY 10007-1312

    RE:    Joint Update on Remaining Motions in Class Chart, *In re OpenAI, Inc. Copyright Infringement Litigation* (No. 1:25-md-03143) This document relates to the following Class Cases: Case No. 1:23-cv-08292, Case No. 1:23-cv-10211, Case No. 1:24-cv-00084, Case No. 1:25-cv-03291, Case No. 1:25-cv-03482, Case No. 1:25-cv-03483.

Pursuant to the Court's directive at the January 15 Discovery Conference, the parties write to update the Court on the motions in the January 8, 2026 Class Chart (Dkt. 1149-3) that were not addressed at the Conference.

The parties have resolved the dispute on Class Plaintiffs' motion related to OpenAI's speaking objections (Dkt. 1053). 1/15 Hearing Tr. 83:4-84:8. OpenAI has withdrawn, without prejudice, its motion related to The Authors Guild's privilege clawbacks. *See* Dkt. 1149-3 at 2.

The parties remain at impasse on the following motions listed in the Class Chart. Class Plaintiffs ask the Court to prioritize the remaining issues in the Class Chart as follows:

1. **Class Plaintiffs' motion to compel documents and data related to regurgitation (Dkts. 1055, 1132):**

   a. **Joint Position:** The parties have resolved this dispute.

2. **OpenAI's motion seeking a protective order regarding the LibGen Test File deposition (Dkts. 1038, 1110):**

   a. **OpenAI's Position:** This dispute concerns Plaintiffs' attempt to improperly and belatedly expand the scope of an October 28 Court Order. Dkt. 709. That Order noted the Court was "in receipt" of "Class Plaintiffs' request for additional interrogatories *concerning the 'LibGen Test File'*," which was a term that Plaintiffs coined to describe a specific folder containing "nearly 100,000 LibGen books" downloaded in September 2019. *Id.* at 1 (citing Dkt. 659) (emphasis added). The Court's Order held that "additional discovery *regarding the LibGen Test File* is relevant and proportional to the needs of these cases." *Id.* at 1 (emphasis added).

   The Court permitted OpenAI to choose between responding to interrogatories (i.e. the "additional interrogatories *concerning the 'LibGen Test File'*") or designating a Rule 30(b)(6) witness "*on this topic.*" Dkt. 709 at 1–2 (emphases added). On November 12, after OpenAI told Plaintiffs in a meet-and-confer call that it would elect to designate a witness on the LibGen Test File, it filed a notice with the Court

to make its election clear. Dkt. 743. Plaintiffs' response was not to question OpenAI's interpretation, but instead to ask about potential dates for holding the "deposition *related to the LibGen Test File*." Dkt. 1038-1 (emphasis added). Thus the parties appeared to be in complete agreement as to the scope of the Court's Order.

However, on December 11—a month later—Plaintiffs served a deposition notice asserting 38 subtopics and seeking to expand the deposition far beyond the LibGen Test File to encompass *all* Library Genesis data ever acquired, processed, stored, or deleted, including testimony on the contents and size of every single one of the hundreds of thousands of alleged files.

OpenAI has moved for a protective order to limit the deposition to the discovery the Court expressly ordered. Dkt. 1038. That motion should be granted for three reasons.

*First*, Plaintiffs' notice exceeds the scope of the Court's Order, which expressly limits additional discovery to the "LibGen Test File."

*Second*, Plaintiffs' notice was substantially and unjustifiably delayed. Fact discovery closes February 27, and Judge Stein has made clear the Court intends to hold the parties to that deadline. It is not feasible, while the parties are already managing *over 100* depositions, to respond to Plaintiffs' 38 subparts, which would require OpenAI to review more than 100,000 files and identify metadata and collection-level information for each. Dkt. 1038-2 at 4.

*Third*, Plaintiffs' belated notice is unnecessary. Since December 16, OpenAI has repeatedly asked Plaintiffs to identify what incremental discovery their new topics seek beyond the many topics on which OpenAI is already designating witnesses—including Court-ordered topics concerning OpenAI's "efforts to acquire data from . . . Library Genesis," its "use of book datasets such as Library Genesis," and its "storage, organization, preservation, and/or deletion of data." Dkt. 848 at 5–6 (also submitted to the Court at 1038-4). An OpenAI witness is testifying on those topics *this week*. Plaintiffs have declined to identify any such delta and did not address the issue in their briefing. *See* Dkt. 1110.

The only justification Plaintiffs have articulated for trying to expand an order that allowed "additional discovery" only into "the LibGen Test File" is that the Court's Order gave Plaintiffs four hours of deposition time that would not count against their limits. That rationale was tenuous when offered in December and is no longer justified. Last week, the Court permitted Plaintiffs to reallocate thirty hours of Rule 30(b)(1) time to their Rule 30(b)(6) limits. Since the Court has *more than doubled* Plaintiffs' 30(b)(6) limits—giving them even more than the twenty-five additional hours that they requested—Plaintiffs no longer need to re-interpret the "LibGen Test File" deposition to extend beyond the scope of what the Court actually ordered.

