

February 4, 2026

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

cc: All Counsel of Record (via ECF)

Re:   **_OpenAI's Opposition to Plaintiffs' Motion for Additional Deposition Time_ (ECF 1216)**

Dear Magistrate Judge Wang,

OpenAI opposes Plaintiffs' request for 60 additional deposition hours. Plaintiffs make no showing under Rule 26 that they are entitled to any additional hours, let alone 60 more. Plaintiffs identify no new facts, no unforeseen developments, and no change in circumstances that could justify revisiting—much less tripling—the request the Court denied without prejudice less than three weeks ago. Indeed, Plaintiffs concede that this request for 60 more hours is "primarily based on the _same_ arguments raised in their January 5 brief[.]" ECF 1216 at 2 (emphasis added). Plaintiffs' request is also facially impracticable. Plaintiffs still have more than 80 hours of unused deposition time of the 235 permitted under the existing protocol. It is not feasible to complete those 80 hours of depositions _and_ anything approaching the additional 60 hours of deposition testimony Plaintiffs now seek before the February 27 fact discovery cutoff. The parties and the Court should be focused on bringing fact discovery to a close, not further expanding it.

OpenAI has carefully managed its deposition time in accordance with the limits set forth in the Deposition Protocol the Court entered after extensive negotiation seven months ago. _See_ ECF 355. Plaintiffs have not exercised similar discipline. They have pursued duplicative and inefficient depositions—noticing overlapping witnesses, revisiting the same topics repeatedly, and wasting substantial time on marginal or irrelevant issues. Rule 26 does not permit Plaintiffs to

4108153

KEKER VAN NEST & PETERS            LATHAM & WATKINS LLP            MORRISON FOERSTER

exhaust the existing limits through inefficient discovery and then seek an eleventh-hour expansion to compensate for their lack of planning.[1]

The procedural history confirms that Plaintiffs' request should be denied. Just last month, Plaintiffs moved for **30** additional hours of Rule 30(b)(6) testimony and **20** additional hours of Rule 30(b)(1) testimony. ECF 1073. At the January 15 discovery conference, the Court granted Plaintiffs relief over OpenAI's objection, allowing them to reallocate 30 hours of deposition time to conduct 30(b)(6) depositions—providing Plaintiffs with a total of **55** hours of 30(b)(6) testimony from OpenAI witnesses. ECF 1170 at 5. The Court denied without prejudice Plaintiffs' request for 20 additional Rule 30(b)(1) hours. *Id.* The Court requested an update at the upcoming discovery conference "on how the time has been allocated and used and whether there is still a need for 20 hours, whether there is a need for more or less than 20 hours for 30(b)(1) time[.]" Jan. 15, 2026 Hr'g Tr. at 150:13-151:1.

Plaintiffs' use of time since the last conference demonstrates why no additional time is warranted. Since the last conference through February 2, Plaintiffs have taken 10 depositions of current or former OpenAI employees, using 66 hours (an average of 6.6 hours per witness). That includes 27 hours of Rule 30(b)(6) testimony. In other words, Plaintiffs are averaging nearly 7 hours with each OpenAI witness. As of February 2, Plaintiffs have more than 80 hours of unused time with OpenAI witnesses, including 22 hours of Rule 30(b)(6) testimony.

Nevertheless, Plaintiffs now return to the Court just two weeks later requesting ***60*** additional hours—three times the Rule 30(b)(1) time they previously sought—and including up to 15 more hours of Rule 30(b)(6) testimony. Plaintiffs make no serious effort to explain why the arguments that allegedly justified 20 hours in early January now justify 60. ***Indeed, Plaintiffs concede that their "request is primarily based on the same arguments raised in their January 5 brief."*** ECF 1216 at 2 (emphasis added). That concession is dispositive: Plaintiffs identify no new information or changed circumstances that would warrant revisiting the Court's recent ruling.

Plaintiffs' principal justification for additional Rule 30(b)(1) hours is that "OpenAI belatedly disclosed five new potential trial witnesses under Rule 26 in October 2025." *Id.* That

---

[1] Courts deny requests to expand deposition time where, as here, the movant simply regrets the bargain it struck or prefers a different allocation of discovery resources. *See In re: Lithium Ion Batteries Antitrust Litig.*, 2016 WL 1657658, at *2 (N.D. Cal. Apr. 27, 2016) ("[D]issatisfaction with the way [the parties] have used or ceded their allotted deposition time does not constitute good cause for amending the provision[.]").

