UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.<br><br>COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates To:<br><br>All Cases | Case No. 1:25-md-3143-SHS-OTW |

**DEFENDANT MICROSOFT CORPORATION'S
RESPONSE TO PLAINTIFFS' MOTION TO SEAL**

Pursuant to Paragraph 34 of the Stipulated Protective Order (ECF 367), Defendant Microsoft Corporation ("Microsoft") submits this response to Plaintiffs' Motion to Seal (ECF 1372) requesting that certain redacted portions of Plaintiffs' letter brief outlining their remaining discovery disputes ("Letter") (ECF 1383) and Appendix A (ECF 1383-1) are sealed, and Appendix B (ECF 1383-2), Exhibit 2 (ECF 1383-5), Exhibit 17 (ECF 1383-20), Exhibit 19 (ECF 1383-22), Exhibit 20 (ECF 1383-23), and Exhibits 28-31 (ECF 1383-31 to ECF 1383-34) are sealed in their entirety. Specifically, Microsoft requests the second redaction in § I.c., all redactions in § IV.a.ii., and the first redaction in § IV.e.iii. of the Letter, as well as the redaction in § IV.a.iii. of Appendix A remain redacted.[1]

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "The proponent of sealing 'must demonstrat[e] that closure is essential

---

[1] Microsoft can provide a revised redacted version of the Letter and Appendix A upon request.

to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions . . . ." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "[W]hile a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

Appendix B, Exhibit 2, Exhibit 17, Exhibit 19, Exhibit 20, and Exhibits 28-31 to the Letter include privilege log entries, deposition testimony, and documents that include information that is highly confidential, the disclosure of which would unfairly prejudice Microsoft. These exhibits, which have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" pursuant to the Protective Order, contain highly confidential information about Microsoft's confidential internal work and work with OpenAI and third parties as well as the confidential email addresses of various Microsoft employees. *See* Ex. A (Declaration of Lucky Vidmar). Appendix B, Exhibit 2, Exhibit 17, Exhibit 19, Exhibit 20, and Exhibits 28-31 are also documents and testimony that have been exchanged during the course of discovery and are designated under the Protective Order. Similarly, the requested redactions all describe or quote from these confidential exhibits and likewise include highly confidential information about Microsoft's confidential internal work and work with OpenAI and third parties. *See* Ex. A.

The information Microsoft seeks to seal and redact is the type of information commonly found to warrant sealing. *See* ECF 931 (granting motion to seal similar information and documents

in this case); *New York Times*, ECF 378 (same); *see also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted) (concluding that proposed redactions were "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'").

For the reasons stated above, and those set forth in the Declaration of Lucky Vidmar, Microsoft supports Plaintiffs' Motion to Seal (ECF 1372) requesting that certain redacted portions of Plaintiffs' letter brief outlining their remaining discovery disputes (ECF 1383) and Appendix A (ECF 1383-1) are sealed, and Appendix B (ECF 1383-2), Exhibit 2 (ECF 1383-5), Exhibit 17 (ECF 1383-20), Exhibit 19 (ECF 1383-22), Exhibit 20 (ECF 1383-23), and Exhibits 28-31 (ECF 1383-31 to ECF 1383-34) are sealed in their entirety. Specifically, Microsoft requests the second redaction in § I.c., all redactions in § IV.a.ii., and the first redaction in § IV.e.iii. of the Letter, as well as the redaction in § IV.a.iii. of Appendix A remain redacted.

Dated: March 6, 2026                    Respectfully submitted,

                                        */s/ Jared B. Briant*
                                        Jared B. Briant (admitted *pro hac vice*)
                                        Kirstin L. Stoll-DeBell (admitted *pro hac vice*)
                                        FAEGRE DRINKER BIDDLE & REATH LLP
                                        1144 Fifteenth Street, Suite 3400
                                        Denver, CO 80202
                                        Telephone: (303) 607-3500
                                        Facsimile: (303) 607-3600
                                        Email: jared.briant@faegredrinker.com
                                        Email: kirstin.stolldebell@faegredrinker.com

                                        Annette L. Hurst (admitted *pro hac vice*)
                                        ORRICK, HERRINGTON & SUTCLIFFE LLP
                                        The Orrick Building
                                        405 Howard Street
                                        San Francisco, CA 94105-2669
                                        Telephone: (415) 773-5700
                                        Facsimile: (415) 773-5759
                                        Email: ahurst@orrick.com

Christopher Cariello
Marc Shapiro
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York: NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com
           mrshapiro@orrick.com

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
           lnajemy@orrick.com

Carrie A. Beyer (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL 60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
Email: carrie.beyer@faegredrinker.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*