**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
IN RE:                                              :
                                                    :
OPENAI, INC.,                                       :          25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,                  :
                                                    :
                                                    :          **SEALING ORDER**
This Document Relates To:                           :
**All Actions**                                     :
                                                    :
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

Pending before the Court are four motions to seal regarding News Plaintiffs' initial

allegations, from May 2025, that OpenAI intentionally destroyed consumer output log data for

its various ChatGPT products. (*See* ECF Nos. 23, 30, 35, 37). For the reasons discussed below,

the parties' motions are **GRANTED**.

     **I.**       **BACKGROUND**

        A.  December 18th Order

The Court assumes familiarity with the facts and history of this case. On December 18,

2025, I ordered supplemental briefing from OpenAI on the foregoing motions after finding that

the parties' submissions provided "insufficient information to determine whether the proposed

redactions and/or withholdings should be sealed." (ECF No. 989 at 7 (the "December 18

Order")). I further determined that the materials at issue constitute judicial documents subject

to a strong presumption of public access, and as such will not be revisiting that discussion in

this Order. *Id.* at 6–7 (citing cases).

Specifically as to Plaintiffs' motions to seal at ECF Nos. 23 and 30, I expressed concern

that Plaintiffs' letter levied "serious accusations that OpenAI had deleted certain output log

data that is relevant to this litigation," and that Plaintiffs' supplemental briefing was "related to and indeed began a long foray into potential spoliation," therefore, "the supplemental letter and all attached exhibits are judicial documents entitled to a strong presumption of public access." (December 18 Order at 6–7) (citing cases).

### B.  Supplemental Briefing

In their renewed motion, OpenAI gives additional support for maintaining these materials under seal, narrowing portions of their request from a full sealing of the documents to more tailored redactions. OpenAI proffers that the material they seek to redact falls into two categories: "(1) technical information, including internal data filenames," and (2) proprietary business information, including descriptions of the character and quantity of data that OpenAI collects, tracks, and retains." (ECF 1093 at 1) (emphases added).

### II.    LEGAL STANDARD

The common law right of public access to judicial documents is based on "the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). The First Amendment also secures, to both the public and the press, a right of access to civil proceedings. *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984). When determining whether documents at issue on a motion to seal are subject to this common law right, the court must first conclude that the documents at issue are judicial documents. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006).

If the Court determines that the documents at issue are judicial documents, and that therefore the constitutional and common law presumption of access attaches, it must then

2

determine the presumption's weight. *Id.* Finally, the Court balances competing considerations against the presumption of access. *Id.* at 120 (citing *Amodeo*, 71 F.3d at 1050). When faced with judicial documents, "continued sealing … may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing is narrowly tailored to achieve that aim." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Under both constitutional and common law frameworks, the burden of justifying sealing rests with the moving party. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Because a determination as to judicial documents has already been made, the final step of the *Lugosch* framework requires the Court to determine if any countervailing or higher values outweigh the right of public access to that judicial document. *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *2 (S.D.N.Y. May 5, 2020).

### III.    DISCUSSION

#### A.   News Plaintiffs' Supplemental Letter Brief (ECF 22-1 at 1–4)[1]

I find that the parties have met their burden in justifying sealing the proposed redacted material even with the heightened presumption of access. Starting with News Plaintiffs' supplemental letter, OpenAI describes the information that they seek to redact as falling into the second category, proprietary business information, including descriptions of the character and quantity of data that OpenAI collects, tracks, and retains. (ECF 1093 at 4). The redacted material on page two[2] is the number of user conversations that OpenAI destroyed between December 27, 2023, and March 31, 2025. (ECF 22-1). OpenAI requested that this number be sealed because "specific amounts of data … constitutes highly sensitive proprietary

---

[1] This document is filed publicly with redactions at ECF Nos. 21-1, 27, and 29.
[2] The page numbers referenced in this Order refer to ECF page numbers.

information," the type that OpenAI treats "as confidential or highly confidential." (ECF 35 at 3).

In their supplemental briefing, OpenAI argues that disclosure of this information would "give

OpenAI's competitors insight into key usage metrics and data tracking priorities that inform

OpenAI's proprietary development processes and cause competitive harm." (ECF 1093 at 4).

Whether a document or figure is kept confidential in the ordinary course of business

does not, *de facto*, constitute a sufficient reason to seal such a document or figure in a judicial

document. *See Capricorn Mgmt. Systems*, 2019 WL 2019 WL 5694256, at *20. Here, OpenAI has

explained that disclosure of how and when user conversation data was deleted will "expose

strategic decisions about OpenAI's data collection and retention practices, providing valuable

insight into its current business practices that a competitor would seek to exploit…" (ECF 1093

at 4, internal citations omitted). Accordingly, OpenAI has justified maintaining the proposed

redactions at ECF 22-1 at 2–4 at this time.

