**Debevoise**
**& Plimpton**

**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

**Megan K. Bannigan**
**Partner**
mkbannigan@debevoise.com
+1 212 909 6127

March 27, 2026

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> ***In Re: OpenAI, Inc. Copyright Infringement Litig.*, No. 1:25-md-03143**
> **This document relates to Class Case No. 1:23-cv-08292, and No. 1:23-cv-10211**

Dear Judge Wang:

We represent non-parties Hachette Book Group, Inc, HarperCollins Publishers LLC, Macmillan Holdings, LLC and Penguin Random House LLC (together, the "Publishers"). Pursuant to Section VI.b of this Court's Individual Practices, the Publishers request that the Court approve the redactions applied to the Publishers' letter response to Microsoft's motion to compel and fully seal Exhibits A–D to that response (the "Confidential Material").

The Publishers seek sealed treatment of the Confidential Material to protect their highly confidential and non-public business information, including details of competitively sensitive agreements that the Publishers have negotiated with Amazon. The Publishers' sealing requests are reasonable and narrowly tailored to protect this sensitive business information given the Publishers' status as third parties to this proceeding, and substantively mirror the sealing requested by Defendants in connection with their motion.

While there is a presumption of public access to judicial documents, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016), courts must "balance competing considerations against" that presumption, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). "Foremost among the competing concerns that a court weighing disclosure must consider is 'the privacy interest of the person resisting disclosure.'" *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (reiterating that "the privacy interests of innocent third parties…should weigh heavily in a court's balancing equation")). Such considerations also include "the protection of sensitive, confidential, or proprietary business information." *SEC v. Telegram Grp. Inc.*, 2020 WL

Hon. Ona T. Wang                              2                       March 27, 2026


3264264, at *3 (S.D.N.Y. June 17, 2020)).  These interests establish a "venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1051.

Courts routinely approve the sealing of confidential and competitively sensitive business information, like the Confidential Material, that would reveal the business strategies and negotiated contractual terms between two third parties.  The sensitivity of this information is heightened by the competitive industry in which the Publishers operate.  *See, e.g.*, *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020) (permitting redaction of "business information of its active business units"); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (permitting redactions of "details of Microsoft's sources of revenue and the amounts of its revenue and sales"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redaction of "specific business information and strategies, which, if revealed, may provide insights into the company's business practices that another party could seek to exploit").

The Publishers appreciate the Court's attention to this matter.

Respectfully submitted,

 _/s/ Megan K. Bannigan__
Megan K. Bannigan

*Counsel for Hachette Book Group, Inc., HarperCollins Publishers LLC, Macmillan Holdings, LLC, and Penguin Random House LLC*

cc          All counsel of record (via ECF)