

**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

**Megan K. Bannigan**
**Partner**
mkbannigan@debevoise.com
+1 212 909 6127

March 27, 2026

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

>              *In Re: OpenAI, Inc. Copyright Infringement Litig.*, No. 1:25-md-03143
>    **This document relates to Class Case No. 1:23-cv-08292, and No. 1:23-cv-10211**

Dear Judge Wang:

We represent non-parties Hachette Book Group, Inc, HarperCollins Publishers LLC, Macmillan Holdings, LLC and Penguin Random House LLC (together, the "Publishers"). Pursuant to Local Civil Rule 37.2 and Section IV.b of this Court's Individual Practices, the Publishers hereby respond to Microsoft Corporation's ("Microsoft") motion to compel production of the Publishers' agreements with Amazon (the "Agreements").[1]

Microsoft's untimely motion should be denied. Microsoft's attempt to seek these irrelevant documents began many months after the Publishers completed their productions, and its motion was filed after both the close of discovery and this Court's deadline to raise discovery disputes.

The Publishers cooperated with Microsoft in good faith since being served with subpoenas in late 2024: producing thousands of pages of documents, engaging in multiple meet-and-confers, and responding to follow-up requests from Microsoft.

When Microsoft resurfaced in late December 2025 (shortly before fact discovery closed) requesting the Agreements for the first time, the Publishers each explained that the Agreements are irrelevant—and highly competitively sensitive—documents that merely govern the terms by which Amazon distributes the Publishers' books. They

---

[1]  Microsoft's motion was filed under seal on March 17, 2026. Microsoft initially sent a redacted version of its motion, along with an incomplete set of exhibits, to Publishers' counsel. *See* ECF No. 1439 (certificate of service on Publishers' counsel). Publishers were not properly served with a complete version of Microsoft's motion until March 24, 2026, and thus the Publishers' time to respond pursuant to the Court's Individual Rule of Practice IV.b is calculated from that date.

Hon. Ona T. Wang                                    2                        March 27, 2026

have nothing to do with AI.

Microsoft's theories of relevance are purely speculative, and courts routinely deny similar fishing expeditions as not proportional to the needs of the case, especially when targeted to non-parties like the Publishers. Microsoft's request should be denied.

## I.      Microsoft's Motion Is Untimely.

Microsoft served the Publishers with subpoenas *duces tecum* in October and November 2024. The Publishers each separately discussed the subpoenas with Microsoft shortly thereafter, and objected to Microsoft's overbroad requests, either in writing or during meet-and-confers with Microsoft. As relevant here, the Publishers only agreed to produce documents sufficient to show licensing and rights-granting agreements with third parties for the specific Asserted Works at issue in this case. *See* ECF No. 1437, Exs. K–M.

Microsoft did not raise the Agreements until late December 2025, more than a year after the subpoenas were served and months after each of the Publishers completed their productions. During a meet-and-confer on February 16, 2026, and in subsequent emails, counsel for the Publishers explained that the Agreements were neither responsive to the subpoena nor relevant to this litigation. Fact discovery closed on February 27, 2026. Microsoft did not file this motion until March 17, 2026.

Microsoft's motion is untimely and should be denied on that basis alone. Courts in the Second Circuit routinely deny motions to compel filed after the close of discovery without good cause. *See Roche Freedman LLP v. Cyrulnik*, 2023 U.S. Dist. LEXIS 28692, at *3 (S.D.N.Y. Feb. 21, 2023) (denying motion to compel filed shortly after close of discovery) (citing *Gucci Am. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011) (denying motion to compel where the moving party waited 18 months after serving document requests, until a few weeks after discovery had closed)); *Joseph v. Sikorsky Aircraft Corp.*, 2015 U.S. Dist. LEXIS 120091, at *10 (D. Conn. Sep. 9, 2015) ("After many months of discovery, a motion to compel should not be served at the last minute.").

