UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

IN RE:                             :

                                   :

OPENAI, INC.,                    :           25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,     :

                                     :

                                     :           **OPINION & ORDER RE: MONACO**
This Document Relates To:           :           **DEPOSITION**
**ALL CASES**                    :

                                     :

                                     :

-------------------------------------------------------------x

        **ONA T. WANG**, **United States Magistrate Judge**:

        The Court is in receipt of ECF Nos. 1220, 1267, 1312, 1314, and 1337. This Opinion and Order addresses only issues arising from the Rule 30(b)(6) [and Rule 30(b)(1)] deposition of OpenAI's designee (and current employee) John Vincent "Vinnie" Monaco. Mr. Monaco was OpenAI's designated witness on three 30(b)(6) topics related to regurgitation and "Project Giraffe." See ECF 1274-1 at 2. Plaintiffs seek additional discovery in the form of additional deposition time of Mr. Monaco, collection and production of additional discovery, and sanctions under Rule 37(a)(5). As discussed below, the Court finds that Mr. Monaco was not sufficiently prepared for his 30(b)(6) deposition, and that the pattern of objections and Mr. Monaco's resulting answers impeded, delayed and frustrated the fair examination of OpenAI, the deponent. Plaintiffs' motion to compel additional discovery is **GRANTED**: the parties have agreed on additional deposition time of 3.5 hours[1] for Mr. Monaco, and the Court directs the parties to meet and confer on additional discovery-based remedies in light of the parties'

---

[1] Plaintiffs seek an additional six hours of deposition time, but OpenAI has agreed to only 3.5 hours. The additional deposition shall take place as agreed, but without prejudice to a later order of an additional 2.5 hours of OpenAI 30(b)(6) deposition time, at OpenAI's cost, if Plaintiffs make a later showing under Rule 30(d) that the 3.5 hours of additional time was insufficient.

recent agreements concerning depositions and deposition time overall and the Court's guidance at the March 10, 2026 conference and defers, without prejudice, ruling on the nature of any sanction or other discovery remedy at this time.

## I.     BACKGROUND

The Court had previously addressed disputes regarding proposed 30(b)(6) topics for OpenAI's deposition(s). The topics on which Mr. Monaco was designated to testify were not among those disputed topics. (ECF Nos. 1312, 1314). Mr. Monaco testified in his capacity as a 30(b)(6) witness on January 27, 2026, and testified as to his personal knowledge under Rule 30(b)(1) on January 28, 2026. Plaintiffs assert that OpenAI disclosed certain documents too late for Plaintiffs to prepare for Mr. Monaco's 30(b)(1) deposition, and that Mr. Monaco was not sufficiently prepared for his 30(b)(6) deposition. (See, e.g., ECF 1312 at 4, testifying that he could not estimate how many evaluations OpenAI performed on its filter, could not confirm whether similar evaluations were conducted for API conversation data, could not identify the scope of content included in the filter beyond "the first few sentences of [REDACTED]," could not determine whether News Plaintiffs' or New York Times content was included in the filter, and acknowledged only that such inclusion was [REDACTED]).

## II.     DISCUSSION

When an organization, such as a corporation, partnership, or association, is issued a Rule 30(b)(6) deposition notice, the organization will designate an individual or individuals to "testify on its behalf ... about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). As a result, the organization has a duty to prepare its designated witness to answer questions to the best of the organization's knowledge. *S.E.C. v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992); *see Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14-CV-1254 (SHS)

2

(OTW); 2019 WL 1533212, at *1 (S.D.N.Y. Apr. 9, 2019). "It is well settled, therefore, that 'Rule 30(b)(6) deponents need not have personal knowledge concerning the matters set out in the deposition notice'...." *Bush v. Element Fin. Corp.*, No. 16-CV-1007 (RJS), 2016 WL 8814347, at *2 (S.D.N.Y. Dec. 13, 2016) (quoting *Spanski Enterprises, Inc. v. Telewizja Polska, S.A.*, No. 07-CV-930 (GEL), 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009)).

> As relevant here,
>
> "the corporate deponent has an affirmative duty to make available" a person able "to give complete, knowledgeable and binding answers on its behalf." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (internal quotation marks omitted). If the designated witness lacks "personal knowledge concerning the matters set out in the deposition notice," then "the corporation is obligated to prepare them so that they may give knowledgeable answers." *Spanski Enters., Inc. v. Telewizja Polska*, 07-civ-930 (ALC) (GWG), 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009); *see, e.g.*, *Eid v. Koninkliike Luchtvaart Maatschappii N.V.*, 310 F.R.D. 226, 228 (S.D.N.Y. 2015) (noting that an organization "must make a conscientious good faith endeavor ... to prepare [its designated] persons in order that they can answer fully, completely, [and] unevasively, the questions posed ... as to the relevant subject matters" (internal quotation marks omitted)).

