# EXHIBIT D

| | |
|---|---|
| **From:** | Jennifer B. Maisel <jmaisel@rothwellfigg.com> |
| **Sent:** | Wednesday, November 5, 2025 3:42 PM |
| **To:** | Hurst, Annette L.; Davida  Brook; Justin A. Nelson |
| **Cc:** | openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com; KVP-OAI; MicrosoftNYClassActionFDBR@faegredrinker.com; NewYorkTimes_Microsoft_OHS; NYT-AI-SG-Service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; DailyNews-AI-RFEM; ai@loevy.com; Klaris Law Ziff Davis |
| **Subject:** | RE: MDL: Scope of Microsoft Products at Issue |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

[EXTERNAL]

Counsel,

We are responding to your email below. While we disagree with you that Plaintiffs have made inconsistent statements, please see below Plaintiffs' joint position on the limited additional discovery we seek in light of Judge Stein's Order at Dkt. 707 (the "Order"). Of course, this limited discovery must be completed before the February 27, 2026 close of fact discovery. We share your goal to promptly bring discovery to a close and look forward to working with you toward that end.

The Order is clear that the following GPT models are within the scope of this action: GPT-3, GPT-3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, GPT-4o, and GPT-4o mini. Order at 2, 6. Microsoft previously excluded from discovery the latter two models, GPT-4o, and GPT-4o mini, and the products that include those models. Our additional requests focus on those two models and products, and they closely track the additional discovery requested in News Plaintiffs' September 9, 2025 motion to compel (Dkt. 549).

 1.    **Training Data**: Microsoft should produce training data in Microsoft's possession, custody, or control for the in-scope families of GPT models at issue, which pursuant to Judge Stein's Order, include GPT-3, GPT-3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, GPT-4o, and GPT-4o mini.  Because OpenAI already produced training data for these models, and in view of Microsoft's representations to News Plaintiffs and the Court that it did not train the models, we understand that this request would present no additional burden to Microsoft because most if not all training data in this case should have already been identified, collected, and produced. Please confirm that this representation remains true for GPT-4o and GPT-4o mini and that Microsoft does not have training data in its possession, custody, or control. Please also confirm that Bing Index data was not used as training data for GPT-4o and GPT-4o-mini.

2.    **Output Log Information:** Microsoft should immediately produce the output log data and metrics for Bing Chat/"original" Copilot that it already agreed to produce, including the metadata table of output log data (see J. Maisel email dated Oct. 10) and the three metrics requests made on the record at Mr. Manivannan's September 30 Court-ordered deposition on Microsoft's dashboards and metrics (see J. Maisel email dated October 7). We understand that Microsoft has already undertaken the most burdensome work to process the logs to create the output log metadata table, which should be complete next week (*see* A. Hurst October 31 email), and has been collecting the identified metrics (see C. Beyer email dated Oct. 15, 2025). Discovery into "refreshed" Copilot should not interfere with these agreed-upon productions.

With respect to "refreshed" Copilot, we understand that producing the output log data may be burdensome, and

as a compromise, we request that Microsoft search for and produce any documents, reports, metrics, and other analyses (including, e.g., reports generated using output classifiers) of "refreshed" Copilot to ascertain "regurgitations" of News Plaintiffs' content and Class Plaintiffs' works in output, access and reproduction of News Plaintiffs' content as part of retrieval augmented generation, hallucinations that dilute News Plaintiffs' asserted trademarks, and the extent to which Copilot outputs substitutive news content or books that harms the market for News Plaintiffs' or Class Plaintiffs' works. If Microsoft objects on the ground of burden, we can discuss treating the output log data for Bing Chat/"original" Copilot as representative of the output log data for "refreshed" Copilot.

3.    **Financial Information (Class Plaintiffs' RFPs 62, 63, 65) and other RFP responses**: As stated in our email last week, we would like to schedule a meet and confer to revisit Plaintiffs' motion seeking financial information relating to Microsoft products using OpenAI's LLMs. *See* AG Dkt. 356. Microsoft had previously limited its production in response to these requests to products using GPT-3, GPT-3.5, GPT-3.5 Turbo, GPT-4, and GPT-4 Turbo. That limitation is no longer valid in light of the Court's Order. For the avoidance of doubt, and as Plaintiffs have previously maintained, the financial information that Microsoft produces should account for any product that uses and/or was developed through the relevant models. In light of the Order, this should now include GPT-4o, and GPT-4o mini. In view of the fact that there may be numerous additional Microsoft products and services that use and/or were developed through GPT-4o and GPT-4o mini, we are open to proposals from Microsoft about how we can narrow this request to documents sufficient to show the financial value of the OpenAI LLMs, including the incremental value of the OpenAI LLMs to Microsoft's products and services.

