**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

IN RE:                                              :

                                                    :

OPENAI, INC.,                                       :        25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,                  :

                                                    :

                                                    :        **OPINION & ORDER RE: DEPOSITION**
This Document Relates To:                           :        **TRANSCRIPTS FROM *MUSK V. ALTMAN***
**All Actions**                                     :        **(4:24-cv-4722) (YGR) (N.D. CAL.)**

                                                    :

-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court has reviewed the parties' briefing on the deposition transcripts and

accompanying exhibits from *Musk v. Altman*, No. 4:24-cv-4722 (YGR) (N.D. Cal.) ("*Musk*") at ECF

1043, 1162, 1200, 1263, 1335, 1449, 1451. Plaintiffs have significantly narrowed this request

since their initial motion in January of 2025. The motion to compel production of evidence from

*Musk* now seeks only the deposition testimony of four *Musk* witnesses: Sam Altman, Greg

Brockman, Satya Nadella, and OpenAI's 30(b)(6) designee. Because Plaintiffs have

demonstrated relevance and proportionality of the discovery sought, Plaintiffs' motions are

**GRANTED** and OpenAI is directed to produce these depositions by **5:00 PM EDT on May 22,**

**2026**.

###    I.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter

that is relevant to a party's claim or defense and proportional to the needs of the case." The

party moving to compel "bears the burden of demonstrating relevance and proportionality."

*See Winfield v. City of New York*, 15-CV-5236 (LTS) (KHP), 2018 WL 840084, at *3 (S.D.N.Y. Feb.

12, 2018); *see also New York Times*, 757 F. Supp. 3d at 597. "When broader discovery is sought,

the Court should determine the scope according to the reasonable needs of the action, depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested." *Int'l Code Council, Inc. v. Skidmore, Owings & Merrill, LLP*, 24-MC-412 (DEH) (VF), 2025 WL 1936704, at *2 (S.D.N.Y. July 15, 2025). "It is within a Magistrate Judge's discretion to decide whether discovery requests are relevant and proportional," *Radio Music License Committee, Inc. v. Broadcast Music, Inc.*, 347 F.R.D. 269, 273 (S.D.N.Y. 2024), and "Rule 26 gives a district court broad discretion to impose limitations or conditions on discovery[,] which extends to granting or denying motions to compel." *Edmar Fin. Co., LLC v. Currenex, Inc.*, 347 F.R.D. 641, 646 (S.D.N.Y. 2024).

II.     **DISCUSSION**

   a.  **Relevance**

Plaintiffs argue that these witnesses have testified inconsistently between their depositions taken—as recently as the fall of 2025—in *Musk* and their later depositions in this case taken in early 2026, and have cited particular inconsistencies that bear on the first fair use factor, whether the alleged use "is of a commercial nature or is for nonprofit educational purposes." 17 U.S.C. § 107; *see also* ECF 1449 at 1–3 (describing inconsistencies with citations to Nadella, Altman, Brockman and OpenAI depositions in *Musk* and this case).[1] OpenAI asserts only that "cross-production" is not authorized here, citing Judge Henry's well-reasoned decision in a medical product liability MDL in the Eastern District of New York for the principle that motions to compel discovery from another case should be granted only "when the requests are

---

[1] Plaintiffs' initial request on January 5, 2026, sought "OpenAI witness deposition transcripts and two memos produced in [*Musk*]." (ECF 1043 at 2). Counsel for the Times later filed a supplemental letter in further support (ECF 1162), that references newly unsealed documents from *Musk*.

narrowly tailored to request discovery from another case that is essentially identical." *In re Exactech Polyethylene Orthopedic Products Liability Litigation*, 347 F.R.D. 572, 583 (E.D.N.Y. 2024). Judge Henry then concluded that discovery from a separate personal injury case ("*Collum-Bradford*") alleging the same product defect was relevant to Exactech's "notice and knowledge of their products' defects" and was not "clone or copycat discovery." *Id*. She did, however, deny cross-production from a false claims act case concerning allegedly defective knee replacement devices. *Id.*

