

**KEKER VAN NEST & PETERS**    **LATHAM&WATKINS LLP**    **MORRISON FOERSTER**

May 26, 2026

***VIA ECF***

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

cc: All Counsel of Record (via ECF)

Re:    *In re OpenAI Inc. Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW
       This Document Relates to All Cases

Dear Judge Wang:

The New York Times's letter accusing OpenAI of violating the Court's May 21, 2026 Order (Dkt. 1566, the "Order") is baseless. OpenAI timely complied with the Court's Order by producing all four deposition transcripts before the May 22 deadline.

The Order does not direct OpenAI to produce exhibits from the depositions in *Musk v. Altman*, No. 4:24-cv-4722 (YGR) (N.D. Cal.) ("*Musk*"). The Order states that Plaintiffs' motion, as narrowed, "now seeks only the ***deposition testimony*** of four *Musk* witnesses: Sam Altman, Greg Brockman, Satya Nadella, and OpenAI's 30(b)(6) designee." Order at 1 (emphasis added). The Court then directed OpenAI to "produce these depositions by 5:00 PM EDT on May 22, 2026." *Id.* at 1, 5. The title of the Order itself is "Opinion & Order Re: ***Deposition Transcripts*** from *Musk v. Altman*." *Id.* at 1 (emphasis added). OpenAI produced exactly what the Order directs: the deposition transcripts of Messrs. Altman, Brockman, Nadella, and OpenAI's 30(b)(6) designee from *Musk*.

The Times cites the Order's introductory reference to "the deposition transcripts and accompanying exhibits" and the phrase "deposition materials" in the proportionality discussion. But neither passage is part of the Court's directive. The first merely describes the subject of the parties' *prior* briefing. In the very next sentence, the Court explained that "Plaintiffs have significantly narrowed this request since their initial motion in January of 2025," and now "seek[] ***only*** the deposition ***testimony*** of four *Musk* witnesses." Order at 1 (emphases added). The second phrase "deposition materials" appears in the Court's proportionality analysis, not in the relief ordered. *See id.* at 4. That analysis was focused on the witnesses' testimony, consistent with The

6217800

Page 2

Times's impeachment theory. *Id.*; *see also* May 12, 2026 Hr'g Tr. at 104:13-15 (The Times arguing that deposition "***testimony*** is needed here for impeachment purposes" (emphasis added)). The Court's analysis addressed whether "there is more than a theoretical basis for impeachment." Order at 4. That rationale concerns what a witness said, not a wholesale production of every document that happened to be marked as an exhibit during those depositions.

That is especially true of the deposition exhibits The Times now demands. Those exhibits were marked in depositions taken in another action, for purposes of that action, and they are even further attenuated from the issues in dispute here than the deposition testimony itself. A blanket order requiring production of every exhibit marked during those depositions would be overbroad and disproportionate, particularly where Plaintiffs have made no exhibit-specific showing of relevance, need, or proportionality, and have failed to justify why they need deposition exhibits from a separate case.

Simply put, OpenAI is in compliance with the Court's Order and acted in good faith by producing the four deposition transcripts by the Court-ordered deadline.

To the extent the Court intended its Order to encompass deposition exhibits, OpenAI respectfully requests clarification before any further relief is ordered. The Times has not justified a blanket production of every exhibit marked in the four depositions taken in *Musk*, and such relief would be overbroad absent an exhibit-specific showing of relevance and proportionality. Nor could OpenAI simply produce those materials as a matter of course. OpenAI's outside counsel in this MDL does not serve as counsel in *Musk*, and does not possess the exhibits from the *Musk* depositions. The exhibits are subject to the Protective Order entered in *Musk*, which governs their use and disclosure. Moreover, some deposition exhibits were produced in *Musk* by Microsoft (for example, several of the exhibits introduced during Mr. Nadella's testimony) or by third parties, and OpenAI may not be in a position to produce exhibits that are not its own consistent with the Protective Order in *Musk*. OpenAI will work in good faith with The Times to address those issues if any further production is required.

Respectfully,

| KEKER, VAN NEST & PETERS LLP[1] | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Nicholas S. Goldberg* | */s/ Herman H. Yue* | */s/ Caitlin Sinclaire Blythe* |
| Nicholas S. Goldberg | Herman H. Yue | Caitlin Sinclaire Blythe |

---

[1] All parties whose electronic signatures are included herein have consented to the filing of this document.

2

6217800