<u>VIA ECF</u>

August 5, 2026

Hon. Sidney H. Stein
U.S. District Court
Southern District of New York
500 Pearl Street, Room 24A
New York, NY 10007-1312

RE:    *In Re OpenAI, Inc., Copyright Infringement Litig.*, Case No. 25-md-3143 (SHS)(OTW)
       This filing pertains to all matters.

Dear Judge Stein:

Under the Court's Order dated March 23, 2026 (Dkt. 1452), opening briefs for summary judgment and *Daubert* motions are due on September 4, 2026. The parties have spent the past several weeks conferring to develop a comprehensive proposal, subject to this Court's approval, to govern summary judgment and *Daubert* briefing.

As reflected in the stipulation and proposed order filed on July 31, 2026 (Dkt. 1656), the parties reached agreement on proposed word limits for summary judgment briefing on the News Plaintiffs' claims and on a proposed modification to the schedule for briefing *Daubert* motions. As reflected in another stipulation that is being filed concurrently with this joint letter, the parties have reached agreement on another issue: a proposed due date for amicus briefs that may be filed in connection with summary judgment.

The parties are, however, at an impasse on the following two issues and seek the Court's guidance as soon as is practicable given the impending deadlines.

**(1) *Word Limits for Summary Judgment Briefing on Class Plaintiffs' Claims*:** The parties have conferred and reached an impasse on the issue of the length of the briefing in the consolidated Class Cases. The parties' positions are as follows.

**Class Plaintiffs' Position:** Plaintiffs[1] in the consolidated Class Cases[2] seek precisely the summary judgment briefing structure that Defendants have already agreed to in the News Cases: that the consolidated Class Plaintiffs' briefing addressing both Defendants equal the combined length of the Defendants' briefs. Defendants have refused, demanded that they be allowed to file briefs which are twice as long as Class Plaintiffs' briefs, and provided no reason why the Plaintiffs in the

---

[1] David Baldacci, Columbus Rose, Ltd., Taylor Branch, Michael Connelly, Hieronymus, Inc., Sylvia Day, Sylvia Day, LLC, Jonathan Franzen, Christopher Golden, Daring Greatly Corporation, Andrew Sean Greer, John Grisham, Belfry Holdings, Inc., David Henry Hwang, George R.R. Martin, Wo & Shade LLC, Jodi Picoult, Stacy Schiff, Gattopardo, LLC James Shapiro, and The Authors Guild.
[2] Cases Nos. 1:23-cv-08292, 1:23-cv-10211, and 1:25-cv-03482.

1

consolidated Class Cases should be treated differently than the News Cases. Class Plaintiffs respectfully seek an order giving each side in the consolidated Class Cases equal space to address the issues.

Specifically, Plaintiffs in the consolidated Class Cases seek to file one 20,000-word consolidated opening summary judgment brief against both Defendants, with OpenAI and Microsoft allocated a combined 20,000 words for their briefing to divide as they please. The same limits would apply to oppositions, with each side allotted 10,000 words per side for replies. This mirrors the structure Defendants already agreed to in the consolidated News Cases. The only difference is that the briefs will be 10 and 5,000 words shorter on both sides.

Under the Court's individual practices, see § 2.C, Plaintiffs would normally file two opening briefs of 8,750 words each (i.e. 17,500 total), i.e., one motion against OpenAI and one motion against Microsoft. Plaintiffs seek to combine that word count into a single consolidated brief (as was done in the News Cases) along with a modest expansion of some 2,500 extra words given the importance and overlap of the issues here.

Defendants have refused this structure and demand that—however many words Class Plaintiffs are allocated—they be allotted twice as many, i.e., if Class Plaintiffs have 10,000 words total for their opening brief, then Microsoft and OpenAI collectively get double that amount, 20,000. Defendants have not explained why the consolidated Class Cases should be treated differently from the consolidated News Cases, nor why it would make sense for Class Plaintiffs to file two separate opening briefs (one against OpenAI and one against Microsoft), two separate opposition briefs, and two separate reply briefs, given the substantial factual and legal overlap here.

The issues in the consolidated Class Cases are complex and important, with many aspects unique to the Class Cases. As of now, Class Plaintiffs intend to move on (1) Defendants' direct infringement of Class Plaintiffs' Asserted Works via torrenting and storing pirated books from LibGen (and other sources), (2) OpenAI's direct infringement via copying books to train its LLMs, (3) Defendants' distribution of pirated books between themselves and to third parties (including via transfers of pirated training data, scraped and crawled data, and by sending books to contractors), and (4) Microsoft's contributory and vicarious infringement, including via custom designing software and hardware infrastructure for OpenAI's infringement. Given the importance and overlap of these issues, it makes little sense to require separate briefing, much less separate briefing half the length allotted to Defendants.

