**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In Re: OpenAI, Inc. Copyright Infringement Litigation

This Document Relates To:

Al Cases

Case No. 1:25-md-3143-SHS-OTW

**DEFENDANT MICROSOFT CORPORATION'S MOTION TO SEAL**

Pursuant to Paragraph 34 of the Stipulated Protective Order (ECF 367) and the Stipulated Omnibus Sealing Order for Summary Judgment and *Daubert* Briefing (ECF 1685), Defendant Microsoft Corporation ("Microsoft") moves to seal portions of Defendant Microsoft Corporation's Memorandum of Law in Support of Motion For Summary Judgment In Books Plaintiffs' Consolidated Cases ("Books Memo"); Defendant Microsoft Corporation's Rule 56.1 Statement of Undisputed Material Facts in Support of Motion for Summary Judgment In Books Plaintiffs' Consolidated Cases ("Books Rule 56.1 Statement"); Defendant Microsoft Corporation's Memorandum of Law in Support of Motion For Summary Judgment In News Plaintiffs' Consolidated Cases ("News Memo"); and Defendant Microsoft Corporation's Rule 56.1 Statement of Undisputed Material Facts in Support of Motion for Summary Judgment In News Plaintiffs' Consolidated Cases ("News Rule 56.1 Statement").

## I. Documents That Microsoft Affirmatively Seeks Leave to Redact and Seal

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co.*

*of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation and citation omitted). "[T]he proponent of sealing must 'demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "The First Amendment presumption of access may be overcome if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Refco Grp. Ltd. v. Cantor Fitzgerald, L.P.*, No. 13-cv-1654, 2015 WL 4298572, at *3 (S.D.N.Y. July 15, 2015) (internal quotation and citations omitted).

The limited material that Microsoft seeks to seal meets that standard. The first category of material is information related to negotiations and an agreement entered between Microsoft and a third party. Disclosure of this material would cause competitive harm by putting Microsoft's and the third party's confidential information at risk, and disclosure will pose a competitive disadvantage to Microsoft and the third party who were acting under promises of confidentiality when executing the agreement. Decl. of Lucky Vidmar ("Vidmar Decl.") ¶ 4. This is sensitive information that Microsoft does not make public and goes to extensive lengths to protect. *Id.* As such, other courts have agreed to seal similar Microsoft information. *See, e.g.*, *In re Google Generative AI Copyright Litig.*, No. 23-cv-03440-EKL, 2026 WL 686314, at *3 (N.D. Cal. Mar. 11, 2026); *see also Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-cv-6559, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021). The material that Microsoft seeks to seal related to this category is:

| Document | Portion Sealed |
|---|---|
| Books Rule 56.1 Statement | Redactions to ¶ 28 |

The second category of material Microsoft seeks to seal relates to Microsoft's internal technical information related to the functionality of its products. This is sensitive information that Microsoft does not make public and goes to extensive lengths to protect as disclosure of this information would cause Microsoft competitive harm. Vidmar Decl. ¶ 6. Courts routinely authorize the sealing of this kind of technical information, including when it is submitted in connection with a motion for summary judgment. *See, e.g.*, *Brunckhorst v. Bischoff*, No. 21-cv-03462, 2024 WL 4276201, at *2-3 (S.D.N.Y. Sept. 24, 2024) (granting motion to seal "sensitive business information" submitted at summary judgment); *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (explaining that "categories commonly sealed" include documents "containing trade secrets" or "confidential research and development information"). The material Microsoft seeks to seal related to this category is:

| Document | Portion Sealed |
|---|---|
| News Rule 56.1 Statement | Redactions to ¶¶ 30, 32, 35, 38, 41, 44, 47, 50, 53, 56, 60, 61 |

In sum, Microsoft has shown that its legitimate privacy interest in protecting its confidential information at issue in this case outweighs any presumption of access, and Microsoft has narrowly tailored its request to seal in order to serve that interest. Microsoft thus respectfully requests that the motion to seal is granted at least as to the material that Microsoft seeks to seal.

