**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: OpenAI, Inc. Copyright Infringement Litigation<br><br>This Document Relates To:<br><br>All Cases | Case No. 1:25-md-3143-SHS-OTW |

**DEFENDANT MICROSOFT CORPORATION'S RESPONSE TO MOTIONS TO SEAL**

Pursuant to Paragraph 34 of the Stipulated Protective Order (ECF 367) and the Stipulated Omnibus Sealing Order for Summary Judgment and *Daubert* Briefing (ECF 1685), Defendant Microsoft Corporation ("Microsoft") submits this response to News Plaintiffs' Motion for Leave to File Under Seal and Redact Portions of News Plaintiffs' Combined Summary Judgment Brief and Rule 56.1 Statement of Material Undisputed Facts (ECF 1687, 1688) ("News Plaintiffs' Motion") requesting that certain redacted portions of News Plaintiffs' Combined Summary Judgment Brief (ECF 1728) ("News Plaintiffs' MSJ Brief") and News Plaintiffs' Combined Rule 56.1 Statement of Material Undisputed Facts (ECF 1742) ("News Plaintiffs' Rule 56.1 Statement") remain sealed and Class Plaintiffs' Motion to Seal (ECF 1835) ("Class Plaintiffs' Motion") requesting that certain portions of Class Plaintiffs' Memorandum of Law in Support of Motion for Partial Summary Judgment (ECF 1848) ("Class Plaintiffs' MSJ Brief") and Class Plaintiffs' Rule 56.1 Statement of Undisputed Material Facts in Support of Class Plaintiffs' Motion for Partial Summary Judgment (ECF 1868) ("Class Plaintiffs' Rule 56.1 Statement") remain sealed. Specifically, Microsoft requests that the portions identified below be redacted.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "The proponent of sealing 'must demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "The First Amendment presumption of access may be overcome if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Refco Grp. Ltd. v. Cantor Fitzgerald, L.P.*, No. 13-cv-1654, 2015 WL 4298572, at *3 (S.D.N.Y. July 15, 2015) (citations omitted).

The limited material that Microsoft seeks to seal meets that standard. The first category of material is information related to negotiations and agreements entered between Microsoft and OpenAI and Microsoft and third parties. Disclosure of this material would cause competitive harm by putting Microsoft's, OpenAI's, and the third parties' confidential information at risk, and disclosure will pose a competitive disadvantage to Microsoft, OpenAI, and the third parties who were acting under promises of confidentiality when executing these agreements. Decl. of Lucky Vidmar ("Vidmar Decl.") ¶ 4. This is sensitive information that Microsoft does not make public and goes to extensive lengths to protect. *Id.* As such, other courts have agreed to seal similar Microsoft information. *See, e.g.*, *In re Google Generative AI Copyright Litig.*, No. 23-cv-03440-EKL, 2026 WL 686314, at *3 (N.D. Cal. Mar. 11, 2026); *see also Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17-cv-6559, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021). The material that Microsoft seeks to seal related to this category is:

| Document | Portion Sealed |
|---|---|
| News Plaintiffs' MSJ Brief (ECF 1728) | Pages 7-8 proposed redactions to paragraph straddling pages<br>Pages 71-72 proposed redactions to sentence straddling pages<br>Page 72 proposed redactions to 1st full sentence |
| News Plaintiffs' Rule 56.1 Statement (ECF 1742) | ¶ 207 proposed redactions except "including non-fiction books"<br>¶¶208-228 proposed redactions<br>¶¶ 236-242 proposed redactions<br>¶ 443 proposed redactions<br>¶ 688 proposed redactions<br>¶¶ 743-745 proposed redactions<br>¶¶ 768-775 proposed redactions<br>¶¶ 777-780 proposed redactions<br>¶ 796 proposed redactions<br>¶¶ 1637-1639 proposed redactions<br>¶ 1646 proposed redactions<br>¶ 1649 proposed redactions |
| Class Plaintiffs' MSJ Brief (ECF 1848) | Page 8 2nd full ¶ 2nd sentence redaction within parentheses<br>Page 8 proposed redactions to 3rd full paragraph<br>Page 12 last ¶ proposed redactions after "case"<br>Page 37 proposed redactions to last sentence of last ¶<br>Page 38 1st ¶ proposed redactions to 4th and 5th sentences |
| Class Plaintiffs' Rule 56.1 Statement (ECF 1868) | ¶ 516 17th word<br>¶¶ 621-623 proposed redactions<br>¶¶ 629-631 proposed redactions<br>¶ 633 proposed redactions<br>¶¶ 640-645 proposed redactions<br>¶¶ 647-648 proposed redactions<br>¶¶ 650-652 proposed redactions<br>¶ 670 proposed redactions<br>¶ 679 proposed redactions<br>¶¶ 684-685 proposed redactions<br>¶¶ 688-700 proposed redactions<br>¶ 705 proposed redactions<br>¶¶ 775-789 proposed redactions<br>¶¶ 792-813 proposed redactions<br>¶ 824 proposed redactions |

