KEKER VAN NEST & PETERS    LATHAM & WATKINS LLP    MORRISON FOERSTER

September 14, 2026

**VIA ECF**
Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

RE: **Letter Motion to Seal**, *In Re: OpenAI, Inc., Copyright Infringement Litigation*, No. 1:25-md-3143, This Document Relates To: 1:23-cv-08292-SHS-OTW ("Books Case"), *The New York Times Company v. Microsoft Corporation et al.*, 1:23-cv-11195; *The Intercept Media, Inc. v. OpenAI, Inc. et al.*, 1:24-cv-01515; *Daily News LP et al. v. Microsoft Corporation et al.*, 1:24-cv-03285; *The Center for Investigative Reporting, Inc. v. OpenAI, Inc. et al.*, 1:24-cv-04872; *Ziff Davis, Inc. et al. v. OpenAI, Inc. et al.*, 1:25-cv-04315 (collectively, "News Case")

Dear Judge Stein:

Pursuant to Rule 5.B. of Your Honor's Individual Practices and the Stipulated Omnibus Sealing Order for Summary Judgment and *Daubert* Briefing (ECF 1685), the OpenAI Defendants ("OpenAI") respectfully move to seal materials in:

- News Plaintiffs' Memorandum of Points in Support of its Motion for Summary Judgment ("News MSJ") (ECF 1728),
- News Plaintiffs' Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 ("News 56.1") (ECF 1742),
- Class Plaintiffs' Memorandum of Points in Support of its Motion for Summary Judgment ("Books MSJ") ( ECF 1848),
- Class Plaintiffs' Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 ("Books 56.1") (ECF 1868),
- Microsoft's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 in Support of Motion for Summary Judgement in News Plaintiffs' Consolidated Cases ("MSFT News 56.1") (ECF 1702),
- Microsoft's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 in Support of Motion for Summary Judgement in Books Plaintiffs' Consolidated Cases ("MSFT Books 56.1") (ECF 1694).

For purposes of this Motion, OpenAI refers to the six above filings as the "MSJ Papers."

## I. INTRODUCTION

The limited information OpenAI seeks to redact from the MSJ Papers comprises highly sensitive and confidential technical information about OpenAI's model development processes and related innovations, contractual agreements and their terms, customer behavior metrics, technical markers that pose cybersecurity risks, and financial information for OpenAI and its current and former employees, all of which could be unfairly used by competitors if made public. Additionally, OpenAI seeks to redact personally identifiable information (PII) for a former-OpenAI employee. Judge Wang previously has sealed the same or similar material in connection with prior motions in this litigation, and the Court should do the same here. *See* Orders MDL ECFs 931, 1461, and 1926 (sealing confidential business, technical, and user data information).

Public disclosure of this information, which has been designated as highly confidential pursuant to the Stipulated Protective Order (ECF 367), would cause OpenAI substantial prejudice through competitive harm, as it would reveal specific details about OpenAI's technical innovations, contractual obligations and negotiations, customer behavior metrics, and OpenAI's financial information to competitors. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). Other information reveals details about OpenAI's internal data storage systems, which could pose a security risk to OpenAI if revealed publicly. *See PRCM Advisers LLC v. Two Harbors Inv. Corp.*, No. 20-cv-5649, 2022 WL 17884154, at *1 (S.D.N.Y. Dec. 22, 2022). OpenAI has narrowly tailored its requests and seeks to seal no more than is necessary to protect OpenAI from competitive harm. This information would harm OpenAI if disclosed publicly and satisfies the standard for sealing information in the MSJ Papers.

## II. LEGAL STANDARD

"The common law right of public access to judicial documents is based on 'the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *See* ECF 293 at 2 (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

"When determining whether documents at issue on a motion to seal are subject to this common law right, the court must first conclude that the documents at issue are judicial documents." *See id*. (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). A "judicial document" is one that is "relevant to the performance of judicial functions and useful in judicial processes." *See id*. at 3 (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016)). Where the documents at issue are judicial documents, "the constitutional and common law presumption of access attaches." *See id*. at 2.

