**MEMO ENDORSED**

September 22, 2026

*In re OpenAI, Inc., Copyright Infringement Litigation*, 25-md-3143 (SHS) (OTW)
This Document Relates To: All Cases

Dear Judge Stein:

News and Class Plaintiffs ("Plaintiffs") jointly write in response to Defendants' Letter Motion for an extension of time to file their oppositions to News Plaintiffs' motion for summary judgment. Dkt. 2041.

To be clear, Plaintiffs do not oppose Defendants' request provided the extension is reciprocal and applies to all parties and amici. But Defendants' letter is disappointing for a number of reasons, not least of which because the premises on which it rests are flawed.

First, the meet and confer process did not play out as it should (and has in the past). Defendants' counsel first reached out to Ms. Brook and Mr. Nelson for News and Class Plaintiffs respectively on Friday afternoon (September 18) to request a two-week extension for their opposition briefs in all cases. Dkt. 2042-2. Both Ms. Brook and Mr. Nelson responded that afternoon. Mr. Nelson agreed, and Ms. Brook expressed a willingness to agree and take the proposal back to the News Plaintiffs and their clients. Both Mr. Nelson and Mr. Brook sought clarification on three unobjectionable points: (1) All parties would receive the same extension so that no party would receive the tactical advantage of having the opposing party's opposition brief while preparing their own; (2) The amicus brief deadline be extended in kind, so that amici could review both sides' opening and opposition briefs, as envisioned by the schedule ordered by the Court; and (3) Neither party would burden the Court with arguments about waiver or complaints about technical issues with the filing. *Id.*

Defendants' counsel did not respond. Instead, with no further attempts to continue the ongoing meet and confer, Defendants filed a surprise letter with the Court the very next business day – at 10pm Eastern on the night of the Yom Kippur holiday, while counsel for both News and Class Plaintiffs were observing the holiday.

Second, Defendants' opposition to a mutual extension of the briefing deadlines is deeply prejudicial and is based on an inaccurate understanding of what has occurred to date. Giving Defendants a unilateral extension would permit them to analyze Plaintiffs' opposition briefs for two weeks and tailor their later-filed opposition based on these arguments. Defendants argue that they are entitled to this tremendous advantage due to News Plaintiffs' errata, ignoring the tremendous work needed to compile a factual record for more than a dozen different plaintiffs when Defendants unlawfully copied millions of their works.

As Plaintiffs conveyed to Defendants on Friday afternoon, Plaintiffs are not opposed to an extension of Defendants' opposition deadline in the News cases, provided that any such extension apply reciprocally to all oppositions in the MDL. This is the only appropriate approach for several reasons, including the substantial overlap in issues across the News and Class cases (which Defendants themselves dealt with by incorporating by reference huge portions of their arguments in their Class summary judgment brief into their News summary judgment brief). OpenAI served a single combined 56.1 statement that applied to both the News and Class cases. Moreover,

extending the deadline solely for Defendants' opposition to News Plaintiffs' brief would create obvious prejudice to both News and Class Plaintiffs. Among other issues, under Defendants' one-sided extension proposal, Defendants would receive News and Class Plaintiffs' opposition briefs two weeks before their own oppositions were due, and thus would have an opportunity to transform their News opposition brief into a reply to both News and Class Plaintiffs' already-filed opposition briefs. That is clearly unfair. Plaintiffs' request to move the amicus deadline in tandem also makes sense to streamline arguments and so the amici retain the benefit of seeing both opening and opposition briefs before filing their own. Finally, Plaintiffs' request that an extension resolve any underlying disputes about errata is fair because this is the exact relief Defendants appear to be seeking in their letter.

