**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.<br><br>COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates To:<br><br>All Cases | Case No. 1:25-md-3143-SHS-OTW |

**AMENDED STIPULATED OMNIBUS SEALING ORDER FOR SUMMARY JUDGMENT AND *DAUBERT* BRIEFING**

The Parties, by and through their undersigned counsel, stipulate as follows:

WHEREAS, the Court entered the Stipulated and Omnibus Sealing Order for Summary Judgment and *Daubert* Briefing on September 3, 2026, setting deadlines connected to the briefing deadlines for Parties and third parties to provide support for sealing requests and to re-file documents to account for sealing requests (Dkt. 1685);

WHEREAS, the Court extended the deadlines for summary judgment briefing, and oppositions are now to be filed on October 23, 2026, and replies are to be filed by November 20, 2026 (Dkt. 2049);

WHEREAS, the briefing schedule for the *Daubert* motions has not been extended, and oppositions are to be filed by October 29, 2026, and replies are to be filed by November 25, 2026 (Dkt. 1664);

WHEREAS, the Parties anticipate that they will refer to and attach as exhibits to the summary judgment and *Daubert* briefing material that has been designated as Protected Discovery Material pursuant to the Stipulated Protective Order (Dkt. 367);

WHEREAS, the Court has extended the deadline for amicus briefs sought to be filed in connection with summary judgment motions to October 30, 2026 (Dkt. 2049);

WHEREAS, the Parties have agreed and respectfully ask the Court's approval to extend the deadlines related to sealing of the summary judgment briefing to account for the briefing extensions and in order to promote judicial economy and conserve party and third-party resources;

WHEREAS, the below procedures are identical to the procedures approved in the Court's stipulated September 3, 2026 Order (Dkt. 1685); the only changes are to modify deadlines to ensure that all sealing deadlines reflect the already extended summary judgment briefing deadlines.

IT IS HEREBY ORDERED that sealing issues relating to summary judgment and *Daubert* briefing will be handled as follows:

1. The Parties may provisionally seal portions of briefing and exhibits (including expert reports and declarations) relating to *Daubert* briefing that contain or refer to material produced in this case that is designated Protected Discovery Material.

2. The Parties may provisionally seal exhibits (or portions thereof) relating to summary judgment briefing (including expert reports and declarations) that contain or refer to material produced in this case that is designated Protected Discovery Material.

3. For the material addressed in paragraphs 1 and 2 above (the "Provisionally Sealed Material"), the Parties are relieved from the requirement set forth in paragraph 5(B) of Judge Stein's Individual Practices to file a motion to seal contemporaneously with the sealed filings, and the Parties and third parties are relieved from the requirement to, within five business days, file a statement of the reasons that the Provisionally Sealed Material should be sealed as required

under paragraph 34 of the Stipulated Protective Order (Dkt. 367). For the avoidance of doubt, this paragraph does not apply to summary judgment briefs and Rule 56.1 statements, which are addressed separately below in paragraph 9.

4. Any Party that files a third party's material provisionally under seal shall within three (3) business days of such filing serve on the third party a copy of this Order as well as a copy of the filing with the third party's material unredacted.

5. By January 13, 2027, any Party or third-party who contends its Provisionally Sealed Material warrant sealing under the applicable legal standard shall file an omnibus motion to seal and proposed order seeking to seal such material. The motion and proposed order shall conform to the requirements set forth in paragraph 5(B) of Judge Stein's Individual Practices. For the avoidance of doubt, this paragraph does not apply to summary judgment briefs and Rule 56.1 statements, which are addressed separately below in paragraph 9.

6. For the convenience of third parties, nothing in Paragraph 5 prevents a Party from including a third party's request to seal with its omnibus motion to seal.

7. Any response to any omnibus motion to seal shall be filed by January 20, 2027.

8. By January 27, 2027, the Parties must publicly file any Provisionally Sealed Material that no Party or third party moved to seal by January 13, 2027.

9. The following sealing procedures apply to the parties' summary judgment briefs and Rule 56.1 statements. For the avoidance of doubt, these below procedures do not apply to exhibits (including declarations and expert reports) filed with summary judgment briefs. Exhibits filed with summary judgment briefs are covered by the procedures described above in paragraphs 3 to 8. The below procedures only apply to summary judgment briefs and Rule 56.1 statements.

i. For any Party that files a summary judgment motion, that Party must by September 4, 2026 file a motion to seal any portion of its brief and Rule 56.1 statement that contains its own Protected Discovery Material which the Party wishes to keep sealed.

ii. By September 14, 2026, each Party or third party must file a statement in support of any request to maintain under seal portions of another Party's summary judgment brief or Rule 56.1 statement.

iii. By September 17, 2026, the Parties must publicly re-file their respective summary judgment briefs and Rule 56.1 statements, leaving unredacted all portions that no Party or third party has sought to seal.

iv. For oppositions to summary judgment motions, each Party must by October 23, 2026 file a motion to seal any portion of its opposition brief and responsive Rule 56.1 statement that contains its own Protected Discovery Material which the Party wishes to keep sealed.

v. By October 28, 2026, each Party or third party must file a statement in support of any request to maintain under seal portions of another Party's summary judgment opposition brief or responsive Rule 56.1 statement.

vi. By October 29, 2026, at 5:00 p.m. ET, the Parties must publicly re-file their respective summary judgment opposition briefs and responsive Rule 56.1 statements, leaving unredacted all portions that no Party or third party has sought to seal.

vii. For reply briefs in support of summary judgment motions, each Party must by November 20, 2026 file a motion to seal any portion of its reply brief

that contains its own Protected Discovery Material which the Party wishes to keep sealed.

viii. By December 2, 2026, each Party or third party must file a statement in support of any request to maintain under seal portions of another Party's summary judgment reply brief.

ix. By December 7, 2026, the Parties must re-file their respective summary judgment reply briefs, leaving unredacted all portions that no Party or third party has sought to seal.

10. Nothing herein prevents any Party from challenging another Party's or third party's request to maintain certain material under seal.

SO STIPULATED AND AGREED.

Dated: October 9, 2026

*/s/ Brianna Lynn Silverstein*
FAEGRE DRINKER BIDDLE & REATH LLP
Brianna Lynn Silverstein (admitted pro hac vice)
1500 K Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 230-5000
brianna.silverstein@faegredrinker.com

*Counsel for Microsoft Corporation*

*/s/ Caitlin Sinclaire Blythe*
MORRISON FOERSTER
Caitlin Sinclaire Blythe (admitted pro hac vice)
425 Market Street
San Francisco, CA 9405
Telephone: (415) 268-6463
cblythe@mofo.com

*Counsel for OpenAI Defendants*

*/s/ Davida Brook*

Davida Brook (admitted pro hac vice)
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
dbrook@susmangodfrey.com

*Counsel for Plaintiff The New York Times*
*News Plaintiffs' Liaison Counsel*

*/s/ Justin A. Nelson*

Justin A. Nelson (admitted pro hac vice)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
jnelson@susmangodfrey.com

*Interim Class Counsel for Class Plaintiffs*

**IT IS ORDERED** that the foregoing is approved.

Dated: October 13, 2026

HON. SIDNEY H. STEIN
United States District Judge