KEKER VAN NEST & PETERS LATHAM & WATKINS LLP MORRISON FOERSTER

October 23, 2026

**VIA ECF**
Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

RE: **Letter Motion to Seal**, *In Re: OpenAI, Inc., Copyright Infringement Litigation*, No. 1:25-md-3143, This Document Relates To: *Authors Guild et al. v. OpenAI, Inc. et al.*, 1:23-cv-08292-SHS-OTW; *Alter et al. v. OpenAI Inc. et al.*, 1:23-cv-10211-SHS-OTW; *Tremblay et al. v. OpenAI, Inc. et al.*, 1:25-cv-03482-SHS-OTW (collectively, "Books Case"), *The New York Times Company v. Microsoft Corporation et al.*, 1:23-cv-11195; *The Intercept Media, Inc. v. OpenAI, Inc. et al.*, 1:24-cv-01515; *Daily News LP et al. v. Microsoft Corporation et al.*, 1:24-cv-03285; *The Center for Investigative Reporting, Inc. v. OpenAI, Inc. et al.*, 1:24-cv-04872; *Ziff Davis, Inc. et al. v. OpenAI, Inc. et al.*, 1:25-cv-04315 (collectively, "News Case")

Dear Judge Stein:

Pursuant to Rule 5.B. of Your Honor's Individual Practices and the Amended Stipulated Omnibus Sealing Order for Summary Judgment and *Daubert* Briefing (ECF 2101), the OpenAI Defendants ("OpenAI") respectfully move to seal materials set forth in OpenAI's opposition to Plaintiffs' Motions for Summary Judgment (the "Opposition Papers"), including:

- OpenAI's Opposition to Class Plaintiffs' Motion for Summary Judgment ("Books Opposition");
- Defendants' Response to Class Plaintiffs' Rule 56.1 Statement ("Books RCSUF");
- OpenAI's Opposition to News Plaintiffs' Motion for Summary Judgment ("News Opposition"); and
- Defendants' Response to News Plaintiffs' Rule 56.1 Statement ("News RNSUF"), Volumes I-IV.

With this Motion, OpenAI seeks to redact limited passages in the Opposition Papers because they reveal highly sensitive and confidential (1) technical information about OpenAI's large language models ("LLMs") and related technological innovations, (2) contractual agreements and related communications, (3) OpenAI's financial information, or (4) personally identifiable information.

In addition, pursuant to the Stipulated Protective Order (ECF 367), OpenAI seeks to provisionally file under seal information in the Opposition Papers that was designated as Protected Discovery Material by other parties to the MDL or by third-parties.[1]

## I. INTRODUCTION

The limited information OpenAI seeks to redact from the Opposition Papers comprises highly sensitive and confidential (1) technical information about OpenAI's LLMs and related technological innovations, (2) contractual agreements and related communications, or (3) financial information, all of which could be unfairly used by competitors if made public. Additionally, OpenAI seeks to redact personally identifiable information (PII) for a former OpenAI employee. Judge Wang previously has sealed the same or similar material in connection with prior motions in this litigation, and the Court should do the same here. *See* Orders MDL ECFs 931, 1461, and 1926 (sealing confidential business and technical information).

Public disclosure of this information, which has been designated as highly confidential pursuant to the Stipulated Protective Order (ECF 367), would cause OpenAI substantial prejudice through competitive harm, as it would reveal specific details about OpenAI's technical innovations, contractual obligations and negotiations, and OpenAI's financial information to competitors. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). Other information reveals technical details about OpenAI's internal data storage systems, which could pose a security risk to OpenAI if revealed publicly. *See PRCM Advisers LLC v. Two Harbors Inv. Corp.*, No. 20-cv-5649, 2022 WL 17884154, at *1 (S.D.N.Y. Dec. 22, 2022). OpenAI has narrowly tailored its requests and seeks to seal no more than is necessary to protect OpenAI from competitive harm or security risk. This information would harm OpenAI if disclosed publicly and satisfies the standard for sealing information in the Opposition Papers.

