**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.,<br><br>COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates To:<br><br>1:23-cv-08292 (SHS) (OTW)<br>1:23-cv-10211 (SHS) (OTW)<br>1:25-cv-03482 (SHS) (OTW)<br>1:23-cv-11195 (SHS) (OTW)<br>1:24-cv-01515 (SHS) (OTW)<br>1:24-cv-03285 (SHS) (OTW)<br>1:24-cv-04872 (SHS) (OTW)<br>1:25-cv-04315 (SHS) (OTW) | 25-md-3143 (SHS) (OTW) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY THE ASSOCIATION OF AMERICAN PUBLISHERS, COPYRIGHT CLEARANCE CENTER, INDEPENDENT BOOK PUBLISHERS ASSOCIATION, AND INTERNATIONAL ASSOCIATION OF SCIENTIFIC, TECHNICAL & MEDICAL PUBLISHERS FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF CLASS PLAINTIFFS' AND NEWS PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT**

The Association of American Publishers, Copyright Clearance Center, Independent Book Publishers Association, and International Association of Scientific, Technical & Medical Publishers (together, "Amici") respectfully move this Court for leave to file the proposed accompanying amici curiae brief in support of the class plaintiffs' and news plaintiffs' motions for summary judgment.

## INTERESTS OF AMICI CURIAE

The Association of American Publishers, Inc. ("AAP") is a not-for-profit organization that represents approximately 120 book, journal, and education publishers in the United States on matters of law and policy, advocating for outcomes that incentivize the publication of creative expression across a variety of formats and business models. AAP's members invest substantial time, expertise, and resources in the creation and distribution of works, including literature, scholarship, professional content, and scientific journals.

A pioneer in voluntary collective licensing, the Copyright Clearance Center ("CCC") has been dedicated to advancing copyright, accelerating knowledge, and powering innovation since 1978. CCC supports a thriving knowledge economy as a trusted intermediary, providing licensing solutions that make copyright work, including collective licensing solutions for the use of copyrighted materials with AI systems. CCC also offers a portfolio of innovative and complementary software solutions, as well as high-quality content, data, and information services.

The Independent Book Publishers Association ("IBPA") is a not-for-profit trade association founded in 1983 that represents more than 4,000 independent publishers, university and nonprofit presses, and author-publishers across the United States. IBPA's members are predominantly small and mid-sized businesses whose catalogs are disproportionately vulnerable to market dilution from AI-generated works. Lacking the scale to negotiate bilateral AI licenses,

they depend on collective and aggregated licensing to participate in the developing AI licensing market.

The International Association of Scientific, Technical & Medical Publishers ("STM") is the leading global trade association for academic and professional publishers. STM members represent learned societies, university presses, and private companies of all sizes in the academic and professional publishing industry. Its members collectively publish over 60 percent of all English language journal articles and tens of thousands of monographs and reference works.

Amici have an interest in preserving the incentives in creating and distributing works through publishing and applying the fair use doctrine as a reasonable limitation on exclusive rights, consistent with the fundamental objectives of copyright.[1]

**ARGUMENT**

Recognizing that amicus curiae participation may be appropriate in this case, the Court entered an order providing a procedure for amicus curiae briefs in connection with motions for summary judgment. Order (Dkt. 1663, 25-md-3143).

District courts have "broad discretion" in deciding whether to permit an amicus brief. *Auto. Club of N.Y., Inc. v. Port Auth.*, No. 11 Civ. 6746, 2011 U.S. Dist. LEXIS 135391, at *5 (S.D.N.Y. Nov. 22, 2011) (citing cases); *accord City of New York v. United States*, 971 F. Supp. 789, 791 n.3 (S.D.N.Y. 1997), *aff'd on other grounds*, 179 F.3d 29 (2d Cir. 1999). "The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999), *aff'd on other grounds*, No. 99-9532, 2001 U.S. App. LEXIS 5814 (2d Cir. Jan. 5, 2001). A court should normally allow an amicus brief "when the amicus has unique information or perspective

[1] No party or its counsel authored the proposed amici curiae brief in whole or in part or contributed money toward the preparation or submission of the brief.

that can help the court beyond the help that the lawyers for the parties are able to provide." *C&A Carbone, Inc. v. Cnty. of Rockland*, No. 08-cv-6459, 2014 U.S. Dist. LEXIS 38658, at *13 (S.D.N.Y. Mar. 24, 2014) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

Amici submit that their proposed brief will offer useful information and perspective to aid the Court's consideration of the fair use doctrine as to the defendants' reproductions of copyrighted works to train generative AI models. The brief provides helpful background and industry context, focusing on the inherent substitutive purpose and harmful market effects from the unlicensed use of copyrighted works for AI training. The brief explains that copying for AI training is not transformative because generative AI models exploit copyrighted works for their expressive value and for the same purpose, ultimately generating substitutes for the works used for training. The brief also highlights the multiple harms arising from using copyrighted works without authorization for AI training in markets that belong to rightsholders, the existing and ever-expanding market for licensing works for AI, the benefits to the public and AI development provided by an AI licensing market, and the market harms and promotion of piracy from using pirated works for AI training.

**CONCLUSION**

Amici respectfully request that the Court grant leave to file the accompanying amici curiae brief.

Dated: October 29, 2026

*s/ Lucy Grace D. Noyola*

Lucy Grace D. Noyola (pro hac vice pending)
ASSOCIATION OF AMERICAN PUBLISHERS
1730 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
Telephone: (202) 220-4546
lnoyola@publishers.org

*Attorney for Amici Curiae*
*Association of American Publishers,*
*Copyright Clearance Center,*
*Independent Book Publishers Association, and*
*International Association of Scientific, Technical*
*& Medical Publishers*

**CERTIFICATE OF WORD COUNT COMPLIANCE**

In accordance with Local Civil Rule 7.1(c) and the Court's August 7, 2026 Order (Dkt. 1663, 25-md-3143), I certify that the foregoing amicus brief contains 798 words, including footnotes but exclusive of the caption page, certificates, and signature block. The basis of my knowledge is the word count feature of the word-processing system used to prepare this brief.

*s/ Lucy Grace D. Noyola*
Lucy Grace D. Noyola