AUTHORS ALLIANCE | authorsalliance.org 510.480.8302 | 2108 N ST #8898 Sacramento, CA 95816

October 29, 2026

**VIA ECF**

The Honorable Sidney H. Stein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: *In re OpenAI, Inc. Copyright Infringement Litigation*, No. 25-md-3143 (SHS) (OTW)**
**This Document Relates To: Case Nos. 1:23-cv-08292, 1:23-cv-11195, 1:25-cv-04315**
**Letter Motion for Leave to File Brief of Amicus Curiae Authors Alliance**

Dear Judge Stein:

Pursuant to the Court's Order of August 7, 2026 (ECF No. 1663), as modified by the Court's Order of September 24, 2026 (ECF No. 2049), Authors Alliance respectfully moves for leave to file the attached Exhibit A, "[Proposed] Brief of Amicus Curiae Authors Alliance in Support of Defendants' Motions for Summary Judgment" in the above-captioned matters. A proposed order is attached as Exhibit B.

The proposed brief addresses a single legal question presented by the pending summary judgment motions: whether "market dilution," i.e., competition from noninfringing works generated by a model trained on a plaintiff's works, is a cognizable harm under the fourth fair use factor, 17 U.S.C. § 107(4). The brief is timely under ECF No. 2049, contains 5,540 words, within the 6,000-word limit set by the Court's Order in ECF No. 1663, and relies on no sealed material.

Because ECF No. 1663 directs prospective amici to seek leave by motion, Authors Alliance has not sought the parties' consent.

No party or party's counsel authored the proposed brief in whole or in part, no party or party's counsel contributed money intended to fund its preparation or submission, and no person other than Authors Alliance, its members, or its counsel contributed such money.

Authors Alliance does not request to participate in oral argument.

**I. Interest of Authors Alliance**

Authors Alliance is a nonprofit organization that advances the interests of authors who want to serve the public good by sharing their creations broadly. Its members include Nobel laureates, MacArthur Fellows, novelists, historians, journalists, fan fiction writers, and academic authors. They are both copyright owners and users: they rely on copyright to sustain their work, and on fair use to quote, criticize, research, teach, and build on what came before. Authors Alliance has engaged with Congress, the U.S. Copyright Office, and the courts on copyright policy.

Authors Alliance has a direct stake in how the Court treats market dilution. Many of its members are the newcomers such a rule would disfavor. Academic authors write to be read, cited, and built upon, and their work necessarily enters fields already crowded with existing works. Emerging authors have not yet established a market to protect; they are still trying to enter one. A fourth-factor rule that treats the arrival of new, competing, noninfringing works as cognizable harm would turn a factor that guards against substitution for a particular work into a general protection for incumbents against competition.

**II. The Proposed Brief Will Assist the Court**

"District courts have broad discretion to permit or deny the appearance of amici curiae in a given case." *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992). As this Court has recognized, an amicus brief should normally be allowed when, among other things, "the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide." Order, ECF No. 440 (Aug. 7, 2025) (quoting *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570, 2022 WL 17326181, at *2 (S.D.N.Y. Nov. 29, 2022)). The proposed brief meets that standard for three reasons.

*First*, it offers a perspective the parties have little reason to develop. The parties' briefing frames the fourth factor as a contest between rightsholders seeking compensation for training uses and developers resisting it. Authors Alliance's members have a different point of view: many of them create the new works that a dilution theory would count as harm, and they need room to compete with works already in the market.

*Second*, the brief is confined to a single legal question and does not repeat the parties' arguments. It takes no position on the factual record, on the first three factors, or on output-based claims. It addresses only whether the harm the market dilution theory identifies is a harm § 107(4) recognizes, tracing the line the Supreme Court and the Second Circuit have drawn between a use that usurps demand for the original by substituting for it and one that merely suppresses demand.

*Third*, the question reaches well beyond these parties. A holding that market dilution is cognizable would bear on every fair use dispute involving AI training and on any secondary use that enables new works to compete with existing ones. It is an issue "likely to engender reasonable expressions of public interest from a universe much larger than the adversaries in the instant action." *Weininger v. Castro*, 418 F. Supp. 2d 553, 555 (S.D.N.Y. 2006).

**III. Conclusion**

For these reasons, Authors Alliance respectfully requests that the Court grant leave to file the proposed brief attached as Exhibit A.

Dated: October 29, 2026

Respectfully submitted,

By: /s/ David Robert Hansen
David Robert Hansen
*Admission pro hac vice pending*, ECF No. 2114
*Counsel for Proposed Amicus Curiae Authors Alliance*
Authors Alliance
5095 Peach Blossom Drive
Graham, NC 27253
dave@authorsalliance.org
(704) 747-4314

Enclosures:
Exhibit A – Proposed Brief of Amicus Curiae Authors Alliance
Exhibit B – Proposed Order
cc: All counsel of record (via ECF)