FINNEGAN | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

ANNA B. CHAUVET
202-408-4075
anna.chauvet@finnegan.com

October 30, 2026

The Honorable Sidney H. Stein **Via ECF**
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: Motion for leave to file amicus curiae brief in *In re OpenAI, Inc. Copyright Infringement Litigation,* Civil Action No. 1:25-MD-03143-SHS-OTW

Dear Judge Stein:

Pursuant to Local Civil Rules 5.2(b) and 7.1(d), non-party A.I. Progress, Inc. respectfully moves for leave to file the attached proposed brief as amicus curiae in the above-captioned matter.

The Court has invited motions for leave to file amicus briefs in connection with the summary judgment motions in this multidistrict litigation and set a 6,000-word limit for such briefs. ECF No. 1663. This letter Motion and the accompanying proposed brief are submitted pursuant to the Court's order.

## I. Interest of A.I. Progress, Inc.

A.I. Progress, Inc. is a coalition of leading artificial intelligence ("AI") developers committed to the advancement of AI tools that can deliver benefits across societies and economic sectors, from public safety to scientific discovery. AI Progress champions the essential role of existing U.S. copyright law in fostering innovation, protecting intellectual property, and ensuring America's competitiveness in AI.

AI Progress members include Amazon, Anthropic, Cohere, Google, Meta, Midjourney, Microsoft, and OpenAI. **Members do not participate in A.I. Progress's amici activity in cases to which they are parties.** Accordingly, neither OpenAI nor Microsoft participated in, directed, reviewed, or otherwise influenced the preparation or substance of A.I. Progress's proposed amicus brief, and neither company provided financial support for its preparation or submission.

## II. Argument

A district court has broad discretion to accept an amicus curiae brief. *See, e.g., City of New York v. United States*, 971 F. Supp. 789, 799 n.3 (S.D.N.Y. 1997); *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992). Leave is appropriate where an amicus has unique

information or perspective that can assist the Court beyond the help provided by the parties. *See C&A Carbone, Inc. v. County of Rockland*, No. 08-cv-6459-ER, 2014 WL 1202699, at *4 (S.D.N.Y. Mar. 24, 2014).

A.I. Progress's proposed amicus brief provides a perspective distinct from the parties' case-specific interests by placing the fair-use inquiry in the broader legal, technological, and real-world context of generative AI. The brief explains that large language models ("LLMs") are not simply tools for generating expressive content, but enable a wide range of informational and functional applications, including disaster response, scientific and medical research, healthcare, access to essential services, and cybersecurity. That broader perspective bears directly on the purpose and character of AI training and cautions against treating particular downstream outputs as representative of the distinct antecedent act of training.

The brief will assist the Court in evaluating the legal, technical, industry, and policy implications of the fair use issues already before it. A.I. Progress situates AI training within established precedent protecting informational and functional uses of copyrighted works; explains the critical distinction between the works analyzed during training and the new capabilities that training produces; and provides real-world context demonstrating that those capabilities extend far beyond the generation of expressive content.

The brief therefore does not merely repeat the parties' arguments. A.I. Progress instead brings its broader perspective to issues central to the fair-use analysis, including transformative purpose, market substitution, asserted AI-training licensing markets, and explains why competition from newly created expression is fundamentally different from substitution for copyrighted works.

Nor does the brief seek to introduce disputed evidence, resolve factual disputes, or expand the issues before the Court. Rather, the brief addresses the existing fair-use issues through established precedent, published research, and publicly available information that provides context to inform and enable the Court's analysis. The filing will not alter the existing schedule or prejudice the parties.

## III. Conclusion

For the foregoing reasons, A.I. Progress, Inc. respectfully requests leave to file the brief attached as Exhibit A hereto as amicus curiae in connection with the summary judgment motions in this multidistrict litigation. In the interests of efficiency, and in the event the Court deems it appropriate to accept the motion or the proposed amicus curiae brief without further delay, enclosed with this letter are copies under Exhibit A of the proposed amicus curiae brief and, under Exhibit B, a proposed order granting A.I. Progress's motion for leave to file the amicus curiae brief.

Sincerely,

FINNEGAN, HENDERSON, FARABOW
GARRETT & DUNNER, LLP

*/s/ Anna B. Chauvet*
Anna B. Chauvet, Esq. (*pro hac vice*)

cc: All Counsel of Record (via ECF)