WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

31 West 52nd Street
Fifth Floor
New York, New York 10019-6118

O: 212.999.5800
F: 866.974.7329

ERIC NIKOLAIDES
Internet: ENIKOLAIDES@wsgr.com
Direct dial: (646) 335-4728

October 30, 2026

**VIA ECF**

The Honorable Sidney H. Stein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:** ***In re OpenAI, Inc. Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW**
**This Document Relates To: All Actions**

**Motion of Computer and Communications Industry Association, NetChoice, LLC, and TechNet for Leave to File Brief as Amici Curiae**

Dear Judge Stein:

Pursuant to Local Civil Rule 7.1(e) and the Court's Order of August 7, 2026 (ECF No. 1663), the Computer and Communications Industry Association ("CCIA"), NetChoice, LLC ("NetChoice"), and TechNet (collectively, "Amici") respectfully move for leave to file the attached brief as amici curiae (Exhibit A). The proposed brief supports Defendants' motions for summary judgment and opposes Plaintiffs' summary judgment motions. *See* ECF Nos. 1690, 1698, 1720, 1753 (Defendants' memoranda); ECF Nos. 1709, 1881 (Plaintiffs' memoranda).

## I. Interests of Amici[1]

Amici represent a diverse group of stakeholders who provide unique and valuable insights in technology-related legal disputes. They regularly submit public comments,

[1] No counsel for a party authored this motion or the attached brief in whole or in part, and no party or counsel for a party made a monetary contribution to fund the preparation or submission of this motion or the attached brief. No person or entity other than Amici, their members, or their counsel made a monetary contribution to the preparation or submission of

WILSON
SONSINI



provide testimony, and publish articles and reports on issues involving artificial intelligence and copyright.[2] They have also submitted multiple amicus briefs in litigation involving artificial intelligence, including briefs addressing the application of the fair use doctrine to AI training.[3] Amici seek leave to submit the attached brief because the fair

---

this motion or the attached brief. Although OpenAI is a member of NetChoice and TechNet, it did not make a monetary contribution to the preparation or submission of this motion or the attached brief.

[2] *See, e.g.*, Comments of Computer & Communications Industry Association, *In re Accelerating the American Scientific Enterprise*, Office of Science and Technology Policy Dkt. No. OSTP-TECH-2025-0100 (Dec. 24, 2025), https://ccianet.org/wp-content/uploads/2025/12/CCIA-Comments-to-OSTP-on-Accelerating-the-American-Scientific-Enterprise.pdf; *CCIA 2025 State Landscape: Artificial Intelligence*, https://ccianet.org/library/ccia-2025-ai-landscape/; Testimony of Carl Szabo, Vice President & General Counsel, NetChoice, before the Texas Senate Criminal Justice Committee (June 4, 2024), https://netchoice.org/netchoice-testimony-before-texas-senate-judiciary-committee-on-ai-generated-child-sexual-abuse-material/; Zoey Foster, *The Transformative Power of AI: Providing More Resources for People With Developmental Disabilities* (Mar. 19, 2026), https://netchoice.org/the-transformative-power-of-ai-providing-more-resources-for-people-with-developmental-disabilities/; Comments of TechNet, *Artificial Intelligence and Copyright*, U.S. Copyright Office Dkt. No. 2023-6 (Oct. 30, 2023), https://www.technet.org/wp-content/uploads/2023/10/TechNet-USCO-NOI-AI-Response.pdf; Comments of Computer & Communications Industry Association, Artificial Intelligence and Copyright, U.S. Copyright Office Dkt. No. 2023-6 (Oct. 30, 2023).

[3] *See, e.g.*, Brief of the Computer and Communications Industry Association, A.I. Progress, Inc., and NetChoice, LLC as Amici Curiae in Support of Defendants' Motion for Summary Judgment, *In re Mosaic LLM Litig.*, No. 3:24-cv-01451-CRB, ECF No. 448-1 (N.D. Cal. Aug. 27, 2026); Brief of the Computer and Communications Industry Association, A.I. Progress, Inc., and NetChoice, LLC as Amici Curiae in Support of Defendant Anthropic PBC's Motion for Summary Judgment and Opposition to Publishers' Motion for Partial Summary Judgment, *Concord Music Grp., Inc. v. Anthropic PBC*, No. 5:24-cv-03811-EKL, ECF No. 711-1 (N.D. Cal. Apr. 27, 2026); Brief of TechNet, AI Progress, Computer & Communications Industry Association, Consumer Technology Association, and Engine Advocacy as Amici Curiae and in Support of Petitioner, *Bartz v. Anthropic PBC*, No. 25-4843 (9th Cir. Aug. 7, 2025); Brief Amici Curiae of the Computer & Communications Industry Association, Chamber of Progress, and NetChoice in Support of Appellant ROSS Intelligence, Inc. and Reversal, *Thomson Reuters Enterprise Centre GmbH v. ROSS Intelligence Inc.*, No. 25-2153 (3d Cir. Sept. 29, 2025); Brief of Amici Curiae Industry Trade Associations in Support of Plaintiff's Motion for a Preliminary Injunction, *Anthropic PBC v. U.S. Department of War*, No. 3:26-cv-01996, ECF No. 72 (N.D. Cal. Mar. 13, 2026).

use of copyrighted works in training generative AI models is important to the developers and users of generative AI tools and to the public at large.