Even so, in an effort to resolve this dispute without Court intervention, OpenAI proposed yesterday that if Plaintiffs agreed to limit the Court-ordered deposition to the LibGen Test File, OpenAI would not object to Plaintiffs reallocating some of the four hours of that deposition to other LibGen-related topics on which OpenAI is already designating witnesses.

Plaintiffs rejected that proposal, and instead insist that OpenAI should withdraw its protective-order motion, accept Plaintiffs' re-interpretation of the Court's Order notwithstanding its express language, and then either prepare a witness on these 38 subtopics within two business days—while simultaneously preparing witnesses on approximately 65 other topics—or provide verified interrogatory responses on a similarly accelerated timeline. In short, Plaintiffs now demand the same expanded discovery on an even more untenable schedule.[1]

The Court should grant OpenAI's motion for a protective order and limit the deposition to the additional discovery the Court found proportional to the needs of these cases—the LibGen Test File.[2]

**Class Plaintiffs' Position:** OpenAI's 1000-word "description" of its position above amounts to a brand-new brief re-hashing its arguments. OpenAI's new brief clearly violates the Court's instructions at the hearing not to "provide additional argument or we rely on X. I don't need to hear that. I don't need to hear what's already in the record." 01/15/26 Hearing Tr. at 242-43. Nor are there any new factual "developments since the last filings" which justify OpenAI's new brief. *Id.* at 243. This new brief complains about "delay" even though any delay here is entirely due to OpenAI's refusal to provide a witness on the topics within the scope of the Court's Order at Dkt. 709. The Court should not consider OpenAI's untimely and improper new brief.[3]

---

[1] Plaintiffs complain about the length of OpenAI's Position Statement but do not address its substance. Moreover, the Statement complies with the Court's directive to "tell me about developments since the last filings" (1/15/26 Rough Tr. at 243:11) by addressing intervening developments directly relevant to this dispute, including Judge Stein's reaffirmation of the February 27 fact-discovery deadline—which makes duplicative depositions even more infeasible—and this Court's order more than doubling Plaintiffs' deposition hours, eliminating the only justification Plaintiffs have offered for expanding the deposition's scope.

[2] If the Court is inclined to revisit the scope of its Order at this late date and allow much broader discovery into each of those 38 subtopics, then there was no meeting of the minds when OpenAI elected to put up a witness solely on the "LibGen Test File." Plaintiffs previously agreed that OpenAI could revisit that election if the Court expanded the scope of its Order as dramatically as Plaintiffs were requesting. And OpenAI would obviously need significant additional time to prepare additional witness testimony or to answer interrogatories given the competing demands of over 100 depositions scheduled in the next six weeks. Moreover, because most of the relevant employees with personal knowledge left OpenAI some time ago, Plaintiffs first need to complete their depositions of those former employees (which they did not schedule until February) before OpenAI could respond. Again, the morass of competing (and overlapping) discovery counsels strongly in favor of interpreting the Court's Order to mean exactly what it says: that additional discovery into the Test File, and only the Test File, is relevant and proportional.

[3] Class Plaintiffs note that this is not the first time OpenAI has misused the joint filing process in violation of Court's instructions. *See, e.g.,* Dkt. 950 at 2 ("OpenAI shared its 676 word statement at 2:25 AM ET on December 11 so Class Plaintiffs cannot respond in full at this time."). This conduct impedes the ability of the parties to engage in good faith

As set forth in Class Plaintiffs' response at Dkt. 1110, OpenAI has unjustifiably delayed providing the 30(b)(6) expressly required by the Court's Order of October 28, 2025 at Dkt. 709. The scope of that 30(b)(6) was coextensive with the interrogatories the Court offered OpenAI as an alternative. *See* Dkt. 1110 at 2-3. The Court should reject OpenAI's arguments for the same reasons it did the first time, *see* Dkt. 709, and require OpenAI to make a 30(b)(6) witness available on the topics in Class Plaintiffs' notice, *see* Dkt. 1038 Ex. B. In the alternative, Class Plaintiffs would also accept answers to the two interrogatories set forth in Dkt. 659 Ex. 10 in writing by February 5, 2026.