4108153

argument fails for the same reasons the Court declined to grant relief previously. As OpenAI explained in opposing Plaintiffs' January 5 motion, all but one of the witnesses are not actually "new." *See* ECF 1113 at 4. News Plaintiffs sought Mr. Dyett's deposition one year ago. The same holds true for Plaintiffs' requests for both Mr. Rynerson and Ms. Korovesis. Those witnesses were disclosed to Class Plaintiffs in March 2025, several months before the Court entered the Deposition Protocol. Mr. Schwarzer was disclosed to replace a witness (who had left the company at the time), but OpenAI has now withdrawn that designation and notified Plaintiffs that it will remove Mr. Schwarzer from its initial disclosures. This leaves only one "new" witness: Mr. Perelman. Plaintiffs have since deposed Mr. Perelman, using 3.5 hours with him. Plaintiffs cannot credibly rely on a completed 3.5 hour deposition as the basis for requesting 60 additional hours of testimony.[2]

Plaintiffs' request for additional 30(b)(6) time is equally unfounded. Plaintiffs repeat the same argument they raised in January: that OpenAI designated multiple witnesses in response to Plaintiffs' broad Rule 30(b)(6) notices. But the Court already granted Plaintiffs' January 5 request for 30 additional Rule 30(b)(6) hours on that basis. Plaintiffs offer no explanation why that relief is insufficient, nor any reason why the Court should revisit its determination. Indeed, Plaintiffs have 22 hours of Rule 30(b)(6) remaining to use.

Rule 26(b)(2)(C) *requires* courts to limit discovery that is cumulative, duplicative, or disproportionate, or if a party "has had ample opportunity to obtain the information" sought. Plaintiffs have made no effort to show that there is good reason to revisit the Deposition Protocol and this Court's January 15 Order. Plaintiffs' focus on the number of hours per remaining witness misses the point. The question under Rule 26 is whether Plaintiffs have "had ample opportunity to obtain the information" sought, *see* Fed. R. Civ. P. 26 (b)(2)(C), not whether they can depose every witness they have elected to notice for as long as they want. Plaintiffs' decision to cast an overbroad net for witnesses (they have requested depositions of more than 56 current and former OpenAI employees) does not justify expanding deposition limits that already provide sufficient

---

[2] Plaintiffs suggest that additional deposition time is warranted because OpenAI has purportedly "dump[ed] hundreds of documents" shortly before depositions. That accusation is unsupported and overblown. In fact, *Plaintiffs* have repeatedly produced documents on the eve of—and in some instances *after*—depositions of their own witnesses. Just last week, Ziff Davis produced nearly 900 pages of documents after 6:30 pm the night before a deposition of one of its witnesses. And recently, Plaintiffs David Baldacci and Michael Connelly each produced documents *during their depositions*. Regardless, Plaintiffs offer no explanation of how any allegedly late production by OpenAI could justify an additional 60 hours of deposition testimony.

KEKER VAN NEST & PETERS          LATHAM & WATKINS LLP          MORRISON FOERSTER

discovery. Indeed, as noted above, since the last conference Plaintiffs have chosen to spend on average nearly seven hours with each OpenAI witness, which is consistent with their practice over the course of the case—where they have spent on average more than 5 hours with each OpenAI witness.

Plaintiffs have and will continue to receive extensive Rule 30(b)(1) and Rule 30(b)(6) testimony on all of the relevant issues in the case. Indeed, as of the date of this letter, Plaintiffs have already deposed **30** current and former OpenAI witnesses over more than 150 hours. Those depositions have addressed all the contested issues in these cases, including (but not limited to) the acquisition and use of training data from the internet (including from so-called shadow libraries), OpenAI's process for training LLMs from start to finish, alleged regurgitation by the relevant models and OpenAI's efforts to mitigate regurgitation, OpenAI's relationship with Microsoft and the agreements between OpenAI and Microsoft, data shared between OpenAI and Microsoft, OpenAI's knowledge of Microsoft's role in the acquisition of training data used in the relevant LLMs (including the Bing index), the alleged licensing market for Plaintiffs' works, and more. Plaintiffs have undoubtedly "had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C).

Judge Stein concluded the January 16 hearing with an admonition that he "intend[s] to hold" the parties to the February 27 discovery cutoff. Jan. 16, 2026 Hr'g Tr. at 90:2-3. That should be the parties' focus over the next few weeks, not adding additional deposition hours that could not possibly be completed. Plaintiffs' request for additional hours is not justified by good cause, is contrary to Rule 26, and is inconsistent with Judge Stein's admonition regarding the discovery cutoff.

For the foregoing reasons, OpenAI respectfully requests that the Court deny Plaintiffs' motion for additional deposition hours.

Respectfully,

| KEKER, VAN NEST & PETERS LLP[3] | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| /s/ R. James Slaughter | /s/ Herman Yue | /s/ Caitlin S. Blythe |

---

[3] All parties whose electronic signatures are included herein have consented to the filing of this document.

4108153