B.  Exhibit A to News Plaintiffs' Letter Brief (ECF 22-1 at 7–11)[3]

Exhibit A to News Plaintiffs' supplemental letter is a letter sent on March 31, 2025, from

Elana Nightingale Dawson to Jennifer Maisel that has been marked "Highly Confidential –

Attorneys' Eyes Only." The letter generally describes the parties' dispute as to OpenAI's

preservation practices related to this litigation, OpenAI's ability to search deleted user

conversation data, the technological burden of creating a "new tool" to address News Plaintiffs'

requests, and includes a chart with the approximate number of ChatGPT Free, Pro, and Plus

Conversations that were retained and deleted across different types of accounts, and a graph of

ChatGPT's deletion of user conversation logs over time. OpenAI previously argued that this

---

[3] This document is filed publicly with redactions at ECF Nos. 21-1, 27-2, 29-2.

letter should be sealed in its entirety because it contains: "(i) internal filenames, hyperlinks, URLs, user IDs, and technological markers that are highly sensitive"; and/or "(ii) information pertaining to the processes that OpenAI uses to train and evaluate ChatGPT models and analyses of data and figures which are highly sensitive and ordinarily kept confidential." (ECF 35 at 2–3). The supplemental briefing now seeks to redact specific pages, as opposed to sealing the entire letter, on the grounds that disclosure of such information contains "data filenames and internal technical information," that would give their competitors "insight into key usage metrics and data tracking priorities that inform OpenAI's proprietary development processes," and would "cause competitive harm." (ECF 1093 at 4). They also seek to redact information on the same range of pages under the second category of information. *Id.* at 5.

OpenAI interposes the same conclusory assertions that the proposed redacted information is commercially sensitive and could "compromise OpenAI's cybersecurity by allowing cybercriminals or other bad actors to exploit, or attempt to exploit, OpenAI's systems." (ECF 1093 at 3). OpenAI does not explain how this would be the case, referring generally to "data filenames" without even informing the Court where such "filenames" are located in the proposed redactions. Nor does OpenAI delineate which information on the pages is protected under which category (or both) of information. Indeed, included on the pages marked for redaction is a case cite and parenthetical that shed no light on OpenAI's technical or internal business information. Additionally, the letter contains the number of ChatGPT user conversations that OpenAI has retained in the ordinary course. This number has been filed on the docket by OpenAI. *See* ECF 65 at 18. ("News Plaintiffs' proposed search in this case would involve *over 60 billion* such records.").

OpenAI does not cite or reference any case law to explain how the proposed redactions should be addressed or distinguish cases that deny sealing of sensitive commercial information. On that basis alone, OpenAI has not met their burden to justify sealing Exhibit A. However, noting the one-sidedness of the sensitivity and the commercial risk, the Court grants sealing of these documents for the following reasons.

OpenAI is correct that information posing a security threat and confidential business information is generally deemed confidential and permitted to be filed under seal. *See Rand v. Travelers Indemnity Co.*, 21-CV-10744 (VB) (VR), 2023 WL 4636614, at *2-3 (S.D.N.Y. July 19, 2023) (sealing information that could pose a cybersecurity threat); *see also IBM Corp. v. Micro Focus (US), Inc.*, 22-CV-9910 (VB) (VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) (sealing confidential business and financial information); *Kewazinga Corp. v. Microsoft Corp.*, 18-CV-4500 (GHW), 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (sealing "proprietary data collection procedures").

However, ECF 22-1 at 9 only contains generalized statements about OpenAI's deletion practices during this litigation and the technological burden with News Plaintiffs' specific requests, topics that the parties and the Court have discussed without reservation in open court. (*See, e.g.*, ECF 43-2, Jan. 22, 2025, Tr. at 32-52) (Maisel and Nightingale Dawson discussing burdens of the "technological and engineering ways" to manage the deletion issue in open court, while exercising caution to withhold the specific number of conversations that have been retained and/or deleted).

In other words, OpenAI has failed to explain how the material they seek to redact contains the type of sensitive business information that warrants sealing. To the extent the letter contains specific figures and details as to OpenAI's deletion of ChatGPT user conversation

data, including potential filenames and other categories and other analyses, OpenAI has not sufficiently explained how said data and filenames, if disclosed, would pose a cybersecurity risk. In *Rand*, Judge Reznik sealed exhibits that revealed response tactics to cybersecurity threats, internal cybersecurity assessments, and presentations concerning cybersecurity risks. *Rand*, 2023 WL 4636614, at *2. By contrast, Judge Reznik declined to seal exhibits that contained only confidential communications about facts already in the public domain. *Id.* Here, OpenAI has not provided the same degree of specificity linking the information at issue to a potential cybersecurity compromise.