Microsoft offers no good cause for its delay here. Nor does Microsoft acknowledge that its letter was filed after this Court's March 10, 2026, deadline for raising discovery disputes. Microsoft was aware of the Agreements for months, if not years, before filing this motion: it "sought the information from the Plaintiffs through document requests" in March 2024. *See* ECF No. 1437 at 2. As in *Gucci*, Microsoft was "aware of the existence of [these] documents" before the close of discovery but "propound[ed] [its] request after the deadline ha[d] passed." 790 F. Supp. 2d at 139. That delay is dispositive. *Id.* at 142 ("Gucci had ample opportunity to obtain the information during

Hon. Ona T. Wang                                  3                              March 27, 2026

the fact discovery period, and failed to raise the issue with the Court at the appropriate time…. Gucci's request…is therefore denied as untimely.").

## II. The Agreements Are Irrelevant and Not Proportional to the Needs of the Case.

Microsoft's argument for relevance of the Agreements is a speculative fishing expedition. "Mere speculation…is insufficient to warrant an order to compel." *Lam v. State St. Corp.*, 2025 WL 834885, at *2 (S.D.N.Y. Mar. 17, 2025) (citation omitted); *see also Gilead Scis., Inc. v. Khaim*, 755 F. Supp. 3d 285, 297 (E.D.N.Y. 2024) (a party "cannot simply engage in a 'fishing expedition' based on bare speculation that additional data might reveal something beneficial") (citation omitted). Where discovery is sought from non-parties, "the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the nonparty." *Fears v. Wilhelmina Model Agency, Inc.*, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004).

Microsoft offers no explanation for how a contract governing the terms by which two third parties distribute the Asserted Works is relevant. Microsoft has already obtained extensive discovery into the rights of the Author Plaintiffs and the Publishers and their economic and licensing arrangements as to the Asserted Works.

Instead, Microsoft repeatedly mischaracterizes the Agreements to support its fishing expedition. The Agreements are not relevant to "whether Author Plaintiffs have been harmed by Defendants' GenAI tools and any claim for damages," as Microsoft incorrectly contends. ECF No. 1437 at 2. ███████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████, they cannot shed light on the market for the works at issue here. That market—and any implications for the Author Plaintiffs' harms or damages—can be evaluated through sales and pricing data and other discovery relevant to the works themselves, not how the Publishers distribute them through Amazon (or other third parties).

Microsoft's suggestion that the Agreements contain terms relevant to "whether GenAI tools have in fact impacted the sale of the Asserted Works on Amazon," is similarly misplaced. As the Publishers explained to Microsoft, any such evidence would be reflected in sales data, not the Agreements. *Id.* at 3.

Finally, Microsoft incorrectly asserts the Agreements relate to "licensing rights" for training generative AI, ██████████████████████████████████████████
████████████████████████████████████████████████████████████

Hon. Ona T. Wang                                       4                                       March 27, 2026

Microsoft is left to fall back on the overbroad theory that every "agreement[] that Publishers have entered relating to any Asserted Work"—regardless of its terms—is somehow relevant. *Id.* at 2. But the Publishers' entire business—and every distribution agreement they have signed—relates to books (including the Asserted Works).

Microsoft is not entitled to unbounded discovery from these third parties. Its theory is untethered from any claim or defense in this case and far beyond the relevance requirements of Rule 26.[2] Allowing discovery into the Agreements to proceed would not be proportional to the needs of the case under Rule 26(b)(1). That is especially true when weighing Microsoft's purely speculative theory of relevance against the highly sensitive commercial arrangements each Publisher independently negotiated with Amazon. *See UMB Bank, N.A. v. Sanofi*, No. 15 CV 8725, 2017 WL 6398628, at \*1 (S.D.N.Y. Nov. 22, 2017) (quashing subpoenas to non-parties because "speculation does not justify the discovery sought"; permissible discovery must be "relevant and proportional to the needs of the case").

***

For the foregoing reasons, Microsoft's motion is untimely, seeks irrelevant information, is not proportional to the needs of the case, and should be denied.

The Publishers appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Megan K. Bannigan*
Megan K. Bannigan

*Counsel for Hachette Book Group, Inc., HarperCollins Publishers LLC, Macmillan Holdings, LLC, and Penguin Random House LLC*

cc          All counsel of record (by email and via ECF)

---

[2]  For the reasons set forth in Section II, the fact that every one of the Publishers objected to Microsoft's request for such documents as being overbroad and unduly burdensome nearly a year ago means that Microsoft's attempt to enforce the overbroad language of its subpoena without regard to the Publishers' responses and objections should also be rejected as untimely.