*Coty Inc. v. Excell Brands, LLC*, No. 15-CV-7029 (JMF), 2016 WL 7187630, at *2 (S.D.N.Y. Dec. 9, 2016). *See also Eid v. Koninklijke Luchtvaart Maatschappij N.V.*, 310 F.R.D. 226, 228 (S.D.N.Y. 2015). (while a 30(b)(6) witness is not expected to know and testify about every detail, organization is still obligated to make "conscientious good faith endeavor" to prepare witness to "answer fully, completely, [and] unevasively, the questions posed ... as to the relevant subject matters").

While OpenAI is correct that adequate preparation "need only be reasonable and performed in good faith," (ECF 1267 at 3), that preparation "must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other

3

sources." *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997). Crucially here, a 30(b)(6) designee's testimony binds the organization, and if a deponent answers on behalf of the organization that it cannot remember a certain fact, that inability to remember is imputed to the organization but may not invalidate the deposition, *if the witness's preparation was adequate. See Fashion Exch. LLC* at *1 (emphasis added). If a party complains that a 30(b)(6) deponent provided insufficient answers, the Court must consider whether the lack of knowledge in the answers is a result of insufficient preparation. If the Court finds that the preparation was sufficient, an organization could find themselves "bound by [their] profession[s] of ignorance." *Briese Lichttechnik Vertriebs GmbH v. Langton*, 272 F.R.D. 369, 375-76 (S.D.N.Y. 2011). Thus, there should be a strong incentive for organizations to sufficiently prepare their 30(b)(6) designees.

"A district court has wide discretion in sanctioning a party for discovery abuses," whether acting pursuant to its inherent power or Rule 37. *Reilly*, 181 F.3d at 267. If a party fails to comply with a court order to produce a competent Rule 30(b)(6) witness, Rule 37 allows the court to impose sanctions. *Coty Inc.,* 2016 WL 7187630, at *2. Rule 37 gives the Court discretion to "issue further just orders," including such sanctions as "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," or "prohibiting the disobedient party from supporting or opposing designated claims or defenses." Fed. R. Civ. P. 37(b)(2)(A). Additionally, "the court must order the disobedient party ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Nevertheless, for the Court to impose sanctions in connection with a Rule 30(b)(6) deposition, "the inadequacies in a deponent's testimony must be egregious and not merely lacking in desired specificity in discrete areas." *Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007); *see also, e.g.*, *Agniel v. Cent. Park Boathouse LLC*, No. 12-CV-7227 (NRB), 2015 WL 463971, at *2 (S.D.N.Y. Jan. 26, 2015) (noting that courts are reluctant "to award sanctions on the basis of deficient Rule 30(b)(6) testimony when counsel fail to make a good faith effort to resolve the deficiencies or when the application for sanctions appears tactically motivated").

Moreover, the Court "must allow additional time [for deposition, consistent with Rule 26] . . . if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). A grant of additional time under Rule 30(d)(1) is intended to be remedial, and is not in the nature of a sanction. *See Dass v. City Univ. of New York*, No. 18-CV-11325 (VSB) (OTW), 2023 WL 3750012, at *1 (S.D.N.Y. May 31, 2023) (granting additional deposition time; request was made only under Rule 30(d)(1) and not Rule 30(d)(2), where witness provided "lengthy evasive answers on nonmaterial matters" and counsel made multiple speaking objections).

### A.  The witness was not sufficiently prepared under Rule 30(b)(6)

Upon *in camera* review of both the deposition transcript and video, I find that OpenAI's witness was not properly or sufficiently prepared. At the start of the deposition, when counsel were confirming for the record that they were proceeding on the 30(b)(6) topics that day, Mr. Monaco asked, "this is the one that refers to the corporate representative portion, or is that the other one?" (Jan. 27 Rough Tr. at 18).

After confirming that Mr. Monaco understood that he was appearing as OpenAI's corporate representative, Mr. Monaco described his preparation for this deposition as follows:

> "So **outside of my own recollection** just working in this area, I reviewed [Project Giraffe and Chat GPT] **source code** . . . relevant to the topics you mentioned. I reviewed **meeting notes** from Project Giraffe. I reviewed **parts of Michael Lampe's deposition transcript**. I reviewed **a document from Lilian Weng on Project Giraffe generally**, and reviewed **some metrics related to filter hits**."

Jan. 27 Rough Tr. at 19. (emphases added).