4.    **Additional "sufficient to show" document productions:** Microsoft should produce:

a. Documents sufficient to show user engagement metrics for "refreshed" Copilot.

b. Documents sufficient to show any differences related to access and reproduction of News Plaintiffs' content in the retrieval augmented generation process for "refreshed" Copilot as compared to the earlier versions of Copilot.

c. Documents sufficient to show any differences with respect to guardrails, blocklists, or other measures relating to access and reproduction of Plaintiffs' content for "refreshed" Copilot as compared to the earlier versions of Copilot.

5.    **Supplemental Interrogatory Responses**:  Microsoft has already responded to certain interrogatories to answer questions about Microsoft products and Microsoft's involvement with particular large language models. Microsoft should now supplement those interrogatory responses to answer the same questions as to GPT-4o, GPT-4o, and "refreshed" Copilot. These interrogatories are: Class Interrogatory Nos. 1, 6; NYT Interrogatory Nos. 7-9, 15, 18, *Daily News* Interrogatory Nos. 3-11, and CIR Interrogatory Nos. 4 and 8.  Microsoft should supplement these responses within the next three weeks.

6.    **30(b)(6) Depositions**:

**News Plaintiffs**: In view of Microsoft's instruction at Mr. Manivannan's deposition to refuse to answer any questions about the "refreshed" version of Copilot, News Plaintiffs request that Microsoft provide a 30(b)(6) witness to testify on topics 79, 92, 93, 94, 96, 97, and 98 concerning user engagement metrics for the "refreshed" version of Copilot, that the deposition hours not count against News Plaintiffs' deposition time limits, and that the deposition take place in Washington, DC. This deposition should take place within the next four weeks.

**News and Class Plaintiffs**: For future 30(b)(6) depositions where Microsoft sought to limit topic(s) to a list of models which did not include GPT-4o and 4o-mini, the scope of testimony should now include GPT-4o, and GPT-4o mini. Similarly, to the extent Microsoft limited the scope of a topic to Bing Chat / "original" Copilot, the scope of testimony should now include "refreshed" Copilot. Please update your Rule 30(b)(6) responses and witness designations accordingly.

7. **Documents previously withheld**: To the extent Microsoft already collected documents but then withheld them on the ground that the document pertained to "refreshed" Copilot, those documents should be produced.  This further applies to all documents pertaining to GPT-4o and GPT-4o mini and products using those models. To be clear, we are not asking for new custodians at this time.

8. **Rule 26**: Finally, please provide amended Rule 26 disclosures. Microsoft cannot be in a position where it is limiting discovery to Plaintiffs, but then reserves the right to bring late disclosed witnesses or evidence to trial.

Best regards,

Jen



**Jennifer Maisel** (she/her)
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, N.W.
Suite 900 East
Washington, D.C.  20001

Main Number:  202.783.6040
Direct Number: 202.626.3548
Fax Number: 202.783.6031
Email: jmaisel@rothwellfigg.com
Website:  www.rothwellfigg.com

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited. If you are not the intended recipient, please notify Rothwell, Figg, Ernst & Manbeck, P.C. immediately at (202) 783-6040 or email us at jmaisel@rfem.com, and destroy all copies of this message and any attachments.

**From:** Hurst, Annette L. <ahurst@orrick.com>
**Sent:** Tuesday, October 28, 2025 7:06 PM
**To:** Davida Brook <DBrook@susmangodfrey.com>; Justin A. Nelson <jnelson@susmangodfrey.com>
**Cc:** openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright@mofo.com; KVP-OAI <KVPOAI@keker.com>; MicrosoftNYClassActionFDBR@faegredrinker.com; NewYorkTimes_Microsoft_OHS <NewYorkTimes_Microsoft_OHS@orrick.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com; oai-ndca-sdny@simplelists.susmangodfrey.com; DailyNews-AI-RFEM <DailyNews-AI-RFEM@rothwellfigg.com>; ai@loevy.com; Klaris Law Ziff Davis <ziffdavis@klarislaw.com>
**Subject:** MDL: Scope of Microsoft Products at Issue

To Lead Class and Lead News Counsel:

We have received multiple emails in the wake of Judge Stein's order today demanding discovery into additional Microsoft products. The scope of products at issue differs among the various complaints filed by Plaintiffs and you are making different and inconsistent demands.

Microsoft requests that all Plaintiffs get on the same page as to the proposed Microsoft products at issue, the time period for each product, and the scope of information sought related to each product. Additionally, we ask that you explain how the existing 30(b)(6) notices and witness designations will or will not proceed in light of your demands for a newly and vastly expanded scope of discovery from Microsoft.  Please also confirm that Plaintiffs intend to abide by the existing deposition hour caps.

Microsoft is not agreeing to conduct additional discovery at this time and reserves all rights, but in all events we cannot determine the most efficient way to proceed until we have a consistent and coherent proposal from Plaintiffs.

Thank you.

**Annette L. Hurst**

Partner
Global AI Practice Leader

Pronouns: she/hers

Orrick
San Francisco   ⓥ
T +1-415-773-4585
M +1-415-713-3273
https://www.linkedin.com/pub/annette-hurst/10/2b7/407
@divaesq
ahurst@orrick.com







5

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.