Here, the Plaintiffs have shown that the *Musk* depositions are relevant to OpenAI's commercialization efforts—both on their own[2] and to be used as prior inconsistent statements with the same witnesses' later testimony in this case. Defendants do not address these inconsistent statements or, at best, address them inconsistently: on the one hand they assert that Plaintiffs have not shown any inconsistencies, and on the other hand they argue, based on snippets of the *Musk* depositions that are public, that Plaintiffs have misinterpreted these witnesses' testimony. (ECF 1451 at 1). But only OpenAI has the full deposition transcripts from *Musk*, so their misinterpretation argument[3] depends on the Court taking their word for the interpretation of the apparently inconsistent statements.

OpenAI's reliance on *Hachette* is also unavailing. Plaintiffs are not focusing on OpenAI's "corporate form or status," but rather on "whether the user [OpenAI] stands to profit from exploitation of the copyrighted material without paying the customary price," the very issue in

---

[2] Indeed, the *Musk* depositions may also be relevant to OpenAI's partnership with Microsoft, a nonparty in *Musk* and a co-defendant here. ECF 1449 at 2.

[3] It is also unclear whether this misinterpretation argument goes to relevance or proportionality. If the statements in *Musk* were indeed consistent, this might lend a scintilla of support to OpenAI's proportionality argument that these depositions are only cumulative, and perhaps that these depositions are not relevant for impeachment purposes. But even if they are consistent with the later depositions in this case, the *Musk* depositions are independently relevant to the assessment of fair use factor one.

this case. *Hachette Book Group, Inc. v. Internet Archive*, 115 F.4th 63, 184 (2d Cir. 2024). OpenAI's commercialization efforts are directly relevant to the first fair use factor, because those efforts are relevant to whether and when Defendants stood to profit (or believed they stood to profit) from their use of Plaintiffs' copyrighted materials in developing the generative AI tools at issue in this case.

### b. Proportionality

OpenAI also argues that such discovery would be "cumulative" since "discovery in this case has already thoroughly addressed commercialization" and there is only a "theoretical[]" basis for impeachment. (ECF 1451 at 1). This argument is both conclusory and incorrect, failing to distinguish between relevance and proportionality. The discovery is only cumulative if the testimony is <u>consistent</u> (which facially it is not); and if facially inconsistent, then there is more than a theoretical basis for impeachment.

Even if cumulative, that is just one factor to consider in determining whether the requested production is proportional to the needs of the case. Again, Judge Henry's decision in *Exactech* is instructive. A deeper reading of that decision—which was not addressed in OpenAI's supplemental briefing—shows that Judge Henry denied the motion to compel "**without prejudice**" because the request sought "all" of the documents, without limitation, from *Collum-Bradford*. *In re Exactech*, 347 F.R.D. at 584 (emphasis in original). She explicitly noted that she would consider "a revised and narrowly tailored request," and, as noted above, that is exactly what Plaintiffs here have done over the course of many months—reducing their remaining request to four depositions of key witnesses in this case. Defendants have articulated no burden—nor could they—from producing deposition materials that they possess in a case that has already concluded its trial.

4

**III.    CONCLUSION**

Finally, OpenAI's protestation that "[o]f particular import here, the individual witnesses whose transcripts Plaintiffs seek **have already been deposed in this matter**," is illogical. (ECF 1451 at 2) (emphasis in original). It is precisely *because* these witnesses were already deposed in this case that Plaintiffs seek their prior inconsistent statements for impeachment purposes. OpenAI cannot shield from discovery relevant evidence that is uniquely in its possession by claiming that the request constitutes "cross-production;" there is no wholesale bar from producing evidence in one case that was obtained in another.

Accordingly, the limited and tailored discovery sought by Plaintiffs is both relevant and proportional to the needs of this case. OpenAI is directed to produce these depositions by **5:00 PM EDT on May 22, 2026**.

The Clerk of Court is respectfully directed to close ECF 1449.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: May 21, 2026             **Ona T. Wang**
           New York, New York          United States Magistrate Judge