Class Plaintiffs request that the Court enter an order permitting Plaintiffs in the consolidated Class Cases to file consolidated opening and opposition briefs of 20,000 words and a consolidated reply brief of 10,000 words, with Defendants similarly entitled to opening and opposition briefs with a combined total length of 20,000 words, and a consolidated reply brief of 10,000 words divided as they see fit.

**Defendants' Position:** OpenAI and Microsoft should each be allowed the same number of pages that Class Plaintiffs receive for their summary judgment papers. Specifically, Defendants propose that Class Plaintiffs, OpenAI, and Microsoft each receive 15,000 words for opening and opposition briefs, and 7,500 each for replies. Class Plaintiffs' request to receive double the pages allowed to

each OpenAI and Microsoft is inconsistent with the Federal Rules of Civil Procedure, this Court's Individual Practices, and is highly prejudicial to OpenAI and Microsoft.

Class plaintiffs are a single group of plaintiffs, all of whom are represented by the same counsel and assert the same claims. Absent relief from the Court, Plaintiffs would be permitted to file a single motion for summary judgment against all defendants. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought."). Under this Court's rules, that motion "may not exceed 8,750 words." Individual Practices of Judge Sidney H. Stein § 2(C).

OpenAI and Microsoft are separate parties represented by separate counsel. Ordinarily, OpenAI and Microsoft would each be permitted to file their own summary judgment motions (and oppositions) of 8,750 words. See Individual Practices of Judge Sidney H. Stein § 2(C).

Plaintiffs' request ignores the default rules to gain an unfair advantage. They seek to file a 20,000-word motion (more than twice the size of the default limits), while asserting that each defendant only gets half that amount for their own motions and oppositions. There is no basis for such a request. Plaintiffs' assertion that they "would normally file two opening briefs of 8,750 words" is wrong. A plaintiff does not get to file two summary judgment motions simply because it chose to sue two defendants in the same case. This is especially true here, where Plaintiffs plead a single cause of action for copyright infringement against both OpenAI and Microsoft.

Plaintiffs' assertion that they are entitled to a briefing structure that "mirrors the structure" in the "News Cases" is also wrong. The "News Cases" are a collection of five separate cases with five plaintiff groups, all of whom have separate counsel. There, the parties have worked together to reach a reasonable compromise that accommodates multiple plaintiff groups and multiple defendants. Absent such an agreement, each group of news plaintiffs and each defendant would have been permitted to file its own brief and opposition, resulting in hundreds of pages of briefing. The class case is different because there are not multiple plaintiff groups. There is a single group of plaintiffs all represented by the same counsel and asserting the same claims.

The remainder of Class Plaintiffs' statement mischaracterizes Defendants' position. Defendants have no objection to Class Plaintiffs filing a single brief against OpenAI and Microsoft. And while Defendants believe that 20,000 words is unnecessary, they will not object to that request if the Court finds it reasonable. Defendants merely request that each OpenAI and Microsoft be permitted to file their own, separate motions and oppositions of the same length as plaintiffs' motions and oppositions.

**(2) Limitations on *Daubert* Briefs:** The parties have conferred and reached an impasse on the issues of word limitations for *Daubert* briefs. The parties' positions are set forth below.

**Plaintiffs' Position:** This Court and the parties will benefit from a reasonable cap on *Daubert* briefing, particularly given the 42 experts across this MDL.

Plaintiffs propose a global word count (or page limit) to cover all *Daubert* motions, with Class and News Plaintiffs sharing a set word limit, and Microsoft and OpenAI likewise sharing within a set word limit. Under this proposal, the Court would receive **just six *Daubert* briefs**: a Plaintiff opening, opposition, and reply, and a Defense opening, opposition, and reply. Plaintiffs also propose manageable word counts: 12,000 words (approximately 40 pages) for opening and

opposition briefs, and 6,000 words (approximately 20 pages) for reply briefs. The upshot of Plaintiffs' proposal is this Court would receive at most a total of 200 pages of *Daubert* briefing.

Defendants, meanwhile, propose almost no limits on *Daubert* briefing. The only limitation Defendants accept is that if Microsoft and OpenAI both decide to file a *Daubert* motion against the same expert, they would file a joint motion as to that expert. That is insufficient. Under their proposal, the parties will otherwise file separate briefs for every expert against whom a *Daubert* motion is sought, and each brief is subject only to this Court's default word limits. Defendants could thus file 23 separate *Daubert* briefs, one for every plaintiff expert, and each brief could be up to 8,750 words (approximately 25 pages). Under that framework, this Court could receive 126 *Daubert* briefs (including oppositions and replies) and more than 3,000 pages of *Daubert* briefing.