## II. Documents That Contain Another Party's Confidential Information

Pursuant to Paragraph 34 of the Protective Order (ECF 367), Microsoft is also provisionally seeking to redact the following material that has been designated as Protected Discovery Material by another party to this case:

| Document | Portion Sealed | Designating Party |
|---|---|---|
| Books Memo | Redaction to page 26 | Class Plaintiffs |
| Books Rule 56.1 Statement | Redactions to ¶ 6 | OpenAI |
| Books Rule 56.1 Statement | Redaction to ¶¶ 23-24 | Class Plaintiffs |
| News Memo | Redactions to page 12 | Daily News Plaintiffs and CIR |
| News Memo | Redactions to pages 25-27 | New York Times |
| News Memo | Redactions to pages 30-31 | New York Times and Daily News Plaintiffs |
| News Rule 56.1 Statement | Redaction to ¶ 6 | OpenAI |
| News Rule 56.1 Statement | Redactions to ¶¶ 28, 87, 89-91 | New York Times |
| News Rule 56.1 Statement | Redactions to ¶¶ 34, 37, 40, 43, 46, 49, 52, 55, 94, 96-97, 100, 102-103, 106, 108-109, 112, 114-115, 118, 120-121, 124, 126-127, 130, 132-133, 136, 138-139 | Daily News Plaintiffs |
| News Rule 56.1 Statement | Redactions to ¶¶ 58, 144 | CIR |

As required by the Protective Order and paragraph 9(ii) of the Stipulated Omnibus Sealing Order for Summary Judgment and *Daubert* Briefing (ECF 1685), Microsoft will provide unredacted copies of this material to the Designating Party who will have until September 14, 2026, to file support to seal this material. Microsoft does not take a position on whether this material should be sealed.

Dated: September 4, 2026

Respectfully submitted,

*/s/ Annette L. Hurst*

ORRICK, HERRINGTON & SUTCLIFFE LLP
Annette L. Hurst (admitted pro hac vice)
Daniel Justice (admitted pro hac vice)
Robert Scott Shwarts
Catherine Lui (admitted pro hac vice)
Amanda H. Schwartz (admitted pro hac vice)
Ana Mendez-Villamil (admitted pro-hac vice)
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
ahurst@orrick.com
djustice@orrick.com
aschwartz@orrick.com
amendez-villamil@orrick.com

Christopher J. Cariello
Lisa T. Simpson
Marc Shapiro
Vanessa Sorrentino
Hilda Obeng
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
ccariello@orrick.com
lsimpson@orrick.com
mrshapiro@orrick.com
vsorrentino@orrick.com
hobeng@orrick.com

Sheryl Koval Garko (admitted pro hac vice)
Laura Brooks Najemy (admitted pro hac vice)
222 Berkley Street
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 880-1801
sgarko@orrick.com
lnajemy@orrick.com

Isaac Sawlih Behnawa (admitted pro hac vice)
Johnathan Vaknin (admitted pro hac vice)
355 S. Grand Ave. Suite 2700
Los Angeles, CA 90071
Telephone: (213) 612-2179
Facsimile: (213) 612-2499
ibehnawa@orrick.com
jvaknin@orrick.com

Monica Svetoslavov (admitted pro hac vice)
Louis Andrew Schreiber
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
msvetoslavov@orrick.com
aschreiber@orrick.com

FAEGRE DRINKER BIDDLE & REATH LLP
Jeffrey S. Jacobson
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 248-3191
jeffrey.jacobson@faegredrinker.com

Jared B. Briant (admitted pro hac vice)
Kirstin L. Stoll-DeBell (admitted pro hac vice)
Timothy Scull (admitted pro hac vice)
Shelby Pickar-Dennis (admitted pro hac vice)
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 607-3588
jared.briant@faegredrinker.com
kirstin.stolldebell@faegredrinker.com
timothy.scull@faegredrinker.com
shelby.pickar-dennis@faegredrinker.com

Lora A. Brzezynski (admitted pro hac vice)
Brianna Lynn Silverstein (admitted pro hac vice)
Faith Maggard (admitted pro hac vice)
1500 K Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 230-5000
Facsimile: (202) 842-8465
lora.brzezynski@faegredrinker.com

brianna.silverstein@faegredrinker.com
faith.maggard@faegredrinker.com

Carrie A. Beyer (admitted pro hac vice)
320 South Canal Street, Suite 3300
Chicago, IL 60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
carrie.beyer@faegredrinker.com

Elizabeth M.C. Scheibel (admitted pro hac vice)
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
elizabeth.scheibel@faegredrinker.com

Andrew Lawrence Van Houter
600 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 549-7018
Facsimile: (973) 360-9831
Andrew.vanhouter@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*