The second category of material Microsoft seeks to seal relates to Microsoft's internal technical, research, and financial information related to the functionality of its products, business strategy, and its work with OpenAI. This is sensitive information that Microsoft does not make public and goes to extensive lengths to protect as disclosure of this information would cause it competitive harm. Vidmar Decl. ¶ 6. Courts routinely

authorize the sealing of this kind of technical, research, and financial information, including when it is submitted in connection with a motion for summary judgment. *See, e.g.*, *Brunckhorst v. Bischoff*, No. 21-cv-03462, 2024 WL 4276201, at *2-3 (S.D.N.Y. Sept. 24, 2024) (granting motion to seal "sensitive business information" submitted at summary judgment); *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018 (explaining that "categories commonly sealed" include documents "containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like"). The material Microsoft seeks to seal related to this category is:

| Document | Portion Sealed |
|---|---|
| News Plaintiffs' MSJ Brief (ECF 1728) | Page 9 2nd full ¶ proposed redactions to 3rd sentence<br>Page 31 1st ¶ of § 5 2nd sentence words 20-22<br>Page 32 first quotation on page<br>Page 32 quotation at the end of first full sentence on page<br>Page 32 1st full ¶ 3rd sentence last 2 words<br>Page 33 4th and 5th words on page<br>Page 33 last 2 words of 2nd full sentence on page<br>Page 33 proposed redactions to 3rd full sentence on page<br>Page 67 2nd ¶ proposed redactions to 2nd sentence |

| | |
|---|---|
| News Plaintiffs' Rule 56.1 Statement (ECF 1742) | ¶ 517 proposed redactions<br>¶ 616 words 6-7<br>¶ 621 proposed redaction<br>¶¶ 625-626 proposed redactions<br>¶ 648 1st proposed redaction<br>¶ 663 words 12-13<br>¶ 664 words 12-13<br>¶ 666 words 13-14<br>¶ 668 words 16-17<br>¶ 676 last word of proposed redaction<br>¶ 677 proposed redactions<br>¶ 678 word 9<br>¶ 679 proposed redactions<br>¶ 680 word 13<br>¶¶ 681-682 proposed redactions<br>¶ 684 proposed redactions<br>¶ 685 proposed redaction to parenthetical<br>¶ 686 last 2 words of proposed redaction<br>¶ 692 proposed redactions<br>¶ 693 the words within the quotations and the parenthetical in the proposed redactions<br>¶ 694 1st sentence last two words<br>¶ 700 words 32-33<br>¶ 701 proposed redactions<br>¶ 703 proposed redactions to parenthetical<br>¶ 704 proposed redactions<br>¶ 706 proposed redactions within the parentheticals<br>¶ 710 proposed redaction to the last parenthetical<br>¶ 714 proposed redaction to parenthetical<br>¶ 720 words 4-6<br>¶ 721 words 8 and 25-26<br>¶¶ 724-726 proposed redactions<br>¶¶ 737-738 proposed redactions<br>¶¶ 740-742 proposed redactions<br>¶ 748 last 8 words of proposed redaction<br>¶ 753 proposed redaction after "OpenAI"<br>¶ 755 proposed redaction after "OpenAI"<br>¶ 756 proposed redaction after the hyphen<br>¶¶ 759-760 proposed redactions<br>¶ 762 proposed redactions<br>¶ 764 proposed redactions<br>¶ 921 proposed redactions<br>¶¶ 940-941 proposed redactions<br>¶ 956 proposed redactions<br>¶ 989 proposed redactions<br>¶ 1002-1004 proposed redactions<br>¶¶ 1441-1444 proposed redactions |