On finding that a document qualifies as a judicial document, the Court "must then determine the presumption's weight" and "balance[] competing considerations against the presumption of access." *See id*. (citing *Amodeo*, 71 F.3d at 1050). Sealing judicial documents

may be justified by "findings that sealing is necessary to preserve higher values and only if the sealing is narrowly tailored to achieve that aim." *See id*. at 3 (citing *Lugosch*, 435 F.3d at 124). Additionally, the Second Circuit has held that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *See id.* (citing *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, No. 1:17-cv-00147 (KAM) (CLP), 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020)).

## III. OPENAI'S CONFIDENTIAL INFORMATION WARRANTS SEALING

OpenAI's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016), and the additional cases cited above. *See also* ECF 1926 (sealing confidential commercial information protected under the parties' Protective Order, where requests were narrowly tailored).

OpenAI seeks to redact only limited portions of the MSJ Papers that reveal and discuss OpenAI's LLM development processes and related innovations, contractual agreements and their specific terms, customer behavior metrics, technical markers that would pose cybersecurity risks if disclosed, financial information for OpenAI and its current and former employees, and personally identifiable information (PII) for a former-OpenAI employee. Each category of information includes highly sensitive information that OpenAI does not publicly disclose. *See* Declaration of Maile Yeats-Rowe ("Yeats-Rowe Decl.") ¶ 4.

The information OpenAI seeks to seal falls into one or more of the categories below. For the convenience of the Court, a chart immediately following each category details the specific portions of the MSJ Papers OpenAI seeks to redact from each category. As noted in the tables, OpenAI requests discrete redaction of specific portions of the MSJ Papers (identified via green highlighting[1]), rather than sealing in total.

1. **Proprietary Technical Information**. OpenAI seeks to redact materials that discuss OpenAI's proprietary technical information. This information includes specific technical information about how OpenAI has developed its LLMs, including details related to its acquisition, curation, and use of data to develop its LLMs; technological innovations that enhance models' capabilities; descriptions of OpenAI's source code; evaluation and tests run to measure the abilities of those LLMs; and storage and handling of data.

---

[1] Pursuant to Local Civil Rule 56.1, Plaintiffs provided Word versions of their Rule 56.1 Statements to OpenAI. To avoid confusion with Plaintiffs' proposed highlights on the sealed 56.1 Statements submitted to the Court, OpenAI has applied green highlights to the Word version, converted it into a PDF, and submitted those along with this motion.

News Plaintiffs also sealed their information in green text on page 70 of the News MSJ. Because OpenAI cannot alter such highlights, they remain on the sealed version submitted along with this motion. OpenAI ***does not*** seek to seal the green highlights on page 70 of the New MSJ.

Disclosure of this information would expose strategic decisions about OpenAI's confidential technical innovations and data management practices, providing valuable insight into its current business and technological practices that a competitor would seek to exploit. *See* Yeats-Rowe Decl. ¶ 4. Judge Wang has previously sealed materially identical information. ECF 1461 at 4 (sealing information describing "strategic decisions about OpenAI's data collection and retention practices"); ECF 1461 (sealing "proprietary commercial information").

To avoid competitive harm, this type of information is routinely filed under seal by courts in this District. *See Crichlow v. Verituity Inc.*, No. 1:25-cv-6591-JHR, 2026 U.S. Dist. LEXIS 167718, at *6–8 (S.D.N.Y. Jul. 28, 2026) (granting motion to seal judicial documents that "could . . . expose proprietary technical materials, disclose source code or code-related materials" despite the "strong presumption of public access"); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *7, 18 (S.D.N.Y. Mar. 31, 2021) (sealing "confidential and proprietary data collection procedures" and "confidential technical information . . . including specific algorithms and the names of specific variables and functions"); *In re Zimmer: M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Technology and Versys Femoral Head Products Liability Litigation*, No. 18-mc-2859, ECF 494 at 4–6 (S.D.N.Y. Oct. 1, 2021) (finding that documents and depositions discussing "test methods and parameters" should be sealed because the party's "concern for protecting its confidential research and development information outweighs the presumption of public access"); *Louis Vuitton Malletier*, 97 F. Supp. 3d at 511 (sealing "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (internal quotation marks omitted).