Third, while News Plaintiffs did serve an errata, Defendants' complaints about the errata process are overstated. By way of example only, many of Defendants' specific complaints are either mischaracterized or false. For example, Exhibit 324 was cited correctly in paragraph 328 of the 56.1 with every Bates number listed out:

> 328. The Daily News Plaintiffs produced Copyright Office registration certificates and the Daily News Plaintiffs, OpenAI and Microsoft separately stipulated as to the validity and authenticity of Copyright Office registration certificates that were not produced for Chicago Tribune issues January 1, 1985-December 31, 1992, and August 1993, in total covering the 2.6 million Asserted Works – the validity of which has not been challenged. Ex. 324 [DNP-00160885-952, DNP-00001672-2002; DNP-00000944 – 1338; DNP-00035848-DNP-00035881, DNP-00263284-DNP-00263464, DNP-00348298-302, DNP-00160953- 1088, DNP-00001604-1671; DNP-00263471-DNP-00263604, DNP-00001343-1603, DNP-00000187-430, DNP-00035985 - DNP-00036038, DNP-00263465-70, DNP-00348303, DNP-00002003-2209, DNP-00036105 - DNP-00036241, DNP-00000451-942, DNP-00036039 - DNP-00036104, DNP-00640861-64, DNP-00640879-964]; Ex. 890 [Stipulation between DNP and Defendants Feb. 7, 2025].

*See* Dkt. 1985-2; Dkt. 1742. And where Exhibit 324 was mistakenly labeled as Exhibit 331 in paragraph 321 of the 56.1, the Bates numbers were correctly identified there too. *Id.*

As another example, Defendants incorrectly claim they never received News Plaintiffs' Exhibit 1170, which was clearly identified in Plaintiffs' Rule 56.1 statement in paragraphs 1253-1254 as the "CIR Copilot ConvoID Table," Dkt. 1742, and served on Defendants via Sharefile on September 4 in a file labeled by the same name ("CIR Copilot ConvoID Table"):

> Rep. at 105-08. The Copilot output logs are contained in Ex. 816 [MSFT_AI_MDL_002881582] and the Asserted Works that they match are contained Bauerlein Decl. Ex. D. Ex. 1170 [CIR Copilot ConvoID Table], in the "25 16-gram chat hits" tab, shows, for each Copilot conversation,

The errata News Plaintiffs filed last week did not substantively change the facts or evidence nor deny Defendants the opportunity to review the materials upon which News Plaintiffs relied. Every document News Plaintiffs cited in their 56.1 was referenced by Bates number or described in detail in the citation itself, and Defendants already had access to every document cited. Rather, the vast majority of the errata addressed inadvertent mistakes with exhibit numbering, filing errors, and scattered typos. *See* Dkt. 1985-2 (News Pls' 56.1 sealed errata filing).

To be sure, Defendants also had some serious issues with their filings, including, for example, Microsoft inadvertently filing their 56.1 statement with improper redactions that revealed certain Plaintiffs' confidential information publicly. Dkts. 1976, 2026. As referenced above, Defendants also improperly sought to circumvent this Court's clear page limits by incorporating by reference large parts of its Class brief into its News brief. So much was incorporated by reference from the Class brief, in fact, that Microsoft took the unusual step of expressly "recommend[ing]" to the Court "that [the Class] brief be reviewed first, followed by its brief in the News cases." Dkt. 1699.

All these issues could have been worked out without burdening the Court. At bottom, it is Plaintiffs' view that all parties on both sides of this MDL have been working incredibly hard on very large summary judgment filings. Plaintiffs in particular must coordinate their filings across several parties joined together in this MDL. This includes not just the filings themselves, but the considerable post-filing work of, for example, promptly reviewing and resolving sealing issues with their individual clients, each other, and third parties, and voluntarily providing each other and this Court with indexes of exhibits relied on. Until Defendants' letter, it was also Plaintiffs' view that all parties have worked collaboratively to address the many issues that have arisen on all sides, including from the many more administrative tasks such as exhibit numbering and redacting, that unsurprisingly follow a massive MDL filing of this nature.

Plaintiffs hope to return to that productive approach, and to that end do not object to a mutual extension as follows:

| Event | Current Deadline | New Deadline |
|---|---|---|
| Oppositions for all parties: | October 9, 2026 | October 23, 2026 |
| Amicus Briefs: | October 16, 2026 | October 30, 2026 |
| Replies: | November 6, 2026 | November 20, 2026 |

**The schedule as set forth above is granted.**

**Dated: New York, New York**
**September 24, 2026**

**SO ORDERED:**

[signature]

**Sidney H. Stein, U.S.D.J.**

Respectfully,

*/s/ Davida Brook*
Davida Brook
Susman Godfrey LLP
Counsel for The New York Times Company
News Plaintiffs' Liaison Counsel