## II. LEGAL STANDARD

"The common law right of public access to judicial documents is based on 'the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *See* ECF 293 at 2 (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

"When determining whether documents at issue on a motion to seal are subject to this common law right, the court must first conclude that the documents at issue are judicial documents." *See id*. (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir.

---

[1] Pursuant to the Amended Omnibus Sealing Order (ECF 2101), OpenAI will provisionally file under seal exhibits and expert declarations submitted in support of its Opposition Papers. These materials contain or reflect Protected Discovery Materials designated by OpenAI, other parties to the MDL, or third-parties. OpenAI will submit a motion to seal its material on or before January 13, 2027.

2006)). A "judicial document" is one that is "relevant to the performance of judicial functions and useful in judicial processes." *See id.* at 3 (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016)). Where the documents at issue are judicial documents, "the constitutional and common law presumption of access attaches." *See id.* at 2.

On finding that a document qualifies as a judicial document, the Court "must then determine the presumption's weight" and "balance[] competing considerations against the presumption of access." *See id.* (citing *Amodeo*, 71 F.3d at 1050). Sealing judicial documents may be justified by "findings that sealing is necessary to preserve higher values and only if the sealing is narrowly tailored to achieve that aim." *See id.* at 3 (citing *Lugosch*, 435 F.3d at 124). Additionally, the Second Circuit has held that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *See id.* (citing *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, No. 1:17-cv-00147 (KAM) (CLP), 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020)).

## III. OPENAI'S CONFIDENTIAL INFORMATION WARRANTS SEALING

OpenAI's sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016), and the additional cases cited above. *See also* ECF 1926 (sealing confidential commercial information protected under the parties' Protective Order, where requests were narrowly tailored).

OpenAI seeks to redact only limited portions of the Opposition Papers that reveal and discuss OpenAI's LLM development processes and related innovations, contractual agreements and their specific terms, financial information for OpenAI, and personally identifiable information (PII) for a former-OpenAI employee. Each category of information comprises highly sensitive information that OpenAI does not publicly disclose, and that OpenAI maintains as confidential in the ordinary course of business. *See* Declaration of Maile Yeats-Rowe ("Yeats-Rowe Decl.") ¶ 4.

The information OpenAI seeks to redact falls into one or more of the categories below. For the convenience of the Court, a chart immediately following each category details the specific portions of the Opposition Papers OpenAI seeks to redact from each category. As noted in the tables, OpenAI requests discrete redaction of specific portions of the Opposition Papers (identified via green/purple highlighting[2]), rather than sealing in total.

---

[2] Pursuant to Local Civil Rule 56.1, Plaintiffs provided Word versions of their Rule 56.1 Statements to Defendants, to which Defendants have applied highlighting.

For the Court's convenience, OpenAI and Microsoft have adopted the following color schemes for highlighting to indicate what content OpenAI moves to seal. The material only OpenAI seeks to seal is highlighted in green; the material only Microsoft seeks to seal is highlighted in blue; the material both OpenAI and Microsoft seek to seal is highlighted in purple; and the

1. **Proprietary Technical Information**. OpenAI seeks to redact materials that discuss OpenAI's proprietary technical information. This information includes specific technical information about how OpenAI has developed its LLMs, including details related to its acquisition, curation, and use of data to develop its LLMs; the confidential token count of an OpenAI model; technological innovations that enhance its models' capabilities; descriptions of OpenAI's source code and how it operates; evaluation and tests run to measure the abilities of those LLMs, and the resulting metrics; and specific details about OpenAI's storage and handling of data, which are both competitively sensitive and sensitive for security reasons.

   Disclosure of this information would expose OpenAI's confidential technological innovations and data management practices, and the strategic decisions underlying them, providing valuable insight into its current business and technological practices that a competitor would seek to exploit. *See* Yeats-Rowe Decl. ¶ 4. Judge Wang has previously sealed materially identical information. ECF 1461 at 4 (sealing information describing "strategic decisions about OpenAI's data collection and retention practices"); ECF 1461 (sealing "proprietary commercial information").