CCIA is an international, not-for-profit association representing a broad cross-section of communications, technology, and Internet industry firms that collectively employ more than 1.6 million workers, invest more than $100 billion in research and development, and contribute trillions of dollars in productivity to the global economy. For more than 50 years, CCIA has promoted open markets, open systems, and open networks. CCIA regularly files amicus briefs to promote balanced copyright policies that reward, rather than inhibit, innovation. A list of CCIA members is available at https://ccianet.org/about/members/.

NetChoice is a national trade association of online businesses that share the goal of promoting free enterprise and free expression on the Internet. For over two decades, NetChoice has worked to ensure the Internet remains innovative and free. NetChoice advocates on behalf of its membership by, among other things, participating in litigation involving issues of vital concern to the online community and by filing amicus curiae briefs in cases that, like this one, could shape the way important technological innovations develop. Several of NetChoice's members develop and provide generative AI applications and services. A list of NetChoice members is available at https://netchoice.org/about/#association-members.

TechNet is the national, bipartisan network of technology chief executive officers and senior executives that promotes the growth of the innovation economy by advocating a targeted policy agenda at the federal and 50-state level. TechNet's diverse membership includes dynamic American businesses ranging from startups to the most iconic companies in the world and represents over five million employees and countless customers in the fields of information technology, artificial intelligence, e-commerce, the sharing and gig economies, advanced energy, transportation, cybersecurity, venture capital, and finance. TechNet's membership includes companies that develop and offer generative AI products and services. TechNet supports policies that encourage a balance between honoring creators' rights and ensuring continued progress in groundbreaking technologies. TechNet has participated in federal policy proceedings addressing artificial intelligence and copyright, including the U.S. Copyright Office's study of those issues. A list of TechNet members is available at https://www.technet.org/our-story/members/.

## II. The Proposed Brief Will Assist the Court

A district court has broad discretion to decide whether to accept an amicus curiae brief. *See City of New York v. United States*, 971 F. Supp. 789, 791 n.3 (S.D.N.Y. 1997); *United*

*States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992). Courts in this Circuit have granted leave where the amicus "has unique information or perspective that can help the court" and its brief would "help[] ensure that there has been a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *C&A Carbone, Inc. v. Cnty. of Rockland*, No. 08-cv-6459 (ER), 2014 WL 1202699, at *3-4 (S.D.N.Y. Mar. 24, 2014) (cleaned up); *see also Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp., Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008); *Weininger v. Castro*, 418 F. Supp. 2d 553, 554-55 (S.D.N.Y. 2006) (granting leave where the issues were "likely to engender reasonable expressions of public interest from a universe much larger than the adversaries in the instant action"). Leave is warranted here for four reasons.

*First*, the Court has invited amicus submissions in connection with the pending summary judgment motions and has set the procedures and word limit for them. ECF No. 1663. Amici have complied: this motion includes the proposed brief, which contains 5,995 words, within the Court's 6,000-word limit.

*Second*, whether training generative AI models on copyrighted works is fair use matters far beyond the parties to these cases. The answer will affect the companies that develop generative AI models, the much larger universe of businesses and individuals that build on and use those models, and the public that benefits from the resulting tools. Amici's members span that ecosystem, and Amici can therefore offer the Court an industry-wide perspective on how generative AI tools are developed and used that no single party is positioned to provide.

*Third*, the proposed brief explains and amplifies issues the parties have joined rather than repeating their arguments. It focuses on three points: (1) the purpose of the Progress Clause, the Copyright Act, and the fair use doctrine is to promote the kind of progress that generative AI enables, not to protect incumbent business models—a response to the objection, which Plaintiffs press here, that AI training is antithetical to the purposes of fair use because AI output lacks human authorship; (2) training a generative AI model is a transformative use, consistent with *Authors Guild v. Google, Inc.*, 804 F.3d 202 (2d Cir. 2015), and *Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87 (2d Cir. 2014); and (3) the market-dilution and licensing theories of harm advanced by both the News Plaintiffs and the Class Plaintiffs misconstrue the fourth fair use factor and are antithetical to the purposes of copyright: competition from new, non-infringing works is not cognizable harm, and a copyright owner cannot create a cognizable market by demanding licenses for a transformative use.

*Fourth*, a district court deciding the same fair use questions in another generative AI case granted leave to CCIA and NetChoice, among other amici. *See* Order Granting Leave to File Briefs, *Concord Music Grp., Inc. v. Anthropic PBC*, No. 5:24-cv-03811-

EKL, ECF No. 724 (N.D. Cal. June 22, 2026); *see also* Minute Entry, *id.*, ECF No. 257 (N.D. Cal. Oct. 24, 2024) (granting NetChoice leave at the preliminary-injunction stage).

## III. Conclusion

For these reasons, Amici respectfully request that the Court grant leave to file the attached brief (Exhibit A).

Respectfully Submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ *Eric K. Nikolaides*
Eric K. Nikolaides
Wilson Sonsini Goodrich & Rosati, P.C.
31 West 52nd Street, Fifth Floor
New York, New York 10019-6118
Telephone: (212) 999-5800
Email: enikolaides@wsgr.com

Paul N. Harold (*pro hac vice* pending)
Wilson Sonsini Goodrich & Rosati, P.C.
1700 K Street NW
Washington, DC 20006
Telephone: (202) 973-8800
Email: pharold@wsgr.com

*Counsel for Amici Curiae Computer and Communications Industry Association, NetChoice, LLC, and TechNet*