3. **Class Plaintiffs' motion to compel Microsoft Office Financials (Dkts. 1000, 1087):**

   a. **Class Plaintiffs' Position:** Class Plaintiffs ask the Court to prioritize this dispute given the upcoming deposition of Jon Tinter, one of Microsoft's two Rule 30(b)(6) designees on Microsoft's revenues for products incorporating OpenAI's large language models.[4] Class Plaintiffs attach two new pieces of evidence that rebut Microsoft's argument (raised for the first time in Microsoft's response) that the Microsoft 365 base license did not include Copilot until September 2025:
      (1) January 13, 2026 testimony from Xia Song, Microsoft's Corporate Vice President for Turing, that Microsoft began incorporating Copilot into Microsoft 365 *more than two years ago,* Ex. 1;
      (2) and a public document indicating that Microsoft began incorporating Copilot into certain Microsoft 365 base subscriptions *as early as October 2024* and in all Microsoft 365 base personal and family subscriptions starting January 2025, Ex. 2.

   Contrary to Microsoft's improper arguments below, Plaintiffs' motion is not limited to M365 Enterprise and clearly seeks limited financials for M365 personal, family, and premium subscriptions. *See* Dkt. 1000 at fn.1 ("The three kinds of Microsoft 365 subscriptions are personal ($99.99/year), family ($125.99/year), or premium ($199.99/year)"); *see also* Dkt.1000-3 (listing personal, family, and premium M365 accounts). Microsoft now admits that M365 included Copilot as of January 2025, and both Ex. 1 and Mr. Song's testimony in Ex. 2 confirm that the base subscriptions of M365 include Copilot. The limited financials Plaintiffs seek related to the M365 base subscriptions should be produced for the reasons articulated in Plaintiffs' motion.

   b. **Microsoft's Position.** The parties remain at an impasse because the financial documents Class Plaintiffs request are neither relevant nor proportional to the needs

---

exchanges or joint filings and Class Plaintiffs respectfully request that the Court specifically instruct OpenAI to refrain from such conduct in the future.

[4] Mr. Tinter's deposition was originally scheduled for January 28 and January 29. Given Microsoft's material changes to topics for which Mr. Tinter was designated as Microsoft's corporate representative, Plaintiffs have asked Microsoft to move this deposition to sometime during the month of February.

of this case. As an initial matter, Plaintiffs' suggestion of urgency is unfounded. Microsoft's Rule 30(b)(6) designee on "revenues for products incorporating OpenAI's LLMs" is Katie Griffith—*not* Jon Tinter—and Ms. Griffith's deposition is not scheduled until **February 26**. As for the additional evidence on which Plaintiffs purport to rely, it is entirely divorced from the basis for their original motion, which focused its argument and images on M365 Enterprise. Plaintiffs now submit evidence on an entirely different product, the consumer version of M365. While the Court's order suggested that the parties could indicate if they need to add "evidence" or provide "information on developments since the last filing", the Court's Order did not open the door for Plaintiffs to introduce evidence on products that were not briefed or the basis of Plaintiffs' prior motion. January 15, 2026 Hr'g Tr. at 242-3 ("Don't provide additional argument or we rely on X. I don't need to hear that."). Regardless, this new evidence does not change the lack of relevance or the proportionality arguments set forth in Microsoft's prior filings in any way – those arguments apply with equal force to consumer M365 Copilot. The consumer product did not officially launch until January 2025 and when it did, it launched with feature limits on AI, usage caps and AI credits which all depend on the plan selected by the user, but none of which is separately priced. As a result, all the burden described with respect to Enterprise M365 pertains equally to consumer M365 in terms of parsing through the applications available, determining which offer AI, and what value may or may not be attributed to that feature. With respect to the testimony from Xia Song, a close read makes clear that Mr. Song did not know when Copilot was integrated with the Consumer M365 offerings (Song 30(b)(1) Dep. Tr. at 70:6-7) and otherwise, merely testified that the work to integrate Copilot into Microsoft's M365 enterprise products began years ago (*id.* at 71:1-7). Nothing about that changes the launch dates of those products. This motion should be denied for all the reasons set forth in Microsoft's prior submissions on this issue.

4. **Class Plaintiffs' motion to compel documents related to the Disney deal (Dkts. 1077, 1124):**

    a. **Joint Position:** The parties remain at impasse on this issue and have no additional updates for the Court.

5. **Class Plaintiffs' motion to compel OpenAI to log outside counsel communications related to Books1 and Books2 deletion (Dkts. 1030; 1109):**

    a. **Joint Position:** The Parties ask the Court to defer ruling on this issue until after Judge Stein rules on OpenAI's Rule 72 objection on OpenAI's assertions of privilege related to the deletion of the Books1 and Books2 datasets.

                                                          Respectfully,

*/s/ Justin Nelson*
Justin Nelson
Susman Godfrey L.L.P.
*Counsel for Class Plaintiffs*

*/s/ Thomas E. Gorman*
Thomas E. Gorman
Keker, Van Nest & Peters LLP
*Counsel for OpenAI Defendants*

*/s/ Lisa T. Simpson*
Lisa T. Simpson
Orrick, Herrington & Sutcliffe LLP
*Counsel for Microsoft*

*cc: All Counsel of Record (via ECF)*