Nevertheless, based on the Court's own review of the information sought to be redacted, the Court finds that the material describing the usage metrics and tracking priorities contains sensitive information of OpenAI's strategic business decisions and warrant sealing. The Court finds that OpenAI's asserted interest in maintaining the confidentiality of sensitive business information outweighs the presumed right of public access to the information as it pertains to the letter. I find it salient to distinguish Judge Castel's decision in *Valassis* here. *Valassis Commc'ns, Inc.*, 2020 WL 2190708, at *3. In *Valassis*, Judge Castel concluded that the company's privacy interest in financial metrics relating to an industry it had exited years earlier did not outweigh the public's right of access, noting that disclosure of stale data from a defunct business line could not plausibly disadvantage the company in any current market. By contrast, the business information at issue in this case concerns the active and highly competitive industry of generative artificial intelligence. The disclosure of such non-public strategic information could reasonably be expected to yield competitive harm. Accordingly, unlike in *Valassis*, the party's continuing business operations create a substantial and legitimate privacy interest that weighs in favor of sealing.

In light of the Court's review and analysis, sealing is granted in this instance.

C.    Exhibit C to News Plaintiffs' Letter Brief (ECF 22-1 at 18-20)[4]

Exhibit C is the declaration of Lillian Dai filed in support of News Plaintiffs' supplemental letter. The redacted information in this declaration includes the same data and graph as News Plaintiffs' supplemental letter regarding the number of user conversations that OpenAI deleted during this litigation. For the same reasons stated above, sealing is warranted in this instance.

D.    Exhibit D to News Plaintiffs' Letter Brief (ECF 22-1 at 21-24)[5]

Exhibit D is a letter from Jennifer Maisel to Elana Nightingale Dawson in response to OpenAI's March 31, 2025, letter at Exhibit A. The information redacted on page 22 and the first redaction to page 23 (i.e., all redactions before "II. Chat GPT Free, Pro, and Plus") of Exhibit D discuss OpenAI's "data tracking priorities" regarding their retention of ChatGPT API and ChatGPT Enterprise conversations. (ECF 1093 at 4).

For the reasons discussed above, sealing is justified as to this information. Also redacted on page 23 are paragraphs (1) – (6) under the heading "II. ChatGPT Free, Pro, and Plus," which contain questions from News Plaintiffs regarding OpenAI's retention practices and the data in Exhibit A described above. OpenAI seemingly only seeks to redact paragraphs (1) – (4) on the grounds that these questions contain "file names, hyperlinks, URLs, user IDs, and technological markers" that are "highly sensitive and ordinarily kept strictly confidential." (ECF 35 at 2; ECF 1093 at 4). The only information that could be the filenames or other technological markers referenced is the quoted language in paragraphs (1) – (6), all of which are included in the table

---

[4] This document is filed publicly with redactions at ECF Nos. 21-1, 27-5, 29-5.
[5] This document is filed publicly with redactions at ECF Nos. 21-1, 27-5, 29-5.

on page ten of Exhibit A that I held above warranted sealing in this instance.[6] The Court grants

sealing of these documents for the reasons articulated above.

For these reasons, the parties' motions to seal News Plaintiffs' supplemental letter and

the exhibits attached thereto are **GRANTED.**

### E.  OpenAI's Motion for Reconsideration (ECF 39-1)

As to the material that OpenAI seeks to seal, OpenAI has satisfied its burden to justify

sealing in light of the heightened presumption of public access. First, OpenAI seeks to seal part

of footnote 4 on page two of its motion. The redacted material pertains to the number of

ChatGPT user conversations that were deleted and retained during this litigation and is a

variation of the chart provided in News Plaintiffs' Supplemental Letter Brief, and Exhibits A and

C thereto. For the same reason, sealing is granted as to the redacted chart on page three, and

the remaining redacted material on the same page.

Accordingly, OpenAI's motion to seal portions of its motion for reconsideration at ECF

39-1 is **GRANTED.**

### IV.    CONCLUSION

In sum, the parties' motions to seal (ECF Nos. 23, 30, 35, 37) are **GRANTED.**

---

[6] The proposed redactions here are slightly overbroad because they include News Plaintiffs' general questions regarding the data they received, and there is no justification for sealing non-confidential general questions such as "What are the differences between and definitions of…?" and "what do the grayed-out boxes in the chart mean…?". Given the numerous filings in this case, the non-confidential words need not be revealed at this time in yet another filing. The Court requests the parties be more precise with redactions in the future.

The Clerk of Court is respectfully directed to close the following ECF Nos. in **Case No. 25-MD-3143**: 23, 30, 35, 37, 1093; and **in Case No. 23-cv-11195**: 547, 553, 555.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: March 25, 2026                    **Ona T. Wang**
     New York, New York             United States Magistrate Judge