Mr. Monaco did not speak with anyone other than his attorneys to prepare for his deposition. *Id.* When asked more specifics about the source code he reviewed, some of which he wrote, he described the Project Giraffe source code as the "Project Giraffe repository," and "wouldn't be able to name the files offhand," or "say offhand [who else wrote the source code] without looking at the Git history." *Id.* at 19-20. When asked specifics about the meeting notes from Project Giraffe, he was unable to describe it beyond "a running document where we kept notes from the Project Giraffe meetings." *Id.* When asked who is included in the "we" in that answer, Mr. Monaco said, "Whoever else is in the meetings or working on Project Giraffe." *Id.* When asked another follow up question about the individuals who kept notes on Project Giraffe, Mr. Gratz objected to form, after which Mr. Monaco answered, "Yeah, I wouldn't be able to name every single one. It is a long-running project with a lot of people working on it." *Id.* When asked to name people he remembered, he named, Lampe, Weng, Vik Goel, "[a]nd, yeah, the various folks from our legal team." *Id.* at 20-21.

When asked if he, Lampe, Weng and Goel were "the people primarily involved in Project Giraffe," Mr. Gratz objected to form. This exchange followed:

> MR. GRATZ: Objection. Form.
> THE DEPONENT: **I don't understand what "primarily involved" means.**

Q. (By Ms. Maisel) Did anyone other than the four of you and your counsel work on Project Giraffe?

**A. Yes.**

Q. Who were those people?

**A. I would have to go back to meeting notes to name others.**

Q. Did you, Ms. Weng, Mr. Goel and Mr. Lampe conduct most of the work for Project Giraffe? *(18 second pause)*

A: **I'd say we conducted a large portion of it. I wouldn't be able to say that it was most of the work because I may not have knowledge of all the work that went into Project Giraffe.**

*Id.* at 21.

This is just one of several instances where Mr. Monaco demonstrated that his preparation was inadequate. He responded with some version of not knowing or not being able to answer "offhand" at least 18 times; and the phrase "don't know" appears more than 40 times in Mr. Monaco's answers during his 30(b)(6) testimony. Mr. Monaco paused for about 18 seconds while considering Ms. Maisel's question above, but even after such rumination, could not provide any more information about the personnel or scope of the work involved in Project Giraffe.

Later in the deposition, Mr. Stein, on behalf of Class Plaintiffs, questioned Mr. Monaco further on his preparation. Mr. Monaco responded:

A: **So as I stated earlier, as part of my preparation, this involves just my own recollection of work that I've done being involved in the projects that we discussed. I am not sure that it's possible to put like a time bounds on that, if that makes sense.**

Q. Well, the question was, how many hours did you spend preparing specifically for the 30(b)(6) component of your testimony.

So rephrasing that, apart from knowledge that you may have obtained from your personal work at OpenAI, how many additional hours did you spend preparing for this 30(b)(6) testimony today?

MR. GRATZ: Form.

THE DEPONENT: I would estimate, in addition to the time and experience that I've acquired just from working on these projects, in addition to that, I've spent a few hours preparing for the 30 -- the 306B [sic] testimony.

Q. (By Mr. Stein) And what -- about how many hours do you mean by "a few"?

**A. Between two and five, approximately.**

Q. Are you able to provide a more precise estimate between -- than between two and five hours?

**A. I'm not. I didn't keep track of the -- of the exact time.**

Q. And you understand that you've been designated to testify as to three topics, understanding that Mr. Gratz clarified that on one of those topics, you are partially designated?

**A. I understand that I'm here to testify on behalf of OpenAI on the three topics.**

Q. And did your preparation that you estimated took between two to five hours cover all three topics?

MR. GRATZ: Form.

THE DEPONENT: I believe it did, as well as my own experience working on the -- the topics that we're talking about.

Q. (By Mr. Stein) And for this, does this two to five hours include any interviewing that you did in preparation for your 30(b)(6) testimony?

MR. GRATZ: Form.

THE DEPONENT: So the -- the preparation involves reviewing the documents that I mentioned.

*Id.* at 30.

Mr. Monaco then confirmed that he did not interview or have conversations with any

people to prepare for his 30(b)(6) deposition. *Id*. at 116. While this amount of preparation

might be sufficient if, for example, the witness's personal knowledge were coterminous with

the organization's, Mr. Monaco repeatedly showed that he did not know basic information

concerning Open AI's "general techniques for limiting or preventing the regurgitation of text

training data by the Relevant LLMs, including historical practices regarding the same." ECF 1312

at 4). Indeed, Mr. Monaco disclaimed, *on behalf of OpenAI*, any knowledge of Project Giraffe

other than the identities of four people out of "many" who worked on Project Giraffe, and had

a complete failure of recollection concerning Project Giraffe and the meeting notes,

notwithstanding reviewing those very notes in preparation for his 30(b)(6) deposition.