By contrast, Plaintiffs' proposal of imposing a global word limit forces the parties to carefully select which experts to move against and the best grounds for doing so, rather than waste time and pages on ancillary issues. Plaintiffs' proposal also has logistical benefits: the parties and this Court need only keep track of six briefs, as opposed to the more than 100 briefs invited by Defendants' proposal, not to mention associated filings, such as motions to seal. Defendants' remaining concerns with Plaintiffs' proposal could be addressed by modifying the global word limit, but Defendants have not offered an alternative to Plaintiffs' proposed limit.

**<u>Defendants' Position</u>:** Defendants agree with Plaintiffs on the objective: Rule 702 briefing should be selective, targeted, and manageable for the Court. Defendants intend to move only where an expert's testimony presents a critical, material admissibility issue. To that end, Defendants have already agreed not to file duplicative motions challenging the same expert. But Plaintiffs' proposal —a single 12,000-word opening brief shared by both Defendants to challenge the full lineup of Plaintiffs' 22 experts—is neither fair nor efficient. It would force distinct, expert-specific disputes into an arbitrary global cap and an omnibus filing that would be less useful, not more useful, to the Court.

Plaintiffs' proposal offers superficial symmetry, but not a sensible briefing structure. A single, side-wide cap would treat a collection of distinct admissibility disputes as though they presented one uniform briefing burden. They do not. Plaintiffs have served more than 50 reports from 22 experts addressing different methodologies, subjects, claims, evidentiary records, and parties. Although the reports have been served, many expert depositions occurred only recently and some remain underway; those depositions may confirm, narrow, or sharpen the Rule 702 issues presented by particular experts.

Defendants do not contend that every report or opinion warrants a Rule 702 motion, and they will be selective. But Plaintiffs should not be permitted to flood the case with a stream of experts and then deprive Defendants of their ability to meaningfully challenge expert opinions that fail Rule 702's standards. Where a material Rule 702 issue exists, Defendants should not be forced either to omit it or compress it into an aggregate allotment shared across unrelated experts and two separate defendants. A global word limit is therefore a poor proxy for proportionality. Targeted, expert-specific briefing, combined with Defendants' commitment to avoid duplicative motions, would better promote disciplined advocacy and give the Court cleaner and more useful submissions.

Plaintiffs' omnibus approach also would not simplify the Court's work. Rule 702 challenges are inherently expert-specific and may involve different qualifications, methodologies, data, assumptions, deposition testimony, and opinions. Separate motions organized by expert would provide focused, self-contained briefing and permit the Court to issue and later reference discrete rulings. A single brief addressing numerous unrelated experts would instead combine different records and methodologies, require extensive cross-referencing, complicate sealing issues, and make individual rulings harder to track. Fewer docket entries do not necessarily mean less work; Plaintiffs' proposal would concentrate the same complexity into fewer, more cumbersome papers.

Plaintiffs' projection of 126 briefs and more than 3,000 pages is nothing more than fear mongering. It assumes that every party challenges every expert, every brief uses the maximum permitted length, and the parties exercise no restraint. Defendants have committed to the opposite. They will move only where necessary, and OpenAI and Microsoft will file a single joint motion whenever both challenge the same expert.

Plaintiffs' proposal also ignores the differing positions of the two Defendants. For example, several experts have offered opinions in the Ziff Davis action, in which OpenAI, but not Microsoft, is a defendant. Under Plaintiffs' proposal, briefing devoted to those OpenAI-specific experts would consume part of the single allocation shared by both Defendants, correspondingly reducing the space available for Microsoft to address experts relevant to the cases against it.

Defendants therefore propose that OpenAI and Microsoft file a single joint motion whenever both challenge the same expert, and that Plaintiffs do the same when multiple Plaintiffs challenge a defense expert. Otherwise, Rule 702 motions should be filed separately by expert or closely related subject matter, subject to the Court's ordinary word limits. That approach prevents duplication while giving the Court focused submissions that are easier to review, decide, and reference.

Respectfully submitted,

| | | | |
|---|---|---|---|
| */s/ Davida Brook* | */s/ Justin A. Nelson* | */s/ Lisa T. Simpson* | */s/ R. James Slaughter* |
| Davida Brook | Justin A. Nelson | Lisa T. Simpson | R. James Slaughter |
| Susman Godfrey | Susman Godfrey | Orrick | Keker & Van Nest |
| *On Behalf of News Plaintiffs* | *On Behalf of Class Plaintiffs* | *On Behalf of Microsoft* | *On Behalf of OpenAI* |

*All parties whose electronic signatures are included herein have consented to the filing of this document.