| Document | Portion Sealed |
|---|---|
| | ¶ 1462 proposed redactions<br>¶ 1471 proposed redactions<br>¶ 1476 proposed redactions<br>¶ 1514 proposed redactions<br>¶ 1653 proposed redaction to parenthetical<br>¶ 1697 proposed redactions<br>¶ 1699 proposed redactions<br>¶ 1729 proposed redactions<br>¶ 1733 proposed redactions<br>¶ 1737 proposed redactions<br>¶ 1740 proposed redactions<br>¶ 1745 proposed redactions |
| Class Plaintiffs' MSJ Brief (ECF 1848) | Page 7 last ¶ on page 3rd sentence words 9-11<br>Page 9 4th ¶ 2nd sentence words 12-14 |

| Document | Portion Sealed |
|---|---|
| Class Plaintiffs' Rule 56.1 Statement (ECF 1868) | Table of Contents § VI.E. words 6-10<br>¶ 121 proposed redaction to quotation<br>¶ 125 words 11-12 and 32<br>¶ 392 proposed redaction<br>¶¶ 405-406 proposed redactions<br>¶ 460 proposed redactions<br>¶¶ 464-465 proposed redactions<br>¶ 573 proposed redaction after "could"<br>¶¶ 575-577 proposed redactions<br>¶ 579 words 11-14 of proposed redaction<br>¶ 581 words 9-15 and the words within the quotation in the proposed redaction<br>¶ 583 last 3 words of statement in proposed redaction<br>¶ 585 proposed redaction to first sentence<br>¶ 586 proposed redactions<br>¶ 589 2nd sentence words 8-22<br>¶ 592 proposed redactions<br>¶ 594 proposed redactions<br>¶ 600 words 5-6<br>¶ 606 proposed redactions to the 1st sentence<br>¶ 618 2nd sentence of proposed redactions<br>¶ 620 last 2 sentences of proposed redactions<br>¶ 627 proposed redactions<br>¶ 636 proposed redactions<br>¶ 638 proposed redactions after "of"<br>¶ 659 1st 2 sentences of proposed redactions<br>¶ 662 last 2 sentence of proposed redactions<br>¶¶ 665-668 proposed redactions<br>¶ 672 proposed redactions<br>¶ 673 first sentence of proposed redactions<br>¶ 675 proposed redaction to parenthetical<br>¶ 677 words 11-12<br>Heading § VI.E. words 6-10<br>¶¶ 680-683 proposed redactions<br>¶¶ 702-704 proposed redactions<br>¶¶ 904-905 proposed redactions<br>¶¶ 910-911 proposed redactions |

The third category of material Microsoft seeks to seal relates to material that implicates third-party privacy concerns, such as chat logs from Copilot that include prompts from third-party Copilot users. The Second Circuit has long held that "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing

equation" on sealing. *Application of Newsday, Inc.*, 895 F.2d 74, 80-81 (2d Cir. 1990) (internal quotations omitted). These privacy interests are "a venerable common law exception to the presumption of access," *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995), and they are "the type of higher value that justifies sealing even where the First Amendment right of access attaches." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542, 2023 WL 196134, at *10 (S.D.N.Y. Jan. 17, 2023) (citing *see also Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). Here, Copilot's users, who are third parties to this litigation, had an expectation of privacy, and these chat logs are sensitive information that Microsoft does not make public and goes to extensive lengths to protect as disclosure of this information would cause Microsoft competitive harm. Vidmar Decl. ¶ 8. The material Microsoft seeks to seal related to this category is:

| **Document** | **Portion Sealed** |
|---|---|
| News Plaintiffs' MSJ Brief (ECF 1728) | Images on pages 45, 46, 47, 48, 49<br>Page 49 3rd full ¶ proposed redactions to 1st sentence |
| News Plaintiffs' Rule 56.1 Statement (ECF 1742) | ¶¶ 1089-1092 proposed redactions<br>¶¶ 1239-1240 proposed redactions<br>¶¶ 1248-1249 proposed redactions<br>¶ 1255 1st proposed redaction and image<br>¶ 1256 1st and 2nd proposed redaction and image |

In sum, Microsoft has shown that its legitimate privacy interest in protecting its confidential business and technical information at issue in this case outweighs any presumption of access, and Microsoft has narrowly tailored its request to seal in order to serve that interest. Microsoft thus supports News Plaintiffs' Motion (ECF 1687, 1688) and Class Plaintiffs' Motion (ECF 1835) to the extent they seek to seal the portions identified above.

Dated: September 14, 2026

Respectfully submitted,

*/s/ Jared B. Briant*

FAEGRE DRINKER BIDDLE & REATH LLP
Jeffrey S. Jacobson
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 248-3191
jeffrey.jacobson@faegredrinker.com

Jared B. Briant (admitted pro hac vice)
Kirstin L. Stoll-DeBell (admitted pro hac vice)
Timothy Scull (admitted pro hac vice)
Shelby Pickar-Dennis (admitted pro hac vice)
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 607-3588
jared.briant@faegredrinker.com
kirstin.stolldebell@faegredrinker.com
timothy.scull@faegredrinker.com
shelby.pickar-dennis@faegredrinker.com

Lora A. Brzezynski (admitted pro hac vice)
Brianna Lynn Silverstein (admitted pro hac vice)
Faith Maggard (admitted pro hac vice)
1500 K Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 230-5000
Facsimile: (202) 842-8465
lora.brzezynski@faegredrinker.com
brianna.silverstein@faegredrinker.com
faith.maggard@faegredrinker.com

Carrie A. Beyer (admitted pro hac vice)
320 South Canal Street, Suite 3300
Chicago, IL 60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
carrie.beyer@faegredrinker.com

Elizabeth M.C. Scheibel (admitted pro hac vice)
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
elizabeth.scheibel@faegredrinker.com

Andrew Lawrence Van Houter
600 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 549-7018
Facsimile: (973) 360-9831
Andrew.vanhouter@faegredrinker.com

ORRICK, HERRINGTON & SUTCLIFFE LLP
Annette L. Hurst (admitted pro hac vice)
Daniel Justice (admitted pro hac vice)
Robert Scott Shwarts
Catherine Lui (admitted pro hac vice)
Amanda H. Schwartz (admitted pro hac vice)
Ana Mendez-Villamil (admitted pro-hac vice)
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
ahurst@orrick.com
djustice@orrick.com
aschwartz@orrick.com
amendez-villamil@orrick.com

Christopher J. Cariello
Lisa T. Simpson
Marc Shapiro
Vanessa Sorrentino
Hilda Obeng
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
ccariello@orrick.com
lsimpson@orrick.com
mrshapiro@orrick.com
vsorrentino@orrick.com
hobeng@orrick.com

Sheryl Koval Garko (admitted pro hac vice)
Laura Brooks Najemy (admitted pro hac vice)
222 Berkley Street
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 880-1801
sgarko@orrick.com
lnajemy@orrick.com

Isaac Sawlih Behnawa (admitted pro hac vice)
Johnathan Vaknin (admitted pro hac vice)
355 S. Grand Ave. Suite 2700
Los Angeles, CA 90071
Telephone: (213) 612-2179
Facsimile: (213) 612-2499
ibehnawa@orrick.com
jvaknin@orrick.com

Monica Svetoslavov (admitted pro hac vice)
Louis Andrew Schreiber
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
msvetoslavov@orrick.com
aschreiber@orrick.com

*Attorneys for Defendant Microsoft Corporation*