| Description | Rationale for Redaction |
|---|---|
| Green Highlights on News MSJ pp. 10, 12, 33, 39. | Reveals information about the acquisition, curation, and use of data to develop LLMs. |
| Green Highlights on News MSJ p. 14. | Reveals specific technological innovation to enhance model capabilities. |
| Green Highlights on News 56.1 Facts 144, 403, 730–733, 788, 812, 844, 878, 884, 886, 892, 893, 936, 1119, 1188, 1189, 1197, 1199, 1200, 1221, 1222, 1330, 1331. | Reveals information about the acquisition, curation, and use of data to develop LLMs. |
| Green Highlights on News 56.1 Facts 903, 904, 907, 908, 910–913, 915, 916, 919, 1002, 1004, 1160, 1165. | Reveals technological innovations to enhance model capabilities. |

| Description | Rationale for Redaction |
|---|---|
| Green Highlights on News 56.1 Facts 1325, 1327, 1328, 1349, 1350. | Describes how OpenAI's source code works. |
| Green Highlights on News 56.1 Fact 1736. | Reveals evaluations used to measure LLM abilities and evaluation metrics for certain models. |
| Green Highlights on Books 56.1 Facts 161, 164–166, 169, 174–177, 255, 262, 263, 267, 268, 285, 287, 292, 293, 298, 301, 304, 308, 309, 318, 321, 322, 416, 439, 457–459, 465, 466, 469, 473, 474, 483, 521–523, 526–528, 534, 546, 567, 659, 706, 722, 814. | Reveals information about the acquisition, curation, and use of data to develop LLMs. |
| Green Highlights on Books 56.1 Facts 244, 246, 247, 253, 254, 345, 411–413, 422. | Reveals specific storage policies and practices, such as architecture and distribution of content in datasets. |
| Green Highlights on Books 56.1 Facts 262, 302, 569. | Reveals evaluations used to measure LLM abilities and evaluation metrics for certain models. |
| Green Highlights on MSFT News 56.1 Fact 6. | Reveals specific information about the token count of OpenAI's LLMs |
| Green Highlights on MSFT Books 56.1 Fact 6. | Reveals specific information about the token count of OpenAI's LLMs |

2. **Confidential Contractual Agreements**. OpenAI seeks to redact materials related to its confidential contracts with partners, related negotiations, underlying terms, and related internal strategic discussions. Disclosure of such information would give OpenAI's competitors and current or future business partners insight into its confidential business practices, including by providing specific insights into how OpenAI structures and negotiates commercial relationships, the terms on which it is willing to transact, and the considerations that inform its negotiations. Disclosure would cause competitive harm to OpenAI. *See* Yeats-Rowe Decl. ¶ 4.

   Judge Wang has previously sealed such information. ECF 931 at 5 (sealing "discussion with and/or about current or potential business partners regarding strategic decision-making"); ECF 1926 at 5 (same). *See also FuboTV Inc. v. Walt Disney Co.*, 24-CV-1363, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (sealing commercially sensitive information regarding business strategy); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 1:20-cv-05502-AJN, 2021 WL 243943, at *2 (S.D.N.Y. Jan. 25, 2021) (sealing references to confidential business information from and relating to contractual

agreements when "disclosure of the economic terms of the parties' various licensing and/or commercial agreements could disadvantage them in future negotiations with third parties with respect to similar agreements"); *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices.").