   To avoid competitive harm, this type of information is routinely filed under seal by courts in this District. *See Crichlow v. Verituity Inc.*, No. 1:25-cv-6591-JHR, 2026 U.S. Dist. LEXIS 167718, at *6–8 (S.D.N.Y. Jul. 28, 2026) (granting motion to seal judicial documents that "could . . . expose proprietary technical materials, disclose source code or code-related materials" despite the "strong presumption of public access"); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *7, 18 (S.D.N.Y. Mar. 31, 2021) (sealing "confidential and proprietary data collection procedures" and "confidential technical information . . . including specific algorithms and the names of specific variables and functions"); *In re Zimmer: M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Technology and Versys Femoral Head Products Liability Litigation*, No. 18-mc-2859, ECF 494 at 4–6 (S.D.N.Y. Oct. 1, 2021) (finding that documents and depositions discussing "test methods and parameters" should be sealed because the party's "concern for protecting its confidential research and development information outweighs the presumption of public access"); *Louis Vuitton Malletier*, 97 F. Supp. 3d at 511 (sealing "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (internal quotation marks omitted).

---

material OpenAI and Microsoft provisionally seal on behalf of Plaintiffs or third parties appears in yellow (except as noted). The exception is that the News RNSUF and Books RCSUF each contain yellow highlighting in the left-hand column of the charts to indicate portions of the underlying facts that *any* party sought to maintain under seal in Plaintiffs' opening Rule 56.1 statements, regardless of which party moved to seal such information.

In addition, certain material in the Opposition Papers reveals information about OpenAI's internal data storage practices, which if disclosed would not only give competitors unfair insight into OpenAI's technological practices but also pose security risks. Yeats-Rowe Decl. ¶ 4. Courts recognize that such materials also are appropriately maintained under seal. *See, e.g.*, *PRCM Advisers LLC*, 2022 WL 17884154, at *1 (sealing portions of a letter-motion and supporting exhibit "because they contain 'non-public information about certain file paths and features of Two Harbors' internal computer systems,' as well as 'information concerning Two Harbors' IT infrastructure, servers, applications, and data,' . . . which 'could compromise the security of Two Harbors' computing systems and data' if disclosed.").

| Description | Rationale for Redaction |
|---|---|
| Green Highlights on News Opposition pp. 16, 17. | Reveals token counts of OpenAI model. |
| | |
| Green/Purple Highlights on Books RCSUF Responses 177, 192, 262, 263, 265, 267, 268, 284, 301, 322, 416, 426, 439, 457, 465, 514, 519, 523, 534, 706. | Reveals specific information about the acquisition, curation, and use of data to develop LLMs. |
| Green/Purple Highlights on Books RCSUF Responses 244, 246, 247, 254–256, 412, 422. | Reveals specific storage policies and practices, such as security, architecture, and distribution of content in datasets. |
| Green/Purple Highlights on Books RCSUF Responses 301, 559. | Reveals evaluations used to measure LLM abilities and evaluation metrics for certain models. |
| Green/Purple Highlights on Books RCSUF Response 713. | Reveals technological innovations to enhance model capabilities. |
| Green/Purple Highlights on News RNSUF Responses 730, 735, 736, 740, 783, 869, 919, 1119, 1320, 1331. | Reveals information about the acquisition, curation, and use of data to develop LLMs. |
| Green/Purple Highlights on News RNSUF Responses 1330, 1349, 1350. | Reveals how OpenAI's source code operates. |
| Green/Purple Highlights on News RNSUF Responses 884–886, 888, 891–893, 903, 904, 907, 908, 910, 913–916, 946, 1160, 1165. | Reveals information related to technological innovations and processes to enhance model capabilities. |

| Description | Rationale for Redaction |
| --- | --- |
| Green/Purple Highlights on News RNSUF OpenAI Additional Facts 1849, 1851. | Reveals information related to technological innovations and processes to enhance model capabilities. |