B.  The pattern of repeated objections and the witness's answers impeded the deposition, which may warrant sanctions under Rule 30(d)(2).

Mr. Gratz's repeated objections, which were followed by Mr. Monaco's evasive and

nonresponsive answers, also frustrated and impeded the deposition. Counsel objected more

than 200 times during the 30(b)(6) deposition alone: the words "objection," "form," and

"scope" appear approximately 130, 100 and 200 times, respectively. Sometimes these words were used together; at other times, counsel used only a single word of "objection" or "form" or "scope" to object. OpenAI's responses were similarly unhelpful, for example, in a line of questioning that was within the scope of Mr. Monaco's designated topics:

> Q: How much [REDACTED] is used to run [REDACTED]?
> MR. GRATZ: Objection. Form.
> THE DEPONENT: I -- I don't know offhand.
> Q. (By Ms. Maisel) Can you say approximately.
> MR. GRATZ: Same objection.
> THE DEPONENT: Yeah, I would be guessing if I did.
> Q. (By Ms. Maisel) How many [REDACTED] has OpenAI done?
> A. I don't know offhand.
> Q. Is it more than ten?
> A. I really don't know.
> Q. Who would know?
> A. I'm not sure if any single person knows how many.
> Q. No one at OpenAI knows how many [REDACTED] were run?
> MR. GRATZ: Objection. Form.
> THE DEPONENT: I would rather characterize this as, the folks that have run [REDACTED] may have recollection of the work that they've done. I don't know if there's any single person that knows how many [REDACTED] have run overall.
> [Q.] Have you personally run any [REDACTED]?
> MR. GRATZ: Objection. Form.
> THE DEPONENT: I'm not sure what you mean by [REDACTED].

(Jan. 27 Rough Tr. at 28-29.)

From this exchange as well as the others identified above, it is not clear whether Mr. Monaco's insufficient testimony and nonresponsive answers were due to insufficient preparation, improper preparation, a misapprehension of the requirements of Rule 30(b)(6), or a combination of these factors.

## III.     CONCLUSION

Mr. Monaco based his testimony—which should bind the corporation—on his own hazy recollections working on Project Giraffe, a review of source code that he and others wrote (but which he does not remember), and a few other documents: "part of" Lampe's deposition

transcript, Lilian Weng's notes (which may or may not be the same as the Project Giraffe "meeting notes"), and "some metrics." (Jan. 27 Rough Tr. 19-21). He spoke to no other individuals to prepare for his deposition. But when asked even the simplest questions relevant to Plaintiffs' output claims, Mr. Monaco failed to answer or provided incomplete or evasive answers. For example, despite admitting that individuals other than he, Lampe, Weng and Goel and members of the legal team worked on Project Giraffe, he was unable to name a single other person who worked on Project Giraffe. Instead, he said he "would have to go back to" the meeting notes that he purportedly reviewed[2] in preparation for his deposition to name a single other person who worked on the project. And then, when asked if he, Lampe, Goel and Weng performed "most" of the work on Project Giraffe, he paused for 18 seconds before stating that he was unable to answer the question. A 30(b)(6) witness cannot only rely on his own recollection if that recollection fails once he is asked anything more than the simplest, most basic questions. Mr. Monaco was not adequately prepared for his deposition.

Mr. Monaco did not act alone. Mr. Monaco's answers became increasingly evasive after counsel's repeated and unnecessary objections, only a few of which were summarized here. At the March 10, 2026, conference, the Court directed the parties to meet and confer so that Plaintiffs can conduct a more fulsome deposition of OpenAI on the topics that Mr. Monaco was designated; the parties agreed to produce Mr. Monaco for an additional 3.5 hour deposition on April 8, 2026.

---

[2] It is similarly unclear whether the meeting notes he reviewed are so important that Mr. Monaco had to assert that unnamed "counsel" worked on Project Giraffe (or the meeting notes), or so forgettable that all he could say about the Project Giraffe meeting notes was that they were "a running document where we kept notes from the Project Giraffe meetings." (Jan. 27 Rough Tr. at 18-20).

OpenAI is on notice that Mr. Monaco's preparation for his deposition in January was not sufficient, and that counsel's objections unnecessarily delayed and impeded the deposition. But, because Mr. Monaco will be produced for additional 30(b)(6) deposition time, which the Court expects will cure the deficiencies in the deposition from January, the Court defers ruling on whether any other remedial discovery or sanctions are warranted until after OpenAI's 30(b)(6) deposition(s) are completed. If sanctions are granted, such sanctions may be monetary, or they may include a recommendation that certain answers be imputed to—or deemed admissions by—OpenAI.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: April 7, 2026                    **Ona T. Wang**
       New York, New York              United States Magistrate Judge

11