| Description | Rationale for Redaction |
|---|---|
| Green Highlights on News MSJ pp. 31-33, 71. | Reveals confidential information about contractual arrangements. |
| Green Highlights on News 56.1 Facts 135, 141, 147–149, 152–170, 173, 177–206, 662–664, 666, 668, 681, 688, 694, 698, 720, 724, 725, 741, 742, 748, 749, 753, 755, 756, 759, 762, 764, 1165. | Reveals confidential information about contractual arrangements. |
| Green Highlights on News 56.1 Facts 144, 234, 235, 869, 1641, 1664, 1665, 1667, 1668. | Reveals confidential negotiations and considerations related to contractual arrangements. |
| Green Highlights on Books MSJ pp. 7, 9, 37, 39. | Reveals confidential information about contractual arrangements. |
| Green Highlights on Books 56.1 Facts 141-143, 295, 298, 299, 445, 573, 574, 579, 582, 587, 588, 590–592, 599, 600, 625, 626, 636, 638, 640, 641, 644, 646–648, 680, 681, 685, 702–704, 814, 821, 823. | Reveals confidential information about contractual arrangements and related discussions or considerations. |
| Green Highlights on Books 56.1 Fact 722. | Reveals confidential information concerning contracts with contractors. |

3. **Confidential Data About ChatGPT Users**. OpenAI seeks to redact confidential user data and internal metrics of the same type previously sealed in Judge Wang's December 8, 2025 and March 25, 2026 Orders granting the parties' motions to seal. ECFs 931, 1461. Disclosure would give OpenAI's competitors insight into OpenAI's confidential business practices and user behavior metrics and cause competitive harm to OpenAI. *See* Yeats-Rowe Decl. ¶ 4.

   Consistent with Judge Wang's prior ruling, this type of information is routinely deemed confidential and filed under seal. ECF 1461 at 4 (sealing user conversation metrics under a heightened sealing standard and holding that disclosure of ChatGPT user data would "expose strategic decisions about OpenAI's data collection and retention practices, providing valuable insight into its current business practices that a competitor would seek

to exploit"); *see also Crichlow*, 2026 U.S. Dist. LEXIS 167718, at *6–8 (sealing judicial documents that "could reveal customer . . . information" notwithstanding the "strong presumption of public access").

| Description | Rationale for Redaction |
|---|---|
| Green Highlights on News MSJ pp. 16, 67. | Reveals information concerning customers' use of ChatGPT. |
| Green Highlights on News 56.1 Facts 1479–1481, 1485, 1487. | Reveals information concerning customers' use of ChatGPT. |
| Green Highlights on Books MSJ pp. 13–14, 32. | Reveals information concerning customers' use of ChatGPT. |
| Green Highlights on Books 56.1 Facts 723, 724. | Reveals information concerning customers' use of ChatGPT. |

4. **Confidential Technical Architecture**. The Court should seal full file paths for datasets, which disclose non-public information about OpenAI's internal storage architecture, data organization, and infrastructure. Public disclosure could aid malicious actors by revealing the structure and organization of OpenAI's internal systems, thereby increasing cybersecurity risk. *See* Yeats-Rowe Decl. ¶ 4.

   Judge Wang has previously sealed information that poses similar security risks. ECF 1926 at 4 (sealing "highly sensitive technological markers that would pose data security threats if disclosed (e.g., file names, hyperlinks, URLs, user IDs, technical issues, timelines)"); *see also PRCM Advisers*, 2022 WL 17884154, at *1 (sealing portions of letter-motion and supporting exhibit "because they contain 'non-public information about certain file paths and features of Two Harbors' internal computer systems,' as well as 'information concerning Two Harbors' IT infrastructure, servers, applications, and data,' . . . which 'could compromise the security of Two Harbors' computing systems and data' if disclosed."); *Crichlow*, 2026 U.S. Dist. LEXIS 167718, at *6–8.

| Description | Rationale for Redaction |
|---|---|
| Green Highlights on Books 56.1 Facts 257, 417, 426, 546. | Reveals specific dataset characteristics and file paths/containers in which they reside. |

5. **Confidential Financial Information**. OpenAI seeks to redact information related to OpenAI's financials, including its revenue and financial projections and equity valuations. Disclosure of such information would give OpenAI's competitors insight into its confidential business practices, including by providing specific insights into OpenAI's compute costs and employee compensation, and cause competitive harm to OpenAI in a nascent, active, and highly competitive industry. *See* Yeats-Rowe Decl. ¶ 4.