2. **Confidential Contractual Agreements**. OpenAI seeks to redact the terms of its confidential contracts with partners, and information that would reveal the specifics of related contract negotiations and internal strategic discussions concerning those contractual terms and relationships. Disclosure of such information would give OpenAI's competitors and current or future business partners or negotiating counterparties insight into its confidential business practices, including by providing specific insights into how OpenAI structures and negotiates commercial relationships, the specific contractual terms on which it is willing to transact, and the considerations that inform its contractual negotiations. Disclosure would cause competitive harm to OpenAI, including by undermining its negotiating position in future commercial dealings. *See* Yeats-Rowe Decl. ¶ 4.

   Judge Wang has previously sealed such information. ECF 931 at 5 (sealing "discussion with and/or about current or potential business partners regarding strategic decision-making"); ECF 1926 at 5 (same). *See also FuboTV Inc. v. Walt Disney Co.*, 24-CV-1363, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (sealing commercially sensitive information regarding business strategy); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 1:20-cv-05502-AJN, 2021 WL 243943, at *2 (S.D.N.Y. Jan. 25, 2021) (sealing references to confidential business information from and relating to contractual agreements when "disclosure of the economic terms of the parties' various licensing and/or commercial agreements could disadvantage them in future negotiations with third parties with respect to similar agreements"); *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices.").

| Description | Rationale for Redaction |
| --- | --- |
| Green Highlights on Books Opposition pp. 7, 34 | Reveals confidential information about contractual terms and arrangements and related discussions or considerations. |
| | |
| Green/Purple Highlights on Books RCSUF Responses 122, 125, 141, 191, 192, 285, 287, 289, 296, 298, 299, 445, 573, 574, 581, 588, 589, 591–593, 595, 597, 627, 630, 634, 681, 685, 695, 700, 814. | Reveals confidential information about contractual terms and arrangements and related discussions or considerations. |

| Description | Rationale for Redaction |
|---|---|
| Green/Purple Highlights on Books RCSUF Responses 167, 177, 192, 285. | Reveals discussions concerning potential data access partners. |
| Green/Purple Highlights on Books RCSUF OpenAI Additional Facts 950, 951, 979–985. | Reveals confidential information about contractual terms and arrangements and related discussions or considerations. |
| Green/Purple Highlights on News RNSUF Responses 140, 141, 146, 147, 149, 150, 152–206, 661, 693, 698, 699–703, 710, 715, 720, 741, 742, 748–750, 758, 779, 1665, 1667, 1668. | Reveals confidential information about contractual terms and arrangements and related discussions or considerations. |
| Green/Purple Highlights on News RNSUF Responses 234, 235. | Reveals discussions concerning potential data access partners and terms. |

3. **Confidential Financial Information**. OpenAI seeks to redact information related to OpenAI's financial performance, including its revenue from various products and payments made to other parties pursuant to underlying contractual obligations. Disclosure of such information would give OpenAI's competitors insight into its confidential business practices, including by providing specific insights into OpenAI's historical financial performance and financial obligations, and cause competitive harm to OpenAI in a nascent, active, and highly competitive industry. *See* Yeats-Rowe Decl. ¶ 4.