This type of information routinely is deemed confidential and filed under seal. *See Valassis Communs., Inc. v. News Corp*, 17-cv-7378 (PKC), 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) ("Disclosure of financial metrics (such as pricing, costs, revenue, and profits), specific contract terms, and other similar information could result in significant harm . . . without providing much value to the monitoring of federal courts.") (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)); *IBM Corp. v. Micro Focus (US), Inc.*, No. 1:22-cv-09910 (VB) (VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests."). Unlike in *Valassis*, which concerned financial data from defunct business units, OpenAI's pricing and cost information concerns its active operations in the highly competitive generative AI industry. *See* ECF 1461 at 7 (distinguishing *Valassis* and finding that "the party's continuing business operations create a substantial and legitimate privacy interest" favoring sealing).

| Description | Rationale for Redaction |
|---|---|
| Green Highlights on News 56.1 Facts 581, 647, 648, 650. | Reveals confidential financial data. |
| Green Highlights on News 56.1 Facts 655, 656. | Reveals financial/compensation information for current and former OpenAI employees. |
| Green Highlights on Books 56.1 Facts 116–120. | Reveals confidential financial data. |

6. **Personally Identifiable Information**. Personal usernames and handles qualify as highly confidential and sensitive PII with no direct relevance to this dispute, and warrants sealing. *See Doe v. Black*, 1:23-CV-6418-JGLC, 2024 U.S. Dist. LEXIS 175929, *23-24 (S.D.N.Y. Sept. 27, 2024) (sealing social media handles because "the privacy interest of Plaintiff outweighs the presumption of public interest"); *Anderson v. N.Y.C. Health & Hosps. Corp.,* 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020) (allowing redactions of personal contact information). The public would not be prejudiced by redacting the impertinent PII, but disclosure of such could compromise personal privacy, safety, and security.

| Description | Rationale for Redaction |
|---|---|
| Green Highlights on Books 56.1 Fact 199. | Reveals former employees' username and handle. |

* * *

Even assuming a heightened presumption of access, the prejudice that could result from public disclosure of the above information far outweighs the public's right to access, because the specific figures and details sought to be redacted are not necessary to understand the substance of the parties' dispute. The public filings will contain the full substance of the parties' legal

arguments and the factual bases for their positions; only discrete confidential data points, contractual terms, and technical details—which are not necessary to evaluate the merits of the MSJ Papers—are proposed for redaction. *See Lugosch*, 435 F.3d at 120 ("[A]fter determining the weight of the presumption of access, the court must balance competing considerations against it.") (internal quotations omitted); *see also Automated Management Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 1:16-CV-04762, 2022 WL 1450737, at *2–3 (S.D.N.Y. May 9, 2022) ("[T]he information for which it seeks continued sealing is not publicly known, was developed at significant expense, and has been kept secret at considerable effort. . . . [T]he scope of the proposed redactions is reasonable and narrowly tailored to cover only the sensitive information that could lead to competitive disadvantage if disclosed.").

## IV. OPENAI'S SEALING REQUEST IS NARROWLY TAILORED

OpenAI's request is narrowly tailored, as it seeks to only redact select and limited portions of the MSJ Papers, leaving the balance unredacted and open to the public.

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Thomas E. Gorman* | */s/ Allison S. Blanco* | */s/ Caitlin Sinclaire Blythe* |
| Thomas E. Gorman<br>(*pro hac vice*) | Allison S. Blanco<br>(*pro hac vice*) | Caitlin Sinclaire Blythe<br>(*pro hac vice*) |