   This type of information routinely is deemed confidential and filed under seal. *See Valassis Communs., Inc. v. News Corp*, 17-cv-7378 (PKC), 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) ("Disclosure of financial metrics (such as pricing, costs, revenue, and profits), specific contract terms, and other similar information could result in significant harm . . . without providing much value to the monitoring of federal courts.") (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)); *IBM Corp. v. Micro Focus (US), Inc.*, No. 1:22-cv-09910 (VB) (VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests."). Unlike in *Valassis*, which concerned financial data from defunct business units, OpenAI's pricing and cost information concerns its active operations in the highly competitive generative AI industry. *See* ECF 1461 at 7 (distinguishing *Valassis* and finding that "the party's continuing business operations create a substantial and legitimate privacy interest" favoring sealing).

| Description | Rationale for Redaction |
|---|---|
| Green/Purple Highlights on Books RCSUF Responses 116, 117, 119, 120, 702–704. | Reveals confidential financial data. |

| Description | Rationale for Redaction |
|---|---|
| Green/Purple Highlights on News RNSUF Responses 581, 647, 662–664, 666, | Reveals confidential financial data. |

4. **Personally Identifiable Information**. Personal handles qualify as highly confidential and sensitive PII, with no direct relevance to this dispute, and warrant sealing. *See Doe v. Black*, 1:23-CV-6418-JGLC, 2024 U.S. Dist. LEXIS 175929, *23-24 (S.D.N.Y. Sept. 27, 2024) (sealing social media handles because "the privacy interest of Plaintiff outweighs the presumption of public interest"); *Anderson v. N.Y.C. Health & Hosps. Corp.,* 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020) (allowing redactions of personal contact information). The public would not be prejudiced by redacting the impertinent PII, but disclosure of such could compromise personal privacy, safety, and security.

| Description | Rationale for Redaction |
|---|---|
| Green Highlights on Books RCSUF Response 199. | Reveals employee's online forum handle. |

* * *

Even assuming a heightened presumption of public access, the prejudice that could result from public disclosure of the above information far outweighs the public's right to access, because the specific figures, contract terms and discussions, technical information and related details sought to be redacted are not necessary to understand the substance of the parties' dispute. The public filings will contain the full substance of the parties' legal arguments and the factual bases for their positions; only discrete confidential data points, contractual terms and related discussions, and technical details—which are not necessary to evaluate the merits of the Opposition Papers—are proposed for redaction. *See Lugosch*, 435 F.3d at 120 ("[A]fter determining the weight of the presumption of access, the court must balance competing considerations against it.") (internal quotations omitted); *see also Automated Management Sys., Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*, No. 1:16-CV-04762, 2022 WL 1450737, at *2–3 (S.D.N.Y. May 9, 2022) ("[T]he information for which it seeks continued sealing is not publicly known, was developed at significant expense, and has been kept secret at considerable effort. . . . [T]he scope of the proposed redactions is reasonable and narrowly tailored to cover only the sensitive information that could lead to competitive disadvantage if disclosed.").

## IV. OPENAI'S SEALING REQUEST IS NARROWLY TAILORED

OpenAI's request is narrowly tailored, as it seeks to only redact select and limited portions of the Opposition Papers, leaving the balance unredacted and open to the public.

## V. OPENAI PROVISIONALLY FILES OTHER PARTIES' MATERIALS IN THE OPPOSITION PAPERS UNDER SEAL

Further, OpenAI provisionally files under seal (*i.e.*, with redactions) other portions of the Opposition Papers because they appear to contain or reveal other parties' Protected Discovery Material that has been designated under the Stipulated Protective Order (ECF 367). OpenAI takes no position on whether the material warrants sealing under the governing standard. Those materials are noted with yellow highlights in the Opposition Papers.[3]

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Thomas E. Gorman* | */s/ Allison S. Blanco* | */s/ Caitlin Sinclaire Blythe* |
| Thomas E. Gorman<br>(*pro hac vice*) | Allison S. Blanco<br>(*pro hac vice*) | Caitlin Sinclaire Blythe<br>(*pro hac vice*) |

[3] The exception is that yellow highlighting in the responsive Rule 56.1 statements (Books RCSUF and News RNSUF) in the *left-hand column* indicates where *any* party (including, as applicable, Defendants) moved to maintain material under seal in the initial round of summary judgment briefing connected to the parties' opening briefs. Yellow highlighting in the *right-hand column* is used to indicate that the information may constitute Protected Discovery Material designated by Plaintiffs or a third party.